### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.,*<br><br>Debtors. [1] | Chapter 11<br><br>Case No. 23-11131<br><br>(Joint Administration Requested) |

### MOTION FOR ENTRY OF AN ORDER (I) EXTENDING
### TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND
### STATEMENTS OF FINANCIAL AFFAIRS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (the "Debtors" or the "Amyris") file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") granting the relief described below.  In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[2]  In further support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]     A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 521(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1 and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

### RELIEF REQUESTED

4.      The Debtors respectfully request entry of an order (a) extending the deadline by which the Debtors must file schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") for an additional fourteen (14) days beyond the twenty-eight (28) day deadline established by the Local Rules, through and including September 20, 2023 (the "Deadline"), without prejudice to the Debtors' right to request additional time if necessary; and (b) granting related relief.

**A.**     **Background**

5.      On the date hereof (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2

6.      Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment.  Through Amyris' cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease.  Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology.  Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

7.      In addition, Amyris operates a family of consumer brands that utilize the Company's ingredients to meet the growing demand for sustainable, effective, and accessible products, including Biossance® (clean beauty skincare), JVN™ (haircare), Rose Inc.™ (clean color cosmetics), Pipette® (clean baby skincare), OLIKA™ (clean wellness), MenoLabs™ (healthy living and menopause wellness), Stripes™ (menopausal wellness), and 4U by Tia™ (a new clean haircare line).

8.      A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

## BASIS FOR RELIEF REQUESTED

9.      Section 521 of the Bankruptcy Code requires a debtor to file schedules of assets and liabilities and statements of financial affairs unless the bankruptcy court orders otherwise.  *See* 11 U.S.C. § 521(a)(1)(A)–(B).  These schedules and statements must be filed within fourteen (14) days after the petition date unless the bankruptcy court grants an extension of time "on motion for cause shown and on notice to the United States Trustee, any committee . . . , trustee, examiner, or other party as the court may direct."  Fed. R. Bankr. P. 1007(c).  The Court has authority to grant a further extension "for cause" pursuant to Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).

DOCS_DE:243935.1 03703/001

*See* Fed R. Bankr. P. 1007(c); Del. Bankr. L.R. 1007-1(b).  In addition, Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the Schedules and Statements "for cause."  Fed. R. Bankr. P. 9006(b)(1).  Moreover, under Local Rule 1007-1(b), the deadline for filing Schedules and Statements is automatically extended to the date that is twenty-eight (28) days from the petition date if (a) the debtor's bankruptcy petition is accompanied by a list of all of the debtor's creditors in the debtor's case in accordance with Local Rule 1007-2 and (b) the total number of creditors in the debtor's case, and any cases jointly administered therewith, exceeds 200.  Del. Bankr. L.R. 1007-1(b).

10.      Here, a consolidated list of the Debtors' creditors has been filed, and it includes more than 200 creditors.  Therefore, under Local Rule 1007-1(b) the deadline to file the Debtors' Schedules and Statements is automatically extended to twenty-eight (28) days after the Petition Date (the "Initial Deadline").

11.      The Debtors respectfully submit that cause exists to grant an extension of time to file the Schedules and Statements beyond the Initial Deadline, to September 20, 2023.  To complete the Schedules and Statements, the Debtors must collect, review, and assemble a substantial amount of information relating to, among other things, their assets, contracts, leases, and claims of creditors.  This information is voluminous and will require a significant expenditure of time and effort by the Debtors, their representatives and professionals.  Although the Debtors have been working diligently to compile the Schedules and Statements, given the amount of work required to complete the Schedules and Statements, the competing demands on the Debtors' employees and professionals to stabilize the Debtors' business operations and allocate limited resources efficiently during the initial phase of these chapter 11 cases and to provide continued support to the Debtors' efforts to execute their restructuring strategy, the twenty-eight (28) day time period provided by

4

Local Rule 1007-1(b) will be insufficient for the Debtors to complete the Schedules and Statements. In particular, since the Petition Date, the Debtors, with the assistance of their advisors, have continued to market the sale of the Debtors' assets to ensure consummation of a value-maximizing transaction and have been working collaboratively with parties in interest, including the Committee, to identify and resolve objections to the Debtors' proposed debtor in possession financing, the proposed sale, and the various relief requested by the Debtors in their first day motions. The Debtors therefore seek an extension in order to ensure the completeness and accuracy of the Schedules and Statements and in turn facilitate the efficient administration of these chapter 11 cases. Accordingly, the Debtors respectfully submit that there is good and sufficient cause for granting the requested extension of time to file the Schedules and Statements.

12.    Courts in this jurisdiction and others have frequently granted similar extensions and waivers such as those requested by the Debtors in this Motion. *See, e.g., In re Vesta Holdings, LLC,* Case No. 22-11019 (LSS) (Bankr. D. Del. Nov. 1, 2022) (extending the deadline to file schedules and statements for a total of forty-three (43) days from the petition date); *In re EYP Grp. Holdings, Inc.,* Case No. 22-10367 (TMH) (Bankr. D. Del. May 23, 2022) (extending the deadline to file schedules and statements for a total of forty (40) days from the petition date); *In re Connections Cmty. Support Programs, Inc.*, Case No. 21-10723 (MFW) (Bankr. D. Del. May 13, 2021) (extending the deadline to file schedules and statements for a total of thirty-seven (37) days from the petition date); *In re Knotel, Inc.,* Case No. 21-10146 (MFW) (Bankr. D. Del. March 15, 2021) (extending the deadline to file schedules and statements for a total of fifty-eight (58) days from the petition date). Accordingly, due to the nature of these chapter 11 cases, the Debtors respectfully submit that an extension of time to file the Schedules and Statements through and including the Deadline is appropriate under the circumstances.

5

13.     The Debtors also ask that the requested relief be granted without prejudice to the Debtors' ability to seek further extensions or modifications of the requirement for the Debtors to file the Schedules and Statements.  The Debtors also request that the Court authorize the Debtors to further extend the deadline to file Schedules and Statements without filing a supplemental motion, and without further order from the Court, provided that the Debtors obtain the advance consent of the U.S. Trustee.

## NOTICE

14.     The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware, 19801, Attn: John Schanne, Esq. (John.Schanne@usdoj.gov); (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders, DIP Agent and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), and Alexander J. Nicas, Esq. (anicas@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com); (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) the Securities Exchange Commission; and (h) any party that requests service pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

DOCS_DE:243935.1 03703/001

## <u>CONCLUSION</u>

15.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Debtors' postpetition lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the state attorneys general for all states in which the Debtors conduct business; and (f) any party that requests service pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

WHEREFORE, the Debtors respectfully request that this Court enter the Order, substantially in the form annexed hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: August 9, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*

Richard M. Pachulski (*pro hac vice* forthcoming)
Debra I. Grassgreen (*pro hac vice* forthcoming)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (*pro hac vice* forthcoming)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
        dgrassgreen@pszjlaw.com
        joneill@pszjlaw.com
        jrosell@pszjlaw.com
        sgolden@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*