# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (THM)<br><br>Jointly Administered<br><br>**Re Docket No. 6** |

**ORDER (I) RESTATING AND ENFORCING THE WORLDWIDE
AUTOMATIC STAY, ANTI-DISCRIMINATION PROVISIONS, AND
*IPSO FACTO* PROTECTIONS OF THE BANKRUPTCY CODE, AND
(II) APPROVING THE RELATED FORM AND MANNER OF NOTICE**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) restating and enforcing the worldwide automatic stay, anti-discrimination provisions, and *ipso facto* protections of the Bankruptcy Code; and (b) approving the form and manner of notice, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is hereby **GRANTED**, as set forth herein.

2. Pursuant to and solely to the extent set forth in section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and foreign and domestic governmental units (and all those acting for or on their behalf), are hereby stayed from:

   a. commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' Chapter 11 Cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases;

   b. enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' Chapter 11 Cases;

   c. taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located, or to exercise control over property of the Debtors' estates;

   d. taking any action to create, perfect, or enforce any lien against the property of the Debtors' estates;

   e. taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' Chapter 11 Cases;

   f. taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' Chapter 11 Cases;

   g. offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 11 Cases against any claim against the Debtors; and

    h.  commencing or continuing any proceeding concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

  3.  Pursuant to and solely to the extent set forth in sections 362 and 365 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons wherever located are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the Debtors are party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the (a) insolvency or financial condition of the Debtors at any time before the closing of these cases or (b) commencement of these cases under the Bankruptcy Code. Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

  4.  Pursuant to and solely to the extent set forth in section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Debtors; (b) placing conditions upon such a grant to the Debtors; or (c) discriminating against the Debtors with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these Chapter 11 Cases, or are insolvent during the pendency of these Chapter 11 Cases. For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

  5.  This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge, nor modify, the rights and obligations of any party under sections 362, 365, 525, or any other provisions of the Bankruptcy Code.

6. The form of Notice, attached as **Exhibit 1** hereto, is approved. The Debtors are authorized to serve the Notice upon creditors, governmental units or other regulatory authorities, and/or interested parties wherever located. The Debtors are further authorized to procure and provide true and correct foreign-language translations of the Motion, this Order, the Notice, or any other materials filed in these Chapter 11 Cases to any foreign party in interest at the Debtors' discretion.

7. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

8. This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions. This Order shall not affect the exceptions to the automatic stay contained in Section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with Section 362(d) of the Bankruptcy Code.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 11th, 2023
Wilmington, Delaware

THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE