## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors. [1] | (Jointly Administered) |

## **FIRST** OMNIBUS MOTION FOR THE
## ENTRY OF AN ORDER (A) AUTHORIZING REJECTION
## OF UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY
## AND EXECUTORY CONTRACTS *NUNC PRO TUNC* TO THE PETITION DATE; (B)
## ABANDONING ANY REMAINING PERSONAL PROPERTY LOCATED AT THE
## LEASED PREMISES; AND (C) GRANTING RELATED RELIEF

> **IF YOU HAVE RECEIVED THIS MOTION
> AND ARE A COUNTERPARTY TO AN AGREEMENT WITH
> THE ABOVE-CAPTIONED DEBTORS, PLEASE REVIEW THIS MOTION
> IN ITS ENTIRETY, INCLUDING EXHIBIT A ATTACHED HERETO, TO DETERMINE
> IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to (i) reject certain executory contracts identified on **Schedule 1** to **Exhibit A** (collectively, the "Contracts") *nunc pro tunc* to the petition date (the "Rejection Effective Date"); and (ii) reject certain unexpired leases of non-residential real property (the "Leased Premises") identified on **Schedule 2** to **Exhibit A** (collectively, the "Leases") *nunc pro tunc* to the Rejection Effective Date; (b) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises; and (c) granting related relief. In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Han*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[2]  In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

---

[2]      A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

## BACKGROUND

### A.    The Chapter 11 Cases

4.    On August 9, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

5.    Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment.  Through Amyris' cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease.  Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology.  Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

6.    In addition, Amyris operates a family of consumer brands that utilize the Company's ingredients to meet the growing demand for sustainable, effective, and accessible products, including Biossance® (clean beauty skincare), JVN™ (haircare), Rose Inc.™ (clean color cosmetics), Pipette® (clean baby skincare), OLIKA™ (clean wellness), MenoLabs™ (healthy living and menopause wellness), Stripes™ (menopausal wellness), and 4U by Tia™ (a new clean haircare line).

7.    A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration [Docket No. 18].

3

**B.**    **The Contracts to Be Rejected**

8.    The Contracts consist of (a) a contract with Workday, Inc. for a human resource system the Company no longer requires and (b) a collaboration agreement for a brand the Company is no longer developing.  Accordingly, the Debtors, in exercising their reasonable business judgment, seek to reject these contracts to avoid any further losses.

**C.**    **The Leases to Be Rejected**

9.    The Debtors are counterparties to several leases of non-residential property that are either unoccupied or no longer necessary to the Debtors' go forward business operations.  The Leases consist of retail and office locations various cities, including Miami, New York, and Tucson.

10.    The Debtors no longer require the Leased Premises subject to this Motion and have determined, in their business judgment, that it is in their best interests to close the Leased Premises and reject the Leases.  For example, prior to the Petition Date, the Company ceased business operations at its Onda Beauty retail outlets and no longer requires the three (3) leased locations (New York, Hampton Bays, and Sag Harbor).

11.    As of the date of Petition Date, the Debtors have vacated the Leased Premises and surrendered the Leased Premises to the applicable landlord.  In the event any of the Debtors' property remains at the Leased Premises, it is of *de minimis* value and the Debtors seek, pursuant to this Motion, to abandon any such remaining property.

12.    On August 9, 2023, the Debtors delivered, via email and overnight mail, a letter to the landlords of the Leased Premises indicating their irrevocable intent to surrender possession of the Leased Premises and coordinating the return of the keys to the Leased Premises.

13.     The Leases provide no benefit to the Debtors or their estates, regardless of the restructuring path of these Chapter 11 Cases.  By rejecting the Leases, the Debtors will save the estates significant amounts in rent and associated costs every month.  Absent rejection, the Debtors would be obligated to pay rent under the Leases even though they have ceased operations at, and will no longer be in possession of, the Leased Premises.

**D.     The Abandoned Personal Property**

14.     In conjunction with the decision to cease operations at the Leased Premises, the Debtors evaluated the remaining personal property belonging to their estates located at the Leased Premises.  The Debtors have determined that any personal property remaining at the Leased Premises is (a) of inconsequential value or (b) the cost of removing and storing such personal property for future use, marketing, or sale exceeds its value to the Debtors' estates.  Moreover, any remaining personal property is no longer necessary for the Debtors' business operations or the administration of the Debtors' estates.

15.     Accordingly, to reduce postpetition administrative costs, and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the remaining personal property is appropriate and in the best interests of the Debtors, their estates, and their creditors.

**RELIEF REQUESTED**

16.     By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as **Exhibit A**:  (a) authorizing  the  Debtors  to (i) reject the Contracts effective as of the Petition Date; (ii) reject the Leases for the Leased Premises effective as of the Petition Date; (b) authorizing the Debtors to abandon any remaining personal property located at the Leased Premises; and (c) granting related relief.

**BASIS FOR RELIEF**

**A.        Rejection of the Leases and Contracts Is Appropriate**

17.        Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995).  Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice.  *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985).  Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

18.        Rejection of an unexpired lease is appropriate where such rejection would benefit the estate.  *See Sharon Steel Corp. v. Nan Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989).  Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a).  *See In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997);

6

*In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

19.     The Leases and Contracts are not sources of potential value for the Debtors' estates or stakeholders.  The Debtors' obligations to pay, for example, postpetition rent eliminates any potential value of the Leases to the Debtors' estates—including any potential value from an assignment or sublease.  Accordingly, the Debtors have determined that the Leases and Contracts constitute an unnecessary drain on the Debtors' resources and, therefore, rejection of the Leases and Contracts reflects the Debtors' exercise of sound business judgment.

**B.     Rejection as of the Petition Date Is Appropriate**

20.     Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively.  *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection . . . to apply retroactively").  Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief.  *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st. Cir. 1995) (stating "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding

that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("We cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

21.     In *In re Namco Cybertainment, Inc.*, the Court stated that retroactive rejection of an unexpired lease was permissible, provided: (a) the premises (and the keys thereto) were surrendered with an unequivocal statement of abandonment to the landlord; (b) the motion was served on the landlord; (c) the official committee consented to the requested relief; and (d) the debtor waived its right to withdraw the motion. No. 98-173 (PJW) (Bankr. D. Del. Feb. 6, 1998); *see also TW, Inc. v. Angelastro (In re TW, Inc.)*, No. 03-10785, 2004 WL 115521, at *2 (D. Del. Jan. 14, 2004) (upholding bankruptcy court ruling denying rejection of leases *nunc pro tunc* to the petition date when the debtor had not surrendered possession prior to the petition date).

22.     Here, the balance of equities favors rejection of the Leases and Contracts effective as of the Petition Date.  Without such relief as to the Leases, the Debtors will potentially incur unnecessary administrative expenses related to agreements that provide no benefit to the Debtors' estates.  *See* 11 U.S.C. § 365(d)(3).  The landlords of the Leased Premises will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date.  Possession of the Leased Premises was delivered to the landlord on, or prior to, the Petition Date, with an unequivocal and irrevocable statement of surrender and abandonment of the applicable Leased Premises. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to

8

be served on each landlord to the Leased Premises, thereby allowing landlords sufficient opportunity to respond accordingly.

23.     Courts in this jurisdiction have approved relief similar to that requested herein. *See*, *e.g.*, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (authorizing rejection of unexpired leases *nunc pro tunc* to petition date); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Sept. 19, 2019) (authorizing rejection of unexpired leases and executory contracts *nunc pro tunc* to specified dates); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing rejection of unexpired leases *nunc pro tunc* to specified date); *In re Samson Resources Corporation*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 2, 2016) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (authorizing rejection of unexpired leases and executory contracts *nunc pro tunc* to petition date).

24.     Accordingly, the Debtors respectfully submit that the Court should deem the Lease rejected, effective as of the Petition Date.

**C.      The Abandonment of Personal Property Is Appropriate**

25.     Further, the abandonment of the remaining personal property the Leased Premises is appropriate and authorized by the Bankruptcy Code.  *See* 11 U.S.C. § 554(a).  Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id.*  Courts generally give a debtor in possession great deference to its decision to abandon property.  *See*, *e.g.*, *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless certain property is harmful to

9

the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment.  *See id.*

26.    Before deciding to abandon any personal property, the Debtors determined that the costs of moving, storing, marketing, and/or selling such personal property outweighed any benefit to the Debtors' estates.  Further, any efforts by the Debtors to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the Leased Premises and the rejection of the Leases.  Accordingly, it is in the best interests of the Debtors and their estates for the Debtors to be able to abandon any remaining personal property located on the Leased Premises.

27.    Courts in this jurisdiction have approved relief similar to the relief requested herein. *See*, *e.g.*, *In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Dec. 4, 2019) (authorizing the Debtors to abandon personal property in connection with lease rejection); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (same); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (same).

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

28.    The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

29.    The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition

10

Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn:

Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), and Alexander J. Nicas, Esq.

(anicas@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent, and the Foris

Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite

5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier,

Esq. (david.fournier@troutman.com); (e) the United States Attorney's Office for the District of

Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g)

Counterparties to the contracts and leases; and (h) any party that requests service pursuant to

Bankruptcy Rule 2002.

## NO PRIOR REQUEST

30.     The Debtors have not made any prior request for the relief sought herein to this

Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially

in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and

further relief as the Court may deem just and proper.

Dated: August 11, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
        dgrassgreen@pszjlaw.com
        joneill@pszjlaw.com
        jrosell@pszjlaw.com
        sgolden@pszjlaw.com

*Proposed Counsel to the*
*Debtors and Debtors in Possession*

DOCS_SF:109261.5 03703/003