# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                      Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |
| In re:<br><br>CLEAN BEAUTY COLLABORATIVE, INC.,<br><br>                      Debtor. | Chapter 11<br><br>Case No. 23-11224 (TMH) |
| In re:<br><br>CLEAN BEAUTY 4U HOLDINGS, LLC,<br><br>                      Debtor. | Chapter 11<br><br>Case No. 23-11226 (TMH) |
| In re:<br><br>CLEAN BEAUTY 4U LLC,<br><br>                      Debtor. | Chapter 11<br><br>Case No. 23-11225 (TMH) |

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

1

**JOINT MOTION OF THE DEBTORS FOR ORDER
(A) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES
FOR PROCEDURAL PURPOSES ONLY, AND (B) APPLYING CERTAIN ORDERS
IN THE CHAPTER 11 CASES OF AMYRIS, INC. AND ITS AFFILIATED
DEBTORS TO THE CHAPTER 11 CASES OF CLEAN BEAUTY
COLLABORATIVE, INC., CLEAN BEAUTY 4U HOLDINGS, LLC,
AND CLEAN BEAUTY 4U LLC**

Amyris, Inc., on behalf of itself and its affiliated debtors and debtors in possession (collectively, the "Original Debtors"), Clean Beauty Collaborative, Inc. ("CBC"), Clean Beauty 4U Holdings, LLC ("CB4U Holdings"), and Clean Beauty 4U LLC ("CB4U," and together with CBC, CB4U Holdings, and the Original Debtors, the "Debtors"), hereby move the Court (this "Motion") for the entry of an order (the "Order"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"): (a) authorizing and directing the joint administration of the Debtors' related Chapter 11 Cases for procedural purposes only; and (b) applying certain orders entered in the Chapter 11 Cases of the Original Debtors to the Chapter 11 Cases of CBC, CB4U Holdings, and CB4U (together, the "Additional Debtors") to facilitate joint administration of these Chapter 11 Cases. In support of this Motion, the Debtors respectfully represent and set forth as follows:

**JURISDICTION AND VENUE**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C.

2

§ 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rule 1015-1.

**BACKGROUND**

4. On August 9, 2023 (the "Original Petition Date"), each Original Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Original Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases of the Original Debtors, and no committees have been appointed or designated.

5. Pursuant to the *Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only* [Docket No. 50] (the "Existing Joint Administration Order"), the Chapter 11 Cases of the Original Debtors are jointly administered and are consolidated for procedural purposes.

6. On the date hereof (the "Supplemental Petition Date"), the Additional Debtors each filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Additional Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner

has been appointed in the Chapter 11 Cases of the Additional Debtors, and no committees have been appointed or designated.

7. The Debtors were founded in 2003 to create a more stable supply of a key anti-malarial treatment. Through the Debtors' cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease. Using the same technological innovations that produced artemisinin, the Debtors have become the world's leading manufacturer of ingredients made with synthetic biology. The Debtors provide sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

8. A detailed description of the Debtors' business and facts precipitating the filing of the Original Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 18] and the *Declaration of Han Kieftenbeld in Support of Joint Motion of the Debtors for Order (A) Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only, and (B) Applying Certain Order in the Chapter 11 Cases of Amyris, Inc. and Its Affiliated Debtors to the Chapter 11 Cases of Clean Beauty Collaborative, Inc., Clean Beauty 4U Holdings, LLC, and Clean Beauty 4U LLC* (the "Supplemental First Day Declaration") filed contemporaneously with this Motion, both of which are incorporated herein by reference.[2]

9. Each of the Additional Debtors are direct or indirect subsidiaries of Original Debtor Amyris, Inc. Specifically: (a) CBC is a subsidiary of Original Debtor Amyris Clean Beauty, Inc.

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration and Supplemental First Day Declaration, as applicable.

("ACB"), which in turn is a wholly-owned subsidiary of Original Debtor Amyris, Inc.;[3] (b) CB4U Holdings is a wholly-owned subsidiary of Original Debtor Amyris, Inc.; and (c) CB4U is a subsidiary of CB4U Holdings.[4] In addition, Amyris, Inc. is the manager of CB4U. The Debtors' organizational chart, updated to reflect the Additional Debtors, is attached to the Supplemental First Day Declaration as **Exhibit A**.

10. CBC and CB4U are joint ventures with brand partners for two of the Company's consumer brands. Since the Original Petition Date, the Original Debtors have been in discussions with their brand partners to include CBC and CB4U in the Chapter 11 Cases and have received the requisite authority to commence the Chapter 11 Cases of the Additional Debtors.

## RELIEF REQUESTED

11. By this Motion, the Debtors seek entry of the Order: (a) directing the joint administration of the Chapter 11 Cases of CBC, CB4U Holdings, CB4U, and the Original Debtors, as well as the procedural consolidation thereof; and (b) applying certain orders entered in the Original Debtors' Chapter 11 Cases to the Chapter 11 Cases of CBC, CB4U Holdings, and CB4U to facilitate joint administration of these Chapter 11 Cases.

12. Many of the motions, applications, affidavits, declarations, hearings, and orders that will arise will have equal effect on the Additional Debtors and the Original Debtors. For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases for procedural purposes and by the application of certain orders entered in the Original Debtors' Chapter 11 Cases to the Chapter 11 Cases of the Additional Debtors.

---

[3]   ACB owns 56.5% of CBC.

[4]   Debtor Amyris, Inc. indirectly owns 49% of CB4U.

**BASIS FOR RELIEF**

**A.     Joint Administration of the Chapter 11 Cases of the
Additional Debtors with the Original Debtors' Chapter 11
Cases Is Appropriate and Will Ease Administrative Burdens**

13.     Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 further provides for joint administration of chapter 11 cases when "the joint administration of two or more cases pending in [the] Court under title 11 is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1.

14.     CBC is a subsidiary of Debtor Amyris Clean Beauty, Inc., which in turn is a wholly-owned subsidiary of Debtor Amyris, Inc. Debtor Amyris Clean Beauty, Inc. owns 56.5% of CBC.

15.     CB4U is a subsidiary of Clean Beauty 4U Holdings, LLC, which in turn is a wholly-owned subsidiary of Debtor Amyris, Inc. Debtor Amyris, Inc.'s wholly owned subsidiary Clean Beauty 4U Holdings, LLC owns 49% of CB4U.

16.     Accordingly, CBC, CB4U Holdings, CB4U, and the Original Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code and, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Court has the authority to grant the relief requested herein.

17.     The Additional Debtors and the Original Debtors submit that the joint administration of their cases should be maintained under the case number assigned to Amyris, Inc., and they also request that the Clerk of the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases under that case name and number. Moreover, the Additional Debtors and the Original Debtors seek the Court's direction that a separate docket entry be made on the docket of CBC's and CB4U's Chapter 11 Cases substantially as follows:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. The docket in Case No. 23-11131 (TMH) should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Amyris, Inc., Case No. 23-11131 (TMH); AB Technologies LLC, Case No. 23-11132 (TMH); Amyris Clean Beauty, Inc., Case No. 23-11134 (TMH); Amyris Fuels, LLC, Case No. 23-11136 (TMH); Amyris-Olika, LLC, Case No. 23-11133 (TMH); Aprinnova, LLC, Case No. 23-11137 (TMH); Onda Beauty Inc., Case No. 23-11138 (TMH); Upland1 LLC, Case No. 23-11139 (TMH); Clean Beauty Collaborative, Inc., Case No. 23-11224 (TMH); Clean Beauty 4U Holdings, LLC, Case No. 23-11226 (TMH); and Clean Beauty 4U LLC, Case No. 23-11225 (TMH).

18. The Debtors submit that the existing caption of these Chapter 11 Cases does not require any modifications in connection with the relief requested in this Motion.

19. Joint administration of the newly filed cases of the Additional Debtors with the Original Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these Chapter 11 Cases. The benefits to the joint administration of the Chapter 11 Cases come with no prejudice to creditors and other parties in interest of any Debtor, as the relief requested herein is purely procedural and would not impact the substantive rights of any party.

20. The joint administration of these Chapter 11 Cases also will permit the Clerk of the Court to use a single docket for all of the cases and to combine notices to creditors and other parties in interest in the Debtors' respective Chapter 11 Cases. As there likely will be numerous motions, applications, affidavits, declarations, and other pleadings filed in these Chapter 11 Cases that will affect all Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and minimize unnecessary delays. Joint administration will also permit counsel for all parties in interest to include all of the Debtors' Chapter 11 Cases in a single caption for the

numerous documents that are likely to be filed and served in these cases, and joint administration will enable parties in interest (including the Office of the United States Trustee) in each of the Chapter 11 Cases to stay apprised of all the various matters before the Court.

21.   Moreover, notwithstanding the use of a single unified administrative docket, to preserve an accurate record of claims against the Debtors, claimholders should be directed to file proofs of claim against the individual entity, whether CBC, CB4U Holdings, CB4U, or an Original Debtor, against whom the claim is asserted.  Therefore, the Debtors anticipate that separate claims registers will be maintained for each of the Additional Debtors and will continue to be maintained for each Original Debtor.

22.   The Debtors believe that the relief requested herein is appropriate to carry out the provisions of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Similar procedures have been authorized in other chapter 11 cases to effectuate orders entered in the case of an original debtor to subsequently filed affiliates of that debtor.  *See*, *e.g.*, *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. May 10, 2023) (Docket No. 1469) (directing joint administration of an additional debtor with the original debtors' cases); *In re Medly Health Inc.*, No. 22-11257 (KBO) (Bankr. D. Del. Jan. 4, 2023) (Docket No. 152) (directing joint administration of additional debtors and applying certain orders in the original debtors' cases to the additional debtors' cases); In re White Stallion Energy, LLC, No. 20-13037 (LSS) (Bankr. D. Del. Jan. 28, 2021) (Docket No. 292) (same); *In re Town Sports Int'l, LLC*, No. 20-12168 (CSS) (Bankr. D. Del. Oct. 21, 2020) (Docket No. 298) (same); *In re Woodbridge Grp. of Cos., LLC*, No. 17-12560 (KJC) (Bankr. D. Del. Mar. 28, 2018) (Docket

No. 846) (same); *In re Phoenix Brands LLC*, No. 16-11242 (BLS) (Bankr. D. Del. July 8, 2016 (Docket No. 255) (same).

B. **Application of Certain Orders Entered in the Original Debtors' Chapter 11 Cases to the Chapter 11 Cases of the Additional Debtors Will Avoid Unnecessary Duplication and Expense**

23. By this Motion, the Debtors seek to eliminate the filing of duplicative applications and motions, thus reducing the burdens on the Court and on the Debtors, their creditors, and other parties in interest. The Debtors seek to have the orders previously entered in the Original Debtors' Chapter 11 Cases and listed on **Exhibit A** attached to this Motion and the Order (collectively, the "Specified Orders") applied to the Additional Debtors in their Chapter 11 Cases to facilitate the joint administration of these Chapter 11 Cases.[5]

   i. **Cash Management Motion**

24. On August 11, 2023, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Continue Operating Cash Management System, (B) Honor and Pay Bank Fees, (C) Maintain Existing Business Forms, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* [Docket No. 51] (the "Cash Management Order," and the related motion the "Cash Management Motion"). Attached hereto as **Exhibit B** is a modified listing of accounts and a diagram of the cash management system including the Additional Debtors. The bank accounts of the Additional Debtors are at the same banks listed in the Cash Management Motion, and the terms of the Cash Management Order would apply to such bank accounts as well.

   ii. **Critical Vendor Motion**

25. On August 11, 2023, the Court entered the *Interim Order (I) Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors, Foreign Vendors, 503(b)(9) Claimants and*

---

[5] Prior to the Supplemental Petition Date, CBC and CB4U each executed a joinder agreement to that certain *Senior Secured Superpriority Debtor in Possession Loan Agreement*, dated August 9, 2023.

*Lien Claimants; (II) Authorizing All Financial Institutions to Honor All Related Payment Requests, and (III) Granting Related Relief* [Docket No. 61] (the "Interim Critical Vendor Order" and the related motion, the "Critical Vendor Motion"). Pursuant to the Interim Critical Vendor Order, the Debtors are authorized to pay Critical Vendor Claims (as defined therein) up to $6.5 million in the aggregate on an interim basis. By this Motion, the Debtors seek to increase such amount by $1 million under the Interim Critical Vendor Order (to $7.5 million in the aggregate).[6] Importantly, the $1 million reflected in the increased interim cap on payment of Critical Vendor Claims would have been funded by the Original Debtors to CBC and CB4U pursuant to the Post-Petition Global Note (as defined in the DIP Credit Agreement) and then paid by CBC to CB4U to their critical vendors. Accordingly, in light of CBC and CB4U commencing Chapter 11 Cases, it is necessary to increase the amount of Critical Vendor Claims in order to reflect the Additional Debtors' ongoing operations.

### iii. DIP Financing Motion

26. On August 11, 2023, the Court entered the *Interim Order (I) Authorizing the Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 54] (the "Interim DIP Order"). Pursuant to the Interim DIP Order, CB4U Holdings is a Guarantor of the DIP Facility (as each such term is defined therein). Pursuant to this Motion, the Debtors seek to authorize CBC and CB4U to enter into the DIP Facility as Guarantors, up to the amounts actually funded and/or advanced under the DIP Facility to each of CBC and CB4U, respectively.

---

[6] In connection with the final hearing on the Critical Vendor Motion, the Debtors intend to seek to increase the cap on the payment of Critical Vendor Claims by a total of $1.5 million and will file a notice with an amended proposed order to reflect the same.

27.     As discussed above, had the Debtors filed their respective chapter 11 petitions on the same day, the Additional Debtors would have been movants with respect to each Specified Order. By proceeding in this manner, the Debtors hope to save considerable time and expense and reduce the burden on the Court, their creditors, and other parties in interest, while at the same time providing the requisite facts and grounds for granting such relief as if the Additional Debtors and the Original Debtors were filing the same motions and other documents. The relief set forth in each of the Specified Orders will obviate the need for duplicative notices, motions, affidavits, declarations, applications, and orders to be filed in the chapter 11 cases of the Additional Debtors, and such relief will permit the Additional Debtors to experience a smooth transition into chapter 11.[7]

28.     Section 105(a) of the Bankruptcy Code provides, in relevant part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). For the reasons set forth herein, the Debtors believe that the relief requested is appropriate to carry out the provisions of the Bankruptcy Code.

---

[7]   The hearing to consider entry of final orders on the first day motions, where applicable, are still scheduled to be heard on September 14, 2023 at 2:00 p.m. (Eastern Time), and the objection deadline with respect to such motions remains August 31, 2023 at 4:00 p.m. (Eastern Time).

DOCS_DE:244310.7

## **NOTICE**

29. Notice of this Motion will be provided to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein (mgoldstein@goodwinlaw.com) and Alexander J. Nicas (anicas@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier (david.fournier@troutman.com); (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; and (g) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

## **NO PRIOR REQUEST**

30. No prior request for the relief sought in this Motion has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order: (a) authorizing the joint administration of the Debtors' cases for procedural purposes only; (b) directing the Clerk to make the docket entries set forth herein; (c) applying certain orders entered in the Original Debtors' chapter 11 cases to the chapter 11 cases of the Additional Debtors; and (d) granting such other and further relief that the Court deems proper.

Dated: August 21, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
           dgrassgreen@pszjlaw.com
           joneill@pszjlaw.com
           jrosell@pszjlaw.com
           sgolden@pszjlaw.com

*Proposed Counsel to the Debtors
and Debtors in Possession*