**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　　　　　　Debtors.¹ | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**DECLARATION OF HAN KIEFTENBELD
IN SUPPORT OF JOINT MOTION OF THE
DEBTORS FOR ORDER (A) DIRECTING JOINT
ADMINISTRATION OF RELATED CHAPTER 11 CASES
FOR PROCEDURAL PURPOSES ONLY, AND (B) APPLYING
CERTAIN ORDERS IN THE CHAPTER 11 CASES OF AMYRIS, INC.
AND ITS AFFILIATED DEBTORS TO THE CHAPTER 11 CASES OF
CLEAN BEAUTY COLLABORATIVE, INC., CLEAN BEAUTY 4U
HOLDINGS, LLC, AND CLEAN BEAUTY 4U LLC**

I, Han Kieftenbeld, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the Interim Chief Executive Officer and Chief Financial Officer of Amyris, Inc., (together with its affiliated debtors and debtors-in-possession, the "Original Debtors"), the manager of Clean Beauty 4U Holdings, LLC ("CB4U Holdings") and Clean Beauty 4U LLC ("CB4U"). I am also a director of Clean Beauty Collaborative, Inc. ("CBC" and, together with CB4U Holdings, CB4U, and the Original Debtors, the "Debtors"). I submit this declaration (this "Declaration") in support of the *Joint Motion of the Debtors for Order (A) Directing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only, and (B) Applying Certain Order in the Chapter 11 Cases of Amyris, Inc. and Its Affiliated Debtors to the Chapter 11 Cases of Clean Beauty*

---

¹ A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*Collaborative, Inc., Clean Beauty 4U Holdings, LLC, and Clean Beauty 4U LLC* (the "Motion"), filed concurrently herewith. A capitalized term used but not defined in this Declaration is intended to have the meanings ascribed to it in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "First Day Declaration"), which is incorporated by reference herein.

2. I am over the age of 18, competent to testify, and authorized to submit this Declaration on behalf of the Debtors. As a result of my roles as Interim CEO and CFO, I am familiar with the Debtors' businesses, financial affairs, and day-to-day operations. Except as otherwise noted, I have personal knowledge of the matters set forth herein. All facts set forth in this Declaration are based on my personal knowledge, my discussions with other members of the Debtors' senior management, my review of relevant documents, and/or my opinion based on my experience and knowledge of the Debtors' operations and financial condition. In making this Declaration, I have relied in part on information and materials that the Debtors' personnel and advisors have gathered, prepared, verified, and provided to me, in each case under my ultimate supervision, at my direction, and/or for my benefit in preparing this declaration. If I were called to testify as a witness in this matter, I could and would testify competently to the facts set forth herein.

3. On August 9, 2023 (the "Original Petition Date"), each Original Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to the *Order Authorizing Joint Administration of Related Chapter 11 Cases for Procedural Purposes Only* [Docket No. 50] (the "Existing Joint Administration Order"), the Chapter 11 Cases of the Original Debtors are jointly administered and are consolidated for procedural purposes.

4. On the date hereof (the "Supplemental Petition Date"), CBC, CB4U Holdings, and CB4U (collectively, the "Additional Debtors") each filed a voluntary petition in this Court for relief

under chapter 11 of the Bankruptcy Code. Each of the Additional Debtors are direct or indirect subsidiaries of Original Debtor Amyris, Inc. Specifically: (a) CBC is a subsidiary of Original Debtor Amyris Clean Beauty, Inc. ("ACB"), which in turn is a wholly-owned subsidiary of Original Debtor Amyris, Inc.;[2] (b) CB4U Holdings is a wholly-owned subsidiary of Original Debtor Amyris, Inc.; and (c) CB4U is a subsidiary of CB4U Holdings.[3] In addition, Amyris, Inc. is the manager of CB4U. The Debtors' organizational chart, updated to reflect the Additional Debtors, is attached hereto as **Exhibit A**.

5.  CBC and CB4U are joint ventures with brand partners for two of the Company's consumer brands. Since the Original Petition Date, the Original Debtors have been in discussions with their brand partners to include CBC and CB4U in the Chapter 11 Cases and have received the requisite authority to commence the Chapter 11 Cases of the Additional Debtors.

6.  I understand that many of the motions, applications, affidavits, declarations, hearings, and orders that will arise will have equal effect on the Additional Debtors and the Original Debtors. For that reason, I believe that the Debtors' interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of all of the Debtors' Chapter 11 Cases for procedural purposes and by the application of certain orders entered in the Original Debtors' Chapter 11 Cases to the Additional Debtors' Chapter 11 Cases. Specifically, the Debtors seek to have the orders previously entered in the Original Debtors' Chapter 11 Cases that are listed on **Exhibit A** attached to the Motion (collectively, the "Specified Orders") applied to the Additional Debtors' Chapter 11 Cases. If all of the Debtors had filed their respective chapter 11 petitions on the

---

[2] ACB owns 56.5% of CBC.

[3] Debtor Amyris, Inc. indirectly owns 49% of CB4U.

Original Petition Date, the Additional Debtors would have been movants with respect to each Specified Order.

A.     **Cash Management Motion**

7.     On August 11, 2023, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Continue Operating Cash Management System, (B) Honor and Pay Bank Fees, (C) Maintain Existing Business Forms, (II) Scheduling a Final Hearing, and (III) Granting Related Relief* [Docket No. 51] (the "Cash Management Order," and the related motion the "Cash Management Motion"). Attached to the Motion as **Exhibit B** is a modified listing of accounts and a diagram of the cash management system including the Additional Debtors. The bank accounts of CBC and CB4U are at the same banks listed in the Cash Management Motion,[4] and the terms of the Cash Management Order would apply to such bank accounts as well.

B.     **Critical Vendor Motion**

8.     On August 11, 2023, the Court entered the *Interim Order (I) Authorizing the Debtors to Pay Prepetition Claims of Critical Vendors, Foreign Vendors, 503(b)(9) Claimants and Lien Claimants; (II) Authorizing All Financial Institutions to Honor All Related Payment Requests, and (III) Granting Related Relief* [Docket No. 61] (the "Interim Critical Vendor Order" and the related motion the "Critical Vendor Motion"). Pursuant to the Interim Critical Vendor Order, the Debtors are authorized to pay Critical Vendor Claims (as defined therein) up to $6.5 million in the aggregate on an interim basis. Pursuant to the Motion, the Debtors seek to increase such amount by $1 million under the Interim Critical Vendor Order (to $7.5 million in the aggregate). Importantly, the $1 million reflected in the increased interim cap on payment of Critical Vendor Claims would have been funded by the Original Debtors to CBC and CB4U pursuant to the Post-Petition Global Note (as defined in

---

[4]     CB4U Holdings does not maintain any bank accounts.

the DIP Credit Agreement) and then paid by CBC to CB4U to their critical vendors. Accordingly, in light of CBC and CB4U commencing Chapter 11 Cases, I believe that it is necessary to increase the amount of Critical Vendor Claims in order to reflect the Additional Debtors' ongoing operations and in order to maximize the value of the Debtors' estates.

**C.     DIP Financing Motion**

9.      On August 11, 2023, the Court entered the *Interim Order (I) Authorizing the Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 54] (the "<u>Interim DIP Order</u>"). Pursuant to the Interim DIP Order, CB4U Holdings is a Guarantor of the DIP Facility (as each such term is defined therein). By the Motion, the Debtors seek to authorize CBC and CB4U to enter into the DIP Facility as Guarantors, up to the amounts actually funded and/or advanced under the DIP Facility to each of CBC and CB4U, respectively.

10.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated:  August 21, 2023

*/s/ Han Kieftenbeld*
Han Kieftenbeld
Interim Chief Executive Officer and
Chief Financial Officer