IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**MOTION FOR AN ADMINISTRATIVE ORDER
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, substantially in the form annexed hereto as **Exhibit A**, establishing procedures for interim compensation and reimbursement of expenses for Retained Professionals (defined below) and members of the Committee (defined below). In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.² In further support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1.    The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

---

¹ A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

² A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On August 9, 2023 and August 21, 2023 as applicable, (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

4. Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment. Through Amyris' cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease. Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology. Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

5. In addition, Amyris operates a family of consumer brands that utilize the Company's ingredients to meet the growing demand for sustainable, effective, and accessible products, including Biossance® (clean beauty skincare), JVN™ (haircare), Rose Inc.™ (clean

color cosmetics), Pipette® (clean baby skincare), OLIKA™ (clean wellness), MenoLabs™ (healthy living and menopause wellness), Stripes™ (menopausal wellness), and 4U by Tia™ (a new clean haircare line).

6. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration [Docket No. 18].[3]

## RELIEF REQUESTED

7. By this Motion, the Debtors request the entry of an order approving the Compensation Procedures (as defined herein) for an orderly, regular process for the allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals whose retentions are approved by the Court pursuant to sections 327 or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code. The entry of such an order will streamline the professional compensation process and will allow the Court and other parties to monitor more effectively the professional fees and expenses incurred in these cases. This Motion further seeks approval of a procedure for reimbursement of reasonable out-of-pocket expenses incurred by members of the Committee.

## RETENTION OF PROFESSIONALS

8. The Debtors will seek to formally retain certain professionals, including Pachulski Stang Ziehl & Jones LLP as the Debtors' bankruptcy counsel, Stretto, Inc., as Administrative Advisor, PricewaterhouseCoopers LLP as financial advisor and Intrepid Investment Bankers LLC as investment bankers (the "Debtors' Professionals"). The Debtors may seek to retain other professionals during the course of these cases if the need arises. The Debtors expect that the

---

[3] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

Committee will seek to retain counsel and other professionals to assist it in fulfilling its obligations in these cases (the "Committee's Professionals," and together with the Debtors' Professionals, the "Retained Professionals").

**PROPOSED COMPENSATION AND REIMBURSEMENT PROCEDURES**

9. By this Motion, the Debtors propose that, except as otherwise provided in an order of the Court authorizing the retention of a particular Retained Professional, that Retained Professionals be permitted to seek interim payment of compensation and reimbursement of expenses in accordance with the procedures set forth below (the "Compensation Procedures"):

   a. After the 5th day of each calendar month, each Retained Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by first class mail on each of the following parties (collectively, the "Notice Parties"):

      (1) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: James E. O'Neill (joneill@pszjlaw.com), and Jason H. Rosell (jrosell@pszjlaw.com);

      (2) counsel to the DIP Agent and DIP Lender:

      (3) counsel to the Prepetition Agent,

      (4) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: John Schanne, Esquire (john.schanne@usdoj.gov); and

      (5) counsel to the Committee.

   b. Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

   c. Each Notice Party will have 21 days after service of a Monthly Fee Application to review the request (the "Review Period"). If any Notice Party wishes to object to a Retained Professional's Monthly Fee

4

        Application, the objecting party shall serve a written notice (a "<u>Notice of Objection</u>") so that it is received by the end of the Review Period by the applicable Retained Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the amount of fees and expenses at issue.

d.     Upon the expiration of the Review Period, if a Notice of Objection has not been served with respect to a Monthly Fee Application, a Retained Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "<u>CNO</u>"). After a CNO is filed, the Debtors are authorized and directed to pay the Retained Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "<u>Maximum Monthly Payment</u>"). If a Notice of Objection was timely received and remains unresolved, the Debtors are authorized and directed to pay the Retained Professional an amount (the "<u>Reduced Monthly Payment</u>") equal to the lesser of: (i) the Maximum Monthly Payment, and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection.

e.     If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment (an "<u>Incremental Resolution Payment</u>"). If, however, the parties are unable to reach a complete resolution of the objection within fourteen days after service of the Notice of Objection, the objecting party shall file its objection (the "<u>Objection</u>") with the Court within three business days and serve such Objection on the respective Retained Professional and each of the Notice Parties. Thereafter, the Retained Professional may either: (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Retained Professional (the "<u>Incremental Amount</u>"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider the Objection, if requested by the parties.

f.     At three-month intervals or such other intervals convenient to the Court (the "<u>Interim Fee Period</u>"), each of the Retained Professionals may file with the Court and serve on the Notice Parties a request (an "<u>Interim Fee Application Request</u>") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy

5

        Code. The Interim Fee Application Request must include a brief description identifying the following:

        (1)     the Monthly Fee Applications that are the subject of the request;

        (2)     the amount of fees and expenses requested;

        (3)     the amount of fees and expenses paid to date or subject to an Objection;

        (4)     the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

        (5)     any other information requested by the Court or required by the Local Rules.

g.     Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Retained Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

        (1)     The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

        (2)     The first Interim Fee Period will cover the period from August 9, 2023 through and including October 31, 2023. Each Retained Professional may file and serve its first Interim Fee Application Request on or before the 30th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Application Requests may be filed on or before November 30, 2023.

        (3)     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

        (4)     Neither: (i) the payment of, or the failure to pay, in whole or in part, interim compensation, or the reimbursement of, or the failure

6

>to reimburse, in whole or in part, expenses under the Interim Compensation Procedures; nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Retained Professionals.  All fees and expenses paid to Retained Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

10. By this Motion, the Debtors also request that each member of the Committee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual Committee members) with supporting vouchers to Committee counsel, which counsel shall collect and submit the Committee member's request for reimbursement in accordance with the Compensation Procedures.  Approval of these Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or the practice of this Court.

11. By this Motion, the Debtors further request that the Court limit the service of the Interim Fee Applications and any final fee applications (the "Final Fee Applications") to the Notice Parties, and that all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 be entitled to receive only notices of hearings on Interim Fee Applications and Final Fee Applications (the "Hearing Notices").  The Debtors request that: (i) the Notice Parties be entitled to receive the Monthly Fee Applications, any Interim Fee Applications, any Final Fee Applications, and any Hearing Notices; and (ii) all other parties entitled to notice be entitled to receive only the Hearing Notices.  Providing notice of interim and final fee applications in such manner will allow the parties most active in these chapter 11 cases to review and object to professional fees and will save the expense that would be incurred in duplication and mailing costs.

7

12. The Debtors shall include all payments made to Retained Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Retained Professionals.

13. The procedures proposed herein will enable the Debtors to monitor closely the costs of administration and to implement efficient cost-management procedures. In addition, these proposed Compensation Procedures will allow the Court and the key parties in interest, including the UST, to monitor more efficiently the compensation and reimbursement of Retained Professionals.

## BASIS FOR RELIEF

14. Pursuant to section 331 of the Bankruptcy Code, all Retained Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits. Moreover, section 105(a) of the Bankruptcy Code authorizes the Court to issue any order "that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Courts have generally recognized that in large cases it is appropriate to allow payment of professionals more frequently. *In re Mariner Post-Acute Network Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000). Courts have regularly entered orders allowing professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. In fact, this Court has approved similar compensation procedures in many cases within this District. *See, e.g.*, *In re IMedia Brands, Inc.,* Case No, 23-10852 (KBO) (Bankr. D. De. Aug 11, 2023); *In re Gigamonster Networks, LLC*, Case No. 23-10051 (JKS) (Bankr. D. Del. Feb 2, 2023); *In re Medley Health, Inc.,* Case No. 22-11257 (KBO) (Bankr. D. Del. Jan. 6, 2023); *In re First Guar. Mortg. Corp.*, Case No. 22-10584 (CTG) (Bankr. D. Del. Aug. 2, 2022.

Accordingly, the Court has authority to enter an order authorizing the Compensation Procedures requested herein.

16. Implementation of the proposed Compensation Procedures is justified and in the best interests of the Debtors' estates and their creditors. Factors to consider in deciding whether to establish interim compensation procedures include the size of the case, the complexity of the issues involved, and the time required on the part of the debtor's attorneys in providing services necessary to achieve a successful reorganization. The Debtors have limited staff and resources to deal with the extra burdens imposed by the filing of these cases. Moreover, the Debtors believe that several Retained Professionals will be retained in these cases. Without the streamlined compensation procedures requested herein, the professional fee application process and review of the professional fee applications would be overly burdensome on the Debtors, the Retained Professionals, the Court, the UST, and other parties in interest. The Debtors believe that the proposed Compensation Procedures are necessary to ensure that the Retained Professionals are fairly and timely compensated for their services and that such Retained Professionals are not forced to bear undue financial burden or risk caused by delays in payment.

17. The Debtors believe that the Compensation Procedures requested herein will: (i) enable the Debtors and parties in interest to monitor closely the costs of administration relating to these cases; (ii) allow the Court and parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement of expenses; (iii) substantially reduce the burden imposed on the Court by avoiding the need for immediate review of Monthly Fee Applications; and (iv) eliminate undue financial burdens on the Retained Professionals and avoid having the Retained Professionals fund the costs of the Debtors' cases.

DOCS_DE:243900.1 03703/001

18.     Based on the foregoing, the Debtors submit that the relief requested by this Motion is necessary, appropriate, and in the best interests of their estates and creditors and should therefore be granted.

## NOTICE

19.     The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Committee; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## NO PRIOR REQUEST

20.     No previous motion for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached to this Motion as **Exhibit A**: (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: August 24, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*