**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**Objections Due: September 7, 2023 at 4:00 P.M. (ET)**
**Hearing Date: September 14, 2023 at 2:00 P.M. (ET)**

**NOTICE OF HEARING ON MOTION FOR ENTRY OF ORDER: (I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on August 24, 2023, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the attached *Motion for Entry of an Order: (I) Authorizing Employment of Professionals Utilized in the Ordinary Course of Business; and (II) Granting Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objections to entry of the relief requested in the Motion are due on or before **September 7, 2023 at 4:00 p.m. (prevailing Eastern Time)** and must be filed with the Court and served on the below proposed counsel for the Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the relief requested in the Motion will be held before the Honorable Thomas M. Horan at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801, on **September 14, 2023 at 2:00 p.m. (prevailing Eastern Time)**.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE FINAL RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: August 24, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com
         joneill@pszjlaw.com
         jrosell@pszjlaw.com
         sgolden@pszjlaw.com

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

## MOTION FOR ENTRY OF ORDER: (I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (the "Debtors" or the "Amyris")
file this motion (the "Motion") for the entry of an order, substantially in the form annexed hereto
as **Exhibit A** (the "Proposed Order"): (a) authorizing, but not directing, the Debtors to employ and
pay the Ordinary Course Professionals (as defined below) without the necessity of a separate,
formal retention application approved by this Court for each Ordinary Course Professional; and
(b) authorizing, but not directing, the Debtors to pay the Ordinary Course Professionals for
postpetition services rendered and expenses incurred without the necessity of additional court
approval, except as otherwise required by the Procedures (as defined below).  In support of this
Motion, the Debtors rely upon and refer this Court to the *Declaration of Han Kieftenbeld in
Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"),
incorporated herein by reference.[2]  In further support of the Motion, the Debtors respectfully
represent as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s
principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite
100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 105(a), 362(d), 363(b), 507(a), and 541(b)(1) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1(m).

**BACKGROUND**

4.     On August 9, 2023 and August 21, 2023 as applicable, (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases, and no committees have been appointed or designated.

5.      Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment.  Through Amyris' cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease.  Using the same technological innovations that produced artemesin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology.   Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

6.      In addition, Amyris operates a family of consumer brands that utilize the Company's ingredients to meet the growing demand for sustainable, effective, and accessible products, including Biossance® (clean beauty skincare), JVN™ (haircare), Rose Inc.™ (clean color cosmetics), Pipette® (clean baby skincare), OLIKA™ (clean wellness), MenoLabs™ (healthy living and menopause wellness), Stripes™ (menopausal wellness), and 4U by Tia™ (a new clean haircare line).

7.      A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

## THE ORDINARY COURSE PROFESSIONALS

8.      The Debtors customarily retain the services of various accountants, attorneys, and other professionals to advise them in matters arising in the ordinary course of the Debtors' business but unrelated to the administration of these chapter 11 cases (each, an "Ordinary Course Professional" and, collectively, the "Ordinary Course Professionals").  Lists of the Debtors' Ordinary Course Professionals (the "OCP List") as of the date hereof are attached to the Proposed Order as **Schedules 1 and 2**.  As discussed more fully below, the Debtors reserve the right to supplement **Schedules 1 and 2** in the future.  The Debtors are seeking authority to pay the Ordinary

Course Professionals during the pendency of these chapter 11 cases, subject to the OCP Caps (defined below), without the Ordinary Course Professionals having to be retained formally or file fee applications.

9.      In contrast, individual retention applications will be required for any professionals that the Debtors seek to employ in connection with the administration of these chapter 11 cases or in connection with special matters not appropriate for ordinary course treatment (the "Chapter 11 Professionals").   The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these chapter 11 cases.

10.      To the best of the Debtors' knowledge, none of the Ordinary Course Professionals represent or hold any interest materially adverse to the Debtors or to their estates with respect to the matters for which such Ordinary Course Professionals are to be employed.  Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors, the Debtors do not believe that any such claims constitute interests materially adverse to the Debtors, their estates, their creditors, or other parties in interest.

## PROPOSED PROCEDURES FOR THE EMPLOYMENT
## OF ORDINARY COURSE PROFESSIONALS

11.      The Debtors intend to continue employing Ordinary Course Professionals that provide a variety of professional services in the same manner and for the same purposes as such professionals were retained prior to the Petition Date.  In the ordinary course of business, the Ordinary Course Professionals provide legal, accounting, consultancy, and other related services to the Debtors that the Debtors rely on to manage their day-to-day operations.  The Debtors believe that the continued employment of the Ordinary Course Professionals is necessary to avoid

disruption to the Debtors' normal business operations and to avoid the cost, expense, and delay of securing replacement professionals.

12.    The proposed employment of the Ordinary Course Professionals and the payment of monthly compensation on the terms set forth herein are in the best interests of the Debtors, their estates, and all parties in interest.  The relief requested will save the Debtors' estates the substantial expense associated with preparing and filing a separate retention application for each Ordinary Course Professional.

13.    Accordingly, the Debtors request that the Court dispense with the requirement of filing individual retention and fee applications for the Ordinary Course Professionals and implement the following procedures (the "Procedures"):

    a.    Within thirty (30) days after the later of: (i) the entry of an order granting this Motion, and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtors, each Ordinary Course Professional will provide to the Debtors' counsel a declaration (each, an "OCP Declaration"), substantially in the form attached to the Proposed Order as **Schedule 3**, certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed.

    b.    Upon receipt of the OCP Declaration, the Debtors shall file the same with the Court and serve a copy on: (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: John Schanne (john.schanne@usdoj.gov); (b) counsel to the DIP Lenders; and (c) counsel to any official committee appointed in these Chapter 11 Cases (together, the "Reviewing Parties").

    c.    The Reviewing Parties will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and notify the Debtors' counsel, in writing, of any objection to the retention of an Ordinary Course Professional based on the contents of the OCP Declaration (the "Objection Deadline").  If no objection is filed and served so as to be actually received before the Objection Deadline, the retention and employment of the Ordinary Course Professional shall be deemed approved without further order of the Court.

d.    If an objection is filed with the Court and served by the Objection Deadline, and such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter will be scheduled for adjudication by the Court.

e.    No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until such Ordinary Course Professional has been retained in accordance with these Procedures.

f.    Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided* that, while these Chapter 11 Cases are pending: (a) the fees of each OCP set forth on Schedule 1 attached to the Proposed Order, excluding costs and disbursements, may not exceed $200,000 per month on average over a rolling three month period (the "Tier 1 OCP Cap"); and (b) the fees of each OCP set forth on Schedule 2 attached to the Proposed Order, excluding costs and disbursements, may not exceed $50,000 per month on average over a rolling three month period (the "Tier 2 OCP Cap" and, together with the Tier 1 OCP Cap, the "OCP Caps").

g.    In the event that an Ordinary Course Professional seeks compensation in excess of the applicable OCP Cap for any month during these chapter 11 cases, such Ordinary Course Professional will file a fee application (each, a "Fee Application") for the amount of its fees and expenses in excess of the applicable OCP Cap, in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court. Any Ordinary Course Professional that is an attorney will make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

h.    Each Fee Application shall be served upon the Reviewing Parties. The Reviewing Parties shall then have fourteen (14) days to object to the Fee Application. If, after fourteen (14) days, no objection to the Fee Application is filed, the Fee Application shall be deemed approved, and the Debtors may pay 100% of its fees and 100% of its expenses without the need for further action from such Ordinary Course Professional.

i.    At three (3) month intervals (each, a "Quarter") during the pendency of these chapter 11 cases, the Debtors shall file with the Court and serve on

the Reviewing Parties no later than thirty (30) days after the end of such Quarter (the first end of Quarter occurring September 30, 2023) a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter, as well as the amounts paid to each such Ordinary Course Professional in the two (2) months prior to the Quarter, excluding any prepetition periods, in each case broken down by month; (iii) all postpetition payments made to that Ordinary Course Professional to such date; and (iv) a general description of the services rendered by that Ordinary Course Professional (the "Quarterly Statements").

j.    The Reviewing Parties shall be permitted to file objections with the Court to the payments to the Ordinary Course Professional identified in the Quarterly Statement within fourteen (14) days following service of the Quarterly Statement (the "Quarterly Statement Objection Deadline"). If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

k.    All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

l.    If the Debtors seek to retain an Ordinary Course Professional not already listed on **Schedule 1** or **Schedule 2** to the Proposed Order, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing the Ordinary Course Professionals to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP List. Such authorization is effective as of the date of filing of the OCP List Supplement or the applicable date of engagement, provided that the latter is no more than thirty (30) calendar days prior to the filing of the OCP List Supplement.

m.    If no objection to the OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth above in section (c) of these Procedures, so as to be actually received within fourteen (14) days after the service thereof, the OCP List, as modified, will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the OCP List Supplement shall be paid in accordance with the terms and conditions set forth in these Procedures.

14.     For the avoidance of doubt, the Debtors reserve their rights to:  (a) dispute any invoice submitted by any Ordinary Course Professional; and (b) retain any additional Ordinary Course Professionals from time to time as the need arises in accordance with the Procedures.

**BASIS FOR RELIEF**

15.     In determining whether an entity is a "professional" whose retention must be approved by a court as required by section 327 of the Bankruptcy Code, courts generally consider the following factors:

a.      whether the entity controls, manages, administers, invests, purchases, or sells assets that are significant to the debtor's chapter 11 case;

b.      whether the entity is involved in negotiating the terms of a chapter 11 plan;

c.      whether the entity is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations;

d.      whether the entity is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate;

e.      the extent of the entity's involvement in the administration of the debtor's estate; and

f.      whether the entity's services involve some degree of special knowledge or skill, such that it can be considered a "professional" within the ordinary meaning of the term.

16.     *See, e.g.*, *In re Am. Tissue, Inc.*, 331 B.R. 169, 173 (Bankr. D. Del. 2005); *In re First Merchants Acceptance Corp.*, No. 97-1500 JJF, 1997 Bankr. LEXIS 2245, at *6–7 (Bankr. D. Del. Dec. 15, 1997) (defining "professionals" within the meaning of section 327 of the Bankruptcy Code as those whose "occupations . . . play a central role in the administration of the debtor proceeding, and not those occupations which are [merely] involved in the day-to-day mechanics of the debtor's business . . . [or those who are] given discretion or autonomy in some part of the administration of the debtor's estate").

17.     These factors must be considered in totality; none of the factors alone is dispositive. *See First Merchants*, 1997 Bankr. LEXIS 2245, at *10.  Considering all of these factors, the Debtors believe that the Ordinary Course Professionals are not "professionals" within the meaning of section 327(a) of the Bankruptcy Code whose retention must be approved by the Court.  In particular, the Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases, but rather they will provide services in connection with the Debtors' ongoing business operations and services ordinarily provided by non-bankruptcy professionals. Nevertheless, out of an abundance of caution, the Debtors seek the relief requested in this Motion to avoid any subsequent controversy as to the Debtors' employment and payment of the Ordinary Course Professionals during these chapter 11 cases.  The Debtors will seek specific Court authority under section 327 of the Bankruptcy Code to retain any professionals involved in the actual administration of these chapter 11 cases.

18.     The Debtors and their estates would be well-served by the continued retention of the Ordinary Course Professionals because of their prior relationships with the Debtors and such professionals' understanding of the Debtors and their operations.  The continued employment and retention of the Ordinary Course Professionals will enable the Debtors to continue the normal business activities that are essential to the achievement of their chapter 11 objectives.  The administration of the Debtors' estates would be severely hindered if the Debtors were required to: (a) submit to the Court an application, affidavit, and proposed retention order for each Ordinary Course Professional; (b) wait until such retention order is approved before such Ordinary Course Professional continues to render services; and (c) withhold payment of the fees and expenses of the Ordinary Course Professionals until they comply with the compensation and reimbursement procedures applicable to the Chapter 11 Professionals.

19.     If such conditions were to apply, there would be a significant risk that some Ordinary Course Professionals would refuse to provide services and that others would suspend services pending a specific Court order authorizing the services.  Since many of the matters for which the Ordinary Course Professionals provide services are active on a day-to-day basis, any delay or need to replace such Ordinary Course Professionals could have significant adverse consequences.  For example, if the expertise and institutional knowledge of the Ordinary Course Professionals with respect to the particular matters for which they were responsible prior to the Petition Date were lost, the Debtors' estates undoubtedly would incur additional and unnecessary expenses, as the Debtors would be forced to retain other professionals without such expertise and knowledge at potentially higher rates.  It is therefore in the best interest of the Debtors' estates to avoid any disruption to the professional services required in the day-to-day operation of the Debtors' businesses.

20.     Moreover, requiring the Ordinary Course Professionals to file retention pleadings and participate in the payment approval process along with the Chapter 11 Professionals would unnecessarily burden the Court and the U.S. Trustee, while adding significantly to the administrative costs of these chapter 11 cases without any corresponding benefit to the Debtors' estates.

21.     Accordingly, the Debtors submit that the relief requested herein is in the best interests of all creditors and parties in interest and will avoid any disruption of the services provided by the Ordinary Course Professionals.

## **RESERVATION OF RIGHTS**

22.     Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any

other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## **NOTICE**

23.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the Debtors' postpetition lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the state attorneys general for all states in which the Debtors conduct business; (f) the Ordinary Course Professionals and (g) any party that requests service pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

## **NO PRIOR REQUEST**

24.     No prior request for the relief sought in this Motion has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the Proposed Order substantially in the form attached hereto as **Exhibit A**: (a) granting the relief requested herein, and (b) granting such other relief as is just and proper.

Dated: August 24, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

DOCS_DE:243898.4

**EXHIBIT A**

**(Proposed Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **Ref. Docket No. ____** |

## ORDER: (I) AUTHORIZING EMPLOYMENT AND PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order (this "Order"): (a) authorizing, but not directing, the Debtors to employ and pay the Ordinary Course Professionals (as defined below) without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional; and (b) authorizing, but not directing, the Debtors to pay the Ordinary Course Professionals for postpetition services rendered and expenses incurred without the necessity of additional court approval, except as otherwise required by the Procedures; all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]     A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, to retain, compensate, and reimburse Ordinary Course Professionals listed on the OCP Lists annexed hereto as **Schedule 1** and **Schedule 2**, as such list may be amended or supplemented in accordance with the procedures set forth below, in accordance with the following approved procedures (the "Procedures"):

   a. Within thirty (30) days after the later of: (i) the entry of an order granting this Motion, and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtors, each Ordinary Course Professional will provide to the Debtors' counsel a declaration (each, an "OCP Declaration"), substantially in the form attached hereto as **Schedule 3**, certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed.

   b. Upon receipt of the OCP Declaration, the Debtors shall file the same with the Court and serve a copy on: (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: John Schanne (john.schanne@usdoj.gov); (b) counsel to the

DIP Lenders; and (c) counsel to any official committee appointed in these Chapter 11 Cases (together, the "<u>Reviewing Parties</u>").

c.    The Reviewing Parties will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and notify the Debtors' counsel, in writing, of any objection to the retention of an Ordinary Course Professional based on the contents of the OCP Declaration (the "<u>Objection Deadline</u>"). If no objection is filed and served so as to be actually received before the Objection Deadline, the retention and employment of the Ordinary Course Professional shall be deemed approved without further order of the Court.

d.    If an objection is filed with the Court and served by the Objection Deadline, and such objection cannot be resolved within twenty-one (21) days after the Objection Deadline, the matter will be scheduled for adjudication by the Court.

e.    No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until such Ordinary Course Professional has been retained in accordance with these Procedures.

f.    Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional 100% of the fees and 100% of the expenses incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided* that, while these Chapter 11 Cases are pending: (a) the fees of each OCP set forth on Schedule 1 attached to the Proposed Order, excluding costs and disbursements, may not exceed $200,000 per month on average over a rolling three month period (the "<u>Tier 1 OCP Cap</u>"); and (b) the fees of each OCP set forth on Schedule 2 attached to the Proposed Order, excluding costs and disbursements, may not exceed $50,000 per month on average over a rolling three month period (the "<u>Tier 2 OCP Cap</u>" and, together with the Tier 1 OCP Cap, the "<u>OCP Caps</u>").

g.    In the event that an Ordinary Course Professional seeks compensation in excess of the applicable OCP Cap for any month during these chapter 11 cases, such Ordinary Course Professional will file a fee application (each, a "<u>Fee Application</u>") for the amount of its fees and expenses in excess of the applicable OCP Cap, in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court. Any Ordinary Course Professional that is an attorney will make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C.*

*§ 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

h.   Each Fee Application shall be served upon the Reviewing Parties.  The Reviewing Parties shall then have fourteen (14) days to object to the Fee Application.  If, after fourteen (14) days, no objection to the Fee Application is filed, the Fee Application shall be deemed approved, and the Debtors may pay 100% of its fees and 100% of its expenses without the need for further action from such Ordinary Course Professional.

i.   At three (3) month intervals (each, a "Quarter") during the pendency of these chapter 11 cases, the Debtors shall file with the Court and serve on the Reviewing Parties no later than thirty (30) days after the end of such Quarter (the first end of Quarter occurring September 30, 2023) a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation for services rendered and reimbursement of expenses incurred by that Ordinary Course Professional during the reported Quarter, as well as the amounts paid to each such Ordinary Course Professional in the two (2) months prior to the Quarter, excluding any prepetition periods, in each case broken down by month; (iii) all postpetition payments made to that Ordinary Course Professional to such date; and (iv) a general description of the services rendered by that Ordinary Course Professional (the "Quarterly Statements").

j.   The Reviewing Parties shall be permitted to file objections with the Court to the payments to the Ordinary Course Professional identified in the Quarterly Statement within fourteen (14) days following service of the Quarterly Statement (the "Quarterly Statement Objection Deadline").  If an objection to the fees and expenses of an Ordinary Course Professional is filed with the Court on or before the Quarterly Statement Objection Deadline, such fees and expenses will be subject to review and approval by the Court pursuant to section 330 of the Bankruptcy Code to the extent that such objection is not consensually resolved.

k.   All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

l.   If the Debtors seek to retain an Ordinary Course Professional not already listed on **Schedule 1** or **Schedule 2** hereto, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing the Ordinary Course Professionals to be added to the OCP List (the "OCP List Supplement"), along with the OCP Declaration for any professional so added to the OCP List.  Such authorization is effective as of the date of filing of the OCP List Supplement or the applicable date of engagement, provided that the latter is no more than thirty (30) calendar days prior to the filing of the OCP List Supplement.

m.  If no objection to the OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth above in section (c) of these Procedures, so as to be actually received within fourteen (14) days after the service thereof, the OCP List, as modified, will be deemed approved by the Court in accordance with the provisions of this Motion and without the need for a hearing or further Court order.  Any Ordinary Course Professionals retained pursuant to the OCP List Supplement shall be paid in accordance with the terms and conditions set forth in these Procedures.

4.      The OCP Declaration, in form attached hereto as **Schedule 3**, is approved.

5.      If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration.  The Ordinary Course Professional may apply its prepetition retainer against any prepetition claims once its retention and employment is approved in accordance with the Procedures.  Notwithstanding anything else herein, nothing in this Order shall authorize the Debtors to pay the prepetition claim(s) of any non-attorney Ordinary Course Professional.

6.      The entry of this Order and approval of the Procedures do not affect the Debtors' ability to:  (a) dispute any invoice submitted by an Ordinary Course Professional, and (b) retain additional Ordinary Course Professionals in accordance with this Order and the Procedures, and the Debtors reserve all of their rights with respect thereto.

7.      Nothing in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as:  (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order.  Nothing contained in this Order shall be deemed to increase, decrease,

reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

8.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DOCS_DE:243898.4

## Schedule 1

### Tier 1 Ordinary Course Professionals

| Ordinary Course Professional | Mailing Address | Description of Services |
|---|---|---|
| CFGI Holdings, LLC | 1 Lincoln Street, Suite 1301<br>Boston, MA 02111 | Accounting Advisory Firm |
| Deloitte Tax LLP | 30 Rockefeller Plaza, 41st Floor<br>New York, NY 10112-0015 | Tax Services |
| Gibson, Dunn & Crutcher LLP | 333 South Grand Avenue<br>Los Angeles, CA 90071-3197 | Outside Litigation Counsel |

## Schedule 2

## Tier 2 Ordinary Course Professionals

| Ordinary Course Professional | Mailing Address | Description of Services |
|---|---|---|
| Clark & Elbing LLP | 101 Federal Street, 15th Floor Boston, MA 02110 | Outside IP Counsel |
| Dentons LLP | 1221 Avenue of the Americas New York, NY 10020-1089 | Outside IP Counsel and Outside Counsel for UK |
| Fish & Richardson P.C. | 7 Times Square, 20th Floor New York, NY 10036 | Outside IP Counsel |
| Gordon Rees Scully Mansukhani, LLP | 275 Battery Street, Suite 2000 San Francisco, CA 94111 | Outside Litigation Counsel |
| Mewburn Ellis LLP | City Tower 40 Basinghall Street London EC2V 5DE United Kingdom | Outside IP Counsel |
| Morgan Lewis LLP | One Market, Spear Street Tower 28th Floor San Francisco, CA 94105 | Outside IP Counsel |
| NLO | 21a Anna Van Buerenplein The Hague South Holland, 2502 Netherlands | Outside IP Counsel |
| Patentree | Edificio NET Rua Salazares, 842 4149-002 Porto Portugal | Outside IP Counsel |
| Kilpatrick Townsend & Stockton LLP | 1100 Peachtree Street NE Suite 2800 Atlanta, GA 30309 | Outside IP Counsel |
| RinLaures LLC | 320 W. Ohio St., Suite 3W Chicago, IL 60654 | Outside IP Counsel |

| Ordinary Course Professional | Mailing Address | Description of Services |
|---|---|---|
| Squire Patton Boggs | Key Tower<br>127 Public Square #4900<br>Cleveland, OH 44114 | Outside Patent Counsel |
| Daijogo & Pedersen, LLP | 21 Tamal Vista Blvd # 295<br>Corte Madera, CA 94925 | Employment Attorney |
| Licege Dressler/<br>Graham Adair, Inc. | 675 North 1st Street, Suite 1050<br>San Jose, CA 95112 | Immigration Attorney |
| Covington & Burling LLP | One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956 | Regulatory Counsel |
| Keller & Heckman, LLP | 1001 G Street NW<br>Suite 500 West<br>Washington, DC 20001 | Regulatory Counsel |

DOCS_DE:243898.4

**Schedule 3**

**OCP Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION IN SUPPORT OF EMPLOYMENT OF [_____] AS**
**PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [_____], pursuant to 28 U.S.C. § 1746, declare that the following is true to the best of my knowledge, information, and belief:

1.      I am a [position] of [Firm], located at [Street, City, State ZIP Code] (the "Firm"), which has been employed by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") in the ordinary course of the Debtors' business.  The Debtors wish to retain the Firm to continue providing ordinary course services during the Chapter 11 Cases, and the Firm has consented to provide such services.  This Declaration is submitted in compliance with the *Order:  (I) Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business; and (II) Granting Related Relief* (the "Ordinary Course Professionals Order").

2.      The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases.  The Firm does not perform services for any

---

[1]      A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

such person in connection with the Chapter 11 Cases or have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

3.      The Debtors have requested that the Firm provide [specific description of services] to the Debtors, and the Firm has consented to provide such services.

4.      The Firm [has/has not] provided services to the Debtors prior to the commencement of the Chapter 11 Cases.

5.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

6.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7.      Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8.      The Debtors owe the Firm $[_____] for fees and expenses incurred prior to the date the Chapter 11 Cases were commenced (the "Petition Date"), the payment of which is subject to the limitations contained in the Bankruptcy Code and any orders of the Court.

9.      As of the Petition Date, the Firm held a prepetition retainer of $[_____].

10.     As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as **Exhibit A** to this Declaration.]

11.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon the conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

_____
[Name]
[Title]
[FIRM NAME]
Address:
Telephone:
Email: