**Exhibit A**

**Proposed Order**

ACTIVE/124637625

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE DEBTORS TO ASSUME
AND/OR ENTER INTO REIMBURSEMENT AGREEMENTS
WITH PROFESSIONALS FOR THE AD HOC NOTEHOLDER GROUP**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to assume and/or enter into reimbursement agreements (each, a "Reimbursement Agreement") between the Debtors and professionals retained by the *ad hoc* group of the holders of the 1.50% Convertible Senior Notes due 2026 (the "Ad Hoc Noteholder Group") pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the Gund Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to enter into and assume the Noteholder Group Reimbursement Agreements and to pay, in accordance with this Order, the Noteholder Group Professionals for their reasonable and documented fees and expenses incurred during the Compensation Period on a bi-weekly basis (i) to review documents related to the Foris Prepetition Secured Lenders' claims, including the (x) terms, conditions and amount of the Foris Prepetition Secured Lenders' claims, (y) nature, extent, and perfection of the liens that secure the Foris Prepetition Secured Lenders' claims; and (z) the Debtors' purpose for the incurrence of the obligations constituting the Foris Prepetition Secured Lenders' claims, including the Debtors' board minutes related thereto; and (ii) to conduct and engage in diligence, negotiation, prosecution, documentation, and implementation of a comprehensive consensual restructuring of the Debtors in accordance with the terms and conditions of the Reimbursement Agreements (the "Scope") and this Order (the "Noteholder Group Professional Compensation"); *provided, however,* that (a) the

Debtors are only authorized to pay the Noteholder Group Professionals up to $750,000 in the aggregate (the "Noteholder Group Professional Cap") on account of the Scope during the Compensation Period (exclusive of the PH Advance Payment, which PH Advance Payment, to the extent remaining after application against Paul Hastings' fees and expenses in representing the Ad Hoc Noteholder Group prior to the Petition Date, which shall first be applied by Paul Hastings on account of their reasonable and documented fees and expenses incurred during the Compensation Period in accordance with the Scope); (b) the Debtors shall have no obligation to pay any fees, expenses, or other amounts incurred by a Noteholder Group Professional other than for payment of reasonable fees and reimbursement of expenses incurred during the Compensation Period and only with respect to the Scope and in no event after the termination of such party's Reimbursement Agreement in accordance with its terms; (c) the Debtors are not authorized to pay (and the Scope shall not include) any fees, expenses, or other amounts incurred by any Noteholder Group Professional (i) in connection with or in furtherance of investigating (except to the extent expressly provided for in the Scope), preparing for, commencing, or prosecuting any claim, cause of action or litigation against the Debtors, the Foris Prepetition Secured Lenders or the DIP Secured Parties, or assisting any person in connection with the foregoing; or (ii) in connection with the prosecution or defense of any claim of any individual member of the Ad Hoc Noteholder Group, and (d) the DIP Secured Parties agree that the Debtors' obligations to the Noteholder Group Professionals, solely to the extent described in the Motion and as approved by this Order, shall be reflected in an amended DIP Budget consistent with the Motion and this Order and, consistent with that DIP Budget, the Noteholder Group Professionals' shall be entitled to share in the protection of the Carve Out provisions of the Interim DIP Order and any final order thereto.

3. Noteholder Group Professionals shall not be required to file any interim or final applications for compensation with the Court as a condition precedent to the Debtors' obligation to pay such fees and expenses in accordance with this Order; *provided, however*, that payment of the Noteholder Group Professional Compensation shall be subject to the following procedures:

(a) Noteholder Group Professionals shall submit a reasonably detailed invoice (which shall include the total number of hours billed by attorney or other professional but shall not be required to comply with any particular format, and may be in summary form only) to counsel to the Debtors, Foris Prepetition Secured Lenders, the DIP Secured Parties, the United States Trustee, and any official committee appointed in these Chapter 11 Cases (collectively, the "Notice Parties") for any postpetition fees and expenses, which summary invoices shall be sufficiently detailed to enable a determination as to the reasonableness of such fees and expenses and compliance with other terms of this Order (without limiting the right of the Noteholder Group Professionals to redact privileged, confidential, or sensitive information);

(b) If any Notice Party objects to the fees and expenses in accordance with this Order and cannot resolve such objection within five (5) business days of the Notice Parties' receipt of an invoice, the Debtors shall file with the Court and serve on such Noteholder Group Professional an objection (a "Fee Objection") limited to one or more of (i) the reasonableness of the fees and expenses; (ii) the fees and expenses falling outside of the Scope; or (iii) the fees and expenses exceeding the Noteholder Group Professional Cap.

(c) If no Fee Objection is timely received, the Debtors shall timely (and in any event within five (5) business days) pay the invoice of the Noteholder Group Professional. If a Fee Objection is timely received, the Debtors shall timely (and in any event within five (5) business days) pay the undisputed amount of the invoice of the Noteholder Group Professional.

4. Entry of this Order is without prejudice to all parties' rights with respect to Noteholder Group Professionals' fees and expenses incurred but not authorized to be paid by this Order. To the extent the Debtors, Foris Prepetition Secured Lenders, DIP Secured Parties, and the Ad Hoc Noteholder Group agree to amend the Scope, the Noteholder Group Professional Cap, and/or the Compensation Period, the Debtors may file with the Court and serve a notice of such amendment (an "<u>Amendment Notice</u>") in accordance with Bankruptcy Rule 2002. To the extent no party-in-interest objects to such amendment within five (5) business days of the filing of the Amendment Notice, any such amendment is deemed effective and incorporated into this Order. If any party-in-interest objects to such amendment within five (5) business days of the filing of the Amendment Notice, the Debtors shall schedule a hearing with the Court with respect to the Amendment Notice and the objection thereto.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules for the District of Delaware are satisfied by such notice.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.