**<u>EXHIBIT A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered)<br>**Ref. Docket No. ____** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PWC US BUSINESS ADVISORY LLP AS FINANCIAL ADVISOR TO THE DEBTORS, EFFECTIVE AS OF AUGUST 9, 2023

Upon the application (the "Application")[2] of Amyris, Inc. ("Amyris"), and certain of its affiliates as debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order authorizing the Debtors to employ and retain PwC US Business Advisory LLP ("PwC US Business Advisory") as financial advisor to the Debtors, effective as of August 9, 2023, pursuant to the terms and conditions of the Engagement Letter, subject to the limitations and modifications provided for herein; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]    All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

and 1409; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that PwC US Business Advisory does not hold or represent an interest adverse to the Debtors or their estates and is disinterested under section 101(14) of the Bankruptcy Code; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn, resolved, or overruled on the merits; and upon the record of the hearing (if any held) to consider the relief requested in the Application and all proceedings had before the Court; and upon consideration of the Fleming Declaration, filed contemporaneously with the Application; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent provided for herein.

2.      The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and Local Rules 2014-1 and 2016-1, to employ and retain PwC US Business Advisory as a financial advisory services provider to the Debtors, effective as of August 9, 2023, in accordance with the terms and conditions set forth in the Engagement Letter, as limited and modified by this Order.

3.      By this Order, the terms and conditions of the Engagement Letter are reasonable and are hereby approved, including the Fee and Expense Structure.  PwC US Business Advisory shall be compensated and reimbursed in accordance with the terms of the Engagement Letter, subject to Court approval and as modified by this Order.

4.      PwC US Business Advisory may file monthly, interim, and final fee applications for allowance of its compensation and reimbursement of its expenses with respect to

2

services rendered in these Chapter 11 Cases with the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court, and, solely as to any fixed fee portion of engagements, PwC US Business Advisory shall be excused from keeping time records for services rendered in one-tenth (0.10) of an hour increments.

5.      PwC US Business Advisory shall include in its fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) a project-category based summary of services rendered to the Debtors, identifying each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered; and (c) reasonably detailed records of time, in half-hour (0.50) increments for fixed fee engagements and in tenth of an hour (0.10) increments for hourly fee arrangements, describing the services rendered by each professional and the amount of time spent on each date.

6.      Solely as to any fixed fee compensation requests:  (i) PwC US Business Advisory shall be excused from keeping time records in tenth of an hour (0.10) increments; and (ii) any objections related thereto shall be subject only to the standard of review set forth in section 328 of the Bankruptcy Code, and shall not be subject to the standard of review in section 330 of the Bankruptcy Code or any other standard of review, *provided, however*, the U.S. Trustee retains all rights to respond or object to PwC US Business Advisory's fee applications for compensation and requests for reimbursement of out-of-pocket expenses on all grounds, including, but not limited to, reasonableness pursuant to section 330 of the Bankruptcy Code.

7.      If the Debtors request and PwC US Business Advisory agrees to provide additional services, PwC US Business Advisory and the Debtors may enter into statements of work

or amendments with respect to the Engagement Letter or additional agreements. Any additional agreements, statements of work, or amendments will be filed with the Court and served on the applicable notice parties, and, absent any objections filed within fourteen (14) days after the filing and service of such supplemental declaration, PwC US Business Advisory's employment and retention, including as to the additional agreements, statements of work, amendments, or services, shall continue as authorized pursuant to this Order.

8.     Prior to any increases in the disclosed hourly rates for any PwC US Business Advisory professional providing services in these cases, PwC US Business Advisory shall file a supplemental declaration with this Court, providing ten (10) business days' notice to the Debtors and the U.S. Trustee. The supplemental declaration shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including the reasonableness standard in section 330 of the Bankruptcy Code and all rates and rate increases are subject to review by this Court.

9.     The Debtors shall be bound by the Indemnification Provisions pursuant to the Engagement Letter and, during the pendency of these Chapter 11 Cases, subject to the following conditions:

a.     All requests for payment of indemnity, contribution or otherwise pursuant to the Engagement Letter shall be made by means of fee application and shall be subject to the approval of, and review by, this Court to ensure that such payment conforms to the terms of the Engagement Letter, the Bankruptcy Code, the Local Rules and any orders of the Court and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided* that in no event shall an indemnified party be indemnified or receive contribution to the extent that any claim or expense is determined by final judicial order to have primarily resulted from the gross negligence, self-dealing, willful misconduct or bad faith of such indemnified party;

4

b.      In no event shall any indemnified party be indemnified or receive contribution or other payment of an indemnity claim under the Engagement Letter if the Debtors or a representative of the Debtors' estates asserts a claim that a court of competent jurisdiction determines by final order primarily arose out of the gross negligence, self-dealing, willful misconduct or bad faith of such indemnified party; and

c.      In the event that an indemnified party seeks reimbursement for attorneys' fees from the Debtors in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorney shall be attached to PwC US Business Advisory's own fee applications, and such invoices and time records shall be subject to the approval of this Court under the standards of section 330 and 331 of the Bankruptcy Code without regard to whether such indemnified party's attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10.     In the event that, during the pendency of these cases, PwC seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in PwC's fee applications and such invoices and time records shall be in compliance with Local Bankruptcy Rule 2016-2(f), and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code; *provided, however*, that PwC shall not seek reimbursement of any fees incurred defending any of PwC's fee applications in these cases.

11.     PwC US Business Advisory will review its files periodically during the pendency of these Chapter 11 Cases and if it discovers additional material information that it determines requires disclosure, a supplemental declaration will be promptly filed with the Court.

12.     To the extent that this Order is inconsistent with the Application, the Engagement Letter, or the Fleming Declaration, the provisions of this Order shall govern.

13.     The Debtors and PwC US Business Advisory are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14.     Notwithstanding any provision to the contrary in the Application, the Engagement Letter, or the Fleming Declaration, the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.  For the avoidance of doubt, during the pendency of the Debtors' bankruptcy cases, any provision of the Engagement Letter that provides for mediation or arbitration shall not be applicable unless this Court lacks or declines to exercise jurisdiction.

DOCS_DE:244506.2 03703/004