**<u>EXHIBIT B</u>**

**<u>Fleming Declaration</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION OF STEVEN J. FLEMING IN SUPPORT OF THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PWC US BUSINESS ADVISORY LLP AS FINANCIAL ADVISOR TO THE DEBTORS, EFFECTIVE AS OF AUGUST 9, 2023**

Pursuant to Bankruptcy Rule 2014(a), I, Steven J. Fleming, under penalty of perjury, declare as follows, to the best of my knowledge, information, and belief:

1.    I am a principal of PwC US Business Advisory LLP ("PwC US Business Advisory") and am authorized to make this declaration (this "Declaration") on behalf of PwC US Business Advisory in support of the *Application of Debtors for an Entry of an Order Authorizing the Retention and Employment of PwC US Business Advisory LLP as Financial Advisor to the Debtors, Effective as of August 9, 2023*, filed contemporaneously herewith (the "Application").[2]

2.    Unless otherwise stated, all facts set forth in this Declaration are based upon my personal knowledge or derived from business records that have been reviewed by me and prepared/reviewed by others under my supervision and direction.  To the extent any information

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]    Capitalized terms used in this Declaration but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.  The summary of terms or conditions of the Engagement Letter provided in this Declaration is for the Court's convenience and to the extent that any such summary conflicts with the actual terms or conditions of the Engagement Letter, the actual terms and conditions of the Engagement Letter shall control, as the same may be limited or modified by an order of the Court.

disclosed herein requires amendment, modification or supplementation as additional information becomes available, a supplemental declaration will be submitted to this Court.

### Qualifications

3.      PwC US Business Advisory is a professional services firm with offices across the United States whose professionals have experience in providing financial advisory services to businesses in bankruptcy and have been employed in numerous complex cases under the Bankruptcy Code.  PwC US Business Advisory is well qualified to provide the contracted-for services in a cost-effective, efficient and timely manner.

### Disinterestedness

**A.    Background**

4.      PwC US Business Advisory is a United States-based member firm of a global network of separate and independent firms that operate locally in countries throughout the world.  Such firms ("Member Firms") are each members of PricewaterhouseCoopers International Limited ("PwCIL"), a UK-membership-based private company limited by guarantee, with no shareholders and no capital, and which does not provide services to clients.

5.      Member Firms are organized on an individual country basis and operate within the legal and regulatory framework of each particular jurisdiction or region.  Other than certain country or regional groupings, Member Firms are generally not affiliates or subsidiaries of each other or of any global parent.  Rather, they are separate and independent firms that practice under a common brand and shared methodologies, client service standards and certain other professional protocols and guidelines.  Member Firm partners and/or principals[3] are generally the

---

[3]    For this purpose, "principals" could include shareholders of a corporation if a foreign member firm is organized as a corporation in its local jurisdiction.

sole owners of a respective Member Firm, with no overlap with respect to partner/principal ownership of their Member Firm and other Member Firms.

6.      In the United States, pursuant to a legal restructuring effectuated on July 1, 2023, professional services are now provided to clients by subsidiaries of Member Firm PwC US Group LLP ("PwC US Group"), which entity does not provide services to clients.  The PwC US Group subsidiaries that provide services to clients include PwC US Business Advisory, PricewaterhouseCoopers LLP ("PwC LLP"), PwC US Tax LLP ("PwC US Tax"), and PwC US Consulting LLP ("PwC US Consulting," and, together with PwC US Business Advisory, PwC LLP, and PwC US Tax, are "Primary Subsidiaries" and, together with PwC US Group and each of their respective direct and indirect subsidiaries, "PwC US Entities," and separately, each a "PwC US Entity").  The partners and/or principals of Primary Subsidiaries are owners of their respective subsidiaries, and certain of the partners and/or principals are also owners of PwC US Group.  PwC US Group does not share profits with any other Member Firms.

**B.     Search Process**

7.      When a PwC US Entity is the subject of an application to be retained in a chapter 11 case, a process commences to check connections, such as current or former client, vendor, or financial relationship, to the debtors, their identified affiliates and the debtors' other parties in interest (as determined and provided by the Debtors) by a search team (the "US Search Team").

8.      In connection with its proposed retention by the Debtors, PwC US Business Advisory undertook searches to determine, and to disclose, whether any PwC US Entity is or has been engaged by or has other relationships with the Debtors or the other individuals or entities that the Debtors identified as being potential parties in interest in these chapter 11 cases (the "Parties in Interest"), whose specific names were provided to PwC US Business Advisory by the Debtors,

set forth on **Schedule 1** attached hereto.  A listing of the Parties in Interest with such connections to PwC US Business Advisory and/or other PwC US Entities is attached to this Declaration as **Schedule 2**.

9.     As described herein, the searches conducted involve checking client and other databases of the PwC US Entities.  Given the separateness of the Member Firms, the PwC US Entities are unable to directly check client or other local databases maintained by Member Firms, outside of the PwC US Entities.  Notwithstanding this separateness, the following additional steps are undertaken when any PwC US Entity is the subject of a retention application:

(a)     With respect to the debtor and debtor affiliates, the US Search Team:

(i)     Initiates cross border check request(s) to the other Member Firm(s) located where the debtors' parent company's primary place of business or registered office is outside of the U.S., based upon information provided by the debtors.  The applicable Member Firm(s) are asked to search relevant local databases to identify client or relevant non-client relationships in their jurisdiction.  Except as may otherwise be disclosed herein, no other Member Firm(s) was identified through this process as providing services in the Debtors' bankruptcy cases;

(ii)     Performs a search of cross border requests previously received from other Member Firms to determine if any involved the debtors or their affiliates;

(iii)     Performs a search using a database system associated with audit and other related independence requirements (the "Independence Database") to identify possible connections with debtor and debtor affiliates to which independence requirements may apply.  Each Member Firm is required to input its respective audit clients into the Independence Database, and all Member Firms have access to the Independence Database.[4]  Each restricted entity in the Independence Database has a designated individual(s) responsible for approving and monitoring services for entities included in its corporate tree. The Independence Database includes audit clients of the various Member Firms, as well as certain other clients and non-clients

---

[4]     Inputting audit and attest client information into the Independence Database is pursuant to a policy adopted by Member Firms so that such relationships are tracked in connection with such Member Firm's independence requirements.

thereof. In addition, once a PwC US Entity is engaged to provide services for debtors during their bankruptcy cases, an indicator is placed in the Independence Database that is available to other Member Firms to indicate bankruptcy-related restrictions may exist; and

(iv)    Once a PwC US Entity is engaged to provide services for debtors during their bankruptcy cases, an indicator is placed in a PwC US Entities system attached to the debtors to indicate bankruptcy-related restrictions may exist. The indicator remains through emergence from bankruptcy (or dismissal). Such bankruptcy-related restrictions are identified to other Member Firms if they request a search of those entities.

(b)    With respect to the other parties in interest, the US Search Team also:

(i)    Performs a search of cross border requests received from other Member Firms (described above) in connection with potential engagements to perform services for other U.S.-domiciled parties in interest;

(ii)    Reviews the parties in interest to determine if other Member Firms are identified therein; and

(iii)    Performs a search of the Independence Database to determine whether any other party in interest is identified as restricted therein.

10.    PwC US Entities have relationships with thousands of clients and other parties, some of which may be creditors of the Debtors or other Parties in Interest. One or more of the PwC US Entities may:

(a)    have provided, currently provide, and/or may provide in the future professional services to certain of the Parties in Interest in matters unrelated to the chapter 11 cases; and

(b)    have provided or may currently provide services, and likely will continue to provide services, to certain creditors of the Debtors and various other parties potentially adverse to the Debtors, in matters unrelated to the chapter 11 cases, except as may be otherwise set forth herein.

11.    One or more of the PwC US Entities and/or the partners/principals/other professionals of such PwC US Entities may:

(a)    have had, currently have and/or may have in the future ordinary course banking or other relationships with certain of the Parties in Interest; and

(b)     have obtained, currently obtain or will in the future obtain goods or services from one or more of the Parties in Interest in matters unrelated to these chapter 11 cases.

12.     To the best of my knowledge, based on the above search process, PwC US Business Advisory has determined that certain relationships, identified on **Schedule 2**, should be disclosed as follows:

(a)     One or more of the PwC US Entities provide services in matters unrelated to the chapter 11 cases to certain of the Debtors' creditors and other Parties in Interest or their affiliates listed on **Schedule 2**.

(b)     PricewaterhouseCoopers Advisory Services LLC ("<u>PwC Advisory</u>"), an entity affiliated with PwC US Business Advisory, was retained by the Debtors prior to the commencement of the chapter 11 cases to investigate allegations of potential irregularities. PwC Advisory will not work post-petition relative to that investigation / pre-petition engagement.

(c)     As part of its diverse practice, the PwC US Entities appear in numerous cases, proceedings, and transactions that involve many different professionals, including attorneys, accountants, and financial consultants who may represent the Debtors, creditors and/or Parties in Interest in these chapter 11 cases.

(d)     One or more of the PwC US Entities have in the past performed, and may in the future perform, in matters unrelated to these chapter 11 cases, assurance, tax, consulting and/or financial advisory services for other professionals, including attorneys, accountants, and financial consultants who may represent the Debtors, creditors and Parties in Interest in these chapter 11 cases.

(e)     One or more of the PwC US Entities may in the past, may currently or may in the future be represented, in matters unrelated to these chapter 11 cases, by various attorneys, and law firms, some of whom may be involved in these chapter 11 cases.

(f)     One or more of the PwC US Entities may perform services for clients that relate to the Debtors merely because such clients may be creditors or counterparties to transactions with the Debtors and whose assets and liabilities may thus be affected by the Debtors' status. The disclosures set forth herein do not include specific identification of such services.

(g)     Certain Parties in Interest may be adverse to and/or involved in litigation matters with one or more of the PwC US Entities in connection with matters unrelated to these chapter 11 cases.

13.     I do not believe that the ordinary course relationships identified herein impair PwC US Business Advisory's ability to objectively perform the contracted-for professional services during these Chapter 11 Cases, consistent with the professional standards applicable to such services.

14.     A relative of Han Kieftenbeld, Amyris' Interim Chief Executive Officer and Chief Financial Officer, is a staff member employed by PwC LLP, an entity affiliated with PwC US Business Advisory.  Such relative who was not involved pre-petition in the provision of services and will not be involved post-petition in the provision of Professional Services for the Debtors.  I do not believe that this connection in any way creates a conflict or causes PwC US Business Advisory to not be disinterested.  I also do not believe that it causes PwC US Business Advisory to hold or represent an interest materially adverse to the Debtors or their estates, nor does such connection in any way impact PwC US Business Advisory's ability to provide the contracted-for services in accordance with professional standards or independence requirements.  As an additional precaution, I instructed the relative to not discuss matters related to the Debtors or their bankruptcy cases, with Mr. Kieftenbeld or otherwise, and I requested that Mr. Kieftenbeld similarly not discuss such matters with his relative; both have confirmed that such matters will not be discussed as requested/instructed.

15.     Furthermore, through reasonable inquiry, I do not believe that the partners/principals/other professionals that are expected to provide the Professional Services to the Debtors pursuant to the Engagement Letter have any known relation to the United States Bankruptcy Court Judges for the District of Delaware, or the U.S. Trustee for Region 3 or those employed by the Office of the U.S. Trustee for Region 3 for the District of Delaware.

DOCS_DE:244506.2 03703/004

16.     From time to time, a PwC US Entity partners/principals/other professional may personally directly or indirectly acquire debt or equity securities of a company, which may be one of the Debtors, their creditors, or other Parties in Interest.  A policy of the PwC US Entities prohibits partners/principals/other professionals from using material non-public information that may come to their attention in the course of their work and all PwC US Entity partners/principals/other professionals are barred from trading in securities with respect to which they possess material non-public information.   To the best of my knowledge, no partner/principal/other professional who is expected to provide the Professional Services to the Debtors in this engagement has any direct investment in debt or equity securities of the Debtors.

17.     The above searches resulted in the disclosures set forth herein and on **Schedule 2**, including the disclosure of certain connections with Parties in Interest that do not relate to the Debtors' Chapter 11 Cases.  Accordingly, subject to the statements made in this Declaration, to the best of my knowledge, information, and belief, based on the searches and queries described above, I believe that PwC US Business Advisory is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that neither PwC US Business Advisory nor any partner/principal/other professional expected to provide the Professional Services to the Debtors pursuant to the Engagement Letter:  (a) is a creditor, an equity security holder, or an insider of the Debtors; (b) is or was, within two years before the Petition Date, a director, officer, or employee of the Debtors; and (c) has an interest materially adverse to an interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of a direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.  Accordingly, I believe that PwC US Business Advisory is eligible for retention by the Debtors.

8

18.     Despite the efforts described above to identify and disclose connections with Parties in Interest in these cases, because of its size, and numerous employees, PwC US Business Advisory is unable to state with certainty that every client representation or other connection has been identified and disclosed.  If PwC US Business Advisory discovers additional material information that it determines requires disclosure, a supplemental disclosure will be promptly filed with the Court.  Except as otherwise set forth herein, to the best of my knowledge, neither PwC US Business Advisory nor any of the PwC US Entities currently perform, nor during the period of PwC US Business Advisory's retention in these cases, will perform, services for any entity listed on **Schedule 2** in matters related to the Debtors or their Chapter 11 Cases.

### Pre-Petition Services

19.     As stated above, on July 1, 2023, PwC LLP effected a legal entity restructuring whereby its tax, business advisory, and consulting businesses are now performed by entities affiliated with PwC LLP, including PwC US Business Advisory.

20.     In the 90 days prior to the Petition Date, the Debtors paid:  (i) PwC US Business Advisory approximately $925,000, the entirety of which was on account of pre-petition retainers; (ii) PwC LLP approximately $2,406,000, the entirety of which was on account of pre-petition retainers; and (iii) PwC Advisory approximately $593,145, the entirety of which was on account of pre-petition retainers.

21.     In light of the aforementioned PwC LLP restructuring, the parties agreed that the remaining retainer amount of $81,718 paid to PwC LLP for financial advisory services would be netted against the shortfall of $79,803 owed to PwC US Business Advisory for financial advisory services under the Engagement Letter.  The remaining retainer of $1,915 is available to be applied against approved post-petition fees and expenses provided by PwC US Business

9

Advisory. As of the Petition Date the Debtors did not owe PwC LLP, PwC US Business Advisory or PwC Advisory any money on account of prepetition services performed.

**Scope of Services**

22.     Subject to further order of the Court, and as set forth more fully in the Engagement Letter outlined herein, in consideration for the compensation contemplated therein, PwC US Business Advisory will render the following services, (the "Professional Services"), which are performed at the Debtors' request, as agreed to by PwC US Business Advisory and consistent with and pursuant to the terms and conditions of the Engagement Letter:

a.  *Financial Advisory Services*: PwC US Business Advisory's service may include the following services, as directed by Amyris:

i.   Cash & Liquidity Management:  As directed by Amyris, advise and assist Amyris in its preparation of its short-term cash flow forecasts and related liquidity management analyses as follows:

- Prepare updates to Amyris' short-term cash flow forecast, including any supplementary schedules (e.g., daily, weekly, monthly or annual cash flows);
- Prepare periodic updates to Amyris' working capital roll-forwards for accounts receivable and accounts payable;
- Prepare weekly variance analyses and updates to Amyris' liquidity outlook and provide observations regarding potential related risks and opportunities for Amyris' consideration;

As directed by Amyris, provide the following other services to Amyris in connection with its analysis of its vendor management activities:

- Advise and assist Amyris in its identification of its key vendors;
- Analyze key business terms for key vendors and store leases, as each are identified by Amyris
- Assist Amyris in its development of vendor payment prioritization schedules and internal communication plans as Amyris seeks to balance liquidity & operational considerations;
- Assist Amyris in its analysis and quantification of escalated vendor payment requests and in tracking compliance with payment plans agreed to by Amyris with key vendors.

ii.  <u>Strategic Alternatives Analysis</u>: As directed by Amyris, advise and assist Amyris with its identification, analysis and evaluation of potential strategic alternatives and potential turnaround strategies as follows:

- Identify Amyris' legal entity structure and analyze potential exposures with respect to liabilities by entity;
- Prepare an analysis of Amyris' potential existing financial exposure, focusing on debt maturities, covenants, interest rates, and other key provisions within the credit agreements and analyze potential implications on Amyris' capital structure;
- Analyze various options for potential refinancing of existing debt, and/or opportunities for additional sources of capital as identified by Amyris or its other advisors;
- Analyze potential enterprise value of the business under various scenarios in comparison to the face amount of outstanding liabilities identified by Amyris (and recorded in Amyris' financial reporting system) for Amyris' evaluation and consideration;
- Advise and assist Amyris with identifying potential opportunities for strategic asset divestitures and assist Amyris with its quantification of an estimated range of potential impacts of such divestitures on its capital structure;
- Identify potential restructuring options that may be available to Amyris in connection with its development of its restructuring plan and, if requested, prepare an analyses of potential risks and opportunities for Amyris' review and consideration;
- Advise and assist Amyris in developing an incentive and/or retention plan for key employees;
- Support Amyris in its coordination of PwC US Business Advisory and its other advisors, including external counsel, investment bankers, etc., in connection with Amyris' objective of avoiding duplication of efforts;
- Assist Amyris in its preparation of its internal presentations, analyses and discussion materials related to various strategic alternatives identified by Amyris.

iii.  <u>Bankruptcy Advisory</u>:  Advise and assist Amyris on its internal planning and preparation for a potential Chapter 11 bankruptcy filing, including if requested by Amyris, advice and assistance in connection with the following services, which, in some instances, involve input from or work product by Amyris' other professionals (e.g., external counsel, investment bankers, etc.):

- Preparation of certain of Amyris' bankruptcy court motions;
- Advising on potential best practices Amyris may consider adopting as it establishes its cut off procedures as of the filing date to for Amyris to appropriately identify, classify and report its pre and post-petition liabilities.

11

- Certain accounting related matters applicable to Amyris' contemplated bankruptcy process as well as the statutory filings typically required by the bankruptcy court and such other documents that are customarily issued by an estate's chief financial officer and management in connection with a chapter 11 bankruptcy filing.
- Amyris' preparation of certain financial disclosures and other related reporting requirements of the bankruptcy court, including, for example: Amyris' First Day Motions, Creditor Matrix, Schedule of Assets and Liabilities; Statement of Financial Affairs, Monthly Operating Reports, and Schedule 2015.3 (non-Debtor entities).
- Consult with management on its negotiation with various key stakeholders (and their respective advisors) throughout the bankruptcy process; Amyris' preparation of financial analyses of any proposed asset sales or other proposed transactions for which Amyris may seek the bankruptcy court's approval.
- Amyris' preparation of its analysis of creditor claims by type, entity or any individual claims, including assistance with the development of databases, as directed by Amyris, to track such claims and help Amyris to reconcile those claims to its existing books and records. To the extent Amyris' advisors include a claims agent, Amyris will coordinate all professionals working on claim analyses so as to avoid duplication of efforts;
- Amyris' identification of executory contracts and unexpired leases and Amyris' preparation of its internal cost/benefit evaluations with respect to the assumption or rejection of each.
- Amyris' development and preparation of certain aspects of its plan of reorganization or such alternative restructuring options as identified by Amyris and its advisors.
- Amyris' project management of its "working group" professionals assisting Amyris in its bankruptcy process.
- Testify as a "fact witness" in Amyris' bankruptcy court proceedings, based on PwC US Business Advisory's direct knowledge of the estate arising from or relating to the Services performed.
- 

iv.  <u>Project Management Services</u>: _Amyris has also requested project management advisory services related to Amyris' management of various workstreams related to the bankruptcy process. Amyris will designate a member of its management team to be the leader of the projects and associated workstreams. Amyris's project leader will oversee, review, and take responsibility for all activities performed by PwC US Business Advisory in connection with such services. PwC US Business Advisory will perform the following project management advisory services: Provide advice and assistance to support Amyris in the development of Amyris' project plans including, as requested, advice on the timing of milestones and interdependencies, communication frameworks (e.g., the development of status reporting templates), governance structures (e.g., the responsibilities of various

project teams/participants), resource requirements, and issues resolution processes; Based on Amyris-provided information, assist in preparing and collating status reports for Amyris' project leader and making project updates to Amyris' project plan and other project management tools; Provide observations on project status, potential completion risks and interdependencies; and to the extent changes to milestones are necessary, PwC US Business Advisory will provide advice and assistance to support Amyris' project leader in the development of a structured change management process.

23.     Should the Debtors request PwC US Business Advisory perform additional services not contemplated by the Engagement Letter, the Debtors and PwC US Business Advisory will mutually agree upon such services and fees in writing in advance of the provision of such services.  In the event the additional services require an amendment to or statement of work with respect to the Engagement Letter, or entry into a separate engagement letter, I understand that the Debtors shall file notice of such documents with the Court, together with a supplemental declaration if appropriate, in accordance with the Court's approval procedures and the terms of the Proposed Order.  Provided no objection is timely filed to the proposed services and agreements, PwC US Business Advisory will continue to provide the requested services subject to any prior order entered by the Court on PwC US Business Advisory's retention.

24.     Subject to PwC US Business Advisory's compliance with applicable professional standards in performing the contracted-for services, PwC US Business Advisory shall cooperate with the Debtors to avoid unnecessary duplication of services provided by PwC US Business Advisory and any of the Debtors' other retained professionals in these Chapter 11 Cases.

25.     At the Debtors' request, PwC US Business Advisory began providing services to the Debtors prior to the filing of the Application in anticipation that its retention would be approved retroactive to August 9, 2023.  PwC US Business Advisory believes that these circumstances are of the nature warranting retroactive approval.

**Professional Compensation**

26.     Pursuant to the terms and conditions of the Engagement Letter, and subject to the Court's approval, PwC US Business Advisory is providing Professional Services under an hourly fee arrangement.  The following outlines the proposed compensation structure that is set forth in the Engagement Letter (the "Fee and Expense Structure"):

a.      The following are the agreed upon hourly rates:

| Staff Class | Hourly Rates |
|---|---|
| Partner/Principal | $1,195 |
| Director | $915 |
| Senior Manager | $815 |
| Manager | $715 |
| Senior Associate | $585 |
| Associate | $248-$500 |

b.      Pre-petition, pursuant to engagement letters with PwC LLP and PwC US Business Advisory to provide financial advisory services, the Debtors paid cumulative retainers of $3,331,000 of which $1,915 remains available to be applied against approved post-petition fees and expenses.

27.     PwC US Business Advisory will invoice the Debtors for actual, reasonable, and necessary expenses during these Chapter 11 Cases, including travel (and internal per-ticket charges), delivery services, applicable sales, use, excise or value-added tax, the fees and expenses of outside counsel to the extent applicable, and other expenses incurred in providing the Professional Services.

28.     PwC US Business Advisory's retention by the Debtors is conditioned upon its ability to be retained in accordance with its customary terms and conditions of engagement, including the proposed compensation arrangements set forth in the Engagement Letter.  PwC US Business Advisory believes that the Fee and Expense Structure in the Engagement Letter is consistent with, and typical of, compensation arrangements charged by professional services firms of similar caliber and experience for engagements of similar size and complexity, both in and out

14

of bankruptcy.  PwC US Business Advisory further believes that the Fee and Expense Structure is market-based and reasonable considering PwC US Business Advisory's knowledge and experience.

29.     Any hourly rates are subject to periodic increase, and PwC US Business Advisory shall inform the Debtors and the U.S. Trustee if a periodic rate increase occurs during the course of the Engagement Letter.  To the extent such an increase occurs, and notice of same is provided, PwC US Business Advisory requests that it be deemed effective with respect to services performed thereafter.

30.     In addition to the fees set forth above, actual, reasonable and necessary expenses, including travel (and internal per-ticket charges), delivery services, applicable sales, use, excise or value-added tax, the fees and expenses of outside counsel to the extent applicable, and other expenses incurred in providing PwC US Business Advisory's services, will be included in the total amount billed.

31.     PwC US Business Advisory will apply to the Court for allowances of compensation and reimbursement of expenses in accordance with applicable Fee Guidelines, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable orders of the Court, and in accordance with the terms and conditions of the Engagement Letter.

32.     It is not the practice of PwC US Business Advisory's professionals to keep detailed time records in one-tenth-of-an-hour (0.10) increments as customarily kept by attorneys who are compensated subject to approval of the Court.  Instead, PwC US Business Advisory's customary practice is to keep reasonably detailed records of services rendered during the course of an engagement in half-hour (0.50) increments.  PwC US Business Advisory will provide the

following in its monthly, interim and/or final fee applications: (a) a narrative summarizing each project category and the services rendered under each project category; (b) a project-category based summary of services rendered to the Debtors, identifying each professional rendering services, the number of hours expended by each professional, and the amount of compensation requested with respect to the services rendered; and (c) reasonably detailed records of time, in half-hour (0.50) increments for fixed fee engagements and in tenth of an hour (0.10) increments for hourly fee arrangements, describing the services rendered by each professional and the amount of time spent on each date. Given the nature of the Professional Services, PwC US Business Advisory believes that such billing format and associated time details will be sufficient for the Debtors and other parties in interest to make informed judgments regarding the nature and appropriateness of PwC US Business Advisory's services and fees.

33. The PwC US Business Advisory professionals providing services to the Debtors will consult with and utilize internal professionals responsible for preparing bankruptcy retention and compensation related materials, to facilitate compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, Fee Guidelines and any other applicable procedures and orders of the Court. The services provided by such professionals shall include but are not limited to: (a) preparation of bankruptcy retention documents and related disclosures; and (b) preparation of fee statements and interim and/or final fee applications. Given the specialized nature of these services, specific billing rates exist for these professionals.[5]

---

[5] The rate per hour for these professionals by level of experience are as follows: Managing Director: $700; Director: $550; Manager: $400; Senior Associate: $290; Associate: $225; and Paraprofessional: $150.

34.     The terms and conditions of the Engagement Letter, including the Fee and Expense Structure, were negotiated at arm's length and reflect the parties' mutual agreement as to the substantial efforts that will be required by these engagements.

35.     PwC US Business Advisory may be assisted by professionals from other Member Firms, including one or more of the PwC US Entities, to provide services under the Engagement Letter as subcontractors to PwC US Business Advisory.  Notwithstanding anything to the contrary in the Engagement Letter, during PwC US Business Advisory's retention in these Chapter 11 Cases, PwC US Business Advisory will not use the services of such other Member Firms to perform the contracted-for services unless a search of such Member Firm's connections is performed and applicable disclosures, if any, are made, either as part of **Schedule 2** or such Member Firm's own declaration of disinterestedness.

36.     PwC US Business Advisory has received no promises regarding compensation in these Chapter 11 Cases other than in accordance with the Bankruptcy Code and as set forth in this Declaration.  PwC US Business Advisory has no agreement with any non-affiliated or unrelated entity to share any compensation earned in these Chapter 11 Cases.

I declare under penalty of perjury that, after reasonable inquiry, the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  August 31, 2023                         */s/ Steven J. Fleming*
                                                    Steven J. Fleming, Principal
                                                    PwC US Business Advisory LLP

**SCHEDULE 1**

## Schedule 1

| **5% or More Equity Holders** |
|---|
| FORIS VENTURES, LLC |
| **Bankruptcy Judges and Staff** |
| Chief Judge Laurie Selber Silverstein |
| Judge Ashely M. Chan |
| Judge Brendan L. Shannon |
| Judge Craig T. Goldblatt |
| Judge J. Kate Stickles |
| Judge John T. Dorsey |
| Judge Karen B. Owens |
| Judge Mary F. Walrath |
| Judge Thomas M. Horan |
| Cacia Batts* |
| Laura Haney* |
| Demitra Yeager* |
| Amanda Hrycak* |
| Claire Brady* |
| Jill Walker* |
| Paula Subda* |
| Catherine Farrell* |
| Joan Ranieri* |
| **Bankruptcy Professionals** |
| Fenwick & West LLP |
| Goodwin Procter LLP |
| Latham & Watkins |
| Pachulski Stang Ziehl & Jones LLP |
| Paul Hastings |
| PwC |
| Stretto |
| Klee Tuchin Bogdanoff & Stern LLP |
| Ankura |
| Phil Gund, Chief Restructuring Officer |
| **Banks** |
| BANK OF THE WEST |
| Barclays |
| HSBC |
| J.P. MORGAN SE |
| JPMORGAN CHASE BANK, N.A. |
| US Bank |
| **Bondholders - Indenture Trustee** |
| U.S. Bank National Association, as Trustee for Convertible Notes |
| **Debtor or Debtor affiliate** |
| AB Technologies LLC |
| Accessbio LLC |
| AMF Low Carbon, LLC |

| |
|---|
| Amyris Bio Products Portugal, Unipessoal, Lda |
| Amyris Biotecnologia do Brasil Ltda |
| Amyris Clean Beauty Latam |
| Amyris Clean Beauty, Inc. |
| Amyris Eco-Fab LLC |
| Amyris Europe Trading B.V. |
| Amyris Fermentacao de Performance Ltda |
| Amyris Fuels, LLC |
| Amyris Purificacao de Performance do Brasil Ltda |
| Amyris Realsweet, LLC |
| Amyris UK Trading Limited |
| Amyris, Inc. |
| Amyris-Olika, LLC |
| Aprinnova, LLC |
| Beauty Labs International Limited |
| Clean Beauty 4U LLC |
| Clean Beauty 4U Holdings LLC |
| Clean Beauty Collaborative, Inc. |
| DIPA Co., LLC |
| Ecofab, LLC |
| Interfaces Industria e Comercio de Cosméticos Ltda |
| MG Empower Limited |
| Novvi LLC |
| Onda Beauty Inc. |
| Total Amyris Bioslutions BV |
| Upland 1 LLC |
| **Director (current)** |
| Ana Dutra |
| Frank Kung |
| Geoffrey Duyk |
| Jim McCann |
| John Doerr |
| Julie Washington |
| Lisa Qi |
| Ryan Panchadsaram |
| Steven Mills |
| M Freddie Reiss |
| **Director (former)** |
| Alexander MS, Ralph C. |
| Arnold Ph.D., Frances Hamilton |
| bin Khalifa Al Thani, Sheikh Abdullah |
| Blanch Ph.D., Harvey W. |
| Bohlmann Ph.D., Jörg |
| Boisseau, Philippe |
| Chua Ph.D., Nam-Hai |

**Schedule 1**

| | |
|---|---|
| de Castro Reinach Ph.D., Fernando | Colliers International |
| de Oliveira Diniz, Paulo Sergio | Caliope Realty Associatees LLC |
| Eykerman, Philip | Duane Ventures |
| Fenical, William H. | Chodosh Realty Services, Inc |
| Georgiadis, Mary Margaret-Hastings | Flowing Water Creek, LLC |
| Goppelsroeder, Christoph G. | CPI Hospitality LLC |
| Heathcock Ph.D., Clayton H. | Epic W12 LLC |
| Keasling Ph.D., Jay D. | Lachtman Cohen P.C |
| Levinson, Arthur D. | Kaufman Friedman Plotnicki & Grun, LLP |
| Martin Ph.D., Vincent | Crown Properties |
| Melo, John G. | Larringa Sisters LLC |
| Newman, Jack D. | Continental Real Estate Companies |
| Ostrach J.D., Michael S. | **Lenders** |
| Pichette, Patrick | Anesma Group, LLC |
| Piwnica LLM, Carole Callebaut | Anjo Ventures, LLC |
| Reiling, Kinkead Kinkead | DSM Finance B.V. |
| Renninger Ph.D., Neil | Foris Ventures, LLC |
| Soares Portela, Mario Neutel | Perrara Ventures, LLC |
| Williams, R. Neil | Muirisc, LLC |
| Yang, Patrick | **Litigation - US** |
| **Insurance** | Amyris, Inc. v. Lavvan, Inc. |
| ACE American Insurance Company | AO Representative Expense Fund, LLC, |
| Everest Indemnity Insurance Company | Austrade Inc. |
| Federal Insurance Company | BaM Productions, Inc. v. Amyris Clean Beauty, Inc. |
| Hiscox | Disruptional Ltd. and &Vest Beauty Labs LP v. Amyris, Inc. |
| TDC National Assurance Company | Ebates Performance Marketing Inc. dba Rakuten Rewards et al. v. |
| Travelers | |
| Underwriters at Lloyd's London | IN RE AMYRIS, INC. STOCKHOLDER DERIVATIVE LITIGATION (Other Defendants: Melo, Doerr, Kung, Duyk, Mills and former D&Os) |
| **Landlords** | |
| 3700 Highway 421 Owner LLC | Jasmina Samardzic v. Amyris, Inc. |
| Design District Development Pa | Keith Jordan Bronsdon v. Amyris, Inc. |
| Emerystation Triangle, LLC | Lavvan Inc. v. Amyris, Inc. |
| ES East, LLC | Little Bear Studios v. Amyris Clean Beauty et al. |
| Holis R&D Associates | Park Wynwood, LLC v. Amyris, Inc. |
| Oak Plaza Associates (DEL), LLC | PMG Worldwide LLC v. Amyris Clean Beauty, Inc |
| Palm Beach Holdings 3940, LLC | Reid Architecture PLLC v. Amyris, Inc. |
| Park Wynwood LLC | Roth v. Foris Ventures, LLC et al. |
| Stewart Ward & Josephson LLP | Strukmyer, LLC v. Amyris Clean Beauty, Inc. |
| Shartsis Friese LLP | Velem LLC v. Amyris Clean Beauty, Inc. |
| Design District ERFR LLC & RFR Holding LLC | Wilkins Media, LLC, v. Amyris, Inc. |
| TriStar Capital LLC | Ziegelman et al. v. Amyris, Inc. |
| McDermott Will & Emery LLP | **Officer (current)** |
| Weisman, Brodie, Starr & Margolies, P.A. | Alvarez, Eduardo |
| Olshan Frome Wolosky LLP | Dreyer CPA, Elizabeth E. |
| Design District Development Partners LLC | |

**Schedule 1**

| | |
|---|---|
| Kieftenbeld, Hermanus | NCDOR |
| **Officer (former)** | New York State Corporation Tax |
| Hughes, Anthony | North Carolina Dept of Revenue |
| Kelsey, Nicole | North Carolina Secretary of State |
| Melo, John G. | NYC Department of Finance |
| Valiasek, Kathleen | Oklahoma Tax Commission - Franchise |
| **Ordinary Course Professionals** | Pinheironeto Advogados |
| Accell Global Risk Solutions, Inc. | State of California Franchise Tax Board |
| Accenture LLP | State of New Jersey |
| CFGI Holdings, LLC | Texas Comptroller of Public Accts |
| Clark & Elbing LLP | The Commonwealth of Massachusetts |
| Cowen & Company LLC | United States Small Business Admin |
| Deloitte Tax LLP | United States Treasury |
| Duff & Phelps LLC | Wyoming Department of Revenue |
| Global Retirement Partners, LLC | **Trade Vendors - US** |
| Hanson Bridgett LLP | ADL BIOPHARMA |
| Hulst & Handler LLP | Agilent Technologies Inc |
| Macias Gini & O'Connell LLP | Allure Labs, Inc. |
| Michael Herrinton | Avalara, Inc. |
| Oppenheimer & Co. Inc. | Berma LLC DBA NoGood |
| Shipman & Goodwin LLP | Bio Base Europe Pilot Plant |
| Squire Patton Boggs | Capsum Inc. |
| Deloitte Consulting, LLP | CFGI Holdings, LLC |
| Fish & Richardson P.C. | Cigna HealthCare |
| **Other Professionals** | Colorado Quality Products, LLC |
| Deloitte Consulting, LLP | Cosmetix West |
| Fish & Richardson P.C. | CPCneutek |
| Gibson, Dunn & Crutcher LLP | DB Ventures Limited |
| Macias Gini & O'Connell LLP | DSM Nutritional Products Ltd |
| Shearman & Sterling LLP | ECS Axcess Point LLC |
| **Regulatory Agencies** | Evonik Corporation |
| US Environmental Protection Agency | Facebook, Inc. |
| DEA | Folio3 Software Inc |
| Department of Agriculture | Fusion Packaging, LLC |
| EPA | Global4PL Supply Chain Services |
| FDA | Hanft Ideas LLC |
| **Taxing Authorities** | Hearst Magazine Media |
| Alabama Department of Revenue | JVN Entertainment INC |
| Brunswick County Revenue Dept. | Little Bear Studios |
| California Department of Tax | Mass Construction Corporation |
| City of Emeryville | MuteSix, LLC |
| DC Treasurer | NB Ventures, Inc. |
| Delaware Secretary of State | Nest-Filler USA |
| HMRC Birmingham Stamp Office | Outfront Media |
| Internal Revenue Service Center | PerkinElmer Informatics Inc. |

## Schedule 1

| | |
|---|---|
| Perpetua Labs, Inc. | M&M SANITATION CORPORATION |
| Petty Cash Inc | NC DIVISION OF WASTE MANAGEMENT |
| Pinterest, Inc | Pacific Gas and Electric Company |
| PMG Worldwide, LLC | Piedmont Natural Gas |
| Quiet Logistics, Inc. | Waste Management of Alameda County |
| Rakuten Advertising | WINTERS BROS WASTE SYSTEMS |
| Renfield Manufacturing LLC | AT&T Mobility LLC |
| RR Donnelley & Sons Company | AT&T U-verse(SM) |
| Sartorius Stedim North America | CloudWyze |
| TargetCW | First Digital Communications, LLC |
| Todd Shemarya Artists, Inc. | Garratt-Callahan Company |
| Walmart Inc | Linde Gas & Equipment Inc. |
| Wiley Companies | Paxio Inc |
| Wisconsin BioProducts | US Waste Industries, Inc. |
| World Wide Technology, LLC | Verizon Wireless |
| **U.S. Trustee Office** | **Top 30 Creditors** |
| Benjamin Hackman | U.S. Bank National Association, as Trustee for Convertible Notes |
| Christine Green | Palm beach Holdings 3940 LLC |
| Diane Giordano | Cosan US LLC |
| Dion Wynn | DB Ventures Ltd. |
| Edith A. Serrano | Epic W12 LLC |
| Hannah M. McCollum | PMG Worldwide, LLC |
| Holly Dice | Nikko Chemicals Co Ltd |
| James R. O'Malley | Sartorius Stedim North America |
| Jane Leamy | Hearst Magazine Media |
| Joseph Cudia | Wiley Companies |
| Joseph McMahon | Park Wynwood, LLC |
| Juliet Sarkessian | Allog Transportes Internaciona |
| Lauren Attix | Nest-Filler USA |
| Linda Casey | ADL BIOPHARMA |
| Linda Richenderfer | Cosmetix West |
| Nyanquoi Jones | Evonik Corporation |
| Richard Schepacarter | Todd Shemarya Artists, Inc. |
| Rosa Sierra-Fox | Allure Labs, Inc. |
| Shakima L. Dortch | Shearman & Sterling LLP |
| Timothy J. Fox, Jr. | Rakuten Advertising |
| **Utilities** | ES East, LLC |
| ACI FLORIDA POWER & LIGHT | Workday, Inc. |
| Advanced Chemical Transport Inc | Nippon Surfactant Industries Co., Ltd (Nissa) |
| AT&T | Gibson, Dunn & Crutcher LLP |
| Brunswick County Public Utilities | Global4PL Supply Chain Services |
| ConEdison | Outfront Media |
| Duke Energy | Northwest Cosmetics Labs |
| East Bay Municipal Utility District | Microsoft Corporation |
| GFL ENVIRONMENTAL - COMPANY | Hollis R&D Associates |

**Schedule 1**

| | |
|---|---|
| DSM USA | SCHOTTENFELD OPPORTUNITIES FUND II, L.P.* |
| **Lenders' Professionals** | Secretary of State* |
| Goodwin Procter LLP | Securities and Exchange Commission* |
| Troutman Pepper Hamilton Sanders LLP | Shartsis Friese LLP* |
| **Master Service List Parties** | State Of Alabama* |
| A BETTER SOURCE, LLC* | State Of Alaska* |
| Blank Rome LLP* | State Of Arizona* |
| C T CORPORATION SYSTEM* | State Of Arkansas* |
| Continental Real Estate Companies* | State Of California* |
| Caliope Realty Associatees LLC* | State Of Colorado* |
| CCA FINANCIAL, LLC* | State Of Connecticut* |
| Chodosh Realty Services, Inc* | State Of Delaware* |
| Colliers International* | State Of Florida* |
| CPI Hospitality LLC* | State Of Georgia* |
| CRESTMARK EQUIPMENT FINANCE, INC.* | State Of Hawaii* |
| Crown Properties* | State Of Idaho* |
| DATA SALES CO., INC.* | State Of Illinois* |
| DE LAGE LANDEN FINANCIAL SERVICES, INC.* | State Of Indiana* |
| Delaware State Treasury* | State Of Iowa* |
| Design District Development Partners LLC* | State Of Kansas* |
| Design District ERFR LLC* | State Of Kentucky* |
| RFR Holding LLC* | State Of Louisiana* |
| District Of Columbia* | State Of Maine* |
| DSM USA* | State Of Maryland* |
| Duane Ventures* | State Of Massachusetts* |
| EMPLOYMENT DEVELOPMENT DEPARTMENT* | State Of Michigan* |
| EPLUS TECHNOLOGY, INC.* | State Of Minnesota* |
| Flowing Water Creek, LLC* | State Of Mississippi* |
| Foris* | State Of Missouri* |
| GACP FINANCE CO., LLC* | State Of Montana* |
| HILLDUN CORPORATION* | State Of Nebraska* |
| Hollis R & D Associates* | State Of Nevada* |
| Kaufman Friedman Plotnicki & Grun, LLP* | State Of New Hampshire* |
| Lachtman Cohen P.C* | State Of New Mexico* |
| Larringa Sisters LLC* | State Of New York* |
| McDermott Will & Emery LLP* | State Of North Carolina* |
| Microsoft Corporation* | State Of North Dakota* |
| NAXYRIS S.A.* | State Of Ohio* |
| Office of the United States Attorney for the District of Delaware* | State Of Oklahoma* |
| | State Of Oregon* |
| Office of the United States Trustee for the District of Delaware* | State Of Pennsylvania* |
| | State Of Rhode Island* |
| Olshan Frome Wolosky LLP* | State Of South Carolina* |
| PEAK, LLC* | State Of South Dakota* |
| Rakuten Marketing* | State Of Tennessee* |
| Sartorius Corporation* | |

## Schedule 1

| |
|---|
| State Of Texas* |
| State Of Utah* |
| State Of Vermont* |
| State Of Virginia* |
| State Of Washington* |
| State Of West Virginia* |
| State Of Wisconsin* |
| State Of Wyoming* |
| Stewart Ward & Josephson LLP* |
| THE ROBERTS CONTAINER CORPORATION* |
| TriStar Capital LLC* |
| United States Attorney's Office for the District of Delaware* |
| VARILEASE FINANCE, INC.* |
| VFI KR SPE I LLC* |
| Weisman, Brodie, Starr & Margolies, P.A.* |
| WELLS FARGO BANK, N.A.* |
| Wareham Property Group* |
| Troutman Pepper Hamilton Sanders LLP* |
| **Official Committee of Unsecured Creditors - Members and Professionals** |
| Cosan U.S. Inc.* |
| U.S. Bank Trust Company, National Association as Trustee* |
| Sartorius Stedim North America, Inc.* |
| Hearst Magazine Media, Inc.* |
| Wiley Companies* |
| Park Wynwood, LLC.* |
| Allog Participacoes, Ltda* |
| Potter Anderson & Corroon LLP* |
| White & Case LLP* |

*Name is not provided in the IPL but added by PwC as deemed necessary for disclosure purposes

## SCHEDULE 2

## Schedule 2

| Bankruptcy Judges and Staff |
| --- |
| Judge J. Kate Stickles |
| **Bankruptcy Professionals** |
| Fenwick & West LLP |
| Goodwin Procter LLP |
| Latham & Watkins |
| Pachulski Stang Ziehl & Jones LLP |
| Paul Hastings |
| PwC |
| Stretto |
| Ankura |
| **Banks** |
| BANK OF THE WEST |
| Barclays |
| HSBC |
| J.P. MORGAN SE |
| JPMORGAN CHASE BANK, N.A. |
| US Bank |
| **Bondholders - Indenture Trustee** |
| U.S. Bank National Association, as Trustee for Convertible Notes |
| **Debtor or Debtor affiliate** |
| AB Technologies LLC |
| Accessbio LLC |
| AMF Low Carbon, LLC |
| Amyris Bio Products Portugal, Unipessoal, Lda |
| Amyris Biotecnologia do Brasil Ltda |
| Amyris Clean Beauty Latam |
| Amyris Clean Beauty, Inc. |
| Amyris Eco-Fab LLC |
| Amyris Europe Trading B.V. |
| Amyris Fermentacao de Performance Ltda |
| Amyris Fuels, LLC |
| Amyris Purificacao de Performance do Brasil Ltda |
| Amyris Realsweet, LLC |
| Amyris UK Trading Limited |
| Amyris, Inc. |
| Amyris-Olika, LLC |
| Aprinnova, LLC |
| Beauty Labs International Limited |
| Clean Beauty 4U LLC |
| Clean Beauty 4U Holdings LLC |
| Clean Beauty Collaborative, Inc. |
| DIPA Co., LLC |
| Ecofab, LLC |
| Interfaces Industria e Comercio de Cosméticos Ltda |

| MG Empower Limited |
| --- |
| Novvi LLC |
| Onda Beauty Inc. |
| Total Amyris Bioslutions BV |
| Upland 1 LLC |
| **Director (former)** |
| Williams, R. Neil |
| **Insurance** |
| ACE American Insurance Company |
| Everest Indemnity Insurance Company |
| Federal Insurance Company |
| Hiscox |
| Travelers |
| Underwriters at Lloyd's London |
| **Landlords** |
| Emerystation Triangle, LLC |
| ES East, LLC |
| Holis R&D Associates |
| McDermott Will & Emery LLP |
| Colliers International |
| Continental Real Estate Companies |
| **Lenders** |
| DSM Finance B.V. |
| **Litigation - US** |
| Amyris, Inc. v. Lavvan, Inc. |
| BaM Productions, Inc. v. Amyris Clean Beauty, Inc. |
| Disruptional Ltd. and &Vest Beauty Labs LP v. Amyris, Inc. |
| Jasmina Samardzic v. Amyris, Inc. |
| Keith Jordan Bronsdon v. Amyris, Inc. |
| Lavvan Inc. v. Amyris, Inc. |
| Little Bear Studios v. Amyris Clean Beauty et al. |
| Park Wynwood, LLC v. Amyris, Inc. |
| PMG Worldwide LLC v. Amyris Clean Beauty, Inc |
| Reid Architecture PLLC v. Amyris, Inc. |
| Roth v. Foris Ventures, LLC et al. |
| Strukmyer, LLC v. Amyris Clean Beauty, Inc. |
| Velem LLC v. Amyris Clean Beauty, Inc. |
| Wilkins Media, LLC, v. Amyris, Inc. |
| Ziegelman et al. v. Amyris, Inc. |
| **Officer (current)** |
| Alvarez, Eduardo |
| Kieftenbeld, Hermanus |
| **Ordinary Course Professionals** |
| Accenture LLP |
| CFGI Holdings, LLC |

## Schedule 2

| | |
|---|---|
| Deloitte Tax LLP | MuteSix, LLC |
| Duff & Phelps LLC | Outfront Media |
| Global Retirement Partners, LLC | PerkinElmer Informatics Inc. |
| Hanson Bridgett LLP | Perpetua Labs, Inc. |
| Macias Gini & O'Connell LLP | Pinterest, Inc |
| Oppenheimer & Co. Inc. | PMG Worldwide, LLC |
| Shipman & Goodwin LLP | RR Donnelley & Sons Company |
| Squire Patton Boggs | Sartorius Stedim North America |
| Deloitte Consulting, LLP | Walmart Inc |
| Fish & Richardson P.C. | World Wide Technology, LLC |
| **Other Professionals** | **Utilities** |
| Deloitte Consulting, LLP | AT&T |
| Fish & Richardson P.C. | ConEdison |
| Gibson, Dunn & Crutcher LLP | Duke Energy |
| Macias Gini & O'Connell LLP | East Bay Municipal Utility District |
| Shearman & Sterling LLP | GFL ENVIRONMENTAL - COMPANY |
| **Regulatory Agencies** | Pacific Gas and Electric Company |
| FDA | Piedmont Natural Gas |
| **Taxing Authorities** | AT&T Mobility LLC |
| Alabama Department of Revenue | AT&T U-verse(SM) |
| DC Treasurer | Linde Gas & Equipment Inc. |
| Delaware Secretary of State | Verizon Wireless |
| Internal Revenue Service Center | **Top 30 Creditors** |
| New York State Corporation Tax | U.S. Bank National Association, as Trustee for Convertible Notes |
| North Carolina Dept of Revenue | Cosan US LLC |
| North Carolina Secretary of State | DB Ventures Ltd. |
| NYC Department of Finance | PMG Worldwide, LLC |
| Oklahoma Tax Commission - Franchise | Sartorius Stedim North America |
| State of California Franchise Tax Board | Evonik Corporation |
| State of New Jersey | Shearman & Sterling LLP |
| Texas Comptroller of Public Accts | ES East, LLC |
| The Commonwealth of Massachusetts | Workday, Inc. |
| United States Treasury | Gibson, Dunn & Crutcher LLP |
| Wyoming Department of Revenue | Outfront Media |
| **Trade Vendors - US** | Microsoft Corporation |
| Agilent Technologies Inc | Hollis R&D Associates |
| Avalara, Inc. | DSM USA |
| Capsum Inc. | **Lenders' Professionals** |
| CFGI Holdings, LLC | Goodwin Procter LLP |
| Cigna HealthCare | Troutman Pepper Hamilton Sanders LLP |
| DB Ventures Limited | **Master Service List Parties** |
| DSM Nutritional Products Ltd | Blank Rome LLP |
| Evonik Corporation | C T CORPORATION SYSTEM |
| Facebook, Inc. | Continental Real Estate Companies |
| Fusion Packaging, LLC | CCA FINANCIAL, LLC |

## Schedule 2

| |
|---|
| Colliers International |
| CRESTMARK EQUIPMENT FINANCE, INC. |
| DE LAGE LANDEN FINANCIAL SERVICES, INC. |
| Delaware State Treasury |
| RFR Holding LLC |
| District Of Columbia |
| DSM USA |
| EMPLOYMENT DEVELOPMENT DEPARTMENT |
| EPLUS TECHNOLOGY, INC. |
| Hollis R & D Associates |
| McDermott Will & Emery LLP |
| Microsoft Corporation |
| Sartorius Corporation |
| Secretary of State |
| Securities and Exchange Commission |
| State Of Alabama |
| State Of Alaska |
| State Of Arizona |
| State Of Arkansas |
| State Of California |
| State Of Colorado |
| State Of Connecticut |
| State Of Delaware |
| State Of Florida |
| State Of Georgia |
| State Of Hawaii |
| State Of Idaho |
| State Of Illinois |
| State Of Indiana |
| State Of Iowa |
| State Of Kansas |
| State Of Louisiana |
| State Of Maine |
| State Of Maryland |
| State Of Massachusetts |
| State Of Michigan |
| State Of Minnesota |
| State Of Mississippi |
| State Of Missouri |
| State Of Montana |
| State Of Nebraska |
| State Of Nevada |
| State Of New Hampshire |
| State Of New Mexico |
| State Of New York |

| |
|---|
| State Of North Carolina |
| State Of North Dakota |
| State Of Ohio |
| State Of Oklahoma |
| State Of Oregon |
| State Of Rhode Island |
| State Of South Carolina |
| State Of Tennessee |
| State Of Texas |
| State Of Utah |
| State Of Vermont |
| State Of Virginia |
| State Of Washington |
| State Of West Virginia |
| State Of Wisconsin |
| State Of Wyoming |
| WELLS FARGO BANK, N.A. |
| Troutman Pepper Hamilton Sanders LLP |
| **Official Committee of Unsecured Creditors - Members and Professionals** |
| Cosan U.S. Inc. |
| U.S. Bank Trust Company, National Association as Trustee |
| Sartorius Stedim North America, Inc. |
| Potter Anderson & Corroon LLP |
| White & Case LLP |