# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 132** |

### ORDER (I) ESTABLISHING PROCEDURES GOVERNING
### THE SALE OR TRANSFER OF CERTAIN *DE MINIMIS* ASSETS AND
### NON-OPERATING BRANDS, AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"): (i) establishing procedures governing the sale and transfer of certain *De Minimis* Assets and Non-Operating Brands free and clear of all liens, claims, interests, and encumbrances without the need for further Court approval (the "Non-Core Asset Sale Procedures"), and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized, but not directed, to sell or transfer the *De Minimis* Assets and Non-Operating Brands without further order of the Court in accordance with the following Non-Core Asset Sale Procedures:

    (i) With regard to the sale or transfer of *De Minimis* Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with net proceeds less than or equal to $100,000:[3]

    (a) the Debtors are authorized to consummate such transactions if the Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, without further order of the Court or notice to any party; [4]

    (b) any such transactions shall be deemed final and fully authorized by the Court and free and clear of liens, with such liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the transaction; and

---

[3] For purposes of these Sale Procedures, net proceeds shall refer to the proceeds to be received by the Debtors or their estimate of such proceeds, as applicable, on account of any sale transaction net of removal costs, appraisal fees, broker fees, and other related expenses.

[4] Substantially contemporaneous with the execution of a sale or transfer of *De Minimis* Assets in this section (i), the Debtors shall provide notice to counsel and co-counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP and Troutman Pepper Hamilton Sanders LLP, and counsel to the Official Committee of Unsecured Creditors, White & Case LLP.

2

(c) good faith purchasers of such assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

(ii) With regard to the sale or transfer of *De Minimis* Assets in any individual transaction or series of related transactions to a single buyer or group of related buyers with net proceeds greater than $100,000 but less than or equal to $500,000:

(a) the Debtors are authorized to consummate or authorize such transactions, as applicable, if the Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, without further order of the Court, subject to the procedures set forth herein;

(b) the Debtors shall, at least seven (7) calendar days prior to closing, effectuating, or authorizing such sale or transfer, give written notice (with notice by email being sufficient) of such sale or transfer, substantially in the form attached as **Exhibit 1** to the Proposed Order (each notice, a "*De Minimis* Sale Notice"), to: (i) the Office of the United States Trustee for the District of Delaware (Attn: John Schanne, Esq.); (ii) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP; (iii) co-counsel to the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP; (v) counsel to any other official committee appointed in these Chapter 11 Cases; and (vi) any of the following parties that are affected by such sale or transfer: (A) counsel to any known affected creditor(s) asserting a lien, claim, or encumbrance against, or interest in, the relevant assets; (B) any party that has expressed an interest in purchasing the relevant *De Minimis* Asset(s) during the last six months; (C) any interested or affected governmental or regulatory entity; and (D) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "*De Minimis* Sale Notice Parties");

(c) the *De Minimis* Sale Notice shall consist of: (1) identification of each *De Minimis* Asset(s) for sale or transfer and its location; (2) identification of the Debtor(s) that directly own such asset; (3) identification of the purchaser of the *De Minimis* Assets and any relationships of that party with the Debtors; (4) the major economic terms, the business reason, and conditions of the sale or transfer; (5) the identities of any known parties holding or asserting liens on the relevant assets; (6) any commission, fees, or similar expenses to be paid in connection with such transaction; and (7) the book value of the relevant De Minimis Asset, if known;

3

(d) objections to the sale or transfer of *De Minimis* Asset(s) set forth in Sale Notice must be in writing and be (i) served on counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com), Jason H. Rosell (jrosell@pszjlaw.com), and Steven W. Golden (sgolden@pszjlaw.com) within five (5) days of the date of such *De Minimis* Sale Notice (the "<u>*De Minimis* Sale Objection Deadline</u>");

(e) if no written objection by any of the *De Minimis* Sale Notice Parties is received by the Debtors' counsel prior to the *De Minimis* Sale Objection Deadline, the Debtors are authorized immediately to consummate such sale or transfer;

(f) if the terms of a proposed sale or transfer are materially amended after transmittal of the *De Minimis* Sale Notice but prior to the *De Minimis* Sale Objection Deadline, the Debtors shall send a revised *De Minimis* Sale Notice to the *De Minimis* Sale Notice Parties. The *De Minimis* Sale Objection Deadline will be extended such that the *De Minimis* Sale Notice Parties will have an additional three (3) calendar days to object in accordance with the *De Minimis* Asset Sale Procedures;

(g) if a written objection by a *De Minimis* Sale Notice Party is received by the Debtors' counsel by the Sale *De Minimis* Sale Objection Deadline and such objection cannot be resolved by the *De Minimis* Sale Objection Deadline, the relevant *De Minimis* Sale Notice Party shall file the objection with this Court and such *De Minimis* Assets shall only be sold upon withdrawal of such written objection or further order of the Court;

(h) any such transactions shall be free and clear of all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances, if any, attaching only to the sale proceeds with the same validity, extent, and priority as had attached to such *De Minimis* Assets immediately prior to the transaction; and

(i) good faith purchasers of the *De Minimis* Assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

(iii) With regard to the sale or transfer of Non-Operating Brands in any individual transaction or series of related transactions to a single buyer or group of related buyers in which the aggregate consideration of the initial bid is less than or equal to $5,000,000:

(a) the Debtors are authorized to consummate or authorize such transactions, as applicable, if the Debtors determine in the reasonable exercise of their business judgment that such sales are in the best interests of their estates, subject to the procedures set forth herein;

4

(b) the Debtors shall, at least fourteen (14) calendar days prior to closing, effectuating, or authorizing such sale or transfer, file with the Court a notice (each notice, a "Non-Operating Brand Sale Notice") of the proposed sale or transfer of the Non-Operating Brand(s), and serve such notice on: (i) the Office of the United States Trustee for the District of Delaware (Attn: John Schanne, Esq.); (ii) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP; (iii) co-counsel to the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP; (v) counsel to any other official committee appointed in these Chapter 11 Cases; and (vi) any of the following parties that are affected by such sale or transfer: (A) counsel to any known affected creditor(s) asserting a lien, claim, or encumbrance against, or interest in, the relevant assets; (B) any party that has expressed an interest in purchasing the relevant Non-Operating Brand(s) during the last six months; (C) all parties that are participating in the Debtors' ongoing sale process; (D) any interested or affected governmental or regulatory entity; and (E) those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Non-Operating Brand Sale Notice Parties");

(c) a Non-Operating Brand Sale Notice shall consist of (i) identification of the Non-Operating Brand(s) being sold or transferred; (ii) identification of the Debtor(s) that directly own such Non-Operating Brand(s); (iii) identification of the proposed purchaser of the Non-Operating Brand(s); (iv) the proposed purchase price; (v) any commission, fees, or similar expenses to be paid in connection with such transaction; and (vi) a proposed asset purchase agreement ("APA");

(d) in addition, a Non-Operating Brand Sale Notice shall specify, to the extent applicable: (i) the executory contracts and unexpired leases, if any, that the Debtors proposed to assume and assign or transfer in connection with the proposed transaction; (ii) for any assumption and assignment or transfer of an executory contract or unexpired lease, the amounts required to cure any defaults pursuant to section 365(b) of the Bankruptcy Code (collectively, the "Cure Amounts"); and (iii) if applicable, a statement regarding the adequate assurance of future performance by the proposed purchaser, consistent with section 365 of the Bankruptcy Code;

(e) objections to the sale or transfer of Non-Operating Brand(s) or any related assumptions, assignments, or transfer of executory contracts or unexpired leases set forth in the Non-Operating Brand Sale Notice must (i) be in writing and state with specificity the basis for the objection; and (ii) be filed with the Court and served on the Non-Operating Brand Sale Notice Parties by 4:00 p.m. (prevailing Eastern Time) on the date that is fourteen (14) calendar days of the Debtors' filing of the Non-Operating Brand Sale Notice (the "Non-Operating Brand Objection Deadline");

5

(f) if no written objection to the Non-Operating Brand Sale Notice or Competing APA (as defined below) is filed by the Non-Operating Brand Objection Deadline, the Debtors are authorized immediately to consummate the sale or transfer of the Non-Operating Brand(s);

(g) to the extent a party desires to submit a competing bid on the Non-Operating Brand(s) (a "Competing Bid"), such party must, prior to the Non-Operating Brand Objection Deadline, submit a topping bid, including a binding asset purchase agreement marked against the APA (the "Competing APA"), along with any additional information that may be reasonably requested by the Debtors, to: Lorie Beers (lbeers@intrepidib.com), Carl Comstock (ccomstock@intrepidib.com). and Ana Alvarenga (aalvarenga@intrepidib.com);

(h) if the Debtors receive any Competing Bids prior to the Non-Operating Brand Objection Deadline, then the Debtors will conduct an auction for the Non-Operating Brand no less than ten (10) business days after the Non-Operating Brand Objection Deadline, and the Debtors will seek an order of this Court approving the sale of the applicable Non-Operating Brand(s) to the successful bidder;

(i) any such transactions shall be free and clear of all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances, if any, attaching only to the sale proceeds with the same validity, extent, and priority as had attached to such Non-Operating Brands immediately prior to the transaction; and

(j) good faith purchasers of the Non-Operating Brands shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

3. Beginning with the period ending September 30, 2023, the Debtors shall, to the extent possible, file a report with the Court within twenty-one (21) days after the end of each calendar month, listing all assets sold or transferred pursuant to the De Minimis Asset Sale Procedures for the preceding month, including the names of the purchasing parties and the sale price for each such transaction. The Debtors' obligation to file such reports shall terminate thirty (30) days after confirmation of a chapter 11 plan.

4. For the avoidance of doubt, pursuant to section 363(f) of the Bankruptcy Code, the sale of any *De Minimis* Assets or Non-Operating Brands shall be free and clear of any and all liens, claims, and encumbrances against, and other interests in, such assets. All such liens, claims, encumbrances, and other interests, if any, will attach to the proceeds of the sale with the same

force, effect, and priority as such liens, claims, encumbrances, and other interests have on the *De Minimis* Assets or Non-Operating Brands, including, without limitation, as provided for in any interim and/or final order approving the Debtors' debtor in possession financing in these Chapter 11 Cases, as applicable.

5. The sales of *De Minimis* Assets and Non-Operating Brands that are consummated pursuant to the Non-Core Asset Sale Procedures shall be deemed arms' length transactions entitled to the protections of section 363(m) of the Bankruptcy Code.

6. The absence of a timely objection to the sale or transfer of the *De Minimis* Assets and Non-Operating Brands in accordance with the Non-Core Asset Sale Procedures and the terms of this Order shall constitute "consent" to such sale or transfer free and clear of Liens and Claims within the meaning of section 363(f)(2) of the Bankruptcy Code by any party asserting liens, claims, and encumbrances against, and other interests in, such *De Minimis* Assets or Non-Operating Brands.

7. With respect to all sale transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular buyer, and the sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities that may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such person and

entity is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

8. For the avoidance of doubt, the Non-Core Asset Sale Procedures shall not apply to any sales of *De Minimis* Assets or Non-Operating Brands (i) that involve an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code or (ii) that involve Foris, the Foris Prepetition Secured Lenders, the DIP Agent, the DIP Lenders, or their affiliates.

9. To the extent that the Debtors seek to sell, either in a single sale or a series of related sales, *De Minimis* Assets or any other assets that have, in the reasonable business judgment of the Debtors, a value in excess of $500,000, or Non-Operating Brands that have, in the reasonable business judgment of the Debtors, a value in excess of $5 million, the Debtors shall file a motion pursuant to section 363 of the Bankruptcy Code seeking authority to consummate such sale.

10. The Debtors are authorized to pay the necessary fees and expenses, net of any applicable sale proceeds, incurred in the sale or transfer of the *De Minimis* Assets and Non-Operating Brands, including, without limitation, removal costs and commission fees to agents, brokers, auctioneers, and liquidators.

11. The *De Minimis* Asset Sale Notice with regard to the sale or transfer of *De Minimis* Assets substantially in the form attached to this Order as **Exhibit 1** is hereby authorized and approved, and service of the Sale Notice is sufficient notice of the sale or transfer of such assets.

12. Nothing contained herein shall prejudice the rights of the Debtors to seek authorization for the sale of any asset under section 363 of the Bankruptcy Code.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules for the District of Delaware are satisfied by such notice.

8

14. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry, and any sales or transfers of *De Minimis* Assets or Non-Operating Brands consummated under the Non-Core Asset Sale Procedures are deemed immediately approved when consummated thereunder.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: September 8, 2023  
Wilmington, Delaware

_____  
Thomas M. Horan  
United States Bankruptcy Judge