# **EXHIBIT A**

# **(Proposed Final Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Related Docket Nos. 10, 62** |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO (A) HONOR
CERTAIN PREPETITION OBLIGATIONS TO CUSTOMERS AND
(B) OTHERWISE CONTINUE CERTAIN CUSTOMER PROGRAMS IN THE
ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an interim order and this final order (the "Final Order") (i) authorizing, but not directing, the Debtors, in their discretion, to (a) honor certain prepetition obligations to Customers and (b) otherwise continue Customer Programs in the ordinary course of business consistent with past practices and in the Debtors' sound business judgment; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; upon the Debtors' representation that any form of payment to Customers is consistent with the Debtors' debtor in possession financing budget; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

DOCS_SF:109300.9 03703/003

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a **final** basis as set forth herein.

2. The Debtors are authorized, but not directed, in their discretion, to (a) continue, renew, replace, modify, implement, revise, or terminate the Customer Programs in the ordinary course of business and without further order of this Court, and to perform and honor all prepetition obligations thereunder in the ordinary course of business and in the same manner and on the same basis as if the Debtors performed and honored such obligations prior to the Petition Date, and (b) pay up to $1,500,000 on account of prepetition Customer refund liabilities.

3. The Debtors shall continue to administer and honor Customer refunds in the ordinary course of business, consistent with past practices, including honoring and paying Customer Refunds for returns initiated with the Debtors prepetition, *provided*, *however*, that if the Debtors at any time during the above-captioned Chapter 11 Cases cease to honor Gift Cards, the Debtors shall file a notice of the same with the Court, and serve such notice on the Office of the U.S. Trustee, the United States Attorney's Office for the State of Delaware, the state attorneys general for all states in which the Debtors conduct business, counsel to the DIP Agent, counsel to

the Official Committee of Unsecured Creditors (the "**Committee**") any other official committee appointed in these cases, and any party filing request for service under Bankruptcy Rule 2002.

4. Nothing in this Final Order nor any actions taken hereunder: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates, or the Committee, to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; (d) shall be construed as a promise to pay a claim or continue any applicable program postpetition, which decision shall be in the discretion of the Debtors; or (e) shall create, or is intended to create, any rights in favor of, or enhance the status of any claim held by, any person. Any payment made pursuant to this Final Order is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors' or the Committee's rights to subsequently dispute such claim.

5. Nothing in the Motion or this Final Order, nor as a result of any payment, setoff, deduction or issuance of credit, made pursuant to this Final Order, shall be deemed or construed as a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any payment, setoff, deduction or issuance of credit, made pursuant to this Final Order.

6. Nothing contained in this Final Order shall be construed to accelerate payments that are not otherwise due and payable.

3

7. Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof and notice of the Motion as provided therein shall be deemed good and sufficient pursuant to the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Order.

9. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

DOCS_SF:109300.9 03703/003