**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 171** |

**SUPPLEMENTAL OBJECTION OF LAVVAN, INC. TO MOTION OF THE DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, <u>AND (V) GRANTING RELATED RELIEF</u>**

Lavvan, Inc. ("**Lavvan**"), by and through its undersigned counsel, hereby respectfully represents as follows:

1. As set forth in more detail in the *Limited Objection of Lavvan, Inc. to Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 171] (the "**Initial DIP Objection**")[2] (and incorporated by reference herein), Lavvan has a properly perfected lien on the Debtors' IP Collateral, as defined therein.[3] That lien is subordinated, pursuant to a subordination agreement with Foris Ventures, LLC ("**Foris**"), solely to amounts under one specific agreement, the 2018 Foris Loan – but not

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.
[2] Capitalized terms used but not defined in this pleading have the meanings used in the Initial DIP Objection.
[3] A copy of the Security Agreement and the UCC-1 perfecting the security interest were attached to the Initial DIP Objection and are incorporated herein by reference.

any others.[4]  As set forth in the Initial DIP Objection, both the First Day Declaration and the DIP Motion fail to mention Lavvan having a perfected secured claim.

2. The Interim DIP Order provides that the DIP loan primes the Foris Prepetition Secured Lenders' liens and that "the Foris Prepetition Secured Lenders have consented to the Primed Liens." Interim DIP Order § 8(b).  It further states that the DIP loan provides a junior lien upon "property of the Debtors that is subject to (i) valid, perfected and non-avoidable senior liens in existence immediately prior to the Petition Date (other than the Primed Liens)." Interim DIP Order §8(c).  That junior lien "shall be (x) immediately junior and subordinate to any valid, perfected and non-avoidable liens (other than the Primed Liens) [which are defined as the liens of the Foris Prepetition Secured Lenders] in existence immediately prior to the Petition Date." *Id*.  No provision of the Interim DIP Order seeks to prime any existing liens other than the Foris Prepetition Secured Lenders' liens.

3. To avoid a limited objection by Lavvan to entry of the Interim DIP Order, counsel for the DIP Lenders and counsel to Lavvan negotiated language in the moments before and during the First Day Hearing.  That language, which was read into the record, states, *inter alia*, that "Nothing contained in the Interim DIP Order or DIP Documents authorizes the non-consensual priming of any properly perfected first priority security interest in and lien upon any of the Debtors' collateral."

4. Foris and the Debtors have represented to Lavvan that approximately $50 million remains outstanding under the 2018 Foris Loan.[5]

---

[4]  A copy of the Subordination Agreement is attached hereto as <u>Exhibit A</u>.
[5]  On Lavvan's initial review of the Debtors' SEC filings, Lavvan is uncertain whether such representation is correct.  The $50 million appears to be the principal remaining under a 2020 debt instrument into which Foris and the Debtors agreed to combine two separate loans, one of which was the 2018 Foris Loan and one of which was a loan of approximately $19 million that was not subject to the Subordination Agreement.  Lavvan is continuing to analyze this issue and reserves all rights.

5. After it filed its Initial DIP Objection, Lavvan learned that Foris now intends to contend that the Interim DIP Order primed Lavvan's secured prepetition lien by the $70 million advanced under the Interim DIP Order.  Foris's theory is that this follows from the fact that Foris voluntarily agreed to permit the DIP Loan from its affiliate to prime its own prepetition loans (including the 2018 Foris Loan) and Lavvan's secured claim is, in turn, subordinated to the 2018 Foris Loan.  Foris further contends that the remaining $120 million that the Debtors seek to borrow from the DIP Lenders also will prime Lavvan.  Lavvan disputes Foris's contentions.

6. Lavvan did not and does not consent to being primed, and respectfully submits that no party can, or even attempted to, meet the burden to demonstrate that such priming is appropriate under these circumstances.  Indeed, nonconsensual priming is not even sought in the DIP Motion.  To the contrary, the DIP Motion specifically says: **"The proposed DIP Orders do not provide for the priming of any pre-existing secured liens without the consent of the applicable lienholder."** *See* DIP Motion at p. 30 (original emphasis).[6]

7. Moreover, the First Day Declaration makes clear that the Debtors have consistently lost money and that if the Debtors cannot come up with a consensual plan within the first 35 days of the case, the Debtors instead expect to liquidate.  Thus, no facts exist showing that Lavvan's interest in its IP Collateral would be better off if it were subordinated to $70 million under the Interim DIP Order and an additional $120 million (for a total of $190 million) under the Final DIP Order.

8. Foris apparently also contends that Lavvan is required to consent to the DIP Loan as a result of the Subordination Agreement.  But the Subordination Agreement – despite having

---

[6] Foris apparently relies on the resolution that was read into the record that "Nothing contained in the Interim DIP Order or DIP Documents authorizes the non-consensual priming of any properly perfected first priority security interest in and lien upon any of the Debtors' collateral" as essentially providing the contrapositive, i.e., that the Interim DIP Order *would* non-consensually prime a lien that is not first priority.  But no statement in the DIP Motion seeks and no provision of the DIP Order provides such priming, and Lavvan did not agree to it.

several provisions concerning a bankruptcy case – never even mentions DIP financing, let alone requires Lavvan to subordinate to DIP financing.

9. Accordingly, for the avoidance of any doubt and in light of Foris's recent dubious contentions of nonconsensual priming, Lavvan objects to entry of the Final DIP Order to the extent that it attempts to nonconsensually prime Lavvan.

Dated: September 8, 2023
      Wilmington, Delaware

                                    Respectfully submitted,

                              */s/ Russell C. Silberglied*
                              Mark D. Collins (No. 2981)
                              Russell C. Silberglied (No. 3462)
                              Emily R. Mathews (No. 6866)
                              **RICHARDS, LAYTON & FINGER, P.A.**
                              One Rodney Square
                              920 North King Street
                              Wilmington, Delaware  19801
                              Telephone:  (302) 651-7700
                              Facsimile:  (302) 651-7701
                              Email:     collins@rlf.com
                                              silberglied@rlf.com
                                              mathews@rlf.com

                                        -and-

                              Jason Cyrulnik
                              Paul Fattaruso
                              **CYRULNIK FATTARUSO LLP**
                              55 Broadway, Third Floor
                              New York, NY 10006
                              Telephone:  (646) 844-2466
                              Email:     jcyrulnik@cf-llp.com
                                              pfattaruso@cf-llp.com

                              *Counsel for Lavvan, Inc.*