# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131<br><br>(Jointly Administered) |

**DECLARATION OF STEVEN FLEMING IN SUPPORT OF
REPLY OF THE DEBTORS IN SUPPORT OF FINAL ORDER
(I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING
AND (B) TO UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE
PROTECTION TO PREPETITION SECURED PARTIES, (III) MODIFYING THE
AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Steven Fleming, hereby declare, under penalty of perjury to the best of my knowledge and belief, that:

1. In conjunction with the Chapter 11 Cases of Amyris, Inc. ("Amyris") and its affiliated and related above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company"), I submit this declaration (the "Declaration") in support of the *Reply of the Debtors in Support of Final Order (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay and (IV) Granting Related Relief* (the "Reply") filed contemporaneously with this Declaration. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, and information provided to me by the Debtors and their professionals, including, professionals working at my direction at PwC US Business Advisory LLP ("PwC"). If called upon

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtors.

2. I am a Principal of PwC, an experienced, leading, full-service financial services, consulting, and accounting firm with over 79 offices and more than 50,000 employees in the United States. I am the leader of the firm's US Business Recovery Services Practice, a position that I've held since 2016 after being a senior member in the group for seven years. Prior to these positions, I held a senior position in PwC's Transaction Services practice in Dubai, UAE, where I was responsible for expanding the firm's Corporate Finance and Valuation practices across the Middle East and North Africa. I have been employed by PwC (and its predecessor entities) since August 1998, and have held other senior positions, both domestically and abroad.

## GENERAL BACKGROUND

3. Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment. Through Amyris's cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease. Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology. Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

4. In addition, Amyris also has developed and launched a family of clean beauty brands that utilize the natural and sustainable ingredients that Amyris produces. The Company sells these clean beauty products through direct-to-consumer e-commerce platforms and a network of retail partners, including Sephora, Target, and Walmart.

# AMYRIS'S RELATIONSHIP WITH LAVVAN

5. On March 19, 2019, Amyris and Lavvan executed the Research, Collaboration, and Licensing Agreement ("RCLA"). Through the RCLA, the parties intended to work together to research, develop, produce, and commercialize cannabinoids. Amyris would contribute its R&D expertise and Lavvan would provide the funding and – once the synthetic cannabinoids were developed – would be responsible for their manufacture and commercialization. No other Debtors were parties to the RCLA. Ultimately, Lavvan paid only $10 million to Amyris for purposes of the costly R&D investments required under the RCLA.

6. Lavvan asserts that, "[i]n accordance with the requirements of the RCLA, Lavvan and Amyris also entered into that certain Security Agreement, dated as of May 2, 2019 (the "Security Agreement"), wherein Amyris granted Lavvan a security interest *in substantially all of the Debtors' intellectual property*." *See* Lavvan Limited Objection at ¶ 6 (emphasis added).

7. It is my business understanding that Lavvan's purported security interest is solely against certain specified intellectual property assets of Debtor Amyris, Inc., which do not constitute substantially all of the assets of the Debtors. As was set forth in detail in the First Day Declaration and outlined at the first day hearing in these cases, the Debtors' most valuable brand assets – including consumer brands such as Biossance and JVN Hair - are held by Debtor Amyris Clean Beauty, Inc. Further, it is my business understanding that the Debtors' manufacturing assets, including a pilot plant and a separate manufacturing facility, both located in Brazil, are owned by non-Debtor subsidiaries of Amyris against which Lavvan has no claims or liens.

8. Specifically, it is my business understanding that Lavvan does not have a security interest in:

- Any intellectual property that was not in existence as of May 2019;

- Amyris's real property associated with the Debtors' manufacturing facility located in Leland, North Carolina;

- Amyris's 69% equity interest in Real Sweet, LLC, the entity that is the indirect owner of the Barra Bonita fermentation plant in Brazil;

- Amyris' equity interest in Amyris Biotechnologia Do Brasil Ltda., the entity that owns the Campinas pilot plant in Brazil;

- Amyris's indirect equity interest in Interfaces Industria e Comércio de Cosmeticos Ltda., the entity that owns the Debtors' manufacturing plant that assembles consumer products in Brazil; and

- Any assets of Amyris Clean Beauty, Inc., which include the assets associated with the brands: 4U by Tia; Biossance; Costa Brazil; JVN; Menolabs; Pipette; Stripes and Terasana

9. Lavvan, Amyris, and Foris Ventures, LLC ("Foris") entered into that certain Subordination Agreement, dated as of May 2, 2019 (the "Subordination Agreement"), wherein Lavvan agreed to subordinate its security interest in the IP Collateral to liens Foris held, as successor in interest, in certain assets of Amyris pursuant to that certain Loan and Security Agreement, dated as of June 29, 2018 (the "2018 Foris Loan"). I am informed that Foris submits that, by virtue of the Subordination Agreement, Lavvan agreed to subordinate its claims to all of Foris's loans to the Debtors. I have reviewed the Debtors' books and records and they reflect that the 2018 Foris Loan remains unpaid in the amount of at least **$63.5 million** as of the Petition Date.

10. Based on the Debtors' books and records, as of the Petition Date, the Debtors had the following loans outstanding to Foris as set forth in the chart below (in $ millions), secured by substantially all of the Debtors' assets, subject to certain exclusions.

| Foris Secured Claim | Orig. Principal | Capitalized Interest | Total Principal as of 6/30/2023 | Accrued & Unpaid Interest as of Petition Date | Total Principal & Interest as of Petition Date |
|---|---|---|---|---|---|
| 2018 Foris Loan | 50.0 | - | 50.0 | 13.5 | 63.5 |
| 2022 Foris Loan | 80.0 | 5.6 | 85.6 | 0.7 | 86.2 |
| 2023 Muirisc Loan | 20.0 | 0.0 | 20.0 | 0.0 | 20.1 |
| 2023 Anjo Loan | 50.0 | 0.0 | 50.0 | 0.7 | 50.7 |
| 2023 Anesma Loan | 80.0 | 50.0 | 50.3 | 0.7 | 51.0 |
| Perrara Bridge Loan | 37.5 | 2.6 | 40.1 | 0.5 | 40.6 |
| **Total Foris** | **287.5** | **8.5** | **296.0** | **16.1** | **312.1** |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

Dated: September 11, 2023

/s/ *Steven Fleming*
Steven Fleming
Principal
PwC US Business Advisory LLP