**EXHIBIT B**

**(Redline)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.<sup>1</sup> | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>Jointly Administered<br><br>~~Related~~**Ref.** Docket Nos. 9, 61 |

**FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS,
FOREIGN VENDORS, 503(b)(9) CLAIMANTS, AND LIEN CLAIMANTS; (II)
AUTHORIZING ALL FINANCIAL INSTITUTIONS TO HONOR ALL RELATED
PAYMENT REQUESTS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"): (a) authorizing the Debtors to pay the prepetition claims of (i) Critical Vendors, (ii) Foreign Vendors, (iii) 503(b)(9) Claimants, and (iv) Lien Claimants; (b) authorizing applicable banks and other financial institutions to honor and process related checks and transfers; ~~and~~ (c) granting administrative expense priority to all undisputed obligations on account of goods ordered by the Debtors prior to the date hereof that will not be delivered until after the Petition Date and authorizing the Debtors to satisfy such obligations in the ordinary course of business; and (d) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_DE:243859.7

*District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; upon the Debtors' representation that the Final Critical Vendor Cap, Final Foreign Vendor Cap, and Final Lien Claimant Cap amounts authorized to be paid on account of Vendors are consistent with the Debtors' debtor in possession financing budget; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

   **IT IS HEREBY ORDERED THAT:**

   1.   The Motion is **GRANTED** on a **final** basis as set forth herein.

   2.   The Debtors are authorized, but not directed, to pay the Critical Vendor Claims; *provided* that such payments shall not exceed $10 million in the aggregate unless otherwise ordered by the Court after notice and a hearing.

   3.   The Debtors are authorized, but not directed, to pay the Foreign Vendor Claims; *provided* that such payments shall not exceed $2 million in the aggregate unless otherwise ordered by the Court after notice and a hearing.

4. The Debtors are authorized, but not directed, to pay the Lien Claims; *provided* that such payments shall not exceed $3 million in the aggregate unless otherwise ordered by the Court after notice and a hearing.

5. The Debtors are authorized, but not directed, to pay the 503(b)(9) Claims as the Debtors determine to be necessary or appropriate. 6. The Debtors ~~are authorized, but not directed, to pay~~ shall provide advanced notice to the Committee before any payment of the ~~Lien~~ 503(b)(9) Claims ~~as the Debtors determine to be necessary or appropriate~~.

6. 7. The Vendor Agreement, substantially in the form attached to the Interim Order as Exhibit 1 is approved in its entirety. A Vendor Agreement, once agreed to and accepted by the Vendor, shall be the legally binding contractual relationship between the parties governing the commercial trade relationship as provided therein.

7. 8. The Debtors are authorized, but not directed, to pay the Trade Claims, in whole or in part, upon such terms and in the manner provided in this Final Order regardless of whether a Vendor has executed a Vendor Agreement; *provided* that if any Vendor accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, availability, and other programs) in place twelve (12) months prior to the Petition Date, or such other trade terms that are acceptable to the Debtors (collectively, the "Customary Trade Terms"), then: (a) the Debtors may then take any and all appropriate steps to cause such Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Vendor; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an

3

outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance, and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise

8. Notwithstanding anything to the contrary in the Motion or this Order, the Debtors shall not (i) designate any insider or any entity affiliated with any insider as a Vendor, (ii) enter into any Customary Trade Terms with any insider or any entity affiliated with any insider who is a Vendor, and/or (iii) pay any Trade Claim of any insider or any entity affiliated with any insider in each case who is a Vendor, without the prior written consent of the counsel to the Committee (email shall suffice) or further order of the Court after notice and a hearing. For purposes of this Order, the term "insider" shall have the meaning ascribed to such term in section 101(31) of the Bankruptcy Code.

9. If any Vendor accepts payment on account of a Trade Claim and thereafter does not continue to provide goods or services to the Debtors on Customary Trade Terms, *provided that* any such Vendor shall be provided a reasonable opportunity to contest whether it continued to provide goods or services to the Debtors on Customary Trade Terms, any such payment shall be deemed an unauthorized avoidable postpetition transfer under section 549 of the Bankruptcy Code that the Debtors may either: (a) recover from the Vendor in cash or goods; or (b) at the Debtors' option, apply against any outstanding administrative claim held by such Vendor. Upon recovery by the Debtors, the claim shall be reinstated as a prepetition claim in the amount so recovered, less the Debtors' reasonable costs to recover such amounts. The Debtors are hereby authorized to obtain written verification before issuing payment to a Vendor that such Vendor

will continue to provide goods and services to the Debtors on Customary Trade Terms for the remaining term of the Vendor's agreement with the Debtors; *provided, however*, that the absence of such written verification will not limit the Debtors' rights hereunder.

10. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary, to implement and effectuate the relief granted in this Final Order.

11. In accordance with this Final Order (or other order of this Court), each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized to: (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts; and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or subsequent to the Petition Date, without any duty to inquire otherwise and without any liability for following the Debtors' instructions.

12. ~~Nothing herein shall impair or prejudice the Debtors' ability to contest, in their discretion, or any other party's ability to contest, the extent, perfection, priority, validity, or amounts of any claims held by any Vendor.~~ Any Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, or Lien Claimant that accepts payment from the Debtors on account of all or a portion of such party's claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have waived, to the extent so paid, Critical Vendor Claims, Foreign Vendor Claims, 503(b)(9) Claims, or Lien Claims of any type, kind, or priority

5

DOCS_DE:243859.7

(including any reclamation claim), against the Debtors, their assets, and properties. The Debtors shall serve a copy of this Final Order to any Critical Vendor, Foreign Vendor, 503(b)(9) Claimant, and/or Lien Claimant in advance of any payment made pursuant to this Final Order.

13. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission by the Debtors or the Committee as to the amount, validity, or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors', the Committee's, or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding by the Debtors or the Committee that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization by any Debtor to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission by the Debtors or the Committee as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors, the Committee, or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

14. ~~13.~~ The Debtors shall maintain a matrix summarizing (i) the name of each Vendor paid on account of its Trade Claim, (ii) the amount and ~~(ii~~nature of the prepetition Trade Claim, (iii) the amount paid by each Debtor payor to each Vendor on account of its Trade Claim, and (iv) the prepetition trade terms and agreed upon postpetition trade terms.  On a monthly basis,

the Debtors shall deliver an updated copy of the matrix to the United States Trustee ~~and any statutory committee appointed in these chapter 11 cases~~the professionals for the DIP Agent and the Committee.

15. ~~14.~~ Notwithstanding anything to the contrary contained in the Motion or this Final Order, any Trade Claim payment, which is authorized hereunder, made on account of an outstanding obligation of a Non-Debtor Affiliate[3] shall be subject to and in compliance with, the Intercompany Transaction (as defined in the Cash Management Orders) requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of the *Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Operating Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting Related Relief* [Docket No. ●] filed substantially contemporaneously herewith (the "Cash Management Orders"). Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Cash Management Orders.

16. ~~15.~~ Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

17. ~~16.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

18. ~~17.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

19. ~~18.~~ This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

---

[3] The Debtors fund operations of certain non-debtor subsidiaries located in Brazil, the United Kingdom and Portugal (the "Non-Debtor Affiliates").