# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                  Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**RE Docket Nos. 12, 64** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO MAINTAIN THEIR INSURANCE POLICIES AND PROGRAMS, (B) HONOR ALL INSURANCE OBLIGATIONS, (C) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE AND FINANCE INSURANCE POLICIES; (II) AUTHORIZING CONTINUATION OF INSURANCE PREMIUM FINANCING AGREEMENT; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of a final order (this "Final Order"): (i) authorizing, but not directing, the Debtors to continue their existing Insurance Policies; (ii) authorizing, but not directing, the Debtors to pay certain (a) prepetition Insurance Obligations, and (b) postpetition Insurance Obligations in the ordinary course of business; (iii) authorizing the Debtors to renew, amend, supplement, extend, or purchase and finance insurance policies in the ordinary course; (iv) authorizing the Debtors, in their discretion, to continue the Debtors' insurance premium financing agreement; and (v) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"), and the Court having entered an interim order on the Motion [Docket No. 64]; and notice of a final hearing having been provided; and upon the Debtors' representation that the amounts authorized to be paid pursuant to this Final Order are consistent with the Debtors' debtor-in-possession financing budget; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, any statutory committee and other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are hereby authorized, but not directed, to pay, in the ordinary course of their business, all premiums, premium finance payments, claims, deductibles, retrospective adjustments, administrative and broker's fees, and all other obligations related to the Insurance

2

Policies on account of such prepetition obligations without further order of the Court, and the Debtors are authorized to pay and honor any postpetition Insurance Obligations in connection with the Insurance Policies as such obligations come due in the ordinary course of business.

3. The Debtors are hereby authorized, but not directed, to: (a) maintain their Insurance Policies without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date and in the ordinary course of their business, in their business judgment and at their sole discretion; and (b) enter into new financing agreements, to the extent consistent with the Debtors' ordinary course prepetition practices, and to continue, in the ordinary course of business, their current Insurance Premium Financing Agreement; *provided* that, absent further order of the Court upon notice, during the course of these Chapter 11 Cases, the Debtors shall not renew or enter into any new premium financing agreement upon any terms less favorable than those in the existing Insurance Premium Financing Agreement.

4. The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies, and to enter into, renew, amend, supplement, or extend premium financing agreements as necessary, to the extent that the Debtors determine that such action is in the best interest of their estates.

5. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed to be: (a) an admission by the Debtors or the Committee as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors', the Committee's, or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement by the Debtors or the Committee to pay a prepetition claim; (d) an implication or admission by the Debtors or the Committee that

3

any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request or authorization by any Debtor to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors', the Committee's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6. Each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the Insurance Obligations are authorized to: (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts; and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this Final Order or any other order of the Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

7. Nothing contained in this Final Order shall be construed to accelerate payments that are not otherwise due and payable.

8. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Insurance Obligations, and to replace any prepetition checks or electronic funds transfer requests that may be lost, dishonored, or rejected as a result of the commencement of these Chapter 11 Cases.

9. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding Bankruptcy

4

Rules 6004(h), 7062, and 9014, the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: September 12th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:243869.12 03703/003