# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 137** |

**ORDER: (I) AUTHORIZING EMPLOYMENT AND
PAYMENT OF PROFESSIONALS UTILIZED IN THE ORDINARY
COURSE OF BUSINESS; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for the entry of an order (this "Order"): (a) authorizing, but not directing, the Debtors to retain the Ordinary Course Professionals (as defined below) pursuant to the Procedures (defined below) and without the necessity of a separate, formal retention application approved by this Court for each Ordinary Course Professional; and (b) authorizing, but not directing, the Debtors to pay the Ordinary Course Professionals compensation for postpetition services rendered and reimbursement for expenses incurred without the necessity of additional court approval, except as otherwise required by the Procedures, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.[3]

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized, but not directed, to retain, compensate, and reimburse professionals (collectively, the "Ordinary Course Professionals") listed on the lists annexed hereto as **Schedule 1** and **Schedule 2** (collectively, the "OCP Lists"), as such list may be amended or supplemented in accordance with the procedures set forth below, in accordance with the following approved procedures (the "Procedures"):

---

2

DOCS_DE:243898.6

a.  Within twenty-eight (28) days after the later of: (i) the entry of this Order, and (ii) the date on which the Ordinary Course Professional commences postpetition services for the Debtors, each Ordinary Course Professional will provide to the Debtors' counsel a declaration (each, an "OCP Declaration"), substantially in the form attached hereto as **Schedule 3**, certifying, among other things, that the Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter(s) on which such professional is to be employed. Any Ordinary Course Professional that fails to meet the above deadline will automatically be deemed stricken from the OCP List on which they were listed; *provided* that the Debtors reserve the right to re-include such Ordinary Course Professional on an amended or supplemented version of the OCP Lists pursuant to these Procedures.

b.  Upon receipt of the OCP Declaration, the Debtors shall file the same with the Court and serve a copy on: (a) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: John Schanne (john.schanne@usdoj.gov) (the "U.S. Trustee"); (b) counsel to the DIP Lenders; and (c) counsel to Official Committee of Unsecured Creditors and any other official committee appointed in these Chapter 11 Cases (together, the "Reviewing Parties").

c.  The Reviewing Parties will have fourteen (14) days following the date of service of an OCP Declaration to file with the Court and serve on the Debtors' counsel of any objection to the retention of an Ordinary Course Professional (the "Objection Deadline"). If no objection is filed and served so as to be actually received before the Objection Deadline, the retention and employment of the Ordinary Course Professional shall be deemed approved without further order of the Court.

d.  If an objection is filed with the Court and served by the Objection Deadline, and such objection cannot be consensually resolved within twenty-one (21) days after the Objection Deadline, the Debtors may schedule the matter on fourteen (14) days' notice for a hearing before the Court.

e.  No Ordinary Course Professional may be paid any amount for invoiced fees and expenses until such Ordinary Course Professional has been retained in accordance with these Procedures.

f.  Once an Ordinary Course Professional is retained in accordance with these Procedures, the Debtors may pay such Ordinary Course Professional compensation equal to 100% of the post-petition fees and reimbursement equal to 100% of the post-petition expenses incurred upon the submission to, and approval by, the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered and expenses actually incurred (without prejudice to the Debtors' right to dispute any such invoices); *provided* that, while these Chapter 11 Cases are pending:

3

(a) the fees and expenses paid to each OCP set forth on Schedule 1 attached may not exceed $200,000 per month on average over a rolling three month period (the "Tier 1 OCP Cap"); (b) the fees and expenses paid to each OCP set forth on Schedule 2 attached may not exceed $50,000 per month on average over a rolling three month period (the "Tier 2 OCP Cap"); and (c) the aggregate total of fees and expenses paid by the Debtors to all Ordinary Course Professionals in any particular month may not exceed $750,000 (the "Monthly Total Cap," and, together with the Tier 1 OCP Cap and Tier 2 OCP Cap, the "OCP Caps"). The OCP Caps for any or all Ordinary Course Professionals may be increased, prospectively or retroactively, by mutual agreement between the Reviewing Parties; *provided* that the Debtors shall file a notice with the Court of such agreement.

g. In the event that an Ordinary Course Professional seeks compensation in excess of the applicable OCP Cap during these chapter 11 cases, such Ordinary Course Professional will file a fee application (each, a "Fee Application") for the amount of its fees and expenses in excess of the applicable OCP Cap (the amount of its fees and expenses up to the applicable OCP Cap may be paid in accord with the above procedures), in accordance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other procedures and orders of the Court. Any Ordinary Course Professional that is an attorney will make reasonable efforts to comply with the U.S. Trustee's requests for information and disclosures set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

h. Each Fee Application shall be served upon the Reviewing Parties. The Reviewing Parties shall then have fourteen (14) days to object to the Fee Application. If, after fourteen (14) days, no objection to the Fee Application is filed, the Fee Application shall be deemed approved, and the Debtors may pay the amounts sought in the Fee Application without the need for further action from such Ordinary Course Professional or the Court.

i. At three (3) month intervals (each, a "Quarter") during the pendency of these Chapter 11 Cases, the Debtors shall file with the Court and serve on the Reviewing Parties no later than twenty-eight (28) days after the end of such Quarter (the first Quarter consisting of the Petition Date through September 30, 2023) a statement that shall include the following information for each Ordinary Course Professional: (i) the name of the Ordinary Course Professional; (ii) the amounts paid as compensation and reimbursement of expenses to that Ordinary Course Professional during each month of these Chapter 11 Cases through the end of the Quarter; and (iii) a general description of the services rendered by that Ordinary Course Professional (the "Quarterly Statements").

j.  All payments to Ordinary Course Professionals shall be subject to sections 328(c) and 330 of the Bankruptcy Code.

k.  If the Debtors seek to retain an Ordinary Course Professional not already listed on **Schedule 1** or **Schedule 2** hereto, the Debtors shall file with the Court and serve upon the Reviewing Parties a notice listing the Ordinary Course Professionals to be added to the OCP List (the "<u>OCP List Supplement</u>"), along with the OCP Declaration for any professional so added to the OCP List. Such authorization is effective as of the date of filing of the OCP List Supplement or the applicable date of engagement, provided that the latter is no more than twenty-eight (28) calendar days prior to the filing of the OCP List Supplement.

l.  If no objection to the OCP List Supplement is filed with the Court and served upon the Debtors' counsel, as set forth above in section (c) of these Procedures, so as to be actually received within fourteen (14) days after the service thereof, the OCP List, as modified, will be deemed approved by the Court in accordance with the provisions of this Order and without the need for a hearing or further Court order. Any Ordinary Course Professionals retained pursuant to the OCP List Supplement shall be paid in accordance with the terms and conditions set forth in these Procedures.

4. The OCP Declaration, in form attached hereto as **Schedule 3**, is approved.

5. If an Ordinary Course Professional held a retainer as of the Petition Date, then the Ordinary Course Professional shall disclose the amount of the retainer in the OCP Declaration. The Ordinary Course Professional may apply its prepetition retainer against any prepetition claims once its retention and employment is approved in accordance with the Procedures. Notwithstanding anything else herein, nothing in this Order shall authorize the Debtors to pay the prepetition claim(s) of any non-attorney Ordinary Course Professional.

6. The entry of this Order and approval of the Procedures do not affect the Debtors' ability to: (a) dispute any invoice submitted by an Ordinary Course Professional, and (b) retain additional Ordinary Course Professionals in accordance with this Order and the Procedures, and the Debtors reserve all of their rights with respect thereto.

7. Nothing in the Motion or this Order, nor any actions or payments made by the Debtors pursuant to this Order, shall be construed as: (a) an admission as to the validity of any

5

claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Order. Nothing contained in this Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

8. Notwithstanding anything else herein, nothing in this Order shall prevent the U.S. Trustee from seeking a determination from this Court (a) requiring an OCP to file a separate retention application under sections 327(a) or 327(e) of the Bankruptcy Code or (b) altering the amount of the Cap Amount.

9. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: September 13th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**