# EXHIBIT B

**(Redline)**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                      Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 141** |

### ORDER AUTHORIZING THE DEBTORS TO (I) EMPLOY AND RETAIN ANKURA CONSULTING GROUP, LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER, AND (II) DESIGNATE PHILIP J. GUND AS CHIEF RESTRUCTURING OFFICER FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") seeking authorization to: (i) employ and retain Ankura Consulting Group, LLC ("Ankura") to provide the Debtors with a Chief Restructuring Officer ("CRO"); and (ii) designate Philip J. Gund as CRO ~~in~~during the Chapter 11 Cases and effective as of the Petition Date; and upon consideration of the Gund Declaration submitted concurrently with the Application and the other declarations and exhibits filed in the Chapter 11 Cases; and the Court being satisfied, based on the representations made in the Application and the Gund Declaration, that Ankura does not represent or hold any interest adverse to the Debtors or the Debtors' estates ~~with respect to the matters upon which it is to be engaged~~, and is disinterested as that term is defined under section

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to those terms in the Application.

171675.3

101(14) of the Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the employment of Ankura is necessary and in the best interests of the Debtors and the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the ~~Motion~~Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED THAT:**

  1.  The Application is GRANTED as set forth herein.

  2.  The terms of the Engagement Letter, including, without limitation, the compensation, indemnification, and liability limitation provisions, as modified by the Application and this ~~Order~~order, are approved as reasonable terms and conditions of employment.

  3.  The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, and to provide insurance coverage to such executive officers under the Debtors' or their affiliates' existing director and officer liability policies.

4. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to employ and retain Ankura to provide the Debtors with a CRO, and to designate Mr. Gund as CRO for the Debtors, effective as of the Petition Date on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything to the contrary in the Engagement Letter, the Application, or any of the exhibits related thereto:

    a. Ankura and the Ankura Entities shall not act in any other capacity (for example, and without limitation, claims agent/claims administrator, or investor/acquirer) in connection with the Chapter 11 Cases.

    b. In the event the Debtors seek to have the Ankura ~~personnel~~Professionals assume executive officer positions that are different than the positions disclosed in the Application, or to ~~change~~ materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new ~~executive officers~~personnel, or (iii) altering or expanding the scope of the engagement, ~~an application or~~a motion to modify the retention shall be filed.

    c. There will be no indemnification of Ankura or any of the Ankura Entities.

    d. Further, Ankura shall be deemed to have waived, and shall not raise or assert any defense, based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to Ankura's engagement in this case.

    e. Ankura shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

    f. Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the Chapter 11 Cases on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee, or back-end fee shall be sought upon conversion of these Chapter 11 Cases, dismissal of the Chapter 11 Cases for cause, or appointment of a trustee.

    g. Ankura shall disclose any and all facts that may have a bearing on whether Ankura, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their estates, their

creditors, or other parties in interest. This obligation to disclose is a continuing obligation.

h. Ankura's fee and expense structure is modified and restated as follows:

(1) Monthly Fee: A monthly fee ("Monthly Fee") in the amount of $135,000, payable in advance on the first business day of each month, to be invoiced per the procedures below. For any month in which Ankura is not retained for the whole month, the Monthly Fee will be prorated.

(2) Additional Fee: An additional fee ("Additional Fee") will be earned as follows:

(i) $650,000 upon the effective date of a confirmed chapter 11 plan in these Chapter 11 Cases; or

(ii) $325,000 upon the closing of a section 363 sale of substantially all assets of the Debtors during the pendency of these Chapter 11 Cases.

(3) Ankura will file a fee application for any Additional Fee subject to Court approval prior to payment. Under no circumstances will Ankura earn more than one Additional Fee.

(4) Ankura may invoice for reasonable, documented, out-of-pocket expenses incurred on the Debtors' behalf during the Chapter 11 Cases.

i. ~~c.~~ Ankura shall file with this Court, with copies to the United States Trustee (the "U.S. Trustee") and all official committees (together with the U.S. Trustee, the "Notice Parties"), reports of compensation earned, expenses incurred, and staffing on the Chapter 11 Cases (the "Staffing Report") by the 30th day of each month for the previous month, which will include summary charts describing the number of hours billed by Mr. Gund and expenses incurred. The first ~~Compensation and~~ Staffing Report shall cover the period from the Petition Date until the end of the month in which this ~~Order~~order is entered and shall be submitted within thirty (30) days thereafter.

~~d.    No principal, employee, or independent contractor of Ankura or the Ankura Entities shall serve as a director of the above-captioned Debtors during the pendency of the Chapter 11 Cases.~~

j. ~~e.~~ The Staffing Reports will be subject to review by the Court if an objection is filed by any of the Notice Parties and served on the Debtors, the Debtors' undersigned counsel, and Ankura within twenty-one (21) days after the date each Staffing Report is filed and served (the "Objection

Period"). The Debtors shall be authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Ankura for ~~fees~~Monthly Fees and expenses incurred in connection with Ankura's retention. The Debtors' rights to contest any invoice from Ankura are fully reserved. In the event an objection is filed and served during the Objection Period and not consensually resolved, the Debtors shall deduct an amount equal to the amount objected to from the next payment to Ankura until such objection is resolved, either consensually or by Court order.

k. No principal, employee, or independent contractor of Ankura or the Ankura Entities shall serve as a director of the above-captioned Debtors during the pendency of the Chapter 11 Cases.

l. ~~f.~~ For a period of three years after the conclusion of the engagement, neither Ankura nor any of the Ankura Entities shall make any investments in the Debtors or any reorganized Debtor.

m. ~~g.~~ During the course of these Chapter 11 Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

n. ~~h. Ankura has disclosed any and all facts that may have a bearing on whether it has any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.~~ If additional Potential Parties-in-Interest are provided to Ankura and any new material relevant facts or relationships are discovered or identified, Ankura will promptly file a supplemental declaration.

~~i.    Upon entry of this Order, Ankura shall be permitted to apply a portion of its Retainer to its unbilled prepetition fees and expenses.~~

5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this ~~Order~~order, the terms of this ~~Order~~order shall govern.

6. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this ~~Order~~order in accordance with the Application.

7. This Court shall retain jurisdiction and power to hear and determine all matters arising from or related to the implementation of this ~~Order~~order.

Document comparison by Workshare Compare on Wednesday, September 13, 2023 10:06:52 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_DE/244345/2 |
| Description | DOCS_DE-#244345-v2-Amyris_-_Ankura_CRO_Retention_Application |
| Document 2 ID | PowerDocs://DOCS_DE/244345/3 |
| Description | DOCS_DE-#244345-v3-Amyris_-_Ankura_CRO_Retention_Application |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 52 |
| Deletions | 26 |
| Moved from | 3 |
| Moved to | 3 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 84 |