# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Re Docket No. 135** |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Retained Professionals and Committee (defined below) members, as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and a hearing having been scheduled and, to the

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https:\cases.stretto.com\amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

extent necessary, held to consider the relief requested in the Motion; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of specific Retained Professionals, all Retained Professionals in these Chapter 11 Cases retained by the Debtors or the Official Committee of Unsecured Creditors (the "Committee") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

   a. On or after the 15th day of each calendar month, each Retained Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application on each of the following parties (collectively, the "Notice Parties"):[3]

   (1) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: James E. O'Neill (joneill@pszjlaw.com), and Jason H. Rosell (jrosell@pszjlaw.com);

   (2) counsel to the DIP Agent and DIP Lender:

   (3) counsel to the Prepetition Agent,

   (4) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: John Schanne, Esq. (john.schanneusdoj.gov); and

(5) counsel to the Committee, White & Case LLP, Attn: John Ramirez (john.ramirez@whitecase.com) and Stephen E. Ludovici (stephen.ludovici@whitecase.com).

b. Any Retained Professional that does not file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules, including Local Rule 2016-2, and any applicable orders of this Court.

c. Each Notice Party will have until 4:00 p.m. (prevailing Eastern Time) on the 14th day after service of a Monthly Fee Application to review same (the "Review Period"). If any Notice Party wishes to object to a Monthly Fee Application, the objecting party shall serve a written notice (a "Notice of Objection") so that it is received by the end of the Review Period by the applicable Retained Professional and each of the Notice Parties. A Notice of Objection shall set forth the precise nature of the objection and the exact amount of fees and expenses at issue.

d. Upon the expiration of the Review Period, a Retained Professional may file a certificate of no objection consistent with Local Rule 9013-1(j) with the Court with respect to the unopposed portion (if any) of the fees and expenses requested in its Monthly Fee Application.

(1) If a Notice of Objection has not been timely served, the Debtors are authorized and directed to pay the Retained Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment").

(2) If a Notice of Objection is timely served, the Debtors are authorized and directed to pay the Retained Professional an amount equal to the lesser of: (i) the Maximum Monthly Payment, and (ii) 80% of the fees and 100% of the expenses not subject to a Notice of Objection (the "Reduced Monthly Payment").

e. If a Notice of Objection is timely served in response to a Monthly Fee Application, the objecting party and the Retained Professional shall attempt to resolve the objection on a consensual basis. If and to the extent that the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses, to the extent not already included in a Reduced Monthly Payment (an "Incremental Resolution Payment") without need for further certificate. If, however, the parties are unable to reach a complete resolution of the objection within 14 days after service of the Notice of Objection (or such longer period as the objecting party and the Retained Professional shall agree to), the objecting

3

party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the applicable Retained Professional and each of the Notice Parties. Thereafter, the Retained Professional may either: (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between (A) the Maximum Monthly Payment and (B) the Reduced Monthly Payment and any Incremental Resolution Payment made to the affected Retained Professional (the "Incremental Amount"), which may be scheduled to be heard at the next omnibus hearing; or (ii) forego payment of the Incremental Amount until the next Interim Fee Application or Final Fee Application (each defined below) hearing, at which time the Court will consider the Objection, if requested by the parties.

f. For each three-month interval during the pendency of these Chapter 11 Cases (the "Interim Fee Period"), each of the Retained Professionals may file with the Court and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application must include a brief description identifying the following:

(1) the Monthly Fee Applications that are the subject of the request;

(2) the amount of fees and expenses requested;

(3) the amount of fees and expenses paid to date or subject to an Objection;

(4) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application; and

(5) any other information requested by the Court or required by the Local Rules.

g. Objections, if any, to the Interim Fee Application shall be filed and served upon the Retained Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. (prevailing Eastern Time) on the 21st day following service of the applicable Interim Fee Application.

h. The Debtors will request that the Court schedule a hearing on the Interim Fee Application at least once every three months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

4

i. The first Interim Fee Period will cover the period no less than from August 9, 2023 through and including October 31, 2023.

j. The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application in a timely manner.

k. Neither: (i) the payment of, or the failure to pay, in whole or in part, interim compensation, or the reimbursement of, or the failure to reimburse, in whole or in part, expenses under the Compensation Procedures; nor (ii) the filing of, or failure to file, an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Retained Professionals. All fees and expenses paid to Retained Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

l. Retained Professionals shall file final applications for compensation and reimbursement (collectively, the "<u>Final Fee Applications</u>") by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court.

m. All time periods referenced in these Compensation Procedures will be calculated in accordance with Bankruptcy Rule 9006(a).

3. Each member of the Committee is permitted to submit statements of expenses incurred from and after the date of appointment in the performance of the duties of the Committee (excluding third-party counsel expenses of individual Committee members) with supporting vouchers or receipts to Committee counsel, which Committee counsel shall collect and submit the Committee member's request for reimbursement in accordance with the Compensation Procedures. Any expenses paid to a Committee member are subject to disgorgement until final allowance by the Court through a Final Fee Application.

4. The Retained Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notices of hearings on the Interim Fee Applications and Final Fee Applications. If any other party requests a copy of any of the fee applications, the Debtors will furnish that party with the requested copies at the Debtors' expense.

5. In each Interim Fee Application and Final Fee Application, all attorneys (collectively, the "Attorneys") who have been or are hereafter retained pursuant to sections 327, 363, or 1103 of the Bankruptcy Code: (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court; and (b) shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013.

6. All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

7. The Debtors shall include all payments made to Retained Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Retained Professionals.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 14th, 2023
Wilmington, Delaware

THOMAS M. HORAN
UNITED STATES BANKRUPTCY JUDGE