IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date: October 18, 2023 at 2:00 p.m. (ET)
Objection Deadline: October 11, 2023 at 4:00 p.m. (ET)

**MOTION FOR AN ORDER (A) APPROVING PROCEDURES
RELATED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT,
OR TRANSFER OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES; AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "Debtors") file this motion (the "Motion") for entry of an order, pursuant to sections 105(a), 365, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), substantially in the proposed form attached hereto as **Exhibit A** (the "Contract and Lease Procedures Order"), establishing certain procedures relating to the assumption, assumption and assignment, or transfer of executory contracts and unexpired leases, whether in connection with a sale of the Debtors' assets (including, but not limited to, a sale governed by the Brand Asset Bid Procedures Motion[2] but excluding any sale governed by the Non-

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] *Motion for (I) An Order (A) Approving Bid Procedures for the Sale of the Debtors' Brand Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry Into Any Potential Stalking Horse Agreements; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief; and (II) An Order or Orders (A) Approving the Sale of the Debtors' Brand Assets*

Operating Brand Procedures Order[3]) or a plan of reorganization (either, a "Restructuring Transaction"), including notice of proposed cure amounts (the "Contract and Lease Procedures"), and approving the form and manner of notice of the potential assumption, assumption and assignment, or transfer of executory contracts and unexpired leases (the "Cure Notice"). In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "First Day Declaration")[4] and incorporated herein by reference. In further support of the Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Debtors seek approval of procedures governing the identification of executory contracts and unexpired leases that may be assumed by the Debtors, assumed by the Debtors and assigned to a third party, or otherwise transferred to a third party in connection with a Restructuring Transaction and the manner for counterparties to such executory contracts and unexpired leases to object thereto. Concurrently herewith, the Debtors have filed the Brand Asset Bid Procedures Motion, which seeks to establish procedures related to the sale of the Debtors' operating consumer brands, Biossance®, JVN™, Rose Inc.™, Pipette®, MenoLabs™, Stripes™, and 4U by Tia™ (collectively, the "Operating Consumer Brands"). Further, the Debtors continue to negotiate with each of their major stakeholders within the time frames contemplated by the *Senior Secured Super Priority Debtor in Possession Loan Agreement* dated as of August 9, 2023, as amended by the *Amendment No. 1 to Senior Secured Super Priority Debtor in Possession*

---

*Free and Clear of All Encumbrances; and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* (the "Brand Asset Bid Procedures Motion"), filed concurrently herewith.

[3] *Order (I) Establishing Procedures Governing the Sale or Transfer of Certain De Minimis Assets and Non-Operating Brands, and (II) Granting Related Relief* [Docket No. 205].

[4] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

2

*Loan Agreement* dated as of September 13, 2023 (collectively, the "DIP Facility"), surrounding the terms of a consensual restructuring of the Debtors focused on their core assets to be accomplished through a chapter 11 plan of reorganization (a "Plan of Reorganization"). However, in the event that the Debtors are unable to reach consensus on the terms of a Plan of Reorganization pursuant to the terms of the DIP Facility, the Debtors may seek to sell such core assets.

2. Pursuant to any Restructuring Transaction—whether a sale (of the Operating Consumer Brands or otherwise) or Plan of Reorganization—the Debtors may assume, assume and assign, or otherwise transfer executory contracts and unexpired leases (the "Potential Assumed/Assigned Contracts"). Accordingly, in the interest of efficiency and to avoid any confusion as to the rights and obligations of the counterparties to the Debtors' Potential Assumed/Assigned Contracts (the "Contract Counterparties"), the Debtors seek entry of the Contract and Lease Procedures Order, which will govern the identification of Potential Assumed/Assigned Contracts and Contract Counterparties' deadlines to object thereto with respect to any Restructuring Transaction in these Chapter 11 Cases. In connection with the Contract and Lease Procedures, the Debtors propose the following key dates and deadlines:[5]

| Date[6] | Event |
|---|---|
| **October 11, 2023 at 5:00 p.m.** | Contract and Lease Procedures Motion Objection Deadline |
| **October 18, 2023 at 2:00 p.m.** | Contract and Lease Procedures Hearing |
| **October 20, 2023** | Deadline to File Cure Notice |
| **November 3, 2023 at 5:00 p.m.** | Contract Objection Deadline |

---

[5] The Debtors, consistent with their fiduciary duties, in the exercise of their business judgment, and in consultation with the DIP Secured Parties, the Foris Prepetition Secured Lenders, and the official committee of unsecured creditors (the "Committee") appointed in these Chapter 11 Cases, reserve the right to modify these dates consistent with the terms of the DIP Facility.

[6] All times are prevailing Eastern time.

3. Accordingly, as discussed in detail herein, the Debtors respectfully request entry of the Contract and Lease Procedures Order.

## JURISDICTION AND VENUE

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief sought herein are sections 105, 365, 1107, and 1108 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2), 6006, and 9014, and Local Rules 2002-1(b) and 9006-1.

## BACKGROUND

7. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing these Chapter 11 Cases. The Debtors have continued in the possession of their property and have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee, including the following members: U.S.

Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

8. The Debtors were founded in 2003 to create a more stable supply of a key anti-malarial treatment. Through the Debtors' cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease. Using the same technological innovations that produced artemisinin, the Debtors have become the world's leading manufacturer of ingredients made with synthetic biology. The Debtors provide sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

9. In addition, the Debtors operate a family of consumer brands that utilize the Company's ingredients to meet the growing demand for sustainable, effective, and accessible products, including Biossance® (clean beauty skincare), JVN™ (haircare), Rose Inc.™ (clean color cosmetics), Pipette® (clean baby skincare), MenoLabs™ (healthy living and menopause wellness), Stripes™ (menopausal wellness), and 4U by Tia™ (a new clean haircare line).

10. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

## RELIEF REQUESTED

**A.    Contract and Lease Procedures**

11. The Debtors are seeking approval of the Contract and Lease Procedures for notifying counterparties to executory contracts and unexpired leases (the "Contract Counterparties") of, among other things, proposed Cure Amounts (as defined below) with respect to the Potential Assumed/Assigned Contracts.

5

12. By **October 20, 2023**, the Debtors will file a notice (the "Cure Notice") identifying the Potential Assumed/Assigned Contracts (such list, the "Cure Schedule"),[7] substantially in the form attached as Schedule A to Exhibit 1 to the Contract and Lease Procedures Order, and serve such notice on all Contract Counterparties to the Potential Assumed/Assigned Contracts. The Cure Notice served on each Contract Counterparty shall: (i) identify Potential Assumed/Assigned Contracts; (ii) identify the Debtor counterparty to such Potential Assumed/Assigned Contracts; (iii) list the proposed cure amounts, if any, that the Debtors believe must be paid to cure all defaults outstanding under each Potential Assumed/Assigned Contract (the "Cure Amounts") as of such date; (iv) include a statement that assumption, assumption and assignment, or transfer of such Potential Assumed/Assigned Contract is not required or guaranteed; and (v) inform such Contract Counterparty of the requirement to file any Contract Objection (as defined below) by the Contract Objection Deadline (as defined below). Service of the Cure Notice, including the Cure Schedule, upon a Contract Counterparty does not constitute an admission that a particular Potential Assumed/Assigned Contract is an executory contract or unexpired lease, or confirm that the Debtors are required to assume, assume and assign, and/or transfer such contract or lease.[8]

13. The Debtors further request that a Contract Counterparty must file any objection to the Cure Amount and/or the assumption, assumption and assignment, and/or transfer of such Potential Assumed/Assigned Contract by **November 3, 2023 at 5:00 p.m. (Eastern Time)** (the "Contract Objection Deadline").

---

[7] For the avoidance of doubt, the Debtors reserve all rights to remove any executory contract or unexpired lease from the Cure Schedule prior to the closing of any Restructuring Transaction(s).

[8] The Debtors reserve all rights concerning the characterization of the Potential Assumed/Assigned Contracts in all respects.

14. In addition, if the Debtors identify additional executory contracts or unexpired leases that they wish to add to or remove from the Cure Schedule (each an "Additional Contract") the Debtors shall, as soon as practicable after making such a determination, send a supplemental Cure Notice (an "Additional Cure Notice") to the applicable Contract Counterparties to such Additional Contracts.

15. The Debtors request that the Court require that any objections to a proposed Cure Amount (a "Cure Objection") and/or any other objections to the assumption, assumption and assignment, and/or transfer of any of the Potential Assumed/Assigned Contracts (an "Assumption/Assignment Objection" and, together with a Cure Objection, a "Contract Objection") must: (i) be made in writing and filed on the docket for these Chapter 11 Cases no later than the Contract Objection Deadline; (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged to be due by such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (iv) be served upon the Notice Parties (as defined below), so as to be actually received by such parties on or before the Contract Objection Deadline.

16. In addition, the Debtors request that the Court require that any objections from any Contract Counterparty to a proposed Cure Amount listed on an Additional Cure Notice (an "Additional Cure Objection") and/or any other objections to the assumption, assumption and assignment, and/or transfer of any of the Potential Assumed/Assigned Contracts listed on an Additional Cure Notice (an "Additional Assumption/Assignment Objection" and, together with an Additional Cure Objection, an "Additional Contract Objection") must: (i) be made in writing and filed on the docket by the later of (a) the Contract Objection Deadline and (b) seven (7) calendar

7

days after the Debtors file and serve the Additional Cure Notice (as applicable, the "<u>Additional Contract Objection Deadline</u>"); (ii) state the basis of such objection with specificity, including, without limitation, any Cure Amount alleged by such Contract Counterparty, and include contact information for such Contract Counterparty; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; and (iv) be served upon the Notice Parties so as to be actually received on or before the Additional Contract Objection Deadline.

17. The Cure Notice also provides that Contract Objections, if any, will be heard at (i) a hearing with respect to a Restructuring Transaction scheduled by the Court by separate order (*e.g.* a sale hearing or confirmation hearing) (a "<u>Transaction Hearing</u>") or (ii) on such other date subsequent to a Transaction Hearing as the Court may designate prior to, during, or after the Transaction Hearing (a "<u>Contract Hearing</u>"). Any Additional Cure Notice shall provide that Additional Contract Objections will be resolved at a hearing to be held by the Court (i) on or before seven (7) calendar days from the timely filing of the Additional Contract Objection; (ii) at a Transaction Hearing; or (iii) such other date designated by the Court.

18. The provision of information concerning adequate assurance of future performance to Contract Counterparties with respect to a Restructuring Transaction ("<u>Adequate Assurance Information</u>") and Contract Counterparties' rights to object solely with respect to such Adequate Assurance Information will be addressed in the applicable procedural motion as to such Restructuring Transaction.[9] For the foregoing reasons, the Debtors believe that granting the relief requested herein is appropriate and in the best interests of all parties-in-interest.

---

[9] For example, in the Brand Asset Bid Procedures Motion, the Debtors propose to include a list of Potential Assumed/Assigned Contracts that would be assigned or transferred to a successful bidder for all or a portion of the Debtors' Operating Consumer Brands in a notice to be filed on or before December 1, 2023, with objections to Adequate Assurance Information required before December 5, 2023.

B.  **Scheduling and Notice**

19. **Notice of Motion**.  On the date the notice of this Motion is filed or as soon as is practicable thereafter, the Debtors will cause this Motion and all exhibits hereto, the Contract and Lease Procedures, and a copy of the proposed Contract and Lease Procedures Order, to be served upon (a) the Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware, 19801, Attn: John Schanne, Esq. (John.Schanne@usdoj.gov); (b) counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095; Attn: Gregory Pesce, Esq. (gregory.pesce@whitecase.com), Andrew O'Neill, Esq. (aoneill@whitecase.com), and John Ramirez, Esq. (john.ramirez@whitecase.com); and local counsel to the Committee, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801; Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com), Katelin A. Morales, Esq. (kmorales@potteranderson.com), Sameen Rizvi, Esq. (srizvi@potteranderson.com); (c) counsel to the DIP Lenders, DIP Agent and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), Alexander J. Nicas, Esq. (anicas@goodwinlaw.com), and Debora Hoehne, Esq. (dhoehne@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com); (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) the Securities Exchange Commission; (g) the Contract Counterparties; (j) the Internal Revenue Service, the Securities and Exchange Commission, and any other federal, state

or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or order of the Court; and (h) any party that requests service pursuant to Bankruptcy Rule 2002.

## **BASIS FOR RELIEF REQUESTED**

20. A debtor may, subject to court approval, assume and assign executory contracts and unexpired leases under section 365(a) of the Bankruptcy Code. Courts routinely approve motions to assume and assign executory contracts or unexpired leases upon a showing that a debtor's decision to take such action will benefit the debtor's estate and is an exercise of sound business judgment.[10] Section 365(b)(1) of the Bankruptcy Code requires that, if there has been a default in a debtor's unexpired lease or executory contract, other than certain nonmonetary defaults as set forth in the statute, such unexpired lease or executory contract may not be assumed unless, at the time of the assumption, (i) such default is cured or there is adequate assurance that such default will be cured, (ii) compensation or adequate assurance of compensation is provided for any actual pecuniary loss resulting from such default, and (iii) adequate assurance of future performance under the lease is provided.[11] The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case but should be given "practical, pragmatic construction."[12]

21. As set forth above, pursuant to the terms of the proposed Contract and Lease Procedures Order, the Debtors will send the Cure Notice and Additional Cure Notice, as applicable, to all Contract Counterparties to the Potential Assumed/Assigned Contracts notifying

---

[10] *In re Fleming Co. Inc.*, 499 F.3d 300, 305 (3d Cir. 2007).

[11] 11 U.S.C. § 365(b)(1).

[12] *EBG Midtown South Corp. v. McLaren/Hart Env. Eng' g Corp.* (*In re Sanshoe Worldwide*), 139 B.R. 585, 593 (S.D.N.Y. 1992); *see also In re Fleming Co. Inc.*, 499 F.3d at 305; *Cinicola v. Scharffeberger*, 248 F.3d 110, 120 (3d Cir. 2001).

such Contract Counterparties of the potential assumption by the Debtors, assumption by the Debtors and assignment to a third party, or transfer and sale to a third party of such contract and/or lease. The Cure Notice and Additional Cure Notice, as applicable, will also set forth the Cure Amount, if any, owing for all such contracts and/or leases according to the Debtors' books and records.

22. Contract Counterparties to Potential Assumed/Assigned Contracts will be given sufficient time (as set forth herein and in the proposed Contract and Lease Procedures Order) to object to the proposed Cure Amounts, if any, set forth in the Cure Notice. If no objection is filed with regard to a particular Cure Amount, such Cure Amount shall be binding on the Debtors, other relevant parties to a Restructuring Transaction (for example, an asset purchaser), and the applicable Contract Counterparty. The payment of the Cure Amounts specified in the Cure Notice or Additional Cure Notice (or a different amount, either agreed to by the Debtors or resolved by this Court as a result of a timely-filed objection by the relevant Contract Counterparty) will be in full and final satisfaction of all obligations to cure defaults and compensate the Contract Counterparties for any pecuniary losses under the applicable Potential Assumed/Assigned Contracts pursuant to section 365(b)(1) of the Bankruptcy Code.

23. Section 365(f) of the Bankruptcy Code states that a debtor may assign its unexpired leases and executory contracts if, *inter alia,* the assignee provides "adequate assurance of future performance."[13] Pursuant to any motion setting forth procedures related to a Restructuring Transaction (*e.g.* the Brand Asset Bid Procedures Motion), the Debtors will request clear procedures for the provision of and objection to the ability of the relevant party to such Restructuring Transaction (*e.g.* an asset purchaser or, in the case of a plan of reorganization, the

---

[13] 11 U.S.C. § 365(f)(2)(B).

reorganized Debtors) to provide adequate assurance of future performance under the applicable contracts or leases.

## NO PRIOR REQUEST

24. No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

25. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware, 19801, Attn: John Schanne, Esq. (John.Schanne@usdoj.gov); (b) counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095; Attn: Gregory Pesce, Esq. (gregory.pesce@whitecase.com), Andrew O'Neill, Esq. (aoneill@whitecase.com), and John Ramirez, Esq. (john.ramirez@whitecase.com); and local counsel to the Committee, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801; Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com), Katelin A. Morales, Esq. (kmorales@potteranderson.com), Sameen Rizvi, Esq. (srizvi@potteranderson.com); (c) counsel to the DIP Lenders, DIP Agent and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), Alexander J. Nicas, Esq. (anicas@goodwinlaw.com), and Debora Hoehne, Esq. (dhoehne@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com); (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors

conduct business; (g) the Securities Exchange Commission; (g) the Contract Counterparties; (j) the Internal Revenue Service, the Securities and Exchange Commission, and any other federal, state or local governmental agency to the extent required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, or order of the Court; and (h) any party that requests service pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Contract and Lease Procedures Order, granting the relief requested herein, and such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated: September 18, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | */s/ James E. O'Neill* |
| | Richard M. Pachulski (admitted *pro hac vice*) |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Jason H. Rosell (admitted *pro hac vice*) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | rpachulski@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | joneill@pszjlaw.com |
| | jrosell@pszjlaw.com |
| | sgolden@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |