# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Re: D.I. 19, 172, 211** |

### SCHEDULING ORDER WITH RESPECT TO CONTINUED HEARING ON THE MOTION OF THE DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING DEBTORS (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF

This scheduling order shall apply to the supplemental briefing of the above-captioned debtors and debtors-in-possession (the "Debtors"), Lavvan, Inc. ("Lavvan"), and Euagore, LLC and The Foris Prepetition Secured Lenders (together, "Foris") with respect to the continued hearing (the "Continued Hearing") on the Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief (the "Motion") [D.I. 19], the Limited Objection of Lavvan, Inc. to Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief [D.I. 172], and the Supplemental Objection of Lavvan, Inc. to Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief [D.I. 211].

## Issues to be Presented at Continued Hearing

1. What is the status of the Loan and Security Agreement, dated as of June 29, 2018, by and between Amyris, Inc., GACP Finance Co., LLC, and others (as amended, modified and restated from time to time, collectively, "2018 LSA")?

2. What is the principal amount (if any) of the obligations under the 2018 LSA?

3. The extinguishment, or potential extinguishment, of debt related to the 2018 LSA, including in connection with Debtors' equity transactions with Foris on or about January 31, 2020, as referenced in Amyris Inc.'s Form 10-K for the fiscal year ended December 31, 2020.

4. What is the application of the Subordination Agreement entered into as of May 2, 2019, by and between Foris Ventures, LLC and Lavvan, Inc. ("Subordination Agreement"), to the relief requested by the Motion?

5. Does the DIP Facility constitute "Permitted Debt" provided by a "Permitted Senior Lender" under the RCLA, Security Agreement, and Subordination Agreement (the "Lavvan Documents")?

6. Do the Lavvan Documents preclude Lavvan from receiving adequate protection?

7. Did Lavvan consent (or should it be deemed to have consented) to the priming of its lien in the Lavvan Documents?

8. Must the Court find that Debtors have met their burden of demonstrating adequate protection under section 364(d) in order to authorize the relief requested in Debtors' motion and, if so, whether Debtors have met that burden?

9. If Lavvan receives adequate protection, must it turn over that adequate protection to Foris based on the provisions in the Lavvan Documents?

### Issues to be Determined at Another Date

1. The nature and extent of Lavvan's asserted liens are not being determined at this time and all parties' rights with respect to the extent of Lavvan's liens will be specifically preserved in any order approving the proposed financing.

### Schedule

1. The schedule for the discovery and briefing shall be as follows:

    a. Disclosure of anticipated hearing witnesses who will be made available for deposition by September 21, 2023;

    b. Exchange of documents by September 22, 2023;

    c. Service of Opening Expert Reports by September 22, 2023;

    d. Service of Rebuttal Expert Reports by September 26, 2023

    e. Completion of depositions and discovery by September 28, 2023;

    f. Simultaneous opening briefs shall be due September 29, 2023;

    g. Witness and Exhibit Lists shall be due on October 2, 2023;

    h. Responsive Briefs shall be due October 3, 2023 at 12:00 p.m. EST; and

    i. No further briefing.

2. The Court will conduct a hearing on October 4, 2023 at 10:00 a.m. EST.

3. The parties may modify any provision hereof on written agreement with Court approval.

Dated: September 19, 2023  
Wilmington, Delaware

_____  
Thomas M. Horan  
United States Bankruptcy Judge