## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: October 18, 2023 at 2:00 p.m. (ET)**<br>**Obj. Deadline: October 4, 2023 at 4:00 p.m. (ET)** |

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF AUGUST 28, 2023

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases (the "**Chapter 11 Cases**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") submits this application (the "**Application**") for the entry of an order, substantially in the form attached as **Exhibit A** (the "**Proposed Order**"), authorizing the Committee to employ and retain White & Case LLP ("**White & Case**") as its counsel effective as of August 28, 2023.  In support of this Application, the Committee relies on and incorporates by reference the *Declaration of Andrew F. O'Neill in Support of the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of August 28, 2023* (the "**O'Neill Declaration**"), attached as **Exhibit B**, and the *Declaration of Joshua Wiley in Support of the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of August 28, 2023* (the

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

"**Wiley Declaration**" and, together with the O'Neill Declaration, the "**Declarations**"), attached as

**Exhibit C**.  In support of the Application, the Committee respectfully states as follows:

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012 (Sleet, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).  Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The predicates for the relief requested by this Application are sections 328(a) and

1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a) and 2016

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and

2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "**Local Rules**").

3.      Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final

judgment or order with respect to this Application if it is determined that this Court lacks Article

III jurisdiction to enter such final order or judgment absent consent of the parties.

## BACKGROUND

4.      On August 9, 2023 and August 21, 2023, as applicable, each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the

"**Petition Date**").  The Debtors are operating their businesses and managing their properties as

debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors'

Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered

pursuant to Bankruptcy Rule 1015(b) [Docket No. 125].  No trustee or examiner has been

2

appointed in these Chapter 11 Cases.

5.      On August 27, 2023, the Office of the United States Trustee for Region 3, District of Delaware (the "**United States Trustee**") appointed the Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [Docket No. 152].  The current members of the Committee are: (i) Cosan U.S. Inc.; (ii) U.S. Bank Trust Company, National Association; (iii) Sartorius Stedim North America, Inc.; (iv) Hearst Magazine Media, Inc.; (v) Wiley Companies; (vi) Park Wynwood, LLC.; and (vii) Allog Participacoes, Ltda.

6.      On August 28, 2023, the Committee selected White & Case as its primary counsel, subject to approval by the Court.

## RELIEF REQUESTED

7.      By this Application, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Committee seeks authority to employ and retain White & Case as its counsel in connection with these Chapter 11 Cases and all related matters, effective as of August 28, 2023, in accordance with the terms and conditions set forth in that certain engagement letter between the Committee and White & Case (the "**Engagement Agreement**"), a copy of which is attached as Exhibit 1 to the Proposed Order.

## QUALIFICATIONS OF WHITE & CASE

8.      White & Case is proposed to serve as counsel to the Committee to perform all services that are necessary and appropriate to discharge the Committee's responsibilities and further the interests of the Committee's constituents in these Chapter 11 Cases, subject to approval by the Court.

9.      Since being selected, White & Case has worked closely with the Committee and its other professionals.  The Committee selected White & Case to serve as its counsel based in part

3

on the firm's extensive knowledge, experience, and expertise in representing stakeholders in large, complex chapter 11 cases.  White & Case also has extensive expertise in other fields of law that are implicated by these Chapter 11 Cases, including, among others, intellectual property law, corporate law, commercial litigation, banking and finance law, mergers and acquisitions law, and tax law.  Given the firm's experience and knowledge in these fields, White & Case is well qualified and uniquely able to act on the Committee's behalf in connection with these Chapter 11 Cases.

### SERVICES TO BE RENDERED

10.    The Committee has selected White & Case to serve as counsel to the Committee to perform all services that are necessary and appropriate to discharge the Committee's responsibilities and further the interests of the Committee's constituents in these Chapter 11 Cases.

11.    Subject to order of this Court, White & Case will provide the various legal services set forth in the Engagement Agreement and, among others, the following:

(a)    assist and advise the Committee regarding its rights, powers, and duties under the Bankruptcy Code and in connection with these Chapter 11 Cases;

(b)    assist and advise the Committee in its consultations and negotiations with the Debtors concerning the administration of these Chapter 11 Cases;

(c)    assist and advise the Committee in its examination, investigation, and analysis of the acts, conduct, assets, liabilities, and financial condition of the Debtors, including, without limitation, reviewing and investigating prepetition transactions, the operation of the Debtors' businesses, and the desirability of the continuance of such businesses;

(d)    assist and advise the Committee in the formulation, review, analysis, and negotiation of any chapter 11 plan(s) that have been or may be filed and assist the Committee in the formulation, review, analysis, and negotiation of the disclosure statement accompanying any such chapter 11 plan(s);

(e)    take all necessary action to protect and preserve the interests of the Committee and creditors holding general unsecured claims against the Debtors' estates, including (i) the investigation and possible prosecution of actions enhancing the Debtors' estates, and (ii) review and analysis of claims filed against the Debtors' estates;

4

(f)      assist and advise the Committee with respect to any sale of the Debtors, either in whole or in part, under section 363 of the Bankruptcy Code;

(g)      review and analyze motions, applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

(h)      prepare on behalf of the Committee all necessary pleadings, applications, memoranda, orders, reports, and other papers, including, if applicable, any request for appointment of a trustee or examiner under section 1104 of the Bankruptcy Code, in support of positions taken by the Committee;

(i)      represent the Committee at all court hearings, statutory meetings of creditors, and other proceedings before this Court;

(j)      assist and advise the Committee in the review, analysis, and negotiation of any financing agreements;

(k)      assist and advise the Committee as to its communications with its constituents regarding significant matters in these Chapter 11 Cases, including, but not limited to, communications required under section 1102(b)(3) of the Bankruptcy Code; and

(l)      perform such other legal services as required or otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties set forth in the Bankruptcy Code, the Bankruptcy Rules, or other applicable law.

## **PROFESSIONAL COMPENSATION**

12.    White & Case has agreed to serve as counsel to the Committee and receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Committee, in accordance with sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, and as otherwise ordered by the Court.  The Committee requests that all such compensation and reimbursement incurred by the Committee on account of services rendered by White & Case be paid as administrative expenses of the Debtors' estates pursuant to sections 328(a), 330, 331, 503(b), and 507(a)(2) of the Bankruptcy Code.

13.     White & Case will charge its then current standard rate for the professional services that White & Case has provided to date and will provide in the future.  Currently, the hourly rates charged by White & Case in its U.S. offices range from $1,370 to $2,100 for partners, $1,310 for counsel, $740 to $1,270 for associates, and $215 to $640 for paraprofessionals.  White & Case has advised the Committee that the hourly rates set forth above are subject to periodic review and adjustment in the normal course of the firm's business, typically on January 1st of each year, and due to the increased experience of a particular professional.  Such adjustments were last made in January 2023.  If its billing rates increase, White & Case will provide notice of any such rate increases in the fee statements in which such increased rates are first in effect.

14.     The hourly rates set forth above are White & Case's current standard rates and (as noted above) are subject to periodic adjustment in the ordinary course of business.  These rates are set at a level designed to fairly compensate White & Case for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  White & Case also charges its clients in all areas of practice for expenses incurred in connection with each client's case.  The expenses charged to clients include, among other things, printing and photocopying, postage and package delivery charges, e-discovery expenses, court fees, transcript costs, travel expenses, expenses for overtime meals, and computer-aided research, as set forth in the Engagement Agreement.  White & Case will seek reimbursement, subject to the Court's approval, for all such expenses incurred by White & Case on the Committee's behalf.  All requests for reimbursement of expenses will adhere to any guidelines established by the Court.

15.     White & Case will apply to this Court for allowance of compensation for professional services rendered and reimbursement of expenses in accordance with sections 328, 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local

Rules, and any other applicable procedures and orders of the Court, for all professional services performed and expenses incurred in these Chapter 11 Cases. White & Case also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures under the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "**U.S. Trustee Guidelines**"), both in connection with this Application and the interim and final applications to be filed by White & Case in these Chapter 11 Cases.[2]

16.     Pursuant to Bankruptcy Rule 2016(b), White & Case has no agreement with any other entity to share any compensation received by White & Case, except as permitted under section 504(b)(1) of the Bankruptcy Code. White & Case has not received any promises as to payment or compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein.

17.     White & Case did not receive any payments from the Debtors within the ninety-day period before the Petition Date.

**BASIS FOR RELIEF**

18.     Under section 1103 of the Bankruptcy Code, the Committee may, subject to approval by the Court, "select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."

19.     The Committee seeks to retain White & Case as counsel pursuant to sections 1103

---

[2]     White & Case's intention to make reasonable effort to comply with the United States Trustee's requests for information and additional disclosures under the U.S. Trustee Guidelines in connection with this Application and the interim and final fee applications to be filed by White & Case in these Chapter 11 Cases is based exclusively on the facts and circumstances of these Chapter 11 Cases. White & Case fully reserves the right to object to the requirements contained in the U.S. Trustee Guidelines should it determine that it is appropriate to do so.

7

and 328(a) of the Bankruptcy Code, which provides that the Committee, subject to Court approval:

> [M]ay employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

20.     It is necessary and essential that the Committee employ counsel to render the professional services stated above.  The Committee selected White & Case to serve as its counsel because it believes that White & Case is well positioned to provide the legal services that the Committee will require during these Chapter 11 Cases.  White & Case is one of the world's leading law firms, with extensive knowledge, experience, and expertise in representing stakeholders in large, complex chapter 11 cases, as stated in the O'Neill Declaration.  White & Case also has extensive expertise in other fields of law that are implicated by these Chapter 11 Cases, including, among others, intellectual property law, corporate law, commercial litigation, banking and finance law, mergers and acquisitions law, and tax law.

21.     Section 1103(b) of the Bankruptcy Code provides that an "attorney . . . employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103(b).  As set forth in the O'Neill Declaration, White & Case does not hold or represent any interest in these Chapter 11 Cases that is adverse to the Debtors, as required by section 1103(b) of the Bankruptcy Code.  Moreover, to the best of the Committee's knowledge, except as stated in the O'Neill Declaration, (i) to the extent applicable, White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (ii) neither White & Case nor its professionals have any connection with the Debtors, the creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any

8

person employed in the office of the United States Trustee; and (iii) White & Case does not hold or represent any interest adverse to the Committee in the matters for which it is to be retained. Accordingly, the Committee believes that White & Case is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and used in section 328(c) of the Bankruptcy Code to the extent applicable to the Committee's retention of White & Case.

22.     White & Case is expected to render such legal services as the Committee may consider necessary to discharge the Committee's responsibilities and further the interests of its constituents in these Chapter 11 Cases.  For these reasons, the Committee submits that the retention of White & Case is necessary, appropriate, and in the best interests of its constituents. Additionally, ordering the Committee's retention of White & Case effective as of August 28, 2023 is appropriate.  White & Case has been representing the Committee in connection with these Chapter 11 Cases since the Committee voted to retain White & Case to act as its counsel.  The Committee believes that no party-in-interest will be prejudiced by the granting of the employment effective as of August 28, 2023, as provided in this Application, because White & Case has provided and continues to provide valuable services to the Committee.

## **NOTICE**

23.     Notice of the Application will be given to the following parties or their counsel: (i) the Debtors; (ii) the Office of the U.S. Trustee for the District of Delaware; (iii) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (iv) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com) and Alexander J. Nicas, Esq. (anicas@goodwinlaw.com); (v) co-counsel to the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP,

Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899, Attn:

David M. Fournier, Esq. (david.fournier@troutman.com); (vi) the United States Attorney's Office

for the District of Delaware; (vii) the state attorneys general for all states in which the Debtors

conduct business; and (viii) any party that requests service pursuant to Bankruptcy Rule 2002.  The

Committee submits that, in light of the nature of the relief requested and the circumstances

surrounding these Chapter 11 Cases, no other or further notice is required or necessary.

## <u>NO PRIOR REQUEST</u>

24.    No previous application for the relief sought herein has been made by the

Committee to this Court or any other court.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Committee requests that the Court enter the Proposed Order, annexed hereto as Exhibit A, (i) approving the retention and employment of White & Case as counsel, effective as of August 28, 2023, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and (ii) granting the Committee such other and further relief as the Court deems just and proper.

Dated: September 20, 2023
      Coshocton, Ohio

Respectfully submitted,

The Official Committee of Unsecured Creditors of Amyris, Inc., *et al.*,

By: Wiley Companies

By:

/s/ Joshua Wiley

Joshua Wiley, solely in his capacity as representative of the Committee and not in his personal capacity.

11