IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: October 18, 2023 at 2:00 p.m. (ET)<br>Obj. Deadline: October 4, 2023 at 4:00 p.m. (ET) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF AMYRIS, INC., *ET AL*., FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF POTTER ANDERSON & CORROON LLP
AS DELAWARE COUNSEL, EFFECTIVE AS OF AUGUST 28, 2023**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby files this application (the "**Application**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the retention and employment of Potter Anderson & Corroon LLP ("**Potter Anderson**") as its Delaware counsel, pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Application, the Committee also files the (i) *Declaration of Christopher M. Samis of Potter Anderson & Corroon LLP in Support of the Application of the Official Committee of Unsecured Creditors of Amyris, Inc., et al., for Entry of*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

11001593v.1

*an Order Authorizing the Employment and Retention of Potter Anderson & Corroon LLP as Delaware Counsel, Effective as of August 28, 2023* (the "**Samis Declaration**"), attached hereto as **Exhibit B**, and (ii) *Declaration of Joshua Wiley of Wiley Companies, Member of the Committee, in Support of the Application of the Official Committee of Unsecured Creditors of Amyris, Inc., et al., for Entry of an Order Authorizing the Employment and Retention of Potter Anderson & Corroon LLP as Delaware Counsel, Effective as of August 28, 2023* (the "**Case Declaration**"), attached hereto as **Exhibit C**, and respectfully represents as follows:

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has jurisdiction to consider and grant the relief requested herein. A proceeding to consider and grant such relief is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 9013-1(f), the Committee hereby confirms its consent to the entry of a final order by this Court in connection with this Application if it is later determined that this Court, absent consent of the parties, cannot enter a final order or judgment with respect to this Application, consistent with Article III of the United States Constitution.

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-2.

## BACKGROUND

3. On August 9 and August 21, 2023 (as applicable, the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (these "**Chapter 11 Cases**"). The Debtors continue to operate their business and manage their property as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

2

4. On August 27, 2023, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven (7) members: (i) Cosan U.S. Inc.; (ii) U.S. Bank Trust Company, National Association as Trustee, Inc.; (iii) Sartorius Stedim North America, Inc.; (iv) Hearst Magazine Media, Inc.; (v) Wiley Companies; (vi) Park Wynwood, LLC.; and (vii) Allog Participacoes, Ltda. *See* Docket No. 152.

5. On August 28, 2023, the Committee selected White & Case LLP ("**White & Case**") as its proposed lead counsel and Potter Anderson as its proposed Delaware counsel. On August 30, 2023, the Committee selected FTI Consulting, Inc., as its proposed financial advisor, and on September 1, 2023, Jefferies LLC as its investment banker.

## RELIEF REQUESTED AND REASONS THEREFOR

6. By this Application, pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Committee requests the entry of the proposed order attached hereto as **Exhibit A**, approving the employment and retention of Potter Anderson as the Committee's Delaware counsel in connection with these Chapter 11 Cases, effective as of August 28, 2023.

7. Pursuant to section 1103(a) of the Bankruptcy Code, the Committee requests that this Court approve the employment of Potter Anderson as its Delaware counsel to provide the following services:

   a. providing legal advice regarding local rules, practices, and procedures and providing substantive and strategic advice on how to accomplish Committee goals, bearing in mind that the Delaware Bankruptcy Court relies on Delaware counsel such as Potter Anderson to be involved in all aspects of each bankruptcy proceeding;

      b.      drafting, reviewing, and commenting on drafts of documents to ensure compliance with local rules, practices, and procedures;[2]

      c.      drafting, filing, and service of documents as requested by White & Case;

      d.      preparing certificates of no objection, certifications of counsel, and notices of fee applications;

      e.      printing of documents and pleadings for hearings, and preparing binders of documents and pleadings for hearings;

      f.      appearing in Court and at any meetings of creditors on behalf of the Committee in its capacity as Delaware counsel with White & Case;

      g.      monitoring the dockets in these Chapter 11 Cases for filings and coordinating with White & Case on pending matters that may need responses;

      h.      participating in calls with the Committee;

      i.      providing additional administrative support to White & Case, as requested; and

      j.      performing such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules, or other applicable law.

8.      To the extent that Potter Anderson is assigned by the Committee to perform new services as requested by the Committee that may be necessary and proper in these Chapter 11 Cases that are materially different from the above-described services (or as otherwise described in the Application), Potter Anderson will file a supplemental declaration in accordance with Bankruptcy Rule 2014, as required by Part F.1.c of the Revised UST Guidelines (as defined herein).

9.      The Committee is familiar with the professional standing and reputation of Potter Anderson. The Committee has selected Potter Anderson because of its extensive experience and

---

[2] Potter Anderson expects that there may be occasions when it will be asked to take the lead on discrete pleadings or matters. In such instances, Potter Anderson and White & Case do not expect to duplicate services.

4

outstanding reputation handling complex bankruptcy matters, including the representation of official committees of unsecured creditors and debtors, as well as litigation matters, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience and knowledge in practicing before this Court, its proximity to this Court, and its ability to respond quickly to emergency hearings and other emergency matters, and other matters that are likely to be at issue in these Chapter 11 Cases.  Further, the Committee believes that Potter Anderson is especially well-suited to serve as Committee counsel due to its attorneys' experience representing creditors' committees in other large chapter 11 cases in the United States Bankruptcy Court for the District of Delaware, including, but not limited to, such cases as *Special Devices, Inc., Boscov's Inc., Butler Services International Inc., Nortel Networks Inc., Broadstripe LLC, Nova Holding Clinton County, LLC, Vermillion, Inc., Vion Pharmaceuticals, Inc., Pure Beauty Salons & Boutiques, Inc., Ritz Camera & Image, L.L.C., Traffic Control & Safety Corp., AFA Investment Inc., EWGS Intermediary, LLC, TPO Hess Holdings, Inc., Highway Technologies, Inc., Quantum Foods LLC, RadioShack Corp., Ultura (LA) Inc., Northshore Mainland Services, Inc., Affirmative Insurance Constellation Enterprises LLC, Optima Specialty Steel, Inc., Emerald Oil Inc., GST AutoLeather, Inc., Peekay Acquisitions, LLC, Prestige Industries LLC, Rentech WP U.S., Inc., Rupari Holding Corp., TK Holdings Inc., Velocity Holding Company, Inc., Vitamin World, Inc., Tidewater, Inc., EV Energy Partners L.P., Heritage Home Group LLC, Hobbico, Inc., Samuels Jewelers, Inc., The Rockport Company, LLC, VER Technologies Holdco LLC, Videology, Inc., ATD Corp., Charlotte Russe Holdings, Inc., Z Gallerie, LLC, Emerge Energy Services LP, Avenue Stores, LLC, Cedar Haven Acquisition, LLC, Charming Charlie Holdings Inc., Celadon Group, Inc., Sienna Biopharmaceuticals, Inc., Fleetwood Acquisition Corp., Yueting Jia, Vector Launch Inc., High Ridge Brands Co., SFP Franchise Corp., True Religion Apparel, Inc.,*

5

*Techniplas, LLC*, *Exide Holdings, Inc.*, *John Varvatos Enterprises Inc.*, *Rubio's Restaurants, Inc.*, *smarTours, LLC*, *Furniture Factory Ultimate Holding, L.P.*, *In-Shape Holdings, LLC*, *Knotel, Inc.*, *Renovate America, Inc.*, *Medley LLC*, *The Collected Group, LLC*, *BHCosmetics Holdings, LLC*, *Independent Pet Partners*, *Fast Radius Inc.*, *Clovis Oncology, Inc.*, *Olympia Sports Acquisitions, LLC*, *CBC Restaurant Corp,* and *SiO2 Medical Products, Inc*. Accordingly, the Committee believes that Potter Anderson is well qualified to represent the Committee in these proceedings.

10. The services of Potter Anderson are necessary to enable the Committee to assess and monitor the efforts of the Debtors and to maximize the value of their estates. Potter Anderson is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

11. Potter Anderson has advised the Committee that it intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 279] (the "**Interim Compensation Order"**), and any other applicable procedures and orders of the Court. The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants and staff who provide services to the Committee. These hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

12. The current standard hourly rates charged by Potter Anderson professionals and paraprofessionals to be primarily staffed on this matter are set forth in the chart below:

| Billing Category | Hourly Rates |
|---|---|
| Partners | $675-$865 |
| Associates | $440-$575 |
| Paraprofessionals | $330-$350 |

13.     Consistent with the firm's policy with respect to its other clients, Potter Anderson will charge the Committee for all charges and disbursements incurred in rendering services to the Committee.  These customary items include, among other things, photocopying, facsimiles, travel, business meals, computerized research, postage, witness fees, and other fees related to trials and hearings.  Internal costs or overhead costs and document production services (including regular secretarial and word processing time), will not be charged separately.

14.     Based upon the Samis Declaration filed herewith, the Committee is satisfied that (i) Potter Anderson represents no interest adverse to the Committee, the Debtors, their estates, or any other party in interest in the matters upon which it is to be engaged and that its employment is in the best interest of the estates, (ii) Potter Anderson has no connection with any attorney employed in the office of the U.S. Trustee, and (iii) Potter Anderson has not been paid any retainer against which to bill fees and expenses.  To the best of the Committee's knowledge, Potter Anderson has no connection with creditors or any other party in interest except as otherwise noted in the Samis Declaration, and Potter Anderson is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

**STATEMENT REGARDING U.S. TRUSTEE GUIDELINES**

15.     Potter Anderson shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy

7

Rules, Local Rules, Interim Compensation Order, and any other applicable procedures and orders of the Court.

16. Potter Anderson also intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**"), both in connection with this Application and the interim and final fee applications to be filed by Potter Anderson in these Chapter 11 Cases.

17. The following is provided in response to the requests for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Potter Anderson did not represent the Committee in the 12 months prepetition. Potter Anderson may represent in the future certain Committee members and/or their affiliates in their capacities as members of official committees in other chapter 11 cases or individually in matters wholly unrelated to these Chapter 11 Cases. |

> **Question:** Has your client approved your prospective budget and staffing plan, and, if so for what budget period?
>
> Response: Potter Anderson expects to develop a budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Potter Anderson reserves all rights. The Committee has approved Potter Anderson's proposed hourly billing rates.

### **RETENTION EFFECTIVE AS OF AUGUST 28, 2023**

18. The Committee requests approval of the employment of Potter Anderson as its Delaware counsel effective as of August 28, 2023. Such relief is warranted by the circumstances presented by these Chapter 11 Cases. Upon its selection as Delaware counsel, Potter Anderson was required to immediately commence work on time sensitive matters and promptly devote substantial resources to the Chapter 11 Cases pending submission and approval of this Application. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring retroactive approval of retention. *See In re Arkansas Co.*, 798 F.2d 645, 650 (3d Cir. 1986); *see also In re Indian River Homes, Inc.*, 108 B.R. 46, 52 (D. Del. 1989).

### **NO PRIOR REQUEST**

19. No previous application for the relief sought herein has been made to this or any other court.

### **NOTICE**

20. Notice of the Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Debtors; (ii) the Office of the U.S. Trustee; (iii) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), and Alexander J. Nicas, Esq. (anicas@goodwinlaw.com); (iv) co-counsel to the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders,

Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com); and (d) any party that requests service pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested and the circumstances surrounding these Chapter 11 Cases, no other or further notice is required or necessary.

**WHEREFORE,** the Committee hereby respectfully requests that it be authorized to retain and employ Potter Anderson as its Delaware counsel effective as of August 28, 2023, and that Potter Anderson be paid such compensation as may be allowed by this Court, and for such other further relief as is deemed just and proper.

Dated: September 20, 2023
Wilmington, Delaware

Respectfully submitted,

The Official Committee of Unsecured Creditors of Amyris, Inc., *et al.*,

/s/ Joshua Wiley

Joshua Wiley of Wiley Companies, Member of the Committee, solely in its capacity as Member of the Committee