**<u>EXHIBIT A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. __** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
POTTER ANDERSON & CORROON LLP AS DELAWARE COUNSEL
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
AMYRIS, INC., *ET AL.*, EFFECTIVE AS OF AUGUST 28, 2023**

Upon the application (the "**Application**")[2] of the Official Committee of Unsecured Creditors (the "**Committee**") in the above-captioned chapter 11 cases (these "**Chapter 11 Cases**") for entry of an order (this "**Order**") authorizing the Committee to employ and retain Potter Anderson & Corroon LLP ("**Potter Anderson**") as its Delaware counsel effective as of August 28, 2023, the date the Committee determined to employ Potter Anderson in these Chapter 11 Cases, pursuant to section 1103 of title 11 of the United States Code; and upon the (i) *Declaration of Christopher M. Samis of Potter Anderson & Corroon LLP in Support of the Application of the Official Committee of Unsecured Creditors of Amyris, Inc., et al., for Entry of an Order Authorizing the Employment and Retention of Potter Anderson & Corroon LLP as Delaware Counsel, Effective as of August 28, 2023* (the "**Samis Declaration**"), attached to the Application as **Exhibit B**, and (ii) the *Declaration of Joshua Wiley of Wiley Companies, Member of the Committee, Member of the Committee in Support of the Application of the Official Committee of*

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

*Unsecured Creditors of Amyris, Inc., et al., for Entry of an Order Authorizing the Employment and Retention of Potter Anderson & Corroon LLP as Delaware Counsel, Effective as of August 28, 2023* (the "**Case Declaration**"), attached to the Application as **Exhibit C**; and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application was appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application and the Samis Declaration, that Potter Anderson does not represent or hold any interest adverse to the Committee in connection with these Chapter 11 Cases, and that Potter Anderson is a "disinterested person," as such term is defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application, the Samis Declaration, and the Case Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with section 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is authorized to employ and to retain Potter Anderson as its Delaware counsel, effective as of August 28, 2023, on the terms and conditions set forth in the Application and the Samis Declaration.

3.      Potter Anderson shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy

2

Rules, the Local Rules, the Interim Compensation Order, and any other applicable procedures and orders of the Court after notice and a hearing pursuant to any other applicable procedures and orders of the Court.  Potter Anderson also intends to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and any interim and final fee application(s) filed by Potter Anderson in these Chapter 11 Cases.

4.      Notwithstanding anything to the contrary in the Application, Potter Anderson shall not seek reimbursement of expenses for office supplies.

5.      Notwithstanding anything to the contrary in the Application, Potter Anderson shall not seek reimbursement of any fees or costs arising from the defense of any of Potter Anderson's monthly fee statements or fee applications in these Chapter 11 Cases.

6.      To the extent that Potter Anderson, in any fee application, seeks reimbursement of charges incurred by Potter Anderson in connection with providing overtime secretarial assistance, all parties' rights to object to the allowance of such charges are reserved.

7.      The Committee and Potter Anderson are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3

9.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

4