**EXHIBIT B**

**Declaration of Christopher M. Samis**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF CHRISTOPHER M. SAMIS
OF POTTER ANDERSON & CORROON LLP IN SUPPORT OF THE
APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF AMYRIS, INC., *ET AL.*, FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF POTTER ANDERSON & CORROON LLP
AS DELAWARE COUNSEL, EFFECTIVE AS OF AUGUST 28, 2023**

I, Christopher M. Samis, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a member of the firm of Potter Anderson & Corroon LLP ("**Potter Anderson**"), which maintains an office for the practice of law at 1313 N. Market Street, Wilmington, Delaware 19801. I am an attorney-at-law, duly admitted and in good standing to practice in the State of Delaware and the United States District Court for the District of Delaware.

2. I submit this declaration pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") in support of the accompanying application (the "**Application**")[2]

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

11001593v.1

2

of the Official Committee of Unsecured Creditors (the "**Committee**") of Amyris, Inc., *et al.* (collectively, the "**Debtors**") to employ and retain Potter Anderson as its Delaware counsel.

3.     Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth.  To the extent that any information disclosed herein requires amendment or modification upon Potter Anderson's completion of further analysis or as additional information becomes available to Potter Anderson, a supplemental declaration will be submitted to the Court. Subject to the approval of this Court and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, Potter Anderson intends to apply for compensation for professional services rendered in connection with these Chapter 11 Cases, plus reimbursement of actual, necessary expenses and other charges incurred by Potter Anderson during these Chapter 11 Cases.  The proposed rates of compensation, subject to final Court approval, are the customary hourly rates in effect when services are performed by the attorneys, legal assistants, and staff who provide services to the Committee.  These hourly rates are subject to periodic adjustment and the Committee has been advised of that fact.

4.     The current standard hourly rates charged by Potter Anderson professionals and paraprofessionals to be primarily staffed on this matter are set forth in the chart below:

| BILLING CATEGORY | HOURLY RATES |
|---|---|
| Partners | $675-865 |
| Associates | $440-$575 |
| Paraprofessionals | $330-$350 |

5.     The hourly rates set forth above are Potter Anderson's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Potter Anderson fairly for the work of their attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  The hourly rates set forth above are subject to periodic adjustments to reflect economic

2

and other conditions. Other attorneys and paraprofessionals within Potter Anderson may, from time to time, serve the Committee in connection with the matters described herein. Potter Anderson has not received a retainer in connection with its representation of the Committee in these Chapter 11 Cases.

6.  It is Potter Anderson's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, regular mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs as well as non-ordinary overhead expenses such as secretarial and other overtime. Potter Anderson will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to Potter Anderson's other clients or as previously fixed by this Court. Potter Anderson believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread these expenses among all clients.

7.  Neither I, Potter Anderson, nor any partner, counsel, associate, or other attorney at Potter Anderson, insofar as I have been able to ascertain, has in the past represented the Debtors' largest creditors, any significant beneficiaries of the Debtors (holding 5% or more of the beneficial interest in the Debtors), or any Potential Party in Interest (as defined below), except as set forth herein.

8.  In preparing this declaration, Potter Anderson has used a set of procedures established by the firm to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding retention of professionals by an official committee under the Bankruptcy Code. In that regard, Potter Anderson obtained a list of names and entities from the

11001593v.1

Debtors who may be parties in interest in these Chapter 11 Cases, including *inter alia*, the Debtors, non-Debtor affiliates, the Debtors' unsecured creditors, including trade vendors, the Debtors' agents, lenders, and lienholders, equity holders of the Debtors, present and former officers and directors of the Debtors, and other significant parties in interest (the "**Potential Parties in Interest**"). A list of the Potential Parties in Interest is attached hereto as **Exhibit 1**.

9. Potter Anderson maintains and systematically updates its conflict check system in the regular course of its business, and it is the regular practice of Potter Anderson to make and maintain these records. The conflict system maintained by Potter Anderson is designed to include (i) every matter on which it is now or has been engaged, (ii) the entity by which it is now or has been engaged, (iii) the identity of related parties, (iv) the identity of adverse parties, and (v) the attorney at Potter Anderson that is knowledgeable about the matter. It is Potter Anderson's policy that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and the related and adverse parties. Accordingly, the database is updated for every new matter undertaken by Potter Anderson. The scope of the system is a function of the completeness and accuracy of the information submitted to the attorney opening a new matter.

10. Potter Anderson has in the past represented, currently represents, and/or may in the future represent, in matters wholly unrelated to the Debtors or these Chapter 11 Cases, certain Potential Parties in Interest (including, without limitation, those entities set forth on **Exhibit 2**, attached hereto, who are current clients or are affiliates thereof, and those entities or affiliates thereof set forth on **Exhibit 3**, attached hereto, who have been represented by Potter Anderson within the last five (5) years). I do not believe that any single matter is a major engagement that,

alone or in the aggregate with other engagements for the same entity, involves the billing of fees in excess of one percent (1%) of Potter Anderson's fees billed over the past twelve months.

11. Going forward, Potter Anderson will represent no entity other than the Committee in connection with these Chapter 11 Cases. However, Potter Anderson may represent a successor in interest to the Committee pursuant to a confirmed plan in these Chapter 11 Cases.

12. I do not believe there is any connection or interest (as such terms are used in section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Potter Anderson and (i) any attorney employed by the Office of the United States for the District of Delaware or (ii) any counsel, accountants, financial consultants, and investment bankers who represent or may represent claimants or other parties in interest in these Chapter 11 Cases. In addition, as part of its practice, Potter Anderson appears in cases, proceedings, and transactions involving many different attorneys, counsel, accountants, financial consultants, and investment bankers, some of which now or may in the future represent claimants and parties in interest in these Chapter 11 Cases. Potter Anderson has not and will not represent any such entities in relation to these Chapter 11 Cases nor have any relationship with any such entities that would be adverse to the Committee or its interests in the matters upon which Potter Anderson is to be employed.

13. I am not related to any United States Bankruptcy Judge or District Court Judge for the District of Delaware or to the United States Trustee for such district or any employee in the office thereof. One of Potter Anderson's partners, Kevin Shannon, is the brother of the Honorable Brendan Linehan Shannon, Judge of the United States Bankruptcy Court for the District of Delaware. Potter Anderson has instituted the appropriate measures, consistent with the Code of Conduct for United States Judges, so that Potter Anderson attorneys may appear in front of Judge Shannon. To the best of my knowledge, no other attorney at Potter Anderson is a relative of, or

5

currently has a connection with, the bankruptcy judges for the District of Delaware that would render the employment of Potter Anderson as Committee counsel improper.

14. Except as set forth herein, and based upon the information available to me, neither I, Potter Anderson, nor any partner, counsel or associate thereof, insofar as I have been able to ascertain, (i) is a creditor, an equity security holder, or an insider of the Debtors, (ii) is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors, or (iii) has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason. Based upon the information available to me, I believe that Potter Anderson is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

15. No promises have been received by Potter Anderson, or by any partner, counsel or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. Potter Anderson has no agreement with any other entity to share with such entity any compensation received by Potter Anderson.

16. Potter Anderson shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, Interim Compensation Order, and any other applicable procedures and orders of the Court. Potter Anderson also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C.*

*§ 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**"), both in connection with this application and the interim and final fee application(s) filed by Potter Anderson in these Chapter 11 Cases.

17.     The following is provided in response to the requests for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

| | |
|---|---|
| **Question:** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
| Response: | No. |
| **Question:** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response: | No. |
| **Question:** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response: | Potter Anderson did not represent the Committee in the 12 months prepetition. Potter Anderson may represent in the future certain Committee members and/or their affiliates in their capacities as members of official committees in other chapter 11 cases or individually in matters wholly unrelated to these Chapter 11 Cases. |
| **Question:** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |
| Response: | Potter Anderson expects to develop a budget and staffing plan to reasonably comply with the U.S. Trustee's request for information and additional disclosures, as to which Potter Anderson reserves all rights. The Committee has approved Potter Anderson's proposed hourly billing rates. |

Date: September 20, 2023         */s/ Christopher M. Samis*
                                                    Christopher M. Samis (No. 4909)

7

11001593v.1

**Exhibit 1[1]**
**Potential Parties in Interest**

**Debtor or Debtor affiliate**
AB Technologies LLC
Accessbio LLC
AMF Low Carbon, LLC
Amyris Bio Products Portugal, Unipessoal, Lda
Amyris Biotecnologia do Brasil Ltda
Amyris Clean Beauty Latam
Amyris Clean Beauty, Inc.
Amyris Eco-Fab LLC
Amyris Europe Trading B.V.
Amyris Fermentacao de Performance Ltda
Amyris Fuels, LLC
Amyris Purificacao de Performance do Brasil Ltda
Amyris Realsweet, LLC
Amyris UK Trading Limited
Amyris, Inc.
Amyris-Olika, LLC
Aprinnova, LLC
Beauty Labs International Limited
Clean Beauty 4U Holdings, LLC
Clean Beauty 4U LLC
Clean Beauty Collaborative, Inc.
DIPA Co., LLC
Ecofab, LLC
Interfaces Industria e Comercio de Cosméticos Ltda
MG Empower Limited
Novvi LLC
Onda Beauty Inc.
Total Amyris Bioslutions BV
Upland 1 LLC

**Bankruptcy Professionals**
Ankura
Blank Rome
Fenwick & West LLP
Goodwin Procter LLP
Klee Tuchin Bogdanoff & Stern LLP
Latham & Watkins
Pachulski Stang Ziehl & Jones LLP
Paul Hastings
Phil Gund, Chief Restructuring Officer
PwC
Stretto

**Banks**
Bank of the West
Barclays
HSBC
J.P. Morgan SE
JPMorgan Chase Bank, N.A.
US Bank

**Bondholders - Indenture Trustee**
U.S. Bank National Association, as Trustee for Convertible Notes

**Director (current)**
Ana Dutra
Frank Kung
Geoffrey Duyk
Jim McCann
John Doerr
Julie Washington
Lisa Qi
M Freddie Reiss
Ryan Panchadsaram
Steven Mills

**Director (former)**
Alexander MS, Ralph C.
Arnold Ph.D., Frances Hamilton

---

[1] The following list was provided to the Committee by Debtors' counsel. The Committee has not independently verified the contents of the list as being a complete and accurate list of all of the potential parties in interest, and the nature of their claims or interests in the Debtors and these Chapter 11 Cases. Additionally, in an abundance of caution the Committee has added Debtors' counsel and Committee professionals as potential parties in interest.

bin Khalifa Al Thani, Sheikh Abdullah
Blanch Ph.D., Harvey W.
Bohlmann Ph.D., Jörg
Boisseau, Philippe
Chua Ph.D., Nam-Hai
de Castro Reinach Ph.D., Fernando
de Oliveira Diniz, Paulo Sergio
Fenical, William H.
Georgiadis, Mary Margaret-Hastings
Goppelsroeder, Christoph G.
Heathcock Ph.D., Clayton H.
Keasling Ph.D., Jay D.
Levinson, Arthur D.
Martin Ph.D., Vincent
Melo, John G.
Newman, Jack D.
Ostrach J.D., Michael S.
Philip Eykerman
Patrick Yang
Pichette, Patrick
Piwnica LLM, Carole Callebaut
Reiling, Kinkead Kinkead
Renninger Ph.D., Neil
Soares Portela, Mario Neutel
Williams, R. Neil

**Officer (current)**
Alvarez, Eduardo
Dreyer CPA, Elizabeth E.
Kieftenbeld, Hermanus

**Officer (former)**
Hughes, Anthony
Kelsey, Nicole
Melo, John G.
Valiasek, Kathleen

**Insurance**
ACE American Insurance Company
Everest Indemnity Insurance Company
Federal Insurance Company
Hiscox
TDC National Assurance Company
Travelers
Underwriters at Lloyd's London

**Landlords**
3700 Highway 421 Owner LLC
Caliope Realty Associatees LLC
Chodosh Realty Services, Inc
Colliers International
Continental Real Estate Companies
CPI Hospitality LLC
Crown Properties
Design District Development Pa
Design District Development Partners LLC
Design District ERFR LLC & RFR Holding LLC
Duane Ventures
Emerystation Triangle, LLC
Epic W12 LLC
ES East, LLC
Flowing Water Creek, LLC
Holis R&D Associates
Kaufman Friedman Plotnicki & Grun, LLP
Lachtman Cohen P.C
Larringa Sisters LLC
McDermott Will & Emery LLP
Oak Plaza Associates (DEL), LLC
Olshan Frome Wolosky LLP
Palm Beach Holdings 3940, LLC
Park Wynwood LLC
Shartsis Friese LLP
Stewart Ward & Josephson LLP
TriStar Capital LLC
Weisman, Brodie, Starr & Margolies, P.A.

**Lenders**
Anesma Group, LLC
Anjo Ventures, LLC
DSM Finance B.V.
Foris Ventures, LLC
Muirisc, LLC
Perrara Ventures, LLC

**Lenders' Professionals**
Goodwin Procter LLP
Troutman Pepper Hamilton Sanders LLP

**Utilities**
ACI FLORIDA POWER & LIGHT

2

Advanced Chemical Transport Inc
Advanced Chemical Transport Inc
AT&T
AT&T Mobility LLC
AT&T U-verse(SM)
Brunswick County Public Utilities
CloudWyze
ConEdison
Duke Energy
East Bay Municipal Utility District
First Digital Communications, LLC
Garratt-Callahan Company
GFL Environmental - Company
Linde Gas & Equipment Inc.
M&M Sanitation Corporation
NC Division of Waste Management
Pacific Gas and Electric Company
Paxio Inc
Piedmont Natural Gas
US Waste Industries, Inc.
Verizon Wireless
Waste Management of Alameda County
Waste Management of Alameda County
Winters Bros Waste Systems

**Top 30 Creditors**
ADL Biopharma
Allog Transportes Internaciona
Allure Labs, Inc.
Cosan US LLC
Cosmetix West
DB Ventures Ltd.
DSM USA
Epic W12 LLC
ES East, LLC
Evonik Corporation
Gibson, Dunn & Crutcher LLP
Global4PL Supply Chain Services
Hearst Magazine Media
Hollis R&D Associates
Microsoft Corporation
Nest-Filler USA
Nikko Chemicals Co Ltd
Nippon Surfactant Industries Co., Ltd (Nissa)

Northwest Comsmetics Labs
Outfront Media
Palm beach Holdings 3940 LLC
Park Wynwood, LLC
PMG Worldwide, LLC
Rakuten Advertising
Sartorius Stedim North America
Shearman & Sterling LLP
Todd Shemarya Artists, Inc.
U.S. Bank National Association, as Trustee for Convertible Notes
Wiley Companies
Workday, Inc.

**Committee Professionals**
Potter Anderson & Corroon LLP
White & Case LLP

**Trade Vendors**
ADL BIOPHARMA
Agilent Technologies Inc
Allog Transportes Internaciona
Allure Labs, Inc.
Avalara, Inc.
Berma LLC DBA NoGood
Bio Base Europe Pilot Plant
Capsum Inc.
CFGI Holdings, LLC
Cigna HealthCare
Colorado Quality Products, LLC
Cosmetix West
CPCneutek
DB Ventures Limited
DSM Nutritional Products Ltd
ECS Axcess Point LLC
Evonik Corporation
Facebook, Inc.
Folio3 Software Inc
Fusion Packaging, LLC
Global4PL Supply Chain Services
Hanft Ideas LLC
Hearst Magazine Media
JVN Entertainment INC
Little Bear Studios
Mass Construction Corporation

3

11001593v.1

MuteSix, LLC
NB Ventures, Inc.
Nest-Filler USA
Outfront Media
PerkinElmer Informatics Inc.
Perpetua Labs, Inc.
Petty Cash Inc
Pinterest, Inc
PMG Worldwide, LLC
Quiet Logistics, Inc.
Rakuten Advertising
Renfield Manufacturing LLC
RR Donnelley & Sons Company
Sartorius Stedim North America
TargetCW
Todd Shemarya Artists, Inc.
Walmart Inc
Wiley Companies
Wisconsin BioProducts
World Wide Technology, LLC

**Litigation**
AO Representative Expense Fund, LLC,
Austrade Inc.
BaM Productions, Inc. v. Amyris Clean Beauty, Inc.
Disruptional Ltd. and &Vest Beauty Labs LP v. Amyris, Inc.
Ebates Performance Marketing Inc. dba Rakuten Rewards et al. v.
IN RE AMYRIS, INC. Stockholder Derivative Litigation (Other Defendants: Melo, Doerr, Kung, Duyk, Mills and former D&Os)
Jasmina Samardzic v. Amyris, Inc.
Keith Jordan Bronsdon v. Amyris, Inc.
Lavvan Inc. v. Amyris, Inc.
Lavvan, Inc.
Little Bear Studios v. Amyris Clean Beauty et al.
Park Wynwood, LLC v. Amyris, Inc.
PMG Worldwide LLC v. Amyris Clean Beauty, Inc
Reid Architecture PLLC v. Amyris, Inc.
Roth v. Foris Ventures, LLC et al.
Strukmyer, LLC v. Amyris Clean Beauty, Inc.
Velem LLC v. Amyris Clean Beauty, Inc.
Wilkins Media, LLC, v. Amyris, Inc.
Ziegelman et al. v. Amyris, Inc.

**Ordinary Course Professionals**
Accell Global Risk Solutions, Inc.
Accenture LLP
CFGI Holdings, LLC
Clark & Elbing LLP
Cowen & Company LLC
Deloitte Consulting, LLP
Deloitte Tax LLP
Duff & Phelps LLC
Fish & Richardson P.C.
Global Retirement Partners, LLC
Hanson Bridgett LLP
Hulst & Handler LLP
Macias Gini & O'Connell LLP
Michael Herrinton
Oppenheimer & Co. Inc.
Shipman & Goodwin LLP
Squire Patton Boggs

**Other Professionals**
Deloitte Consulting, LLP
Fish & Richardson P.C.
Gibson, Dunn & Crutcher LLP
Macias Gini & O'Connell LLP
Shearman & Sterling LLP

**Taxing Authorities**
Alabama Department of Revenue
Brunswick County Revenue Dept.
California Department of Tax
City of Emeryville
DC Treasurer
Delaware Secretary of State
HMRC Birmingham Stamp Office
Internal Revenue Service Center
NCDOR
New York State Corporation Tax
North Carolina Dept of Revenue
North Carolina Secretary of State

4

NYC Department of Finance
Oklahoma Tax Commission - Franchise
Pinheironeto Advogados
State of California Franchise Tax Board
State of New Jersey
Texas Comptroller of Public Accts
The Commonwealth of Massachusetts
United States Small Business Admin
United States Treasury
Wyoming Department of Revenue

**5% or More Equity Holders**
Foris,Ventures,LLC

**Ad Hoc Noteholder**
Braidwell Partners Master Fund LP
Context Capital Management, LLC
D. E. Shaw Valence Portfolios, L.L.C.
DLD Asset Management
Lazard Asset Management LLC
Linden Advisors LP
Schottenfeld Management Corp.
Silverback Asset Management, LLC
Wolverine Flagship Fund Trading Limited

**Government/Regulatory Agencies**
DEA
Department of Agriculture
EPA
FDA
US Environmental Protection Agency

**U.S. Trustee Office**
Benjamin Hackman
Christine Green
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Nyanquoi Jones
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.

**Bankruptcy Judges**
Chief Judge Laurie Selber Silverstein
Judge Ashely M. Chan
Judge Brendan L. Shannon
Judge Craig T. Goldblatt
Judge J. Kate Stickles
Judge John T. Dorsey
Judge Karen B. Owens
Judge Mary F. Walrath
Judge Thomas M. Horan

**Exhibit 2 – Current Clients[1, 2]**

Accenture plc
Deloitte Financial Advisory GmbH
Fenwick & West LLP
Barclays Bank PLC
Morris James

---

[1] Parties that are both current clients and former clients of Potter Anderson are listed only on Exhibit 2 – Current Clients.

[2] Due to the similarity of names and certain entities, Potter Anderson was not able to determine if all the entities listed herein are actually affiliates of certain clients.  However, out of an abundance of caution, Potter Anderson has listed those entities which it reasonably believes to be affiliates of current clients.

## Exhibit 3 – Former Clients[1]

Agilent Technologies Inc.
Paul Hastings LLP

---

[1] Due to the similarity of names and certain entities, Potter Anderson was not able to determine if all the entities listed herein are actually affiliates of certain clients. However, out of an abundance of caution Potter Anderson has listed those entities which it reasonably believes to be affiliates of former clients.