# EXHIBIT C

## Declaration of Joshua Wiley

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF JOSHUA WILEY OF WILEY COMPANIES,
MEMBER OF THE COMMITTEE IN SUPPORT OF APPLICATION OF
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF AMYRIS, INC., *ET AL.*
FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF POTTER ANDERSON & CORROON LLP AS DELAWARE
COUNSEL, EFFECTIVE AS OF AUGUST 28, 2023**

I, Joshua Wiley, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. My name is Joshua Wiley. I am over the age of 21 and am competent in all respects to make this Declaration. I am a representative of Wiley Companies, which serves as a member of the Official Committee of Unsecured Creditors (the "**Committee**") of Amyris, Inc., *et al*. (collectively, the "**Debtors**"). I make this declaration in support of the Committee's application (the "**Application**") to retain Potter Anderson & Corroon LLP ("**Potter Anderson**") as Delaware counsel pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Except as otherwise noted, I have personal knowledge as to all the information set forth below.

2. This declaration is provided pursuant to ¶ D.2 of the *Guidelines for Reviewing*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**") promulgated by the Office of the United States Trustee (the "**U.S. Trustee**").  I am informed by Potter Anderson that the Revised UST Guidelines require that any application for employment of an attorney under sections 327 or 1103 of the Bankruptcy Code be accompanied by a verified statement from the client that addresses the following:

> a. The identity and position of the person making the verification.  The person ordinarily should be the general counsel or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.
>
> b. The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.
>
> c. The number of firms the client interviewed.
>
> d. If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.
>
> e. The procedures the client has established to supervise the applicant's fees and expenses and to manage costs.  If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why.  In addition, describe any efforts to negotiate rates including rates for routing numbers, or in the alternative to delegate such matters to less expensive counsel.

**A.   Identity of Declarant**

3. On August 9 and August 21, 2023 (as applicable, the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (these "**Chapter 11 Cases**").  The Debtors continue to operate their business and manage their property as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On August 27, 2023, the U.S. Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  The Committee consists of the following seven (7) members:

2

(i) Cosan U.S. Inc.; (ii) U.S. Bank Trust Company, National Association as Trustee, Inc.; (iii) Sartorius Stedim North America, Inc.; (iv) Hearst Magazine Media, Inc.; (v) Wiley Companies; (vi) Park Wynwood, LLC.; and (vii) Allog Participacoes, Ltda. *See* Docket No. 152.

5. As a member of the Committee, I was directly involved in the Committee's decision to retain Potter Anderson as its Delaware counsel in these Chapter 11 Cases, and actively participated in negotiating the terms of Potter Anderson's employment together with members of the Committee.

### B. Steps Taken to Ensure Comparability of Engagement Terms

6. I have confirmed with Potter Anderson that, while its billing rates vary from attorney to attorney based on such factors as the attorney's seniority and position within the firm (e.g., partner, associate), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates are comparable to the rates of firms similar to Potter Anderson and do not vary as a function of whether the services performed relate to a bankruptcy engagement or a non-bankruptcy engagement. The Committee has been informed that Potter Anderson endeavors to set the hourly rates for their attorneys and paraprofessionals at levels competitive to those charged by firms with which they compete.

### C. Selection of Potter Anderson as Committee Counsel

7. The Committee selected Potter Anderson to serve as its Delaware counsel based upon its expertise in chapter 11 cases, as described in the Application. This decision was also premised upon Potter Anderson's bankruptcy and non-bankruptcy billing practices, hourly rates, and experience. The Committee interviewed other firms to serve as counsel.

8. The Committee arrived at this decision to enable it to faithfully execute its duties on behalf of the Debtors' unsecured creditors. As a result of the size and complexity of these Chapter 11 Cases, and the numerous matters which require immediate attention, the Committee

3

determined that employing Potter Anderson as its Delaware counsel effective as of August 28, 2023 was the most prudent option.

D. **Other Circumstances Warranting Retention of Potter Anderson**

9. The Committee selected Potter Anderson as its Delaware counsel because of the firm's extensive experience and knowledge in the fields of creditors' rights, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, its expertise, experience, and knowledge in practicing before this Court, its proximity to this Court, and its ability to respond quickly to emergency hearings and other emergency matters. It is the Committee's opinion that these abilities will enable it to execute faithfully its duties under the Bankruptcy Code. Further, the Committee believes that Potter Anderson is especially well-suited to serve as Delaware counsel due to its personnel's experience representing creditors' committees in other large chapter 11 cases in the United States Bankruptcy Court for the District of Delaware, including, but not limited to, such cases as *Velocity Holding Company, Inc., Vitamin World, Inc., Tidewater, Inc., EV Energy Partners L.P., Heritage Home Group LLC, Hobbico, Inc., Samuels Jewelers, Inc., The Rockport Company, LLC, VER Technologies Holdco LLC, Videology, Inc., ATD Corp., Charlotte Russe Holdings, Inc., Z Gallerie, LLC, Emerge Energy Services LP, Avenue Stores, LLC, Cedar Haven Acquisition, LLC, Charming Charlie Holdings Inc., Celadon Group, Inc., Sienna Biopharmaceuticals, Inc., Fleetwood Acquisition Corp., Yueting Jia, Vector Launch Inc.*, *High Ridge Brands Co.*, *SFP Franchise Corp.*, *True Religion Apparel, Inc.*, *Techniplas, LLC*, *Exide Holdings, Inc.*, *John Varvatos Enterprises Inc.*, *Rubio's Restaurants, Inc.*, *smarTours, LLC*, *Furniture Factory Ultimate Holding, L.P.*, *In-Shape Holdings, LLC*, *Knotel, Inc.*, *Renovate America, Inc.*, *Medley LLC*, *Fast Radius, Inc.*, *and BHCosmetics Holdings, LLC, Independent Pet Partners, Clovis Oncology, Inc., Olympia Sports Acquisitions, LLC, CBC Restaurant Corp.*, and *SiO2 Medical Products, Inc.*

4

10. Prior to selecting Potter Anderson as Delaware counsel, the Committee discussed the hourly billing rates of the other firms and compared them to Potter Anderson's rates. In addition, the Committee confirmed that (i) the Potter Anderson attorneys staffed to this engagement will not be charging a premium or in any way increasing their hourly rates over the fees charged to non-bankruptcy clients and (ii) the material terms for the engagement are comparable to terms of other comparably skilled professionals. The Committee evaluated the breadth of the firms' experience and areas of expertise, the firms' prior history of representing committees, debtors, creditors, and other interested parties in chapter 11 cases, and the anticipated attorney's fees to be billed in connection with these Chapter 11 Cases.

### E.  Procedures Established to Supervise Fees and Expenses and Manage Costs

11. Throughout these Chapter 11 Cases, the Committee will supervise the fees and expenses incurred by Potter Anderson to manage costs. In particular, a member of the Committee will review Potter Anderson's invoices and monthly applications for payment of fees and reimbursement of expenses. The Committee understands that Potter Anderson historically increases the hourly billing rates for their professionals and paraprofessionals on a yearly basis, in the fall of each year. The Committee has consented to such ordinary course rate increases.

12. Potter Anderson will provide me with a budget and staffing plan, which the Committee will review. To the extent the Committee has an objection to the fees and expenses requested by Potter Anderson in any monthly fee statement that cannot be resolved to the Committee's satisfaction informally, Potter Anderson has informed me that they will file a Notice of Objection to Fee Statement on the Committee's behalf. In so doing, I understand that Potter Anderson reserves all rights to contest any such objection raised to the allowance or payment of its requested fees and expenses and the Committee reserves the right to retain conflicts counsel to prosecute any such fee objection to the extent it cannot be resolved informally by the parties.

13. Except as noted above, nothing contained herein is intended to limit Potter Anderson's ability to request allowance and payment of fees and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, nor to restrict Potter Anderson's right to defend any objection raised to the allowance or payment of such fees, nor to restrict the Committee's right to retain conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest, such as the U.S. Trustee.

14. Based on the foregoing, the Committee is of the opinion that it is necessary to employ Potter Anderson and that such employment is in the best interest of the Debtors' estates.

15. I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2023
Wilmington, Delaware

Respectfully submitted,

The Official Committee of Unsecured Creditors of Amyris, Inc., et al.,

/s/ *Joshua Wiley*
―――――――――――――――――――
Joshua Wiley of Wiley Companies, Member of the Committee, solely in its capacity as Member of the Committee

11001593v.1