**<u>Exhibit B</u>**

**Szlezinger Declaration**

IMPAC 11067113v.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF LEON SZLEZINGER IN**
**SUPPORT OF THE APPLICATION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN**
**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF JEFFERIES LLC AS INVESTMENT BANKER PURSUANT TO**
**11 U.S.C. §§ 327(a) AND 328(a), EFFECTIVE AS OF SEPTEMBER 1, 2023**
**AND (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS**

I, Leon Szlezinger, hereby declare under penalty of perjury that, to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1.     I am a Managing Director and Joint Global Head of Debt Advisory & Restructuring at Jefferies LLC ("Jefferies"), an investment banking and financial advisory firm with principal offices located at 520 Madison Avenue, New York, New York 10022, as well as at other locations worldwide.

2.     I submit this Declaration (this "Declaration") in support of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") for an

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]     Capitalized terms used in this Declaration and not immediately defined have the meanings given to such terms in the Application.

order authorizing the Committee to retain and employ Jefferies as its investment banker, effective as of September 1, 2023, pursuant to the terms and subject to the conditions of the Engagement Letter.

3.    Except as otherwise noted, I have personal knowledge of the matters set forth herein, and, if called as a witness, I would testify thereto.  Certain of the disclosures herein, however, relate to matters within the personal knowledge of other professionals at and representatives of Jefferies and are based on information provided by such professionals.

## JEFFERIES' QUALIFICATIONS

4.    I believe that Jefferies and the professionals it employs are uniquely qualified to advise the Committee on the matters for which Jefferies is proposed to be employed in a cost-effective, efficient, and timely manner.

5.    Jefferies is a registered broker-dealer with the United States Securities and Exchange Commission and a member of the Boston Stock Exchange, the International Stock Exchange, the Financial Industry Regulatory Authority, the Pacific Stock Exchange, the Philadelphia Stock Exchange, and the Securities Investor Protection Corporation.  Jefferies was founded in 1962 and is a wholly-owned subsidiary of Jefferies Financial Group LLC, which, together with its affiliates, has gross assets of approximately $51 billion and approximately 4,000 employees in more than 45 offices around the world.

6.    Jefferies provides a broad range of corporate advisory services to its clients including, without limitation, services relating to the following: (a) general financial advice; (b) mergers, acquisitions, and divestitures; (c) special committee assignments; (d) capital raising; and (e) corporate restructurings.  Jefferies and its senior professionals have extensive experience in the reorganization and restructuring of troubled companies, both out of court and in chapter 11

2

proceedings. Jefferies has advised debtors, creditor and equity constituencies, and purchasers in numerous reorganizations in the United States and worldwide. Since 2007, Jefferies has been involved in over 250 restructurings representing more than $550 billion in restructured liabilities.

7.      Jefferies has extensive experience in reorganization cases and has an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors, creditors, and creditors' committees throughout the United States. Jefferies has advised on the following chapter 11 cases, among others: *In re FTX Trading Ltd. Case* No. 22-11068- (JTD) (Bankr. D. Del. Feb. 15, 2023); *In re Clovis Oncology Inc.*, Case No. 22-11292 (JKS) (Bankr. D. Del. Feb. 8, 2023); *In re Hospitality Investors Trust*, Case No. 21-10831 (CTG) (Bankr. D. Del. May 20, 2021); *In re CarbonLite Holdings LLC*, Case No. 21-10527 (JTD) (Bankr. D. Del. Apr. 7, 2021); *In re Mallinckrodt plc*, Case No. 20-12522 (JTD) (Bankr. D. Del. Jan. 13, 2021); *In re Southland Royalty Co. LLC*, Case No. 20-10158 (KBO) (Bankr. D. Del. May 7, 2020); *In re Melinta Therapeutics, Inc.*, Case No. 19-12748 (LSS) (Bankr. D. Del. Feb. 7, 2020); *In re Clover Tech. Grp., LLC*, Case No. 19-12680 (KBO) (Bankr. D. Del. Jan. 21, 2020); *In re Dura Auto. Sys., LLC*, Case No. 19-12378 (KBO) (Bankr. D. Del. Dec. 3, 2019); *In re Cloud Peak Energy Inc.*, Case No. 19-11047 (KG) (Bankr. D. Del. Jul 1, 2019).

## JEFFERIES' DISINTERESTEDNESS

8.      In connection with its retention by the Committee, Jefferies undertook to determine whether Jefferies: (a) has any connection with the Debtors, their affiliates, their creditors, or any other parties in interest in these Chapter 11 Cases; or (b) has an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders.

9.      To check potential connections with the Debtors and other parties in interest in these Chapter 11 Cases, Jefferies has searched to determine whether it had any relationships with

3

the entities identified by the Debtors and its representatives as potential parties in interest listed on **Schedule 1** hereto (the "Potential Parties in Interest").  Specifically, Jefferies entered the names of the Potential Parties in Interest into a database containing the names of Jefferies' current and former investment banking clients.  To the extent that this inquiry has revealed that certain Potential Parties in Interest were current or former investment banking clients of Jefferies within the past three years, these parties have been identified on a list (the "Client Match List") annexed hereto as **Schedule 2**.  Through the information generated from the aforementioned inquiry and through follow-up inquiries to Jefferies professionals responsible for certain clients listed on the Client Match List, Jefferies has determined that its representation of the clients on the Client Match List, if any, concerned matters unrelated to the Debtors.  As to the Potential Parties in Interest not identified on the Client Match List, Jefferies has not been employed by or rendered advisory services to any such parties within the past three years.

10.     In addition to the matters set forth on **Schedule 2**, Jefferies previously served, as joint lead placement agent with respect to the June 2020 PIPE offering of shares of common stock and Series E Preferred Stock.  Jefferies' involvement in the foregoing matter ended before the commencement of these Chapter 11 Cases.

11.     Furthermore, prior to the Petition Date, Jefferies sought to serve as an investment banker to the Debtors.  More specifically, on July 14, 2023, at the Debtors' invitation, Jefferies met (via teleconference) with certain members of the Debtors' Board and its advisors to present its credentials for this engagement.  The Debtors ultimately selected Intrepid Investment Bankers LLC as its investment banker, and informed Jefferies of this decision on July 16, 2023.

12.     As part of its diverse global activities, Jefferies is involved in numerous cases, proceedings, and transactions involving many different attorneys, accountants, investment bankers,

and financial consultants, some of whom may represent claimants and parties in interest in these Chapter 11 Cases.    Further, Jefferies has in the past, and may in the future, advise and/or be represented by several attorneys, law firms and other professionals, some of whom may be involved in these Chapter 11 Cases.    Finally, Jefferies has in the past, and will likely in the future, be working with or against other professionals involved in these Chapter 11 Cases in matters wholly unrelated to these Chapter 11 Cases.    Based upon our current knowledge of the professionals involved in these Chapter 11 Cases, and, to the best of my knowledge, none of these business relationships constitute interests adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders in matters upon which Jefferies is to be employed, and none are in connection with these Chapter 11 Cases.

13.    Jefferies is a global investment banking firm with broad activities covering, in addition to its investment banking and financial advisory practice, trading in equities, convertible securities, and corporate bonds.    With more than 80,000 customer accounts and thousands of relationships and transactions around the world, it is possible that one or more of Jefferies' clients or a counterparty to a securities transaction may hold a claim or interest or otherwise be Potential Parties in Interest in these Chapter 11 Cases and that Jefferies and/or its affiliates may have other business relationships and/or connections with such Potential Parties in Interest.    Further, as a major market maker in equity securities as well as a major trader of corporate bonds and convertible securities, including those of creditors or parties in interest in these Chapter 11 Cases, Jefferies regularly enters into securities transactions with other registered broker-dealers as a part of its daily activities.    Some of these counterparties may be creditors, equity holders, or other parties in interest in these Chapter 11 Cases.    Jefferies believes that none of these business relationships constitute interests adverse to the interests of the Debtors' estates or of any class of creditors or equity security

5

holders in matters upon which Jefferies is to be employed, and none are in connection with these Chapter 11 Cases.

14.     In addition, as of the date hereof, Jefferies and its affiliates have thousands of employees worldwide.  It is possible that certain of Jefferies' and its affiliates' respective directors, officers and employees may have had in the past, may currently have, or may in the future have connections to (a) the Debtors, (b) the Potential Parties in Interest, and/or (c) funds or other investment vehicles that may own debt or securities of the Debtors or other Potential Parties in Interest.  Furthermore, in addition to the parties listed on **Schedule 2**, Jefferies may also represent, or may have represented, affiliates, equity holders, and/or sponsors of the Potential Parties in Interest.  Certain of the Potential Parties in Interest may also be vendors or insurers of Jefferies and/or have other non-investment banking relationships with Jefferies.  Jefferies may also represent, or may have represented in the past, committees or groups of lenders or creditors in connection with certain restructuring or refinancing engagements, which committees or groups include, or included, entities that appear on the Potential Parties in Interest list.  Jefferies believes that none of these business relationships constitute interests adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders in matters upon which Jefferies is to be employed, and none are in connection with these Chapter 11 Cases.

15.     Certain affiliates of Jefferies serve as managers for a number of investment vehicles (collectively, the "Managed Funds").  The Managed Funds are principally intended for investments by third parties unrelated to Jefferies.  However, such investors may also include financial institutions (some of which may be parties in interest in these Chapter 11 Cases), affiliates of Jefferies, or their respective officers and employees (some of whom may be Jefferies' employees providing services in connection with these Chapter 11 Cases).  Jefferies' employees working in

6

connection with these Chapter 11 Cases have no control over or involvement in investment decisions made for the Managed Funds.  With respect to the Managed Funds, Jefferies makes the following additional disclosures:

(a)    Among other things, the Managed Funds are (i) active direct investors in a number of portfolio companies (the "Equity Investments") and (ii) investors in a variety of debt instruments and mezzanine loans or similar securities (the "Income Investments" and, together with the Equity Investments, the "Portfolio Holdings"); and

(b)    The fund managers of the Managed Funds maintain control over investment decisions with respect to the Portfolio Holdings.   Many financial institutions and parties in interest who may be involved in these Chapter 11 Cases may also be investors in the Managed Funds.  Moreover, the Managed Funds may invest from time to time in Portfolio Holdings relating to the Debtors or parties in interest in these Chapter 11 Cases.  In order to comply with securities laws and to avoid any appearance of impropriety, the employees of the Managed Funds are strictly separated from the employees of Jefferies.  Jefferies maintains a strict separation between its employees assigned to these Chapter 11 Cases and employees involved in the management of Jefferies' investment banking division, on the one hand, and other employees of Jefferies (e.g., sales and trading employees) and its affiliates (including the employees of the Managed Funds), on the other hand.  This separation is maintained through the use of information walls.  These information walls include physical and technological barriers, compliance, and surveillance mechanisms, and policies and procedures designed to prevent confidential information from being shared improperly.  Consequently, as no confidential information concerning the Debtors is permitted to be communicated to any persons working for the Managed Funds, Jefferies does not believe that the relationships outlined above constitute interests adverse to the estates or render Jefferies not disinterested in these Chapter 11 Cases.

16.    In addition, as part of its regular business operations, Jefferies may trade securities and other instruments of the Debtors on behalf of third parties (some of whom may be parties in interest in these Chapter 11 Cases).   Jefferies may also trade securities and other instruments of the Potential Parties in Interest on behalf of itself and/or its affiliates or third parties.  Any and all such trading operations and market making activities are separated from Jefferies' investment banking department, and its managing directors and employees (including the investment banking professionals working on these Chapter 11 Cases), by an information barrier, and no Jefferies

7

professionals providing services to the Debtors will be involved with such trading operations and market making activities in any capacity.[3] Jefferies, moreover, shall not own or hold securities of the Debtors on behalf of itself and/or its affiliates while employed by the Debtors.

17.     The Debtors have numerous creditors and relationships with a large number of individuals and entities that may be or will become parties in interest in these Chapter 11 Cases, including parties who have been or will be solicited to purchase assets of the Debtors or who have already submitted or may submit (potentially subject to confidentiality restrictions) indications of interest or bids in this connection.   Consequently, although every reasonable effort has been made to discover Jefferies' connections with the Potential Parties in Interest and other parties in interest, Jefferies is unable to state with certainty whether any of its clients or an affiliated entity of a client holds a claim or otherwise is a party in interest in these Chapter 11 Cases.    If Jefferies discovers any information that is contrary or pertinent to the statements made herein, Jefferies will promptly disclose such information to the Court.   Additionally, as noted above, Jefferies is part of a global investment banking firm and thus has several legally separate and distinct foreign and domestic affiliates.   Although employees of certain affiliates may sometimes assist Jefferies in connection with a restructuring engagement, as Jefferies is the only entity being retained in these Chapter 11 Cases, we have researched only the electronic client files and records of Jefferies, not of all of its affiliates, to determine connections with any Potential Parties in Interest.

18.     Jefferies does not advise, has not advised, and will not advise any entity other than the Committee in matters related to these Chapter 11 Cases.    Jefferies will, however, continue to provide professional services to entities or persons that may be creditors of the Debtors or parties

---

[3]     These information barriers include physical and technological barriers, compliance and surveillance mechanisms and policies and procedures designed to prevent confidential information from being shared improperly.

in interest in these Chapter 11 Cases, provided that such services do not relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors.

19.    Except as otherwise set forth herein, to the best of my knowledge, information, and belief, Jefferies: (a) is not a creditor, equity security holder, or an insider of the Debtors; and (b) was not, within two years before the Petition Date, a director, officer, or employee of any of the Debtors.  In addition, none of the Jefferies' professionals expected to assist the Committee in these Chapter 11 Cases are related or connected to any United States Bankruptcy Judge for the District of Delaware, the U.S. Trustee, or any person employed by the U.S. Trustee.

## PROFESSIONAL COMPENSATION

20.    As of the date of this Declaration, Jefferies has received no compensation for its work on behalf of the Committee.

21.    The Fee and Expense Structure set forth in the Application is consistent with Jefferies' typical fee for work of this nature.  The fees are set at a level designed to compensate Jefferies fairly for the work of its professionals and assistants and to cover fixed and routine overhead expenses.  It is Jefferies' policy to charge its clients for all disbursements and expenses incurred in the rendition of services.

22.    It is not the general practice of investment banking firms to keep detailed time records similar to those customarily kept by attorneys.  Jefferies' restructuring professionals, when formally retained in chapter 11 cases, and when required by local rules, do, and in these Chapter 11 Cases will, keep time records in half-hour increments describing their daily activities and the identity of persons who performed such tasks. Jefferies will also supplement this information with a list of the non-restructuring professionals who assist the restructuring department on this matter but who do not, as a matter of general practice, keep records in the same manner.

IMPAC 11067113v.2

23. The Fee and Expense Structure is comparable to those generally charged by investment banking firms of similar stature to Jefferies and for comparable engagements, both in and out of court, and reflect a balance between a fixed, monthly fee, and a contingency amount which are tied to the consummation and closing of a transaction as contemplated in the Engagement Letter.

24. The Engagement Letter was negotiated at arm's length and in good faith, and I believe that the provisions contained therein are reasonable terms and conditions of Jefferies' employment by the Committee. With respect to the Engagement Letter's indemnification provisions, unlike the market for other professionals that a debtor or committee may retain, indemnification is a standard term of the market for investment bankers. The indemnity, moreover, is comparable to those generally obtained by investment banking firms of similar stature to Jefferies and for comparable engagements, both in and out of court.

25. Other than as set forth above and in the Engagement Letter, there is no proposed arrangement between the Committee and Jefferies for compensation to be paid in these Chapter 11 Cases. Jefferies has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

26. The foregoing constitutes the statement of Jefferies pursuant to section 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2023

Respectfully submitted,

*/s/ Leon Szlezinger*

Leon Szlezinger

Managing Director and Joint Global Head of Debt Advisory & Restructuring

Jefferies LLC

11

**Schedule 1**

**Potential Parties in Interest**

Foris Ventures, LLC
Braidwell Partners Master Fund LP
Context Capital Management, LLC
D. E. Shaw Valence Portfolios, L.L.C.
DLD Asset Management
Lazard Asset Management LLC
Linden Advisors LP
Schottenfeld Management Corp.
Silverback Asset Management, LLC
Wolverine Flagship Fund Trading Limited
Chief Judge Laurie Selber Silverstein
Judge Ashely M. Chan
Judge Brendan L. Shannon
Judge Craig T. Goldblatt
Judge J. Kate Stickles
Judge John T. Dorsey
Judge Karen B. Owens
Judge Mary F. Walrath
Judge Thomas M. Horan
Ankura
Blank Rome
Fenwick & West LLP
Goodwin Procter LLP
Intrepid Investment Bankers LLC
Klee Tuchin Bogdanoff & Stern LLP
Latham & Watkins
Pachulski Stang Ziehl & Jones LLP
Paul Hastings
Phil Gund, Chief Restructuring Officer
PwC
Stretto
Bank of the West
Barclays
HSBC
J.P. Morgan SE
JPMorgan Chase Bank, N.A.
US Bank
U.S. Bank National Association,
as Trustee for Convertible Notes
FTI Consulting
Greenberg Traurig, LLP

Jefferies LLC
Keesal, Young & Logan
Morris James LLP
Paul Hastings LLP
Potter Anderson & Corroon LLP
White & Case LLP
AB Technologies LLC
Accessbio LLC
AMF Low Carbon, LLC
Amyris Bio Products Portugal, Unipessoal, Lda
Amyris Biotecnologia do Brasil Ltda
Amyris Clean Beauty Latam
Amyris Clean Beauty, Inc.
Amyris Eco-Fab LLC
Amyris Europe Trading B.V.
Amyris Fermentacao de Performance Ltda
Amyris Fuels, LLC
Amyris Purificacao de Performance do Brasil Ltda
Amyris Realsweet, LLC
Amyris UK Trading Limited
Amyris, Inc.
Amyris-Olika, LLC
Aprinnova, LLC
Beauty Labs International Limited
Clean Beauty 4U Holdings, LLC
Clean Beauty 4U LLC
Clean Beauty Collaborative, Inc.
DIPA Co., LLC
Ecofab, LLC
Interfaces Industria e Comercio de Cosméticos Ltda
MG Empower Limited
Novvi LLC
Onda Beauty Inc.
Total Amyris Bioslutions BV
Upland 1 LLC
Ana Dutra
Frank Kung
Geoffrey Duyk
James ("Jim") McCann
John Doerr
Julie Spencer Washington
Lisa Qi
M Freddie Reiss
Ryan Panchadsaram
Steven Mills
Alexander MS, Ralph C.

Arnold Ph.D., Frances Hamilton
bin Khalifa Al Thani, Sheikh Abdullah
Blanch Ph.D., Harvey W.
Bohlmann Ph.D., Jörg
Boisseau, Philippe
Chua Ph.D., Nam-Hai
de Castro Reinach Ph.D., Fernando
de Oliveira Diniz, Paulo Sergio
Fenical, William H.
Georgiadis, Mary Margaret-Hastings
Goppelsroeder, Christoph G.
Heathcock Ph.D., Clayton H.
Keasling Ph.D., Jay D.
Levinson, Arthur D.
Martin Ph.D., Vincent
Melo, John G.
Newman, Jack D.
Ostrach J.D., Michael S.
Philip Eykerman
Patrick Yang
Pichette, Patrick
Piwnica LLM, Carole Callebaut
Reiling, Kinkead Kinkead
Renninger Ph.D., Neil
Soares Portela, Mario Neutel
Williams, R. Neil
DEA
Department of Agriculture
EPA
FDA
US Environmental Protection Agency
Greenberg Traurig, LLP
ACE American Insurance Company
Everest Indemnity Insurance Company
Federal Insurance Company
Hiscox
TDC National Assurance Company
Travelers
Underwriters at Lloyd's London
3700 Highway 421 Owner LLC
Caliope Realty Associatees LLC
Chodosh Realty Services, Inc
Colliers International
Continental Real Estate Companies
CPI Hospitality LLC
Crown Properties

3

Design District Development Pa
Design District Development Partners LLC
Design District ERFR LLC & RFR Holding LLC
Duane Ventures
Emerystation Triangle, LLC
Epic W12 LLC
ES East, LLC
Flowing Water Creek, LLC
Holis R&D Associates
Kaufman Friedman Plotnicki & Grun, LLP
Lachtman Cohen P.C
Larringa Sisters LLC
McDermott Will & Emery LLP
Oak Plaza Associates (DEL), LLC
Olshan Frome Wolosky LLP
Palm Beach Holdings 3940, LLC
Park Wynwood LLC
Shartsis Friese LLP
Stewart Ward & Josephson LLP
TriStar Capital LLC
Weisman, Brodie, Starr & Margolies, P.A.
Anesma Group, LLC
Anjo Ventures, LLC
DSM Finance B.V.
Foris Ventures, LLC
Muirisc, LLC
Perrara Ventures, LLC
Goodwin Procter LLP
Troutman Pepper Hamilton Sanders LLP
AO Representative Expense Fund, LLC,
Austrade Inc.
BaM Productions, Inc. v. Amyris Clean Beauty, Inc.
Disruptional Ltd. and &Vest Beauty Labs LP v. Amyris, Inc.
Ebates Performance Marketing Inc. dba Rakuten Rewards et al. v.
IN RE AMYRIS, INC. Stockholder Derivative Litigation
(Other Defendants: Melo, Doerr, Kung, Duyk, Mills and former D&Os)
Jasmina Samardzic v. Amyris, Inc.
Keith Jordan Bronsdon v. Amyris, Inc.
Lavvan Inc. v. Amyris, Inc.
Lavvan, Inc.
Little Bear Studios v. Amyris Clean Beauty et al.
Park Wynwood, LLC v. Amyris, Inc.
PMG Worldwide LLC v. Amyris Clean Beauty, Inc
Reid Architecture PLLC v. Amyris, Inc.
Roth v. Foris Ventures, LLC et al.
Strukmyer, LLC v. Amyris Clean Beauty, Inc.

4

Velem LLC v. Amyris Clean Beauty, Inc.
Wilkins Media, LLC, v. Amyris, Inc.
Ziegelman et al. v. Amyris, Inc.
Alvarez, Eduardo
Choi, Doris
Dreyer CPA, Elizabeth E.
Kieftenbeld, Hermanus/Han
Leavell, Michael
Ofori, Christine
Tsong, Annie
Hughes, Anthony
Kelsey, Nicole
Melo, John G.
Valiasek, Kathleen
Accell Global Risk Solutions, Inc.
Accenture LLP
CFGI Holdings, LLC
Clark & Elbing LLP
Cowen & Company LLC
Deloitte Consulting, LLP
Deloitte Tax LLP
Duff & Phelps LLC
Fish & Richardson P.C.
Global Retirement Partners, LLC
Hanson Bridgett LLP
Hulst & Handler LLP
Macias Gini & O'Connell LLP
Michael Herrinton
Oppenheimer & Co. Inc.
Shipman & Goodwin LLP
Squire Patton Boggs
Deloitte Consulting, LLP
Fish & Richardson P.C.
Gibson, Dunn & Crutcher LLP
Macias Gini & O'Connell LLP
Shearman & Sterling LLP
Alastair Dorward
Francisco Costa
John G. Melo
Nicole Kelsey
Alabama Department of Revenue
Brunswick County Revenue Dept.
California Department of Tax
City of Emeryville
DC Treasurer
Delaware Secretary of State

HMRC Birmingham Stamp Office
Internal Revenue Service Center
NCDOR
New York State Corporation Tax
North Carolina Dept of Revenue
North Carolina Secretary of State
NYC Department of Finance
Oklahoma Tax Commission - Franchise
Pinheironeto Advogados
State of California Franchise Tax Board
State of New Jersey
Texas Comptroller of Public Accts
The Commonwealth of Massachusetts
United States Small Business Admin
United States Treasury
Wyoming Department of Revenue
ADL Biopharma
Allog Transportes Internaciona
Allure Labs, Inc.
Cosan US LLC
Cosmetix West
DB Ventures Ltd.
DSM USA
Epic W12 LLC
ES East, LLC
Evonik Corporation
Gibson, Dunn & Crutcher LLP
Global4PL Supply Chain Services
Hearst Magazine Media
Hollis R&D Associates
Microsoft Corporation
Nest-Filler USA
Nikko Chemicals Co Ltd
Nippon Surfactant Industries Co., Ltd (Nissa)
Northwest Comsmetics Labs
Outfront Media
Palm beach Holdings 3940 LLC
Park Wynwood, LLC
PMG Worldwide, LLC
Rakuten Advertising
Sartorius Stedim North America
Shearman & Sterling LLP
Todd Shemarya Artists, Inc.
U.S. Bank National Association,
as Trustee for Convertible Notes
Wiley Companies

Workday, Inc.
A.I. PR. Ltd.
ADL BIOPHARMA
Agilent Technologies Inc
Allog Transportes Internaciona
Allure Labs, Inc.
Anne Myong
Avalara, Inc.
Berma LLC DBA NoGood
Bio Base Europe Pilot Plant
Capsum Inc.
CFGI Holdings, LLC
ChartHop
Cigna HealthCare
Colorado Quality Products, LLC
Compensation Tool Corp.
Cosmetix West
CPCneutek
DB Ventures Limited
DH Smith and Associates LP
DSM Nutritional Products Ltd
ECS Axcess Point LLC
Evonik Corporation
Facebook, Inc.
Folio3 Software Inc
Fusion Packaging, LLC
Garvan Eric Kuskey
Global4PL Supply Chain Services
Hanft Ideas LLC
Hanft Ideas LLC
Hearst Magazine Media
ID Matters, LLC dba ID Public Relations
Jim Iacoponi
John Melo
JVN Entertainment INC
KONE Inc.
LinkedIn Corp.
Little Bear Studios
Mariella Fostrup
Mass Construction Corporation
MuteSix, LLC
NB Ventures, Inc.
Nest-Filler USA
Opensci LLC
Outfront Media
OUTFRONT Media LLC

7

PerkinElmer Informatics Inc.
Perpetua Labs, Inc.
Petty Cash Inc
Pinterest, Inc
PMG Worldwide, LLC
Practicing Law Institute
Quiet Logistics, Inc.
Rakuten Advertising
Renfield Manufacturing LLC
RR Donnelley & Sons Company
Sartorius Stedim North America
Sunil Chandran
TargetCW
Todd Shemarya Artists, Inc.
Walmart Inc
Wiley Companies
Wisconsin BioProducts
World Wide Technology, LLC
Benjamin Hackman
Christine Green
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Nyanquoi Jones
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.
ACI FLORIDA POWER & LIGHT
Advanced Chemical Transport Inc
Advanced Chemical Transport Inc
AT&T
AT&T Mobility LLC
AT&T U-verse (SM)
Brunswick County Public Utilities
CloudWyze

ConEdison
Duke Energy
East Bay Municipal Utility District
First Digital Communications, LLC
Garratt-Callahan Company
GFL Environmental - Company
Linde Gas & Equipment Inc.
M&M Sanitation Corporation
NC Division of Waste Management
Pacific Gas and Electric Company
Paxio Inc
Piedmont Natural Gas
US Waste Industries, Inc.
Verizon Wireless
Waste Management of Alameda County
Waste Management of Alameda County
Winters Bros Waste Systems

IMPAC 11067113v.2

## **Schedule 2**

### **Client Match List**

Ankura
Cosan US LLC
DSM USA
GFL Environmental
HSBC or an affiliate thereof
JP Morgan or an affiliate thereof
RR Donnelley
Sartorius Stedim North America or an affiliate thereof
Travelers
US Bank
Verizon or an affiliate thereof