# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |

## MONTHLY OPERATING REPORT NOTES FOR AUGUST 2023

On August 9, 2023 (the "Original Petition Date") certain of the Debtors (the "Original Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court. On August 21, 2023 (the "Supplemental Petition Date" and, together with the Original Petition Date, as applicable, the "Petition Date"), certain of the Debtors (the "Additional Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court. The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 11, 2023, an order [Docket No. 50] was entered directing procedural consolidation and joint administration of the Original Debtors' chapter 11 cases, and on August 23, 2023, an order [Docket No. 125] was entered directing procedural consolidation and joint administration of the Original Debtors' chapter 11 cases with the Additional Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases"). Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Monthly Operating Report. The information provided herein, except as otherwise noted, is reported as of the applicable Petition Date.

The following notes and statements of limitations and disclaimers should be referred to, and referenced in connection with, any review of this Monthly Operating Report (the "**MOR**").

1. **Introduction**. This MOR is unaudited and does not purport to represent financial statements prepared in accordance with accounting principles generally accepted in the United States ("**GAAP**"), and it is not intended to fully reconcile to the consolidated financial statements prepared by the Debtors. Information contained in this MOR has been derived from the Debtors' books and records, but does not reflect in all circumstances presentation for GAAP or SEC reporting purposes. Therefore, to comply with their obligations to provide MORs during these chapter 11 cases, the Debtors have prepared this MOR using the best information presently available to them, which has been collected, maintained, and prepared in accordance

---

[1] The Original Debtors are Amyris, Inc., AB Technologies LLC, Amyris Clean Beauty, Inc., Amyris Fuels, LLC, Amyris-Olika, LLC, Aprinnova, LLC, Onda Beauty Inc., and Upland1 LLC.

The Additional Debtors are Clean Beauty Collaborative, Inc., Clean Beauty 4U Holdings, LLC, and Clean Beauty 4U LLC.

with their historical accounting practices. Accordingly, this MOR is true and accurate to the best of the Debtors' knowledge, information, and belief, based on currently available data. The results of operations and financial position contained herein are not necessarily indicative of results that may be expected for any period other than the period covered by this MOR, and may not necessarily reflect the Debtors' future consolidated results of operations and financial position.

2. **Reservation of Rights**. This MOR is limited in scope, and unless otherwise noted, covers the period beginning on August 1, 2023 and ending August 31, 2023, and has been prepared solely for the purpose of complying with the monthly reporting requirements of the Debtors' chapter 11 cases. The unaudited financial information has been derived from the Debtors' books and records. The information presented herein has not been subject to all procedures that typically would be applied to financial information in accordance with U.S. GAAP. Upon the application of such procedures, the Debtors believe that the financial information could be subject to material change. The information furnished in this MOR includes normal recurring adjustments but does not include all of the adjustments that typically would be made for interim financial information presented in accordance with GAAP.

   Given the complexity of the Debtors' business, inadvertent errors or omission may occur. Accordingly, the Debtors hereby reserve all of their rights to dispute the nature, validity, status, enforceability, or executory natures of any claim amount, agreement, representation, or other statement set forth in this MOR. Further, the Debtors reserve the right to amend or supplement this MOR, if necessary, but shall be under no obligation to do so.

3. **Basis of Presentation.** Although the Debtors generally prepare their financial statements on a consolidated basis, the MOR has been prepared on an entity-by-entity basis (excluding most intercompany eliminations). The financial information contained herein is unaudited, limited in scope, covers a limited time period, and has been prepared solely for the purpose of complying with the monthly reporting requirements for chapter 11 debtors issued by the UST.

   The amounts reported in this MOR are as of August 31, 2023, the end of the Debtors' reporting period. This MOR covers the period beginning August 1, 2023 and ending August 31, 2023.

4. **Accounting Principles.** The Debtors maintain their financial records according to GAAP, however the MOR does not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of the Debtors.

   The Debtors generally prepare financial statements on a consolidated basis. To the extent that there are negative asset balances for an individual Debtor, such as

accounts receivable and current assets, they may be due to certain intercompany elimination transactions or adjustments in each specific Debtor's books and records.

Not all tax entries for the period have been completed by the time this report was due to be filed. To the extent that there are negative liability balances for an individual Debtor, such as prepetition unsecured liabilities, they are expected to be resolved once all of the relevant tax entries and adjustments have been analyzed and completed.

On August 11, 2023 the Bankruptcy Court approved Debtors' Motion to Approve Debtor In Possession Financing [Docket No. 19] (the "**DIP Motion**") on an interim basis [Docket No. 54]. As a result, debtor's cash position reflects the receipt of $30 million in proceeds under the debtor in possession credit facility authorized by the interim order granting the DIP Motion (the "**DIP Facility**") during the month of August.

5. **Currency**. Unless otherwise indicated, all amounts in the MOR are reflected in U.S. dollars.

6. **Consolidated Entity Accounts Payable and Disbursement Systems.** Cash is received and disbursed by the Debtors as described in the *Motion for Entry of Interim and Final Orders Authorizing the Debtors to (A) Continue Operating Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting Related Relief* [Docket No. 16] (the "**Cash Management Motion**") and the Debtors' receipt and disbursement of cash is consistent with the Debtors' historical cash management practices. Due to the consolidated cash management reporting system, certain cash payments may be paid out of a legal entity that is different than the legal entity at which the expenses were incurred. Also, certain cash receipts may be received in a different legal entity than the legal entity at which the accounts receivable is recorded. Disbursements attributed to each entity represent the entity on behalf of which payments were made, on a proportional allocated basis, from the consolidated cash management system.

7. **Supporting Documentation**. At the direction of the U.S. Trustee, the following schedules are attached to the MORs: (i) Statement of Cash Receipts and Disbursements; (ii) Balance Sheet; and (iii) Income Statement (profit or loss statement), (iv) Attestations relating to Bank Statements and Bank Reconciliations, (v) Description of assets sold or transferred, and (vi) Attestations relating to insurance policies.

   *Statement of Cash Receipts and Disbursements.* Based on guidance received from the Office of the United States Trustee in connection with the completion of UST Form 11-MOR Part 1, Cash Receipts and Disbursements, reported cash receipts and disbursements should exclude intercompany and debtor-to-debtor transactions. As a result, for those debtors with net intercompany cash outflows or inflows during the reporting period, the ending cash balances reported on Form 11-MOR Part 1 may not match the ending cash balances per the Debtors' bank statements or the Debtors' books and records.

The Company maintains a separate restricted money market cash account, which, for the purposes of financial reporting is categorized as an "other" asset and not included in the cash balance. Accordingly, the MOR excludes this account and account balance from the beginning Petition Date balance as it relates to Part 1. For additional information on the money market bank account see Attachment 4b to the MOR.

*Balance Sheet.*
The amounts reported in this MOR reflects the Debtors financial statements for the period of August 1, 2023 through August 31, 2023. All asset and liability amounts disclosed herein, unless otherwise noted, are stated as of August 31, 2023. The MOR is limited in scope and has been prepared to report only certain amounts from the balance sheet. In addition, certain liabilities such as accruals made by the Debtors may appear on the consolidated balance sheet attachment (Attachment 2), however, are not included in MOR Part 2. Further, a number of legal entities owned and controlled by the company, and the related assets, liabilities and operating results of such entities are excluded from presentation in the balance sheet and MOR as they are Non-Debtor entities.

Liabilities Subject to Compromise ("**LSTC**"): LSTC represent the Debtors' estimate of prepetition claims to be resolved in connection with the chapter 11 cases. As a result of the chapter 11 filings, the payment of prepetition liabilities are subject to compromise or other treatment under a plan of reorganization. The determination of how such liabilities will ultimately be settled or treated cannot be made until the Court approves a chapter 11 plan of reorganization. Accordingly, the ultimate amount of such liabilities is not determinable at this time. Prepetition liabilities that are subject to compromise under ASC 852 are preliminary and may be subject to, among other things, future adjustments depending on Court actions, further developments with respect to disputed claims, determinations of the secured status of certain claims, the values of any collateral securing such claims, rejection of executory contracts, continued reconciliation or other events.

As noted, although the Debtors generally prepare financial statements on a consolidated basis, these MORs are prepared on an entity-by-entity basis. The Debtors maintain separate balance sheets in their books and records for the following entities: Amyris, Inc., Onda Beauty, Inc., Clean Beauty Collaborative, Inc., Clean Beauty 4U LLC, Aprinnova, LLC, Amyris Fuels, LLC, and Amyris Clean Beauty, Inc.. The Debtors, however, do not maintain separate balance sheets in their books and records for the following debtor entities: Upland 1 LLC, Clean Beauty 4U Holdings, LLC, Amyris-Olika, LLC, and AB Technologies. Consequently, the balance sheets included in the MOR for these non-operating Debtor entities reflect no balances.

Values in the balance sheet(s) attached hereto represent rounded numbers. Accordingly, subtotals may not agree to the summation of the rounded numbers presented.

*Income Statement.* The amounts reported in this MOR reflect the Debtors financial statements for the period of August 1, 2023 through August 31, 2023.

As noted, although the Debtors generally prepare financial statements on a consolidated basis, these MORs are prepared on an entity-by-entity basis. The Debtors maintain separate income statements in their books and records for the following entities: Amyris, Inc., Onda Beauty, Inc., Clean Beauty Collaborative, Inc., Clean Beauty 4U LLC, Aprinnova, LLC, Amyris Fuels, LLC, and Amyris Clean Beauty, Inc.. The Debtors, however, do not maintain separate income statements for the following Debtor entities: Upland 1 LLC, Clean Beauty 4U Holdings, LLC, Amyris-Olika, LLC, and AB Technologies.. Consequently, the income statements included in the MOR for these non-operating Debtor entities reflect no income.

**Part 1, Cash Receipts and Disbursements**.
Amounts reported for cash receipts and disbursements exclude intercompany transfers among the Debtors. Additional information on intercompany transfers is included in Attachment 1.

**Part 2: Asset and Liability Status.**
Asset values are reported as of August 31, 2023. Prepetition liabilities reflect liabilities included in Liabilities Subject to Compromise on the Debtors' balance sheets, as well as other liabilities which may be uncompromised pursuant to the relief granted via the Debtors' various final first day orders. Prepetition and post-petition balances of uncompromised liabilities are reported to the best of the Debtor's knowledge.

**Part 3: Assets Sold or Transferred.**
Prior to the Petition Date, the Debtors, on August 4, 2023, closed on the sale of MGEmpower LTD for a purchase price totaling $1,000,000. The estimated loss on the sale of this company is approximately $14 million. These amounts are not reflected on the financial statements submitted herein, but instead will be recorded during the Debtors next quarterly close for the period ending September 30, 2023.

**Part 4: Income Statement.**

The amounts reported in Part 4 include the full month of August 1, 2023 through August 31, 2023.

**Part 5: Professional Fees and Expenses.** For purposes of the MORs, bankruptcy professional fees are considered approved if the applicable monthly fee statement has been served and the objection deadline with regard to such monthly fee statement has expired prior to the end date of the MOR period.

The Debtors will pay retained professionals in accordance with the Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief [Docket No. 279].

**Part 7 Questionnaire**.

**7a. Were any payments made on prepetition debt?**

Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of their employees, taxing authorities, insurers, critical vendors, and certain other prepetition creditors.

**7c. Were any payments made to or on behalf of insiders?**

With respect to insiders, all cash payments were made on account of ordinary course salaries and authorized travel and expense reimbursements. No non-cash transfers were made to insiders during this reporting period.

**7d. Are you current on postpetition tax return filings?**

In the ordinary course of business, the Debtors' tax filings may extend past the normal deadlines and become late in some instances. When this happens, the Debtors arrange to complete the filings and address any related fines and/or penalties. There are no tax filings that are currently late where the Debtors are not also in dialog with the related taxing authority to become compliant.

**7g. Was there any postpetition borrowing, other than trade credit?**

All postpetition borrowings since the inception of the case, other than trade credit, are borrowings made under the DIP Facility and pursuant to the applicable interim orders.