**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al*.,<br><br>                Debtors. [1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**Hearing Date: October 18, 2023 at 11:00 a.m. (ET)**
**Objection Deadline: October 11, 2023 at 4:00 p.m. (ET)**

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR
FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER
SECTION 503(b)(9), (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF
CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING AMENDED
SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE,
(IV) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM,
(V) APPROVING NOTICE OF BAR DATES, AND (VI) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), respectfully state the following in support of this motion (the "<u>Motion</u>"):

<u>**Relief Requested**</u>

1.     The Debtors seek entry of an order (the "<u>Bar Date Order</u>"), substantially in the form attached hereto as **<u>Exhibit A</u>**: (a) establishing **November 15, 2023 at 5:00 p.m., prevailing Eastern Time**, as the last date and time for each person or entity [2] (including, without limitation, individuals, partnerships, corporations, joint ventures, estates, and trusts) to file proofs of claim based on prepetition claims, including requests for payment under section 503(b)(9) of the

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

Bankruptcy Code (collectively, "Proofs of Claim") against any Debtor (the "Claims Bar Date");
(b) solely as to governmental units (as defined in section 101(27) of the Bankruptcy Code),
establishing **February 5, 2024, at 5:00 p.m., prevailing Eastern Time,** as the last date and time
for each such governmental unit to file Proofs of Claim against any Debtor (the "Governmental
Bar Date"); and, together with the Claims Bar Date and Governmental Bar Date, the "Bar Dates"
or "Bar Date," as applicable); (c) establishing the Amended Schedules Bar Date and Rejection
Damages Bar Date  (as each term is defined herein); (d) approving the proposed Proof of Claim
Form  (as  defined  herein);  (e) approving  the  proposed  Bar  Date  Notice  (as  defined  herein);
(f) approving the proposed form of Publication Notice (as defined herein); and (g) granting related
relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has
jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing
Order of Reference from the United States District Court for the District of Delaware*, dated
February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules
of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of
Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of
Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this
motion to the extent that it is later determined that the Court, absent consent of the parties, cannot
enter final orders or judgments in connection herewith consistent with Article III of the United
States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.       The bases for the relief requested herein are sections 105(a), 501, 502, and 1111(a) title 11 of the United States Code (the "Bankruptcy Code"); Bankruptcy Rules 2002(a)(7), (f), (l), 3003(c), and 5005(a); and Local Rules 1009-2, 2002-1, and 3002-1(a).

**Background**

5.       On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code

6.       On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following seven members:   (i) Cosan U.S. Inc., (ii) U.S. Bank Trust Company, National Association as Trustee, (iii) Sartorius Stedim North America, Inc., (iv) Hearst Magazine Media, Inc., (v) Wiley Companies, (vi) Park Wynwood, LLC, and (vii) Allog Participacoes, Ltda. *See* Docket No. 152.

7.       On September 21, 2023, each of the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules").  *See* Docket Nos. 335 – 356.

8.       The Debtors were founded in 2003 to create a more stable supply of a key anti-malarial treatment.  Through the Debtors' cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease.  Using the same technological innovations that produced artemisinin, the Debtors have become the world's leading manufacturer of ingredients made with synthetic biology.  The Debtors provide sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

3

9.      A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[3]

## The Bar Dates

**A.      Summary**

10.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose prior to the Petition Date, and whose claim is not scheduled in the Debtors' Schedules or whose claim is listed on the Schedules as disputed, contingent, or unliquidated, must file a Proof of Claim.   Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file Proofs of Claim.   Additionally, Local Bankruptcy Rule 2002-1(e) provides that in all chapter 11 cases, the debtor may request a bar date for filing proofs of claim or interest.

**B.      The Claims Bar Date**

11.      The Debtors request that the Court establish **November 15, 2023 at 5:00 p.m., prevailing Eastern Time** as the Claims Bar Date.  The Claims Bar Date would be the date by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, so that such Proofs of Claim are actually received by the Debtors' notice and claims agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto"), unless such person's or entity's claim falls

---

[3]    A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

within one of the exceptions set forth in this motion. Subject to these exceptions, the Claims Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these Chapter 11 Cases; *provided that* unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of:  (a) the Claims Bar Date;  (b) **5:00 p.m. prevailing Eastern Time** on the date that is **thirty days** following entry of an order approving the rejection of the applicable executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection (any such date, a "Rejection Damages Bar Date").

12.     Notwithstanding anything to the contrary herein, U.S. Bank National Association ("U.S. Bank"), in its capacity as trustee (the "Convertible Notes Trustee") for the holders of 1.50% convertible unsecured senior notes issued due 2026 (the "Convertible Notes" and the holders thereof, the "Convertible Noteholders") under that certain Indenture, dated as of November 15, 2021 (the "Convertible Notes Indenture"), is authorized, but not directed, to file one master Proof of Claim (any such claim, a "Master Proof of Claim") for principal, interest, applicable premium (if any), fees and expenses (including attorney's fees and expenses), and all other amounts payable under the Convertible Notes Indenture and related documents (such amounts, the "Debt Claims"), on behalf of itself and all Convertible Noteholders.  Any such Master Proof of Claim shall have the same effect as if each applicable Convertible Noteholder had individually filed a Proof of Claim against each applicable Debtor on account of such Convertible Noteholder's Debt Claim. The Convertible Notes Trustee may amend, supplement, or otherwise modify its Debt Claim from

5

time to time, to the extent permitted by applicable law.  The Convertible Notes Trustee shall not

be required to file with a Master Proof of Claim any instruments, agreements, or other documents

evidencing the obligations referenced in such Master Proof of Claim, which instruments,

agreements, or other documents will be provided upon written request to counsel for the

Convertible Notes Trustee.  For administrative convenience, any Master Proof of Claim authorized

herein may be filed in the lead case for these chapter 11 cases, *In re Amyris, Inc.*, Case No.

23-11131 (TMH) (the "Lead Case") with respect to all amounts asserted in such Master Proof of

Claim, and such Master Proof of Claim shall be deemed to be filed and asserted by the Convertible

Notes Trustee, on behalf of itself and all Convertible Noteholders, against every Debtor that is

liable for the claim(s) asserted therein so long as such authorized Master Proof of Claim sets forth

in reasonable detail the basis for such claim(s) and, to the extent reasonably possible, the amount

asserted against each applicable Debtor.  No authorized Master Proof of Claim shall be disallowed,

reduced, or expunged on the basis that it is filed only in the Lead Case and only against Debtor

Amyris, Inc.  For the avoidance of doubt, the provisions set forth in this paragraph and any Master

Proof of Claim filed pursuant to the terms hereof are intended solely for the purpose of

administrative convenience and shall not affect the substantive rights of any party-in-interest or

their respective successors-in-interest, including, without limitation, the rights of the Convertible

Notes Trustee or any Convertible Noteholder under applicable law and the numerosity

requirements set forth in section 1126 of the Bankruptcy Code.  In addition, if a Convertible

Noteholder asserts a claim (if any) against any of the Debtors other than the Debt Claims (such

claim, a "Non-Debt Claim"), such Senior Noteholder shall be required to file its own proof of

claim for such Non-Debt Claim.

DOCS_DE:244236.4 03703/004

C.    **The Governmental Bar Date**

13.    Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "[a] claim of a governmental unit shall be timely filed if it is filed before one hundred and eighty (180) days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ."[4] The Debtors, therefore, request that **February 5, 2024, at 5:00 p.m., prevailing Eastern Time,** be established as the Governmental Bar Date in these Chapter 11 Cases.  The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party. All governmental units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by the Debtors' notice and claims agent, Stretto, by the Governmental Bar Date.

D.    **Amended Schedules Bar Date**

14.    In accordance with Local Rule 1009-2, in the event the Debtors file a previously unfiled Schedule or amend or supplement their Schedules after having given notice of the Bar Dates, the Debtors propose that with respect to holders of claims affected thereby, the Court establish the later of:  (a) the Claims Bar Date or the Governmental Bar Date, as applicable, to such claims; and (b) **5:00 p.m. prevailing Eastern Time** on the date that is **thirty days** from the date on which the Debtors provide notice of the filing, amendment, or supplement to the Schedules, as the deadline by which claimants holding such claims must file Proofs of Claim with respect to such claims so that such Proofs of Claim are actually received by the Debtors' notice and claims

---

[4]    11 U.S.C. § 502(b)(9).

agent, Stretto (any such date, an "<u>Amended Schedules Bar Date</u>").    Notice of the Amended

Schedules Bar Date shall be sent to each claimant holding a claim affected by any such filing,

amendment, or supplement and shall (a) describe the listing and treatment of such claim on the

Schedules, including how such treatment has changed, if applicable, and (b) indicate the Amended

Schedules Bar Date for such claim.

<b><u>Procedures for Filing Proofs of Claim</u></b>

**A.**      **<u>Parties Required to File Proofs of Claim</u>**

15.      Except as otherwise set forth herein, the Debtors propose that the following entities

holding claims against the Debtors arising prior to the Petition Date be required to file Proofs of

Claim arising on or before the Claims Bar Date:

a.      any person or entity whose claim against a Debtor is not listed in the
applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or
"disputed" if such person or entity desires to participate in any of these Chapter 11 Cases or share
in any distribution in any of these Chapter 11 Cases;

b.      any person or entity who believes that its claim is improperly classified in
the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a
different classification or amount other than that identified in the Schedules;

c.      any person or entity who believes that its prepetition claim as listed in the
Schedules is not an obligation of the specific Debtor against which the claim is listed and that
desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.      any entity who believes that its claim against a Debtor is or may be entitled
to priority under section 503(b)(9) of the Bankruptcy Code.

**B.**     <u>**Parties Not Required to File Claims by the Claims Bar Date.**</u>

16.     The Debtors propose that the following persons or entities whose claims otherwise would be subject to the Claims Bar Date need not file Proofs of Claim:

a.     any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

b.     any person or entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.     any person or entity whose claim has previously been allowed by order of the Court;

d.     any person or entity that is not required to file a Proof of Claim pursuant to the final order approving the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 19] (the "<u>DIP Motion</u>"), solely with respect to the claims for which no Proof of Claim is required to be filed as set forth in the final order approving the DIP Motion;

e.     any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f.     any Debtor having a claim against another Debtor;

9

g.       any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.       any holder of a claim arising under or in connection with the Debtors' Convertible Notes; *provided* that U.S. Bank, in its capacity as Convertible Notes Trustee, may file a single Master Proof of Claim in the Lead Case by the Claims Bar Date with respect to all of the claims thereunder;

i.       any person or entity whose claim is based on an equity interest in any of the Debtors; *provided* that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

j.       any current officer, director, or employee of any Debtor, in each case in their capacity as such, for claims based on indemnification, contribution, or reimbursement;

k.       any person or entity holding a claim for which a separate deadline is fixed by this Court; and

l.       claims for fees and expenses of professionals retained in these Chapter 11 Cases.

**C.**       **Form of Proof of Claim.**

17.       The Debtors have prepared, and request that the Court approve, a form for filing a Proof of Claim which, although based on Official Form 410, has been modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code substantially in the form of **Exhibit B** attached hereto (the "Proof of Claim Form").  In addition, with the assistance of its notice and claims agent, Stretto, the Debtors propose to provide each of the creditors listed

on the Debtors' Schedules and, upon any filing, amendment, or supplement to the Debtors' Schedules, each of the creditors affected by such filing, amendment, or supplement with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

18.      If the creditor disagrees with information set forth on the "personalized" Proof of Claim Form, the creditor is required to timely file a Proof of Claim identifying the Debtor against which the creditor is asserting a claim and the amount and type of such claim on or before the applicable Bar Date or Amended Schedules Bar Date. Additionally, creditors may choose not to use the personalized Proof of Claim Form and instead submit Proofs of Claim on Official Form 410.

**D.      Requirements for Preparing and Filing Proofs of Claim.**

19.      With respect to preparing and filing of a Proof of Claim, the Debtors propose that each Proof of Claim be required to be consistent with the following:

a.      *Contents*. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      *Section 503(b)(9) Claim*. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation

identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      *Original Signatures Required*.  Only *original* Proofs of Claim may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.      *Identification of the Debtor Entity*.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Amyris, Inc.

e.      *Claim Against Multiple Debtor Entities*.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor. Notwithstanding anything to the contrary set forth herein, the filing of a Master Proof of Claim by the Convertible Notes Trustee in the Lead Case shall also be deemed to constitute the filing of a Master Proof of Claim in the chapter 11 cases of all other Debtors against whom a Debt Claim may be asserted under the Convertible Notes Indenture or other operative documents.

f.      *Supporting Documentation*.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that

includes such a summary or explanation shall be required to transmit such writings to Debtors'
counsel upon request no later than ten days from the date of such request.

        g.    *Timely Service*.  Each Proof of Claim must be filed, including supporting
documentation, so as to be *actually received* by Stretto on or before the Claims Bar Date or the
Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein
or by order of the Court) either (1) electronically through the interface available at
https://cases.stretto.com/amyris/file-a-claim/; or (2) by first class mail, hand deliver or overnight
mail to Amyris Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA
92602.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR
ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

        h.    *Receipt of Service*.  Claimants wishing to receive acknowledgment that their
Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in
addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped
envelope.

### Consequences of Failure to File a Proof of Claim

        20.    Pursuant to Bankruptcy Rule 3003(c)(2), upon a confirmed chapter 11 plan
becoming effective, the Debtors propose that any person or entity who is required, but fails, to file
a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall
be forever barred, estopped, and enjoined from asserting such claim against the Debtors and the
Debtors and their property shall be forever discharged from any and all indebtedness or liability
with respect to or arising from such claim—including with respect to claims asserting priority
pursuant to section 503(b)(9) of the Bankruptcy Code; *provided* that late-filed proofs of claim shall
be treated in accordance with section 726(a)(3) of the Bankruptcy Code.  Moreover, such creditor

shall be prohibited from voting to accept or reject any plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

**Procedures for Providing Notice of the Bar Dates**

21.     The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

**A.     Mailing of Bar Date Notices**

22.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form of **Exhibit C** attached hereto (the "Bar Date Notice"), and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail, no later than three business days after entry of the Bar Date Order, to the following entities:

    a.     the U.S. Trustee;

    b.     counsel to the Committee;

    c.     the Convertible Notes Trustee and counsel thereto;

    d.     the Convertible Noteholders;

    e.     all known creditors and other known holders of claims against the Debtors, including all entities listed in the Schedules as holding claims against the Debtors;

    f.     all entities that have requested notice of the proceedings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

    g.     all entities that have filed proofs of claim in these Chapter 11 Cases as of the date of the Bar Date Order;

h.      all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

i.      all known entities who are party to executory contracts and unexpired leases with the Debtors;

j.      all known entities who are party to litigation with the Debtors;

k.      all current and former employees for the past three years (to the extent that contact information for former employees is available in the Debtors' records);

l.      all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

m.      the United States Environmental Protection Agency;

n.      the Office of the Attorney General for the State of Delaware;

o.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

p.      the District Director of the Internal Revenue Service for the District of Delaware;

q.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

r.      the Securities and Exchange Commission.

23.      The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim.  The Debtors request the Court approve the use of the Bar Date Notice.

B.    <u>**Supplemental Mailings**</u>

24.    After the initial mailing of the Bar Date Package, the Debtors will make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[5] (b) certain parties, acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders), decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to seven days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

C.    <u>**Publication Notice**</u>

25.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  The Debtors propose to publish the Bar Date Notice in accordance with Bankruptcy Rule 2002(l), modified for publication in substantially the form of <u>**Exhibit D**</u> attached hereto (the "Publication Notice"), on one occasion in *The New York Times (National Edition)* (or similar newspaper of record) on or before a date at least fourteen days before the Claims Bar Date.

26.    The proposed Publication Notice includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may

---

[5]    However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such entity or persons.

DOCS_DE:244236.4 03703/004

obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing Proofs of Claim.

### Basis for Relief

**A.      Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases**

27.      Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."[6]  Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

28.      It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.[7]  The claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate."[8]

---

[6]      Fed. R. Bankr. P. 3003(c)(3).

[7]      *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).

[8]      *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

29.     The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency.  Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these Chapter 11 Cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

30.     The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties.  Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these Chapter 11 Cases (such as in the event of contract rejections).

**B.      The Proposed Notice Procedures Are Reasonable and Appropriate**

31.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least twenty-one (21) days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice.  Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

DOCS_DE:244236.4 03703/004

32.      In conjunction with setting deadlines to file Proofs of Claim, the Debtors must give appropriate notice to interested parties.  The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors.  This procedure is consistent with applicable case law and practice in this district.[9]  To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.[10]  As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For unknown creditors, notification by publication will generally suffice."[11]  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."[12]  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."[13]

33.      Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."[14]  But this does not require the debtor to engage in

---

[9]    *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995).

[10]    *Chemetron*, 72 F.3d at 346.

[11]    *Id.* (citations omitted).

[12]    *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).

[13]    *Id.* (citing *Mullane*, 339 U.S. at 317).

[14]    *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).

"impracticable and extended searches . . . in the name of due process."[15]  Rather, the required search is limited to a debtor's "books and records."[16]

34.    In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the Claims Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[17]

35.    The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances of these chapter 11 cases.  Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re GigaMonster Networks, LLC*, No. 23-10051 (JKS) (Bankr. D. Del. Apr. 18, 2023) (establishing a claims bar date for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code); *In re First Guar. Mortg. Corp.*, No. 22-10584 (CTG) (Bankr. D. Del. Aug. 31, 2022) (same); *In re Sequential Brands Grp., Inc.*, No. 21-11194 (JTD) (Bankr. D. Del. Oct. 4, 2021) (same); *In re Maines Paper & Food Serv., Inc.*, No. 20-11502 (KBO) (Bankr. D. Del. July 9, 2020) (same); *In re True Religion Apparel, Inc.*, No. 17-11460 (CSS) (Bankr D. Del. Aug. 2, 2017) (same); *In re Emerald Oil, Inc.*, No. 16-10704

---

[15]    *See Mullane*, 339 U.S. at 317–18.

[16]    *See, e.g.*, *Chemetron*, 72 F.3d at 347.

[17]    For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment in accordance with section 503(a) of the Bankruptcy Code or as otherwise specified by the Bar Date Order or any other order of the Court or in any plan confirmed in these Chapter 11 Cases.

(KG) (Bankr. D. Del. Mar. 22, 2016) (same); *In re Horsehead Holding Corp.*, No. 16-10287 (CSS)

(Bankr. D. Del. Mar. 22, 2016) (same); *In re Magnum Hunter Res. Corp.*, No. 15-12533 (KG)

(Bankr. D. Del. Jan. 11, 2016) (same); *In re GSE Envtl., Inc.*, No. 14-11126 (MFW) (Bankr.

D. Del. June 3, 2014) (same); *In re FAH Liquidating Corp. f/k/a Fisker Automotive Holdings, Inc.*,

No. 13-13087 (KG) (Bankr. D. Del. Dec. 30, 2013) (same).[18]

36.    The Debtors submit that the relief requested herein provides for clear notice of the Claims Bar Date (and other Bar Dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the Claims Bar Date is established, as proposed, as November 15, 2023, the Debtors intend to (a) cause the Bar Date Notice to be mailed no later than three business days after entry of the Bar Date Order, and (b) cause the Publication Notice to be published by a date that is at least twenty-one days prior to the Claims Bar Date. Thus, by establishing the Claims Bar Date in accordance with the provisions hereof, all known claimants will have at least forty-one days' notice and unknown or unreachable claimants will have at least twenty-one days of constructive notice of the Claims Bar Date for filing its Proof of Claim, thereby satisfying Bankruptcy Rule 2002(a)(7). Additionally, because the Debtors will file their Schedules on or before service of the Bar Date Notice, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file Proofs of Claim, if necessary.

37.    In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no

---

[18]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

less than twenty-one days from the notice date to file Proofs of Claim with respect to their claims. Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of:  (a) the Claims Bar Date; (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection.

38.    The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file Proofs of Claim while, at the same time, ensuring that the Debtors and all other parties-in-interest can achieve certainty with respect to its liabilities in a timely manner.

39.    Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

## Notice

40.    The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware, 19801, Attn: John Schanne, Esq. (John.Schanne@usdoj.gov); (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Lenders, DIP Agent and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), Alexander J. Nicas, Esq. (anicas@goodwinlaw.com), and Debora Hoehne, Esq. (dhoehne@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent and the Foris

Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite

5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier,

Esq. (david.fournier@troutman.com); (e) the United States Attorney's Office for the District of

Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g)

the Securities Exchange Commission; and (h) any party that requests service pursuant to

Bankruptcy Rule 2002.

### **No Prior Request**

41.     No prior request for the relief sought in this motion has been made to this or any

other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date Order,

granting the relief requested herein and such other relief as the Court deems appropriate under

the circumstances.

 Dated: September 27, 2023                **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*