# **EXHIBIT C**

**Form of Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.,*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF (I) PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE, AND (II) REJECTION DAMAGES CLAIMS**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Amyris, Inc. | 23-11131 (TMH) |
| AB Technologies LLC | 23-11132 (TMH) |
| Amyris-Olika, LLC | 23-11133 (TMH) |
| Amyris Clean Beauty, Inc. | 23-11134 (TMH) |
| Amyris Fuels, LLC | 23-11136 (TMH) |
| Aprinnova, LLC | 23-11137 (TMH) |
| Onda Beauty Inc. | 23-11138 (TMH) |
| Upland 1 LLC | 23-11139 (TMH) |
| Clean Beauty Collaborative, Inc. | 23-11224 (TMH) |
| Clean Beauty 4U LLC | 23-11225 (TMH) |
| Clean Beauty 4U Holdings, LLC | 23-11226 (TMH) |

**PLEASE TAKE NOTICE THAT:**

On August 9 and 21, 2023 (as applicable, the "Petition Date"), Amyris, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed[2] voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]   The Petition Date for Debtors Amyris, Inc.; AB Technologies LLC; Amyris-Olika, LLC; Amyris Clean Beauty, Inc.; Amyris Fuels, LLC; Aprinnova, LLC; Onda Beauty Inc.; and Upland 1 LLC is August 9, 2023. The Petition Date for Debtors Clean Beauty Collaborative, Inc.; Clean Beauty 4U LLC; and Clean Beauty 4U Holdings, LLC is August 21, 2023.

On [●], 2023 the Court entered an order [Docket No. __] (the "Bar Date Order")[3] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, and Rejection Damages.

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**A.     THE BAR DATES**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (the "Bar Dates").

a.     *The Claims Bar Date*. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim by **November 15, 2023, at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date"). The Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims; *provided that*, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of: (a) the Claims Bar Date; or (b) 5:00 p.m. prevailing Eastern time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

b.     *The Governmental Bar Date*. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by **February 5, 2024, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date"). The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with

---

[3] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

2

claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

      c.    *The Amended Schedules Bar Date*. Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or amendment or supplement to the Schedules are required to file Proofs of Claim so that such Proofs of Claim are actually received by the Claims and Noticing Agent by the Amended Schedules Bar Date (i.e., by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of such filing, amendment or supplement).

      d.    *The Rejection Damages Bar Date.* Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease are required to file Proofs of Claim with respect to such rejection so that such Proofs of Claim are actually received by the Claims and Noticing Agent by the Rejection Damages Bar Date (i.e., by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty days following entry of an order approving such rejection).

**B.**    **WHO MUST FILE A PROOF OF CLAIM**

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date *must* file Proofs of Claim on or before the Claims Bar Date:

      a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

      b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

      c.    any person or entity who believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

      d.    any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

**C.**    **PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM**

Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need *not* file Proofs of Claims:

      a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

3

  b. any person or entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

  c. any person or entity whose claim has previously been allowed by order of the Court;

  d. any person or entity that is not required to file a Proof of Claim pursuant to the final order approving the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 19] (the "DIP Motion"), solely with respect to the claims for which no Proof of Claim is required to be filed as set forth in the final order approving the DIP Motion;

  e. any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

  f. any Debtor having a claim against another Debtor;

  g. any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

  h. any holder of a claim arising under or in connection with the Debtors' Convertible Notes; *provided* that U.S. Bank, in its capacity as Convertible Notes Trustee, may file a single Master Proof of Claim in the Lead Case by the Claims Bar Date with respect to all of the claims thereunder;

  i. any person or entity whose claim is based on an equity interest in any of the Debtors; provided that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the applicable bar date pursuant to procedures set forth herein;

  j. any current officer, director, or employee of any Debtor, in each case in their capacity as such, for claims based on indemnification, contribution, or reimbursement;

  k. any person or entity holding a claim for which a separate deadline is fixed by this Court;

  l. claims for fees and expenses of professionals retained in these Chapter 11 Cases.

**D.**   **INSTRUCTIONS FOR FILING PROOFS OF CLAIM**

  The following requirements shall apply with respect to filing and preparing each Proof of Claim:

  a. *Contents*. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

  b. *Section 503(b)(9) Claim*. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular

4

invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

      c.    *Original Signatures Required*.  Only original Proofs of Claim may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

      d.    *Identification of the Debtor Entity*.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Amyris, Inc.

      e.    *Claim Against Multiple Debtor Entities*.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.  Notwithstanding anything to the contrary set forth herein, the filing of a Master Proof of Claim by the Convertible Notes Trustee in the Lead Case shall also be deemed to constitute the filing of a Master Proof of Claim in the chapter 11 cases of all other Debtors against whom a Debt Claim may be asserted under the Convertible Notes Indenture or other operative documents.

      f.    *Supporting Documentation*.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes such a summary or explanation shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

      g.    *Timely Service*.  Each Proof of Claim must be filed, including supporting documentation, so as to be actually received by Stretto on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either (1) electronically through the interface available at https://cases.stretto.com/amyris/file-a-claim/; or (2) by first class mail, hand deliver or overnight mail to  Amyris, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

      h.    *Receipt of Service*.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

E.  **CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim aim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

**YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

**THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;**

**YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

**YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

F.  **AMENDMENTS TO THE DEBTORS' SCHEDULES**

If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, non-contingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim and (b) 5:00 p.m., prevailing Eastern Time on the date that is twenty-one days after the date that on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claim (any such date, an "Amended Schedules Bar Date").

G.  **RESERVATION OF RIGHTS**

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

H.  **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s). If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive

6

multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth: (a) the amount of your claim (if any) as scheduled; (b) identifies the Debtor entity against which it is scheduled; (c) specifies whether your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed; and (d) identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## I. ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these Chapter 11 Cases are available for inspection free of charge on Stretto's website at https://cases.stretto.com/amyris/. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Stretto, directly by writing to: Amyris, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 (email: TeamAmyris@stretto.com).

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

| | |
|---|---|
| Dated: [●] | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | */s/ DRAFT* |
| | Richard M. Pachulski (admitted *pro hac vice*) |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Jason H. Rosell (admitted *pro hac vice*) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | rpachulski@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | joneill@pszjlaw.com |
| | jrosell@pszjlaw.com |
| | sgolden@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |