## **EXHIBIT D**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF
(I) PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE,
AND (II) REJECTION DAMAGES CLAIMS**

**THE CLAIMS BAR DATE IS NOVEMBER 15, 2023**

**THE GOVERNMENTAL CLAIMS BAR DATE IS FEBRUARY 5, 2024**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

***Deadlines for Filing Proofs of Claim***.  On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. __] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the above-captioned Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, and Rejection Damages Claims, in the Chapter 11 Cases of the following debtors and debtors in possession (collectively, the "Debtors"): Amyris, Inc.; AB Technologies LLC; Amyris-Olika, LLC; Amyris Clean Beauty, Inc.; Amyris Fuels, LLC; Aprinnova, LLC; Onda Beauty Inc.; and Upland 1 LLC.

***The Bar Dates***.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, corporations, joint ventures, estates, and trusts who have a claim or potential claim against the Debtors, that arose prior to August 9, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **November 15, 2023, at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date"). Governmental units who have a claim or potential claim against the Debtors that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **February 5, 2024, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date").

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

   Amended Schedules Bar Date.  All parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or an amendment or supplement to the Schedules are required to file Proofs of Claim by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of a previously unfiled Schedule or amendment or supplement to the Schedules** (the "Amended Schedules Bar Date").

   Rejection Damages Bar Date.  All parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim by the **later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty days following entry of an order approving such rejection** (the "Rejection Damages Bar Date").

   **ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, IN EACH CASE ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

   *Filing a Proof of Claim*.  Each Proof of Claim must be filed, including supporting documentation, so as to be *actually received* by the Debtors' notice and claims agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto"), on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein) either **(1) electronically through the interface available at https://cases.stretto.com/amyris/file-a-claim/; or (2) by first class mail, hand deliver or overnight mail to Amyris, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602**.

   *Contents of Proofs of Claim*.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

   *Section 503(b)(9) Requests for Payment*.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

   *Additional Information*.  If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Stretto, directly by writing to:  Amyris, Inc. et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 (email: TeamAmyris@stretto.com).  *Please note* that Stretto *cannot* offer legal advice or advise whether you should file a proof of claim.

*Claim Against Multiple Debtor Entities*. Unless otherwise ordered by the Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor. Notwithstanding anything to the contrary set forth herein, the filing of a Master Proof of Claim by the Convertible Notes Trustee in the Lead Case shall also be deemed to constitute the filing of a Master Proof of Claim in the chapter 11 cases of all other Debtors against whom a Debt Claim may be asserted under the Convertible Notes Indenture or other operative documents.

*Supporting Documentation*. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes such a summary or explanation shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

*Receipt of Service*. Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

Dated: [●]    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ DRAFT*

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

3