## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 334** |

**FIRST SUPPLEMENTAL
DECLARATION OF LEON SZLEZINGER
IN SUPPORT OF THE APPLICATION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF JEFFERIES LLC AS INVESTMENT BANKER
PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a), EFFECTIVE AS OF
SEPTEMBER 1. 2023 AND (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS**

I, Leon Szlezinger, hereby declare under penalty of perjury that, to the best of my

knowledge and belief, and after reasonable inquiry, the following is true and correct:

1.      I am a Managing Director and Joint Global Head of Debt Advisory & Restructuring

at Jefferies LLC ("Jefferies"), an investment banking and financial advisory firm with principal

offices located at 520 Madison Avenue, New York, New York 10022, as well as at other locations

worldwide.

2.      I am authorized to submit this supplemental declaration (the "First Supplemental

Declaration") in support of the application [Docket No. 334] (the "Application") of the Official

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s
principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite
100, Emeryville, CA 94608.

Committee of Unsecured Creditors (the "Committee") of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") to retain and employ Jefferies as its investment banker, effective as of September 1, 2023 and my declaration attached thereto as Exhibit B [Docket No. 334-3] (the "Initial Declaration").[2]  Except as otherwise stated in this Declaration, I have personal knowledge of or have relied upon the knowledge of others employed by Jefferies with respect to the matters set forth herein.[3]

**Supplemental Disclosures**

3.      Jefferies (together with its subsidiaries, the "Financial Institution"), is wholly owned by Jefferies Financial Group Inc ("JFG").  The Financial Institution is a full-service global investment banking firm headquartered in the United States. The Financial Institution is rated by various credit rating agencies, separate and distinct from JFG and its subsidiaries that are not part of the Financial Institution (collectively, the "Non-Financial Institution Entities").  JFG issues stand-alone audited financial statements and is a registrant with the Securities and Exchange Commission ("SEC").

4.      As a global investment bank, the Financial Institution is subject to extensive regulation.  In the United States alone, Jefferies is regulated by the SEC, the Commodities Futures Trading Commission, the Financial Industry Regulatory Authority ("FINRA"), the Municipal Securities Rulemaking Board and the National Futures Association.  The Financial Institution also is subject to regulation and examination by state security commissions and attorneys general in those states in which they do business.

---

[2]    Capitalized terms used but not defined herein have the meanings given to such terms in the Initial Declaration.

[3]    Certain information herein relates to matters (a) contained in Jefferies' books and records and (b) within the knowledge of other Jefferies' employees, and is based on the information provided by such employees.

5.     The Financial Institution operates in two business segments: investment banking and capital markets, and asset management. Investment banking and capital markets includes investment banking, capital markets and other related services.  Investment banking provides underwriting and financial advisory services to clients across most industry sectors in the Americas, Europe and Asia.  The capital markets businesses operate across the spectrum of equities, fixed income and foreign exchange products.  Related services include, among other things, prime brokerage and equity finance, research and strategy, corporate lending and real estate finance.  The foregoing is referenced herein collectively as "investment banking."

6.     The asset management segment includes the provision of investment management services to investors in the United States and overseas and investment of capital in hedge funds, separately managed accounts and third-party asset managers.

7.     Paragraph 14 of my Initial Declaration discusses certain trading activities of Jefferies and references an information barrier.  With respect to such information barrier, the Financial Institution requires all employees to limit the disclosure of and access to confidential information to those persons who have a legitimate business need to know the information and who are expected to maintain its confidentiality ("Need to Know").  This Need to Know applies both between and within business areas.  Confidential information may not be communicated within a department without a Need to Know.  Any disclosure or access to confidential information must also comply with any applicable information barrier and wall-crossing procedures and any applicable confidentiality or non-disclosure agreement.  Employees may not disclose confidential information to any person under circumstances in which it appears likely that such person will misuse the information.  Employees may only use confidential information for the purpose of carrying out their responsibilities on behalf of the Financial Institution or its clients.  Except for Financial Institution

3

employees who are on the private side of the information barrier, the Financial Institution employees may not intentionally receive or access material non-public information without the prior authorization of the control group. Regulations require more specific procedures to segregate private side employees from public side employees. Private side employees are not permitted to disclose material non-public information to any public side employee, and public side employees are not permitted to obtain or make an effort to obtain material non-public information. There is an investment banking information barrier in place, which is designed to allow public side employees to continue to provide sales, trading and research services, and to conduct and facilitate transactions with respect to securities without violating securities laws even when private side employees at the firm are in possession of material nonpublic information relating to the security/issuer.

8.      As required by applicable regulations, the Financial Institution has multi-faceted information barrier policies and procedures, which establish specific information policies for its various business lines. These policies and procedures are designed to prevent the misuse of material non-public information and other categories of confidential information. These barriers include both physical restrictions (*e.g.*, secure physical segregation, separate filing storage and separate reporting lines) as well as virtual restrictions (*e.g.*, policies and procedures limiting information flow, training, supervision, and monitoring activities). Private side employees, such as those in the investment banking divisions, routinely have, obtain or seek material non-public information in order to perform their jobs. Public side employees, such as those in sales, trading and research, have access to only publicly available information in the normal course of their jobs and cannot do their normal course jobs if they have material non-public information.

9.      Further, it is my understanding that the Financial Institution employees are required to take annual training courses to ensure they are aware of, and understand, Jefferies information barriers and policies with respect to material non-public information and client confidentiality.  It is also my understanding that employees are also required to attest, on an annual basis, that they have complied with these policies.

10.      Paragraph 9 of my Initial Declaration describes the connections check that Jefferies performed to determine whether it had any relationships with the Potential Parties in Interest. Specifically, Jefferies entered the names of the Potential Parties in Interest into databases containing the names of Jefferies' current and former corporate investment banking clients.  This search was of the databases of all entities comprising the Financial Institution, other than, as described below, Jefferies Finance LLC ("JFin") and its subsidiaries and the asset management business segment.

11.      With respect to JFin, it is an entity jointly owned by JFG and Massachusetts Mutual Life Insurance Company (MassMutual).  JFG has a 50% joint venture interest therein and does not exercise control over JFin.  JFin is a commercial finance company that structures, underwrites and arranges primarily senior secured loans to corporate borrowers, and through certain subsidiaries, manages certain funds and has significant assets under management through such funds.  JFin may also underwrite and arrange other debt products such as second lien term, bridge and mezzanine loans, as well as related equity co-investments.  JFin is a registered investment advisor under the Investment Advisers Act of 1940.  As a result of information barriers between JFin and its subsidiaries, on the one hand, and Jefferies, on the other hand, as well as confidentiality restrictions in the applicable lending documents, Jefferies' search of JFin and its subsidiaries was limited to

5

whether any such entities held debt or other securities of the Debtors and whether JFin was a lender to the Debtors.

12.     With respect to the asset management business segment, while certain limited employees responsible for oversight, legal, compliance, accounting, operations and other control and support functions have access to information regarding such business segment, the use and disclosure of material non-public information remains subject to Jefferies' information barriers and applicable law (such as the Investment Company Act of 1940).  For legal, regulatory or other reasons, Jefferies is prohibited from improperly sharing such information with anyone outside of such business segment and may not publicly disclose, among other things, any confidential information pertaining to investments in the securities of Potential Parties in Interest held by funds, other investment vehicles or other client accounts managed without the consent of the applicable clients or other relevant parties on account of whom such investments are held.  Moreover, the activities conducted by the asset management business segment are conducted for the benefit of third parties rather than for the Financial Institution on its own account.

13.     With respect to the Non-Financial Institution Entities, they operate in merchant banking and own a portfolio of businesses and investments, including Linkem (fixed wireless broadband services in Italy); Vitesse Energy, LLC and JETX Energy, LLC (oil and gas production and development); real estate, primarily HomeFed LLC; Idaho Timber (manufacturing); and FXCM Group, LLC (provider of online foreign exchange trading services).  The Non-Financial Institution Entities are separate and distinct legal entities from the Financial Institution, have separate operations in unrelated business lines, separate policies and procedures and internal controls, separate offices, separate computer systems and, subject to limited exceptions, separate employees, and are separated by information barriers.  The separation between the Financial

Institution and the Non-Financial Institution Entities prevents the sharing of information between or among the entities. None of the Non-Financial Institution Entities are listed on the Potential Parties in Interest list.

14.     Jefferies' connections search did not include the Non-Financial Institution Entities. However, JFG is a public company and files, among other things, Form 13Fs with the SEC. Form 13F is the reporting form filed by institutional investment managers (*i.e.*, entities that either invest in, or buy and sell, securities for their own account) pursuant to Section 13(f) of the Securities Exchange Act of 1934.  Among other things, Form 13F filings includes, "(a) the issuer name of all Section 13(f) securities;[4] (b) a description of the class of security listed (*e.g.*, common stock, put/call option, class A shares, convertible debenture); (c) the number of shares owned; and (d) the fair market value of the securities listed, as of the end of the calendar quarter."[5]  Form 13F is publicly available on the SEC's website.[6]  While in the ordinary course of business, Jefferies does not monitor publicly filed information of the Non-Financial Institution Entities, for purposes of its connection check in these cases, Jefferies cross-referenced the Potential Parties in Interest list attached as <u>Schedule 1</u> to the Initial Declaration with the issuer names on the JFG Form 13F for

---

[4]     Section 13(f) securities "are securities that may be reported on Form 13F. A list of these securities - called the Official List of Section 13(f) Securities - is available shortly after the end of each calendar quarter on the SEC's website, at http://www.sec.gov/divisions/investment/13flists.htm. Section 13(f) securities are equity securities of a class described in Section 13(d)(1) of the Securities Exchange Act. *See* Section 13(d)(1) of the Securities Exchange Act. The Official List of Section 13(f) Securities primarily includes United States exchange-traded stocks (*e.g.,* NYSE, AMEX, NASDAQ), shares of closed-end investment companies, and shares of exchange-traded funds (ETFs). Certain convertible debt securities, equity options, and warrants are on the Official List and may be reported. *But see* Section 13(f)(4) (referring to equity securities of a class referred to in Exchange Act section 13(d)(1)) and exemptive rules 12a-4 and 12a-9 under the Exchange Act." Section 13(f) securities do not include shares of open-end investment companies, *i.e.* mutual funds. *See* SEC website, "Frequently Asked Questions About Form 13F," https://www.sec.gov/divisions/investment/13ffaq.htm.

[5]     *See id.*

[6]     *See, e.g.,* http://d18rn0p25nwr6d.cloudfront.net/CIK-0000096223/7fd57187-ab5b-458e-92cd-90658fb4bcaa.html

Q3 2022 and did not find any overlap.  The JFG Form 13F includes Leucadia Asset Management LLC ("LAM"), which also is an institutional investment manager.

15.     In addition, paragraph 13 of my Initial Declaration discusses that certain affiliates of Jefferies serve as investment managers to the Managed Funds.  The Managed Fund business is managed by LAM, which is a registered investment adviser and separate from Jefferies' investment banking business.  The personnel primarily responsible for the Managed Fund business are employees of LAM (other than certain limited employees responsible for oversight, legal, compliance, accounting, operations and other control and support functions).  LAM is regulated by the SEC and subject to the Investment Advisers Act of 1940 (the "IAA").  LAM has a duty to investors under the IAA and has its own policies and procedures relating to trading and investing that, among other things, does not allow personnel from other parts of the Financial Institution to share information with each other (other than certain limited employees responsible for control and support functions described above).  Moreover, it is my understanding that any disclosure of Managed Fund investors and investments could be a violation of applicable law and contracts.

16.     In addition, JFG has a joint venture interest in CoreCommodity Capital, LLC and Monashee Investment Management LLC, each of which are asset managers with significant asset under management.  In addition to information barriers being in place, Jefferies does not exercise corporate control over these entities.

**Client Confidences**

17.     As stated in Paragraph 10 of the Initial Declaration, Jefferies previously served, as joint lead placement agent with respect to the June 2020 PIPE offering of shares of common stock and Series E Preferred Stock.  As a result of the Jefferies' involvement in the foregoing matter, personnel in the Financial Institution's investment banking business may have received, subject to

Jefferies Need to Know policy and the investment banking information barrier, certain confidential information of the Debtors (the "Client Confidences").  In addition, (i) given the passage of more than three years, any Client Confidences received are stale and are no longer material, non-public information; and (ii) as an advisor engaged by the Committee, and subject to the confidentiality provision of its Bylaws, Jefferies is now entitled to receive the same or similar information in connection with rendering advice to the Committee.

18.    As stated in Paragraph 11 of the Initial Declaration, prior to the Petition Date, Jefferies sought to serve as an investment banker to the Debtors.  More specifically, on July 14, 2023, at the Debtors' invitation, Jefferies met (via teleconference) with certain members of the Debtors' Board and its advisors to present its credentials for this engagement, but the Debtors ultimately selected another investment banker, and informed Jefferies of this decision on July 16, 2023.

19.    As a result of the Jefferies' involvement in the foregoing matter, Jefferies personnel may have received certain Client Confidences.  However, (i) given the passage of time and the extensive disclosures made by the Debtors in connection with the chapter 11 filing, any Client Confidences received are stale and are no longer material, non-public information; and (ii) as an advisor engaged by the Committee, and subject to the confidentiality provision of its Bylaws, Jefferies is now entitled to receive the same or similar information in connection with rendering advice to the Committee.

20.    In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 30, 2023                     Respectfully submitted,


                                              */s/ Leon Szlezinger*
                                              _____
                                              Leon Szlezinger

                                              Managing Director and Joint Global Head of Debt Advisory & Restructuring

                                              Jefferies LLC