# EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Docket No. 334** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT
OF JEFFERIES LLC AS INVESTMENT BANKER PURSUANT TO
11 U.S.C. §§ 328(a) AND 1103(a), EFFECTIVE AS OF SEPTEMBER 1,
2023 AND (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of the debtors and debtors in possession in the above-captioned chapter 11 cases (the "Debtors") for entry of an order (this "Order"), (a) authorizing the Committee to retain and employ Jefferies LLC ("Jefferies") as its investment banker effective as of September 1, 2023, pursuant to the terms and subject to the conditions of the Engagement Letter and (b) waiving and modifying certain of the time-keeping requirements of Bankruptcy Rule 2016(a), the Trustee Guidelines, and any other guidelines regarding submission and approval of fee applications, all as more fully set forth in the Application; and upon the Szlezinger Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used in this Order and not immediately defined have the meanings given to such terms in the Application.

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Committee consenting to entry of a final order by the Court under Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Committee and the Debtors' unsecured creditors; and this Court having found that the Committee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Committee is authorized to retain and employ Jefferies as its investment banker in these Chapter 11 Cases, pursuant to the terms and subject to the conditions set forth in the Engagement Letter attached hereto as **Exhibit 1**, effective as of September 1, 2023, as modified by this Order.

3. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), including without limitation the Fee and Expense Structure, are approved pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code. Subject to Paragraph 4 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter

shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

4. Except to the extent set forth herein, the Engagement Letter (together with all annexes thereto), including without limitation the Fee and Expense Structure, are approved pursuant to sections 1103(a) and 328(a) of the Bankruptcy Code. Subject to Paragraph 5 of this Order, all compensation and reimbursement of expenses payable under the Engagement Letter shall be subject to review only pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to any other standard of review including, but not limited to, that set forth in section 330 of the Bankruptcy Code.

5. Jefferies shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules or Local Rules as may then be applicable, and any other applicable orders and procedures of this Court; *provided*, *however*, that Jefferies shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Jefferies' fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code, except that, notwithstanding any provisions to the contrary in this Order, the Application or any of its attachments, the U.S. Trustee shall retain all rights and be entitled to object to Jefferies' request(s) for fees and reimbursement of expenses, including but not limited to those set forth in interim and final fee applications, under the standards provided in sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Jefferies' fees and reimbursement requests.

6.     Notwithstanding anything to the contrary in the Application or any of its attachments, including but not limited to the Engagement Letter, Jefferies shall comply with all requirements of Bankruptcy Rule 2016(a), and Local Rule 2016-2, including all information and time keeping requirements of subsection (d) of Local Rule 2016-2, except that Jefferies and its professionals shall be permitted to maintain time records of services rendered for the Committee in half-hour increments.

7.     Notwithstanding anything to the contrary in the Application or any of its attachments, no amounts shall be paid to Jefferies absent an order of this Court approving a fee application filed on notice to parties in interest in these Chapter 11 Cases under the procedures set forth in any order establishing procedures for compensation and reimbursement of expenses of professionals (the "Compensation Order").

8.     In the event that, during the pendency of these Chapter 11 Cases, Jefferies requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Jefferies' fee applications, and such invoices and time records shall be in compliance with Local Rule 2016-2(f) and the U.S. Trustee Guidelines and subject to approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.  Notwithstanding the foregoing, Jefferies shall only be reimbursed for any legal fees incurred in connection with these Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.  Jefferies shall not seek reimbursement of any fees incurred defending any of Jefferies' fee applications in these Chapter 11 Cases.

9. The indemnification, contribution, and reimbursement provisions included in Schedule A to the Engagement Letter are approved, subject during the pendency of these Chapter 11 Cases to the following modifications:

    a. No Indemnified Persons (as that term is defined in Schedule A to the Engagement Letter) shall be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services, unless such services and the indemnification, contribution, or reimbursement therefore are approved by this Court;

    b. Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any Indemnified Person or provide contribution or reimbursement to any Indemnified Person for any claim or expense that is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Persons' gross negligence, willful misconduct, or bad faith, or (ii) for a contractual dispute in which the Debtors allege breach of the obligations of Jefferies or another Indemnified Person under the Engagement Letter unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) settled prior to a judicial determination as to sub-clauses (i) or (ii) above, but determined by this Court, after notice and a hearing, pursuant to subparagraph (d) below, to be a claim or expense for which the Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

    c. During the course of these Chapter 11 Cases, any limitation of liability provisions or limitation on amounts to be contributed provisions in the Engagement Letter or otherwise shall have no force or effect; and

    d. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these Chapter 11 Cases, Jefferies or another Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, Jefferies or the Indemnified Person must file an application before this Court and the Debtors may not pay any such amounts to the Indemnified Person before the entry of an order by this Court approving the payment; provided, however, that for the avoidance of doubt, this subparagraph (d) is intended only to specify the period of time under which this Court shall have jurisdiction over any

request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify Jefferies or any other Indemnified Person. All parties in interest shall retain the right to object to the allowance of any demand by any Indemnified Person for indemnification, contribution and/or reimbursement (under the standards set forth herein).

10. Notwithstanding anything in the Application or its attachments/exhibits, during the pendency of these Chapter 11 Cases, any provision in the Engagement Letter to the effect that Jefferies is not acting as a fiduciary of the Committee shall have no force or effect.

11. Notwithstanding anything in Section 8 of the Engagement Letter, any termination of the Engagement Letter may only be done on fourteen (14) days' written notice from the terminating party to the non-terminating party.

12. Notwithstanding anything in the Application or its attachments/exhibits, Jefferies shall, to the extent that Jefferies uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, (i) pass though the cost of such Contractors to the Debtors at the same rate that Jefferies pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Jefferies; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

13. To the extent that there may be any inconsistency between the terms of the Application, the Szlezinger Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

14. The Committee, the Debtors and Jefferies are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

15. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

17. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.