IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　　　　Debtors.¹ | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Relates to Docket No. 367**<br><br>**Hearing Date: TBD** |

## MOTION TO QUASH LAVVAN INC.'S
## NOTICE OF DEPOSITION OF JOHN DOERR

Pursuant to Rules 7026, 7030, 9014(c), and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 7026-1 and 7030-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Euagore, LLC, as DIP Lender and DIP Agent, the Foris Prepetition Secured Lenders² (collectively, "Foris"), and John Doerr ("Mr. Doerr," together with Foris, the "Movants"), hereby move (this "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") quashing in its entirety the *Notice of Deposition of John Doerr* [Docket No. 367], noticed for October 3, 2023 (the "Deposition Notice"),³ filed by Lavvan, Inc. ("Lavvan"). In support of this Motion, Movants respectfully state as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] The Foris Prepetition Secured Lenders include Foris Ventures, LLC, Perrara Ventures, LLC, Anesma Group, LLC, Anjo Ventures, LLC, and Muirisc, LLC.

[3] Pursuant to Local Rule 7026-1(c), the Deposition Notice is attached hereto as **Exhibit B**.

**PRELIMINARY STATEMENT**

1. The Deposition Notice is procedurally defective and substantively deficient, and should be quashed. The Deposition Notice is procedurally defective because it seeks a deposition on October 3, 2023, *five days after* the Court imposed deadline for completion of depositions pursuant to the Scheduling Order.[4] The Deposition Notice is substantively deficient because the burden on Mr. Doerr is disproportionate to the needs of the case, and far outweighs any possible benefit that could be provided by Mr. Doerr's testimony, if relevant at all to the issues at the Continued Hearing (*i.e.*, the hearing on October 4, 2023).

2. Equally important, the Deposition Notice suggests an exercise in gamesmanship, intended solely to harass Mr. Doerr. Mr. Doerr was not disclosed as an anticipated witness by *any party* by the September 21, 2023 witness disclosure deadline. Lavvan itself did not disclose a single anticipated hearing witness by the Court's deadline, despite having a purported rebuttal expert and serving a purported rebuttal expert report, while the Debtors disclosed two witnesses— Han Kieftenbeld and Theodore Martens. Indeed, until sending the Deposition Notice, Lavvan never once requested a deposition of Mr. Doerr, nor ever suggested that there was any need to depose Mr. Doerr.

3. It was not until September 26, 2023, at 4:30 p.m. EST, five days *after* witnesses were required to be disclosed and two days *before* the deposition completion deadline per the Scheduling Order, that counsel for Lavvan first corresponded with counsel to the Debtors and Foris regarding scheduling depositions for Messrs. Kieftenbeld and Martens. The date sought by Lavvan for these depositions was two days later, on September 28, 2023, the date depositions were required to be complete. Although counsel for Lavvan and Foris had engaged in discussions regarding

---

[4] Capitalized terms used but not defined herein have the meaning ascribed to them in the Scheduling Order.

multiple different issues on or before the afternoon of September 26, counsel for Lavvan never requested nor communicated any intention to seek a deposition of Mr. Doerr. Instead, Lavvan simply filed the Deposition Notice on the docket.

4. The Court should not sanction Lavvan's obvious attempts to further obfuscate and delay adjudication of the Final DIP Order at the Continued Hearing. At the close of the hearing on September 14, 2023, the Court indicated that it required a more fully developed evidentiary record to resolve discrete disputed issues related to approval of the Final DIP Order. The Scheduling Order specifically addressed and enumerated the issues to be briefed and the discovery to take place, including dates by which all stages of litigation must be complete. In doing so, the Scheduling Order provided a very specific and prescribed discovery framework, rejecting Lavvan's request for open-ended discovery and loose deadlines. The Scheduling Order is mandatory, not permissive, and this Court should not allow Lavvan to circumvent its express terms. To rule otherwise would be to foist upon Movants the burden and prejudice from Lavvan's late, burdensome, irrelevant, and unjustified request for a deposition of Mr. Doerr.

5. Accordingly, Movants respectfully request that the Court enter the Proposed Order granting the Motion and quashing the Deposition Notice in its entirety.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. The statutory and legal predicates for the relief requested herein include Rules 26(b), 26(c), 30(b) and 30(d) of the Federal Rules of Civil Procedure (the "Federal Rules"), Bankruptcy Rules 7026 and 7030, and Local Rules 7026-1 and 7030-1.

## BACKGROUND

A. **DIP Financing Dispute**

8. On August 9, 2023, the Debtors filed the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 19] ("DIP Motion") seeking $190 million in postpetition financing from Euagore, LLC (the "DIP Facility").

9. On August 31, 2023, Lavvan filed its limited objection [Docket No. 171] and on September 8, 2023, Lavvan filed its supplemental objection [Docket No. 211] to the entry of a final order granting the DIP Motion (together, the "Lavvan Objections").

10. On September 14, 2023, the Court held a hearing to approve, on a final basis, the DIP Motion (the "Final DIP Order"). On September 15, 2023, the Court held a status conference to discuss scheduling a supplemental final hearing on the DIP Motion and the breadth of discovery and supplemental briefing in connection thereto. At the status conference, the Court stated that the issues would need to be "cabin[ed]" and that the parties had to work to "get to finality." *See* Hr'g Tr., dated September 15, 2023 at 77:17-20 at 19:21-25. Further, the Court noted the "limited time and space" for discovery, and the need for the parties to "work realistically within the time that we have." *Id*. at 20:14-21. The Court cautioned that the parties could not engage in a "free w[heel]ing inquiry into everything that Foris is alleged to have done or could be alleged to have done," because such an inquiry would amount to a "fishing expedition." *Id*. at 30:2-18. The Court "trust[ed] that the parties are going to appropriately limit discovery to get the issues that we've identified." *Id*. at 30:13-15

4

11. The parties were unable to agree on the form of scheduling order and submitted competing proposals to the Court.[5] On September 19, 2023, the Court entered the Scheduling Order, pursuant to which the parties were afforded limited discovery and additional briefing on certain specific issues identified in the Scheduling Order. Importantly, the Scheduling Order *did not include* Lavvan's request that discovery only be "substantially complete" by the discovery deadline.[6] The Scheduling Order entered by the Court also *fixed* the dates by which witnesses must be disclosed, discovery and depositions completed, and issues to be adjudicated at the Continued Hearing.[7]

**B.   Deposition Notice**

12. In accordance with the Scheduling Order, on September 21, 2023, the Debtors disclosed their anticipated hearing witnesses. Lavvan disclosed no anticipated hearing witnesses by that deadline. No party included Mr. Doerr on its list of anticipated hearing witnesses.

13. Two days prior to the September 28, 2023 deadline to complete deposition and discovery, Lavvan filed the Deposition Notice. The Deposition Notice states that Lavvan intends to take the deposition by oral examination of Mr. Doerr in connection with the issues identified to be presented at the Continued Hearing, and specifically cites the docket number of the Scheduling

---

[5]   *See Certification of Counsel Regarding Debtors' Proposed Scheduling Order with Respect to Continued Hearing on the Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) To Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, Ex. A [Docket No. 318]; *Certification of Counsel Regarding Proposed Order Approving Briefing Schedule*, Ex. A [Docket No. 320] ("Lavvan Proposed Scheduling Order").

[6]   *Compare* Lavvan Proposed Scheduling Order at Ex. A, Schedule 1(d) ("**Substantial completion** of depositions and discovery by September 27, 2023") *with* Scheduling Order at Schedule 1(e) ("**Completion** of depositions and discovery by September 28, 2023") (emphasis added).

[7]   *See* Scheduling Order at Schedule 1(a)-(i). *Compare* Lavvan Proposed Scheduling Order at Ex. A, Issues to Be Presented at Continued Hearing ("Nothing in this list of issues precludes, or is intended to preclude, any party from presenting any issue identified during briefing or discovery, nor do the parties concede that these issues to be presented are necessarily determinative or dispositive of the Court's resolution of the motion") *with* Scheduling Order at Issues to be Presented at Continued Hearing (omitting Lavvan's requested language in full).

5

Order in the body of the Deposition Notice. The Deposition Notice was filed even though Mr. Doerr was not identified as an anticipated witness by any party. Even assuming the Scheduling Order contemplated depositions of persons other than anticipated witnesses (which it does not) the Deposition Notice does not disclose in what capacity Mr. Doerr's testimony is being requested or why his deposition is relevant to the issues at the Continued Hearing. It is not clear if Lavvan seeks to depose Mr. Doerr in his individual capacity, his capacity as a board member of Amyris, Inc., or something else.[8]

## RELIEF REQUESTED

14. By this Motion, Movants respectfully requests entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, quashing the Deposition Notice in its entirety.

## ARGUMENT

### A. The Deposition Notice Does Not Comply with the Scheduling Order.

15. The Deposition Notice seeks to depose Mr. Doerr on October 3, 2023, *five days after* the September 28, 2023 deadline to complete depositions included in the Scheduling Order for "[c]ompletion of depositions." Scheduling Order at 1(e). The Deposition Notice concerns the "issues identified to be presented at the Continued Hearing" in the Scheduling Order and cites to the docket entry for the Scheduling Order. Lavvan cannot argue that the requested deposition of Mr. Doerr need not comply with the Court-ordered deposition deadline. To make such an argument would be an affront to this Court's authority to establish and enforce deadlines contained in an order the Court enters. Moreover, the Court was definitive that all deadlines, including the

---

[8] The Deposition Notice was served on counsel to the Foris Lenders and the Debtors via CM/ECF and email. It does not appear to have been served on Mr. Doerr by subpoena, and Lavvan never requested that counsel for Foris (or, upon information and belief, counsel for the Debtors) accept service on Mr. Doerr's behalf.

6

September 28, 2023 deposition deadline, were fixed unless the Debtors, Foris, and Lavvan agree otherwise.  Scheduling Order at Schedule, 1 ("The schedule for the discovery and briefing **shall be as follows** . . .") (emphasis added).  The Deposition Notice does not comply with the Scheduling Order, and thus, the Court should quash the Deposition Notice on this ground alone.

    B.    <u>**The Deposition Notice Violates Federal Rule of Civil Procedure 30.**</u>

    16.    As a preliminary matter, the Deposition Notice does not meet the requirement to indicate on its face whether Lavvan is seeking to depose Mr. Doerr under Rule 30(b)(1) or Rule 30(b)(6) of the Federal Rules.  If the former, the Deposition Notice is deficient and should be quashed because the mere filing of the Deposition Notice (without a subpoena being served on Mr. Doerr) does not constitute sufficient process of a non-party.  The "[m]ere notice of a deposition is insufficient to compel the attendance of any person not a party," and "courts have sustained a party's motion to quash for the opposing party's failure to issue a subpoena to the non-party." *Campos v. Webb County*, No. 5:12-CV-7, 2013 WL 12387156, at *1 (S.D. Tex. Apr. 18, 2013); *see also El Salto, S. A. v. PSG Co.*, 444 F.2d 477, 484 (9th Cir. 1971) ("[M]ere notice to attend [a deposition] is insufficient to compel the attendance of a person not a party; a subpoena is required."); *Fatir v. Russell*, Civil Action No. 18-933-CFC, 2023 U.S. Dist. LEXIS 9184, at *12 (D. Del. Jan. 19, 2023) (holding that plaintiff could not depose a non-party without issuing a subpoena to compel attendance under Fed. R. Civ. P. 45); *Winter v. Hyde*, No. 17-1280-LPS, 2019 U.S. Dist. LEXIS 77606, at *20 (D. Del. May 8, 2019) (same); *Fletcher v. Little*, No. 12-489-SLR, 2013 U.S. Dist. LEXIS 78156, at *2 (D. Del. June 4, 2013) (same); *Price v. Deloy*, No. 08-444-GMS, 2011 U.S. Dist. LEXIS 65739, at *10 (D. Del. June 17, 2011) (same); *Sykes v. Carroll*, Civil Action No. 06-72-JJF, 2009 U.S. Dist. LEXIS 37582, at *3 (D. Del. Apr. 27, 2009) (same); *see also* 10 Collier on Bankruptcy P 7030.02 (16th 2023) ("Rule 30(a)(1) provides that the attendance of witnesses may be compelled by subpoena . . . This provision is of use only with respect to the

deposition of nonparty witnesses."); 7 Moore's Federal Practice - Civil § 30.21 (2023) ("[A] subpoena is necessary to compel someone who is not a party to appear for the taking of a deposition.").

17. If the latter, the Deposition Notice is also deficient under the Federal Rules. Where a corporation is a litigating party, "[d]epositions of officers, directors, or managing agents of [that] party corporation may be taken by noticing the deposition of that particular person." *Lairy v. Detroit Med. Ctr.*, No. 12-11668, 2012 WL 5383132, at *2 (E.D. Mich. Nov. 1, 2012). Any witness "who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 220 F.R.D. 235, 237 (S.D.N.Y. 2004). The "burden is on the examining party to establish the status of the witness," with the status to be determined "at the time the depositions [are] noticed." *Id.*

18. The Deposition Notice is also deficient because Mr. Doerr, in his individual capacity, is not a party to the DIP Motion. Nor is Mr. Doerr an officer, director, or managing agent of Foris; rather, Mr. Doerr indirectly holds all of the membership interests in Foris. Further, there is no suggestion that Mr. Doerr's role as a director of Amyris would be relevant to the issues before the Court. Accordingly, for these reasons, Movants respectfully request that this Court enter an order quashing the deposition.

C. **The Deposition of Mr. Doerr is Irrelevant, Cumulative and Unduly Burdensome and Therefore Should be Quashed.**

19. "[W]hen the burden of a discovery request is likely to outweigh the benefits, Federal Rule of Civil Procedure 26(b)(2)(C) vests the [Court] with the authority to limit a party's pursuit of otherwise discoverable information." *F.T.C. v. Dutchman Enterprises*, LLC, No. 2:09-cv-141 (FSH)(MAS), 2010 WL 3034521, at *2 (D.N.J. Aug. 2, 2010). Under Rule 26 of the Federal Rules, made applicable by Bankruptcy Rules 7026 and 9014, a party may obtain discovery

only that is (i) "relevant" to any party's claim or defense and (ii) "proportional" to the needs of the case considering, among other things, the "importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also* Local Rule 7026-1(a).  A court must limit discovery if, among other things, "the proposed discovery is outside the scope permitted by Rule 26(b)(1)" or "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C).

20. Courts have discretion when determining whether a discovery request should be quashed based on the facts and circumstances of the case.  *See, e.g.*, *City of Rockford v. Urmila Paranjpe Baumann (In re Mallinckrodt plc)*, No. 20-1533-LPS, 2021 WL 2036673, at *5 (D. Del. May 21, 2021) (affirming order quashing subpoena and noting "The Quash Order rests on the Bankruptcy Court's review of the facts and its determination of matters such as relevance, undue burden, and duplication regarding the information sought in the amended subpoena—all factual matters that were within the discretion of the Bankruptcy Court to evaluate.").

21. Given the discovery provided by the Debtors to Lavvan, and depositions already taken with respect to the issues covered in the Scheduling Order, Mr. Doerr's testimony at best would be cumulative to the information already provided.  Taken together, Scheduling Order issues number 1[9] and 2[10] address the status and principal amount of the 2018 LSA.  These factual questions are specifically addressed by the controlling documents, which have been produced by the Debtors, the Debtor's expert (Theodore Martens), including his expert report, and by Lavvan's purported rebuttal expert.  In addition, the Debtors' fact witness (Han Kieftenbeld), will provide

---

[9]  "What is the status of the Loan and Security Agreement, dated as of June 29, 2018, by and between Amyris, Inc., GACP Finance Co., LLC, and others . . .?" *See* Scheduling Order at 2.

[10] "What is the principal amount (if any) of the obligations under the 2018 LSA?" *Id*.

direct testimony at the final hearing.[11] Scheduling Oder issue number 3[12] concerns the accounting extinguishment, or potential extinguishment, of debt related to the 2018 LSA, including in connection with Debtors' equity transactions with Foris. This issue, on its face, specifically relates to the Debtors' internal accounting methods and public disclosures. At their core, Scheduling Order issues number 4,[13] 5,[14] 6,[15] 7[16] and 9[17] are contract interpretation questions that do not justify a deposition that amounts to an undefined fishing expedition. Finally, resolution of Scheduling Order issue number 8[18] also does not require discovery from Mr. Doerr as it asks the parties to analyze certain legal requirements under Section 364(d) of the Bankruptcy Code. Accordingly, Mr. Doerr's deposition is irrelevant to the resolution of any of the nine (9) Scheduling Order issues this Court asked the parties to address in their supplemental presentations.

22. Even if Mr. Doerr's deposition were somehow relevant (which it is not), a deposition of Mr. Doerr does not meet the proportionality standard. The "factual bases" of Lavvan's assertions "can be obtained from some other source that is more convenient, less burdensome, or less expensive" than deposing Mr. Doerr. Fed. R. Civ. P. 26(b)(2)(C)(i). These

---

[11] As of the date of this Motion, Lavvan has completed depositions of Mr. Martens and Mr. Kieftenbeld.

[12] "The extinguishment, or potential extinguishment, of debt related to the 2018 LSA, including in connection with Debtors' equity transactions with Foris on or about January 31, 2020, as referenced in Amyris Inc.'s Form 10-K for the fiscal year ended December 31, 2020." *Id*.

[13] "What is the application of the Subordination Agreement entered into as of May 2, 2019, by and between Foris Ventures, LLC and Lavvan, Inc. ("Subordination Agreement"), to the relief requested by the Motion?" *Id*.

[14] "Does the DIP Facility constitute "Permitted Debt" provided by a "Permitted Senior Lender" under the RCLA, Security Agreement, and Subordination Agreement . . .?" *Id*.

[15] "Do the Lavvan Documents preclude Lavvan from receiving adequate protection?" *Id*.

[16] "Did Lavvan consent (or should it be deemed to have consented) to the priming of its lien in the Lavvan Documents?" *Id*.

[17] "If Lavvan receives adequate protection, must it turn over that adequate protection to Foris based on the provisions in the Lavvan Documents?" *Id*.

[18] "Must the Court find that Debtors have met their burden of demonstrating adequate protection under section 364(d) in order to authorize the relief requested in Debtors' motion and, if so, whether Debtors have met that burden?"

other more convenient, less burdensome, and less expensive sources include: (i) the applicable loan documents; (ii) the Debtors' public filings; (iii) the Debtors' witness testimony; and (iv) the Debtors' expert report—all of which have been made available to Lavvan in accordance with the Scheduling Order. Nothing more is required or necessary under the law.

23. Given the procedural and substantive infirmities of the Deposition Notice, it is inescapable that the proposed deposition serves no purpose other than to potentially delay resolution of the DIP Motion and burden Mr. Doerr and the parties at a critical time when the Debtors and Foris are simultaneously working to finalize briefing consistent with the Scheduling Order, prepare for the contested hearing on October 4, 2023, and work to explore restructuring alternatives focused on maximizing the value of the Debtors' enterprise.

24. The Deposition Notice places an inappropriate burden on Mr. Doerr and the parties, and is neither relevant nor proportional to the issues to-be-resolved at the Continued Hearing. This provides an independent basis for quashing the Deposition Notice. *See Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 102 (S.D.N.Y. 1997) ("When the discovery to be obtained is through the deposition of a senior executive, a court must remain mindful that permitting unfettered discovery of corporate executives would threaten disruption of their business and could serve as a potent tool for harassment in litigation.") (internal quotation marks and citation omitted); *see, e.g.*, *Wertheim Schroder & Co. Inc. v. Avon Prod., Inc.*, No. 91 CIV. 2287 (PKL), 1995 WL 6259, at *4 (S.D.N.Y. Jan. 9, 1995) (quashing deposition of two senior executives of defendant-corporation where their testimony would be "duplicative" of information already provided through discovery); *see also Donnelly v. Am. Express Bank, FSB*, No. 18-CV-1024-GPC-WVG, 2018 WL 4759206, at *6 (S.D. Cal. Oct. 2, 2018), *aff'd sub nom. In re Donnelly*, 773 F. App'x 963 (9th Cir. 2019) (holding there was "good cause to forbid discovery under Rule 26(c)(1)" where "[t]he record shows ample

evidence that Debtor's counsel used the discovery process to harass and otherwise burden AmEx, rather than to obtain information relevant to Debtor's claim"); *Hickman v. Taylor*, 329 U.S. 495, 507–08 (1947) ("[Discovery] limitations inevitably arise when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry.").

25. The Deposition Notice comprises a burdensome and tactical fishing expedition outside the bounds of the Scheduling Order and directly in conflict with this Court's directive against "free w[heel]ing inquiry into everything that Foris is alleged to have done or could be alleged to have done." Hr'g Tr., dated September 15, 2023 at 30:2-18. Based on the record before the Court, the Deposition Notice does not constitute a reasonable, proportional effort to identify relevant discovery pursuant to the Federal Rules or Local Rules, and should be quashed.

## COMPLIANCE WITH LOCAL RULE 7026-1(d)

26. The undersigned counsel certifies that Movants have made a reasonable effort to reach an agreement with counsel to Lavvan regarding the relief requested herein, but no agreement has been reached at this time.

## NOTICE

27. Notice of this Motion has been provided to (i) the United States Trustee for the District of Delaware, (ii) counsel for Lavvan; and (iii) all interested parties requesting notices pursuant to Bankruptcy Rule 2002. Movants submit that under the circumstances, no other or further notice is necessary.

## CONCLUSION

28. For the reasons set forth above, Movants respectfully request that this Court enter the Proposed Order granting this Motion.

Dated: October 2, 2023
Wilmington, Delaware

/s/ David M. Fournier
David M. Fournier (DE No. 2812)
Kenneth A. Listwak (DE No. 6300)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail: david.fournier@troutman.com
ken.listwak@troutman.com

-and-

Michael H. Goldstein (admitted *pro hac vice*)
Alexander J. Nicas (admitted *pro hac vice*)
Debora A. Hoehne (admitted *pro hac vice*)
Artem Skorostensky (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Email: mgoldstein@goodwinlaw.com
anicas@goodwinlaw.com
dhoehne@goodwinlaw.com
askorostensky@goodwinlaw.com

*Counsel to Movants*