IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AMYRIS, INC., *et al.*, <br><br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 23-11131 (TMH) <br><br> (Jointly Administered) <br><br> **Hearing Date: October 3, 2023 at 9:30 a.m.** |

<u>LAVVAN, INC.'S OPPOSITION TO MOTION TO QUASH
NOTICE OF DEPOSITION OF JOHN DOERR,
AND CROSS-MOTION TO EXCLUDE TESTIMONY OF OKSANA WRIGHT</u>

Lavvan, Inc. ("Lavvan") respectfully submits this memorandum in opposition to the recent motion (Dkt. 417) by the Foris Parties and John Doerr, seeking to quash the Deposition Notice of John Doerr (Dkt. 367), noticed for October 3, 2023 ("Motion to Quash"), and the Debtors' Joinder to the Motion to Quash (Dkt. 418). Lavann also cross-moves to exclude Debtors' belatedly identified witness, Oksana Wright, at the upcoming October 4 hearing (the "Cross Motion").

## ARGUMENT

1. The Motion to Quash and the Cross Motion arise in connection with the upcoming continued hearing on the Debtors' DIP motion, in which Debtors and the Foris parties seek to prime Lavvan by $190 million.

2. At the second-day hearing on September 14, 2023, the Court recognized that Debtors' and Foris's requested relief raised "a number of issues" that "require development,"[2] and directed the parties to engage in discovery and further briefing, with a continued hearing to take place on October 4 (tomorrow).

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.
[2] Hr'g Tr. 109:21-110:4, Sept. 14, 2023.

3. On September 19, the Court entered an expedited schedule, with the parties to disclose their respective "anticipated witnesses who will be made available for deposition" by Thursday, September 21; exchange of documents and service of opening expert reports by Friday, September 22; service of rebuttal expert reports by Tuesday, September 26; complete depositions and discovery by Thursday, September 28; submit simultaneous opening briefs due Friday, September 29; submit witness and exhibit lists on Monday, October 2; and submit responsive briefs by noon on Tuesday, October 4.

4. Lavvan has fully complied with its discovery obligations under the Court's Scheduling Order, while Debtors and the Foris parties have largely flouted theirs.

   a. ***September 21 deadline for disclosure of witnesses who will be made available for deposition***: Because the Court excluded the intent of the Subordination Agreement as an issue to be presented at the continued hearing (at the Debtors' urging), Lavvan had no anticipated witnesses to identify and make available for deposition. Debtors identified two witnesses: Elizabeth Dreyer (Debtors' Chief Accounting Officer) and Theodore Martens (proffered expert witness). Then, on September 25, Debtors *withdrew* Ms. Dreyer as a witness and *belatedly* identified Han Kieftenbeld (Debtors' Chief Financial Officer and Interim Chief Executive Officer) in her stead. Rather than burden the Court with objections to the belated disclosure, Lavvan adapted and forged ahead with Mr. Kieftenbeld's deposition four days later. Then, on October 2 (i.e., *yesterday*), the Debtors identified an *additional* purported witness, Oksana Wright (Amyris, Inc.'s VP, Head of Compliance and Litigation). The Foris parties identified no witnesses.

b. ***Exchange of documents by September 22***: Given the issues to be presented at the hearing and the exclusion of intent as one of those issues, the relevant documents are principally in the possession, custody, and control of Debtors and the Foris parties. Lavvan nonetheless conducted a diligent search and produced its responsive documents, in addition to propounding reasonable requests for documents and information to Debtors and Foris.[3] In response, Debtors produced just 126 documents, consisting largely of copies of contracts and regulatory filings. The Foris parties remarkably produced no documents whatsoever. Debtors and Foris both refused to answer Lavvan's requests to identify people who participated in relevant communications. Debtors' 126-document production is clearly missing wide swaths of relevant information. It contains no emails whatsoever (beyond those attached as exhibits to minutes and resolutions), and it contains no communications with Debtors' auditors, even though Debtors' deposition witnesses have made clear that the matters at issue would have been discussed with the auditor (and indeed that certain "Accounting File Memoranda" were prepared in consultation with third-party consultants, whose communications also were not produced).

c. ***Service of Rebuttal Expert Report on September 26***: The Foris parties' motion (¶ 2) oddly criticizes Lavvan for not disclosing any witnesses on September 21 "despite having a purported rebuttal expert." The criticism is badly misplaced, since Lavvan did not have any rebuttal expert until *after* receiving Debtors'

---

[3] While broken into 11 categories, as document requests normally are, the 9 of the 11 categories essentially asked about two subjects: the various changes to the 2018 Foris loan and how and why it was accounted for. The only other categories sought were documents showing adequate protection (none were produced) and documents relied upon by Mr. Flemming in making huis declaration at the prior hearing.

proffered opening expert report on Friday *September 22*. Despite the substantial scheduling challenge, Lavvan's rebuttal expert diligently worked through the weekend and the Monday Yom Kippur holiday to timely finalize his rebuttal report by the deadline of Tuesday September 26. Without a time machine, Lavvan had no earlier ability (nor obligation, pursuant to the scheduling order) to disclose its rebuttal expert.

d. ***Service of Deposition Notice of John Doerr on September 26***: Also on September 26, having worked diligently to review the documents produced on September 22, Lavvan identified John Doerr as a highly relevant witness who warranted deposition. The document production makes clear that Debtors' and Foris's theory for priming Lavvan's pre-petition security interest is premised on an unusual series of related-party transactions between Amyris and Foris—transactions as to which John Doerr consistently sat on both sides of the deals. Indeed, the Amyris board resolutions and minutes approving those related-party transactions regularly acknowledge "the relationship of Foris to John Doerr, a current director of the Company, and Mr. Doerr's potential interest in" the transactions at issue, "as well as the fact that Foris beneficially owns more than 5% of the Company's outstanding common stock."[4] Given the many issues raised by Lavvan about whether the 2018 Foris Loan's change in every conceivable manner (loan amount, maturity date, security package, fees, description of interest rate, etc.), the fact that all of these amendments took place with Mr. Doerr on both sides of the transaction raises questions of fact. Despite

---

[4] *E.g.*, Action by Unanimous Written Consent of the Audit Committee of the Board of Directors of Amyris, Inc. (July 9, 2019) [AMYRIS-DIP000214, at 214].

        the potentially significant scope of this issue, Lavvan limited its deposition requests in this regard to a single deposition of Mr. Doerr.

    e. ***Lavvan's Accommodation of Debtors' Requests on Deposition Scheduling***: Also on September 26, again promptly upon reviewing Debtors' document production and proffered expert report, Lavvan proposed depositions of Debtors' witnesses to take place by the Court-ordered deadline of September 28. The next day, September 27, Debtors responded proposing depositions for September 28 (Martens), September 29 (Kieftenbeld), and October 2 (Gaul). Again, despite the Court-ordered deadlines, Lavvan accommodated Debtors' proposal in the interest of reasonable cooperation where possible. It is nothing short of shocking that after asking Lavvan to take and defend depositions after the Court ordered deadline, which Lavvan accommodated, the Debtors joined Foris's Motion to Quash and chastised Lavvan for also seeking a deposition after the Court ordered deadline.

**The Foris Parties' Motion to Quash Lacks Merit**

    5.    Lavvan promptly noticed John Doerr's deposition just days after receiving Debtor's production of documents and identifying him as a clearly relevant witness who was at the center of series of related-party transactions at issue. Every step in the baroque series of transactions at issue here—which include, among others, (i) a series of unsecured and subordinated transactions that were later purportedly transformed into secured transactions, (ii) a series of warrant issuances and warrant price-reductions, (iii) a "Warrant Exercise and Debt Equitization Agreement" that involved the selective purported extinguishment of certain debts between the parties and not others, and (iv) a seemingly breached commitment to equitize additional portions of the parties'

debt—involves a deal in which Mr. Doerr stood on both sides. *Cf.* Lavvan's Opening Brief at 25-30.

6. Debtors' only proffered fact witness (identified *four days after the deadline*) did not even join Amyris until March 2020, after most of the relevant transactions had already taken place. Lavvan has not been given access to any competent witness regarding those transactions. Given the foregoing, Foris's complaint that Mr. Doerr's testimony would be "cumulative" of other witnesses is plainly wrong.

7. Again, Lavvan identified Mr. Doerr promptly upon receiving the documents, and duly provided adequate, 7-days' notice for his deposition to take place prior to the October 4 continued hearing. See Local Rule 7030-1(b). Lavvan could not realistically have acted more promptly upon receipt of the documents. (Sunday night, September 24 and Monday, September 25, was Yom Kippur.)

8. The Foris Parties and Doerr, for their part, decided to run out the clock. They made no response at all for more than 5 days, first reaching out to request a call about the deposition at approximately 7:00 p.m. Sunday, October 1, and not stating (until the undersigned asked) until approximately 9:00 p.m. that the subject was that they intended to Move to Quash and demanding that Lavvan voluntarily withdraw its notice. Had the Foris' Parties' real objection been the September 28 deadline, Lavvan would have been happy to schedule the deposition earlier, on less than the 7 required days under the Local Rule. But by tactically waiting until Sunday night to raise the issue, that possibility was off the table.

9. Particularly given that Debtors first identified Mr. Kieftenbeld after 8 p.m. Eastern on September 25, the criticism of the timing of Lavvan's notice of Mr. Doerr's deposition, served less than 24 hours later, is misplaced.

6

10. Mr. Doerr's deposition was duly noticed, and his testimony is squarely relevant. Either Mr. Doerr should be directed to sit for deposition, or the Court should make an adverse inference that his testimony would not have supported Debtors' and Foris's position and would have supported Lavvan's.

11. As to the argument that no one identified Mr. Doerr as a hearing witness, nothing whatsoever in the Local Rules, the Federal Rules or this Court's order limits the ability of a party to seek discovery to witnesses at trial; the exact opposite is true. Nor has Lavvan sought numerous depositions. It seeks exactly *one* deposition of a non-hearing witness.

12. The Foris Lenders also argue that Lavvan should have subpoenaed Mr. Doerr. Lavvan respectfully submits that a principal of the DIP lender who seeks $190 million of priming, of the pre-petition lender, a member of the Debtors' board of directors, and a 30% stockholder of the Debtors is ill suited to argue that he is beyond the reach of this Court.

**Debtors' Belatedly Identified Witness Should Be Excluded**

13. Remarkably, even as the Foris Parties, joined by Debtors, criticize Lavvan's September 26 deposition notice as untimely, Debtors *just yesterday* purported to identify, for the first time, a new witness to testify at the October 4 hearing.

14. In response, Lavvan asked Debtors' counsel what that witness (Oksana Wright, Amyris, Inc.'s VP, Head of Compliance and Litigation) would testify about—and Debtors' counsel refused to say, only commenting (a) that she is a lawyer, and (b) Lavvan should know who she is since she attended the arbitration (for the record, Lavvan does not know who she is and the fact that she attended but was not a witness at arbitration is irrelevant).

15. In stark contrast to Lavvan's prompt identification of a witness outside its control for deposition immediately upon recognizing his relevance from the document production,

Debtor's belated disclosure of one of its own executives as a proffered witness less than 48 hours before the hearing is plainly improper and should not be countenanced.

16.   Such belated disclosure from Debtors is particularly problematic given that the purported urgency behind the continued hearing is entirely of Debtors' and Foris's own making. After having argued out of one corner of their mouths that Lavvan does not have a valuable security interest, they have meanwhile elected to hold the DIP-approval process hostage by insisting that the DIP Orders include the Court-ordered non-consensual priming of Lavvan. If the parties' contracts truly provide for Lavvan's subordination as Debtors and Foris contend, they would not need the Court to so rule now on a premature and still under-developed record. If Foris is correct, the Court can reach that conclusion on a properly developed record in due course, under which Foris can obtain no less (and no more) than whatever it is entitled to by contract. The only purpose of forcing the issue now is to try to unduly pressure the Court under the auspices that Lavvan's non-consensual priming is somehow a condition to DIP funding – even though, at the exact same time, the Debtors introduced evidence at the last hearing for the proposition that, in their opinion, Lavvan's collateral package has very little value.

17.   Having unduly imposed onerous constraints on Lavvan and on the Court through their demand for non-consensual priming—something they did not even seek and in fact expressly *disclaimed* in their original DIP Motion and at the First Day Hearing —Debtors should not be permitted to further prejudice Lavvan through the last minute disclosure of a hearing witness. Ms. Wright's testimony should not be permitted.

## CONCLUSION

For all of the reasons set forth herein, the Motion to Quash should be denied and the Cross-Motion to exclude should be granted.

Dated: October 3, 2023

                                                  Respectfully submitted,

*/s/ Russell C. Silberglied*
Mark D. Collins (No. 2981)
Russell C. Silberglied (No. 3462)
Emily R. Mathews (No. 6866)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email:    collins@rlf.com
             silberglied@rlf.com
             mathews@rlf.com

                -and-

Jason Cyrulnik
Paul Fattaruso
**CYRULNIK FATTARUSO LLP**
55 Broadway, Third Floor
New York, New York 10006
Telephone: (646) 844-2466
Email:    cyrulnik@cf-llp.com
             pfattaruso@cf-llp.com

*Counsel for Lavvan, Inc.*