IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date: October 18, 2023 at 2:00 p.m. (ET)
Objection Deadline: October 11, 2023 at 4:00 p.m. (ET)

**MOTION OF GIVAUDAN SA PURSUANT TO
BANKRUPTCY RULE 2004 AND LOCAL RULE 2004-1
FOR AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS**

Givaudan SA (together with its direct and indirect subsidiaries, "Givaudan") hereby files this motion (this "Motion") pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2004-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking the entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing and directing limited and targeted document production from the above-captioned debtors and debtors-in-possession (the "Debtors" or "Amyris"). In support of the Motion, Givaudan respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Givaudan consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 2004-1.

## BACKGROUND

### A. The Chapter 11 Cases

4. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

5. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Creditors Committee").

6. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

B. **The Relationship of the Parties**

7. Givaudan is an international manufacturer of fragrances, flavors, and cosmetics ingredients headquartered in Vernier, Switzerland, and a material contract counterparty of the Debtors, as described in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "First Day Declaration") filed on August 10, 2023.

8. Givaudan is party to certain agreements with the Debtors, including but not limited to: (a) the *Asset Purchase Agreement*, dated February 21, 2023, by and among Givaudan, Aprinnova, LLC, and Amyris; (b) the *License Agreement*, dated April 3, 2023, by and among Amyris, Aprinnova, LLC, and Givaudan; (c) the *Supply Agreement*, dated September 1, 2018, between Givaudan and Amyris and the *Agreement of Amendment to the (Bisabolol) Supply Agreement*, dated March 30, 2021, by and among Amyris, DSM Nutritional Products AG (together with its affiliates, including Koninklijke DSM N.V., "DSM"), and Givaudan; (d) the *Framework Supply Agreement*, dated January 1, 2019, as amended, between Givaudan and Amyris and the *Agreement of Amendment to the Framework Supply Agreement*, dated March 30, 2021, by and among Amyris, DSM, and Givaudan; (e) the *Collaboration Agreement*, as amended and restated March 30, 2021, between Amyris and Givaudan; (f) the *R&D Framework Agreement*, dated April 3, 2023, by and between Amyris and Givaudan; (g) the *Strain Escrow Agreement*, dated September 29, 2018 by and among Amyris, Givaudan, and SciSafe Inc.; and (h) the *Farnesene Supply Agreement*, dated October 28, 2015, as amended, between Amyris and Givaudan ((a) through (h) collectively, the "Givaudan/Amyris Agreements").

9. Givaudan understands that in March 2021, (a) the Debtors and DSM entered into asset purchase, license, and supply agreements, pursuant to which DSM acquired exclusive production rights to specified ingredients, (b) the Debtors granted DSM exclusive production

3

licenses covering specific intellectual property of the Debtors and assigned the Debtors' rights and obligations under third-party exclusive ingredients supply agreements to DSM, and (c) the Debtors entered into a fifteen-year agreement to manufacture certain flavors and fragrances ingredients for DSM for supply to third parties (collectively, the "2021 DSM Transaction" and, all documents and agreements governing the 2021 DSM Transaction, including any exhibits and appendices thereto, the "2021 DSM Transaction Documents"). In particular, DSM was performing certain obligations that Amyris had previously performed for Givaudan.[2]

10. Givaudan has been in constant contact with the Debtors and their advisors since the Petition Date, because Givaudan and the Debtors are discussing potential modifications to the Givaudan/Amyris Agreements and assessing the relationship between Givaudan and Amyris going forward. The parties have engaged in good-faith and plan to continue these discussions. However, for such discussions to continue and be productive to reach a mutually acceptable path forward, Givaudan must understand what assets belong to the Debtors, what assets may have been transferred to third-parties, and what intellectual property licensing rights may belong to third-parties, such as DSM. To that end, Givaudan requested copies of the 2021 DSM Transaction Documents from both the Debtors and DSM to understand the scope and extent of the Debtors' assets and whether the Debtors or DSM maintain certain intellectual property licensing rights to enable Givaudan to constructively engage with the Debtors.

11. Notwithstanding Givaudan's reasonable request for the 2021 DSM Transaction Documents, both the Debtors and DSM refused to provide such documents to Givaudan, citing concerns around commercially sensitive information. Givaudan offered to engage with both the Debtors and DSM to discuss a path whereby the 2021 DSM Transaction

---

[2] For example, on or about December 19, 2020, DSM assumed Amyris' obligations under the *Farnesene Supply Agreement*, dated October 28, 2015, as amended, between Amyris and Givaudan.

Documents could be produced to Givaudan subject to redactions of any commercially sensitive information. Unfortunately, as of the filing of this Motion, both the Debtors and DSM have refused to provide the 2021 DSM Transaction Documents to Givaudan, and neither the Debtors nor DSM have been willing to meaningfully engage around potential paths that could address their respective concerns around commercially sensitive information. As a result, Givaudan is forced to file this Motion and seek relief from this Court under Bankruptcy Rule 2004. Givaudan is hopeful that the Debtors and DSM will constructively engage with Givaudan prior to the hearing on this Motion, and that the parties can consensually resolve this matter.

## RELIEF REQUESTED

12. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004, and Local Rule 2004-1, the Givaudan seeks entry of an order directing the Debtors to produce the 2021 DSM Transaction Documents to Givaudan within two (2) days after entry of an order granting this Motion.

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Rule 2004 provides that, "on motion of any party in interest," Fed. R. Bankr. P. 2004(a), the Court may order an examination of, and the production of documentary evidence by, any entity concerning any matter relating "to the acts, conduct, or property or to the liabilities and financial condition of the debtors." Fed. R. Bankr. P. 2004(b). The examination "may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." *Id.*

14. Accordingly, Bankruptcy Rule 2004 permits any party with an interest in the bankruptcy estate to conduct an examination of any matter affecting the administration of the

estate or the formulation of a plan.  Fed. R. Bankr. P. 2004(b); *see Teleglobe Commc'ns Corp.* v. *BCE Inc. (In re Teleglobe Commc'ns Corp.)*, 493 F.3d 345, 354 n.6 (3d Cir. 2007) ("Federal Rule of Bankruptcy Procedure 2004 allows parties with an interest in the bankruptcy estate to conduct discovery into matters affecting the estate.").  "The purpose of Rule 2004 discovery is to enquire into the bankruptcy estate to 'discover[ ] assets, examin[e] transactions, and determin[e] whether wrongdoing has occurred.'"  *In re Refco, Inc.*, No. 06 CIV. 1888 (GEL), 2006 WL 1379616, at *2 (S.D.N.Y. May 16, 2006) (quoting *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002)); *see In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, [and] examining transactions . . .").

        15.     "The scope of a Rule 2004 examination is 'unfettered and broad.'"  *In re Wash. Mutual, Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009) (quoting *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996)); *see In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("The understanding generally acceptable today is that the scope of a Rule 2004 examination is very broad.  Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards.").  "Rule 2004 necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates.  Its obvious purpose [is] the discovery of assets of the estate."  *In re Symington*, 209 B.R. 678, 683-84 (Bankr. D. Md. 1997) (citations omitted); *see Martin* v. *Schaap Moving Sys., Inc.*, 152 F.3d 919 (2d Cir. 1998) ("The very purpose of a Rule 2004 motion is to allow broad inquiry into the nature of the estate."); *In re Enron*, 281 B.R. at 840 ("Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate"). Indeed, the broad scope of Rule 2004 has been described as permitting a "fishing expedition."

6

*In re Enron*, 281 B.R. at 840; *In re Drexel Burnham Lambert*, 123 B.R. at 711; *In re Wash. Mut.*, 408 B.R. at 50 (quoting *Bennett Funding*, 203 B.R. at 28).

16. Givaudan, as a material contract counterparty and creditor of the Debtors, is clearly an interested party that is entitled to conduct examinations pursuant to Bankruptcy Rule 2004. The information that Givaudan seeks also falls within the broad contours of Bankruptcy Rule 2004. Givaudan has narrowly tailored its request and is only seeking a very targeted document request to understand the scope of the Debtors' assets and intellectual property rights. The 2021 DSM Transaction Documents address significant assets of the estates as they set forth the terms and intellectual property rights for a material portion of the Debtors' businesses. Understanding the scope of the Debtors' assets and intellectual property rights are essential to meaningfully engaging with the Debtors regarding any go-forward relationship between the Debtors and the Givaudan, which necessarily impacts the Debtors' broader restructuring.

17. As stated above, Givaudan hopes to constructively engage with the Debtors regarding a go-forward path for the Debtors' business and the treatment of the Givaudan/Amyris Agreements, but Givaudan requires an understanding of what assets the Debtors own and what intellectual property rights belong to the Debtors or have otherwise been licensed to third-parties such as DSM. Producing the 2021 DSM Transaction Documents to Givaudan will not cause any hardship on the Debtors' estates, and Givaudan is prepared to engage with both the Debtors and DSM to discuss the means to produce such documents to Givaudan in a manner that addresses parties' concerns regarding commercially sensitive information. For the foregoing reasons, Givaudan respectfully requests that the Court enter an order directing the Debtors to produce the 2021 DSM Transaction Documents as set forth herein.

## NOTICE

18. Notice of this Motion shall be provided to (a) the U.S. Trustee, (b) Pachulski Stang Ziehl & Jones LLP, as counsel for the Debtors, (c) White & Case LLP, as counsel for the Creditors Committee, (d) DSM, (e) Latham & Watkins, as counsel to DSM, and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. Givaudan submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made to this Court or any other court.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 2004-1

20. Givaudan has attempted to engage in a cooperative meet and confer process to obtain information from the Debtors and DSM on a voluntary basis. On September 20, 2023 and October 3, 2023, counsel for Givaudan met and conferred with counsel for Amyris regarding the production of the 2021 DSM Transaction Documents. On September 27, 2023 and October 2, 2023, counsel for Givaudan met and conferred with counsel for DSM regarding the production of the 2021 DSM Transaction Documents.

21. Givaudan and the Debtors will continue to engage regarding the production of the 2021 DSM Transaction Documents, and Givaudan is hopeful that a consensual resolution can be reached in advance of the hearing on this Motion. Givaudan submits this Motion so as to not prejudice its rights in light of the Debtors' expedited sale and plan timeline as set forth in the agreements governing the Debtors' proposed debtor-in-possession financing facility.

[*Remainder of page intentionally left blank.*]

WHEREFORE, Givaudan respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: October 4, 2023
Wilmington, Delaware

**CROSS & SIMON, LLC**

*/s/ Kevin S. Mann*
Christopher P. Simon (No. 3697)
Kevin Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Tel: (302) 777-4200
csimon@crosslaw.com
kmann@crosslaw.com

- and -

**PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP**
Aidan Synnott (*pro hac vice* admission pending)
John T. Weber (*pro hac vice* admission pending)
Lara Luo (*pro hac vice* admission pending)
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3000
Fax: (212) 757-3990
Email: asynnott@paulweiss.com
jweber@paulweiss.com
lluo@paulweiss.com

- and -

**NIXON PEABODY LLP**
Richard C. Pedone (*pro hac vice* admission pending)
53 State Street
Boston, MA 02109
Tel: (617) 345-1305
Fax: (866) 947-1890
Email: rpedone@nixonpeabody.com

- and-

Christopher J. Fong (*pro hac vice* admission pending)
Tower 46, 55 West 46th Street
New York, New York 10036-4120
Tel: (212) 940-3724
Fax: (855) 900-8613
Email: cfong@nixonpeabody.com

*Co-Counsel to Givaudan*