# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. [334, 446]<br>Hrg. Date: Oct. 18, 2023 at 2:00 p.m. (ET)<br>Obj. Deadline: Oct. 4, 2023 at 4:00 p.m. (ET) |

**JOINDER OF EUAGORE, LLC AND THE FORIS PREPETITION SECURED LENDERS TO THE DEBTORS' OBJECTION TO APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF JEFFERIES LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a)**

Euagore, LLC, as DIP Lender and DIP Agent (the "DIP Secured Parties"), and the Foris Prepetition Secured Lenders[2] (together with the DIP Secured Parties, the "Foris Lenders") hereby submit this joinder (the "Joinder") to the Debtors' Objection[3] to the Committee's Application,[4] and respectfully state as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] The Foris Prepetition Secured Lenders include Foris Ventures, LLC ("Foris"), Perrara Ventures, LLC ("Perrara"), Anesma Group, LLC ("Anesma"), Anjo Ventures, LLC ("Anjo"), and Muirisc, LLC ("Muirisc"). Foris is the lender under the Foris 2018 Loan (as defined herein) and party to the Subordination Agreement, while all five lenders (Foris, Perrara, Anesma, Anjo, and Muirisc) provided secured loans to the Debtors from and after September 27, 2022.

[3] *See Debtors' Objection to Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a)* [Docket No. 446] (the "Debtors' Objection").

[4] *See Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a)* [D.I. 334] (the "Application").

ACTIVE/125140423.6

**JOINDER**

1.  The Foris Lenders join in the arguments set forth in the Objection and respectfully request that the Court deny the Application, or in the lesser alternative, approve it solely on an hourly rate basis that is subject to review for reasonableness under section 330 of the Bankruptcy Code. The Debtors' business are cash-intensive, requiring the Debtors to fund these cases through a substantial DIP Loan from the Foris Lenders and the proceeds of the sale of the Debtors' Brand Assets. The Foris Lenders agreed to provide the DIP Loan, on below market terms, to allow for a multi-month process to negotiate a consensual chapter 11 plan of reorganization with key stakeholders, or pivot to pursue a value-maximizing sale process of substantially all the Debtors' assets if a consensual plan is not possible. In doing so, the Foris Lenders agreed to a sizeable DIP Budget to fund substantial, necessary, administrative costs, including budgeted professional fees for the Committee's attorneys and financial advisor. Moreover, while the Foris Lenders believe that the Debtors are running a process that will result in the best recoveries for all stakeholders, the Debtors lose money, its operations need to be overhauled and general unsecured creditors' recoveries in these cases are subject to the prior payment of considerable secured debt. Any recovery for general unsecured creditors is very uncertain at best. Increased administrative costs only further reduce potential recoveries in these cases. Given the foregoing, the Committee has not, and cannot, establish any grounds for the retention of Jefferies as an investment banker to duplicate advisory services provided by FTI (or to provide litigation testimony), let alone with a compensation of a $2,000,000 guaranteed,[5] non-refundable fee[6] in addition to a monthly fee of

---

[5] The Transaction Fee may be earned upon the consummation of an "M&A Transaction" involving all or substantially all of the assets of the Debtors or the confirmation of a plan pursuant to the Bankruptcy Code. There are no additional requirements or benchmarks to earn the Transaction Fee. *See* Application ¶ 5.

[6] Although half of Jefferies' flat fees earned after five months may be credited against the Transaction Fee, the outcome of these cases may be determined prior to any such crediting, given the Debtors' contemplated plan confirmation timeline.

ACTIVE/125140423.6

$125,000. Accordingly, the Foris Lenders object to the retention of Jefferies and do not consent to the use of cash collateral or the proceeds of the DIP Loan to pay for Jefferies' compensation. Moreover, as detailed in the Debtors' Objection, the Committee has failed to demonstrate grounds for employing Jefferies on terms requested.

2. The Debtors are conducting a public sale process for the Brand Assets,[7] which provides a market test of value. The result of the sale process is itself a sufficient market determination of asset value and does not need or require Jefferies overlooking Intrepid's shoulder at a cost of $2,000,000 plus $125,000 per month. The Committee has also submitted an application to retain FTI, whose own description of services demonstrates it is capable of performing valuation services for the Committee,[8] and, in fact, has done so in the past in its capacity as financial advisor.[9] FTI is more than capable of providing comments, suggestions, and input on the sale process and the plan process. Further, the Ad Hoc Noteholder Group, which consists of holders of approximately 65% of the $690,000,000 in principal of unsecured Convertible Notes, have retained BRG as their own financial advisor. General unsecured claimants altogether have more

---

[7] *See Motion for an Order (A) Approving Procedures Related to the Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases; and (B) Granting Related Relief* [D.I. 317].

[8] *See Application for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of August 30, 2023*, D.I. 333 ¶ 10 (services include "[a]ssistance with the review of the Debtors' analysis of core business assets and potential disposition or liquidation of non-core assets").

[9] *See, e.g., In re LTL Management, LLC*, Case No. 23-12825 (MBK) (Bankr. D.N.J. May 17, 2023), Docket No. 539 ¶ 5 (services provided to a committee of unsecured creditors include "[r]eviewing the Debtor's and its non-Debtor subsidiary's analysis of core business assets, valuation of those assets, and the potential disposition or liquidation of non-core assets"); *In re Core Scientific, Inc.*, Case No. 22-90341 (DRJ) (Bankr. S.D. Tex. Apr. 28, 2023) Docket No. 825 ¶ 8 (services provided to an equity committee include "assistance with performing valuation analyses"); *In re PhaseBio, Inc*., Case No. 22-10995 (LSS) (Bankr. D. Del. Dec. 7, 2022) Docket No. 220 (serving as the only non-legal advisor to a committee of unsecured creditors where services included a "review of the Debtor's potential disposition or liquidation of both core and non-core assets"); *In re Wash. Prime Grp., Inc.*, Case No. 21-31948 (MI) (Bankr. S.D. Tex. July 27, 2021) Docket No. 492 ¶ 8 (serving as the only non-legal advisor to a committee of unsecured creditors where services included a "review of the Debtors' analysis of core business assets and the potential disposition or liquidation of non-core assets"); *In re Katerra Inc.*, Case No. 21-31861 (DRJ) (Bankr. S.D. Tex. July 21, 2021) Docket No. 653 ¶ 12 (serving as the only non-legal advisor to a committee of unsecured creditors where services included a "review of the Debtors' potential disposition or liquidation of both core and non-core assets").

than adequate, sophisticated representation capable of advising them on the sale and plan process. Consequently, the Committee has not demonstrated the retention of Jefferies is necessary to carry out their fiduciary duties to unsecured creditors in these cases.

3. If notwithstanding the foregoing, the Committee determines in the future that it needs an expert to contest valuation in this case, it can hire an expert and that expert can be compensated based upon hourly rates, subject to review under the Section 330 reasonableness standard. There is no justification for burdening these estates with a $2 million guaranteed payment to Jefferies plus steep monthly fees.

## RESERVATION OF RIGHTS

4. The Foris Lenders reserve all of rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this Joinder.

## CONCLUSION

5. Based upon the foregoing and the reasons set forth in the Debtors' Objection, the Foris Lenders submit that the Court should deny the relief requested in the Application.

[*Remainder of Page Intentionally Left Blank*]


| | |
|---|---|
| Dated: October 4, 2023<br>Wilmington, Delaware | Respectfully submitted,<br>*/s/ David M. Fournier*<br>David M. Fournier (DE No. 2812)<br>Kenneth A. Listwak (DE No. 6300)<br>**TROUTMAN PEPPER HAMILTON SANDERS LLP**<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street, P.O. Box 1709<br>Wilmington, DE 19899-1709<br>Telephone: (302) 777-6500<br>Facsimile: (302) 421-8390<br>E-mail:  david.fournier@troutman.com<br>            ken.listwak@troutman.com<br><br>-and-<br><br>Michael H. Goldstein (admitted *pro hac vice*)<br>Alexander J. Nicas (admitted *pro hac vice*)<br>Debora A. Hoehne (admitted *pro hac vice*)<br>Artem Skorostensky (admitted *pro hac vice*)<br>**GOODWIN PROCTER LLP**<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Telephone: (212) 813-8800<br>Email:  mgoldstein@goodwinlaw.com<br>            anicas@goodwinlaw.com<br>            dhoehne@goodwinlaw.com<br>            askorostensky@goodwinlaw.com<br><br>*Counsel to the Foris Prepetition Secured Lenders and the DIP Secured Parties* |

ACTIVE/125140423.6