**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Docket Ref. No. ___** |

**ORDER GRANTING REQUEST OF**
**DSM-FIRMENICH FOR ADEQUATE PROTECTION**

Upon consideration of the request (the "Request")[2] of DSM Finance B.V. ("DSM BV") (together with its affiliates, including DSM Nutritional Products Ltd., "DSM-Firmenich") for entry of an order (this "Order") to grant DSM-Firmenich adequate protection pursuant to Sections 361, 362, and 363(e) of the Bankruptcy Code, effective as of the Petition Date; as more fully set forth in the Request; and this Court having reviewed (a) the Request, [(b) the responses to the Request,] and (c) the exhibits and testimony admitted into evidence and the arguments of counsel at an evidentiary hearing held before this Court; and this Court having jurisdiction to consider the Request and the relief requested therein in accordance with 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Request in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Request has been given and that no other or further notice is necessary; and upon the record herein; and after

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Request.

due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request is GRANTED, as set forth herein

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. As adequate protection for DSM-Firmenich's interest in the applicable Collateral, DSM-Firmenich shall receive the following adequate protection:

   (A) *Payment of Earn-Out Payments*. The Earn-Out Payments shall be paid directly to DSM-Firmenich. DSM-Firmenich shall apply the Earn-Out Payments to repayment of Tranche 1 and Tranche 2 of the DSM Prepetition Secured Loans without further order of this Court and shall provide notice to the Debtors contemporaneously with such repayment.

   (B) *Payment of Professional Fees*. The Debtors are authorized and directed to pay the reasonable and documented fees and expenses of (a) Latham & Watkins LLP ("L&W"), counsel for DSM-Firmenich, and (b) Young Conaway Stargatt & Taylor, LLP ("YCST" and, together with L&W, "Counsel"), as local counsel for DSM-Firmenich; *provided* that such payments shall be deferred until the earlier of the (a) payment of the DSM Prepetition Secured Loans, (b) effective date of a chapter 11 plan in the chapter 11 cases, or (c) consummation of a sale of a majority of the Debtors' assets. L&W and YCST shall send summary invoices to the Debtors, the U.S. Trustee, and the Committee for review no later than ten (10) days prior

to the payment of Counsel's fees, costs, and expenses. None of the fees, costs, and expenses payable to Counsel pursuant to this paragraph shall be subject to seeking prior approval of this Court, and no recipient of any such payment shall be required to file with respect thereto any interim or final fee application with this Court.

(C) **Adequate Protection 507(b) Claims**. In recognition of its rights to adequate protection pursuant to Sections 361, 362, and 363(e) of the Bankruptcy Code, DSM-Firmenich is granted, solely to the extent of the diminution in value of its interests in Amyris's 69.00% equity interests in Amyris RealSweet, LLC, from and after the Petition Date, an allowed superpriority administrative expense claim as provided for in Section 507(b) of the Bankruptcy Code ("DSM-Firmenich's 507(b) Claim"), with priority in payment over any and all administrative expenses of the kind specified or ordered pursuant to Section 507(a)(2) of the Bankruptcy Code; *provided, however,* DSM-Firmenich's 507(b) Claim shall be (i) subordinate to the DIP Superpriorty Claims of the DIP Agent and the DIP Lenders; (ii) *pari passu* with the Adequate Protection Superpriority Claims granted to the Foris Prepetition Secured Parties under the Interim DIP Order (as such respective claims may be revised or included in the Final Order); and (iii) shall be subordinate to, and subject to payment for the benefit of others of, the Carve-Out. For the avoidance of doubt, DSM-Firmenich's 507(b)

Claim is not included in the Carve-Out.[3] This Order shall be sufficient and conclusive evidence of the validity, enforceability and priority of DSM-Firmenich's 507(b) Claim.

4. The entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair: (a) any of the rights of DSM-Firmenich to seek any other or supplemental relief in respect of the Debtors including the right to seek additional adequate protection; (b) any of the rights of DSM-Firmenich under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right of DSM-Firmenich to (i) request modification of the automatic stay of Section 362 of the Bankruptcy Code, (ii) request dismissal of any of the chapter 11 cases, conversion of any of the chapter 11 cases to cases under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers in any of the chapter 11 cases, (iii) seek to propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of DSM-Firmenich. The delay in or failure of DSM-Firmenich to seek relief or otherwise exercise its rights and remedies shall not constitute a waiver of DSM-Firmenich's rights and remedies.

5. This Order shall be effective and enforceable immediately upon entry hereof.

---

[3] Capitalized terms used and not defined in this subsection shall have the meanings ascribed to such terms in the (a) *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 19] or (b) *Interim Order (I) Authorizing the Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 54] (the "Interim DIP Order").

-5-

      6.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.