IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| AMYRIS, INC, *et al.*, | ) Case No. 23-11131 (TMH) |
| Debtors.[1] | ) (Jointly Administered) |
|  | ) Obj, Deadline: Oct. 11, 2023 at 4:00 p.m. (ET) |
|  | ) Hearing Date: Oct. 18, 2023 at 2:00 p.m. (ET) |

**MOTION OF DSM-FIRMENICH FOR ENTRY OF AN ORDER AUTHORIZING DSM-FIRMENICH TO FILE UNDER SEAL CERTAIN INFORMATION CONTAINED IN THE MOTION OF DSM-FIRMENICH TO COMPEL DEBTORS' COMPLIANCE WITH SECTION 365(N)(4) OF THE BANKRUPTCY CODE**

DSM Nutritional Products Ltd. and its affiliates (including Firmenich S.A.) (collectively, "DSM-Firmenich") hereby file this motion (this "Motion to Seal") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing DSM-Firmenich to file under seal certain information set forth in, and attached to, the *Motion of DSM-Firmenich to Compel Debtors' Compliance With Section 365(n)(4) of the Bankruptcy Code* [Docket No. 465] (the "Motion to Compel").[2] In support of this Motion to Seal, DSM-Firmenich respectfully states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the Amended

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion to Compel.

30758947.4

US-DOCS\145295028.3

Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), DSM-Firmenich consents to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The statutory and legal predicates for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## BACKGROUND

4. Contemporaneously herewith, DSM-Firmenich filed the Motion to Compel, thereby seeking entry of an order compelling the above-captioned debtors and debtors in possession (collectively, the "Debtors") to comply with section 365(n)(4) of the Bankruptcy Code with respect to certain intellectual property license agreements entered into by and among the Debtors and DSM-Firmenich. As detailed in the Motion to Compel, DSM-Firmenich and the Debtors have a longstanding business relationship through which, among other things, the Debtors license certain intellectual property for use by DSM-Firmenich. A true and correct copy of the governing License and Drawing Rights Agreement (the "LDRA") described in the Motion to Compel is attached thereto as Exhibit A, and various escrow agreements (and relevant

amendments) executed in connection with the LDRA are attached to the Motion to Compel as Exhibit F, G and H, respectively (collectively, the "Escrow Agreement Documents"). Through this Motion to Seal, DSM-Firmenich respectfully requests that it be authorized to file the LDRA and the Escrow Agreement Documents under seal, and, further, that any discussion of commercially-sensitive terms set forth in the LDRA and Escrow Agreement Documents be redacted in the Motion to Compel (including Exhibit E thereto) and publicly filed on the docket.

5.  The LDRA and Escrow Agreement Documents constitute commercially-sensitive, non-public information, which, if publicly disclosed, would allow DSM-Firmenich's primary competitor—an entity which is active in these proceedings—to improperly obtain information which it could use to its competitive advantage. To avoid any adverse impact on DSM-Firmenich's business and operations and to protect, as applicable, the estates' interest in keeping the LDRA and Escrow Agreement Documents confidential, DSM-Firmenich seeks to redact commercially-sensitive descriptions of the LDRA and the Escrow Agreement Documents in the Motion to Compel, in addition to the LDRA and Escrow Agreement Documents, themselves, which are included as exhibits to the Motion to Compel, and file an unredacted version of the Motion to Compel under seal.

**RELIEF REQUESTED**

6.  By this Motion to Seal, DSM-Firmenich seeks entry of the Proposed Order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing DSM-Firmenich to file the LDRA, Escrow Agreement Documents, and commercially-sensitive descriptions thereof in the Motion to Compel, under seal.

**BASIS FOR RELIEF REQUESTED**

7. The Court should authorize DSM-Firmenich to file the LDRA, Escrow Agreement Documents, and commercially-sensitive descriptions thereof in the Motion to Compel under seal because such information is of a sensitive and confidential nature that could adversely affect DSM-Firmenich's business operations.

8. Section 107(b) of the Bankruptcy Code mandates that the Court protect confidential information upon request of a party in interest. 11 U.S.C. § 107(b) ("On request of a party in interest, the bankruptcy court **shall**, and on the bankruptcy court's own motion, the bankruptcy court may (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information. . . contained in a paper . . . ." (emphasis added)); *see also Video Software Dealers Ass'n* v. *Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) ("[I]f the information fits any of the specified categories, the court is **required** to protect a requesting interested party and has no discretion to deny the application." (citation omitted)). To ensure that confidential information is protected as required under section 107(b), Bankruptcy Rule 9018 establishes the procedures to invoke section 107 of the Bankruptcy Code and allows the Court to "make any order which justice requires." Fed. R. Bankr. P. 9018.

9. Filing the LDRA, Escrow Agreement Documents and the commercially-sensitive descriptions thereof in the Motion to Compel under seal is important to preserve the confidentiality of DSM-Firmenich's commercial information. "Commercial information" has been defined as "information which would result in an 'unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Altera Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*,

21 F.3d at 27–28). "Commercial information" in this context need not rise to the level of a trade secret in order to warrant protection. *See Orion Pictures*, 21 F.3d at 27–28 (finding that section 107(b)(l) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature).

10. The confidential information that DSM-Firmenich seeks to redact consists of sensitive license agreements entered into by and between the Debtors and DSM-Firmenich. The terms of those license agreements and the nature of the intellectual property licensed thereunder, if disclosed, would provide competitors of DSM-Firmenich with nonpublic information about the manner in which DSM-Firmenich conducts its business, including the manner in which DSM-Firmenich produces certain products, among other concerns. Given that the public disclosure of such information could substantially impair DSM-Firmenich's business operations, DSM-Firmenich files this Motion to Seal to protect against DSM-Firmenich's competitors seeking to use their knowledge of these agreements to gain a commercial advantage in the marketplace.

11. Accordingly, DSM-Firmenich respectfully requests that the Court permit it to file the LDRA, Escrow Agreement Documents and any commercially-sensitive summary descriptions thereof under seal, with copies of the unredacted Motion to Compel and the exhibits annexed thereto, on a confidential basis, to only: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to the Committee (on a professional-eyes only basis); and (iv) such other parties as ordered by the Court or as agreed to in writing by DSM-Firmenich.

## NOTICE

12.     Notice of this Motion to Seal has been provided to: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to the Committee; and (e) all parties that have filed a notice of appearance and request pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested in this Motion to Seal, DSM-Firmenich respectfully submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, DSM-Firmenich respectfully requests that the Court enter the Proposed Order, substantially in the form annexed hereto, granting the relief sought herein and granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: October 6, 2023<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br> /s/ *Andrew L. Magaziner* <br>Andrew L. Magaziner (No. 5426)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  amagaziner@ycst.com<br><br>- and -<br><br>**LATHAM & WATKINS LLP**<br>James Ktsanes (admitted *pro hac vice*)<br>Joseph C. Celentino[3] (admitted *pro hac vice*)<br>330 North Wabash Avenue<br>Suite 2800<br>Chicago, Illinois 60611<br>Tel:    (312) 876-7700<br>Email: james.ktsanes@lw.com<br>             joe.celentino@lw.com<br><br>-and-<br><br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Tel:    (212) 906-1200<br>Email: jon.weichselbaum@lw.com<br><br>*Counsel to DSM-Firmenich AG, DSM Nutritional Products Ltd., and Firmenich SA* |

---

[3]   Not admitted in Illinois.  Admitted in New York.

US-DOCS\145295028.3