IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 334** |

**SECOND SUPPLEMENTAL
DECLARATION OF LEON SZLEZINGER
IN SUPPORT OF THE APPLICATION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION
AND EMPLOYMENT OF JEFFERIES LLC AS INVESTMENT BANKER
PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a), EFFECTIVE AS OF
SEPTEMBER 1. 2023 AND (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS**

I, Leon Szlezinger, hereby declare under penalty of perjury that, to the best of my knowledge and belief, and after reasonable inquiry, the following is true and correct:

1. I am a Managing Director and Joint Global Head of Debt Advisory & Restructuring at Jefferies LLC ("Jefferies"), an investment banking and financial advisory firm with principal offices located at 520 Madison Avenue, New York, New York 10022, as well as at other locations worldwide.

2. I am authorized to submit this second supplemental declaration (the "Second Supplemental Declaration")[2] in support of the application [Docket No. 334] (the "Application")

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Jefferies submitted a prior supplemental declaration [Docket No. 405] (the "First Supplemental Declaration") in support of the Application on September 30, 2023.

of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in the above-captioned chapter 11 cases of the debtors and debtors in possession (the "<u>Debtors</u>") to retain and employ Jefferies as its investment banker, effective as of September 1, 2023, and my declaration attached thereto as <u>Exhibit B</u> [Docket No. 334-3] (the "<u>Initial Declaration</u>").[3] Except as otherwise stated in this Second Supplemental Declaration, I have personal knowledge of or have relied upon the knowledge of others employed by Jefferies with respect to the matters set forth herein.[4]

**<u>Supplemental Disclosures</u>**

3. Due to an administrative error, Paragraph 14 of the First Supplemental Declaration inadvertently referenced JFG's Form 13F for Q3 *2022*, instead of its Form 13F for Q2 *2023*. Cross-referencing the Potential Parties in Interest list referenced in Paragraph 10 of the Initial Declaration against the list of issuer securities held by JFG contained in JFG's Form 13F for Q2 2023 yielded the list of issuers whose securities are held by JFG set forth on Schedule 1 hereto. Schedule 1 shows that, as of June 30, 2023 (the date of the Form 13F), JFG held $3,025,000 of 1.50% convertible notes issued by Amyris, Inc., one of the Debtors. However, those notes were disposed of by JFG on August 11, 2023, prior to the retention of Jefferies by the Committee.

4. As stated in the Initial Declaration, prior to the Petition Date, Jefferies engaged in discussions with the Debtors regarding a potential engagement. More specifically, as disclosed in Paragraph 11 of the Initial Declaration, on July 14, 2023, at the Debtors' invitation, Jefferies met (via teleconference) with certain members of the Debtors' Board and its advisors to

---

[3] Capitalized terms used but not defined herein have the meanings given to such terms in the Initial Declaration or the First Supplemental Declaration.

[4] Certain information herein relates to matters (a) contained in Jefferies' books and records and (b) within the knowledge of other Jefferies' employees, and is based on the information provided by such employees.

present its credentials for this engagement. As also disclosed in the Initial Declaration, on July 16, 2023, the Debtors notified Jefferies that the Debtors had selected another investment banker.

5. Prior to the July 14, 2023 meeting, on May 16, 2023, at the request of the Debtors, Jefferies provided to the Debtors a short presentation. The May 16, 2023 presentation included a comparison of the economic terms of the sale (as to which Jefferies played no role and which closed on April 3, 2023) of certain assets of the Debtors' cosmetic ingredients businesses to Givaudan SA ("Givaudan Transaction") to the terms of comparable asset sales and trading multiples of publicly traded participants in certain relevant industries. The presentation did not include any substantive analysis of the terms of the Givaudan Transaction, nor did the presentation provide any advice to the Debtors regarding the Givaudan Transaction or any similar transaction. Jefferies understands this presentation was provided to the Board of Directors of Amyris, Inc. in July 2023.

6. Prior to the presentation, Jefferies executed a non-disclosure agreement and received limited financial information regarding the Debtors, all of which Jefferies expects should now be available to the Committee's advisors, including Jefferies. Jefferies was not engaged by the Debtors in relation to the May 16, 2023 presentation, nor did Jefferies receive any compensation for any services rendered.[5]

7. As also stated in the Initial Declaration, prior to the Petition Date, Jefferies had assisted or sought to assist the Debtors with their capital raising. In June 2022, Jefferies's affiliate Leucadia Asset Management ("LAM")[6] delivered to the Debtors a proposed non-binding

---

[5] Due to the absence of an engagement letter, the preparation of this presentation was not reflected in "the database containing the names of Jefferies' current and former investment banking clients" referenced in Paragraph 10 of the Initial Declaration.

[6] The relationship between the Jefferies investment banking division at issue in the Application and LAM is fully set forth in Paragraphs 14-15 of the First Supplemental Declaration.

term sheet for a $10 million account receivables financing facility.  However, negotiations did not proceed and no facility was ever put in place.  Jefferies was not engaged by the Debtors in relation to the proposed accounts receivable financing facility, nor did Jefferies receive any compensation for any services rendered.

8. In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  October 10, 2023          Respectfully submitted,

*/s/ Leon Szlezinger*

Leon Szlezinger

Managing Director and Joint Global Head of Debt Advisory & Restructuring

Jefferies LLC

## **Schedule 1**

Agilent Technologies Inc.
Amyris, Inc.
AT&T
AT&T Mobility LLC
AT&T U verse (SM)
Barclays
Con Edison
Everest Indemnity Insurance Co.
Facebook, Inc.
Jefferies LLC
JPMorgan SE
JPMorgan Chase Bank, N.A.
Lazard Asset Management LLC
Microsoft Corporation
Outfront Media
Pacific Gas and Electric Company
US Bank
U.S. Bank National Association
Verizon Wireless
Walmart Inc
Waste Management
Workday, Inc.