# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br>　Objection Deadline: October 24, 2023 at 4:00 pm ET |

### DECLARATION IN SUPPORT OF EMPLOYMENT OF GIBSON, DUNN & CRUTCHER LLP AS PROFESSIONAL UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, Michael D. Celio, pursuant to 28 U.S.C. § 1746, declare that the following is true to the best of my knowledge, information, and belief:

1. I am a Partner of Gibson, Dunn & Crutcher LLP, located at 310 University Avenue, Palo Alto, CA 94301 (the "Firm"), which has been employed by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") in the ordinary course of the Debtors' business. The Debtors wish to retain the Firm to continue providing ordinary course services during the Chapter 11 Cases, and the Firm has consented to provide such services. This Declaration is submitted in compliance with the *Order: (I) Authorizing Employment and Payment of Professionals Utilized in the Ordinary Course of Business; and (II) Granting Related Relief* (the "Ordinary Course Professionals Order").

2. The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases. The Firm does not perform services

---

[1]　A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

for any such person in connection with the Chapter 11 Cases or have any relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

3. The Debtors have requested that the Firm provide ongoing representation in multiple litigations to the Debtors, and the Firm has consented to provide such services.

4. The Firm has provided services to the Debtors prior to the commencement of the Chapter 11 Cases.

5. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in the Chapter 11 Cases.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. The Debtors owe the Firm $1,331,779.10 for fees and expenses incurred prior to the date the Chapter 11 Cases were commenced (the "Petition Date"), the payment of which is subject to the limitations contained in the Bankruptcy Code and any orders of the Court.

9. As of the Petition Date, the Firm was not party to an agreement for indemnification with the Debtors.

10. To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), or any person employed by the U.S. Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

11. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon the conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 10, 2023

_____
Michael D. Celio
Partner
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue, Palo Alto, CA 94301
650-849-5300
Email: mcelio@gibsondunn.com