**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| AMYRIS, INC., *et al.*,[1] | ) Case No. 23-11131 (TMH) |
|  | ) (Jointly Administered) |
|  | ) |
| Debtors. | ) Re: Docket No. 508 |
|  | ) |

**AD HOC NOTEHOLDER GROUP'S LIMITED OBJECTION TO DEBTORS' PROPOSED FORM OF FINAL ORDER (I) AUTHORIZING THE DEBTORS (A) TO OBTAIN POSTPETITION FINANCING AND (B) TO UTILIZE CASH COLLATERAL, (II) GRANTING ADEQUATE PROTECTION TO PREPETITOIN SECURED PARTIES, (III) MODIFYING THE AUTOMATIC STAY, AND (IV) GRANTING RELATED RELIEF**

The ad hoc group of holders of the 1.5% Convertible Senior Notes due 2026 (the "Ad Hoc Noteholder Group") hereby submit this limited objection to the Debtors' proposed form of the *Final Order (I) Authorizing the Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [D.I. 508] (the "Proposed Final DIP Order")[2]. The Ad Hoc Noteholder Group respectfully states as follows:

**LIMITED OBJECTION**

1. The Foris DIP Loan was premised on a timetable of Milestones that were designed to move the case along at a specified pace. The Proposed Final DIP Order recognizes

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [D.I. 19] (the "DIP Motion").

the reality of the delays that have occurred in the first sixty days of these Chapter 11 Cases, and accordingly requires a resetting of the Milestones, including the extension of the Challenge Period. Having recognized the need to extend the Challenge Period, the Debtors and Foris have nevertheless inexplicably limited such extension of the Challenge Period to only the Official Committee of Unsecured Creditors (the "Committee") and not to all necessary parties in interest, including the Ad Hoc Noteholder Group (as was provided in the DIP Motion and the Interim DIP Order). The Ad Hoc Noteholder Group is a necessary party in these Chapter 11 Cases, as evidenced by the fact that the Ad Hoc Noteholder Group represents the largest unsecured constituency in these cases – well in excess of 2/3 of the scheduled unsecured claims – and the Debtors' prior arguments that the Ad Hoc Noteholder Group was "necessary and appropriate…in the formulation and advancement of a comprehensive plan of reorganization [which] is in the best interests of the Debtors and their estates." *See, e.g.,* D.I. 148, 182.

2. The Challenge Period should be a single deadline for all necessary parties in interest, and not a patchwork of deadlines that are surreptitiously adopted and may result in multiple sets of Challenges, filed at different times, resulting in a plethora of coordination inefficiencies.

3. Central to the Milestone schedule in the DIP Motion were the following deadlines:

  i. Entry of a Final Order approving the DIP Loan no later than 36 days after the Petition Date (i.e., September 14, 2023).

  ii. A deadline of 35 days after the Petition Date (i.e., September 13, 2023) for the Debtors, the Administrative Agent, the Lenders and the Foris Prepetition Secured Lenders to execute a plan support agreement (the "Plan Support Deadline"). Failure to timely satisfy this Milestone would result in the Sale Toggle Event and a change in case strategy to sell all of the Debtors' assets.

  iii. A Challenge Period that expires 75 days after entry of the Interim Order (i.e.

      October 25, 2023) during which any party in interest (including the Committee) may bring an action challenging the Foris Prepetition Secured Lenders and the Foris Prepetition Obligations and/or assert other claims and causes of action against the Foris Prepetition Secured Lenders or their Representatives.

4.     The Debtors and Foris failed to meet their own Milestones:

   i.    A hearing on the Final Order occurred on October 4, 2023 and a hearing has been scheduled for October 11, 2023 at 12:30 p.m., at which time the Court will issue its ruling on the Final Order. Counsel for the Debtors described the disputes during the hearing on the Final Order as "all consuming".

   ii.    Not only did the Debtors and Foris fail to satisfy the Plan Support Deadline, but they failed to produce a set a projections that they were willing to share with the Ad Hoc Noteholder Group until October 9, 2023.

   iii.    The Proposed Final DIP Order extends the Challenge Period through November 15, 2023, but only for the Committee and not for any other necessary parties in interest who were previously allowed to bring Challenges under the Interim Order. The net result of this change is to terminate the Challenge Period on October 25, 2023 for all parties in interest except the Committee, the sole beneficiary of the Challenge Period extension in the Proposed Final DIP Order.

5.     The Debtors and its insider sponsor have failed to meet any of the Milestones they established by the DIP Motion and Interim Order. Having recognized the initial slow start of these cases requires a resetting of the Milestones, the Proposed Final DIP Order provides for an extension of the Milestones, including the Challenge Period. However, the extension of the Challenge Period purports to apply only to the Committee, leaving all other necessary parties in interest with a Challenge Period that expires on October 25, 2023. The extension of the Challenge Period should not modify and limit the parties entitled to bring Challenges, in particular, where the delays in the progression of the case were not caused by any action or inaction on the part of such parties. The Ad Hoc Noteholder Group respectfully submits the Challenge Period extension (i.e., to November 15, 2023) should be applicable to all parties in interest.

**CONCLUSION**

For the reasons stated above, the Ad Hoc Noteholder Group respectfully requests that this Court grant the Ad Hoc Noteholder Group relief consistent with the foregoing, and grant the Ad Hoc Noteholder Group such other relief as the Court deems just and proper.

Dated: October 11, 2023
       Wilmington, Delaware

BLANK ROME LLP

*/s/ Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
Lawrence R. Thomas III (DE No. 6935)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email:  stanley.tarr@blankrome.com
       lorenzo.thomas@blankrome.com

-and-

**PAUL HASTINGS LLP**
Frank Merola, Esq.*
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899
Email:  frankmerola@paulhastings.com

-and-

**PAUL HASTINGS LLP**
John Storz, Esq.*
Matthew D. Friedrick, Esq.*
Caroline Diaz, Esq.*
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email:  johnstorz@paulhastings.com
       matthewfriedrick@paulhastings.com
       carolinediaz@paulhastings.com

*Counsel to the Ad Hoc Noteholder Group*
*Admitted *pro hac vice*