# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>Re: Docket No. 316 |

**STATEMENT AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION FOR (I) AN ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTORS' BRAND ASSETS; (B) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION WITH THE DEBTORS' ENTRY INTO ANY POTENTIAL STALKING HORSE AGREEMENTS; (C) SCHEDULING THE AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF; AND (II) AN ORDER OR ORDERS (A) APPROVING THE SALE OF THE DEBTORS' BRAND ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES; AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") states as follows in support of this statement (the "**Statement**") regarding the *Debtors' Motion for (I) An Order (A) Approving Bid Procedures for the Sale of the Debtors' Brand Assets; (B) Approving Certain Bid Protections in Connection With the Debtors' Entry Into Any Potential Stalking Horse Agreements; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief; and (II) An Order or Orders (A) Approving the Sale of the Debtors' Brand Assets Free and Clear of All Encumbrances; and (B) Approving*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 316] (the "**Bid Procedures Motion**" and the proposed bid procedures attached thereto as <u>Exhibit A</u>, the "**Bid Procedures**"):[2]

**Statement**

1. To date, neither the Debtors' prepetition lenders nor any other investor has agreed to fund a reorganization and, therefore, the success of the Debtors' sale process is integral to stakeholder recoveries. As a result, the Committee, as the only fiduciary solely accountable to unsecured creditors, has engaged in extensive dialogue with the Debtors and their insider lenders, the DIP Secured Parties and the Foris Prepetition Secured Lenders (collectively, "**Foris**"), regarding the Bid Procedures and certain proposed modifications thereto. Those productive discussions have resulted in agreement on nearly of the key issues.

2. However, the parties have not reached agreement on two key issues. *First*, the Debtors and Foris—the latter of which are affiliates of John Doerr, the Debtor's largest stockholder and a member of Amyris, Inc.'s Board of Directors—have rejected the Committee's request that that the Debtors exclude the Foris entities as "Consultation Parties" under the Bid Procedures. As a result, Foris is entitled to review competing bids for the Debtors' assets while retaining the ability to exercise a potential competing right to credit bid under Foris's prepetition term loans or the DIP Facility. The Committee and its advisors believe that it is inappropriate for a prepetition lender or a DIP lender—particularly a lender controlled by an insider that may seek to make a new investment in the Debtors—that may exercise a credit bid to have Consultation Party status. Among other things, designating an insider lender as a Consultation Party may signal to the market

---

[2] Capitalized terms used but not defined in this Objection have the meanings used in the Bid Procedures Motion or the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 18].

2

that the lender has an inside track in the sale process, which may dissuade potential investors from participating in the process and potentially diminish unsecured creditor recoveries.  *Second*, in a similar vein, the Debtors have refused to require Foris to submit a potential credit bid prior to the November 2, 2023 deadline to designate a stalking horse bidder or, for that matter, at any time prior to the conclusion of the Auction.  In other words, Foris can exercise its credit bid rights *after* third-party bidders have begun to bid at a live auction.  The Bid Procedures thus provide Foris the right to assess the state of the process and competing bids with information not provided to any party other than the Committee, and submit a Credit Bid *at any time including during the Auction itself*, without losing its consultation and consent rights.

3. These provisions in the Bid Procedures are inappropriate under the facts and circumstances of these cases.  It is well understood that having a secured creditor participating in the bidding process, whether they have indicated an intent to credit bid or not, can chill bidding.  The fact that the Foris entities are insiders—in addition to the director roles held by John Doerr and Foris employee Ryan Panchadsaram—only magnifies these risks in the Committee's view.  Indeed, the Debtors ended up in bankruptcy after years of control by Doerr-affiliated entities, and now those same parties are requiring the Debtors to both provide them full insight into the terms of competing bids and allow them to participate in negotiations with respect to such bids.

4. All that being said, the Committee—as the only fiduciary solely accountable to unsecured creditors—must not view these issues in a vacuum.  Other factors relevant to this analysis include that no party (including Foris) has agreed to fund a reorganization, the Debtors are not profitable, and the costs of these chapter 11 cases is enormous.  Having weighed these different considerations, as well as the fact that the estates must promptly advance the marketing process, the Committee does not object to entry of the Bid Procedures order at this time.  For the

avoidance of any doubt, to the extent that the Committee believes that the involvement of Foris or any insider in the Debtors' marketing process may impair stakeholder recoveries, the Committee reserves its rights to seek further relief from the Court at the appropriate time.

### Reservation of Rights

5.  The Committee reserves all of its rights to supplement or amend this Statement and to raise additional issues with respect to the Bid Procedures Motion at the hearing, to request additional evidence, and to present evidence at the hearing.

*Remainder of page intentionally left blank.*

| | |
|---|---|
| Dated: October 12, 2023<br>Wilmington, Delaware | Respectfully submitted, |

Gregory F. Pesce, Esq.
Andrew F. O'Neill, Esq.
**WHITE & CASE LLP**
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gpesce@whitecase.com
   aoneill@whitecase.com

-and-

Samuel P. Hershey, Esq.
John Ramirez, Esq.
Andrea Kropp, Esq.
**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
   john.ramirez@whitecase.com
   andrea.kropp@whitecase.com

-and-

Sean Gorman, Esq.
**WHITE & CASE LLP**
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Facsimile: (713) 496-9701
Email: sean.gorman@whitecase.com

/s/ Katelin A. Morales
Christopher M. Samis (No. 4909)
Katelin A. Morales (No. 6682)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
   kmorales@potteranderson.com
   srizvi@potteranderson.com

*Counsel for the Official Committee of Unsecured Creditors*