**<u>EXHIBIT A</u>**

**(Proposed Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.,* | Case No. 23-11131 (TMH) |
| Debtors. [1] | (Jointly Administered) |
| | **RE Docket No. 386** |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9), (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (IV) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (V) APPROVING NOTICE OF BAR DATES, AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these Chapter 11 Cases, (c) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (d) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, (e) approving notice of the Bar Dates (as defined herein), (f) approving the proposed form of publication notice, and (g) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and

opportunity for a hearing on the Motion were appropriate under the circumstances and no other

notice need be provided; and this Court having reviewed the Motion and having heard the

statements in support of the relief requested therein at a hearing before this Court (the "Hearing");

and this Court having determined that the legal and factual bases set forth in the Motion and at the

Hearing establish just cause for the relief granted herein; and upon all of the proceedings had

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted as set forth herein.

A.      <u>**The Bar Dates and Procedures for Filing Proofs of Claim**</u>

2.      Each person or entity[3] that asserts a claim against the Debtors that arose before the

Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code,

shall be required to file an original, written proof of claim (a "Proof of Claim"), substantially in

the form attached to the Motion as Exhibit B (the "Proof of Claim Form") or Official Form 410.[4]

Except in the cases of governmental units and certain other exceptions explicitly set forth herein,

all Proofs of Claim must be filed so that they are actually received on or before **November 15,**

---

[3]    Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4]    Copies of Official Form 410 may be obtained by:    (a) visiting the Debtors' website at https://cases.stretto.com/amyris/file-a-claim/; (b) writing to the Debtors' claims agent, Amyris, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 (email:  TeamAmyris@stretto.com); and/or (c) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

**2023 at 5:00 p.m., prevailing Eastern** (the "Claims Bar Date"), at the addresses and in the form set forth herein.  The Claims Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Order.

3.     All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such Proofs of Claim so they are actually received on or before **February 5, 2024, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date" and together with the Claims Bar Date, the "Bar Date" or "Bar Dates" as may be applicable), at the addresses and in the form set forth herein.

4.     If the Debtors file a previously unfiled Schedule or amend or supplement the Schedules after having given notice of the Bar Dates, the Debtors shall give notice by first-class mail of any filing, amendment, or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty days from the date the notice of the filing, amendment, or supplement is given (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

5.     Unless otherwise ordered, all persons or entities asserting claims arising from the rejection of executory contracts or unexpired leases of the Debtors shall file a Proof of Claim on account of such rejection by the later of:  (a) the Claims Bar Date; (b) 5:00 p.m. prevailing Eastern

time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors; and (c) any date that the Court may fix in the applicable order approving such rejection (the "Rejection Damages Bar Date").

6.      Notwithstanding anything to the contrary in this Order, U.S. Bank National Association ("U.S. Bank"), in its capacity as trustee (the "Convertible Notes Trustee") for the holders of 1.50% convertible unsecured senior notes issued due 2026 (the "Convertible Notes" and the holders thereof, the "Convertible Noteholders") under that certain Indenture, dated as of November 15, 2021 (the "Convertible Notes Indenture"), is authorized, but not directed, to file one master Proof of Claim (any such claim, a "Master Proof of Claim") for principal, interest, applicable premium (if any), fees and expenses (including attorney's fees and expenses), and all other amounts payable under the Convertible Notes Indenture and related documents (such amounts, the "Debt Claims"), on behalf of itself and all Convertible Noteholders.  Any such Master Proof of Claim shall have the same effect as if each applicable Convertible Noteholder had individually filed a Proof of Claim against each applicable Debtor on account of such Convertible Noteholder's Debt Claim.  The Convertible Notes Trustee may amend, supplement, or otherwise modify its Debt Claim from time to time, to the extent permitted by applicable law.  The Convertible Notes Trustee shall not be required to file with a Master Proof of Claim any instruments, agreements, or other documents evidencing the obligations referenced in such Master Proof of Claim, which instruments, agreements, or other documents will be provided upon written request to counsel for the Convertible Notes Trustee.  For administrative convenience, any Master Proof of Claim authorized herein may be filed in the lead case for these chapter 11 cases, *In re Amyris, Inc.*, Case No. 23-11131 (TMH) (the "Lead Case") with respect to all amounts asserted in such Master Proof of Claim, and such Master Proof of Claim shall be deemed to be filed and

4

asserted by the Convertible Notes Trustee, on behalf of itself and all Convertible Noteholders, against every Debtor that is liable for the claim(s) asserted therein so long as such authorized Master Proof of Claim sets forth in reasonable detail the basis for such claim(s) and, to the extent reasonably possible, the amount asserted against each applicable Debtor.  No authorized Master Proof of Claim shall be disallowed, reduced, or expunged on the basis that it is filed only in the Lead Case and only against Debtor Amyris, Inc.  For the avoidance of doubt, the provisions set forth in this paragraph and any Master Proof of Claim filed pursuant to the terms hereof are intended solely for the purpose of administrative convenience and shall not affect the substantive rights of any party-in-interest or their respective successors-in-interest, including, without limitation, the rights of the Convertible Notes Trustee or any Convertible Noteholder under applicable law and the numerosity requirements set forth in section 1126 of the Bankruptcy Code. In addition, if a Convertible Noteholder asserts a claim (if any) against any of the Debtors other than the Debt Claims (such claim, a "Non-Debt Claim"), such Senior Noteholder shall be required to file its own proof of claim for such Non-Debt Claim.

7.       All Proofs of Claim must be filed so as to be actually received by Stretto, the notice and claims agent retained in these Chapter 11 Cases, on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein). If Proofs of Claim are not received by Stretto on or before the Claims Bar Date or the Governmental Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any plans filed in these Chapter 11 Cases and/or receiving distributions from the Debtors on account of such claims in these Chapter 11 Cases.

B.      **Parties Exempted from the Bar Date**

8.      The following categories of claimants shall not be required to file a Proof of Claim by the Claims Bar Date:

a.      any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

b.      any person or entity whose claim is listed on the Schedules if:  (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any person or entity whose claim has previously been allowed by order of the Court;

d.      any person or entity that is not required to file a Proof of Claim pursuant to the final order approving the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 19] (the "DIP Motion"), solely with respect to the claims for which no Proof of Claim is required to be filed as set forth in the final order approving the DIP Motion;

e.      any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f.      any Debtor having a claim against another Debtor;

6

g.      any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.      any holder of a claim arising under or in connection with the Debtors' Convertible Notes; *provided* that U.S. Bank, in its capacity as Convertible Notes Trustee, may file a single Master Proof of Claim in the Lead Case by the Claims Bar Date with respect to all of the claims thereunder;

i.      any person or entity whose claim is based on an equity interest in any of the Debtors; provided that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

j.      any current officer, director, or employee of any Debtor, in each case in their capacity as such, for claims based on indemnification, contribution, or reimbursement;

k.      any person or entity holding a claim for which a separate deadline is fixed by this Court; and

l.      claims for fees and expenses of professionals retained in these Chapter 11 Cases.

## C.      <u>Substantive Requirements of Proofs of Claim</u>

9.      The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      *Contents*.  Each Proof of Claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of

Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

      b.    *Section 503(b)(9) Claim.*  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

      c.    *Original Signatures Required.*  Only *original* Proofs of Claim may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

      d.    *Identification of the Debtor Entity.*  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Amyris, Inc.

      e.    *Claim Against Multiple Debtor Entities.*  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against *only one* Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.  Notwithstanding anything to the contrary set forth herein, the filing of a Master Proof of Claim by the Convertible Notes Trustee in the Lead Case shall also be deemed to constitute the filing of a Master Proof of Claim in the chapter 11 cases of all other Debtors against whom a Debt Claim may be asserted under the Convertible Notes Indenture or other operative documents.

8

f.  *Supporting Documentation*.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes such a summary or explanation shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

g.  *Timely Service*.  Each Proof of Claim must be filed, including supporting documentation, so as to be *actually received* by Stretto on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either  (1) electronically  through the  interface  available  at https://cases.stretto.com/amyris/file-a-claim/; or (2) by first class mail, hand deliver or overnight mail to  Amyris, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.  Receipt of Service.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

**D.    Identification of Known Creditors**

10.  The Debtors shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

DOCS_DE:244236.5 03703/004

E.    **Procedures for Providing Notice of the Bar Date**

11.    Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to cause written notice of the Bar Dates, substantially in the form attached to the Motion as **Exhibit C** (the "Bar Date Notice") and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail, no later than three business days after the entry of this Order, to the following entities:

      a.    the U.S. Trustee;

      b.    counsel to the Committee;

      c.    all known creditors and other known holders of claims against the Debtors, including all entities listed in the Schedules as holding claims against the Debtors;

      d.    all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

      e.    all entities that have filed proofs of claim in these Chapter 11 Cases as of the date of the Bar Date Order;

      f.    all known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

      g.    all known entities who are party to executory contracts and unexpired leases with the Debtors;

      h.    all known entities who are party to litigation with the Debtors;

      i.    all current and former employees for the past three years (to the extent that contact information for former employees is available in the Debtors' records);

      j.    all regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

k.      the United States Environmental Protection Agency;

l.      the Office of the Attorney General for the State of Delaware;

m.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

n.      the District Director of the Internal Revenue Service for the District of Delaware;

o.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

p.      the Securities and Exchange Commission.

12.     The Debtors shall provide all known creditors listed in the Debtors' Schedules and, upon any amendment to the Debtors' Schedules, each of the creditors affected by such amendment, with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation:  (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.  Each creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410.

13.     After the initial mailing of the Bar Date Packages, the Debtors will make supplemental mailings of notices or packages, including in the event that:  (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in

11

interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances, in each case up to seven days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**E.**     **Publication of Bar Date Notice**

14.     The Debtors shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause the Bar Date Notice to be published, modified for publication in substantially the form attached to the Motion as **Exhibit D** (the "Publication Notice"), on one occasion in *The New York Times (National Edition)* (or similar newspaper of record), on or before a date at least fourteen before the Claims Bar Date.

15.     Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**F.**     **Consequences of Failure to File a Proof of Claim**

16.     Any person or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be forever barred,

estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and its property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim, *provided* that late-filed proofs of claim shall be treated in accordance with section 726(a)(3) of the Bankruptcy Code. Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule F of the Schedules as not contingent, not disputed, and not liquidated.

17.     Any person or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan filed in these Chapter 11 Cases, participating in any distribution in these Chapter 11 Cases on account of such claim, or receiving further notices regarding such claim.

18.     Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

**G.**     **Miscellaneous**

19.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

DOCS_DE:244236.5 03703/004

20.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

21.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DOCS_DE:244236.5 03703/004

**EXHIBIT B**

**Proof of Claim Form**

| Fill in this information to identify the case: |
|---|

**Name of Debtor & Case Number:**

- ☐ Amyris, Inc. (Case No. 23-11131)
- ☐ AB Technologies LLC (Case No. 23-11132)
- ☐ Amyris-Olika, LLC (Case No. 23-11133)
- ☐ Amyris Clean Beauty, Inc. (Case No. 23-11134)
- ☐ Amyris Fuels, LLC (Case No. 23-11136)

- ☐ Aprinnova, LLC (Case No. 23-11137)
- ☐ Onda Beauty Inc. (Case No. 23-11138)
- ☐ Upland 1 LLC (Case No. 23-11139)
- ☐ Clean Beauty Collaborative, Inc. (Case No. 23-11224)
- ☐ Clean Beauty 4U LLC (Case No. 23-11225)
- ☐ Clean Beauty 4U Holdings, LLC (Case No. 23-11226)

**United States Bankruptcy Court for the District of Delaware**

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number      Street

City                State          ZIP Code

Contact phone

Contact email

**Where should payments to the creditor be sent?** (if different)

Name

Number      Street

City                State          ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                                    $_____

**Amount of the claim that is secured:**        $_____

**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**  $_____

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name  _____
First name          Middle name          Last name

Title  _____

Company  _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____
Number        Street

_____
City                          State      ZIP Code

Contact phone  _____  Email  _____

**EXHIBIT C**

**Form of Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.,* | Case No. 23-11131 (TMH) |
| Debtors. [1] | (Jointly Administered) |

**NOTICE OF DEADLINES FOR THE FILING OF (I) PROOFS OF CLAIM,
INCLUDING REQUESTS FOR PAYMENT PURSUANT TO SECTION 503(B)(9)
OF THE BANKRUPTCY CODE, AND (II) REJECTION DAMAGES CLAIMS**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE
FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Amyris, Inc. | 23-11131 (TMH) |
| AB Technologies LLC | 23-11132 (TMH) |
| Amyris-Olika, LLC | 23-11133 (TMH) |
| Amyris Clean Beauty, Inc. | 23-11134 (TMH) |
| Amyris Fuels, LLC | 23-11136 (TMH) |
| Aprinnova, LLC | 23-11137 (TMH) |
| Onda Beauty Inc. | 23-11138 (TMH) |
| Upland 1 LLC | 23-11139 (TMH) |
| Clean Beauty Collaborative, Inc. | 23-11224 (TMH) |
| Clean Beauty 4U LLC | 23-11225 (TMH) |
| Clean Beauty 4U Holdings, LLC | 23-11226 (TMH) |

**PLEASE TAKE NOTICE THAT:**

On August 9 and 21, 2023 (as applicable, the "Petition Date"), Amyris, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), filed[2] voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]   The Petition Date for Debtors Amyris, Inc.; AB Technologies LLC; Amyris-Olika, LLC; Amyris Clean Beauty, Inc.; Amyris Fuels, LLC; Aprinnova, LLC; Onda Beauty Inc.; and Upland 1 LLC is August 9, 2023. The Petition Date for Debtors Clean Beauty Collaborative, Inc.; Clean Beauty 4U LLC; and Clean Beauty 4U Holdings, LLC is August 21, 2023.

On [●], 2023 the Court entered an order [Docket No. __] (the "Bar Date Order")[3] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, and Rejection Damages.

For your convenience, enclosed with this notice (this "Notice") is a Proof of Claim form, which identifies the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## A.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these Chapter 11 Cases (the "Bar Dates").

a.    *The Claims Bar Date.*  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim by **November 15, 2023, at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date").  The Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims; *provided that*, unless otherwise ordered by the Court, the bar date for filing claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall be the later of:  (a) the Claims Bar Date; or (b) 5:00 p.m. prevailing Eastern time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors.

b.    *The Governmental Bar Date.*  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date are required to file proofs of claim by **February 5, 2024, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date").  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with

---

[3]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

c.    *The Amended Schedules Bar Date*.  Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or amendment or supplement to the Schedules are required to file Proofs of Claim so that such Proofs of Claim are actually received by the Claims and Noticing Agent by the Amended Schedules Bar Date (i.e., by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of such filing, amendment or supplement).

d.    *The Rejection Damages Bar Date.* Pursuant to the Bar Date Order, all parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease are required to file Proofs of Claim with respect to such rejection so that such Proofs of Claim are actually received by the Claims and Noticing Agent by the Rejection Damages Bar Date (i.e., by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is thirty days following entry of an order approving such rejection).

## B.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) prior to the Petition Date ***must*** file Proofs of Claim on or before the Claims Bar Date:

a.    any person or entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed" if such person or entity desires to participate in any of these Chapter 11 Cases or share in any distribution in any of these Chapter 11 Cases;

b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.    any person or entity who believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.    any entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

## C.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file Proofs of Claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates ***need not*** file Proofs of Claims:

a.    any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court or with Stretto in a form substantially similar to Official Form 410;

b.      any person or entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such person or entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.      any person or entity whose claim has previously been allowed by order of the Court;

d.      any person or entity that is not required to file a Proof of Claim pursuant to the final order approving the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 19] (the "<u>DIP Motion</u>"), solely with respect to the claims for which no Proof of Claim is required to be filed as set forth in the final order approving the DIP Motion;

e.      any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

f.      any Debtor having a claim against another Debtor;

g.      any person or entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

h.      any holder of a claim arising under or in connection with the Debtors' Convertible Notes; *provided* that U.S. Bank, in its capacity as Convertible Notes Trustee, may file a single Master Proof of Claim in the Lead Case by the Claims Bar Date with respect to all of the claims thereunder;

i.      any person or entity whose claim is based on an equity interest in any of the Debtors; provided that any holder of an equity interest who wishes to assert a claim against the Debtors, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the applicable bar date pursuant to procedures set forth herein;

j.      any current officer, director, or employee of any Debtor, in each case in their capacity as such, for claims based on indemnification, contribution, or reimbursement;

k.      any person or entity holding a claim for which a separate deadline is fixed by this Court;

l.      claims for fees and expenses of professionals retained in these Chapter 11 Cases.

## D.    <u>INSTRUCTIONS FOR FILING PROOFS OF CLAIM</u>

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      *Contents*. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.      *Section 503(b)(9) Claim*. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular

4

invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.    *Original Signatures Required*.  Only original Proofs of Claim may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim or Proofs of Claim sent by facsimile or electronic mail will not be accepted.

d.    *Identification of the Debtor Entity*.  Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Amyris, Inc.

e.    *Claim Against Multiple Debtor Entities*.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.  Notwithstanding anything to the contrary set forth herein, the filing of a Master Proof of Claim by the Convertible Notes Trustee in the Lead Case shall also be deemed to constitute the filing of a Master Proof of Claim in the chapter 11 cases of all other Debtors against whom a Debt Claim may be asserted under the Convertible Notes Indenture or other operative documents.

f.    *Supporting Documentation*.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes such a summary or explanation shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

g.    *Timely Service*.  Each Proof of Claim must be filed, including supporting documentation, so as to be actually received by Stretto on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either (1) electronically through the interface available at https://cases.stretto.com/amyris/file-a-claim/; or (2) by first class mail, hand deliver or overnight mail to  Amyris, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602.

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.    *Receipt of Service*.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

5

E.      **CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM.**

         Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim aim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

         **YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

         **THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;**

         **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

         **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

F.      **AMENDMENTS TO THE DEBTORS' SCHEDULES**

         If, subsequent to the date of this Notice, the Debtors amend or supplement their Schedules to reduce the undisputed, non-contingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or before the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable to such claim and (b) 5:00 p.m., prevailing Eastern Time on the date that is twenty-one days after the date that on which the Debtors provide notice of the amendment to the Schedules (or another time period as may be fixed by the Court) as the date by which claimants holding claims affected by the amendment must file Proofs of Claim with respect to such claim (any such date, an "Amended Schedules Bar Date").

G.      **RESERVATION OF RIGHTS**

         Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

H.      **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

         You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than one Debtor entity, you will receive

6

multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, you may rely on the enclosed form, which sets forth: (a) the amount of your claim (if any) as scheduled; (b) identifies the Debtor entity against which it is scheduled; (c) specifies whether your claim is listed in the Schedules as "contingent," "unliquidated," or "disputed; and (d) identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **_not_** file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## I.    **ADDITIONAL INFORMATION**

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these Chapter 11 Cases are available for inspection free of charge on Stretto's website at https://cases.stretto.com/amyris/. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov.  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Stretto, directly by writing to:  Amyris, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 (email:  TeamAmyris@stretto.com).

---

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

---

Dated: [●]                              **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ DRAFT*
_____
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

# **EXHIBIT D**

## **Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al*., | Case No. 23-11131 (TMH) |
| Debtors. [1] | (Jointly Administered) |

## NOTICE OF DEADLINES FOR THE FILING OF
## (I) PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT
## PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE,
## AND (II) REJECTION DAMAGES CLAIMS

---

### THE CLAIMS BAR DATE IS NOVEMBER 15, 2023

### THE GOVERNMENTAL CLAIMS BAR DATE IS FEBRUARY 5, 2024

---

## PLEASE TAKE NOTICE OF THE FOLLOWING:

*Deadlines for Filing Proofs of Claim*.  On [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. __] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the above-captioned Debtors must file proofs of claim ("Proofs of Claim"), including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, and Rejection Damages Claims, in the Chapter 11 Cases of the following debtors and debtors in possession (collectively, the "Debtors"): Amyris, Inc.; AB Technologies LLC; Amyris-Olika, LLC; Amyris Clean Beauty, Inc.; Amyris Fuels, LLC; Aprinnova, LLC; Onda Beauty Inc.; and Upland 1 LLC.

*The Bar Dates*.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, corporations, joint ventures, estates, and trusts who have a claim or potential claim against the Debtors, that arose prior to August 9, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **November 15, 2023, at 5:00 p.m., prevailing Eastern Time** (the "Claims Bar Date"). Governmental units who have a claim or potential claim against the Debtors that arose prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **February 5, 2024, at 5:00 p.m., prevailing Eastern Time** (the "Governmental Bar Date").

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

Amended Schedules Bar Date. All parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or an amendment or supplement to the Schedules are required to file Proofs of Claim by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date on which the Debtors provide notice of a previously unfiled Schedule or amendment or supplement to the Schedules** (the "Amended Schedules Bar Date").

Rejection Damages Bar Date. All parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim by the **later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m. prevailing Eastern Time on the date that is thirty days following entry of an order approving such rejection** (the "Rejection Damages Bar Date").

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE, IN EACH CASE ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

*Filing a Proof of Claim*. Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by the Debtors' notice and claims agent, Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto"), on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein) either **(1) electronically through the interface available at https://cases.stretto.com/amyris/file-a-claim/; or (2) by first class mail, hand deliver or overnight mail to Amyris, Inc., et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602**.

*Contents of Proofs of Claim*. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

*Section 503(b)(9) Requests for Payment*. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

*Additional Information*. If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Stretto, directly by writing to: Amyris, Inc. et al. Claims Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 (email: TeamAmyris@stretto.com). ***Please note*** that Stretto ***cannot*** offer legal advice or advise whether you should file a proof of claim.

2

**Claim Against Multiple Debtor Entities**.  Unless otherwise ordered by the Court, each Proof of Claim must state a claim against **only one** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.  Notwithstanding anything to the contrary set forth herein, the filing of a Master Proof of Claim by the Convertible Notes Trustee in the Lead Case shall also be deemed to constitute the filing of a Master Proof of Claim in the chapter 11 cases of all other Debtors against whom a Debt Claim may be asserted under the Convertible Notes Indenture or other operative documents.

**Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes such a summary or explanation shall be required to transmit such writings to Debtors' counsel upon request no later than ten days from the date of such request.

**Receipt of Service**.  Claimants wishing to receive acknowledgment that their Proofs of Claim were received by Stretto must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Stretto) and (ii) a self-addressed, stamped envelope.

Dated: [●]

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ DRAFT*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*