# EXHIBIT A

# **PROPOSED ORDER**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Related to Docket No. 317** |

**ORDER (A) APPROVING PROCEDURES RELATED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order pursuant to sections 105(a), 365, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to establish certain procedures relating to the assumption, assumption and assignment, or transfer of executory contracts and unexpired leases, whether in connection with a sale of the Debtors' assets or a plan of reorganization (either, a "Restructuring Transaction"), including notice of proposed cure amounts (the "Contract and Lease Procedures"), and approving the form and manner of notice of the potential assumption, assumption and assignment, or transfer of executory contracts and unexpired leases (the "Cure Notice"), all as more fully set forth in the Motion; and upon consideration of the First Day

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.   The Debtors have articulated good and sufficient reasons for, and the best interests of their estates and stakeholders will be served by, the Court scheduling or fixing dates pursuant to this order (this "Order") for, among other things, the Contract Objection Deadline and Additional Contract Objection Deadline, each as defined below.

B.   The Contract and Lease Procedures are fair, reasonable, and appropriate and represent the best available method for maximizing value for the benefit of the Debtors' estates.

---

[3]   The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.  The Cure Notice is reasonably calculated to provide the Contract Counterparties and other interested parties with proper notice of the Contract and Lease Procedures (including the Contract Objection Deadline and Additional Contract Objection Deadline).

D.  The Motion and the Contract and Lease Procedures comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

E.  Due, sufficient, and adequate notice of the relief granted herein has been given to all parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  The Motion is granted as set forth herein.

2.  All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

3.  The Contract and Lease Procedures, which are attached hereto as <u>Exhibit 1</u> and incorporated herein by reference, are hereby approved in all respects.

4.  The Cure Notice substantially in the form attached to this Order as <u>Exhibit 2</u> is approved in all respects. No other or further notice of the Contract and Lease Procedures, or relevant objection or other deadlines is required.

5.  The Contract and Lease Procedures are hereby approved in all respects. The failure to specifically include or reference any particular provision of the Contract and Lease Procedures in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Contract and Lease Procedures be authorized and approved in their entirety.

6.  As further governed by the Contract and Lease Procedures, the Contract Objection Deadline is **November 7, 2023 at 5:00 p.m. (prevailing Eastern Time)**. Any Contract Counterparty may dispute inclusion of its Potential Assumed/Assigned Contracts on the Cure

Schedule and/or the Cure Amounts by contacting the Debtors (by e-mail to AmyrisContracts@stretto.com or calling 888-855-0485 or 1-303-276-0309), to attempt to consensually resolve such dispute without the need for a formal objection, **provided that such Contract Counterparty contacts the Debtors on or prior to November 3, 2023**.  Any Contract Counterparty whose issues are not resolved by November 3, 2023 must file with the Court and serve on the Notice Parties so as to be received no later than the Contract Objection Deadline any objections to the potential assumption, assumption and assignment, and/or transfer of a Potential Assumed/Assigned Contract on the Cure Schedule (an "Assumption/Assignment Objection") or to the Cure Amounts (a "Cure Objection"); provided, however, that the Debtors, in their discretion, may extend the Contract Objection Deadline with respect to any Contract Counterparty that contacted the Debtors prior to the Contract Objection Deadline to reach a resolution without filing a formal objection.

7. Any Contract Counterparty that fails to file a Cure Objection by the Contract Objection Deadline in accordance with the Contract and Lease Procedures: (i) shall be deemed to have forever waived and released any right to assert a Cure Objection and (ii) shall be forever barred and estopped from (a) objecting to the Cure Amount set forth on the Cure Schedule with respect to the Potential Assumed/Assigned Contract and (b) seeking additional amounts arising under the Potential Assumed/Assigned Contract prior to the closing of the relevant Restructuring Transaction.

8. Any Contract Counterparty that fails to file an Assignment Objection by the Contract Objection Deadline in accordance with the Contract and Lease Procedures: (i) shall be deemed to have forever waived and released any right to assert an Assignment Objection; (ii) shall be deemed to have consented to the assumption, assumption and assignment, or transfer, as the

case may be, of its Potential Assumed/Assigned Contract without the necessity of obtaining any further order of the Court; and (iii) shall be forever barred and estopped from objecting to the assumption, assumption and assignment, or transfer, as the case may be, of its Potential Assumed/Assigned Contract.

9. Any Contract Counterparty that fails to file an Additional Contract Objection by the Additional Contract Objection Deadline in accordance with the Contract and Lease Procedures: (i) shall be deemed to have forever waived and released any right to assert an Cure Objection or Assignment Objection; (ii) shall be deemed to have consented to the assumption, assumption and assignment, or transfer, as the case may be, of their Potential Assumed/Assigned Contract without the necessity of obtaining any further order of the Bankruptcy Court; and (iii) shall be forever barred and estopped from (a) objecting to the Cure Amount set forth in an Additional Contract Notice with respect to the Potential Assumed/Assigned Contract and (b) seeking additional amounts arising under the Potential Assumed/Assigned Contract prior to, during, or after the closing of the relevant Restructuring Transaction.

10. Cigna Health and Life Insurance Company and the Debtors are parties to three contracts (collectively, the "Cigna Contracts"), pursuant to which Cigna provides ongoing insurance and administrative services relating to the Debtors' self-funded employee healthcare benefits plan. Notwithstanding anything in this Order to the contrary, unless Cigna and the Debtors agree otherwise, the Debtors shall provide to Cigna, through its counsel of record, no later than three (3) business days prior to any Sale Hearing, written notice of Debtors' irrevocable (subject to closing of the proposed Sale) decision as to whether or not the Debtors propose to assume and assign the Cigna Contracts to a Successful Bidder as part of the proposed Sale.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or 6006(d), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

13. To the extent of any inconsistences between the Contract and Lease Procedures and this Order, this Order shall govern.

14. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Contract and Lease Procedures or this Order.

DOCS_DE:244759.5 03703/004

# **EXHIBIT 1**

## Contract and Lease Procedures

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                           Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**PROCEDURES RELATED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

On August 9, 2023 and August 21, 2023, as applicable (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 11, 2023 and August 23, 2023, as applicable, the United States Bankruptcy Court for the District of Delaware (the "Court") entered orders authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).[2]

On [●], 2023, the Court entered an order (the "Contract and Lease Procedures Order") authorizing the Debtors to establish procedures related to the assumption, assumption and assignment, and/or transfer of executory contracts and unexpired leases in connection with sale(s) of the Debtors' assets (including, but not limited to, a sale governed by the Brand Asset Bid Procedures Order[3] but excluding any sale governed by the Non-Operating Brand Procedures Order[4]) or a plan of reorganization (each, a "Restructuring Transaction") approved by the Court (the "Contract and Lease Procedures").

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion for an Order (A) Approving Procedures Related to the Assumption, Assumption and Assignment, or Transfer of Executory Contracts And Unexpired Leases; And (B) Granting Related Relief* [Docket No. 317] (the "Contract and Lease Procedures Motion").

[3]     *Order (A) Approving Bid Procedures for the Sale of the Debtors' Brand Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry Into Any Potential Stalking Horse Agreements; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief* [Docket No. ●] (the "Brand Asset Bid Procedures Order").

[4]     *Order (I) Establishing Procedures Governing the Sale or Transfer of Certain De Minimis Assets and Non-Operating Brands, and (II) Granting Related Relief* [Docket No. 205].

*Summary of Key Dates Established by Contract and Lease Procedures*

| Date[5] | Event |
|---|---|
| **October 11, 2023 at 5:00 p.m.** | Contract and Lease Procedures Motion Objection Deadline |
| **October 18, 2023 at 2:00 p.m.** | Contract and Lease Procedures Hearing |
| **October 20, 2023** | Deadline to File Cure Notice |
| **November 7, 2023 at 5:00 p.m.** | Contract Objection Deadline |

## CONTRACT AND LEASE PROCEDURES

In connection with a Restructuring Transaction, the Debtors may assume, assume and assign, and/or transfer certain of their executory contracts and unexpired leases (the "Potential Assumed/Assigned Contracts"). The following Contract and Lease Procedures govern the assumption, assumption and assignment, and/or transfer of any Potential Assumed/Assigned Contracts in connection with a Restructuring Transaction:

On or before ***October 20, 2023***, the Debtors will file and serve a notice of executory contracts and unexpired leases that may be assumed and assigned with respect to any Restructuring Transaction(s) (the "Cure Notice"). The Cure Notice will include a schedule (the "Cure Schedule") identifying (i) the Potential Assumed/Assigned Contracts that may be assumed, assumed and assigned, or transferred in connection with a Restructuring Transaction and (ii) the amount, if any, the Debtors believe is necessary to cure all monetary defaults under such Potential Assumed/Assigned Contracts pursuant to section 365 of the Bankruptcy Code (the "Cure Amounts").

The Cure Notice will be served on each of the non-debtor counterparties (the "Contract Counterparties") listed on the Cure Schedule by first class mail. The Cure Notice will state that the Debtors are or may be seeking the assumption, assumption and assignment, and/or transfer of the Potential Assumed/Assigned Contracts in connection with one or more Restructuring Transactions, but that the Debtors reserve all rights to add or remove any Potential Assumed/Assigned Contract from such schedule at any time prior to the closing of the applicable Restructuring Transaction.

If, subsequent to filing the Cure Notice, the Debtors identify additional executory contracts or unexpired leases that they wish to add to or remove from the Cure Schedule (each an "Additional Contract"), the Debtors shall, as soon as practicable after making such a determination, send a supplemental Cure Notice (a "Additional Cure Notice") to the applicable Contract Counterparties to such Additional Contracts.

---

[5]   All times are prevailing Eastern time.

As used herein, the "Notice Parties" are:

i. counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra I. Grassgreen (dgrassgreen@pszjlaw.com) and Maxim B. Litvak (mlitvak@pszjlaw.com);

ii. counsel to the DIP Lenders and the DIP Agent (collectively, the "DIP Secured Parties") and the Foris Prepetition Secured Lenders (together with the DIP Secured Parties, the "Secured Parties"), (a) Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), Alexander J. Nicas, Esq. (anicas@goodwinlaw.com), and Debora Hoehne, Esq. (dhoehne@goodwinlaw.com); and (b) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com);

iii. counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095; Attn: Gregory Pesce, Esq. (gregory.pesce@whitecase.com), O'Neill, Esq. (aoneill@whitecase.com), and John Ramirez, Esq. (john.ramirez@whitecase.com); local counsel to the Committee, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801; Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com), Katelin A. Morales, Esq. (kmorales@potteranderson.com), Sameen Rizvi, Esq.(srizvi@potteranderson.com); and

iv. the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: John Schanne (John.Schanne@usdoj.gov).

Any Contract Counterparty may dispute inclusion of its Potential Assumed/Assigned Contracts on the Cure Schedule and/or the Cure Amounts by contacting the Debtors (by e-mail to AmyrisContracts@stretto.com or calling 888-855-0485 or 1-303-276-0309), to attempt to consensually resolve such dispute without the need for a formal objection, **provided that such Contract Counterparty contacts the Debtors on or prior to November 3, 2023**. *Any Contract Counterparty whose issues are not resolved by November 3, 2023 must file with the Court and serve on the Notice Parties so as to be received no later than November 7, 2023 at 5:00 p.m. (Eastern Time) (the "Contract Objection Deadline") any objections to the potential assumption, assumption and assignment, and/or transfer of a Potential Assumed/Assigned Contract on the Cure Schedule (an "Assumption/Assignment Objection") or to the Cure Amounts (a "Cure Objection"); provided, however, that the Debtors, in their discretion, may extend the Contract Objection Deadline with respect to any Contract Counterparty that contacted the Debtors prior to the Contract Objection Deadline to reach a resolution without filing a formal objection*. Any Cure Objection or Assumption/Assignment Objection must clearly identify the factual and legal reasons for such object and, with respect to a Cure Objection, appropriate documentation in support of the disputed Cure Amount.

Upon receipt of an Assumption/Assignment Objection or Cure Objection, the Debtors will contact the non-debtor counterparty or its counsel to attempt to resolve such objection. If an Assignment Objection or Cure Objection is timely filed by the Contract Objection Deadline and cannot be resolved, a hearing will be held (i) on the date scheduled by the Court by separate order to consider a Restructuring Transaction (*e.g.*, a sale hearing or confirmation hearing) (a "Transaction Hearing"), or (ii) on such other date subsequent to a Transaction Hearing as the Court may designate prior to, during, or after the Transaction Hearing (a "Contract Hearing") before the Bankruptcy Court to consider the objection.

**If no Assumption/Assignment Objections or Cure Objections are filed or received with respect to any Potential Assumed/Assigned Contracts identified on the Cure Schedule, then the Cure Amounts set forth in the Cure Schedule for such Potential Assumed/Assigned Contract will be binding upon the non-debtor counterparty to such Potential Assumed/Assigned Contract for all purposes and will constitute a final determination of the Cure Amounts required to be paid by the applicable Debtors in connection with the assumption, assumption and assignment, and/or transfer of such Potential Assumed/Assigned Contract.**

In addition, all Contract Counterparties to the Potential Assumed/Assigned Contracts who fail to file an Assumption/Assignment Objection or Cure Objection before the Contract Objection Deadline, will be (i) forever barred from objecting to the Cure Amounts with respect to the Potential Assumed/Assigned Contracts, and any and all parties to a Restructuring Transaction will be entitled to rely solely upon the Cure Amounts set forth in the Cure Schedule; (ii) deemed to have consented to the assumption, assumption and assignment, or transfer (subject only to the Contract Counterparty's right to seek adequate assurance of future performance from the applicable party to the relevant Restructuring Transaction in accordance with any Court order); and (iii) forever barred and estopped from asserting or claiming against any party that any additional amounts are due or other defaults exist, that conditions to assumption, assumption and assignment, or transfer must be satisfied or that there is any other objection or defense to the assumptions or assignment or transfer of the applicable Potential Assumed/Assigned Contracts, subject only to the right to seek adequate assurance of future performance in accordance with separate procedures established with respect to a Restructuring Transaction.

Any Contract Counterparty may dispute inclusion of its Potential Assumed/Assigned Contracts on an Additional Cure Notice and/or the associated Cure Amounts by contacting the Debtors (by e-mail to AmyrisContracts@stretto.com or calling 888-855-0485 or 1-303-276-0309), to attempt to consensually resolve such dispute without the need for a formal objection. Objections from any Contract Counterparty to a proposed Cure Amount listed on an Additional Cure Notice (an "Additional Cure Objection") and/or any other objections to the assumption, assumption and assignment, and/or transfer of any of the Potential Assumed/Assigned Contracts listed on an Additional Cure Notice (an "Additional Assumption/Assignment Objection" and, together with an Additional Cure Objection, an "Additional Contract Objection") must: (i) be made in writing and filed on the docket by the later of (a) the Contract Objection Deadline and (b) fourteen (14) calendar days after the Debtors file and serve the Additional Cure Notice (as applicable, the "Additional Contract Objection Deadline"); (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged by such Contract Counterparty, and include contact information for such Contract Counterparty; (iii) comply with the Bankruptcy Code, the

Bankruptcy Rules, and the Local Bankruptcy Rules; and (iv) be served upon the Notice Parties so as to be **actually received** on or before the Additional Contract Objection Deadline. Any Additional Cure Notice shall provide that Additional Contract Objections will be resolved at a hearing to be held by the Court (i) on or before seven (7) calendar days from the timely filing of the Additional Contract Objection; (ii) at a Contract Hearing; or (iii) such other date designated by the Court.

**Service of the Contract Notices shall not constitute an admission that a Potential Assumed/Assigned Contract is an executory contract or unexpired lease under section 365 of the Bankruptcy Code and shall not require the Debtors to assume, assume and assign, or transfer such Potential Assumed/Assigned Contract.**

# **<u>EXHIBIT 2</u>**

## **Contract and Lease Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**NOTICE OF POTENTIAL ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On August 9, 2023 and August 21, 2023, as applicable (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 11, 2023 and August 23, 2023, as applicable, the United States Bankruptcy Court for the District of Delaware (the "Court") entered orders authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).[2]

On [●], 2023, the Court entered an order (the "Contract and Lease Procedures Order") authorizing the Debtors to establish procedures related to the assumption, assumption and assignment, and/or transfer of executory contracts and unexpired leases in connection with a sale of the Debtors' assets (including, but not limited to, a sale governed by the Brand Asset Bid Procedures Order[3] but excluding any sale governed by the Non-Operating Brand Procedures Order[4]) or a plan of reorganization (each, a "Restructuring Transaction") approved by the Court (the "Contract and Lease Procedures").

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion for an Order (A) Approving Procedures Related to the Assumption, Assumption and Assignment, or Transfer of Executory Contracts And Unexpired Leases; And (B) Granting Related Relief [Docket No. 317] (the "Contract and Lease Procedures Motion").

[3]  Order (A) Approving Bid Procedures for the Sale of the Debtors' Brand Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry Into Any Potential Stalking Horse Agreements; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief [Docket No. ●] (the "Brand Asset Bid Procedures Order").

[4]  Order (I) Establishing Procedures Governing the Sale or Transfer of Certain De Minimis Assets and Non-Operating Brands, and (II) Granting Related Relief [Docket No. 205].

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU ARE A PARTY TO ONE OR MORE OF THE CONTRACTS OR LEASES REFERRED TO HEREIN.**

**POTENTIAL ASSUMED/ASSIGNED CONTRACTS[5]**

Attached as Schedule A is a schedule of all Potential Assumed/Assigned Contracts (the "Cure Schedule") that may be assumed, assumed and assigned, and/or transferred, as applicable, by the Debtors in connection with any Restructuring Transaction, listing the counterparties to such contracts (the "Contract Counterparties") and the amount, if any, proposed to be paid to cure any monetary defaults under the Potential Assumed/Assigned Contracts pursuant to section 365 of the Bankruptcy Code (the "Cure Amounts").[6] **The inclusion of a document on the Cure Schedule is not a commitment that such Potential Assumed/Assigned Contract will, in fact, be assumed by the Debtors, assumed by the Debtors and assigned to a third party, or otherwise transferred by the Debtors to a third party, including in connection with any Restructuring Transaction. The identification of any executory contract or unexpired lease as one that, in connection with a Restructuring Transaction, will, in fact, be assumed by the Debtors, assumed by the Debtors and assigned to a third party, or otherwise transferred to a third party will be governed by separate Court-ordered procedures specific to such Restructuring Transaction (*e.g.* the Brand Asset Bid Procedures Order).**

IF YOU AGREE WITH THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) AND/OR PROPOSED CURE AMOUNTS LISTED IN **SCHEDULE A** WITH RESPECT TO YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S), YOU ARE NOT REQUIRED TO TAKE ANY FURTHER ACTION.

IF YOU DISPUTE INCLUSION OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) ON THE CURE SCHEDULE AND/OR THE CURE AMOUNTS, PLEASE CONTACT THE DEBTORS (BY E-MAIL TO AMYRISCONTRACTS@STRETTO.COM OR CALLING 888-855-0485 OR 1-303-276-0309), TO ATTEMPT TO CONSENSUALLY RESOLVE SUCH DISPUTE WITHOUT THE NEED FOR A FORMAL OBJECTION, **PROVIDED THAT YOU CONTACT THE DEBTORS ON OR PRIOR TO NOVEMBER 3, 2023.** IF YOU DISAGREE WITH THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) AND/OR THE PROPOSED CURE AMOUNTS LISTED IN **SCHEDULE A** WITH RESPECT TO YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) AND ARE UNABLE TO CONSENSUALLY RESOLVE YOUR DISAGREEMENT WITH THE DEBTORS, YOU MUST OBJECT TO THE PROPOSED CURE AMOUNTS NO LATER THAN **NOVEMBER 7, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME)** (the "Contract Objection Deadline").

Objections to a proposed Cure Amount with respect to any Potential Assumed/Assigned Contracts (a "Cure Objection") must be: (i) made in writing and filed on the docket for the Chapter

---

[5] The presence of any contract or lease on Exhibit A hereto does not constitute an admission that such contract or lease is an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or that such contract or lease will be assumed and/or assigned by the Debtors.

[6] For avoidance of doubt, the Debtors reserve all rights to remove any executory contract or unexpired lease from the Cure Schedule prior to closing of any Restructuring Transaction(s).

11 Cases no later than the Contract Objection Deadline; (ii) state the basis of such Cure Objection with specificity, including, without limitation, the Cure Amount alleged to be due to such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iv) be served on the following, so as to be actually received by them on or before the Contract Objection Deadline (collectively, the "Notice Parties"):

i. counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra I. Grassgreen (dgrassgreen@pszjlaw.com) and Maxim B. Litvak (mlitvak@pszjlaw.com);

ii. counsel to the DIP Lenders and the DIP Agent (collectively, the "DIP Secured Parties") and the Foris Prepetition Secured Lenders (together with the DIP Secured Parties, the "Secured Parties"), (a) Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), Alexander J. Nicas, Esq. (anicas@goodwinlaw.com), and Debora Hoehne, Esq. (dhoehne@goodwinlaw.com); and (b) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com);

iii. counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095; Attn: Gregory Pesce, Esq. (gregory.pesce@whitecase.com), O'Neill, Esq. (aoneill@whitecase.com), and John Ramirez, Esq. (john.ramirez@whitecase.com); local counsel to the Committee, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801; Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com), Katelin A. Morales, Esq. (kmorales@potteranderson.com), Sameen Rizvi, Esq.(srizvi@potteranderson.com);

iv. counsel for the Ad Hoc Noteholder Group, (a) Paul Hastings LLP, 1999 Avenue of the Stars, Twenty-Seventh Floor, Century City, CA 90067, Attn.: Frank Merola, Esq. (frankmerola@paulhastings.com); (b) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn.: John F. Storz, Esq. (johnstorz@paulhastings.com); and (c) Blank Rome, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn.: Stanley B. Tarr, Esq. (stanley.tarr@blankrome.com); and

v. the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: John Schanne (John.Schanne@usdoj.gov).

Any other objections to the assumption, assumption and assignment, or transfer of any of the Potential Assumed/Assigned Contracts (an "Assumption/Assignment Objection") (other than on the basis of the Cure Amount) must: (i) be made in writing and filed on the docket for the Chapter 11 Cases no later than the Contract Objection Deadline; (ii) state the basis of such Assignment Objection with specificity and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); (iii) comply with the

3

Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iv) be served on the Notice Parties so as to be actually received by such parties on or before the Contract Objection Deadline.

If you file a Cure Objection or Assumption/Assignment Objection satisfying the requirements herein, the Debtors will confer with you in good faith to attempt to resolve any such Cure Objection or Assumption/Assignment Objection without Bankruptcy Court intervention. If the applicable parties determine that the Cure Objection or Assumption/Assignment Objection cannot be resolved without judicial intervention in a timely manner, the Bankruptcy Court shall resolve such objections (i) at a hearing with respect to a Restructuring Transaction scheduled by the Court by separate order (*e.g.* a sale hearing or confirmation hearing) (a "Transaction Hearing") or (ii) on such other date subsequent to a Transaction Hearing as the Court may designate prior to, during, or after the Transaction Hearing (a "Contract Hearing") before the Bankruptcy Court to consider the objection.

If the Debtors identify additional executory contracts or unexpired leases that they wish to add to or remove from the Cure Schedule (each an "Additional Contract"), the Debtors shall, as soon as practicable after making such a determination, send an Additional Cure Notice to the applicable Contract Counterparties to such Additional Contracts. To the extent an executory contract or unexpired lease is not assumed, assumed and assigned, or transferred in connection with a Restructuring Transaction, the Debtors may, in their sole discretion, reject such an executory contract or unexpired lease to the extent permitted by law following the Closing.

Any Contract Counterparty may dispute inclusion of its Potential Assumed/Assigned Contracts on an Additional Cure Notice and/or the associated Cure Amounts by contacting the Debtors (by e-mail to AmyrisContracts@stretto.com or calling 888-855-0485 or 1-303-276-0309), to attempt to consensually resolve such dispute without the need for a formal objection. Objections from any Contract Counterparty to an Additional Contract (an "Additional Contract Objection") must: (i) be made in writing and filed on the docket by the later of (a) the Contract Objection Deadline and (b) fourteen (14) calendar days after the Debtors file and serve the Additional Cure Notice (as applicable, the "Additional Contract Objection Deadline"); (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged by such Contract Counterparty, and include contact information for such Contract Counterparty; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (iv) be served upon the Notice Parties so as to be actually received by them on or before the Additional Contract Objection Deadline.

If a timely Additional Contract Objection is filed, and cannot be resolved consensually, the Bankruptcy Court shall resolve such Additional Potential Assignment Objection at a hearing to be held (i) on or before seven (7) calendar days from the timely filing of the Additional Potential Assignment Objection; (ii) at the relevant Transaction Hearing; or (iii) such other date designated by the Court.

**IF YOU FAIL TO TIMELY FILE AND PROPERLY SERVE A CURE OBJECTION OR ASSUMPTION/ASSIGNMENT OBJECTION AS PROVIDED HEREIN (I) YOU WILL BE DEEMED TO HAVE FOREVER WAIVED AND RELEASED ANY RIGHT TO ASSERT A CURE OBJECTION, ASSUMPTION/ASSIGNMENT OBJECTION, OR ADDITIONAL CONTRACT OBJECTION, AS APPLICABLE, AND TO HAVE**

**OTHERWISE CONSENTED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, OF THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, SUCH POTENTIAL ASSUMED/ASSIGNED CONTRACT OR ADDITIONAL CONTRACT, AS APPLICABLE, ON THE TERMS SET FORTH IN THIS CURE NOTICE AND THE RELEVANT RESTRUCTURING TRANSACTION DOCUMENTS, (II) YOU WILL HAVE CONSENTED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT OF, OR SALE AND TRANSFER OF, THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, ITS POTENTIAL ASSUMED/ASSIGNED CONTRACT, AS THE CASE MAY BE, WITHOUT THE NECESSITY OF OBTAINING ANY FURTHER ORDER OF THE BANKRUPTCY COURT, AND (III) YOU WILL BE BARRED AND ESTOPPED FOREVER FROM ASSERTING OR CLAIMING AGAINST ANY PARTY THAT ANY ADDITIONAL CURE AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, MUST BE SATISFIED, UNDER SUCH POTENTIAL ASSUMED/ASSIGNED CONTRACT.**

The Debtors' assumption, assumption and assignment, or sale and transfer, of a Potential Assumed/Assigned Contract is subject to approval by the Bankruptcy Court and consummation of the closing of a Restructuring Transaction. The inclusion of any document on the list of Potential Assumed/Assigned Contracts shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

The dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket available at https://cases.stretto.com/amyris/.

This Notice is subject to the full terms and conditions of the Contract and Lease Procedures and Contract and Lease Procedures Order, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

5

# SCHEDULE A

Cure Schedule

| No. | Contract Counterparty | Contract/Lease Debtor Party | Contract/Lease Title | Date of Contract/Lease | Cure Amount |
|---|---|---|---|---|---|
| 1. | [X] | [X] | [X] | [X] | $[X] |