**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | Chapter 11 |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-11131 (TMH) |
| | ) | |
| AMYRIS, INC. et al, | ) | (Jointly Administered) |
| | ) | |
| Debtors.[1] | ) | **Ref. Docket No. 334** |
| | ) | |
| | ) | |

**STATEMENT OF AD HOC CROSS-HOLDER GROUP IN
SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' APPLICATION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF
JEFFERIES LLC AS INVESTMENT BANKER PURSUANT TO
11 U.S.C. §§ 328(a) AND 1103(a), EFFECTIVE AS OF SEPTEMBER 1, 2023
AND (II) WAIVING CERTAIN TIME-KEEPING REQUIREMENTS**

The ad hoc group (the "Ad Hoc Cross-Holder Group") of certain unaffiliated (a) holders of notes or other indebtedness issued under that certain Indenture, dated as of November 15, 2021 pursuant to which Amyris, Inc. issued certain 1.50% Convertible Senior Notes Due 2026 and/or (b) shareholders of Amyris, Inc., as identified on that certain *Verified Statement of Ad Hoc Cross-Holder Group Pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure* [Docket No. 397], as the same may be amended or supplemented from time to time, by and through its undersigned proposed counsel, hereby submits this Statement in Support of the *Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC As Investment Banker Pursuant to 11 U.S.C. § 328(a) and 1103(a), Effective As of September 1, 2023 and (II) Waiving Certain*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*Time-Keeping Requirements* [Docket No. 334] (the "Application") filed by the Official Committee of Unsecured Creditors appointed in the above-captioned cases (the "Committee").[2]

1.  An independent investment banker that is not under the thumb of Debtors controlled by an insider DIP Lender and prepetition lender is essential to the success of these chapter 11 cases. The Ad Hoc Cross-Holder Group supports the Committee's selection of Jefferies to take on this role. There is no dispute that Jefferies has extensive and relevant restructuring and industry experience and is well qualified to serve as investment banker. Further and importantly, the circumstances surrounding the chapter 11 filing, Mr. John Doerr and his affiliates' control of the Debtors and their multiple roles in these cases, the originally proposed plan/sale toggle structure, the sale of the consumer businesses, and the significant questions regarding the Debtors' prepetition conduct *all* require that the Committee be afforded the adequate tools and support necessary to carry out its fiduciary duties—including Jefferies' expertise. Jefferies' involvement will be critical to preserving the integrity of the process and maximizing value for stakeholders in these chapter 11 cases.

2.  *First*, questions of present, future and distributable value are at the core of these chapter 11 cases. All parties in interest recognize that the Debtors' cutting-edge technology is transformative and presents significant opportunities.[3] However, the Ad Hoc Cross-Holder Group is concerned that the Debtors' insiders—which are providing the DIP Facility and provided financing prepetition—are seeking to usurp that value and dictate an exit strategy to the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

[3] Various counterparties are either seeking to protect intellectual property and licensing agreements with the Debtors from being publicly disclosed or seeking access to such information. In both circumstances, the importance of the intellectual property and the Debtors' processes are unquestioned.

detriment of other stakeholders.[4] It is therefore critical that the Committee have all the tools necessary and appropriate for it to acquit its fiduciary duties—and that includes an independent investment banker that will assist the Committee with exploring all value-maximizing alternatives for the enterprise and provide alternative views of value, on which third parties and this Court can rely.

3.      *Second*, the Ad Hoc Cross-Holder Group understands that Jefferies has already had a positive impact on the sale process for the consumer brands.  Jefferies has brought, and will continue to bring, its network of potentially-interested parties to enlarge the field of prospective purchasers.  Jefferies's expertise and knowledge, combined with Intrepid's, will only enhance what will hopefully be a robust and competitive sale process of these valuable businesses.

4.      *Third*, Jefferies is in the unique position to provide necessary litigation support to the Committee.  The Ad Hoc Cross-Holder Group has significant concerns with (i) how the Debtors managed their business operations prepetition; (ii) the apparent lack of appropriate corporate governance at critical junctures prepetition; and (iii) the Debtors' prepetition efforts to raise capital, including accessing (or the Debtors' failure to access) the capital markets.[5]  The fact that the *prepetition secured debt was exclusively issued to insiders on the Debtors' board* and that prepetition equity appears to have been issued to insiders on the Debtors' board without offering the same to other investors, is telling and begs a truly independent investigation into

---

[4] Hours before filing this Statement, the Debtors filed a *Joint Chapter 11 Plan of Reorganization of Amyris Inc. and its Affiliated Debtors* [Dkt No. 523] (the "Plan").  Based on a summary review, the proposed Plan as structured further validates these concerns.

[5] For example, it appears the Debtors spent $65 million as part of a "capped call" in connection with the issuance of the convertible notes in order to increase the conversion price without any cogent explanation of the economics or process undertaken to make such an expenditure.  Jefferies' expertise investigating such a transaction is critical.

3

how the Debtors were functioning and financed the businesses.[6]

5. The Debtors will no doubt assert that the "independent investigation" now underway at the direction of M. Freddie Reiss is an appropriate substitute for the Committee and its professionals investigating the Debtors and their insiders. Not so. Mr. Reiss—who was hand picked by the Board of Directors of Amyris, Inc., which Mr. Doerr has dominated for over a decade—was appointed as of the Petition Date and his work—assuming it has even commenced—is not yet complete as far as the Ad Hoc Cross-Holder Group is aware. In light of this record, there is no reason to believe that Mr. Reiss—or, for that matter, any other member of Amyris, Inc.'s Board of Directors—is capable of completing an "investigation" on which stakeholders or the Court can expect to rely.[7] The fact that the Debtors and Mr. Doerr are now objecting to the Jefferies retention is all the more telling about the lengths the Debtors and their controlling insiders will go to prevent the Committee from initiating a true third party investigation.

6. These cases are complex. They involve cutting edge science, technology, and worldwide operations that, while challenging to quantify, clearly have real and significant tangible present and future value to the committed stakeholders, including current equity holders. Jefferies's involvement can further the goal of developing a successful exit plan to ensure a viable and well-capitalized entity emerges.

7. For the above reasons and the reasons set forth in the Application, the Ad Hoc Cross Holder Group respectfully asks that the Court enter an order (i) granting the Application,

---

[6] The Debtors' publicly disclosed financial statements show that the Debtors were serial issuers of debt and stock to insiders.

[7] If anything, the Debtors could save costs by suspending the tainted and belated "independent" investigation. The facts and circumstances of these cases more likely warrant the appointment of an examiner. The Ad Hoc Cross-Holder Group reserves all rights to (a) seek the appointment of an examiner (which is mandatory here under section 1104 of the Bankruptcy Code) and (b) challenge the purported "independent" investigation paid for by the estates and creditors, including by seeking to suspend it.

(ii) overruling the objections of the Debtors and Foris, and (iii) granting such other and further relief as the Court deems proper.

| | |
|---|---|
| Dated: October 13, 2023<br>Wilmington, Delaware | **WOMBLE BOND DICKINSON (US) LLP**<br><br>*/s/ Morgan L. Patterson*<br>Matthew P. Ward (DE Bar No. 4471)<br>Morgan L. Patterson (DE Bar No. 5388)<br>1313 North Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330<br>Email: matthew.ward@wbd-us.com<br>Email: morgan.patterson@wbd-us.com<br><br>-and-<br><br>**ARENTFOX SCHIFF LLP**<br><br>*/s/ Andrew I. Silfen*<br>Andrew I. Silfen<br>Beth N. Brownstein<br>1301 Avenue of the Americas, 42nd Floor<br>New York, New York 10019<br>Telephone: (212) 484-3900<br>Facsimile: (212) 484-3990<br>Email: andrew.silfen@afslaw.com<br>Email: beth.brownstein@afslaw.com<br><br>-and-<br><br>**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**<br><br>*/s/ Eric J. Silver*<br>Eric J. Silver<br>150 West Flagler Street, Suite 2200<br>Miami, Florida 33130<br>Telephone: (305) 789-4175<br>Facsimile: (305) 789-2688<br>Email: esilver@stearnsweaver.com<br><br>*Counsel to the Ad Hoc Cross-Holder Group* |