# **EXHIBIT C**

## **Southland Transcript Excerpt**

AMERICAS 125313499

```
                    UNITED STATES BANKRUPTCY COURT
                         DISTRICT OF DELAWARE

                                    .    Chapter 11
IN RE:                              .
                                    .    Case No. 20-10158 (KBO)
SOUTHLAND ROYALTY COMPANY LLC,      .
                                    .    Courtroom No. 1
                                    .    824 North Market Street
                                    .    Wilmington, Delaware 19801
                                    .
                    Debtors.        .    May 8, 2020
. . . . . . . . . . . . . . . . .        3:30 P.M.

                  TRANSCRIPT OF TELEPHONIC HEARING
                BEFORE THE HONORABLE KAREN B. OWENS
                   UNITED STATES BANKRUPTCY JUDGE

TELEPHONIC APPEARANCES:

For the Debtors:         M. Blake Cleary, Esquire
                         Sean M. Beach, Esquire
                         Elizabeth S. Justison, Esquire
                         YOUNG CONAWAY STARGATT & TAYLOR LLP
                         Rodney Square
                         1000 North King Street
                         Wilmington, Delaware 19801

                         - and -

                         C. Luckey McDowell, Esquire
                         Ian E. Roberts, Esquire
                         SHEARMAN & STERLING LLP
                         2828 N. Harwood Street, Suite 1800
                         Dallas, Texas 75201


Audio Operator:          Al Lugano

Transcription Company:   Reliable
                         1007 N. Orange Street
                         Wilmington, Delaware 19801
                         (302)654-8080
                         Email: gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.
```

1           THE COURT:  Okay.  Thank you.

2           Well, I very much appreciate the time of the
3  witnesses today and, of course, the presentations of the
4  parties.  I also appreciate the perhaps uncomfortable
5  position that Mr. Bifferato is in, as I know from private
6  practice, that no professional likes to object to
7  compensation and retention issues.

8           But upon consideration of all of the issues, I am
9  going to overrule the objection of the agents and enter the
10 retention orders, either as been presented with respect to
11 Jefferies or as will be revised in accordance with the
12 agreement between the committee and the debtors as reflected
13 or as discussed on the record today.

14          I am just simply not persuaded by the arguments
15 today (indiscernible) the retention of the committee's
16 professionals, as has been suggested for a number of reasons.
17 The first is, of course, that the debtors voluntarily sought
18 the protections of this Court and the Code and under the
19 Code, the committee was formed and it now owes fiduciary
20 duties to it constituents.

21          And in its business judgment the committee has
22 determined that it requires the aid of two financial advisors
23 to accomplish those tasks and to fulfill their duties.  And
24 uncertainty, as the record showed, played a part in that
25 decision-making and such uncertainty has clearly only

1 worsened.

2         I find that that judgment is reasonable, based on
3 the circumstances of these proceedings and the evidence
4 presented and I feel that the advisors will be performing two
5 different functions.  They understand the need to avoid
6 duplication and they have taken steps to avoid it.

7         There's no evidence of a compensation structure,
8 as proposed, is unreasonable when compared to other similar
9 engagements and there's no -- there's mechanisms for review
10 of the fees and expenses, should duplication occur and the
11 other unreasonable fees and expenses be incurred.

12         I think it's critical, I feel that the members of
13 the committee understand, based on the declarations and the
14 testimony today, but more so in the declarations that were
15 submitted into evidence, that they understood that their
16 professionals and all professionals need to increase the
17 recoveries for unsecured creditors' costs when they made the
18 retention decisions and, quite frankly, committee costs
19 should not come as a surprise to lenders or any others who
20 frequently practice before the Bankruptcy Courts.

21         I, of course, do take pause that Jefferies will be
22 incurring a monthly fee while the Wamsutter sales process is
23 on pause.  That, perhaps, gives me the most pause, but I have
24 no evidence that Jefferies will not be working during that
25 time and, actually, there was testimony that the work is

1 possible -- that work is possible during the pause on the
2 sales process.
3     And there's been no modified compensation
4 arrangement that's been presented to me with respect to the
5 debtors' own investment banker and there is a Section 330
6 review for the U.S. Trustee (indiscernible) Jefferies'
7 application, as well as other professionals' applications is
8 necessary to be utilized and I would think that collecting a
9 fee for performing no work would be a basis for a good faith
10 objection.  I make no comment as to what the outcome of that
11 objection would be.
12     Admittedly, I struggle with these types of
13 retention and compensation issues.  I find them extremely
14 tricky, because I do believe that the Court and professionals
15 should always be mindful and work to manage fees and expenses
16 incurred in cases so that they do not become unreasonable
17 either on an individual basis or a collective basis, but I
18 have always believed and continue to believe that most
19 professionals act responsibly to manage the incurrence of
20 their fees and expenses during cases as circumstances and
21 outcomes shift and changes for stakeholders occur, and I
22 expect that the same will occur here as the cases progress.
23     And I, of course, expect all professionals in
24 these cases do the same, but for the reasons I just set
25 forth, I will not deny the committee's retention applications

1  today.

2  So, when do you anticipate that you would like
3  to -- well, let me rephrase.

4  Do I have the Jefferies order in front of me, at
5  least, that I can enter following the conclusion of today's
6  hearing or am I waiting on both sets of orders?

7  MR. GRILLO: Your Honor, I think there are two
8  orders. The Conway order, I know it needs to be modified,
9  obviously, to reflect the change that was presented today.

10  I think the Jefferies order is not subject to any
11  amendment. I'm just checking with Mr. Alaniz to make sure.

12  MR. ALANIZ: That's correct on the screen.

13  MR. GRILLO: Okay. So, the Jefferies order should
14  be good and we'll follow, making the change that has been
15  agreed upon with the debtor to the Conway MacKenzie order.

16  THE COURT: Okay. So, I will go ahead and enter
17  the Jefferies retention order, following the conclusion of
18  today's hearing and I'll wait to receive the Conway MacKenzie
19  revised order under certification of counsel at some point in
20  the near future.

21  Is there anything else that we should be
22  addressing at today's hearing or can we call it adjourned?

23  MR. GRILLO: Only that this turned out to be, from
24  a technological perspective, more successful than I had
25  originally feared. So, I want to thank the Court for its

61

1  accommodation.
2              THE COURT: Not a problem. I concluded a seven-
3  hour Zoom evidentiary hearing yesterday and this one went
4  much more smoothly probably because people's phones and iPads
5  are not dying from a loss of battery use from the extended
6  time that we were all using them. So, this one went much
7  better.
8              So, thank you all for participating. I appreciate
9  all the accommodations that you clearly gave each other for
10 getting here today and let's consider this hearing adjourned
11 and we can all leave our virtual meetings and sign off.
12             Everyone have a great evening.
13             COUNSEL: Thank you, Your Honor.
14        (Proceedings concluded at 4:54 p.m.)
15
16
17
18                           CERTIFICATE
19
20 I certify that the foregoing is a correct transcript from the
21 electronic sound recording of the proceedings in the above-
22 entitled matter.
23
   /s/Mary Zajaczkowski                    May 15, 2020
24 Mary Zajaczkowski, CET**D-531
25