IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**DECLARATION OF RICHARD M. PACHULSKI IN SUPPORT OF
MOTION TO CONTINUE HEARING ON APPLICATION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I)
AUTHORIZING THE RETENTION AND EMPLOYMENT OF JEFFERIES LLC AS
INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a)**

I, Richard M. Pachulski, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am an attorney licensed to practice law in the State of California, and I am a partner and founder of the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), counsel to the above-captioned Debtors. In August 2023 the Court entered an order approving me to represent the Debtors *pro hac vice*.

2. This Declaration is being submitted in support of the *Motion to Continue Hearing on Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(A) and 1103(A)*.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

3. On September 20, 2023 the Official Committee of Unsecured Creditors of the above-captioned Debtors (the 'OCC') filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. Sections 328(a) and 1103(a), Effective as of September 1, 2023 and (II) Waiving Certain Time-Keeping Requirements* [D.I. 334] (the "Application or The Jefferies Application").

4. As part of the Jefferies Application the OCC included the Declaration of Leon Szlezinger in support of the Jefferies Application (the "Original Declaration").

5. On September 30, 2023 the OCC filed the First Supplemental Declaration of Leon Szlezinger in support of the Jefferies Application [D.I. 405] (the "First Supplemental Declaration").

6. On October 4, 2023 the Debtors filed the *Debtors' Objection to Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant To 11 U.S.C. Sections 328 (a) and Section 1103(a)* [D.I. 446] (the "Debtors' Objection"). The Debtors' Objection responded to the contents of the Application, the Original Declaration and the First Supplemental Declaration. Nothing in those three pleadings mentioned anything about work performed in 2023 by Jefferies for Amyris, Inc. ("Amyris") or for any of the other Debtors.

7. On Friday, October 6, 2023 I learned that Jefferies was requested by the prior Amyris CEO in May 2023 to prepare a valuation analysis relating to the transaction certain Debtors entered into with Givaudan SA in April 2023 (the "Givaudan Valuation Analysis"). The

Givaudan Valuation Analysis was provided by Jefferies to Amyris in May 2023, and thereafter was presented to the Amyris Board on May 17, 2023. On the morning of Saturday, October 7, 2023, I contacted Greg Pesce, counsel to the OCC, to inform him that the Jefferies Application failed to disclose the Jefferies' work for the Debtors in May 2023, with the Jefferies work for the Debtors possibly being a disabling conflict.

8.  On October 10, 2023 the OCC filed the Second Supplemental Declaration of Leon Szlezinger in support of the Application [D.I. 496] (the "Second Supplemental Declaration"). Among other things, the Second Supplemental Declaration, for the first time, described the work Jefferies performed for the Debtors regarding the Givaudan Valuation Analysis and further:

   A. Downplayed the significance of the Givaudan Valuation Analysis and provided that the analysis was presented to the Debtors' Board in July 2023 as part of an interview process set up by the Debtors as a potential investment banker to the Debtors. The Second Supplemental Declaration was wrong in that the Givaudan Valuation Analysis was presented to the Amyris Board in May 2023 when the Debtors were not even considering the filing of a chapter 11 case or retaining an investment banker as part of a financial restructuring;

   B. Disclosed that Jefferies executed an NDA before undertaking the assignment to prepare a Givaudan Valuation Analysis; and

   C. Disclosed that Jefferies 'received limited financial information regarding the Debtors as part of the Givaudan Valuation Analysis.

9.  After I reviewed the Second Supplemental Declaration I advised OCC counsel that the Second Supplemental Declaration was incorrect in that the Givaudan Valuation Analysis was presented to the Amyris Board prior to July 2023. In response the OCC filed the Amended Second Supplemental Declaration Of Leon Szlezinger in support of the Jefferies Application

[D.I. 496] (the "Amended Second Supplemental Declaration"), wherein Mr. Szlezinger stated that the Givaudan Valuation Analysis was provided to the Amyris Board in May 2023. I never informed OCC counsel when the Givaudan Valuation Analysis was presented to the Amyris Board, so I have no idea how Mr. Szlezinger correctly came to the understanding that the Amyris Board received the Givaudan Valuation Analysis in May 2023.

10. In the evening of October 10, I e-mailed OCC counsel to ask if the OCC would agree to continue the Application to enable the Debtors to evaluate the significance and the background surrounding Jefferies involvement in providing the Givaudan Valuation Analysis to the Amyris Board in May 2023. On the morning of October 11, OCC's counsel advised me by e-mail that the OCC opposed any continuance of the Application.

11. On October 12, 2023 Mr. O'Neill of PSZJ made a similar continuance request since the Debtors decided to file a motion to shorten time for the Court to hear a motion to continue the hearing on the Application scheduled for October 18. The OCC agreed to the motion to shorten time but opposes the motion to continue. The Debtors believe that in light of Jefferies failure to disclose in the original Application the relationship between Jefferies and the Debtors in May 2023 that resulted in Jefferies providing the Debtors with the Givaudan Valuation Analysis, the Debtors should be provided sufficient time to, among other things:

    A.    Internally analyze the communications between the Debtors and Jefferies in May 2023, including a review of the documents provided by the Debtors to Jefferies;

    B.    Consider after concluding the internal investigation about the May 2023 relationship between the Debtors and Jefferies whether it is necessary to seek the production of documents from Jefferies relating to the Givaudan Valuation Analysis and to request and to take the deposition of the appropriate Jefferies person involved in the Givaudan valuation analysis;

      C.      Evaluate whether Jefferies is likely to be deposed in the case as a result of its preparation of the Givaudan Valuation Analysis and whether such testimony could be adverse to the Debtors' estates as a result of Jefferies potential adverse role representing the OCC as the OCC's investment banker; and

      D.      Prepare a supplemental objection to the Jefferies Application if the Debtors conclude that such a supplemental objection is appropriate.

12.    The Debtors request that the Application be continued to November 6, 2023, the next omnibus hearing date.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of October, 2023 at Los Angeles, California.

                                                            */s/ Richard M. Pachulski*
                                                            Richard M. Pachulski