IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE ZOOM HEARING WITH RESPECT TO THE DEBTORS' MOTION TO CONTINUE HEARING ON APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF JEFFERIES LLC AS INVESTMENT BANKER PURSUANT TO 11 U.S.C. §§ 328(a) AND 1103(a)**

The above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this motion to shorten time (the "Motion to Shorten"), requesting that the Court shorten the notice period and schedule a hearing via zoom regarding the *Debtors' Motion to Continue Hearing on the Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a)* (the "Motion to Continue"),[2] filed concurrently herewith. In support of the Motion to Shorten, the Debtors respectfully represent as follows:

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Shorten.

**Relief Requested**

1. By this Motion to Shorten, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors respectfully request entry of an order (the "Proposed Order"): (a) shortening notice on the Motion to Continue; (b) setting a hearing via zoom to consider the Motion to Continue before the United States Bankruptcy Court for the District of Delaware (the "Court") on October 16, 2023 at 2:00 p.m. (prevailing Eastern Time) (the "Hearing"); and (c) granting such other and further relief as the Court deems just and proper.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

**Background**

5. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

6. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") including the following: U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

7. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 18], incorporated herein by reference.[3]

**Basis for Relief**

9. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Local Rule 9006-1(e) further

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date.

10. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an *ex parte* basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *see also In re Chateaugay Corp.*, 111 B.R. 399, 407–08 (S.D.N.Y. 1990) (affirming the bankruptcy court's decision to shorten a notice period where there was no prejudice to the non-moving party and where cause was shown).

11. The exigencies justify shortening notice of the Motion to Continue, which is subject to the 14-day notice period in Local Rule 9006-1. The Debtors have filed an objection [D.I. 446] to the *Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a)* [D.I. 334] (the "Application") and Euagore, LLC and the Foris Prepetition Secured Lenders have filed a joinder [D.I. 450]. Also, as more fully described in the Motion to Continue, the Debtors recently learned of facts regarding the Application which warrant further investigation. Thus, there are prudent reasons for continuing the hearing on the *Application of the Official Committee of Unsecured Creditors for Entry of an Order (I) Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a)* [D.I. 334]. Without shortened notice, the Motion to

Continue would not be heard until after the date currently scheduled for the hearing on the Application, which would render the Motion to Continue moot. There will be no prejudice to other parties in granting the relief requested in this Motion to Shorten.

12. For these reasons, the Debtors respectfully request that the Court shorten notice of the Motion to Continue to have it heard via zoom on October 16, 2023 at 2:00 p.m. (prevailing Eastern Time).

13. Parties in interest will receive a copy of the Motion to Continue via email or overnight mail as of the filing date. A copy of the Motion to Continue is also available on the Debtors' case website at https://cases.stretto.com/amyris/. Accordingly, shortening notice for the Motion to Continue will not unduly prejudice any parties in interest.

## Compliance with Local Rule 9006-1(e)

14. Before filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee and counsel for the Committee of their intention to seek shortened notice with respect to the Motion to Continue. The U.S. Trustee and the Committee do not object to shortened notice.

## Notice

15. Notice of this Motion to Shorten will be provided by electronic mail or overnight delivery to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; and (d) any party that requests service pursuant to Bankruptcy Rule 2002. The Motion to Continue is also available on the Debtors' case website at https://cases.stretto.com/amyris/, and the Motion to Continue will also be served on the above parties by electronic mail or overnight delivery. The Debtors submit that no other or further notice need be provided.

5

**No Prior Request**

16.     No prior request for the relief sought in this Motion to Shorten has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and granting the Debtors such other and further relief as the Court deems just and proper.

Dated:  October 13, 2023                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
            dgrassgreen@pszjlaw.com
            joneill@pszjlaw.com
            jrosell@pszjlaw.com
            sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*