IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                        Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Related to Docket No. 316** |

**ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTORS' BRAND ASSETS; (B) APPROVING CERTAIN BID PROTECTIONS IN CONNECTION WITH THE DEBTORS' ENTRY INTO ANY POTENTIAL STALKING HORSE AGREEMENTS; (C) SCHEDULING THE AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order pursuant to sections 105(a), 363, 365, 503, 507, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to establish certain sales procedures which will culminate in a sale or sales of certain of the Debtors assets, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

*the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. The Debtors have articulated good and sufficient reasons for, and the best interests of their estates and stakeholders will be served by, the Court scheduling or fixing dates pursuant to this order (this "Order") for, among other things, the (i) Bid Deadline; (ii) Sale Objection Deadline; (iii) Auction; and (iv) Sale Hearing, each as defined below.

B. The Bid Procedures are fair, reasonable, and appropriate and represent the best available method for maximizing value for the benefit of the Debtors' estates.

C. It may be necessary to induce one or more third-party bidders to serve as Stalking Horse Bidders and provide Bid Protections pursuant to the terms of this Order.

D. The Bid Procedures were negotiated at arm's length, in good faith, and without collusion. The Bid Procedures balance the Debtors' interests in emerging expeditiously from these

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

Chapter 11 Cases while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtors' estates, their creditors, and other parties in interest.

E. The Bid Procedures Notice, Stalking Horse Notice, Auction Notice, and Notice of Successful Bidder are reasonably calculated to provide the Sale Notice Parties, the Contract Counterparties, and other interested parties with proper notice of the (i) Bid Procedures; (ii) Auction; (iii) Sale Hearing; and (iv) Sale(s).

F. The Motion and the Bid Procedures comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

G. Due, sufficient, and adequate notice of the relief granted herein has been given to all parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits.

3. The Bid Procedures, which are attached hereto as Exhibit 1 and incorporated herein by reference, are hereby approved in all respects and shall govern all Bidders and Bids, including those that may be submitted by Qualified Bidders at the Auction.

4. Bidders seeking to submit Bids for the Brand Assets must do so in accordance with the terms of the Bid Procedures and this Order.

5. Following entry of this Order, the Debtors shall be authorized, but not directed, in consultation with the Consultation Parties and with either the express consent of the DIP Agent and the Foris Prepetition Lenders or with further order of the Court, to select one or more Bidders to act as a stalking horse bidder (each, a "Stalking Horse Bidder"); *provided, however*, the Foris

Prepetition Secured Lenders and/or the DIP Secured Parties must provide written confirmation (email being sufficient) to the Debtors of their intent to submit a Stalking Horse Bid on or before October 30, 2023, which written confirmation must include the Contemplated Transaction Documents (as defined herein); *provided, further*, that if at such time the DIP Agent and the Foris Prepetition Secured Lenders have provided a Credit Bid (as defined below) to be a Stalking Horse Bidder they shall not have consent rights with respect to such Brand Assets that are the subject of such Credit Bid so long as such Credit Bid has not been withdrawn.

6. The Debtors are authorized, in accordance with the Bid Procedures, to grant the Bid Protections to any Stalking Horse Bidder if the Debtors determine that granting the Bid Protections is in the best interests of the Debtors' estates and stakeholders. To the extent such determination is made to grant the Bid Protections, the Debtors shall disclose such Bid Protections in the corresponding notice designating a Stalking Horse Bidder (the "Stalking Horse Notice") to be filed pursuant to the Bid Procedures, and such Bid Protections may be paid without further action or order by the Court in accordance with the Bid Procedures. For the avoidance of doubt, the Bid Protections are hereby authorized in the form of (a) a break-up fee of no more than 3.0% of the total cash consideration payable under such Stalking Horse Agreement (the "Break-Up Fee") plus (b) expense reimbursement for the Stalking Horse Bidder's actual out-of-pocket costs of up to $350,000 (the "Expense Reimbursement" and, together with the Break-Up Fee, the "Bid Protections"); *provided, however*, that the aggregate Bid Protections with respect to any Stalking Horse Bid shall not exceed 5.0% of the total cash consideration offered in any such Stalking Horse Bid. Any Bid Protections incurred by the Debtors pursuant to this Order and the Bid Procedures will be payable to the applicable Stalking Horse Bidder, in the event the Stalking Horse Bidder is not a Successful Bidder, from the proceeds of the cash portion of the Purchase Price of the

applicable Successful Bid upon Closing to the extent the Successful Bid includes the same Brand Assets as contemplated by the Stalking Horse Bid.  The Debtors shall not pay a Break-Up Fee to any Stalking Horse Bidder on account of the portion of the Purchase Price of such Bid that is a credit bid, assumption of liabilities, or other non-cash (or cash-equivalent) consideration, nor provide any Bid Protections to an insider or affiliate of the Debtors.[4]

7. As set forth in the Bid Procedures and this Order, the Debtors, in consultation with the Consultation Parties, are authorized but not directed, to designate one or more Stalking Horse Bidders no later than **November 1, 2023**.  If the Debtors, in consultation with the Consultation Parties, designate one or more Stalking Horse Bidders, the Debtors shall, by **November 1, 2023**, file the Stalking Horse Notice.  The Stalking Horse Notice, if filed, shall include (a) a copy of the Stalking Horse Agreement(s); (b) an appropriate declaration in support of the proposed Bid Protections (the "Bid Protections Declaration"); and (c) a proposed form of order approving the Bid Protections (the "Stalking Horse Order").

8. Any objection to (i) the Bid Protections set forth in the Stalking Horse Notice, or (ii) the form of Stalking Horse Order (a "Stalking Horse Objection"), shall be filed **no later than November 6, 2023 at 5:00 p.m. (prevailing Eastern Time)**; *provided*, *however*, any such Stalking Horse Objection shall be limited to whether the Stalking Horse Notice and Stalking Horse Order are consistent with the Bid Protections provided for herein.  If a timely Stalking Horse Objection is filed, the Debtors are authorized to file a notice seeking an expedited hearing with

---

[4] For the avoidance of doubt, the foregoing restriction on the provision of Bid Protections to an insider or affiliate of the Debtors neither (i) alters the DIP Secured Parties' or Foris Prepetition Lenders' rights or the Debtors' obligations pursuant to any order entered with respect to the *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 19] or the *Senior Secured Super Priority Debtor in Possession Loan Agreement dated as of August 9, 2023*, as amended; nor (ii) affects any other party's (including the Committee) rights with respect thereto.

respect to the Stalking Horse Objection on **not less than three (3) calendar days' notice.** Absent any timely Stalking Horse Objection, the Court may enter the Stalking Horse Order without further hearing.

9. The deadline for all Potential Bidders to submit a Qualified Bid (other than any of the Secured Parties' deemed Qualified Bid(s)) is **November 14, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"), as set forth in the Bid Procedures.

10. By **November 22, 2023**, the Debtors shall file a notice on the Court's docket (an "Auction Notice") providing (i) notice of the location of the Auction; and (ii) notice of whether the Debtors believe, in the exercise of their business judgment and after consultation with the Consultation Parties, that the Auction should be held in two or more parts over multiple days so as to maximize value for the estates.

11. As set forth in the Bid Procedures, if at least one Qualified Bid is received by the Bid Deadline (in addition to any of the Secured Parties' deemed Qualified Bid), the Debtors will hold the Auction beginning on **November 28, 2023 at 10:00 a.m. (prevailing Eastern Time)** in accordance with the Bid Procedures at the location designated by the Debtors in the Auction Notice.

12. On or before **December 1, 2023**, the Debtors will file with the Court and serve on the Notice Parties (as defined below) and on all non-Debtor counterparties to Transferred Contracts (as defined below) included in the Successful Bid(s), the Notice of Successful Bidder. With respect to any Sale Transaction, a filed Notice of Successful Bidder shall include, as exhibits, (a) a copy of the Purchase Agreement; (b) a copy of the proposed Sale Order; and (c) identification of

the Transferred Contracts for such Sale Transaction (which may be in the form of an exhibit or schedule to the Purchase Agreement).[5]

13. Any Contract Counterparty to a Transferred Contract that objects to a Successful Bidder's provision of additional assurance of future performance (the "<u>Adequate Assurance Objection</u>") must file such Adequate Assurance Objection on or before **December 5, 2023 at 5:00 p.m. (prevailing Eastern Time)** and serve such objection on the Notice Parties and the applicable Successful Bidder. To the extent the parties are unable to resolve an Adequate Assurance Objection, the Court will set a hearing, which may be at the Sale Hearing, on the Adequate Assurance Objection to determine whether terms of the Successful Bid are compliant with section 365 of the Bankruptcy Code in providing adequate assurance of future performance to the Contract Counterparty of the applicable Transferred Contract.

14. Any Secured Party shall be entitled to credit bid some or all of its claims pursuant to section 363(k) of the Bankruptcy Code. Any credit bid by the DIP Agent and/or the Foris Prepetition Secured Lenders shall automatically be deemed a Qualified Bid; *provided, however*, that any credit bid by the Foris Prepetition Secured Lenders shall be subject to the Challenge Period (as defined in the DIP Order).

15. Following the conclusion of the Auction, and subject to compliance with the terms of the DIP Order, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or by filing a notice on the Court's docket. At the Sale Hearing, the Debtors shall present the Successful Bid(s) to the Court for approval.

---

[5] The Debtors may, in their discretion, serve a Notice of Successful Bidder by U.S. Mail without attached copies of a Purchase Agreement and/or proposed Sale Order; *provided, however*, that any such Notice of Successful Bidder must identify where parties receiving such notice may access such documents free of charge.

16. The Debtors are hereby authorized to conduct the Sale(s) without the necessity of complying with any state or local transfer laws or requirements.

17. The Bid Procedures Notice substantially in the forms attached to this Order as Exhibit 2 is approved in all respects. Other than with respect to the Notice of Successful Bidder, no other or further notice of the Bid Procedures, the Sale Hearing, relevant objection or other deadlines, or the Sale(s) is required.

18. To be considered, any objection to the Sale(s) must: (a) comply with the Bankruptcy Rules and the Local Rules; (b) be made in writing and filed with the Court; and (c) be filed on or before **December 5, 2023 at 5:00 p.m. (prevailing Eastern Time)** (the "Sale Objection Deadline").

19. The failure of any objecting person or entity to timely file an objection prior to the Sale Objection Deadline shall be a bar to the assertion at the Sale Hearing or thereafter of any objection to the relief requested by the Debtors, or the consummation and performance of the Sale(s) of the Brand Assets to the Successful Bidder(s), including the transfer of the Brand Assets free and clear of all Encumbrances (with the same to attach to the cash proceeds of the Sale(s) to the same extent and with the same order of priority, validity, force, and effect which they previously had against the Brand Assets, subject to the rights and defenses of the Debtors and the Debtors' estates with respect thereto), and the Debtors' assumption and assignment or transfer of the Transferred Contracts to the Successful Bidder(s).

20. No Qualified Bidder or any other person or entity, other than a Stalking Horse Bidder, if any, shall be entitled to any expense reimbursement, break-up fee, termination, or other similar fee or payment in connection with the Sale(s).

21.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or 6006(d), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

23.     All persons and entities that participate in the Sale Process and/or the Auction(s) shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Bid Procedures, the Sale Process, and the Auction(s).

24.     To the extent of any inconsistences between the Bid Procedures and this Order, this Order shall govern.

25.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Bid Procedures or this Order.

**Dated: October 16th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**