**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors. [1] | (Jointly Administered) |

Hearing Date:  November 6, 2023 at 10:00 a.m. (ET)
Objection Deadline:  October 31, 2023 at 4:00 p.m. (ET)

**DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER:  (I) EXTENDING THE DEADLINE BY WHICH THE**
**DEBTORS MUST ASSUME OR REJECT UNEXPIRED LEASES OF**
**NONRESIDENTIAL REAL PROPERTY; AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**: (i) extending the time within which the Debtors may assume or reject unexpired leases of nonresidential real property (the "Unexpired Leases") by ninety (90) days, from December 7, 2023, through and including March 6, 2024; and (ii) granting related relief.  In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[2]  In further support of the Motion, the Debtors respectfully represent as follows:

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Jurisdiction and Venue**

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a) and 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

4.      On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following seven members:  (i) Cosan U.S. Inc., (ii) U.S. Bank Trust Company, National

Association as Trustee, (iii) Sartorius Stedim North America, Inc., (iv) Hearst Magazine Media, Inc., (v) Wiley Companies, (vi) Park Wynwood, LLC, and (vii) Allog Participacoes, Ltda. See Docket No. 152.

6.      Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment.  Through Amyris's cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease.  Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology.  Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.  A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

7.      In addition, Amyris also has developed and launched a family of clean beauty brands that utilize the natural and sustainable ingredients that Amyris produces. The Company sells these clean beauty products through direct-to-consumer e-commerce platforms and a network of retail partners, including Sephora, Target, and Walmart.

### The Debtors' Unexpired Leases

8.      One or more of the Debtors are or may be parties to certain Unexpired Leases of nonresidential real property that are subject to potential assumption or rejection under sections 365 or 1123 of the Bankruptcy Code.  It is necessary to preserve the Debtors' ability to assume and assign the Unexpired Leases in order to maximize value for the Debtors, their estates, and creditors.

9.      On September 15, 2023, the Court entered an order [Docket No. 300] authorizing the rejection of ten Unexpired Leases.

10.     The Debtors' decision regarding whether to assume or reject any particular Unexpired Lease depends on a number of different factors, including an assessment as to whether assumption or rejection is consistent with the Debtors' overall restructuring objectives.  The Debtors, advised by their professionals, will continue to analyze the Unexpired Leases that the Debtors may choose to assume, assume and assign, or reject prior to the deadline for assumption or rejection pursuant to section 365(d)(4) of the Bankruptcy Code.

## Relief Requested

11.     By this Motion, the Debtors request that the Court enter an order, pursuant to section 365(d)(4) of the Bankruptcy Code, extending the deadline by which the Debtors must assume or reject the Unexpired Leases by ninety (90) days, from December 7, 2023, through and including March 6, 2024.

## Basis for Relief

12.     Section 365(d)(4) of the Bankruptcy Code provides as follows:

(A)     Subject to subparagraph (B), an unexpired lease of nonresidential property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

   (i)   the date that is 120 days after the date of the order for relief; or

   (ii)  the date of the entry of an order confirming a plan.

(B)     (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.

   (ii)  If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

4

13.     Section 365(d)(4) of the Bankruptcy Code authorizes a court to extend the deadline to assume or reject unexpired nonresidential leases, prior to such deadline, "for 90 days on the motion of the trustee or lessee for cause."  11 U.S.C. § 365(d)(4)(B)(i).

14.     "Cause," as used in section 365(d)(4) of the Bankruptcy Code, is not defined by the Bankruptcy Code.  Among other things, courts have considered the following non-exhaustive factors in evaluating whether "cause" exists for purposes of section 365(d)(4) of the Bankruptcy Code:  (1) the complexity of the case facing the debtor; (2) the number of leases that the debtor must evaluate; (3) whether the debtor is paying for the use of the property; and (4) whether the debtor's continued occupation could damage the lessor beyond the compensation available to it under the Bankruptcy Code.  *See, e.g.*, *South St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471–73 (Bankr. S.D.N.Y. 1987) (citing *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105–06 (2d Cir. 1982)); *see also Legacy, Ltd. v. Channel Home Ctrs., Inc. (In re Channel Home Ctrs., Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993), *cert. denied*, 510 U.S. 865 (1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating." (citing *Wedtech*, 72 B.R. at 471–72)); *In re GST Telecom Inc.*, No. 00-1982-GMS, 2001 U.S. Dist. LEXIS 8817, at *9 (D. Del. June 8, 2001) (stating that that "equity dictates that courts can grant debtors additional time in which to decide whether to assume or reject a particular lease").

15.     Courts in this district have recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code.  *See, e.g.*, *Channel Home Ctrs.*, 989 F.2d at 687–88; *In re GST Telecom Inc.*, 2001 U.S. Dist. LEXIS 8817, at *16.  As the United States Court of Appeals for the Third Circuit

has stated, "[N]othing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs., Inc.*, 989 F.2d at 689; *see also Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n.5 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998) (noting that bankruptcy courts often grant debtors' requests for extensions).

16.     Cause exists to extend the time within which the Debtors may assume or reject the Unexpired Leases.  First, pending the Debtors' decision to assume or reject the Unexpired Leases, the Debtors intend to perform in a timely fashion all of their undisputed obligations arising from and after the Petition Date to the extent required by section 365(d)(3) of the Bankruptcy Code or orders of the Court.  As such, the Debtors' requested extension of time to assume or reject the Unexpired Leases will not prejudice or otherwise affect the substantive rights of the lessors under the Unexpired Leases.  *See, e.g.*, *In re Victoria Station Inc.*, 875 F.2d 1380, 1386 (9th Cir. 1989) ("[A]n order extending the time for a debtor to assume or reject a lease merely preserves the status quo"); *In re Bon Ton Rest. & Pastry Shop, Inc.*, 52 B.R. 850, 855 (Bankr. N.D. Ill. 1985) (concluding that a lessor who received continuing monthly rent payments was not prejudiced by an extension of the section 365(d)(4) deadline).

17.     Second, the Unexpired Leases are an important part of the Debtors' business and are valuable to the Debtors' estates.  The Unexpired Leases are integral to the Debtors' operations.

18.     The Debtors have diligently pursued their chapter 11 strategy in an efficient and timely manner.  The Debtors have focused on, among other things, stabilizing their ordinary course operations and executing their marketing and sale process postpetition.  Given the multiple other activities that have occupied the Debtors' time since the Petition Date and the sale process, the

Debtors have not had the opportunity fully to assess and complete a final assessment regarding the assumption and rejection options with respect to the Unexpired Leases.

19.     Fourth, the Debtors have been working in good faith to execute a chapter 11 strategy that maximizes stakeholder recoveries.  The Debtors and their advisors continue to work with their stakeholders, including the Committee, toward a successful outcome for the chapter 11 cases.

20.     The extension requested herein is also consistent with the extensions granted by courts in this District under similar circumstances.  *See, e.g.*, *In re Packable Holdings, LLC*, No. 22-10797 (CTG) (Bankr. D. Del. Nov. 21, 2022) (extending the deadline to assume or reject unexpired leases of nonresidential real property by 90 days); *In re Agspring Mississippi Region, LLC*, No. 21-11238 (CTG) (Bankr. D. Del. Apr. 25, 2022) (same); *In re RTI Holding Co., LLC*, No. 20-12456 (JTD) (Bankr. D. Del. Feb. 5, 2021) (granting an extension until the earlier of 90 days after the previous deadline or the date of entry of an order confirming the plan); *In re 24 Hour Fitness Worldwide, Inc.*, No. 20-11558 (KBO) (Bankr. D. Del. Oct. 13, 2020) (same); *In re VER Technologies HoldCo LLC*, No. 18 10834 (KG) (Bankr. D. Del. Aug. 14, 2018) (granting a 90-day extension); *In re GST AutoLeather, Inc.*, No. 17-12100 (LSS) (Bankr. D. Del. Jan. 19, 2018) (same); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); *In re Emerald Oil, Inc.*, No. 16-10704 (KG) (Bankr. D. Del. Aug. 4, 2016) (same); *In re Horsehead Holding Corp.*, No. 16-10287 (CSS) (Bankr. D. Del Apr. 29, 2016) (same).

21.     If the Debtors precipitously assume or reject the Unexpired Leases or are deemed to reject the Unexpired Leases by virtue of the operation of section 365(d)(4) of the Bankruptcy Code, they may forgo significant value in such Unexpired Leases.  The Debtors seek to have the maximum amount of information available when deciding whether to assume or reject the

Unexpired Leases.  Accordingly, the Debtors submit that the requested extension will provide needed time to analyze the value of the Unexpired Leases to the Debtors' estates.

22.     Moreover, there will be no prejudice to other parties as a result of the requested extension, as the Debtors will continue to perform their undisputed postpetition obligations in a timely fashion as required by the Bankruptcy Code.  As a result, the requested extension will afford the Debtors maximum flexibility in seeking to prosecute the chapter 11 cases without prejudicing the rights of the counterparties to the Unexpired Leases or any other parties.

23.     Accordingly, the Debtors submit that cause exists for the Court to extend the deadline to assume or reject the Unexpired Leases through March 6, 2024.

## Reservation of Rights

24.     Nothing contained herein is intended or shall be construed as:  (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be, and should not be construed as, an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

## Notice

25.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue,

New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com) and

Alexander J. Nicas, Esq. (anicas@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP

Agent, and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP,

Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn:

David M. Fournier, Esq. (david.fournier@troutman.com); (e) Counterparties to the Unexpired

Leases; and (f) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors

respectfully submit that no further notice is required.

WHEREFORE, the Debtors request entry of an order, substantially in the form attached

hereto, extending the Debtors' deadline to assume or reject Unexpired Leases through March

6, 2024, and for such other and further relief as this Court deems appropriate.

Dated:  October 17, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*