IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date:  November 6, 2023 at 10:00 a.m. (ET)
Objection Deadline:  October 31, 2023 at 4:00 p.m. (ET)

**DEBTORS' MOTION FOR ENTRY OF ORDER
(I) FURTHER EXTENDING THE DEADLINE BY WHICH THE DEBTORS
MAY REMOVE CERTAIN ACTIONS AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (the "Debtors" or the "Amyris") file this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order") further extending by 120 days the deadline by which the Debtors may file notices of removal from November 7, 2023 through and including March 6, 2024.  In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 18] (the "First Day Declaration"), incorporated herein by reference.[2]  In further support of the Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

dated February 29, 2012. Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 9006-2.

**Background**

**A.    General Background**

4. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following seven members: (i) Cosan U.S. Inc., (ii) U.S. Bank Trust Company, National Association as Trustee, (iii) Sartorius Stedim North America, Inc., (iv) Hearst Magazine Media, Inc., (v) Wiley Companies, (vi) Park Wynwood, LLC, and (vii) Allog Participacoes, Ltda. See Docket No. 152.

6. Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment. Through Amyris's cutting-edge science, artemisinin—the most effective anti-malarial

drug in the world—is now consistently available to treat the deadly disease. Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology. Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

7. In addition, Amyris also has developed and launched a family of clean beauty brands that utilize the natural and sustainable ingredients that Amyris produces. The Company sells these clean beauty products through direct-to-consumer e-commerce platforms and a network of retail partners, including Sephora, Target, and Walmart.

**B.    The Schedules and Statements Identify Known Litigation Matters**

8. As of the date of the filing of this Motion, the Debtors remain involved in certain pending litigation matters. The Debtors initially filed their Schedules and Statements on September 21, 2023 [Docket Nos. 335–356]. The Schedules and Statements identified, among other things, pending actions known as of the Petition Date. The Debtors may become aware of further litigation matters throughout these Chapter 11 Cases.

### Relief Requested

9. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"): (i) further extending by 120 days the deadline by which the Debtors may file notices of removal (the "Removal Deadline") from November 7, 2023 through and including March 6, 2024, without prejudice to the Debtors' ability to request additional extensions to the Removal Deadline should it become necessary to do so, and

(ii) granting related relief. The Debtors respectfully request that the proposed March 6, 2024 Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3).[3]

## Basis for Relief Requested

10. The removal of pending civil actions is governed by 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Bankruptcy Rule 9027(a)(2).

11. With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

> only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

---

[3] Under Local Rule 9006-2, the filing of this Motion before the expiration of the current Removal Deadline automatically extends the Removal Deadline until such time as the Court rules on this Motion. *See* Del. Bankr. L.R. 9006-2.

12. Under Bankruptcy Rule 9006(b), the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).

13. It is well settled, in this district and others, that the Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) ("Considered *in pari materia* with [Bankruptcy] Rule 9027, [Bankruptcy] Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code."); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that "it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing periods" of Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules").

14. The Debtors submit that ample cause exists to extend the current Removal Deadline. Throughout these Chapter 11 Cases, the Debtors and their advisors have worked

diligently to address first day matters, meet their reporting obligations, file the Schedules and Statements, negotiate a debtor in possession financing agreement, market the Debtors' assets to maximize recoveries for the Debtors' estates through a proposed sale and other efforts, maintain the viability of the Debtors' business, and ensure the continued employment of the Debtors' approximately 700 employees.

15.   Due to their focus on these activities, as of the date hereof, the Debtors have not determined whether it is appropriate to file notices of removal with respect to any pending actions. The Debtors are in the process of discussing next steps in the Chapter 11 Cases with key constituents. Such discussions will also address a strategy for whether to remove any pending actions. The Debtors therefore seek an extension of the time prescribed under Bankruptcy Rule 9027(a) from November 7, 2023 through and including March 6, 2024 to protect their rights to remove any actions if removal is deemed to be appropriate under the circumstances of these Chapter 11 Cases and the pending actions. The extension sought will afford the Debtors a reasonable period to determine whether to remove pending litigation and will ensure that the Debtors do not forfeit valuable rights under 28 U.S.C. § 1452. Further, the rights of the Debtors' adversaries in any litigation will not be prejudiced by such an extension because any party to an action that is removed may seek to have such action remanded to the state court pursuant to 28 U.S.C. § 1452(b). As a result, cause exists to extend the current Removal Deadline.

16.   The Debtors further request that the Proposed Order be without prejudice to (a) any position the Debtors may take on whether section 362 of the Bankruptcy Code stays any litigation pending against the Debtors, and (b) the rights of the Debtors to seek further extensions of the Removal Deadline during the pendency of these Chapter 11 Cases.

17. For the reasons stated above, the Debtors submit that the relief requested herein is appropriate and in their best interests, as well as in the best interests of their estates and their creditors.

## Reservation of Rights

18. Nothing contained herein is intended or shall be construed as: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## Notice

19. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com) and Alexander J. Nicas, Esq. (anicas@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com); and (e) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

| | |
|---|---|
| Dated: October 17, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | |
| | */s/ James E. O'Neill* |
| | Richard M. Pachulski (admitted *pro hac vice*) |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Jason H. Rosell (admitted *pro hac vice*) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | rpachulski@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | joneill@pszjlaw.com |
| | jrosell@pszjlaw.com |
| | sgolden@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |