**EXHIBIT A**
**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**ORDER APPROVING STIPULATED**
**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Upon consideration of the *Stipulated Confidentiality Agreement and Protective Order* attached hereto as Exhibit 1 (the "Stipulation"); and the Court having determined that sufficient cause exists to grant the relief, and after due deliberation thereon; and sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1.    The Stipulation is hereby APPROVED.

2.    The Parties to the Stipulation are authorized to take all actions necessary to effectuate the agreement reached pursuant to the Stipulation and authorized by this Order.

3.    This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc. principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

**Exhibit 1**
**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE ORDER**

This Stipulated Confidentiality Agreement and Protective Order ("Order") is entered into by and among: (a) the above-captioned debtors and debtors in possession (collectively, the "Debtors"); (b) the Official Committee of Unsecured Creditors; (c) the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders; (d) the Ad Hoc Noteholder Group;[2] and (e) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (a "Declaration"). Each of the persons or entities identified in the foregoing clauses (a) through (d) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

**Recitals**

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each a "Dispute" and, collectively, the "Disputes") arising out of or relating to the Debtors' filing of voluntary

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]    As used herein, the "Ad Hoc Noteholder Group" shall have the meaning ascribed to it in the *Amended Verified Statement of the Ad Hoc Noteholder Group Pursuant to Bankruptcy Rule 2019* [Docket No. 579].

petitions under chapter 11 of title 11 of the United States Code §§ 101-1532 (the "Bankruptcy Code") in this Court;

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, deposition notices, and other discovery requests (collectively "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Local Rules for the District of Delaware (the "Local Rules"); and

WHEREAS, certain persons or entities other than the Parties hereto[3] may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Debtors' bankruptcy cases (the "Cases").

### Stipulation and Agreed Order

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.     The Parties hereby submit this Order to the Court for approval.  The Parties shall abide by and be bound by the terms of this Order.

---

[3]     References to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," are for purposes of this Order only.  They are not intended to reflect any agreement as to whether any "Party" is or will become a "party," or any "non-Party" will not be or become a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

2

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure.

### Scope of Order

3.      This Order applies to all information, documents and things exchanged in, or subject to, discovery or provided in response to a diligence request in connection with these Cases, either by a Party or a non-Party (each a "Producing Party") to any other Party or non-Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding or entry of this Order, in response to or in connection with any Discovery Requests or diligence requests, including without limitation deposition testimony (whether based upon oral examination or written questions), interviews, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, data, information and things produced in whatever form, as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively, "Discovery Material").

4.      For the avoidance of doubt, nothing in this Order – including the fact that a party is a Party to this Order – entitles or is intended to entitle any Party or non-Party to any Discovery Material, or requires or is intended to require any Party or non-Party to produce any Discovery Material.

5.      This Order also applies to such non-Parties that are served with subpoenas or who otherwise produce information, documents, or things, or are noticed for depositions with respect to the Cases, and all such non-Parties are entitled to the protections and subject to the obligations set forth in this Order upon signing a Declaration in the form provided as **Exhibit A** and agree to be bound by the terms of this Order.

6.      Any Party or its counsel serving a subpoena which requires the production of documents or testimony upon a non-Party shall serve a copy of this Order along with such

3

subpoena (or otherwise identify how this Order may be accessed) and instruct the non-Party recipient of such subpoena that he, she, or it may designate documents or testimony in the Cases according to the provisions herein.  In the event a non-Party has already been served with a subpoena or other discovery request at the time this Order is entered by the Court, the serving Party or its counsel shall provide the service and notice of this Order required by the preceding sentence as soon as reasonably practicable after entry of this Order.

### Designating Discovery Material

7.    Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

    (a)    Confidential Material:  A Producing Party may designate Discovery Material as "Confidential" if such Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or contains nonpublic, proprietary, commercially sensitive, or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third-party to treat as confidential; or the Producing Party has in good faith been requested by another Party or non-Party to so designate on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party.

    (b)    Highly Confidential Material:  A Producing Party may designate Discovery Material as "Highly Confidential" if such Producing Party believes in good faith (or, with respect to documents received from another person, has been reasonably advised by such other person) that the Discovery Material contains "sensitive" personal data, or is of such a nature that a risk of competitive injury would be created if the Discovery Material were disclosed to persons other than those identified in Paragraph 13 of this Order, which may include certain trade secrets or sensitive financial or business information, including such material prepared by industry professionals, advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Cases, and only to the extent that the

4

Producing Party believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted.

8.     <u>Manner of Designation</u>:  Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every page "Confidential" or "Highly Confidential" as applicable.  The markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of the material that the material is "Confidential" or "Highly Confidential"; provided that inclusion of the words "Confidential" or "Highly Confidential" in the file names of any native file documents shall be deemed to comply with this requirement. Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material by imprinting "Confidential" or "Highly Confidential" as applicable on the first page of the written response.

9.     <u>Effect of Designation</u>: The designation of Discovery Material as "Confidential" or "Highly Confidential," regardless of the medium or format of such Designated Material or the method of designation as provided for herein, shall constitute a representation by the Producing Party that there is a good-faith basis for that designation.

10.     <u>Late Designation of Discovery Material</u>:  The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>").  Upon receipt of replacement copies of such Misdesignated Material with the proper

5

designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

### Use and Disclosure of Confidential or Highly Confidential Material

11.    <u>General Limitations On Use And Disclosure Of All Designated Material</u>:  All Designated Material shall be used by the Receiving Parties solely for the purposes of the Cases or Disputes and not for any other purpose, including any business, competitive, governmental, commercial, or administrative purpose or function.

12.    <u>Confidential Material</u>:  Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

> (a)    the Parties (including their respective members, managers, partners, directors, officers, employees, counsel, and agents), in each case only as necessary to assist with or make decisions with respect to the Cases; and
>
> (b)    any other persons specified in Paragraph 13 below.

13.    <u>Highly Confidential Material</u>:  Highly Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

6

(a)     Counsel (including in-house counsel) and staff working under the express direction of counsel for:

     (i)     the Parties;

     (ii)     upon written notice to and with the prior written consent (email to suffice) of the Producing Party (which shall not be unreasonably withheld), any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto; and

(b)     professionals retained under 11 U.S.C. §§ 327 or 328, or other professionals, industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Parties (or any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A**) in connection with the Cases, in each case only as necessary to assist with or make decisions with respect to the Cases;

(c)     any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)     court reporters, stenographers, or videographers who record testimony in connection with the Cases;

(e)     the Court, its officers and clerical staff in any judicial proceeding that may result from the Cases;

(f)     witnesses being questioned, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided that the witness has signed or agreed on the record to sign a Declaration in the form provided as **Exhibit A** hereto. Those witnesses or deponents who are shown Confidential or Highly Confidential Material shall not be allowed to retain copies unless such witness or deponent is otherwise entitled to retain copies pursuant to this Order;

(g)     support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any person bound by this Order—in each case, only as necessary to assist such person with respect to the Cases;

(h)    outside photocopying, graphic production, or litigation support services, as necessary for use in connection with the Cases; and

(i)    any other person or entity with respect to whom the Producing Party may consent in writing (email to suffice), provided such person or entity agrees to be bound by this Order by signifying their assent through execution of **Exhibit A** hereto.

14.    <u>Sealing of Designated Material Filed With Or Submitted To the Court</u>:  Unless otherwise agreed by the Producing Party or ordered by a court of competent jurisdiction, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules, with a version of the filing redacting or omitting the Designated Material filed publicly by the next day.

15.    <u>Use of Discovery Material in Open Court</u>:  Counsel for any Party or non-Party shall confer on such procedures as are necessary to protect the confidentiality of Confidential Material or Highly Confidential Material used in the course of any Court proceeding, and in the event counsel cannot agree on such procedures, the Producing Party bears the burden of requesting relief from the Court on an expedited basis.

**Depositions**

16.    <u>Deposition—Manner of Designation</u>:  In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be so designated, as appropriate, by:

(a)    Stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony be so designated; or

(b)    Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) or entirety of such transcript or video of a deposition thereof is so designated, except in the event that a hearing on related issues is

8

scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days, unless a shorter time is otherwise agreed by the Parties in connection with a specific deposition. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 20 below. Until expiration of the aforesaid seven (7), three (3) day, or shorter period following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition.

17.    <u>Designated Material Used as Exhibits During Depositions</u>:  Nothing in Paragraph 16 shall apply to or affect the confidentiality designations of Discovery Material entered as exhibits at depositions.

18.    <u>Witness Review of Deposition Testimony</u>:  Nothing in Paragraphs 16 or 17 shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

19.    <u>Presence of Certain Persons During Designated Deposition Testimony</u>:  When Designated Material is shown during a deposition, testimony about Designated Material is elicited during a deposition, or testimony that a Party believes should be treated as Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

20.    <u>Responsibilities and Obligations of Court Reporters</u>:  In the event that testimony is designated as Confidential or Highly Confidential, the court reporter shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith."  Each page of the transcript also shall include the legend "Confidential" or "Highly Confidential," as appropriate.  If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

9

## **General Provisions**

21.     This Order is a procedural device intended to protect Discovery Material designated as Confidential or Highly Confidential.  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Material.

22.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

23.     <u>Unauthorized Disclosure of Designated Material</u>:  In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further review, dissemination, or use by the person or entity to whom the disclosure was made, and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further review, dissemination, or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

24.    <u>Manner of Objecting to Designated Material</u>:  If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  If within three (3) business days after receipt of an objection in writing, the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party.  Upon a motion, the burden to establish the confidentiality of the Designated Material shall be on the Producing Party and the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated subject to the provisions of this Order.  Notwithstanding the foregoing, circumstances may exist which require a party to seek Court authority to remove the "Confidential" or "Highly Confidential" designation of Designated Material on a more expedited basis.  In such a circumstance, the moving party will provide advance notice to the Producing Party.

25.    <u>Timing of Objections to Designated Material</u>:  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Material as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at an evidentiary hearing or trial.

26.    <u>Inadvertent Production of Privileged Discovery Material</u>:  Pursuant to Federal Rule of Evidence 502(d), and Federal Rule of Civil Procedure 26(b)(5)(B), made applicable to these

DOCS_DE:245113.2 03703/004

Cases by Federal Rules of Bankruptcy Procedure 7026 and/or 9014, the inadvertent disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure shall not constitute a waiver of the privilege or protection in these Cases or any state or federal proceeding.  This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).  Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.  Upon receiving notice of a claim of privilege from the Producing Party, the Receiving Party must promptly return, sequester, or destroy the specified documents or information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

27.    <u>Use of Non-Confidential Material</u>:  To the extent that any Receiving Party has documents or information that (a) were already in its possession at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (b) are received or become available to a Receiving Party on a non-confidential basis, not in violation of an obligation of confidentiality to any other person; (c) were independently developed by such Receiving Party without violating its obligations hereunder; or (d) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person (collectively, "<u>Non-Confidential Material</u>"), nothing in this Order shall limit a Receiving Party's ability to use Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with the Cases or Disputes, or otherwise.  Nothing in this Order shall affect the obligation of any Receiving Party to comply with any other confidentiality agreement with, or

12

undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to the Cases.

28.    <u>Obligations Following Conclusion of the Cases</u>:  Within 90 days of the final resolution of the Cases and Disputes, whether by closing, dismissal, or otherwise, including all appeals as to all Parties, unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall take all reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that counsel may retain for its records (a) their work product; (b) a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports; and (c) exhibits introduced at any hearing or trial.  A Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; <u>provided</u> that such retained documents will continue to be treated as consistent with the provisions in this Order.  If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

29.    <u>Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order</u>: With respect to any retained Designated Material, the provisions of this Order shall survive the final resolution of the Cases and Disputes, whether by closing, dismissal, or otherwise.  The final resolution of the Cases and Disputes, whether by closing, dismissal, or otherwise, shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the

confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

30.    <u>Amendment of Confidentiality Agreement and Stipulated Protective Order</u>:  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

31.    <u>Disclosure of Designated Material in Other Proceedings</u>:  Any Receiving Party that may be subject to a motion or other form of legal or regulatory process or demand seeking the disclosure of a Producing Party's Designated Material (a) shall notify the Producing Party within seven (7) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) and provide that Producing Party with an opportunity to appear and be heard on whether that information should be disclosed, and (b) in the absence of a court order preventing such disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

32.    <u>Use of Designated Material by Producing Party</u>:  Nothing in this Order affects the right of any Producing Party to use or disclose its own Designated Material in any way.

33.    <u>Obligations of Parties</u>:  Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Bankruptcy Rules, the Federal Rules of Evidence, the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Cases.

34.    <u>Advice of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Cases or Disputes and, in the course thereof,

14

relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

35.    <u>Material Non-Public Information</u>:  Any Receiving Party acknowledges that, by receiving Designated Materials, it may be receiving material non-public information about companies that issue securities and that the determination as to whether it has received material non-public information shall be the sole responsibility of such receiving entity.  For the avoidance of doubt, the Producing Party is under no obligation to designate or mark, or cause to be designated or marked, any Designated Material that may be determined to constitute material non-public information.

36.    <u>Entire Agreement</u>:  This Order constitutes the entire agreement among the Parties pertaining to the use and disclosure of Discovery Material in connection with the Cases and Disputes and supersedes prior agreements and understandings pertaining to that subject matter, it being understood that any restrictions, limitations, or protections concerning confidentiality or non-disclosure in a prior written agreement shall continue to be in full force and effect, notwithstanding the terms of this Order.

37.    <u>Enforcement</u>:  The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

DOCS_DE:245113.2 03703/004

38.    <u>Notice</u>:  When notice is permitted or required by the provisions hereof, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding addresses or email addresses indicated below, or to counsel for any non-Party receiving such notice.  Notice shall be delivered by first-class mail, Federal Express (or an equivalent delivery service), hand delivery, or email, and shall be effective upon receipt.

Respectfully submitted this 18th day of October, 2023.

| | |
|---|---|
| */s/ Steven W. Golden* | */s/ Hayes Hyde* |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **TROUTMAN PEPPER HAMILTON SANDERS LLP** |
| Richard M. Pachulski (admitted *pro hac vice*) | David M. Fournier (DE No. 2812) |
| Debra I. Grassgreen (admitted *pro hac vice*) | Kenneth A. Listwak (DE No. 6300) |
| James E. O'Neill (DE Bar No. 4042) | Hercules Plaza, Suite 5100 |
| Jason H. Rosell (admitted *pro hac vice*) | 1313 N. Market Street |
| Steven W. Golden (DE Bar No. 6807) | P.O. Box 1709 |
| 919 N. Market Street, 17th Floor | Wilmington, DE 19899-1709 |
| P.O. Box 8705 | Telephone: (302) 777-6500 |
| Wilmington, DE 19899-8705 (Courier 19801) | Facsimile: (302) 421-8390 |
| Telephone: (302) 652-4100 | E-mail:  david.fournier@troutman.com |
| Facsimile: (302) 652-4400 |      ken.listwak@troutman.com |
| Email:  rpachulski@pszjlaw.com | |
|     dgrassgreen@pszjlaw.com | -and- |
|     joneill@pszjlaw.com | |
|     jrosell@pszjlaw.com | **GOODWIN PROCTER LLP** |
|     sgolden@pszjlaw.com | Michael H. Goldstein (admitted *pro hac vice*) |
| | Alexander J. Nicas (admitted *pro hac vice*) |
| | Hayes Hyde (admitted *pro hac vice*) |
| *Counsel to the Debtors and Debtors in Possession* | Artem Skorostensky (admitted *pro hac vice*) |
| | The New York Times Building |
| | 620 Eighth Avenue |
| | New York, NY 10018 |
| | Telephone: (212) 813-8800 |
| | Email:  mgoldstein@goodwinlaw.com |
| |     anicas@goodwinlaw.com |
| |     hhyde@goodwinlaw.com |
| |     askorostensky@goodwinlaw.com |
| | |
| | *Counsel to the Foris Prepetition Secured Lenders and the DIP Secured Parties* |

/s/ Samuel P. Hershey

**POTTER ANDERSON & CORROON LLP**
Christopher M. Samis (No. 4909)
Katelin A. Morales (No. 6683)
Sameen Rizvi (No. 6902)
1313 North Market Street, 6th Floor
Wilmington, Delaware 1980
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
         kmorales@potteranderson.com
         srizvi@potteranderson.com


-and-


**WHITE & CASE LLP**
Gregory F. Pesce, Esq.
Andrew F. O'Neill, Esq.
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gpesce@whitecase.com
         aoneill@whitecase.com


Samuel P. Hershey, Esq.
John Ramirez, Esq.
Andrea Kropp, Esq.
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
         john.ramirez@whitecase.com
         andrea.kropp@whitecase.com


*Counsel to the Official Committee of Unsecured Creditors*

/s/ Justin M. Ellis

**BLANK ROME LLP**
Stanley B. Tarr (DE No. 5535)
Lawrence R. Thomas III (DE No. 6935)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464
Email: stanley.tarr@blankrome.com
         lorenzo.thomas@blankrome.com


-and-


**PAUL HASTINGS LLP**
John Storz, Esq.
Matthew D. Friedrick, Esq.
Caroline Diaz, Esq.
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: johnstorz@paulhastings.com
         matthewfriedrick@paulhastings.com
         carolinediaz@paulhastings.com


Frank Merola, Esq.
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899
Email: frankmerola@paulhastings.com


-and-


**MOLOLAMKEN LLP**
Steven F. Molo, Esq.
Justin M. Ellis, Esq.
Sara E. Margolis, Esq.
Mark W. Kelley, Esq.
Catherine Martinez, Esq.
430 Park Avenue New York, NY 10022
Telephone: (212) 607-8160
Email: smolo@mololamken.com
         jellis@mololamken.com
         smargolis@mololamken.com
         mkelley@mololamken.com

17

cmartinez@mololamken.com

Eugene A. Sokoloff, Esq.
300 North LaSalle Street
Chicago, IL  60654
Telephone:  (312) 450-6718
Email: esokoloff@mololamken.com

*Counsel to the Ad Hoc Noteholder Group*

## Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

## JOINDER TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Reference is made to that certain Stipulated Confidentiality Agreement and Protective Order (the "Protective Order"), dated as of [●], 2023, by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Official Committee of Unsecured Creditors; the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lender; the Ad Hoc Noteholder Group; and any other persons or entities who become bound by this Order (each individually a "Party" and collectively the "Parties"). All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Protective Order.

The undersigned (the "Joinder Party") hereby:

(i)     acknowledges that it has received and reviewed a copy of the Protective Order, and agrees to be bound by the terms and conditions of the Protective Order;

(ii)    acknowledges and agrees that the Joinder Party is entitled to receive Designated Material solely for the purposes of the Cases or Disputes; and further certifies that it will not use the Designated Material for any purpose other than in connection with the Cases or Disputes, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Protective Order to receive Designated Material; and

(iii)   acknowledges and agrees that by receiving Designated Material: (a) the Joinder Party may be receiving material non-public information about companies that issue securities; and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

The undersigned hereby submits to the jurisdiction of the United States Bankruptcy Court for the District of Delaware solely with respect to the provisions of the Protective Order.

This Joinder and all obligations hereunder shall terminate in parallel with the Protective Order.


Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____


I have been engaged as _____ on

behalf of _____ in the preparation and conduct of *In re Amyris*

*Inc., et al.*, Debtors, Case No. 23-11131 (TMH) in the United States Bankruptcy Court for the

District of Delaware.


Date: _____          _____

                                    Signature


2