IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date: October 25, 2023 at 10:00 a.m. (ET)
Objection Deadline: At the Hearing, per L.R. 9018-1(d)(viii)

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
EXHIBIT A TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
OBJECTION TO THE DEBTORS' MOTION TO CONTINUE THE HEARING ON THE
COMMITTEE'S APPLICATION TO RETAIN JEFFERIES LLC AS INVESTMENT
BANKER TO BE MAINTAINED UNDER SEAL**

The above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this motion (the "Motion to Seal") for the entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit 1**, authorizing the Debtors to maintain under seal (i) the May 2023 Jefferies' presentation which was attached (and filed under seal) as Exhibit A to the *Official Committee of Unsecured Creditors' Objection to the Debtors' Motion to Continue the Hearing on the Committee's Application to Retain Jefferies LLC as Investment Banker* [D.I. 542] (the "Presentation"). The Presentation is Jefferies' analysis related to the Givaudan transaction that closed in February 2023. In support of the Motion to Seal, the Debtors respectfully represent as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

**Jurisdiction and Venue**

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

**Background**

*4.*     On October 15, 2023, the Official Committee of Unsecured Creditors (the "Committee") appointed in these cases filed the *Official Committee of Unsecured Creditors' Objection to the Debtors' Motion to Continue the Hearing on the Committee's Application to Retain Jefferies LLC as Investment Banker* [D.I. 542] (the "Committee Objection").  Attached as Exhibit A to the Committee Objection was the Presentation.  Although the Presentation was filed under seal by the Committee, the Committee did not file a motion seeking to have the Presentation

remain under seal and, instead, Committee counsel contacted the Debtors' counsel and indicated that, if the Debtors wished that the Presentation remain under seal, the Debtors should file a sealing motion. The Committee's counsel further indicated that if the Debtors did file a sealing motion, the Committee and Jefferies would not oppose that motion. For the reasons stated herein, the Debtors file this Motion seeking an order of the Court for the Presentation to remain under seal.

### Relief Requested

5.  By this Motion to Seal, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1: (i) authorizing the Presentation to remain under seal.

### Basis for Relief

6.  The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

7.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8.  Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate

> or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

9. Further, Local Rule 9018-1(d) provides, in relevant part, that "any entity seeking to file a document . . . under seal must file a motion requesting such relief." Del. Bankr. L.R. 9018-1(d)(i).

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, *i.e.*, "any order which justice requires." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Glob. Crossing*, 295 B.R. at 724.

11. The Presentation contains certain analyses and information (the "<u>Confidential Information</u>") relating to the Givaudan transaction. . That analysis appears to be based in part on confidential information related to the Debtors' business. It is this Presentation prepared by Jefferies which formed the basis of the Debtors' request to continue the hearing on the *Application of the Official Committee of Unsecured Creditors for Entry of an Order (I)*

*Authorizing the Retention and Employment of Jefferies LLC as Investment Banker Pursuant to 11 U.S.C. §§ 328(a) and 1103(a)* [D.I. 334] so that the Debtors would have sufficient time to examine the potential conflict.

12. The Debtors submit that good cause exists for the Court to grant the relief requested herein. To preserve the confidentiality of the information described above, the Debtors seek permission to maintain the Presentation under seal.

### Notice

13. The Debtors will provide notice of this Motion to Seal to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; (d) counsel to DSM; and (e) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

### No Prior Request

14. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

### Compliance with Local Rule 9018-1(d)

15. Pursuant to Local Rule 9018-1(d)(iv), the undersigned counsel for the Debtors certifies that, to the best of the knowledge, information, and belief of counsel for the Debtors, the proposed sealed Presentation does not contain information subject to confidentiality rights of another holder of confidentiality rights other than the Committee and Jefferies who consent to the Motion.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order: (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: October 18, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
Alan J. Kornfeld (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
   dgrassgreen@pszjlaw.com
   akornfeld@pszjlaw.com
   joneill@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*