**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>AMYRIS, INC., *et al.*<br>                    Debtors.[1] | Chapter 11<br>Case No. 23-11131 (TMH)<br>(Jointly Administered)<br>**Re. D.I. 614** |

### THE AD HOC NOTEHOLDER GROUP'S MOTION FOR AN ORDER SHORTENING THE NOTICE PERIOD FOR ITS RULE 2004 MOTION DIRECTING THE PRODUCTION OF DOCUMENTS BY THE FORIS LENDERS

The Ad Hoc Group of Holders of 1.50% Convertible Senior Notes due 2026 (the "Ad Hoc Group"), respectfully moves under Rule 9006(c)(1) of the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules"), Rule 2004-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware ("Local Rules"), and this Court's Procedures for Discovery Disputes and Case Administration Matters for entry of an order shortening the notice period for the Motion of the Ad Hoc Noteholder Group for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Production of Documents by the Foris Lenders (the "Motion for Shortened Notice"). The Ad Hoc Group respectfully requests a notice period of seven days and a hearing on October 31, 2023. In support of this Motion, the Ad Hoc Group respectfully states as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.

2. Pursuant to Local Rule 9013-1(f), the Ad Hoc Group confirms its consent to the entry of a final order by the Court in connection with this Motion to Shorten.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The legal predicates for the relief requested herein are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1.

## REQUESTED RELIEF

5. The Ad Hoc Group respectfully requests, pursuant to section 105(a) of the Bankruptcy Code and Local Rule 9006-1(e), that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, shortening the notice period for its Rule 2004 Motion to a period of seven days, setting a hearing via Zoom to consider that motion on October 31, 2023, and setting a response deadline of October 30, 2023 at 12:00 p.m. (ET).

## BACKGROUND

6. On October 18, the Ad Hoc Group served Rule 2004 discovery requests (the "Requests") on Foris Ventures, LLC, Anesma Group, LLC, Anjo Ventures, LLC, and Muirisc, LLC (together, the "Foris Lenders"). Those requests were designed to investigate potential litigation claims arising out of the Debtors' directors' and officers' prepetition conduct. However, the Foris Lenders refused outright to comply with the requests or even engage with the Ad Hoc Group on the substance of those requests. Accordingly, the Ad Hoc Group is filing a motion pursuant to Bankruptcy Rule 2004 seeking an order permitting the Ad Hoc Group to seek production of documents in response to a subset of the Requests (the "Rule 2004 Motion").

7. In light of the straightforward relief requested in the Rule 2004 Motion, the UCC's November 15, 2023 Challenge Period Termination Date, D.I. 558 at 45, and the imminent need to investigate claims the Ad Hoc Group may bring, the Ad Hoc Group respectfully requests that the Court require seven days' notice, hear the Rule 2004 Motion no later than October 31, 2023, and order a response deadline of October 30, 2023 at 12:00 p.m. (ET).

**BASIS FOR REQUESTED RELIEF**

8. Local Rule 2004-1(d) provides that a motion for production of documents under Rule 2004 must ordinarily be filed and served 14 days before the hearing date. However, the Bankruptcy Rules provide that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Bankruptcy Rule 9006(c)(1); *see also* Local Rule 9006-1(e) (providing that court may shorten notice period without a hearing).

9. Expedited motion practice is " 'commonplace and often necessary' in bankruptcy proceedings" given the "accelerated time frame." *In re Phila. Newspapers, LLC*, 690 F.3d 161, 167, 172 (3d Cir. 2012). In exercising its discretion to order a shortened notice period, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *Id.* at 171. The Bankruptcy Code provides that the time to be afforded a party "after notice" of a motion before action by the Court turns on what is "appropriate in the particular circumstances" of the motion. 11 U.S.C. § 102(1); *see In re Harnischfeger Indus., Inc.*, 316 B.R. 616, 620 (D. Del. 2003) ("The policy of Section 102 is to permit the court flexibility, while ensuring that all parties have proper notice.").

10. A shorter notice period is appropriate here for at least four reasons. *First*, the motion is a straightforward discovery motion. This Court's Procedures recognize that discovery disputes do not always require a two-week notice period. *See* Chambers Procedures for Judge Thomas M. Horan at 2-3. Other bankruptcy judges in this District likewise provide for

3

substantially expedited briefing on discovery disputes. *See, e.g.*, Chambers Procedures for Judge J. Kate Stickles at 3.

11. *Second*, the Debtors and the Foris Lenders pushed for a plan confirmation date of January 10, 2024 – less than three months after entry of the Final DIP Order. D.I. 517-1 at 2 (DIP milestones); D.I. 558 (Final DIP Order). To limit disruptions to the Debtors' reorganization, the Ad Hoc Group will need to investigate potential claims and file and litigate potential adversary proceedings in the next three months. Ample time remains, but only if there is no further delay. The Ad Hoc Group needs discovery as promptly as possible to meet the Debtors' contemplated plan confirmation deadlines.

12. *Third*, the Ad Hoc Group needs discovery to consider its position on the acceptability of Debtors' proposed Disclosure Statement in advance of the November 21, 2023 hearing on that statement. D.I. 540. For example, the proposed Disclosure Statement contains a provision that could transfer the estate's claims against "Excluded Parties" to a litigation trust. D.I. 524 at 53. "Excluded Parties" – a term defined as "[TBD]" in the Plan – appears likely to include certain directors and officers of the Debtors against whom the Ad Hoc Group is considering bringing claims. D.I. 523 at 9. The Ad Hoc Group needs discovery sufficiently in advance of the November 21 hearing to consider whether this provision of the disclosure statement – among others – is acceptable.

13. *Fourth*, the UCC's November 15, 2023 deadline for bringing claims against the Foris Lenders is fast approaching. D.I. 558 (Final DIP Order) at 45. The Ad Hoc Group is the largest stakeholder of the UCC, D.I. 509 at 2, and is represented on the UCC through the trustee for the convertible notes, D.I. 152. Documents responsive to the Requests will help the Ad Hoc

Group work with the UCC to evaluate potential claims. The Ad Hoc Group needs access to responsive documents as soon as possible to incorporate them into that evaluation.

14. There is little, if any, prejudice to the Foris Parties to balance against those compelling reasons to shorten the notice period. The Foris Parties have been aware of this dispute since October 19, 2023, when the parties reached an impasse. Moreover, the Foris Parties have already set out their objections to the Requests in writing and are unlikely to need significant additional time to formulate their position. Finally, the Rule 2004 Motion presents a straightforward discovery dispute. More time than a week to respond is unnecessary.

## COMPLIANCE WITH LOCAL RULE 9006-1(e)

15. The Ad Hoc Group has provided notice of this Motion to counsel for the following entities: (a) the U.S. Trustee; (b) the Debtors, (c) the Foris Lenders, and (d) the Official Committee of Unsecured Creditors. The Official Committee of Unsecured Creditors does not object to shortened notice. Counsel for the Foris Lenders have indicated they object to the request for shortened notice.[2] The U.S. Trustee and the Debtors have not informed the Ad Hoc Group of their position on the relief requested herein.

## NOTICE

16. Notice of this Motion to Shorten will be provided by electronic mail or overnight delivery to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; and (d) any party that requests

---

[2] Counsel for the Foris Lenders proposed that the Rule 2004 Motion be heard on November 6, which is one day less than the 14-day notice period required by Local Rule 2004-1(d). The Foris Lenders' proposal does not address the Ad Hoc Group's prompt need for discovery. Indeed, the Foris Lenders have continued to refuse to discuss the substance of the Ad Hoc Group's requests.

service pursuant to Bankruptcy Rule 2002. The Rule 2004 Motion is also available on the Debtors' case website at https://cases.stretto.com/amyris/, and the Rule 2004 Motion will also be served on the above parties by electronic mail or overnight delivery. The Ad Hoc Group submits that no other or further notice need be provided.

## NO PRIOR REQUEST

17. No prior request has been made for the relief sought in this motion.

## CONCLUSION

Accordingly, the Ad Hoc Group respectfully requests that this Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: October 24, 2023

**BLANK ROME LLP**

<u>*/s/ Stanley B. Tarr*</u>
Stanley B. Tarr (DE No. 5535)
Lawrence R. Thomas III (DE No. 6935)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
Tel.: (302) 425-6400
Fax: (302) 425-6464
stanley.tarr@blankrome.com
lorenzo.thomas@blankrome.com

**MOLOLAMKEN LLP**
Steven F. Molo
Justin M. Ellis
Sara E. Margolis
Mark W. Kelley
Catherine Martinez
430 Park Avenue
New York, NY 10022
Tel.: (212) 607-8160
smolo@mololamken.com
jellis@mololamken.com
smargolis@mololamken.com
mkelley@mololamken.com
cmartinez@mololamken.com

*Counsel to the Ad Hoc Noteholder Group*