**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. 463<br>Obj. Deadline: November 1, 2023 at 4:00 p.m. (ET) |

**NOTICE OF FILING OF PROPOSED ORDER APPROVING STIPULATION
GRANTING ADEQUATE PROTECTION RELIEF TO DSM-FIRMENICH AG**

**PLEASE TAKE NOTICE** that, on October 4, 2023, DSM Finance B.V. (together with its affiliates, including DSM Nutritional Products Ltd., "DSM-Firmenich") filed its *Request of DSM-Firmenich For Adequate Protection* (the "Request")[2] [Docket No. 463] with the United States Bankruptcy Court for the District of Delaware (the "Court"). The deadline to object to the relief requested in the Request was established as October 18, 2023 (the "Objection Deadline").

**PLEASE TAKE FURHTER NOTICE** that, prior to the Objection Deadline, DSM-Firmenich received informal comments from the above-captioned debtors and debtors in possession (collectively, the "Debtors" and, together with DSM-Firmenich, the "Parties") regarding the Request and, in connection therewith, the Parties have reached an agreement with respect to DSM-Firmenich's adequate protection on the terms memorialized in the stipulation (the "Stipulation") annexed as Exhibit 1 to the proposed form of order attached hereto as **Exhibit A** (the "Proposed Order"). The Parties shared a copy of the Stipulation with counsel to the

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of the Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have their meanings given to them in the Request.

30905314.1

Committee, which has advised DSM-Firmenich's undersigned counsel that the Committee supports entry of the Proposed Order. Further, DSM-Firmenich shared a copy of the Proposed Order and the Stipulation with counsel to the DIP Lenders, DIP Agent and Foris Prepetition Secured Lenders, which has also advised DSM-Firmenich that it supports entry of the Proposed Order.

**PLEASE TAKE FURTHER NOTICE** that DSM-Firmenich shared a copy of the Stipulation and Proposed Order with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), which requested that DSM-Firmenich serve the Stipulation and Proposed Order on those parties that received the Request and establish an objection deadline seven days from such service. Accordingly, at the request of the U.S. Trustee and with the Debtors' consent, DSM-Firmenich files this notice (this "Notice") on all such parties. Objections, if any, to entry of the Proposed Order attached to this Notice are due to be filed and served on DSM-Firmenich's undersigned counsel on or before **November 1, 2023 at 4:00 p.m. (ET)** (the "Supplemental Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are received by the Supplemental Objection Deadline, DSM-Firmenich intends to submit the Proposed Order under certification of counsel and request that the Court enter the Proposed Order at its earliest convenience without further notice or hearing. In the event that objections are received and cannot be resolved on a consensual basis, DSM-Firmenich will seek entry of the Proposed Order at the hearing scheduled before the Court on November 6, 2023.

[*Signature Page Follows*]

| | |
|---|---|
| Dated: October 25, 2023<br>Wilmington, Delaware | Respectfully submitted,<br><br>**YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>  /s/ *Andrew L. Magaziner*  <br>Andrew L. Magaziner (No. 5426)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email:  amagaziner@ycst.com<br><br>- and -<br><br>**LATHAM & WATKINS LLP**<br>James Ktsanes (admitted *pro hac vice*)<br>Joseph C. Celentino[3] (admitted *pro hac vice*)<br>330 North Wabash Avenue<br>Suite 2800<br>Chicago, Illinois 60611<br>Tel:     (312) 876-7700<br>Email: james.ktsanes@lw.com<br>           joe.celentino@lw.com<br><br>-and-<br><br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Tel:     (212) 906-1200<br>Email: jon.weichselbaum@lw.com<br><br>*Counsel to DSM-Firmenich* |

---

[3]   Not admitted in Illinois.  Admitted in New York.

# EXHIBIT A

**Proposed Order**

30905314.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 463** |

ORDER APPROVING STIPULATION
GRANTING ADEQUATE PROTECTION RELIEF TO DSM-FIRMENICH AG

This Court having considered the *Stipulation Granting Adequate Protection Relief to DSM-Firmenich AG*, a copy of which is attached hereto as **Exhibit 1** (the "Stipulation"), and this Court having determined that good cause exists for approval of the Stipulation,

IT IS HEREBY ORDERED that:

1. The Stipulation is approved in its entirety.

2. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this Order shall be effective immediately upon its entry.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of the Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

30905314.1

3. This Court retains jurisdiction over any and all matters arising from or related to the implementation or interpretation of the Stipulation or this Order.

# Exhibit 1

**Stipulation**

30905314.1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**STIPULATION GRANTING ADEQUATE**
**PROTECTION RELIEF TO DSM-FIRMENICH AG**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") have agreed with DSM Nutritional Products Ltd. (together with its affiliates, including DSM BV (as defined herein), "DSM-Firmenich"), to this stipulation (this "Stipulation") granting adequate protection to DSM-Firmenich solely to the extent provided for herein.[2]

### RECITALS

A.   Petition Date; Debtors-in-Possession.   On August 9, 2023 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") commencing these Chapter 11 Cases in the United States Bankruptcy Court for the District of Delaware (this "Court").

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the (a) *Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 19]; (b) *Interim Order (I) Authorizing the Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 54] (the "Interim DIP Order"); or (c) *Final Order (I) Authorizing the Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling Final Hearing, and (V) Granting Related Relief* [Docket No. 558] (the "Final DIP Order").

The Debtors have continued in the management and operation of their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases are being jointly administered.  No trustee or examiner has been appointed in these Chapter 11 Cases.

B. <u>Committee Appointment</u>.  On August 27, 2023, the Office of the United States Trustee (the "<u>U.S. Trustee</u>") appointed the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), consisting of the following seven members:  (i) Cosan U.S. Inc., (ii) U.S. Bank Trust Company, National Association as Trustee, (iii) Sartorius Stedim North America, Inc., (iv) Hearst Magazine Media, Inc., (v) Wiley Companies, (vi) Park Wynwood, LLC, and (vii) Allog Participacoes, Ltda.  *See* Docket No. 152

C. <u>Jurisdiction and Venue</u>.  The Court has core jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue for the Chapter 11 Cases and proceedings is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and other predicates for the relief granted herein are Sections 361, 362, and 363 of the Bankruptcy Code, and Bankruptcy Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

D. <u>Notice</u>.  The Debtors have provided notice of this Stipulation to: (i) the U.S. Trustee; (ii) counsel to DSM-Firmenich; (iii) counsel to the Committee; and (iv) counsel to the DIP Lender.  Under the circumstances, such notice of the proposed Stipulation and the relief granted herein complies with Bankruptcy Rule 4001(a), and no other notice need be provided for entry of this Stipulation.

E. <u>The DSM Loan and Security Agreement</u>.

(i) <u>DSM Loan and Security Agreement</u>. Pursuant to that certain Loan and Security Agreement dated as of October 11, 2022, as amended and restated by that certain Amendment and Restatement Agreement dated as of December 12, 2022 (as amended by that certain First Forbearance Agreement and First Amendment to Amended and Restated Loan Agreement dated as of May 9, 2023, as further amended by that certain Amendment No. 2 and Waiver to Amended and Restated Loan and Security Agreement dated as of June 5, 2023, and as further amended, restated, supplemented or otherwise modified from time to time, collectively, the "<u>DSM LSA</u>"), by and among Amyris, Inc. ("<u>Amyris</u>"), certain subsidiaries thereof as guarantors (the "<u>Subsidiary Guarantors</u>", and together with Amyris, the "<u>Obligors</u>"), and DSM Finance B.V. ("<u>DSM BV</u>"), DSM BV agreed to extend certain loans and make other financial accommodations to Amyris. Under the DSM LSA, Amyris obtained, among other financial accommodations, term loans in three (3) tranches: (a) Tranche 1, in the principal amount of $50,000,000; (b) Tranche 2, in the principal amount of $25,000,000; and (c) Tranche 3, in the principal amount of $25,000,000 (collectively, the "<u>DSM Prepetition Secured Loans</u>").

(ii) <u>Amounts Owed Under the DSM LSA</u>. As of the Petition Date, the Obligors owe DSM BV: (a) an aggregate outstanding principal amount of approximately $20,450,000 under Tranche 1, (b) an aggregate outstanding principal amount of approximately $25,000,000 under Tranche 2, and (c) an aggregate outstanding principal amount of approximately $29,518,925 under Tranche 3, *plus* (d) all accrued and unpaid interest thereon and any additional fees, costs, indemnities, expenses (including any reasonable attorneys' and other professionals' fees and expenses that are chargeable or reimbursable under the Loan Documents (as defined in the DSM

LSA)) through the Petition Date, and other amounts thereafter due under the Loan Documents and applicable law.

(iii) Security Agreement. Pursuant to that certain Security Agreement dated as of October 11, 2022 by and among Amyris and DSM BV (as amended, restated, supplemented or otherwise modified from time to time, the "DSM Security Agreement"), Amyris's obligations under Tranche 1 and Tranche 2 of the DSM LSA are secured by a lien and security interest in favor of DSM BV in all of Amyris's rights to any earn-out amounts that may become payable from DSM Nutritional Products Ltd. to Amyris (the "Earn-Out Payments"), in accordance with Section 3.5 of the Purchase Agreement (as defined in the DSM LSA).

(iv) Pledge Agreement. Pursuant to that certain Pledge Agreement dated as of December 12, 2022, by and among Amyris and DSM BV (as amended, restated, supplemented or otherwise modified from time to time, the "DSM Pledge Agreement" and, together with the DSM Security Agreement, the DSM LSA, and any other agreements and documents executed or delivered in connection with the DSM Prepetition Secured Loans (as defined herein), collectively, the "DSM Prepetition Secured Loan Agreements"), Amyris's obligations under Tranche 2 and Tranche 3 of the DSM LSA are secured by a lien and security interest in favor of DSM BV in Amyris's 69.00% equity interests in Amyris RealSweet, LLC (the "Equity Interests" and, collectively with the Earn-Out Payments, the "Prepetition Collateral").

F. Debtors' Stipulations. Without prejudice to the rights of parties in interest, other than the Debtors, as provided herein and in the Final DIP Order, but subject to the limitations thereon contained in Paragraph 11 of the Final DIP Order, the Debtors stipulate and agree, having considered and reviewed the facts and circumstances and record, that the following statements are

true and correct (collectively, Paragraphs F(i) through (iv) below are referred to herein as the "Debtor Stipulations"):

(i) DSM Prepetition Secured Loans. Pursuant to the DSM Prepetition Secured Loan Agreements, DSM BV provided the DSM Prepetition Secured Loans. As of the Petition Date, Amyris and the Subsidiary Guarantors were justly and lawfully indebted and liable to DSM BV pursuant to the DSM Prepetition Secured Loan Agreements, without defense, counterclaim, or offset of any kind, in the aggregate principal amount of at least $74,968,925.16, *plus* as of the Petition Date accrued and unpaid interest, any additional reasonable fees, costs, expenses (including any reasonable attorneys', financial advisors', and other professionals' fees and expenses), reimbursement obligations, indemnification obligations, contingent obligations, and other charges of whatever nature, whether or not contingent, whenever arising, due, or owing, and all other Secured Obligations (as defined in the DSM LSA) owing, in each case under or in connection with the DSM Prepetition Secured Loan Agreements without defense, counterclaim, or offset of any kind (but subject to liquidation of unliquidated obligations) to the extent provided under applicable law (collectively, the "DSM Prepetition Obligations"). From and after the Petition Date, Amyris and the Subsidiary Guarantors are justly and lawfully indebted and liable to DSM BV pursuant to the DSM Prepetition Secured Loan Agreements for accrued default interest, *plus* any additional reasonable fees, costs, expenses (including any reasonable attorneys', financial advisors', and other professionals' fees and expenses), reimbursement obligations, indemnification obligations, contingent obligations, and other charges of whatever nature, whether or not contingent, whenever arising, due, or owing, and all other Secured Obligations owing, in each case, under or in connection with the DSM Prepetition Secured Loan Agreements after the Petition

Date and without defense, counterclaim, or offset of any kind (but subject to liquidation of unliquidated obligations) to the extent provided under applicable law.

(ii) <u>DSM Prepetition Loan Collateral</u>.  In connection with the DSM Prepetition Secured Loan Agreements, Amyris entered into (a) the DSM Security Agreement and (b) the DSM Pledge Agreement.  Pursuant to the DSM Security Agreement Tranche 1 and Tranche 2 of the DSM Prepetition Obligations are secured by a valid, binding, perfected first priority security interest in and liens on the Earn-Out Payments, and pursuant to the DSM Pledge Agreement Tranche 2 and Tranche 3 of the DSM Prepetition Obligations are secured by a valid, binding, perfected first priority security interest in and liens on the Equity Interests (collectively, the "<u>DSM Liens</u>").

(iii) <u>Validity, Perfection, and Priority of DSM Liens and DSM Prepetition Obligations</u>.  Each of the Debtors acknowledges and agrees that:  (a) as of the Petition Date, the DSM Liens are valid, binding, enforceable, non-avoidable, and properly perfected liens on and security interests in the applicable Prepetition Collateral and were granted to, or for the benefit of, DSM BV for fair consideration and reasonably equivalent value; (b) as of the Petition Date, the DSM Liens are subject and/or subordinate only to valid, perfected, and unavoidable liens and security interests existing as of the Petition Date that are senior in priority to the DSM Liens as permitted by the terms of the DSM Prepetition Secured Loan Agreements; (c) the DSM Prepetition Obligations constitute legal, valid, binding, and non-avoidable obligations of Amyris and the Subsidiary Guarantors enforceable in accordance with the terms of the applicable DSM Prepetition Secured Loan Agreements; (d) no offsets, challenges, objections, defenses, claims, or counterclaims of any kind or nature to any of the DSM Liens or DSM Prepetition Obligations exist, and no portion of the DSM Liens or DSM Prepetition Obligations is subject to any challenge

or defense including impairment, set-off, right of recoupment, avoidance, attachment, disallowance, disgorgement, reduction, recharacterization, recovery, subordination (whether equitable or otherwise), attack, offset, defense, counterclaims, cross-claims, or "claim" (as defined in the Bankruptcy Code), pursuant to the Bankruptcy Code or applicable non-bankruptcy law; (e) the Debtors and their estates have no claims, objections, challenges, causes of actions, recoupments, counterclaims, cross-claims, setoff rights, and/or choses in action, including "lender liability" causes of action, derivative claims, or avoidance claims under chapter 5 of the Bankruptcy Code, whether arising under applicable state law or federal law (including any recharacterization, subordination, avoidance, disgorgement, recovery, or other claims arising under or pursuant to Sections 105, 510, or 541 through 553 of the Bankruptcy Code), against DSM BV, or any of its affiliates, agents, representatives, attorneys, advisors, professionals, officers, directors, and employees arising out of, based upon, or related to its loans under the DSM Prepetition Secured Loan Agreements, the DSM Prepetition Obligations, or the DSM Liens; and (f) the Debtors waive, discharge, and release any right to challenge any of DSM Prepetition Secured Loans, the amount, allowance, character and priority of the Debtors' obligations under the DSM Prepetition Secured Loans, and the validity, binding, legal, enforceability, allowance, amount, characterization, extent and priority as to the DSM Liens securing the DSM Prepetition Secured Loans.

(iv)     <u>No Claims of Causes of Action</u>.  No claims or causes of action held by the Debtors or their estates exist against, or with respect to, the DSM Prepetition Secured Loans or the DSM Prepetition Secured Loan Agreements.

G.     <u>Adequate Protection for DSM-Firmenich</u>.  Pursuant to this Stipulation, the Debtors have agreed to provide adequate protection as set forth herein, subject to the conditions, qualifications, limitations, and reservations stated in this Stipulation.

H.     <u>Relief Essential; Good Cause; Best Interest</u>.  This Stipulation is in the best interests of the Debtors, their estates, and creditors.

Considering the record of the case and applicable law,

Upon the entry of an order approving this Stipulation, and subject to the terms of and solely to the extent set forth herein, DSM-Firmenich is granted (effective and perfected upon the date of this Stipulation and without the necessity of the execution of any mortgages, security agreements, pledge agreements, financing statements or other agreements), without prejudice to the rights of DSM-Firmenich to request modified or additional adequate protection upon a properly noticed motion to the Court, and without prejudice to the rights of the Debtors or any other parties in interest to object to any additional adequate protection which may be requested by DSM-Firmenich, as adequate protection for the asserted interests of DSM-Firmenich in the applicable Prepetition Collateral, the following:

(a)     <u>Payment of Earn-Out Payments</u>.  The Earn-Out Payments shall be paid directly to DSM-Firmenich.  DSM-Firmenich shall apply the Earn-Out Payments to repayment of Tranche 1 and Tranche 2 of the DSM Prepetition Secured Loans in accordance with Section 2.5(b)(i) of the DSM LSA, without further order of the Court and shall provide notice to the Debtors contemporaneously with such repayment.

(b)     <u>Payment of Professional Fees</u>.  The reasonable and documented fees, costs, and expenses of (a) Latham & Watkins LLP ("<u>L&W</u>"), as counsel for DSM-Firmenich, and (b) Young Conaway Stargatt & Taylor, LLP ("<u>YCST</u>" and, together with L&W, "<u>Counsel</u>"), as local counsel

for DSM-Firmenich, (collectively, the "DSM Fees") shall be part of DSM-Firmenich's allowed secured claim, and shall be paid either pursuant to any chapter 11 plan or as agreed between the Debtors and Amyris. L&W and YCST shall send summary invoices to the Debtors, the U.S. Trustee and the Committee for review no later than ten (10) days prior to the payment of the DSM Fees. The Debtors are authorized to pay the DSM Fees and none of the DSM Fees payable to Counsel pursuant to this paragraph shall be subject to seeking prior approval of the Court, and no recipient of any such payment shall be required to file with respect thereto any interim or final fee application with the Court.

(c)     Adequate Protection 507(b) Claims. In recognition of its rights to adequate protection pursuant to Sections 361, 362, and 363(e) of the Bankruptcy Code, DSM-Firmenich is granted, solely to the extent of the Diminution in Value of its interests in the Equity Interests, from and after the Petition Date, an allowed superpriority administrative expense claim as provided for in Section 507(b) of the Bankruptcy Code ("DSM-Firmenich's 507(b) Claim"), with priority in payment over any and all administrative expenses of the kind specified or ordered pursuant to Section 507(a)(2) of the Bankruptcy Code; *provided, however,* DSM-Firmenich's 507(b) Claim shall be (i) subordinate to the DIP Superpriorty Claims of the DIP Agent and the DIP Lenders; (ii) *pari passu* with the Adequate Protection Superpriority Claims granted to the Foris Prepetition Secured Parties under the Interim DIP Order (as such respective claims may be revised or included in the Final DIP Order); and (iii) shall be subordinate to, and subject to payment for the benefit of others of, the Carve-Out. For the avoidance of doubt, DSM-Firmenich's 507(b) Claim is not included in the Carve-Out.

(d)     Reservation of Rights. This Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair: (a) any of the rights of DSM-

-9-

Firmenich to seek any other or supplemental relief in respect of the Debtors including the right to seek additional Adequate Protection at and following the Final Hearing; (b) any of the rights of DSM-Firmenich under the Bankruptcy Code or under non-bankruptcy law, including, without limitation, the right of DSM-Firmenich to (i) request modification of the automatic stay of Section 362 of the Bankruptcy Code, (ii) request dismissal of any of the Chapter 11 Cases, conversion of any of the Chapter 11 Cases to cases under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers in any of the Chapter 11 Cases, (iii) seek to propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a chapter 11 plan or plans; or (c) any other rights, claims, or privileges (whether legal, equitable, or otherwise) of DSM-Firmenich. The delay in or failure of DSM-Firmenich to seek relief or otherwise exercise its rights and remedies shall not constitute a waiver of DSM-Firmenich's rights and remedies.

(e)     <u>Reservation of Certain Committee and Third Party Rights and Bar of Challenges and Claims</u>. The Debtor Stipulations, admissions, agreements, waivers, and releases contained in this Stipulation shall be binding upon the Debtors, their estates, and any of their respective successors (including, without limitation, any chapter 7 or chapter 11 trustee or examiner appointed or elected for any of the Debtors) in all circumstances and for all purposes. Subject to Paragraph 11 of the Final DIP Order, the Debtor Stipulations, admissions, agreements, waivers, and releases contained in this Stipulation shall be binding upon all other parties in interest, including any Committee and any other person acting on behalf of the Debtors' estates unless and to the extent such Committee or party in interest with requisite standing (in each case, to the extent requisite standing is obtained pursuant to an order of the Court entered prior to the expiration of the Challenge Period (as defined herein) and subject in all respects to any agreement or applicable law that may limit or affect such entity's right or ability to do so) has timely and properly filed an

adversary proceeding or contested matter on or before November 15, 2023, each subject to further extension by written agreement of the Debtors, the DIP Agent, and DSM-Firmenich (the "Challenge Period"), seeking to avoid, object to, or otherwise challenge the findings or Debtors' stipulations regarding: (a) the validity, binding, legal, enforceability, allowance, amount, characterization, extent and priority as to DSM-Firmenich under the DSM Prepetition Secured Loan Agreements; (b) the validity, enforceability, allowability, priority, characterization, secured status, or amount of the DSM Prepetition Obligations; or (c) otherwise asserting or prosecuting any action for preferences, fraudulent transfers or conveyances subordination, recharacterization avoidance power claims under the Bankruptcy Code or applicable state or federal law, other power claims or other claims, counterclaims or cause of action, objections contests or defenses (collectively, the "Challenges") against DSM-Firmenich or their respective subsidiaries, affiliates, officers, directors, managers, principals, employees, or agents, and the respective successors and assigns thereof, in each case in their respective capacity as such in connection with any matter directly or indirectly related to, arising from, or connected with the DSM Prepetition Secured Loan Agreements and DSM Prepetition Obligations, the DSM Liens, and the Prepetition Collateral, and the negotiation, implementation and facts and circumstances related to any of the foregoing, and in which there is a final non-appealable order entered in favor of the plaintiff sustaining any such Challenge in any such timely filed adversary proceeding or contested matter; *provided, however*, that any pleadings filed in connection with any Challenge shall set forth with specificity the basis for such challenge or claim, and any challenges or claims not so specified prior to the expiration of the Challenge Period shall be deemed forever waived, released, and barred, including any amended or additional claims that may or could have been asserted thereafter through an amended complaint under Fed. R. Civ. P. 15. Notwithstanding the foregoing, to the extent a motion seeking

standing to commence a Challenge is timely filed and attaches a draft complaint setting forth the legal and factual bases of the proposed Challenge prior to the expiration of the Challenge Period and the Challenge Period expires before such motion is ruled upon by this Court, the Challenge Period will be tolled solely with respect to the Challenges asserted in the draft complaint until the earlier of (x) the thirtieth (30th) day following the filing of such motion (which may be extended by Court order or written agreement of the DIP Agent, the Debtors and movant, in each case, to accommodate the Court's calendar) or (y) three (3) business days from the entry of an order ruling on such motion.  This Stipulation does not and shall not be construed to effect or impair any parties' rights under Paragraph 11 of the Final DIP Order with respect to Challenges; *provided that*, any Challenge complies with all the requirements and terms of Paragraph 11 of the Final DIP Order.

(f)     Miscellaneous.

i.     This Stipulation shall be sufficient and conclusive evidence of the validity, enforceability and priority of DSM-Firmenich's 507(b) Claim.

ii.    Any order approving this Stipulation shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and this Stipulation shall be immediately effective and enforceable upon entry of an order approving this Stipulation.

iii.   Paragraph headings used herein are for convenience only and are not to affect the construction of, or to be taken into consideration in, interpreting this Stipulation.

iv.    Except as explicitly provided herein, this Stipulation does not create any rights for the benefit of any third party, creditor, equity holder or any direct, indirect, or incidental beneficiary.

v.     The Court retains jurisdiction to enforce the terms of this Stipulation.

**STIPULATED AND AGREED TO BY:**

| COUNSEL TO THE DEBTORS | COUNSEL TO DSM-FIRMENICH |
|---|---|
| /s/ Jason H. Rosell | /s/ Andrew L. Magaziner |
| **PACHULSKI STANG ZIEHL & JONES LLP** | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |
| Richard M. Pachulski (admitted *pro hac vice*) | Andrew L. Magaziner (No. 5426) |
| Debra I. Grassgreen (admitted *pro hac vice*) | Rodney Square |
| James E. O'Neill (DE Bar No. 4042) | 1000 North King Street |
| Jason H. Rosell (admitted *pro hac vice*) | Wilmington, Delaware 19801 |
| Steven W. Golden (DE Bar No. 6807) | Telephone: (302) 571-6600 |
| 919 N. Market Street, 17th Floor | Facsimile: (302) 571-1253 |
| P.O. Box 8705 | Email: amagaziner@ycst.com |
| Wilmington, DE 19899-8705 (Courier 19801) | |
| Telephone: (302) 652-4100 | -and- |
| Facsimile: (302) 652-4400 | |
| Emails: rpachulski@pszjlaw.com | **LATHAM & WATKINS LLP** |
| dgrassgreen@pszjlaw.com | James Ktsanes (admitted *pro hac vice*) |
| joneill@pszjlaw.com | Joseph C. Celentino[3] (admitted *pro hac vice*) |
| jrosell@pszjlaw.com | 330 North Wabash Avenue |
| sgolden@pszjlaw.com | Suite 2800 |
| | Chicago, Illinois 60611 |
| | Telephone: (312) 876-7700 |
| | Email: james.kstanes@lw.com |
| | joe.celentino@lw.com |
| | |
| | -and- |
| | |
| | Jonathan J. Weichselbaum (admitted *pro hac vice*) |
| | 1271 Avenue of the Americas |
| | New York, New York 10020 |
| | Telephone: (212) 906-1200 |
| | Email: jon.weichselbaum@lw.com |
| | |
| | *Counsel to DSM-Firmenich* |

---

[3] Not admitted in Illinois. Admitted in New York.