IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Relates to Docket No. 615** |

**OBJECTION OF THE FORIS PREPETITION SECURED
LENDERS TO THE AD HOC NOTEHOLDER GROUP'S MOTION FOR AN
ORDER SHORTENING THE NOTICE PERIOD FOR ITS RULE 2004 MOTION**

The Foris Prepetition Secured Lenders[2] hereby file this objection (the "Objection") to the *Ad Hoc Noteholder Group's Motion for an Order Shortening the Notice Period for its Rule 2004 Motion Directing the Production of Documents by the Foris Lenders* [Docket No. 615] (the "Motion to Shorten").[3] In support of the Objection, the Foris Prepetition Secured Lenders hereby state as follows:

**PRELIMINARY STATEMENT**

1. The Court should deny the Motion to Shorten and enter the proposed order, attached hereto as **Exhibit A,** scheduling the Rule 2004 Motion for the regularly-scheduled omnibus hearing on November 6, 2023, with an objection deadline of November 2, 2023 at 12:00 p.m. (prevailing Eastern Time). This result is rooted in efficiency and judicial economy, but is also

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.

[2] The Foris Prepetition Secured Lenders include Foris Ventures, LLC, Perrara Ventures, LLC, Anesma Group, LLC, Anjo Ventures, LLC, and Muirisc, LLC. Curiously, the Ad Hoc Group omits reference to Perrara Ventures, LLC in the Motion to Shorten and the *Motion of the Ad Hoc Noteholder Group for an Order Pursuant to Bankruptcy Rule 2004 and Local Bankruptcy Rule 2004-1 Directing the Production of Documents by the Foris Lenders* (the "Rule 2004 Motion").

[3] Each capitalized terms used but not defined herein shall have the meaning ascribed to it in the Motion to Shorten or Rule 2004 Motion.

required by the Ad Hoc Group's failure to demonstrate any exigent circumstances necessitating shortened notice.

2.      Local Rule 9006-1(e) requires that any motion for shortened notice specify the "exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). The Motion to Shorten does not identify any "exigencies" at all but instead suggests four reasons why shortened notice is purportedly appropriate. Each is without merit.

3.      First, the Ad Hoc Group states that the Rule 2004 Motion is a "straightforward discovery motion." Mtn. to Shorten ¶ 10. Not so. The Rule 2004 Motion seeks broad discovery on a scattershot of random topics "designed to investigate potential litigation claims arising out of the Debtors' directors' and officers' prepetition conduct." Mtn. to Shorten ¶ 6. By this admission, the Ad Hoc Group confirms that the Rule 2004 Motion seeks discovery in search of potential personal claims against non-debtor entities—the Debtors' directors and officers. The Ad Hoc Group, however, is not entitled to this discovery pursuant to Rule 2004 and thus it belies reality to call the Rule 2004 Motion "straightforward." In any event, the Motion to Shorten lacks factual support to demonstrate that exigent circumstances exist to justify shortened time.

4.      Second, the Ad Hoc Group states that they need "discovery as promptly as possible to meet the Debtors' contemplated plan confirmation deadlines." Mtn. to Shorten ¶ 11. Third, and overlapping with the second reason, the Ad Hoc Group states that they "need[] discovery to consider its position on the acceptability of the Debtors' proposed Disclosure Statement in advance of the November 21, 2023 hearing on that statement." Mtn. to Shorten ¶ 12.

5.      The Ad Hoc Group has been actively involved in these cases since they were filed 77 days ago, on August 9, 2023. The Ad Hoc Group appeared at the first day hearing held on August 11, 2023 (s*ee* Docket No. 56); filed a notice of appearance on August 14, 2023 (*see* Docket

No. 76); filed their Rule 2019 statement on August 24, 2023 (*see* Docket No. 129); and was the subject of the Debtors' *Motion to Assume and/or Enter into Reimbursement Agreements with Professionals for the Ad Hoc Noteholder Group* (the "Fee Reimbursement Motion") filed on August 25, 2023 (*see* Docket No. 148). Importantly, the Fee Reimbursement Motion provided that the Debtors would pay the Ad Hoc Group's professional fees, up to a dollar amount cap, to allow these professionals to receive and review documents related to the Foris Prepetition Secured Lenders' claims and liens, including the Debtors' board minutes and materials related to the obligations constituting the claims. *See* Fee Reimbursement Motion ¶ 10. Equally important, the Ad Hoc Group agreed that the Fee Reimbursement Motion would not cover any professional fees "(i) in connection with or in furtherance of investigating (except to the extent expressly provided for in the Scope [of services set forth in the Fee Reimbursement Motion]), preparing for, commencing, or prosecuting any claim, cause of action or litigation against the Debtors, the Foris Prepetition Secured Lenders or the DIP Secured Parties, or assisting any person in connection with the foregoing; or (ii) in connection with prosecution or defense of any claim of any individual member of the Ad Hoc Noteholder Group." *Id.* The Ad Hoc Group clearly understood the limited scope of their professionals' engagement (assuming it was to be reimbursed) and chose to forgo, for over three months, the discovery they now seek today. This delay does not support a request to shorten notice.

6. Additionally, assuming Rule 2004 was the proper tool for discovery related to plan confirmation (it is not), the proposed January 17, 2024 confirmation hearing does not create any exigencies warranting shortened notice, nor does the Ad Hoc Group assert that one exists. And finally, the UCC is already proceeding with an investigation and has received significant document production from the Foris Prepetition Secured Lenders (and presumably the Debtors) focused on

a myriad of topics, including some of those cited by the Ad Hoc Group regarding the Debtors' disclosure statement and chapter 11 plan. If the Ad Hoc Group is coordinating with the UCC as it says, the Ad Hoc Group is not prejudiced by a hearing on the Rule 2004 Motion on November 6, 2023.

7. Fourth, the Ad Hoc Group states that it needs "access to responsive documents as soon as possible to incorporate them into" their evaluation of potential claims. This statement hides the ball. The Foris Prepetition Secured Lenders have already agreed to provide counsel to the Ad Hoc Group with the document productions provided to the UCC on a rolling basis.[4] Moreover, comparison of the prior document request attached as Exhibit A to the Rule 2004 Motion with the present document request attached as Exhibit C to the Rule 2004 Motion entirely undercuts this "reason" for shortened notice because responsive documents are *already* being produced.[5]

## **OBJECTION**

8. Pursuant to Bankruptcy Rule 9006(c), the requisite notice period for a hearing on a motion may only be shortened "for cause shown." 11 U.S.C. 9006(c). Further, Local Rule 9006-1(e) provides, "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e); *see In*

---

[4] *See* Ex. B, Rule 2004 Motion. Email from Ms. Meghan K. Spillane on October 20, 2023 at 2:34 PM ("You are correct in that Foris has agreed to produce to counsel for the Ad Hoc Group (MoloLamken) the materials that it is currently producing to the UCC, subject to your agreement to treat all such materials as 'Professionals Eyes Only.'"). Email from Mr. Mark Kelley on October 20, 2023 at 7:30 PM ("We agree to treat materials produced by the Foris parties on a "Professional Eyes Only" basis.").

[5] *Compare* Ex. A, Rule 2004 Motion (providing that number 1 under Requests for Production in Exhibit A to the Rule 2004 Motion is "All documents and communications produced to any other party in interest in the above-captioned bankruptcy cases") *with* Ex. C, Rule 2004 Motion (removing this request in the Requests for Production therein).

*re Fleming Companies, Inc.*, 304 B.R. 85, 100 (Bankr. D. Del. 2003) (explaining motions to shorten notice are only necessary in true emergency circumstances). When determining whether to shorten notice, the Court must consider the prejudice to parties entitled to notice and weigh such prejudice against the reasons for hearing the motion on an expedited basis. *In re Philadelphia Newspapers*, LLC, 690 F.3d 161, 171 (3d Cir. 2012).

A.    **No Exigent Circumstances Warrant Expediting the Rule 2004 Motion**

9.    As noted above, the Motion to Shorten makes no mention of exigent circumstances and, therefore, fails to meet the standard for shortening notice under the Local Rules. Instead, the Ad Hoc Group cites four spurious reasons why their overly broad and procedurally improper discovery requests should proceed on an arbitrary and expedited timeline.

10.    The timing of the Rule 2004 Motion was completely in the control of the Ad Hoc Group. In March 2023, the Ad Hoc Group retained counsel to represent it "in connection with a potential restructuring of the Debtors."[6] This counsel was actively engaged with counsel to the Debtors and Foris Prepetition Secured Parties both pre- and post-petition, as detailed above. Information was sought and provided, analysis was presumably done, and legal and financial advisory fees were paid. Only when the Ad Hoc Group realized that the Challenge Period would not be extended as to them, did the Ad Hoc Group abruptly pivot to an aggressive litigation strategy facilitated by new counsel hired on or around October 16, 2023.[7] Any "urgency" purported by the Ad Hoc Group is artificial, by their own design, and improperly imposed on this Court and the Foris Prepetition Secured Lenders.

---

[6]    *See Amended Verified Statement Of The Ad Hoc Noteholder Group Pursuant To Bankruptcy Rule 2019*, ¶ 1 [Docket No. 579]

[7]    *Id*. at 3.

5

11. To the extent the Ad Hoc Group seeks information in connection with potential derivative claims of the Debtors' estates or direct claims that the Ad Hoc Group believes it may have, this discovery is (1) improper under Rule 2004, and (2) not urgent because the Foris Prepetition Secured Lenders have already produced, and will continue to produce, to the Ad Hoc Group the same documents produced to the UCC, subject to the terms of the Ad Hoc Group's confidentiality agreement and the stipulated protective order in these cases.  The UCC, the sole non-debtor statutory body charged with investigating potential claims, is receiving documents on a negotiated timeline and the Ad Hoc Group is not entitled to expedite that timeline through their Rule 2004 Motion.  Shortening notice therefore serves no purpose other than to harass and prejudice the Foris Prepetition Secured Lenders.

12. To the extent the Ad Hoc Group seeks information in connection with the disclosure statement and plan confirmation, Rule 2004 discovery is inappropriate because any discovery must follow the requirements of Rule 9014.  *See Peltz v. Worldnet Corp. (In re USN Communs., Inc.)*, 280 B.R. 573, 586 (Del. Bankr. 2002) ("[The] confirmation process constitutes a contested matter under the Bankruptcy Rules.").  Moreover, the Ad Hoc Group argues that shortened notice is required despite acknowledging that "[a]mple time remains, but only if no further delay." Mtn. to Shorten ¶ 11.  The Ad Hoc Group is correct—parties in interest are afforded ample time for discovery under Rule 7026 et seq. in connection with the chapter 11 plan in advance of the confirmation hearing scheduled for January 17, 2023.  With approximately three months remaining until this date, there is no "emergency" today.

**B.    Potential Prejudice to Foris Outweighs Any Need For Shortened Notice**

13. Weighing the potential prejudice to the Foris Prepetition Secured Lenders against the lack of exigency for shortened notice makes clear that the Motion to Shorten should be denied.

6

The Motion to Shorten and Rule 2004 Motion seek to accelerate responses to over a dozen vague or overly burdensome discovery requests in a shortened amount of time, and without the benefit of the procedural safeguards of the Federal Rules of Civil Procedure, incorporated into the Bankruptcy Rules, as applicable here. Despite the foregoing, the Ad Hoc Group argues that "the motion is a straightforward discovery motion." Motion to Shorten ¶ 10. Not so.

14. The Ad Hoc Group further argues (incorrectly) that the Motion to Shorten does not prejudice the Foris Prepetition Secured Lender because the parties first held a meet and confer on October 19, 2023, and because the Foris Prepetition Secured Lenders had already set out their objections in writing. Thus, according to the Ad Hoc Group, the mere agreement to meet and confer (as is required by Local Rules) and the exchange of a few general emails is sufficient preparation to respond to the specific arguments and case law presented in the Rule 2004 Motion on shortened notice. Motion to Shorten ¶ 14. This argument lacks merit. It would be a perverse result if the Ad Hoc Group's self-created emergency, which only surfaced on October 19, 2023, justifies requiring the Foris Prepetition Secured Lenders to respond to the Rule 2004 Motion on a shortened timeframe.

15. It is plain that the Ad Hoc Group's last-minute switch from a consensual chapter 11 plan negotiation strategy to contentious litigation is duplicative and burdensome of the efforts of the UCC and suggests a design to simply to harass—a purpose for which a party cannot turn to Rule 2004 discovery. *See In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984) (finding "examination cannot be used for purposes of abuse or harassment").

16. For its part, the Ad Hoc Group will not be prejudiced at all if the Motion to Shorten is denied. As was pointed out to the Ad Hoc Group before they filed the Motion to Shorten, there is an omnibus hearing in these chapter 11 cases set for November 6, just days after the hearing

7

date the Ad Hoc Group seeks. The Ad Hoc Group has identified no harm whatsoever that it will suffer if the Rule 2004 Motion is heard on that omnibus hearing date.

**C.      The Motion for Shortened Notice Contravenes this Court's Procedural Rules**

17.     The Ad Hoc Group cites this Court's Procedures in connection with its argument that 14 days' notice is not needed to hear the Rule 2004 Motion. *See* Mtn. to Shorten ¶ 10. However, to the extent that the Rule 2004 Motion is viewed as a discovery dispute, this Court's Chambers Procedures contemplate at least 10 days' notice for a hearing absent an emergency. *See* Chambers Procedures for Judge Thomas M. Horan at 3. ("Absent an emergency that would warrant shorter notice, such a hearing will typically be set no less than ten days after the filing of the letter.").

[*Remainder of Page Left Intentionally Blank*]

**CONCLUSION**

18. For the reasons set forth herein, the Foris Prepetition Secured Lenders respectfully request that the Court deny the Motion to Shorten and enter the proposed order attached hereto as **Exhibit A**.

Dated: October 25, 2023
Wilmington, Delaware

*/s/ Kenneth A. Listwak*
David M. Fournier (DE No. 2812)
Kenneth A. Listwak (DE No. 6300)
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Hercules Plaza, Suite 5100
1313 N. Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone: (302) 777-6500
Facsimile: (302) 421-8390
E-mail:  david.fournier@troutman.com
         ken.listwak@troutman.com

-and-

Michael H. Goldstein (admitted *pro hac vice*)
Alexander J. Nicas (admitted *pro hac vice*)
Debora A. Hoehne (admitted *pro hac vice*)
Artem Skorostensky (admitted *pro hac vice*)
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Email:  mgoldstein@goodwinlaw.com
        anicas@goodwinlaw.com
        dhoehne@goodwinlaw.com
        askorostensky@goodwinlaw.com

*Counsel to the Foris Prepetition Secured Lenders and the DIP Secured Parties*