## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date Requested:  November 6, 2023 at 10:00 a.m. (ET)

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER
(I) AUTHORIZING DEBTORS TO EXECUTE WRITTEN CONSENT OF THE
BOARD OF MANAGERS OF NOVVI LLC AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"):  (i) authorizing the Debtors to execute that certain *Action by Unanimous Written Consent of the Board of Managers of Novvi LLC* (the "Written Consent"), attached hereto as **Exhibit B**; and (ii) granting related relief.  In support of this Motion, the Debtors submit the declaration of Charles Kraft (the "Kraft Declaration"),[2] attached hereto as **Exhibit C** and incorporated herein by reference.  In further support of the Motion, the Debtors respectfully represent as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Charles Kraft, Senior Vice President of Manufacturing of the Debtors, is the Debtors' appointed manager on the Board of Managers of Novvi LLC.

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code, Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1.

**Background**

**A.    The Chapter 11 Cases**

4. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases. On August 27, 2023,

the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"), including the following members: U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

5. Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment. Through Amyris's cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease. Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology. Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

6. In addition, Amyris operates a family of consumer brands that use the company's ingredients to meet the growing demand for sustainable, effective, and accessible products, including Biossance® (clean beauty skincare), JVN™ (haircare), Rose Inc.™ (clean color cosmetics), Pipette® (clean baby skincare), OLIKA™ (clean wellness), MenoLabs™ (healthy living and menopause wellness), Stripes™ (menopausal wellness), and 4U by Tia™ (a new clean haircare line).

7. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

B. **Novvi and the Written Consent**

8. Novvi LLC ("Novvi") is a U.S.-based joint venture among Amyris, Inc., American Refining Group, Inc., Chevron U.S.A. Inc. ("Chevron"), and H&R Group US, Inc. ("H&R")[3]

---

[3] Amyris, Inc. purchased its interest in Novvi in October 2019 from Cosan US, Inc. for $10.8 million.

Amyris, Inc. holds an approximate 16% equity ownership interest in Novvi. Novvi develops, produces, and commercializes base oils, additives, and lubricants derived from fatty alcohols for use in the automotive, commercial and industrial lubricants markets.

9. Novvi is in the process of obtaining additional funding to, among other things, support its operations. In connection with these activities, Novvi is preparing to undertake several actions, including entry into a senior secured loan being funded by certain of Novvi's existing members (the "Member Loan"). These actions are memorialized in the Written Consent. Although Amyris, Inc. does not have an interest in any existing loans to Novvi, it does have the right to participate, up to its percentage membership interest, in any approved member funding pursuant to Article 5 of the *Fourth Amended and Restated Operating Agreement of Novvi LLC*, dated as of March 12, 2018. Pursuant to the Written Consent, Amyris, Inc. will waive its right to participate in the Member Loan.

10. The Members will approve the funding of the Member Loan through a committed priming loan facility that will be secured by a first priority security interest on the assets of Novvi (the "Priming Loan Facility"), which Priming Loan Facility will be evidenced by the issuance of one or more notes to the Members substantially in the form of the Non-Revolving Senior Secured Note attached as Exhibit A to the Written Consent and issued by Novvi payable to the applicable participating Members (each, a "Priming Note") in the aggregate principal amount of up to $10,000,000, which will be secured by a security agreement substantially in the form attached in Exhibit A to the Written Consent. Each of Chevron and H&R, as lenders of the outstanding member loans to Novvi, will subordinate their membership loans in priority of payment and liens to the obligations under the Priming Loan Facility pursuant to a separate subordination agreement.

11. In light of these Chapter 11 Cases, the Debtors have determined that it is in the best interests of the Debtors and their estates to execute the Written Consent, waive any right to participate in the Member Loan, and approve the related transactions contemplated in the Written Consent.

### Relief Requested

12. By this Motion, the Debtors seek the entry of the Order: (i) authorizing the Debtors to execute the Written Consent; and (ii) granting related relief.

### Basis for Relief

13. Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363(b) of the Bankruptcy Code, courts require only that the debtor show "a good business reason" for such actions. *See*, *e.g.*, *Official Comm. of Unsecured Creditors v. Enron Corp.*, 335 B.R. 22, 28 (S.D.N.Y. 2005) (quoting *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063, 1072 (2d Cir. 1983); *see also In re Adelphia Commc'ns Corp.*, No. 02-41729, 2003 WL 22316543, at *30 (Bankr. S.D.N.Y. Mar. 4, 2003).

14. "Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task"). Absent a showing of bad faith, self-interest, or gross negligence, courts are reluctant to interfere with business decisions, provided that such

decisions are attributable to a "rational business purpose." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).

15. Additionally, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) provides this Court with broad, equitable powers to "assure the orderly conduct of the reorganization proceedings." *Garrity v. Leffler (In re Neuman)*, 71 B.R. 567, 573 (S.D.N.Y. 1987) (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985)).

16. The Debtors have determined in their sound business judgment that executing the Written Consent is in the best interests of the Debtors' estates. As described more fully above, the Written Consent authorizes a number of actions to be undertaken by Novvi. The Debtors have carefully reviewed the terms of the transactions contemplated by the Written Consent and have determined that it is appropriate to grant their consent to those transactions. For these reasons, the Debtors submit that the relief requested herein is appropriate under section 363(b) of the Bankruptcy Code.

## Waiver of Bankruptcy Rule 6004(a) And 6004(h)

17. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

18. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com) and

Alexander J. Nicas, Esq. (anicas@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com); and (f) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

**NO PRIOR REQUEST**

19. The Debtors have not made any prior request for the relief sought herein to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached as Exhibit A hereto, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated:  October 30, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com
         joneill@pszjlaw.com
         jrosell@pszjlaw.com
         sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*