## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AMYRIS, INC. et al, | ) Case No. 23-11131 (TMH) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. ___** |
| | ) |

### ORDER DIRECTING THE APPOINTMENT OF EXAMINER
### PURSUANT TO 11 U.S.C. § 1104(C)

Upon consideration of the motion (the "Examiner Motion")[2] of the ad hoc group (as further defined in the Examiner Motion, the "Ad Hoc Cross-Holder Group") seeking entry of an order for the appointment of an examiner; and finding that due and sufficient notice of the Examiner Motion was given; and it appearing that the Court has jurisdiction over this matter pursuant to pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2); and after due deliberation and sufficient cause appearing therefor, based upon the record, the Court finds that there is the basis for appointment of an examiner, pursuant to 11 U.S.C. § 1104(c). Based on the foregoing, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. Pursuant to section 1104(d) of the U.S. Bankruptcy Code, the Office of the United States Trustee (the "U.S. Trustee") shall appoint a disinterested person as an examiner (the "Examiner") in the Debtors' chapter 11 cases in consultation with parties in interest. The U.S.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used herein, but not defined herein shall have the meanings assigned such terms in the Examiner Motion.

Trustee shall file a notice of appointment of the Examiner as soon as reasonably practicable after the date of entry of this Order (the "Appointment Date").

3. The Examiner shall: (a) investigate any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the Debtors of or by current or former management of the Debtors, including but not limited to whether the Debtors' board and/or management at all times discharged their fiduciary duties with respect to the Debtors; (b) investigate the nature, extent, propriety, and/or validity of the Debtors' prepetition and postpetition financing arrangements, including but not limited to any transactions between the Debtors and Foris Ventures, LLC and any affiliates thereof; and (c) otherwise perform the duties of an examiner set forth in section 1106(a)(3) and 1106(a)(4) of the Bankruptcy Code (collectively the "Investigation"). If the Examiner or any other party in interest concludes that expanding the scope of the Investigation is reasonably likely to lead to the discovery of potential claims belonging to the estates, the Examiner or party in interest may file a motion to modify this Order.

4. The Debtors, the Official Committee of Unsecured Creditors (the "Committee"), the Foris Lenders, the DIP Lender, and all other parties in interest shall fully cooperate with the Examiner in the performance of any of the Examiner's duties and the Investigation, and shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with, or duplication of, the Investigation.

5. The Debtors shall provide to the Examiner all non-privileged documents and information within their possession that the Examiner deems relevant to perform the Investigation. If the Examiner seeks the disclosure of documents or information as to which the Debtors assert a claim of privilege, or otherwise objects to disclosing, including on the basis that the request is

beyond the scope of the Investigation, and the Examiner and the Debtors are unable to reach a resolution on whether or on what terms such documents or information should be disclosed to the Examiner, the matter may be brought before the Court for resolution.

6. Neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the performance of the Investigation or the Examiner's duties until the Examiner's Report is filed with the Court.

7. The Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

8. The Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their expenses pursuant to 11 U.S.C. §§ 330, 331 and any administrative order governing interim compensation and reimbursement of expenses of professionals which may be entered in these cases.  Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

9. Before commencing the Investigation, the Examiner shall meet and confer with representatives from the Ad Hoc Cross-Holder Group, the Committee, the Debtors, and any other party that the Examiner deems appropriate to discuss the Investigation.

10. Within fifteen (15) days after entry of the order approving the appointment of the Examiner is entered on the docket in these cases, the Examiner shall propose a work plan and shall provide his or her estimated costs for the Investigation consistent with this Order, which shall be subject to the approval of the Court on ten (10) days' notice to all parties that have requested notice

4

pursuant to Bankruptcy Rule 2002. Notwithstanding the foregoing, the parties required to receive notice may waive such requirement in writing.

11. The Examiner shall prepare and file a report (the "Report") within seventy-five (75) days of being appointed by the United States Trustee pursuant to this Order, or such later time as may be ordered by further order of the Court, either on its own or upon application by the Examiner, which Report shall set forth the Examiner's findings and conclusions with respect to the Investigation.

12. The Examiner shall have the standing of a "party in interest" with respect to the matters that are within the scope of the Investigation and shall be entitled to appear and be heard at any and all hearings in these cases.