**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

Objections Due:  November 22, 2023 at 4:00 P.M. (ET)
Hearing Date:  To be scheduled if necessary

**NOTICE OF FIRST MONTHLY FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM AUGUST 9, 2023 THROUGH AUGUST 31, 2023**

**PLEASE TAKE NOTICE** that on November 1, 2023, Pachulski Stang Ziehl & Jones LLP, counsel for the above-captioned debtors and debtors in possession (the "Debtors"), filed its *First Monthly Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Counsel for the Debtors and Debtors in Possession for the Period of August 1, 2023 through August 31, 2023* (the "Application"), seeking compensation for the reasonable and necessary services rendered to the Debtors in the amount of $1,275,515.75 and reimbursement for actual and necessary expenses in the amount of $10,533.41.  A copy of the Application is attached hereto.

**PLEASE TAKE FURTHER NOTICE** that any response or objection to the Application, if any, must be made in writing and filed with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 (the "Court") on or before **November 22, 2023 at 4:00 p.m. Eastern Time**.

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

The Application is submitted pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals*, entered on September 14, 2023 [Docket No. 279] (the "Administrative Order").

**PLEASE TAKE FURTHER NOTICE** that at the same time, you must also serve a copy of the response or objection upon: (i) the Debtor: Amyris, Inc., 5885 Hollis Street, Suite 100, Emeryville, CA 94608 (ii) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: James E. O'Neill (joneill@pszjlaw.com) and Jason H. Rosell (jrosell@pszjlaw.com); (iii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn: John Schanne (john.schanne@usdoj.gov); (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, Attn: John Ramirez (john.ramirez@whitecase.com) and Stephen E. Ludovici (stephen.ludovici@whitecase.com); (v) counsel for the DIP Agent, DIP Lender, and Prepetition Agent, (a) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899, Attn: David M. Fournier (david.fournier@troutman.com) and Kenneth A. Listwak (ken.listwak@troutman.com), and (b) Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein (mgoldstein@goodwinlaw.com), Alexander J. Nicas (anicas@goodwinlaw.com), Artem Skorostensky (askorostensky@goodwinlaw.com), and Sari Rosenfeld (srosenfeld@goodwinlaw.com); and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, THEN 80% OF FEES AND 100% OF EXPENSES REQUESTED IN THE APPLICATION MAY BE PAID PURSUANT TO

2

THE ADMINISTRATIVE ORDER WITHOUT FURTHER HEARING OR ORDER OF THE
COURT.

IF A TIMELY OBJECTION IS FILED AND SERVED, A HEARING ON THE
APPLICATION WILL BE HELD AT A DATE AND TIME TO BE DETERMINED.

Dated: November 1, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com
         joneill@pszjlaw.com
         jrosell@pszjlaw.com
         sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

Objections Due:  November 22, 2023 at 4:00 P.M. (ET)
Hearing Date:  To be scheduled if necessary

**FIRST MONTHLY FEE APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
PERIOD FROM AUGUST 9, 2023 THROUGH AUGUST 31, 2023**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of August 9, 2023 by order signed September 11, 2023 |
| Period for which Compensation and Reimbursement is Sought: | August 1, 2023 through August 31, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $1,275,515.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $10,533.41 |

This is a:    ☒ monthly    ☐ interim    ☐ final application.

The total time expended for fee application preparation is approximately 3.0 hours and

the corresponding compensation requested is approximately $2,500.00.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior Applications have been filed.


**PSZJ PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard M. Pachulski | Partner, 1979 | $1,895.00 | 111.30 | $210,913.50 |
| Alan J. Kornfeld | Partner, 1987 | $1,675.00 | 11.80 | $ 19,765.00 |
| David J. Barton | Partner, 1981 | $1,645.00 | 2.30 | $ 3,783.50 |
| Debra I. Grassgreen | Partner, 1992 | $1,550.00 | 115.40 | $178,870.00 |
| Henry C. Kevane | Partner, 1986 | $1,550.00 | 94.30 | $146,165.00 |
| Richard J. Gruber | Counsel, 1982 | $1,525.00 | 23.80 | $ 36,295.00 |
| Judith Elkin | Counsel, 1982 | $1,450.00 | 34.30 | $ 49,735.00 |
| Maxim B. Litvak | Partner, 1997 | $1,445.00 | 36.60 | $ 52,887.00 |
| Malhar S. Pagay | Partner, 1997 | $1,295.00 | 10.70 | $ 13,856.50 |
| James E. O'Neill | Partner, 1985 | $1,275.00 | 135.50 | $172,762.50 |
| Jonathan J. Kim | Counsel, 1996 | $1,175.00 | 26.70 | $ 31,372.50 |
| Victoria A. Newmark | Counsel, 1996 | $1,175.00 | 13.50 | $ 15,862.50 |
| Robert M. Saunders | Counsel, 1984 | $1,095.00 | 8.90 | $ 9,745.50 |
| Tavi C. Flanagan | Counsel, 1993 | $1,075.00 | 3.50 | $ 3,762.50 |
| Gina F. Brandt | Counsel, 1976 | $1,050.00 | 0.60 | $ 630.00 |
| Jason H. Rosell | Partner, 2010 | $995.00 | 134.30 | $133,628.50 |
| Gillian N. Brown | Counsel, 1999 | $975.00 | 13.40 | $ 13,065.00 |
| Richard M. Pachulski | Partner, 1979 | $947.50 | 5.30 | $ 5,021.75 |
| Steven W. Golden | Partner, 2015 | $895.00 | 126.80 | $113,486.00 |
| Debra I. Grassgreen | Partner, 1992 | $775.00 | 4.00 | $ 3,100.00 |
| Edward A. Corma | Associate, 2018 | $725.00 | 43.60 | $ 31,610.00 |
| Leslie A. Forrester | Library | $595.00 | 2.70 | $ 1,606.50 |
| Patricia J. Jeffries | Paralegal | $545.00 | 40.80 | $ 22,236.00 |
| Ian D. Densmore | Paralegal | $545.00 | 6.60 | $ 3,597.00 |
| Beth D. Dassa | Paralegal | $545.00 | 0.20 | $ 109.00 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Cheryl A. Knotts | Paralegal | $495.00 | 0.50 | $    247.50 |
| Andrea R. Paul | Case Mgmt. Assistant | 425.00 | 3.10 | $  1,317.50 |
| Charles J. Bouzoukis | Case Mgmt. Assistant | $425.00 | .20 | $      85.00 |

**Grand Total:  $1,275,515.75**
**Total Hours:      1,010.70**
**Blended Rate:    $1,262.01**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis and Recovery | 17.60 | $ 22,324.00 |
| Asset Disposition | 61.70 | $ 73,972.50 |
| Bankruptcy Litigation | 35.60 | $ 40,599.00 |
| Business Operations | 32.70 | $ 36,630.50 |
| Case Administration | 66.40 | $ 78,097.00 |
| Claims Administration and Objections | 4.70 | $   4,309.00 |
| Contract and Lease Matters | 206.30 | $264,603.50 |
| Corporate Governance | 33.90 | $ 51,960.50 |
| Employee Benefits/Pensions and KEIP/KERP | 26.10 | $ 34,353.50 |
| Financial Filings | 7.40 | $   7,677.00 |
| Financing/Cash Collateral/Cash Management | 116.80 | $174,338.00 |
| First/Second Day Matters | 123.80 | $134,918.50 |
| General Creditors' Committee | 12.80 | $ 15,977.00 |
| Hearings | 23.30 | $ 33,001.00 |
| Insurance Issues | 3.30 | $   3,603.50 |
| Litigation (Non-Bankruptcy) | 4.50 | $   4,562.50 |
| Meetings of and Communications with Creditors | 3.00 | $   3,022.00 |
| Non-Working Travel | 9.30 | $   8,121.75 |
| Other Professional Compensation | 31.20 | $ 34,920.50 |
| Other Professional Retention | 71.80 | $ 80,168.50 |
| Plan and Disclosure Statement | 105.70 | $154,356.00 |
| PSZJ Retention | 7.50 | $   8,988.50 |
| Stay Litigation | 5.30 | $   5,011.50 |
| **Totals** | **1,010.70** | **$1,275,515.75** |

6

**EXPENSE SUMMARY**

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | United | $1,800.00 |
| Attorney Service | Nationwide Legal | $  304.20 |
| Auto Travel Expense | KLS Transportation | $  664.23 |
| Bloomberg | | $  170.80 |
| Conference Call | AT&T | $      3.67 |
| Court Fees | USDC DE | $5,339.00 |
| Delivery/Courier Service | Advita | $    30.00 |
| Hotel Expense | | $  430.00 |
| Lexis/Nexis- Legal Research | | $  195.16 |
| Litigation Support Vendors | Specialized Legal | $  391.00 |
| Pacer - Court Research | | $    37.20 |
| Reproduction Expense - @0.10 per page | | $  641.80 |
| Transcript | Reliable | $  526.35 |
| **Total** | | **$10,533.41** |

---

[3] PSZJ may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

7

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

Objections Due:  November ●, 2023 at 4:00 P.M. (ET)
Hearing Date:  To be scheduled if necessary

**FIRST MONTHLY FEE APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
PERIOD FROM AUGUST 9, 2023 THROUGH AUGUST 31, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and this *Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on September 14, 2023 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel for the debtors and debtors in possession ("Debtors"), hereby submits its First Monthly Application for Compensation and for Reimbursement of Expenses for the Period from August 9, 2023 through August 31, 2023 (the "Application").

By this Application PSZJ seeks a monthly interim allowance of compensation in the amount of $1,275,515.75 and actual and necessary expenses in the amount of $10,533.41 for a total allowance of $1,286,049.16 and payment of $1,020,412.600 (80% of the allowed fees) and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

reimbursement of $10,533.41 (100% of the allowed expenses) for a total payment of $1,030,946.01 for the period August 1, 2023 through August 31, 2023 (the "Fee Period"):

**Background**

1.      On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following seven members:  (i) Cosan U.S. Inc., (ii) U.S. Bank Trust Company, National Association as Trustee, (iii) Sartorius Stedim North America, Inc., (iv) Hearst Magazine Media, Inc., (v) Wiley Companies, (vi) Park Wynwood, LLC, and (vii) Allog Participacoes, Ltda. *See* Docket No. 152.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      On September 14, 2023, the Court entered the Administrative Order, authorizing estate professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending March 31, 2023, and at three-month intervals or such other intervals convenient to the Court, each of the

Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

5.      The retention of PSZJ, as counsel for the Debtors, was approved effective as of August 9, 2023 by this Court's Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of the Petition Date, entered on September 11, 2023 (the "Retention Order").  The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZJ's APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

6.      All services for which PSZJ requests compensation were performed for or on behalf of the Debtors, and not on behalf of any committee, creditor or other person.

7.      PSZJ, and any partner, of counsel, or associate thereof, have received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZJ and any other person other than among the partners, of counsel, or associates of PSZJ for the sharing of compensation to be received for services rendered in these cases.  PSZJ has received payments from the Debtors during the year prior to the Petition Date in the amount of $1,874,692.00 in connection with the preparation of initial documents and its prepetition representation of the Debtors.  PSZJ has applied all prepetition payments to all outstanding prepetition fees and expenses.

8.      The professional services and related expenses for which PSZJ requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZJ's professional responsibilities as attorneys for the Debtors in these chapter 11 cases.  PSZJ's services have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.

## Fee Statements

9.      The invoice for the Fee Period is attached hereto as **Exhibit A**.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZJ's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order.  PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZJ is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  To the extent it is feasible, PSZJ professionals attempt to work during travel.

## Actual and Necessary Expenses

10.      A summary of the actual and necessary expenses incurred by PSZJ for the Fee Period is attached hereto as part of **Exhibit A**.  PSZJ customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware.  PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the

copying enters the client's account number into a device attached to the photocopier.  PSZJ summarizes each client's photocopying charges on a daily basis.

11.     PSZJ charges $0.25 per page for out-going facsimile transmissions.  There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.  PSZJ does not charge the Debtor for the receipt of faxes in this case.

12.     With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research.  PSZJ bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZJ is passed on to the client.

13.     PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

14.     The names of the timekeepers of PSZJ who have rendered professional services in this case during the Interim Period are set forth in the attached **Exhibit A**.  PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtor's case, and performed all necessary professional services

5

which are described and narrated in detail below.  PSZJ's efforts have been extensive due to the size and complexity of the Debtors' cases.

## Summary of Services by Project

15.     The services rendered by PSZJ during the Fee Period can be grouped into the categories set forth below.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.      Asset Analysis and Recovery**

16.     During the Fee Period, the Firm, among other things, reviewed and analyzed complex intellectual property issues.

Fees: $22,324.00      Hours: 17.60

**B.      Asset Disposition**

17.     During the Fee Period, the Firm, among other things, (i) prepared a motion to approve bid procedures and corresponding form asset purchase agreement and bid procedures; (ii) assisted; (iii) prepared a motion for approval of a de minimis asset procedures motion; (iv) addressed sale related issues; and (v) participated in sale update calls with the Debtors' professionals.

Fees: $73,972.50      Hours: 61.70

**C.**     **Bankruptcy Litigation**

18.     During the Fee Period, the Firm, among other things, (i) reviewed and analyzed potential litigation and investigation issues; (ii) reviewed, analyzed and prepared responses to discovery requests propounded by the Committee; (iii) participated in calls with estate professionals regarding discovery requests and litigation issues; and (iv) maintained a virtual data room.

Fees:  $40,599.00     Hours:  35.60

**D.**     **Business Operations**

19.     During the Fee Period, the Firm, among other things, (i) addressed intercompany operational issues; (ii) addressed press and communication issues with the Debtors; (iii) participated in calls with the Debtors' professionals regarding critical vendor issues; (iv) prepared critical vendor agreements; (v) conferred with estate professionals regarding business plan modeling; and (vi) participated in working group strategy calls.

Fees:  $36,630.50     Hours:  32.70

**E.**     **Case Administration**

20.     During the Fee Period, the Firm, among other things, (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a calendar of critical dates and deadlines, (iii) discussed, reviewed, and followed up on various open case issues, (iv) and participated in weekly case strategy calls.

Fees:  $78,097.00     Hours:  66.40

**F.**     **Claims Administration and Objections**

21.     During the Fee Period, the Firm, among other things, analyzed a potential antitrust claim, and prepared a motion to set claims bar dates.

7

Fees:  $4,309.00        Hours:  4.70

**G.**    **Corporate Governance**

22.    During the Fee Period, the Firm, among other things, (i) prepared for and attended regular board meetings; (ii) conferred with counsel regarding board issues; (iii) reviewed and analyzed board minutes; (iv) prepared for and attended regular restructuring committee meetings; and (v) addressed governance issues.

Fees:  $51,960.50      Hours:  33.90

**H.**    **Employee Benefits/Pensions and KEIP/KERP**

23.    During the Fee Period, the Firm, among other things, (i) addressed management severance issues; (ii) prepared for and obtained Court approval of a KEIP/KERP motion; and (iii) prepared correspondence to KEIP/KERP participants.

Fees:  $34,353.50      Hours:  26.10

**I.**    **Contract and Lease Matters**

24.    During the Fee Period, the Firm, among other things, (i) analyzed and addressed issues in  connection with DSM Firmenich and Givaudan contracts and agreements; (ii) reviewed, analyzed and performed research in connection with IP escrow agreements; (iii) analyzed the debtors' various contracts and leases for potential rejection; (iv) prepared and obtained approval of two motions to reject various contracts and/or leases; (v) conferred with the Debtors and counsel regarding Givaudan strategy; (vi) conferred with Debtors' professionals and began contract review in connection with collating schedules and cure amounts; and (vii) reviewed and analyzed proposed Givaudan term sheets.

Fees:  $264,603.50      Hours:  206.30

**J.**    **First/Second Day Matters**

25.    During the Fee Period, the Firm, among other things, (i) conferred with the Debtors' professionals regarding case filing status updates; (ii) prepared and obtained approval on first day motions; (iii) prepared agendas and notices of hearing on first and second day motions; (iv) prepared hearing binders for Chambers on first and second day hearings; and (v) prepared for and attended the first and second day hearings.

Fees: $134,918.50    Hours: 123.80

**K.**    **Financial Filings**

26.    During the Fee Period, the Firm, among other things, (i) addressing status of open issues with the U.S. Trustee; (ii) participating in call with the Debtors' professionals regarding the preparation of the schedules of assets and liabilities and statements of financial affairs, and assisted in the preparations thereof; (iii) assisted the Debtors with the preparation of documents requested by the U.S. Trustee in connection with the Initial Debtor Interview; (iv) prepared for and attended the Initial Debtor Interview; and (v) conferred with the Debtors' professionals regarding U.S. Trustee reporting requirements.

Fees: $7,677.00    Hours: 7.40

**L.**    **Financing/Cash Collateral/Cash Management**

27.    During the Fee Period, the Firm, among other things,(i)  prepared a motion for and obtained Court approval of a motion to continue the Debtors' cash management system; (ii) addressed budget issues; (iii) addressed cash management issues; (iv) prepared for and obtained interim approval of post-petition Debtor in Possession Financing ("DIP Financing") ; (v) reviewed, analyzed and prepared discovery responses in connection with Lavvan's objection to DIP Financing; and (vi) addressed funding issues pending final approval of the DIP Financing.

9

Fees:  $174,338.00     Hours:  116.80

**M.      General Creditors' Committee**

28.      During the Fee Period, the Firm, among other things, participated in calls with the Committee and the ad hoc noteholders regarding overall case issues and work streams.

Fees:  $15,977.00     Hours:  12.80

**N.      Hearings**

29.      During the Fee Period, the Firm, among other things, prepared for and attended the various hearings held during the Fee Period.

Fees:  $33,001.00     Hours:  23.30

**O.      Insurance Issues**

30.      During the Fee Period, the Firm, among other things, addressed various insurance inquiries.

Fees:  $3,603.50     Hours:  3.30

**P.      Litigation (Non-Bankruptcy)**

31.      During the Fee Period, the Firm, among other things, prepared and coordinated the filing of notices of bankruptcy action in various state court litigation matters.

Fees:  $4,562.50     Hours:  4.50

**Q.      Meetings of and Communications with Creditors**

32.      During the Fee Period, the Firm, among other things, prepared for and attended the 341(a) meeting of creditors.

Fees:  $3,022.00     Hours:  3.00

**R.**    <u>**Non-Working Travel**</u>

33.    During the Fee Period, the Firm the Firm incurred time while traveling on case matters.  Non-working travel time is billed at one-half the normal hourly rate.

Fees:  $8,121.75       Hours:  9.30

**S.**    <u>**Plan and Disclosure Statement**</u>

34.    During the Fee Period, the Firm, among other things, (i) reviewed and analyzed plan issues; (ii) reviewed and revised proposed term sheets; and (iii) conferred with estate professionals regarding plan issues.

Fees:  $154,356.00     Hours:  105.70

**T.**    <u>**Other Professional Compensation**</u>

35.    During the Fee Period, the Firm, among other things, prepared for and obtained Court approval of a motion to pay bondholder fees.

Fees:  $34,920.50     Hours:  31.20

**U.**    <u>**Other Professional Retention**</u>

36.    During the Fee Period, the Firm, among other things, (i) prepared for and obtained Court approval of a motion to employ ordinary course professionals; and (ii) assisted the Debtors' professionals with the preparation and filing of their disclosure declarations in connection with being employed as ordinary course professionals.

Fees:  $80,168.50     Hours:  71.80

**V.**    <u>**PSZJ Retention**</u>

37.    During the Fee Period, the Firm, among other things, performed conflicts check, and prepared an application to approve the Firm's retention as counsel for the Debtors, and appropriate disclosures.

11

Fees: $8,988.50        Hours: 7.50

**W.     Stay Litigation**

38.     During the Fee Period, the Firm, among other things, reviewed and analyzed various stay relief issues and prepared correspondence in connection therewith.

Fees: $5,011.50        Hours: 5.30

**Valuation of Services**

39.     Attorneys and paraprofessionals of PSZJ expended a total 1,010.70 hours in connection with their representation of the Debtors during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Richard M. Pachulski | Partner, 1979 | $1,895.00 | 111.30 | $210,913.50 |
| Alan J. Kornfeld | Partner, 1987 | $1,675.00 | 11.80 | $ 19,765.00 |
| David J. Barton | Partner, 1981 | $1,645.00 | 2.30 | $  3,783.50 |
| Debra I. Grassgreen | Partner, 1992 | $1,550.00 | 115.40 | $178,870.00 |
| Henry C. Kevane | Partner, 1986 | $1,550.00 | 94.30 | $146,165.00 |
| Richard J. Gruber | Counsel, 1982 | $1,525.00 | 23.80 | $ 36,295.00 |
| Judith Elkin | Counsel, 1982 | $1,450.00 | 34.30 | $ 49,735.00 |
| Maxim B. Litvak | Partner, 1997 | $1,445.00 | 36.60 | $ 52,887.00 |
| Malhar S. Pagay | Partner, 1997 | $1,295.00 | 10.70 | $ 13,856.50 |
| James E. O'Neill | Partner, 1985 | $1,275.00 | 135.50 | $172,762.50 |
| Jonathan J. Kim | Counsel, 1996 | $1,175.00 | 26.70 | $ 31,372.50 |
| Victoria A. Newmark | Counsel, 1996 | $1,175.00 | 13.50 | $ 15,862.50 |
| Robert M. Saunders | Counsel, 1984 | $1,095.00 | 8.90 | $  9,745.50 |
| Tavi C. Flanagan | Counsel, 1993 | $1,075.00 | 3.50 | $  3,762.50 |
| Gina F. Brandt | Counsel, 1976 | $1,050.00 | 0.60 | $    630.00 |
| Jason H. Rosell | Partner, 2010 | $995.00 | 134.30 | $133,628.50 |
| Gillian N. Brown | Counsel, 1999 | $975.00 | 13.40 | $ 13,065.00 |
| Richard M. Pachulski | Partner, 1979 | $947.50 | 5.30 | $  5,021.75 |
| Steven W. Golden | Partner, 2015 | $895.00 | 126.80 | $113,486.00 |
| Debra I. Grassgreen | Partner, 1992 | $775.00 | 4.00 | $  3,100.00 |
| Edward A. Corma | Associate, 2018 | $725.00 | 43.60 | $ 31,610.00 |
| Leslie A. Forrester | Library | $595.00 | 2.70 | $  1,606.50 |

12

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Patricia J. Jeffries | Paralegal | $545.00 | 40.80 | $ 22,236.00 |
| Ian D. Densmore | Paralegal | $545.00 | 6.60 | $ 3,597.00 |
| Beth D. Dassa | Paralegal | $545.00 | 0.20 | $ 109.00 |
| Cheryl A. Knotts | Paralegal | $495.00 | 0.50 | $ 247.50 |
| Andrea R. Paul | Case Mgmt. Assistant | 425.00 | 3.10 | $ 1,317.50 |
| Charles J. Bouzoukis | Case Mgmt. Assistant | $425.00 | .20 | $ 85.00 |

**Grand Total:  $1,275,515.75**
**Total Hours:       1,010.70**
**Blended Rate:     $1,262.01**

40.     The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto.  These are PSZJ's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZJ for the Debtors during the Fee Period is $1,275,515.75.

41.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order signed on or about September 14, 2023 and believes that this Application complies with such Rule and Order.

13

WHEREFORE, PSZJ respectfully requests that the Court enter an order providing that, for the period of August 9, 2023 through August 31, 2023, an interim allowance be made to PSZJ for compensation in the amount of $1,275,515.75 and actual and necessary expenses in the amount of $10,533.41 for a total allowance of $1,286,049.16 and payment of $1,020,412.600 (80% of the allowed fees) and reimbursement of $10,533.41 (100% of the allowed expenses) for a total payment of $1,030,946.01; and for such other and further relief as this Court deems proper.

Dated: November 1, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
        dgrassgreen@pszjlaw.com
        joneill@pszjlaw.com
        jrosell@pszjlaw.com
        sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

## **DECLARATION**

STATE OF DELAWARE    :
                                   :
COUNTY OF NEW CASTLE  :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b)      I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about September 14, 2023 and submit that the Application substantially complies with such rule and orders.

*/s/ James E. O'Neill*
   James E. O'Neill