# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                Debtors.¹ | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date: November 21, 2023 at 11:00 a.m. (ET)
Objection Deadline: November 14, 2023 at 4:00 p.m. (ET)

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ABANDONMENT OF INVENTORY AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (the "Debtors"), file this motion (the "Motion") pursuant to sections 105(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to abandon certain inventory relating to non-operating brand Costa Brazil (the "Inventory"); and (b) granting related relief. In support of this Motion, the Debtors respectfully represent as follows:

## Jurisdiction and Venue

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the

---

¹ A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007.

## Background

### A. General Background

4. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

5. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") including the following: U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

6. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support*

*of the Debtors' Chapter 11 Petitions and First Day Relief* (the "<u>First Day Declaration</u>") [Docket No. 18], incorporated herein by reference.[2]

**B.    The Inventory**

8.    As set forth in the *Notice of Non-Operating Brand Sale (Costa Brazil)* [Docket No. 595], the Debtors propose to sell certain assets (including intellectual property) associated with Costa Brazil to FCIP Holdco LLC (the "<u>Proposed CB Purchaser</u>") pursuant to the *Order (I) Establishing Procedures Governing the Sale or Transfer of Certain De Minimis Assets and Non-Operating Brands and (II) Granting Related Relief* [Docket No. 205].  The Debtors did not receive any objections to the sale to the Proposed CB Purchaser, nor any overbids, and will accordingly be consummating the transaction with the Proposed CB Purchaser.

9.    The Inventory, all of which relates to Costa Brazil, is located at a third-party logistics warehouse operated by Axcess Point LLC (the "<u>3PL</u>") in New Jersey.  The Debtors owe the 3PL approximately $743,471.67 and, as a result, the 3PL asserts a warehouse lien over the Inventory in its possession.  According to the Debtors' books and records, the book value of the Inventory consisting of finished goods as of September 30, 2023 is approximately $900,000.[3]  However, the Debtors believe that certain of the Inventory (a) may not be salable (for example, due to an impending or passed expiration date); (b) with respect to the finished goods, could not be monetized other than by the holder of the Costa Brazil intellectual property; and (c) could, in any event, only be liquidated at a substantial discount to book value.

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3]    In addition to the finished goods, the Inventory also includes approximately 319,000 units of components and raw materials.  The Debtors do not presently have an estimated book value of the components and raw materials; however, the Debtors' most recent records (which are from October 26, 2023) indicate that the book value (prior to any reserve for expiration or obsolescence) of the component and raw material Inventory does not exceed $500,000.

10. The Debtors have determined, in the exercise of their sound business judgment, that it would be unduly burdensome and uneconomical to resolve the warehouse lien and monetize the Inventory. Indeed, the Debtors believe that, even if they were to monetize the Inventory, the effect of having to pay the 3PL in full to release the warehouse lien would result in any such transaction having a net negative effect on the Debtors' estates. Accordingly, the Debtors believe that abandonment of all of the Debtors' interest in the Inventory would be in the best interests of the Debtors, their creditors, and stakeholders.

### Relief Requested

11. By this Motion, the Debtors seek the entry of an order, pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007: (a) authorizing, but not directing, the Debtors to abandon the Inventory; and (b) granting related relief.

### Basis for Relief

**A.  Abandonment of the Inventory Is Warranted**

12. Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Moreover, the abandonment or disposal of property of the estate is permitted by Bankruptcy Rule 6007(a). *See* Fed. R. Bankr. P. 6007(a) ("[T]he trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property . . . ."). In addition, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Debtors are afforded significant discretion in determining the value and benefits of particular property for purposes of deciding whether to abandon it. *See, e.g.*, *In re Contract Research Sols., Inc.*, No. 12-11004 (KJC), 2013 Bankr. LEXIS 1784, at *11 (Bankr. D. Del. May 1, 2013)

(citations and internal quotation marks omitted) ("[T]he debtor need only demonstrate that it has exercised sound business judgment in making the determination to abandon."). Courts have held that "[t]he trustee's power to abandon property is discretionary." *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citations omitted). A debtor may abandon estate assets that are of "inconsequential value and benefit to the estate" or that are "burdensome to the estate." *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985). A debtor's right to abandon property in accordance with section 554(a) of the Bankruptcy Code is virtually unfettered except when such abandonment would contravene laws designed to protect public health and safety or pose an imminent threat to the public's welfare. *See, e.g.*, *In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). The decision to abandon must merely reflect "business judgment made in good faith" that rests on a reasonable basis. *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

14. The right to abandon exists so that "burdensome property" can be removed and "the best interests of the estate" will be furthered. *South Chicago Disposal, Inc. v. LTV Steel Co. Inc. (In re Chateaugay Corp.)*, 130 B.R. 162, 166 (S.D.N.Y. 1991). The party opposing abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate. *In re Slack*, 290 B.R. at 284 (citing *In re Cult Awareness Network, Inc.*, 205 B.R. at 579). The court only needs to find that the debtor made: (a) a business judgment, (b) in good faith, (c) upon some reasonable basis, and (d) within the scope of the debtor's authority. *See id.* (citing *In re Fulton*, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993)); *see also In re Wilson*, 94 B.R. 886, 888–90 (Bankr. E.D. Va. 1989).

15. Here, the Debtors' request for authorization to abandon the Inventory pursuant to section 554 of the Bankruptcy Code is an exercise of sound and reasonable business judgment and is in the best interest of the Debtors' estates and stakeholders. All of the Inventory relates to Costa Brazil, a non-operating brand. Accordingly, the Debtors will no longer require the Inventory for the

administration of their estates. Moreover, in light of the value of the Inventory, the existence of the warehouse lien, and the anticipated costs that would be associated with efforts to monetize the Inventory, the Debtors have determined that the Inventory is of inconsequential value to the Debtors' estates. The costs of storing, transporting, and marketing the Inventory would substantially exceed the value that the Debtors could reasonably expect to generate from the sale of the Inventory. Additionally, the abandonment of the Inventory would not pose any risk to public health or welfare.

16. Accordingly, to reduce postpetition administrative costs, and in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of the Inventory is appropriate and in the best interests of the Debtors, their estates, and their stakeholders.

### Waiver of Bankruptcy Rules 6007(a) and 6004(h)

17. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6007(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

### Notice

18. Notice of this Motion will be provided to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; and (d) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

### No Prior Request

19. No previous request for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto: (a) granting the Motion; (b) authorizing the Debtors to abandon the Inventory; and (c) granting such other and further relief as the Court deems just and proper.

Dated: November 2, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
            dgrassgreen@pszjlaw.com
            joneill@pszjlaw.com
            jrosell@pszjlaw.com
            sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*