## **EXHIBIT A**

Reply

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Re: D.I. 614, 664** |

### REPLY IN SUPPORT OF MOTION OF THE AD HOC NOTEHOLDER GROUP FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AND LOCAL BANKRUPTCY RULE 2004-1 FOR AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS BY THE FORIS LENDERS

The Ad Hoc Group of Holders of 1.50% Convertible Senior Notes due 2026 (the "Ad Hoc Group" of holders of the "Convertible Notes") replies in support its *Motion for an Order Pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1 Directing the Production of Documents By the Foris Lenders* [D.I. 614] ("Rule 2004 Motion") and states as follows:[2]

1. The Foris Lenders concede that the Ad Hoc Group's discovery requests ("Requests") are within the scope of Rule 2004. But they claim that the Requests seek "Plan-related discovery" that should have been brought under the contested matter rules. They are wrong. The Requests also seek discovery into derivative claims the Ad Hoc Group might bring. The Foris Lenders admit that is a proper subject of Rule 2004 discovery. And while the Requests also investigate the Plan's sweeping releases, the point of that investigation is to determine *whether* to commence a contested matter by objecting to the Plan. That is what Rule 2004 is for.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed such terms in the Rule 2004 Motion.

2.     The Foris Lenders' other objections are meritless.  The Requests are not burdensome.  The Foris Lenders concede they are already running similar searches for the UCC.  If the Foris Lenders think further narrowing is warranted, they should meet and confer with the Ad Hoc Group.  Nor are the Requests duplicative of the UCC's investigation.  If the Foris Lenders think their responses to the UCC resolve the Requests, they should speed up their productions.

3.     The Ad Hoc Group is hardly alone in expressing concern over the Foris Lenders' prepetition conduct.  The UCC has explained how claims arising from that conduct could well be a significant source of value for unsecured creditors.  *See* D.I. 522 at 1-2.  Lavvan has filed a complaint alleging that the Foris Lenders improperly wielded "de facto control" over the Debtors.  Complaint, *Lavvan, Inc. v. Foris Ventures, LLC*, Adv. Pro. No. 23-50751, D.I. 1, at ¶ 10.  And the Ad Hoc Cross-Holder Group has asked the Court to appoint an examiner to investigate litigation claims arising out of the Foris Lenders' self-dealing.  D.I. 651.

4.     These claims deserve investigation.  If the Foris Lenders want releases for their prepetition conduct, they must come clean about what happened.  The motion should be granted.

## ARGUMENT

I.   **THE REQUESTS ARE PROCEDURALLY PROPER**

   A.   **The Requests Investigate Derivative Claims**

5.     The Foris Lenders' argument against using Rule 2004 mischaracterizes the Requests.  The Requests are not "exclusively focused on Plan-related discovery," as the Foris Lenders claim.  Opp. ¶13.  The Requests also seek to investigate derivative claims the Ad Hoc Group may seek standing to bring.  Mot. ¶¶2, 12-20.  That is a central purpose of Rule 2004 discovery.  *Id.* ¶11 (collecting cases); *see, e.g.*, *In re Recoton Corp.*, 307 B.R. 751, 755-56 (Bankr. S.D.N.Y. 2004) (Rule 2004 can be used to ascertain what "claims beneficial to the estate exist").

The Foris Lenders ignore this purpose entirely. And they do not contest that the Requests are properly targeted at potential derivative claims.

### B.  The Requests Investigate the Formulation of a Plan

6. Rule 2004 allows "any party in interest" to investigate "any matter" relating to "the formulation of a plan." Fed. R. Bankr. P. 2004(a)-(b). The Debtors have formulated a plan that would broadly release claims against former managers, directors, and officers. The Ad Hoc Group cannot meaningfully decide whether to support that plan without knowing what litigation claims it is giving up. Investigating that question, too, is squarely within the scope of Rule 2004.[3]

7. The Foris Lenders contend that "Plan-related discovery" is not available under Rule 2004 because the Debtors' motion to approve the disclosure statement "commenced" a "contested matter" governed by Rule 9014. Opp. ¶13 (citing D.I. 525). That is wrong. A "contested matter" requires an "actual dispute." Fed. R. Bankr. P. 9014 adv. cmte. note (1983); *see* 10 Collier on Bankruptcy ¶ 9014.01 (16th ed. 2013) (contested matter involves "(at least) two parties who are opposing each other with respect to relief sought by one of them"). There is no "actual dispute" about the Plan. The point of the Requests is to assess ***whether*** there should be a dispute.

8. The Foris Lenders claim that a contested matter is automatically "commenced by filing of a motion" such as the Debtors' disclosure statement motion. Opp. ¶13. That is also wrong. Not every motion commences a contested matter. Under Rule 9014, "the filing of ***an objection*** . . . to a disclosure statement creates a dispute which is a contested matter." Fed. R.

---

[3] The Foris Lenders claim briefly that Rule 2004 does not permit discovery "focused on direct private claims." Opp. ¶17. But the "possible use" of discovery in collateral litigation is not a reason to deny a Rule 2004 motion. *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 629 (Bankr. D. Del. 2016). In any event, the Foris Lenders concede that information about direct claims is relevant, "Plan-related" discovery. Opp. ¶18. Moreover, the Court's protective order guards against any supposed abuse of discovery material. *See* D.I. 599-1 ¶11 (providing that confidential material "shall be used . . . solely for purposes of the[se] Cases or Disputes").

Bankr. P. 9014 adv. cmte. note (1983) (emphasis added).  Merely filing a disclosure statement motion (or any other) does not create a contested matter "***until an objection is filed***." *In re Laughlin*, 210 B.R. 659, 661 (B.A.P. 1st Cir. 1997) (emphasis added).  Simply put, with no dispute, "there is no contested matter." *In re Smith*, 409 B.R. 1, 4 (Bankr. D.N.H. 2009).[4]

9.      The Foris Lenders next argue that the "confirmation process" overall is a contested matter.  Opp. ¶13.  That, too, is wrong.  "An ***objection*** to a plan initiates a contested matter." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 505 (2015) (emphasis added); Fed. R. Bankr. P. 3020(b)(1) (in Chapter 11 cases, "[a]n objection to confirmation is governed by Rule 9014").[5]  Because neither the Ad Hoc Group nor anyone else have yet objected to the disclosure statement or the Plan, Rule 9014 does not apply.

10.     In any event, the Foris Lenders' quibbling does not matter.  The Foris Lenders ***do not actually argue that the requests are improper under Rule 9014***.  How could they?  These Requests target the Ad Hoc Group's claims and defenses towards the Plan and disclosure statement – whether the Plan should release the Ad Hoc Group's litigation claims.  That is within the scope of Rule 9014 discovery for a disclosure statement and plan.  *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Bankr. P. 7026, 9014; *In re Texaco, Inc.*, 84 B.R. 889, 890 (Bankr. S.D.N.Y. 1988) (authorizing Rule 9014 discovery "for the purpose of ascertaining the consideration and justification for the broad general releases and indemnifications proposed" under the plan); *In re Diocese of Camden,* No. 20-21257, 2022 WL 3369087, at *5 (Bankr. D.N.J. Aug. 12, 2022) (if a party would have

---

[4] The Foris Lenders' reference to the Court's contested-matters rules (at ¶19) is thus irrelevant.

[5] The Foris Lenders' out-of-context quotes (Opp. ¶13) are not to the contrary.  None of their cited cases analyzed whether the "confirmation process" is a contested matter.  *See In re Sunpacific Energy Mgmt., Inc.*, 216 B.R. 776, 779 (Bankr. N.D. Tex. 1997) (asserting without citation that the process is a "contested matter"); *In re Star Mountain Res., Inc.*, No. 18-01594, 2022 WL 2294175, at *10 (Bankr. D. Ariz. June 22, 2022) (same); *In re USN Commc'ns, Inc.*, 280 B.R. 573, 587 (Bankr. D. Del. 2002) (quoting *Sunpacific* as "at least one court['s] view").

standing to bring a litigation claim, it may seek discovery into releases of those claims in a plan).

## II. THE FORIS PARTIES' REMAINING ARGUMENTS ARE MERITLESS

### A. The Requests Are Not Overbroad

11.  The Foris Lenders argue that the Requests are overbroad. Opp. ¶¶ 24-27. But Rule 2004 discovery is ***meant*** to be broad. *See, e.g.*, *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("[C]ourts have recognized that Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions."). Unlike discovery under Rule 26 of the Federal Rules of Civil Procedure, which must be relevant to an existing claim, Rule 2004 is a "***pre***-litigation device" intended to identify potential claims. *In re Wash. Mut. Inc.*, 408 B.R. 45, 53 (Bankr. D. Del. 2009) (emphasis added); *Millennium Lab Holdings*, 562 B.R. at 626, 627 (Rule 2004 is properly used for "determining whether wrongdoing has occurred"). And even if Rule 9014 applied, a broad investigation into potential claims would still be proper to test the Plan's proposed releases. *See* p. 4, *supra*. That is all the Ad Hoc Group is doing here.

12.  Moreover, as the Foris Lenders concede, the Ad Hoc Group has ***already*** limited the scope of its requests. If the Foris Lenders think further narrowing is warranted, they should meet and confer with the Ad Hoc Group in good faith. That they refused to do that so far is no reason to deny the motion. *See Millennium Lab Holdings*, 562 B.R. at 628 (granting motion, but "defer[ring] on ruling on the breadth of the specific requests until the parties meet and confer").

### B. The Requests Are Not Unduly Burdensome

13.  The Foris Lenders claim that responding to the Requests would be burdensome. Opp. ¶¶ 25, 27. But they concede they have no evidence of that. The Foris Lenders try to turn this burden back on the Ad Hoc Group, but it is "the ***target*** of Rule 2004 discovery"—not the proponent—that bears "the burden of showing that the burden is in fact undue." *In re Roman Cath. Church of Diocese of Gallup*, 513 B.R. 761, 767 (Bankr. D.N.M. 2014).

14. The Foris Lenders argue that the Requests are "duplicative" of the UCC's discovery requests. Opp. ¶¶ 33-34. That undercuts any argument that the Requests are unduly burdensome. But it is no basis to deny the motion. Every case the Foris Lenders cite involved requests denied because the movant **already had** the documents they sought. *Id*. at ¶ 34. To the extent responding to the UCC would answer the Requests, the solution is for the Foris Lenders to respond promptly to the UCC. Instead, the Foris Lenders have slow-walked their productions, handing over just 492 documents to date. That pace is far too slow given that depositions of the two Foris directors – Ryan Panchadsaram and John Doerr – are scheduled for next week.

C. **The Foris Lenders' "Prejudice" Arguments Fail**

15. The Foris Lenders protest that, for two reasons, the Ad Hoc Group has not shown that it would be "prejudiced" by the denial of its motion for discovery. Opp. ¶¶ 31-32. But they cite no authority even suggesting such a showing is required, and their arguments are wrong.

16. *First*, the Foris Lenders claim discovery is futile because the Challenge Period has passed. Opp. ¶ 31. That is not true. As the Ad Hoc Group explained – and as the Foris Lenders do not contest – the Challenge Period does not cover the derivative claims it is investigating. Mot. ¶¶ 21-22. The plan confirmation schedule leaves ample time for the Ad Hoc Group to investigate those claims, bring any standing motion, and decide whether to accept the Plan. D.I. 517-1 at 3. The Foris Lenders concede that the requests are timely. *See* Mot. ¶¶ 21-26. And while they note that the Ad Hoc Group has tried to engage with the Debtors and the Foris Lenders long before this motion, Opp. ¶ 3, that is not a reason to deny the Requests.[6] In any event, this motion is only

---

[6] The Foris Lenders also ignore that, at the Debtors' insistence, the fee reimbursement agreement for the Ad Hoc Group's other counsel does not allow that counsel to expend fees on prosecuting litigation claims. *See* D.I. 192 at 3.

necessary because the Foris Lenders have consistently refused to engage with the Ad Hoc Group to explain their prepetition actions.

17. *Second*, the Foris Lenders argue that the Ad Hoc Group's interests are represented by the UCC. Opp. ¶ 32. That is not a reason to avoid their discovery obligations. "*[A]ny* party in interest" may seek Rule 2004 discovery, whether or not its interests overlap with other parties' interests. Fed. R. Bankr. P. 2004(a) (emphasis added). But the Foris Lenders' claim is also untrue. The UCC's duties run to all unsecured creditors. The Noteholders represented by the Ad Hoc Group have their own distinct interests and concerns. And the Ad Hoc Group and Foris Lenders are in a materially different position in their investigations. The Debtors have provided the UCC with the report of the Debtors' independent director who investigated prepetition conduct. But the Debtors have refused to share that report with the Ad Hoc Group.

18. The prejudice to the Ad Hoc Group from the Foris Lenders' stonewalling is obvious. By far the largest class of unsecured creditors, the Noteholders represented by the Ad Hoc Group have a right to know what claims they have and what claims they are being asked to give up. Rule 2004 entitles them to the discovery they need to participate in the plan confirmation process and to bring litigation claims if need be.

## CONCLUSION

19. The motion should be granted.

Dated: November 3, 2023
Wilmington, Delaware

                **BLANK ROME LLP**

                */s/ Stanley B. Tarr*
                Stanley B. Tarr (DE No. 5535)
                Lawrence R. Thomas III (DE No. 6935)
                1201 N. Market Street, Suite 800
                Wilmington, DE 19801
                Tel.: (302) 425-6400
                Fax: (302) 425-6464
                stanley.tarr@blankrome.com
                lorenzo.thomas@blankrome.com

                **MOLOLAMKEN LLP**
                Steven F. Molo
                Justin M. Ellis
                Sara E. Margolis
                Mark W. Kelley
                Catherine Martinez
                430 Park Avenue
                New York, NY 10022
                Tel.: (212) 607-8160
                smolo@mololamken.com
                jellis@mololamken.com
                smargolis@mololamken.com
                mkelley@mololamken.com
                cmartinez@mololamken.com

                *Counsel to the Ad Hoc Noteholder Group*