# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date: November 21, 2023 at 11:00 a.m. (ET)
Objection Deadline: November 14, 2023 at 4:00 p.m. (ET)

## DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING CONFIRMATION DISCOVERY SCHEDULE AND PROTOCOLS

The above-captioned debtors and debtors-in-possession (the "Debtors"), respectfully state the following in support of this motion (the "Motion"):

### Relief Requested

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), establishing the schedule and protocols in connection with the confirmation of the *Debtors' Chapter 11 Plan of Reorganization* [Docket No. 523] (as may be amended, modified, or supplemented from time to time, the "Plan").[2]

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan or the *Disclosure Statement for Debtors' Chapter 11 Plan of Reorganization* [Docket No. 524] (the "Disclosure Statement"), as applicable.

February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105(a) and 1128 of title 11 of the United States Code (the "Bankruptcy Code"); Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules"); Bankruptcy Rules 2002, 3020, 7026, 9006, and 9014; and Local Rules 2001-1, 7026-2, 7026-3, 7030-1, and 9006-1.

**Background**

5.      On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following seven members:  (i) Cosan U.S. Inc., (ii) U.S. Bank Trust Company, National Association as Trustee, (iii) Sartorius Stedim North America, Inc., (iv) Hearst Magazine Media, Inc., (v) Wiley Companies, (vi) Park Wynwood, LLC, and (vii) Allog Participacoes, Ltda. *See* Docket No. 152.

7. The Debtors were founded in 2003 to create a more stable supply of a key anti-malarial treatment. Through the Debtors' cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease. Using the same technological innovations that produced artemisinin, the Debtors have become the world's leading manufacturer of ingredients made with synthetic biology. The Debtors provide sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

8. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[3]

## Basis for Relief

9. The Debtors seek the relief requested herein to set an orderly, efficient course toward confirmation of the Plan. The schedule and protocols proposed by this Motion afford all parties in interest a full and fair opportunity to participate in a reasonable discovery framework while maintaining an expeditious timeframe for confirmation. To date, the Committee has propounded informal discovery on the Debtors and Foris, including requests for production of documents, interrogatories, and depositions (with respect to which the Debtors and Foris have and continue to respond through the production of documents, answering interrogatories, and scheduling of depositions) and the Ad Hoc Noteholder Group has propounded requests for production of documents on the Debtors and Foris (with respect to which the Debtors and Foris have responded in part and contest in part) (the "Prior Discovery").

---

[3]  A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

**A.     Proposed Confirmation Schedule**

10.     The chart below sets forth key dates and deadlines related to the Confirmation Proceedings and the Confirmation Hearing (the "Confirmation Schedule").  In the interest of presenting a comprehensive schedule, the chart also includes dates that the Debtors have already requested be established pursuant to the *Motion for an Order (I) Approving the Disclosure Statement; (II) Scheduling Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving Form and Content of Solicitation Materials; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Materials;(C) Approving Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Approving Form and Manner of Notice of Plan Releases; (VI) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan; and (VII) Granting Related Relief* [Docket No. 525] (the "Disclosure Statement Motion"), which dates are noted by an asterisk.  The dates and deadlines not marked with an asterisk are being requested to be established pursuant to this Motion.

| Date[4] | Event |
|---|---|
| November 27, 2023 | ***Deadline to Serve Plan-Related Document Requests, Interrogatories, and Deposition Notices***.  The deadline by which any Participating Party that intends to seek document discovery, interrogatory responses, and/or to take fact depositions in connection with the Confirmation Proceedings (each, a "Requesting Party") must serve requests for the production of documents or information, interrogatories, and/or issue notices of deposition (the "Plan Requests"). |
| December 4, 2023 | ***Deadline to Respond and Object to Plan-Related Document Requests***.  The deadline by which any party subject to a Plan |

---

[4] Any dates and deadlines marked with an asterisk herein are provided by the Disclosure Statement Order and are incorporated herein for ease of reference.  For the avoidance of doubt, any dates and deadlines that are not marked with an asterisk are established by this Order.

| **Date**[4] | **Event** |
|---|---|
|  | Request (each, a "Producing Party") must respond and/or object to such Plan Request. |
| December 7, 2023 | ***Deadline to Submit Initial Expert Reports***.  The deadline by which (a) all written expert reports must be served and (b) all information that such experts considered in connection with forming their respective opinions must be produced, each in satisfaction of the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). |
| December 8, 2023 | ***Deadline for Written Responses to Interrogatories***.  The deadline by which Participating Parties must serve written responses and objections to interrogatories. |
| December 14, 2024 | ***Deadline to Submit Rebuttal Expert Reports***.  The deadline by which (a) all written rebuttal expert reports must be served and (b) all information that such experts considered in connection with forming their respective opinions must be produced, each in satisfaction of the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). |
| December [15], 2023 | ***Deadline to Substantially Complete Document Discovery***.  The deadline by which Producing Parties must substantially complete the production of documents in response to the Plan Requests; *provided* that Producing Parties shall produce documents responsive to Plan Requests on a rolling basis. |
| December 15, 2024 | ***Commencement of Expert Witness Depositions***.  The date on which depositions of expert witnesses may begin. |
| December 18, 2023 | ***Commencement of Fact Witness Depositions***.  The date on which depositions of fact witnesses may begin. |
| December 22, 2023 | ***Deadline to Complete Fact Depositions***.  The deadline by which all fact depositions must be completed (the period between December 18 and 22, 2023, the "Fact Deposition Period") |
| December 23, 2024 | ***Deadline to Complete Expert Depositions***.  The deadline by which expert depositions must be completed |
| January 3, 2024* | ***Deadline for Claimants to File Rule 3018(a) Motions*** |
| January 10, 2024* | ***Voting Deadline/Release Opt Out Election Deadline*** |
| January 10, 2024* | ***Plan Objection Deadline*** |
| January 10, 2024 | ***Motion in Limine Deadline***.  The deadline by which Participating Parties must file any motions in limine. |

| Date[4] | Event |
|---|---|
| January 11, 2024 | *Pretrial Conference*.  The date on which the Participating Parties shall, subject to the Court's availability, participate in an initial pretrial conference. |
| January 15, 2024* | *Plan Brief and Voting Tabulation Affidavit Deadline* |
| January 15, 2024 | *Deadline to File Witness and Exhibit Lists*.  The deadline by which Participating Parties must file and exchange a final list of witnesses and exhibits. |
| January 15, 2024 | *Deadline to Oppose Motions in Limine*.  The deadline by which Participating Parties must file oppositions to any motions in limine. |
| January 15, 2024 | *Joint Pretrial Order Deadline*.  The deadline by which Participating Parties must submit a joint pretrial order to the Court. |
| January 17, 2024* | *Confirmation Hearing* |

B. **Proposed Confirmation Protocols**

11. In addition to the Confirmation Schedule, the Debtors also propose a set of protocols to govern confirmation-related discovery and other litigation matters (the "Confirmation Protocols"). The Debtors submit that the Confirmation Protocols provide a practical, fair framework for discovery relevant to the Confirmation Proceedings. The Confirmation Protocols will accomplish confirmation-related discovery in an organized and timely manner by, among other things, setting reasonable parameters on discovery.  Such protocols will also reduce the potential for burdensome, duplicative discovery, given the extensive productions that the Debtors and other parties have already produced in these Chapter 11 Cases. In addition, the Confirmation Protocols implement informal dispute resolution mechanisms to address and resolve discovery-related issues, which will prevent an unnecessary waste of estate resources by minimizing the time and costs associated with litigating such issues through formal motion practice. The chart below sets forth the proposed Confirmation Protocols.

| Item | Protocol |
|---|---|
| **Discovery of Debtors, Parties, and Third Parties.** | Participating Parties are hereby authorized to serve confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking discovery of the Debtors, other parties in interest, and third parties. For the avoidance of doubt, no further motion practice is required prior to serving discovery under these Confirmation Protocols. |
| **Overlap with Prior Discovery.** | To the extent that a Requesting Party serves discovery in accordance with these Confirmation Protocols that were already produced, whether formally or informally, by a Producing Party in response to other requests in these Chapter 11 Cases, the Producing Party may refer to such prior productions to satisfy the Requesting Party's requests. |
| **Protective Order.** | The *Order Approving Stipulated Confidentiality Agreement and Protective Order* [Docket No. 599] (the "Protective Order") shall govern all discovery in connection with the Confirmation Proceedings and the Confirmation Hearing. |
| **Discovery Dispute Resolution.** | In the event of a dispute with respect to a Plan Request, counsel for the Producing Party and for the Requesting Party shall promptly meet and confer in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, such parties are unable to resolve the dispute at any time after they have met and conferred, either party may promptly seek a telephonic discovery conference from the Court. If requested by the Court following the telephonic conference, the parties may email a letter, no longer than two single-spaced pages in length (excluding exhibits), of the nature of the dispute. Any response may be submitted by emailed letter, no longer than two single-spaced pages in length (excluding exhibits), within two business days. |
| **Limitations on Interrogatories and Requests for Admission.** | Unless otherwise ordered by the Court, a Requesting Party may not serve more than ten (10)] interrogatories and no party may serve any requests for admission in connection with the Confirmation Proceedings. |
| **Limitations on Depositions.** | Absent obtaining leave from this Court under Rule 30(a)(2) or 30(d)(1) of the Federal Rules of Civil Procedure, or upon mutual written agreement with the party sought to be deposed, a party may not take a deposition that would result in: (a) more than ten fact depositions taken by Objecting Parties or more than ten fact depositions taken by Supporting Parties; (b) a witness being deposed more than once in his or her individual capacity; and/or (c) a witness being deposed for more than seven hours in his or her individual capacity. For clarity, the |

| Item | Protocol |
|---|---|
| | foregoing total number of fact depositions includes 30(b)(6) depositions.<br><br>Unless either agreed by the witness or ordered by the Court for good cause shown, no witness who was deposed in connection with the Prior Discovery may be deposed on the same or substantially similar matters a second time. |
| **Deposition Noticing, Duration, Allocation, and Timing** | Any Requesting Party seeking to take the deposition of a witness must attempt in good faith to coordinate the date of the deposition with the relevant Producing Party and all other parties that may wish to depose the same witness, as well as how to divide up the deposition time.  To that end, on or prior to November 28, 2023, each Producing Party shall identify to each Requesting Party all other parties (if any) that have advised the Producing Party that they intend to depose the same witness and with which the Producing Party believes the Requesting Party should meet and confer concerning the coordination of the deposition.  The Requesting Party shall seek in good faith to meet and confer with any such Participating Parties on or prior to November 29, 2023 to discuss the date for the deposition and how to divide up the deposition time among the parties who seek to examine the witness.<br><br>If a Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the relevant Producing Party that the Requesting Party and the Participating Parties have agreed on a date for the deposition within the Fact Deposition Period, the Producing Party must produce the deponent on that date, or on another date that the Producing Party may propose and that any Requesting Party or Participating Party advises the Producing Party in writing is acceptable to all Participating Parties and the Requesting Party (the "Agreed Date"), for a period of one day of 7 hours, subject to the deposing parties' rights pursuant to Federal Rule of Civil Procedure 30(d)(1); provided, however, that the Producing Party is not obligated to produce a deponent on the date for the deposition identified by the Requesting Party or Participating Party if the Producing Party first obtains relief from their obligation through a telephonic discovery conference with the Court.  For the avoidance of doubt, unless the Producing Party first obtains relief from the Court or the consent of the Requesting Party and Participating Parties as described above, the Producing Party must make the noticed witness available on the Agreed Date. |

| Item | Protocol |
|---|---|
|  | If the Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Producing Party that the Requesting Party and the Participating Parties have not, despite good faith efforts, agreed among themselves on a date for the deposition or on how to divide up the deposition time, then the Requesting Party or any Participating Party may seek a teleconference with the Court to establish a date for the deposition or to seek guidance on how the deposition time shall be divided amongst the parties seeking to examine the witness.<br><br>The rights of any person or party noticed for a deposition are reserved with respect to objecting to any such depositions, including the number of depositions, and any such person or party may seek relief from the Court pursuant to the dispute resolution procedures provided herein with respect to any deposition notice or subpoena, including, for the avoidance of doubt, by seeking to quash, limit, terminate, or adjourn any deposition notice or subpoena.<br><br>Unless otherwise agreed between the Requesting Party and the relevant Producing Party, all depositions shall be conducted virtually. |
| **Assertions of Privilege.** | If any Producing Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in response to confirmation-related discovery, the Producing Party and Requesting Party shall meet and confer on the scope and format of corresponding privilege logs, consistent with the Protective Order. |
| **Expert Discovery.** | Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026). Parties shall have the right to amend or supplement such report to respond to information disclosed or opinions expressed after the date of such expert's report(s), by written supplement exchanged and submitted by the deadlines provided by this Order.  No drafts |

| Item | Protocol |
|---|---|
| | of any part of any report or declaration of any expert will be subject to production or other disclosure. This protection is in addition to, and does not limit or replace, the protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026). |

12. The relief requested is well within the sound discretion of the Court and its inherent and equitable powers to manage its own docket.[5] The Court also has the authority under section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."[6] Moreover, courts in this district and others have granted comparable relief to establish confirmation discovery schedules and protocols in other large and complex chapter 11 cases.[7]

## Notice

13. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee, (i) White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, IL 60606, Attn: Gregory F. Pesce, Esq.

---

[5] *See, e.g.*, *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 176 (3d Cir. 1991) (district court has "substantial discretion in managing its own docket"); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983) (every court has inherent power to "schedule disposition of the cases on its docket so as to promote fair and efficient adjudication"); *see also Casse v. Key Bank Nat'l Ass'n* (*In re Casse*), 198 F.3d 327, 336 (2d Cir. 1999) ("Bankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief.").

[6] 11 U.S.C. § 105(a); *see also In re Peregrine Sys. Inc.*, 311 B.R. 679, 690 (D. Del. 2004) (footnote omitted) ("Section 105 specifically codifies what are traditionally called 'inherent powers' to give the bankruptcy courts the necessary ability to manage the cases on their docket.").

[7] *See, e.g., In re Mallinckrodt plc*, Case No. 20-12522 (JTD) (Bankr. D. Del. June 2, 2021) [Docket No. 2988]; *In re Imerys Talc America, Inc.,* Case No. 19-10289 (LSS) (Bankr. D. Del. Jan. 27, 2021) [Docket No. 2863]; *In re Purdue Pharma L.P.,* Case No. 19-23649 (Bankr. S.D.N.Y. May 13, 2021) [Docket No. 2858]; *In re Frontier Commc'ns Corp.,* Case No. 20 22476 (RDD) (Bankr. S.D.N.Y. July 1, 2020) [Docket No. No. 668]; *In re Insys Therapeutics, Inc.*, Case No. 19 11292 (KG) (Bankr. D. Del. Dec. 4, 2019) [Docket No 952]; *In re Claire's Stores, Inc.*, Case No. 18-10584 (MFW) (Bankr. D. Del. Jul. 25, 2018) [Docket No. 675]; *In re Energy Future Holdings Corp.,* Case No. 14-10979 (CSS) (Bankr. D. Del. Aug. 29, 2017) [Docket No. 11835]; *In re Caesars Entm't Operating Co.*, Case No. 15 01145 (ABG) (Bankr. N.D. Ill. Nov. 17, 2016) [Docket No. 5702]; *In re Energy Future Holdings Corp.*, Case No. 14-10979 (Bankr. D. Del. July 2, 2015, Aug. 27, 2015) [Docket Nos. 4916, 5771]*; In re Tribune Co.*, Case No. 08-13141 (Bankr. D. Del. Apr. 5, 2012) [Docket No. 11326].

(gregory.pesce@whitecase.com) and Andrew F. O'Neill, Esq. (aoneill@whitecase.com), and (ii) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: John Ramirez, Esq. (john.ramirez@whitecase.com) and Andrea Kropp, Esq. (andrea.kropp@whitecase.com); (c) co-counsel to the Official Committee of Unsecured Creditors, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801, Attn: Christopher M. Samis (csamis@potteranderson.com), Katelin A. Morales (kmorales@potteranderson.com), and Sameen Rizvi, Esq. (srizvi@potteranderson.com); (d) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com) and Alexander J. Nicas, Esq. (anicas@goodwinlaw.com); (e) co-counsel to the DIP Lenders, the DIP Agent, and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com); and (i) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

### **No Prior Request**

14. No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: November 6, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Steven W. Golden* |
| | Richard M. Pachulski (admitted *pro hac vice*) |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | Alan J. Kornfeld (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | rpachulski@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | akornfeld@pszjlaw.com |
| | joneill@pszjlaw.com |
| | sgolden@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |