## Exhibit B

## Wischusen Declaration

DE:4860-1455-2976.3 03703.004

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**DECLARATION OF CLAIR E. WISCHUSEN IN SUPPORT OF
THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
(A) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
GORDON REES SCULLY MANSUKHANI, LLP AS SPECIAL COUNSEL
EFFECTIVE AS OF OCTOBER 21, 2023 AND (B) GRANTING RELATED RELIEF**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Clair E. Wischusen declares as follows:

1. I am a partner of the firm Gordon Rees Scully Mansukhani, LLP ("Gordon Rees" or the "Firm"), with offices at 275 Battery Street, Suite 200, San Francisco, California 94111. This Declaration is submitted in support of the *Debtors' Application for Entry of an Order (A) Authorizing the Employment and Retention of Gordon Rees Scully Mansukhani, LLP as Special Counsel Effective as of October 21, 2023 and (B) Granting Related Relief* (the "Application").[2]

2. To my knowledge, neither I, the Firm, nor any members of the Firm, insofar as I have been able to ascertain, has any connection with the above-captioned debtors and debtors in possession (the "Debtors"), the Potential Parties in Interest (as defined below), or their respective attorneys, except as set forth herein and as described in the Application.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

3. To my knowledge, Gordon Rees does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which it is to be engaged.

4. During the one-year period prior to the commencement of these Chapter 11 Cases, Gordon Rees has received $25,465.00, consisting of $25,465.00 of professional fees and $0.00_ of reimbursed expenses, from the Debtors for professional fees and expenses incurred prior to the Petition Date. Of these payments, $25,465.00 was received in the 90 days immediately preceding the Petition Date. As of the Petition Date, the Debtors owed Gordon Rees $0.00 for services invoiced, consisting of $0.00 of unpaid professional fees and $0.00 of unpaid expenses.

5. Between the Petition Date and the Effective Date, Gordon Rees has received $2,940.00, consisting of $2,940.00 of professional fees and $0.00 of reimbursed expenses, from the Debtors for professional fees and expenses incurred between the Petition Date and the Effective Date.

**Gordon Rees's Disclosure Procedures**

6. In connection with this proposed retention, Gordon Rees conducted a search with respect to its connections to certain categories of entities or individuals (the "Potentially Parties in Interest"), as identified by the Debtors or as ascertained from a review of available documents, some of which include: (i) the Debtors and their affiliates; (ii) the Debtors' current and former officers; (iii) the Debtors' current and former directors; (iv) banks at which the Debtors maintain accounts; (v) professionals representing the Debtors; (vi) professionals representing other key parties in interest; (vii) employees of the Office of the United States Trustee for the District of Delaware; (viii) the Judges for the United States Bankruptcy Court for the District of Delaware; (ix) certain parties to litigation against the Debtors and their counsel (if known); (x) certain of the Debtors' significant vendors; (xi) federal and state taxing authorities; (xii) the

Debtors' utility providers; (xiii) the holders of the thirty (30) largest unsecured claims on a consolidated basis against the Debtors; (xiv) the Debtors' landlords; (xv) the Debtors' lenders and their professionals; (xvi) the Debtors' insurance companies; (xvii) the Debtors' equity holders holding 5% or more interest; and (xviii) U.S. Bank N.A., as indenture trustee for convertible notes issued by the Debtors.  A list of the Potential Parties in Interest is attached hereto as **Schedule 1**.

7.  Gordon Rees's search with respect to the Potential Parties in Interest has revealed that the Firm's connections with the Potential Parties in Interest, currently and in the past ten years, are as follows:[3]

| Name of Entity Searched | Relationship to Debtors | Relationship to Gordon Rees |
|---|---|---|
| Travelers | Insurance | Current Client |
| Underwriters at Lloyds of London | Insurance | Current Client |
| Hiscox | Insurance | Current Client |
| ACE American | Insurance | Current Client |
| Federal Insurance Company | Insurance | Current Client |
| ChartHop | Trade Vendor | Current Client |
| Pacific Gas & Electric | Utilities | Current Client |
| AT&T | Utilities | Current Client |
| Winters Brothers | Utilities | Current Client |
| Everest Indemnity Insurance | Insurance | Current Client |
| Allure Labs | Trade Vendor | Current Client |
| Cigna | Trade Vendor | Current Client |
| Consolidated Edison | Utilities | Current Client |

---

[3]  The identification and classification herein of various entities or individuals as falling within certain categories is not intended and should not be deemed to be an admission of the legal rights or status of any particular individual or entity.

| Name of Entity Searched | Relationship to Debtors | Relationship to Gordon Rees |
|---|---|---|
| Advanced Chemical Transport | Utilities | Current Client |
| Crown Properties | Landlord | Current Client |
| Frank Kung | Director | Current Client |
| Facebook | Trade Vendor | Current Client |
| U.S. Bank | Bank | Current Client |
| JP Morgan Chase | Bank | Current Client |
| Blank Rome | Bankruptcy Professional | Former Client |
| Duke Energy | Utilities | Former Client |
| East Bay Municipal Utility District | Utilities | Former Client |
| Fenwick West LLP | Bankruptcy Professional | Former Client |
| Garratt-Callahan Company | Utilities | Former Client |
| Goodwin Procter LLP | Bankruptcy Professional | Former Client |

8. To the best of my knowledge and belief, Gordon Rees has not represented any Potential Parties in Interest in connection with matters relating to the Debtors, their estates, assets, or business and will not represent other entities which are creditors of, or have other relationships to the Debtors in matters relating to these chapter 11 cases except as set forth herein.

9. Accordingly, I do not believe that any such connections between Gordon Rees and the Potential Parties in Interest result in Gordon Rees holding or representing an interest that is adverse to the Debtors or their estates.

10. In addition, to the best of my knowledge, information, and belief and in accordance with Bankruptcy Rule 5002, neither I nor any attorney at Gordon Rees is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and Gordon Rees does

not have a connection with the United States Bankruptcy Judge that would render its retention in these Chapter 11 Cases improper. Further, in accordance with Bankruptcy Rule 2014, Gordon Rees does not have any connection with the U.S. Trustee or any persons employed by the U.S. Trustee.

11. In view of the foregoing, to the best of my knowledge, Gordon Rees is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Gordon Rees, its partners, counsel, and associates:

   i. are not creditors, equity security holders, or insiders of the Debtors;
   ii. are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors; and
   iii. do not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

12. As set forth above, and subject to any explanations and exceptions contained herein, Gordon Rees: (i) does not hold or represent any interest adverse to, or have any other connections with, the Debtors or their estates, or any of the Potential Parties in Interest; and (ii) is disinterested. If the results of further investigation reveal any additional connections, Gordon Rees will make any further disclosures as may be appropriate at that time.

13. The Firm intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the United States Trustee, and pursuant to any additional procedures that may be established by the Court in these Chapter 11 Cases. Gordon Rees's fees for professional services are based upon its hourly rates, which are periodically adjusted. Gordon Rees has informed the Debtors that its rates are consistent

with similar representations. The Firm's current range of standard hourly rates are reflected in the chart below:[4]

| Category | Hourly Rate |
|---|---|
| Partners | $525.00 |
| Counsel | $450.00 |
| Associates | $425.00 |
| Paraprofessionals | $200.00 |

14. The hourly rates set forth above are subject to periodic adjustments to reflect market conditions. Other attorneys and paralegals may from time to time serve the Debtors in connection with the matters herein described and other matters as they arise. These rates are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, facsimile charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and

---

[4] As do its peer firms, Gordon Rees increases the hourly billing rate of attorneys and paraprofessionals in the form of "step increases" in the ordinary course of business. These step increases do not constitute "rate increases" (as the terms are used in the United States Trustee's *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013). As set forth in the Proposed Order, Gordon Rees will provide reasonable notice to the Debtors, the United States Trustee, and the Committee before implementing any periodic rate increases (other than step increases for individual timekeepers).

other overtime. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients.

15. No promises have been received by the Firm or by any partner, counsel, or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases, except among the partners, counsel, and associates of the Firm.

16. Gordon Rees provides the following responses to the questions set forth in Part D of the *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013):[5]

| Question: | Answer: | Further explanation: |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? | No. | The billing arrangements in this matter are customary for similar matters both in and outside of bankruptcy. The Firm does not charge different rates for clients in bankruptcy. The Firm adjusts its rates periodically and occasionally tailors the billing arrangement to the specifics of the matter and client, taking into account a variety of changing factors. Billing arrangements can vary the terms of advance deposits, alternative fee arrangements, blended rates, or fee discounts to specific clients or specific matters in varying degrees. Special deviations from the Firm's standard rates are generally negotiated on a matter-by-matter basis and are generally applicable in connection with ongoing client relationships. |

---

[5] The U.S. Trustee Guidelines acknowledge that "the Guidelines do not supersede local rules, court orders, or other controlling authority." While Gordon Rees intends to work cooperatively with the U.S. Trustee to address requests for information and any concerns that may have led to the adoption of the U.S. Trustee Guidelines, neither the filing of this declaration, nor anything contained herein, is intended to be an admission by Gordon Rees that the Firm is required to comply with the U.S. Trustee Guidelines. Gordon Rees reserves all rights with respect to the application of the U.S. Trustee Guidelines to any application for employment or compensation.

| Question: | Answer: | Further explanation: |
|---|---|---|
| Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? | No. | N/A |
| If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and reasons for the difference. | Gordon Rees' billing rates have remained substantially consistent to those prepetition. | In connection with the client matters opened in the 12 months prepetition, the associate rate was identified as $375 per hour; however, no associates provided services on those matters. The $425 associate rate for these Chapter 11 Cases is based on the associate experience level required for the work as well as the firm's recently increased hourly rates. The rates in connection with these Chapter 11 Cases have not changed post-petition. |
| Has your client approved your respective budget and staffing plan, and, if so, for what budget period? | The Debtors and Gordon Rees have discussed an anticipated budge for these Chapter 11 Cases. | Gordon Rees' anticipated budget is reflected in any Budget with respect to the Debtors' debtor in possession financing. The Debtors and Gordon Rees reserve all rights to seek approval of the Debtors' professional fees. |

17.     The foregoing constitutes the statement of Gordon Rees pursuant to sections 327(e), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1.

18.     By reason of the foregoing, I believe that Gordon Rees is eligible for employment and retention by the Debtor pursuant to section 327(e) of the Bankruptcy Code, the applicable Bankruptcy Rules, and the Local Rules.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  November 20, 2023

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Clair E. Wischusen*
Clair E. Wischusen

*Proposed Special Counsel to the Debtors and Debtors in Possession*

# SCHEDULE 1

## Potential Parties in Interest

Foris Ventures, LLC
Braidwell Partners Master Fund LP
Context Capital Management, LLC
D. E. Shaw Valence Portfolios, L.L.C.
DLD Asset Management
Lazard Asset Management LLC
Linden Advisors LP
Schottenfeld Management Corp.
Silverback Asset Management, LLC
Wolverine Flagship Fund Trading Limited
Chief Judge Laurie Selber Silverstein
Judge Ashely M. Chan
Judge Brendan L. Shannon
Judge Craig T. Goldblatt
Judge J. Kate Stickles
Judge John T. Dorsey
Judge Karen B. Owens
Judge Mary F. Walrath
Judge Thomas M. Horan
Ankura
Blank Rome
Fenwick & West LLP
Goodwin Procter LLP
Intrepid Investment Bankers LLC
Klee Tuchin Bogdanoff & Stern LLP
Latham & Watkins
Pachulski Stang Ziehl & Jones LLP
Paul Hastings
Phil Gund, Chief Restructuring Officer
PwC
Stretto
Bank of the West
Barclays
HSBC
J.P. Morgan SE
JPMorgan Chase Bank, N.A.
US Bank
U.S. Bank National Association, as Trustee for Convertible Notes
FTI Consulting
Greenberg Traurig, LLP
Jefferies LLC
Keesal, Young & Logan
Morris James LLP

Paul Hastings LLP
Potter Anderson & Corroon LLP
White & Case LLP
AB Technologies LLC
Accessbio LLC
AMF Low Carbon, LLC
Amyris Bio Products Portugal, Unipessoal, Lda
Amyris Biotecnologia do Brasil Ltda
Amyris Clean Beauty Latam
Amyris Clean Beauty, Inc.
Amyris Eco-Fab LLC
Amyris Europe Trading B.V.
Amyris Fermentacao de Performance Ltda
Amyris Fuels, LLC
Amyris Purificacao de Performance do Brasil Ltda
Amyris Realsweet, LLC
Amyris UK Trading Limited
Amyris, Inc.
Amyris-Olika, LLC
Aprinnova, LLC
Beauty Labs International Limited
Clean Beauty 4U Holdings, LLC
Clean Beauty 4U LLC
Clean Beauty Collaborative, Inc.
DIPA Co., LLC
Ecofab, LLC
Interfaces Industria e Comercio de Cosméticos Ltda
MG Empower Limited
Novvi LLC
Onda Beauty Inc.
Total Amyris Bioslutions BV
Upland 1 LLC
Ana Dutra
Frank Kung
Geoffrey Duyk
James ("Jim") McCann
John Doerr
Julie Spencer Washington
Lisa Qi
M Freddie Reiss
Ryan Panchadsaram
Steven Mills
Alexander MS, Ralph C.
Arnold Ph.D., Frances Hamilton
bin Khalifa Al Thani, Sheikh Abdullah
Blanch Ph.D., Harvey W.

Bohlmann Ph.D., Jörg
Boisseau, Philippe
Chua Ph.D., Nam-Hai
de Castro Reinach Ph.D., Fernando
de Oliveira Diniz, Paulo Sergio
Fenical, William H.
Georgiadis, Mary Margaret-Hastings
Goppelsroeder, Christoph G.
Heathcock Ph.D., Clayton H.
Keasling Ph.D., Jay D.
Levinson, Arthur D.
Martin Ph.D., Vincent
Melo, John G.
Newman, Jack D.
Ostrach J.D., Michael S.
Philip Eykerman
Patrick Yang
Pichette, Patrick
Piwnica LLM, Carole Callebaut
Reiling, Kinkead Kinkead
Renninger Ph.D., Neil
Soares Portela, Mario Neutel
Williams, R. Neil
DEA
Department of Agriculture
EPA
FDA
US Environmental Protection Agency
Greenberg Traurig, LLP
ACE American Insurance Company
Everest Indemnity Insurance Company
Federal Insurance Company
Hiscox
TDC National Assurance Company
Travelers
Underwriters at Lloyd's London
3700 Highway 421 Owner LLC
Caliope Realty Associatees LLC
Chodosh Realty Services, Inc
Colliers International
Continental Real Estate Companies
CPI Hospitality LLC
Crown Properties
Design District Development Pa
Design District Development Partners LLC
Design District ERFR LLC & RFR Holding LLC

Duane Ventures
Emerystation Triangle, LLC
Epic W12 LLC
ES East, LLC
Flowing Water Creek, LLC
Holis R&D Associates
Kaufman Friedman Plotnicki & Grun, LLP
Lachtman Cohen P.C
Larringa Sisters LLC
McDermott Will & Emery LLP
Oak Plaza Associates (DEL), LLC
Olshan Frome Wolosky LLP
Palm Beach Holdings 3940, LLC
Park Wynwood LLC
Shartsis Friese LLP
Stewart Ward & Josephson LLP
TriStar Capital LLC
Weisman, Brodie, Starr & Margolies, P.A.
Anesma Group, LLC
Anjo Ventures, LLC
DSM Finance B.V.
Foris Ventures, LLC
Muirisc, LLC
Perrara Ventures, LLC
Goodwin Procter LLP
Troutman Pepper Hamilton Sanders LLP
AO Representative Expense Fund, LLC,
Austrade Inc.
BaM Productions, Inc. v. Amyris Clean Beauty, Inc.
Disruptional Ltd. and &Vest Beauty Labs LP v. Amyris, Inc.
Ebates Performance Marketing Inc. dba Rakuten Rewards et al. v.
IN RE AMYRIS, INC. Stockholder Derivative Litigation
(Other Defendants: Melo, Doerr, Kung, Duyk, Mills and former D&Os)
Jasmina Samardzic v. Amyris, Inc.
Keith Jordan Bronsdon v. Amyris, Inc.
Lavvan Inc. v. Amyris, Inc.
Lavvan, Inc.
Little Bear Studios v. Amyris Clean Beauty et al.
Park Wynwood, LLC v. Amyris, Inc.
PMG Worldwide LLC v. Amyris Clean Beauty, Inc
Reid Architecture PLLC v. Amyris, Inc.
Roth v. Foris Ventures, LLC et al.
Strukmyer, LLC v. Amyris Clean Beauty, Inc.
Velem LLC v. Amyris Clean Beauty, Inc.
Wilkins Media, LLC, v. Amyris, Inc.
Ziegelman et al. v. Amyris, Inc.

Alvarez, Eduardo
Choi, Doris
Dreyer CPA, Elizabeth E.
Kieftenbeld, Hermanus/Han
Leavell, Michael
Ofori, Christine
Tsong, Annie
Hughes, Anthony
Kelsey, Nicole
Melo, John G.
Valiasek, Kathleen
Accell Global Risk Solutions, Inc.
Accenture LLP
CFGI Holdings, LLC
Clark & Elbing LLP
Cowen & Company LLC
Deloitte Consulting, LLP
Deloitte Tax LLP
Duff & Phelps LLC
Fish & Richardson P.C.
Global Retirement Partners, LLC
Hanson Bridgett LLP
Hulst & Handler LLP
Macias Gini & O'Connell LLP
Michael Herrinton
Oppenheimer & Co. Inc.
Shipman & Goodwin LLP
Squire Patton Boggs
Deloitte Consulting, LLP
Fish & Richardson P.C.
Gibson, Dunn & Crutcher LLP
Macias Gini & O'Connell LLP
Shearman & Sterling LLP
Alastair Dorward
Francisco Costa
John G. Melo
Nicole Kelsey
Alabama Department of Revenue
Brunswick County Revenue Dept.
California Department of Tax
City of Emeryville
DC Treasurer
Delaware Secretary of State
HMRC Birmingham Stamp Office
Internal Revenue Service Center
NCDOR

New York State Corporation Tax
North Carolina Dept of Revenue
North Carolina Secretary of State
NYC Department of Finance
Oklahoma Tax Commission - Franchise
Pinheironeto Advogados
State of California Franchise Tax Board
State of New Jersey
Texas Comptroller of Public Accts
The Commonwealth of Massachusetts
United States Small Business Admin
United States Treasury
Wyoming Department of Revenue
ADL Biopharma
Allog Transportes Internaciona
Allure Labs, Inc.
Cosan US LLC
Cosmetix West
DB Ventures Ltd.
DSM USA
Epic W12 LLC
ES East, LLC
Evonik Corporation
Gibson, Dunn & Crutcher LLP
Global4PL Supply Chain Services
Hearst Magazine Media
Hollis R&D Associates
Microsoft Corporation
Nest-Filler USA
Nikko Chemicals Co Ltd
Nippon Surfactant Industries Co., Ltd (Nissa)
Northwest Comsmetics Labs
Outfront Media
Palm beach Holdings 3940 LLC
Park Wynwood, LLC
PMG Worldwide, LLC
Rakuten Advertising
Sartorius Stedim North America
Shearman & Sterling LLP
Todd Shemarya Artists, Inc.
U.S. Bank National Association, as Trustee for Convertible Notes
Wiley Companies
Workday, Inc.
A.I. PR. Ltd.
ADL BIOPHARMA
Agilent Technologies Inc

Allog Transportes Internaciona
Allure Labs, Inc.
Anne Myong
Avalara, Inc.
Berma LLC DBA NoGood
Bio Base Europe Pilot Plant
Capsum Inc.
CFGI Holdings, LLC
ChartHop
Cigna HealthCare
Colorado Quality Products, LLC
Compensation Tool Corp.
Cosmetix West
CPCneutek
DB Ventures Limited
DH Smith and Associates LP
DSM Nutritional Products Ltd
ECS Axcess Point LLC
Evonik Corporation
Facebook, Inc.
Folio3 Software Inc
Fusion Packaging, LLC
Garvan Eric Kuskey
Global4PL Supply Chain Services
Hanft Ideas LLC
Hanft Ideas LLC
Hearst Magazine Media
ID Matters, LLC dba ID Public Relations
Jim Iacoponi
John Melo
JVN Entertainment INC
KONE Inc.
LinkedIn Corp.
Little Bear Studios
Mariella Fostrup
Mass Construction Corporation
MuteSix, LLC
NB Ventures, Inc.
Nest-Filler USA
Opensci LLC
Outfront Media
OUTFRONT Media LLC
PerkinElmer Informatics Inc.
Perpetua Labs, Inc.
Petty Cash Inc
Pinterest, Inc

PMG Worldwide, LLC
Practicing Law Institute
Quiet Logistics, Inc.
Rakuten Advertising
Renfield Manufacturing LLC
RR Donnelley & Sons Company
Sartorius Stedim North America
Sunil Chandran
TargetCW
Todd Shemarya Artists, Inc.
Walmart Inc
Wiley Companies
Wisconsin BioProducts
World Wide Technology, LLC
Benjamin Hackman
Christine Green
Diane Giordano
Dion Wynn
Edith A. Serrano
Hannah M. McCollum
Holly Dice
James R. O'Malley
Jane Leamy
Joseph Cudia
Joseph McMahon
Juliet Sarkessian
Lauren Attix
Linda Casey
Linda Richenderfer
Nyanquoi Jones
Richard Schepacarter
Rosa Sierra-Fox
Shakima L. Dortch
Timothy J. Fox, Jr.
ACI FLORIDA POWER & LIGHT
Advanced Chemical Transport Inc
Advanced Chemical Transport Inc
AT&T
AT&T Mobility LLC
AT&T U-verse (SM)
Brunswick County Public Utilities
CloudWyze
ConEdison
Duke Energy
East Bay Municipal Utility District
First Digital Communications, LLC

Garratt-Callahan Company
GFL Environmental - Company
Linde Gas & Equipment Inc.
M&M Sanitation Corporation
NC Division of Waste Management
Pacific Gas and Electric Company
Paxio Inc
Piedmont Natural Gas
US Waste Industries, Inc.
Verizon Wireless
Waste Management of Alameda County
Waste Management of Alameda County
Winters Bros Waste Systems