**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC, *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | **[Related Docket No. 601]** |

### GIVAUDAN SA'S LIMITED OBJECTION TO PROPOSED CURE AMOUNT

Givaudan SA (together with its direct and indirect subsidiaries, "Givaudan") hereby files this limited objection (this "Objection") to the *Notice of Potential Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases* [Docket No. 601] (the "Assumption Notice")[2] and the proposed Cure Amount set forth therein for the Asset Purchase Agreement. In support of the Objection, Givaudan respectfully states as follows:

1. Givaudan and certain of the Debtors are party to that certain *Asset Purchase Agreement*, dated February 21, 2023, by and among Givaudan, Aprinnova, LLC, and Amyris (the "Asset Purchase Agreement," and collectively with each of those Givaudan contracts listed in the Assumption Notice, including those listed in rows 1250, 1424, 1425, and 1635 through 1669, the "Givaudan Agreements"). Pursuant to the Asset Purchase Agreement, Givaudan purchased the right to distribute, market, and sell certain intellectual property in the cosmetic actives field and various customer contracts. After the closing of the sale, the Debtors continued to ship and

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms not defined herein shall have the meanings given in the Assumption Notice.

invoice the applicable customers on Givaudan's behalf, and remit payments by customers to Givaudan.

2.     The Debtors propose to potentially assume, assume and assign, and/or transfer the Asset Purchase Agreement in connection with a Restructuring Transaction. Assumption Notice, Schedule A, Row 1660.  As set forth in Schedule A to the Assumption Notice, the Debtors propose a Cure Amount of $0 in connection with the assumption of the Asset Purchase Agreement.  *Id.*  Based on Givaudan's review of its books and records, the Debtors' proposed Cure Amount of $0 for the Asset Purchase Agreement does not accurately reflect the cost of curing all prepetition defaults under the Asset Purchase Agreement.  Such amount fails to include amounts paid by customers of Givaudan that were collected by the Debtors on Givaudan's behalf and not subsequently remitted to Givaudan by the Debtors.  Givaudan asserts that, as of the date hereof, the proper Cure Amount under the Asset Purchase Agreement is not less than **$13,003,848.00**. Givaudan may also have setoff and recoupment rights in connection with such amount and Givaudan expressly reserves any rights it may have to set off or recoup such amounts. Additionally, Givaudan continues to review and analyze its books and records and believes that cure amounts may be due with respect to other Givaudan Agreements.

3.     Section 365(b)(1)(A) provides that the trustee may not assume or assign an executory contract unless the trustee "cures, or provides adequate assurance that the trustee will promptly cure" any default under the contract.  11 U.S.C. § 365(b)(1)(A); *see also In re Network Access Solutions, Corp.,* 330 B.R. 67, 76 (Bankr. D. Del 2005) (explaining that "when a contract is assumed under section 365, all unpaid amounts due under the agreement must be paid").  Contracting parties must receive the full benefit of their bargain if they are forced to continue performance.  *See In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir. 1996).  In order to

2

assume, assume and assign, and/or transfer the Asset Purchase Agreement, the Debtors must pay, in full, the proper cure amount of not less than **$13,003,848.00**.

4.      The Debtors may owe additional amounts under the Givaudan Agreements based on performance under the agreement rendered after the date hereof, and Givaudan reserves its rights to further supplement this objection to reflect such amounts.  Section 365(b)(1) of the Bankruptcy Code requires a debtor to cure all defaults under an executory contract, not just amounts that were invoiced or accrued prior to the petition date.  *See* 11 U.S.C. § 365(b)(1); *In re Washington Capital Aviation & Leasing,* 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) ("Section 365(b)(1)(A) requires the debtor in possession to cure pre- and post petition lease defaults."). Alternatively, Givaudan requests that any order authorizing the assumption, assumption and assignment, and/or transfer of the Givaudan Agreements include a provision requiring any such amounts be included in the Cure Amount and be paid in full.

5.      Givaudan expressly reserves any rights to setoff or recoupment under the Givaudan Agreements and all rights to object to assumption, assumption and assignment, and/or transfer of the Givaudan Agreements in connection with any sale of the Debtors' assets or confirmation of the Plan, including on the basis that any prospective purchaser has not provided adequate assurance of future performance.

*[Remainder of page intentionally left blank.]*

3

Dated:    November 21, 2023
          Wilmington, Delaware

Respectfully submitted,

*/s/ Christopher P. Simon*
**CROSS & SIMON, LLC**
Christopher P. Simon (No. 3697)
Kevin Mann (No. 4576)
1105 North Market Street, Suite 901
Wilmington, Delaware 19801
Tel:    (302) 777-4200
Fax:    (302) 777-4224
Email:  csimon@crosslaw.com
        kmann@crosslaw.com

- and -

**PAUL, WEISS, RIFKIND,**
**WHARTON & GARRISON LLP**
Aidan Synnott (admitted *pro hac vice*)
John T. Weber (admitted *pro hac vice*)
Lara Luo (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Tel:    (212) 373-3000
Fax:    (212) 757-3990
Email:  asynnott@paulweiss.com
        jweber@paulweiss.com
        lluo@paulweiss.com

- and -

**NIXON PEABODY LLP**
Richard C. Pedone (admitted *pro hac vice*)
53 State Street
Boston, MA 02109
Tel:    (617) 345-1305
Fax:    (866) 947-1890
Email:  rpedone@nixonpeabody.com

- and-

Christopher J. Fong (admitted *pro hac vice*)
Tower 46, 55 West 46th Street
New York, New York 10036-4120
Tel:    (212) 940-3724
Fax:    (855) 900-8613
Email:  cfong@nixonpeabody.com

*Co-Counsel to Givaudan*