**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*,[1] | Case No. 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 601** |

## LIMITED OBJECTION AND RESERVATION OF RIGHTS OF GOOGLE LLC TO THE POTENTIAL ASSUMPTION OF EXECUTORY CONTRACTS

Google LLC f/k/a Google Inc. (**"Google"**), by and through its undersigned counsel, files the following limited objection and reservation of rights to the potential assumption and assignment of the Google Contracts (as defined below) and proposed cure amount, in response to the proposed treatment under the *Notice of Potential Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases* [D.I. 601] (the "**Cure Notice**") filed by the above-captioned debtors and debtors-in-possession (the **"Debtors"**), and states as follows:

### PRELIMINARY STATEMENT

Google objects to the proposed cure amount as set forth by Debtors in the Cure Notice because the proposed cure amounts to be paid to Google—$0, if Google's executory contracts are assumed, are drastically less than the amount required to be paid to cure the monetary defaults under Google's Contracts—at least $656,077.90.

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

## BACKGROUND

1.      On August 9, 2023 and August 21, 2023, as applicable (the **"Petition Date"**), the Debtors filed voluntary petitions for Chapter 11 relief in the United States Bankruptcy Court for the District of Delaware (the **"Bankruptcy Court"**).

2.      Prior to the Petition Date, Google entered into certain contracts, including the contracts for advertising services (the "**Ads Agreement**") and the cloud services (the "**Cloud Agreement**" and together with the Ads Agreement, Collectively, the **"Google Contracts"**) with the Debtors.  Pursuant to the Google Contracts, Google provides advertisings services, cloud computing services, and other services to and for the benefit of the Debtors, including without limitations services through the Google Ads (f/k/a AdWords) and Google Cloud programs.  The Google's Ads program is an online advertising program that, among other things, allows advertisers (here, the Debtors) to reach potential customers as they search for designated words and phrases (i.e., keywords) or browse websites with themes similar to the advertiser's.  The Google Cloud program provides a suite of cloud computing services, including computing, data storage, data analytics and machine learning.

3.      On October 19, 2023, the Debtors filed the Cure Notice.  The contract schedule attached to the Cure Notice lists certain contracts between Google and certain of the Debtors, including the Google Contracts, with proposed cure amount of Zero Dollars ($0) (the "**Proposed Cure Amount**").

4.      As of November 21, 2023, at least $656,077.90 is owed to Google and past due for services provided by Google to the Debtors, consisting of $452,264.45 for pre-petition

services and $203,813.45 is due on account of post-petition services provided to the Debtors.[2] The Cure Notice fails to reflect the total amount owed to Google—$656,077.90.

5.      The Cure Notice states that any objection to the Proposed Cure Amount must be filed with the Court on or before November 7, 2023, at 5:00 p.m. (prevailing Eastern Time).  The Debtors agreed to extend Google's objection deadline to November 22, 2023 (the "**Objection Deadline**").

6.      Based on information and belief, the Debtors seek to continue to receive the same services historically provided by Google to the Debtors.   Based on the Debtors' prior participation in the Google's Ads program and Cloud program and the historical services provided by Google to the Debtors, the Debtors will need to assume and cure the contracts between Google and the Debtors to continue to receive the same level of services from Google.

## BASIS FOR OBJECTION

7.      The Debtors may assume contracts, but defaults under the contracts must be cured at the time the contract is assumed.  Section 365 of the Bankruptcy Code provides:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee-
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…;

---

[2] An additional $413,402.08 will become due on November 30, 2023.  As that amount is not yet past due, it is not required to be paid to cure the Google Contracts at this time.  Google reserves the right to amend its Proof of Claim or this Objection at a later date to reflect further amounts that become due, as appropriate.

> (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
>
> (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

8.    Bankruptcy Code Section 365(b)(1) makes clear that defaults must be cured as of the assumption.  Such defaults that must be cured include both pre-petition and post-petition defaults.  *In re McLean Industries, Inc.*, 96 B.R. 440, 449 n. 11 (S.D.N.Y. 1989) ("assumption creates a post-petition liability and requires cure of pre-petition and post-petition defaults"); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 173 (Bankr. E.D. Va. 1993) ("Section 365(b)(1)(A) requires the debtor in possession to cure pre- and post-petition defaults . . . . This conclusion is clear from §365(b)(1) which measures defaults as of the 'time of assumption'") (*citing In re Rachels Industries, Inc.*, 109 Bankr. 797, 811-812 (Bankr. W.D. Tenn. 1990)); *In re Bachrach Clothing, Inc.*, 2007 Bankr. LEXIS 2623 * 11 (N.D. Ill. Aug. 2, 2007) ("…365(b)(1) measures defaults as of the time of assumption.  Therefore, the debtor was required to cure both pre- and post-petition defaults.") *aff'd* 396 B.R. 219 (N.D. Ill. 2008).

9.    "Once an assumption order is entered, the creditor must perform in accordance with the terms of the assumed agreements. . .  In other words, the debtor must cure all defaults, assure future performance, and make the other contracting party whole before it may be permitted to assume the agreement.".  *In re Kiwi Intern. Air Lines, Inc.*, 344 F.3d 311, 318 (3rd Cir. 2003); *In re Columbia Gas System Inc.,* 50 F.3d 233, 238–39 (3d Cir.1995) ("[T]he Bankruptcy Code provides that the cost of performing the debtor's obligations is an administrative expense of the estate. . . .").

10.    Google objects to the proposed assumption of the Google Contracts on the ground that the Proposed Cure Amount ($0) does not cure the defaults under the Google Contracts.  As set forth above, the amount necessary to cure the monetary defaults under the Google Contracts is at least payment of $656,077.90.

11.    To the extent that the Debtors seek to assume the Google Contracts, the outstanding monetary defaults must be fully cured by paying Google $656,077.90, along with payment of any amounts due and owing in the ordinary course of business, through the effective date of assumption.

12.    Google submits that the Debtors are obligated to cure all monetary defaults under the Google Contracts, in full, as a condition of assumption of the Google Contracts pursuant to 11 U.S.C. §365(b)(1).

13.    Google is filing this Objection on or before the Objection Deadline, as extended by agreement, and will follow-up with the Debtors to try to resolve the cure amounts for the Google Contracts, to determine the services sought by assumption of the Google Contracts and the respective cure amounts.

**<u>RESERVATION OF RIGHTS</u>**

14.    Google hereby expressly reserves (the "**Reservation of Rights**") all rights, interests, claims, counterclaims, rights of setoff and recoupment and/or defenses pertaining to any or all Google Contracts including, without limitation, (a) the right to object to the assumption and/or assignment by the Debtors of any contract not identified by the Debtors in the Cure Notice (the "**Excluded Contracts**"), (b) the right to payment of all monetary defaults and the cure of all non-monetary defaults that exist with respect to each such Excluded Contracts, (c) the right to assert any additional cure costs due and owing with respect to any additional contracts that hereinafter are

designated for assumption and assignment by the Debtors, and/or (d) the right to have the assignment of any Google Contract or Excluded Contract specifically conditioned on the Court finding, based on competent evidence, that the actual assignee of such contract is capable of performing all terms and conditions of such contract including, without limitation, payment of all amounts that will come due and owing subsequent to any such assignment.

15.    Google further expressly reserves the right to amend, modify and/or supplement this Objection, including without limitation all rights to further object to the proposed assumption and assignment of the Google Contracts, based upon the Debtors further disclosures and supplemental assumption/cure notices, the parties further discussions and exchange of information, and in reply to any responses to this Objection.

*[Remainder of Page Intentionally Left Blank.]*

**WHEREFORE**, for the reasons set forth above, Google respectfully requests that (i) the Court sustain this objection and deny the assumption of the Google Contracts, unless Google is paid the full cure amount of at least $656,077.90, along with payment of any amounts due and owing in the ordinary course of business, through the effective date of assumption, (ii) approve the Reservation of Rights, and (iii) such other relief as may be just and proper under the facts and circumstances of these Bankruptcy Cases.

Respectfully submitted,

Date: November 22, 2023                     WHITE AND WILLIAMS LLP

By:  */s/ Michael A. Ingrassia*
      Michael A. Ingrassia (No. 7068)
      600 N. King Street, Suite 800
      Wilmington, DE 19801
      Telephone: (302) 467-4503
      Facsimile: (302) 467-4550
      ingrassiam@whiteandwilliams.com

      *Counsel to Google LLC*