**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**Objections Due: December 15, 2023 at 4:00 P.M. (ET)**
**Hearing Date: To be scheduled if necessary**

**THIRD MONTHLY FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM OCTOBER 1, 2023 THROUGH OCTOBER 31, 2023**

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of August 9, 2023 by order signed September 11, 2023 |
| Period for which Compensation and Reimbursement is Sought: | October 1, 2023 through October 31, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $3,102,586.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $140,123.28 |

This is a:   ☒ monthly   ☐ interim   ☐ final application.

The total time expended for fee application preparation is approximately 6.0 hours and the corresponding compensation requested is approximately $4,500.00.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

SF 4873-4191-8868.1 03703.004

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11.01.23 | 08.09.23 - 08.31.23 | $1,275,515.75 | $10,533.41 | $1,275,515.75 | $10,533.41 |
| 11.22.23 | 09.01.23 – 09.30.23 | $2,256,529.50 | $14,211.62 | Pending | Pending |

## PSZJ PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Isaac M. Pachulski | Partner, 1974 | $1,995.00 | 30.40 | $ 60,648.00 |
| Jeffrey H. Davidson | Partner, 1977 | $1,895.00 | 4.00 | $ 7,580.00 |
| Richard M. Pachulski | Partner, 1979 | $1,895.00 | 144.70 | $274,206.50 |
| Alan J. Kornfeld | Partner, 1987 | $1,675.00 | 157.80 | $264,315.00 |
| Debra I. Grassgreen | Partner, 1992 | $1,550.00 | 195.30 | $302,715.00 |
| Henry C. Kevane | Partner, 1986 | $1,550.00 | 125.80 | $194,990.00 |
| Richard J. Gruber | Counsel, 1982 | $1,525.00 | 26.90 | $ 41,022.50 |
| Judith Elkin | Counsel, 1982 | $1,450.00 | 72.00 | $104,400.00 |
| Maxim B. Litvak | Partner, 1997 | $1,445.00 | 48.40 | $ 69,938.00 |
| Iain A. W. Nasatir | Partner, 1983 | $1,395.00 | 3.10 | $ 4,324.50 |
| Harry D. Hochman | Counsel, 1987 | $1,350.00 | 22.00 | $ 29,700.00 |
| James K. T. Hunter | Counsel, 1976 | $1,350.00 | 2.60 | $ 3,510.00 |
| Gabriel I. Glazer | Partner, 2006 | $1,325.00 | 28.70 | $ 38,027.50 |
| Malhar S. Pagay | Partner, 1997 | $1,295.00 | 113.00 | $146,335.00 |
| James E. O'Neill | Partner, 1985 | $1,275.00 | 130.50 | $166,387.50 |
| Jonathan J. Kim | Counsel, 1996 | $1,175.00 | 62.60 | $ 73,555.00 |
| Victoria A. Newmark | Counsel, 1996 | $1,175.00 | 1.50 | $ 1,762.50 |
| John W. Lucas | Partner, 2005 | $1,150.00 | 3.40 | $ 3,910.00 |
| Beth E. Levine | Counsel, 1992 | $1,095.00 | 64.00 | $ 70,080.00 |
| Gina F. Brandt | Counsel, 1976 | $1,050.00 | 0.90 | $ 945.00 |
| Jason H. Rosell | Partner, 2010 | $995.00 | 77.20 | $ 76,814.00 |
| Gillian N. Brown | Counsel, 1999 | $975.00 | 27.40 | $ 26,715.00 |
| William L. Ramseyer | Counsel, 1980 | $975.00 | 0.20 | $ 195.00 |
| Richard M. Pachulski | Partner, 1979 | $947.50 | 12.30 | $ 11,654.25 |
| Miriam Manning | Counsel, 1995 | $925.00 | 13.90 | $ 12,857.50 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Steven W. Golden | Partner, 2015 | $895.00 | 184.20 | $164,859.00 |
| Debra I. Grassgreen | Partner, 1992 | $775.00 | 11.30 | $   8,757.50 |
| Edward A. Corma | Associate, 2018 | $725.00 | 28.90 | $ 20,952.50 |
| Leslie A. Forrester | Library | $595.00 | 4.10 | $   2,439.50 |
| Beth E. Levine | Counsel, 1992 | $547.50 | 3.50 | $   1,916.25 |
| Lisa H. Petras | Paralegal | $545.00 | 23.10 | $ 12,589.50 |
| Patricia J. Jeffries | Paralegal | $545.00 | 92.30 | $ 50,303.50 |
| Cheryl A. Knotts | Paralegal | $495.00 | 0.70 | $      346.50 |
| Andrea R. Paul | Case Mgmt. Assistant | $425.00 | 12.00 | $   5,100.00 |
| Charles J. Bouzoukis | Case Mgmt. Assistant | $425.00 | 6.30 | $   2,677.50 |

**Grand Total:   $3,102,586.75**
**Total Hours:        2,535.60**
**Blended Rate:     $1,223.61**

### COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Appeals | 3.70 | $   5,103.00 |
| Asset Analysis and Recovery | 29.90 | $ 30,805.50 |
| Asset Disposition | 69.30 | $ 75,801.00 |
| Avoidance Action Analysis | 0.70 | $      918.50 |
| Bankruptcy Litigation | 815.50 | $935,816.00 |
| Case Administration | 123.90 | $113,652.00 |
| Claims Administration and Objections | 116.90 | $165,679.50 |
| Contract and Lease Matters | 243.60 | $315,067.00 |
| Corporate Governance | 13.40 | $ 23,264.50 |
| Financial Filings | 2.10 | $   2,239.50 |
| Financing/Cash Collateral/Cash Management | 423.60 | $537,860.00 |
| General Creditors' Committee | 4.40 | $   5,493.00 |
| Hearings | 4.40 | $   3,990.00 |
| Insurance Coverage | 6.60 | $   9,171.00 |
| Litigation (Non-Bankruptcy) | 4.80 | $   3,200.00 |
| Meetings of and Communications with Creditors | 7.10 | $   7,897.50 |
| Non-Working Travel | 35.50 | $ 29,721.75 |
| Operations | 6.70 | $   7,643.50 |
| Other Professional Compensation | 10.10 | $   7,771.50 |
| Other Professional Retention | 207.40 | $274,105.50 |

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Plan and Disclosure Statement | 364.50 | $502,494.50 |
| PSZJ Compensation | 15.70 | $ 11,253.00 |
| PSZJ Retention | 9.00 | $ 11,805.00 |
| Stay Litigation | 7.30 | $ 5,921.50 |
| Travel | 9.50 | $ 15,912.50 |
| **Totals** | **2,535.60** | **$3,102,586.75** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | American Airlines, United Airlines | $8,252.39 |
| Auto Travel Expense | A&H Transportation, DE Limo Service, Lyft, KLS Worldwide, Uber | $3,235.06 |
| Bloomberg | | $237.70 |
| Delivery/Courier Service | Parcel | $2,235.12 |
| Federal Express | | $296.33 |
| Hotel Expense | DuPont DE | $11,304.40 |
| Lexis/Nexis- Legal Research | | $1,594.23 |
| Litigation Support Vendors | CL@S, KLDiscovery, Everlaw, Expert witness testimony | $80,287.43 |
| Pacer - Court Research | | $1,917.10 |
| Reproduction Expense - @0.10 per page | | $5,058.70 |
| Transcript | Escribers, Reliable, Veritext | $23,127.69 |
| Travel Expense | United WiFi | $46.00 |
| Working Meals | Bardea Garden Restaurant, Chickies & Petes, Starbucks | $2,531.13 |
| **Total** | | **$140,123.28** |

---

[3] PSZJ may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**Objections Due:  December 15, 2023 at 4:00 P.M. (ET)
Hearing Date:  To be scheduled if necessary**

**THIRD MONTHLY FEE APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
PERIOD FROM OCTOBER 1, 2023 THROUGH OCTOBER 31, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and this *Court's Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, entered on September 14, 2023 [Docket No. 279] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel for the debtors and debtors in possession ("Debtors"), hereby submits its *Third Monthly Application for Compensation and for Reimbursement of Expenses for the Period from October 1, 2023 through October 31, 2023* (the "Application").

By this Application PSZJ seeks a monthly interim allowance of compensation in the amount of $3,102,586.75 and actual and necessary expenses in the amount of $140,123.28 for a total allowance of $3,242,710.03 and payment of $2,482,069.40 (80% of the allowed fees) and

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

reimbursement of $140,123.28 (100% of the allowed expenses) for a total payment of $2,622,192.68 for the period October 1, 2023 through October 31, 2023 (the "Fee Period"):

**Background**

1. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), consisting of the following seven members: (i) Cosan U.S. Inc., (ii) U.S. Bank Trust Company, National Association as Trustee, (iii) Sartorius Stedim North America, Inc., (iv) Hearst Magazine Media, Inc., (v) Wiley Companies, (vi) Park Wynwood, LLC, and (vii) Allog Participacoes, Ltda. *See* Docket No. 152.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. On September 14, 2023, the Court entered the Administrative Order, authorizing estate professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within fourteen (14) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending March 31, 2023, and at three-month intervals or such other intervals convenient to the Court, each of the

Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

5.  The retention of PSZJ, as counsel for the Debtors, was approved effective as of August 9, 2023 by this Court's *Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of the Petition Date*, entered on September 11, 2023 (the "Retention Order"). The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZJ's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

6.  All services for which PSZJ requests compensation were performed for or on behalf of the Debtors, and not on behalf of any committee, creditor or other person.

7.  PSZJ, and any partner, of counsel, or associate thereof, have received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZJ and any other person other than among the partners, of counsel, or associates of PSZJ for the sharing of compensation to be received for services rendered in these cases. PSZJ has received payments from the Debtors during the year prior to the Petition Date in the amount of $1,874,692.00 in connection with the preparation of initial documents and its prepetition representation of the Debtors. PSZJ has applied all prepetition payments to all outstanding prepetition fees and expenses.

8.     The professional services and related expenses for which PSZJ requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZJ's professional responsibilities as attorneys for the Debtors in these chapter 11 cases.  PSZJ's services have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.

### Fee Statements

9.     The invoice for the Fee Period is attached hereto as **Exhibit A**.  This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZJ's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order.  PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZJ is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports.  PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  To the extent it is feasible, PSZJ professionals attempt to work during travel.

### Actual and Necessary Expenses

10.    A summary of the actual and necessary expenses incurred by PSZJ for the Fee Period is attached hereto as part of **Exhibit A**.  PSZJ customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware.  PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the

copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

11. PSZJ charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZJ does not charge the Debtor for the receipt of faxes in this case.

12. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

13. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

14. The names of the timekeepers of PSZJ who have rendered professional services in this case during the Interim Period are set forth in the attached **Exhibit A**. PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtor's case, and performed all necessary professional services

which are described and narrated in detail below.  PSZJ's efforts have been extensive due to the size and complexity of the Debtors' cases.

## Summary of Services by Project

15.     The services rendered by PSZJ during the Fee Period can be grouped into the categories set forth below.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.     Asset Analysis and Recovery**

16.     During the Fee Period, the Firm, among other things, (i) reviewed and analyzed complex intellectual property issues; (ii) reviewed and analyzed documents in connection with the Novvi transaction, and conferred with counsel regarding strategy; and (iii) prepared and obtained approval of a motion to authorize consent to enter into the Novvi transaction.

Fees:  $30,805.50     Hours:  29.90

**B.     Avoidance Action Analysis**

17.     During the Fee Period, the Firm conferred with the Debtors' advisors regarding preference analyses.

Fees:  $918.50     Hours:  .70

**C.	Asset Disposition**

18.	During the Fee Period, the Firm, among other things, (i) addressed sale and bid related issues in connection with the Onda assets; (ii) attended the Onda auction; (iii) conferred with estate professionals regarding Costa Brazil sale related issues; (iv) reviewed and analyzed the Costa Brazil APA and related sale documents; (v) conferred with counsel regarding stalking horse bids and sale-related strategies; (vi) participated in weekly sale process update calls; (vii) prepared and obtained approval on a motion to abandon inventory; and (viii) addressed sale timeline issues.

Fees: $75,801.00    Hours: 69.30

**D.	Appeals**

19.	During the Fee Period, the Firm, among other things, conferred with counsel regarding Lavvan's appeal and go forward strategy.

Fees: $5,103.00    Hours: 3.70

**E.	Bankruptcy Litigation**

20.	During the Fee Period, the Firm, among other things, (i) reviewed and analyzed potential litigation and investigation issues; (ii) reviewed, analyzed and prepared responses to discovery requests propounded by the Committee; (iii) participated in calls with estate professionals regarding discovery requests and litigation issues; (iv) reviewed and produced documents in response to formal and informal document requests; (v) maintained a virtual data room; (vi) prepared for hearings; (vii) prepared hearing agendas; (viii) prepared trial subpoenas; and (ix) reviewed and analyzed Lavvan's adversary complaint.

Fees: $935,816.00    Hours: 815.50

**F.**     **Case Administration**

21.    During the Fee Period, the Firm, among other things, (i) reviewed correspondence and pleadings and forwarded them to appropriate parties; (ii) maintained a calendar of critical dates and deadlines, (iii) discussed, reviewed, and followed up on various open case issues, (iv) participated in weekly case strategy calls; and (v) prepared hearing agendas.

Fees:  $113,652.00     Hours:  123.90

**G.**     **Claims Administration and Objections**

22.    During the Fee Period, the Firm, among other things: (i) coordinated service of the bar date motion upon all creditors; (ii) conferred with counsel regarding Lavvan claim issues; and (iii) performed a lien analysis in connection with the Lavvan claims.

Fees:  $165,679.50     Hours:  116.90

**H.**     **Corporate Governance**

23.    During the Fee Period, the Firm, among other things, (i) prepared for and attended regular board meetings; (ii) conferred with counsel regarding board issues; (iii) reviewed and analyzed board minutes; (iv) prepared for and attended regular restructuring committee meetings; and (v) addressed governance issues.

Fees:  $23,264.50     Hours:  13.40

**I.**     **Contract and Lease Matters**

24.    During the Fee Period, the Firm, among other things, (i) prepared and obtained approval of a motion to extend lease and contract rejection deadlines; (ii) addressed discovery requests in connection with a motion to reject under Bankruptcy Code section 365(n); (iii) conferred with counsel regarding DSM Firmenich issues; (iv) engaged in negotiations with DSM

Firmenich and Givaudan; (v) reviewed and analyzed term sheets in connection with DSM Firmenich and Givaudan; and (vi) reviewed and analyzed escrow agreements.

Fees: $315,067.00     Hours: 234.60

**J.     Financial Filings**

25.     During the Fee Period, the Firm, among other things, reviewed, analyzed, and assisted the Debtors with the preparation and filing of the monthly operating reports.

Fees: $2,239.50     Hours: 2.10

**K.     Financing/Cash Collateral/Cash Management**

26.     During the Fee Period, the Firm, among other things, (i) conferred with estate professionals regarding status update of Lavvan's objection to Debtor in possession financing ("DIP"); (ii) conferred with estate professionals regarding DIP issues; (iii) performed research and prepared a reply brief in connection with Lavvan dispute; (iv) prepared for and attended various depositions in connection with the Lavvan dispute; (v) prepared for and attended the trial on the Lavvan DIP dispute; (vi) reviewed, analyzed and provided comments to an adequate protection stipulation with DSM Firmenich; and (vii) reviewed and analyzed variance reports.

Fees: $537,860.00     Hours: 423.60

**L.     General Creditors' Committee**

27.     During the Fee Period, the Firm, among other things, participated in calls with the Committee and the ad hoc noteholders group regarding overall case issues and work streams and prepared a non-disclosure agreement with the bondholders.

Fees: $5,493.00     Hours: 4.40

**M.     Hearings**

28.     During the Fee Period, the Firm, among other things, prepared for and attended the various hearings held during the Fee Period.

                Fees: $3,990.00     Hours: 4.40

**N.     Insurance Coverage**

29.     During the Fee Period, the Firm, among other things, reviewed and analyzed the Debtors' insurance policies and conferred with counsel regarding same.

                Fees: $9,171.00     Hours: 6.60

**O.     Litigation (Non-Bankruptcy)**

30.     During the Fee Period, the Firm, among other things, continued preparation of a motion to extend the deadline to remove cases to District Court.

                Fees: $3,200.00     Hours: 4.80

**P.     Meetings of and Communications with Creditors**

31.     During the Fee Period, the Firm, among other things, prepared for and attended the 341(a) meeting of creditors.

                Fees: $7,897.50     Hours: 7.10

**Q.     Non-Working Travel**

32.     During the Fee Period, the Firm incurred time while traveling on case matters. Non-working travel time is billed at one-half the normal hourly rate.

                Fees: $29,271.75     Hours: 35.50

**R.     Operations**

33.    During the Fee Period, the Firm, among other things, addressed critical vendor issues and negotiated and prepared critical vendor agreements, and addressed various business operational issues.

Fees: $7,643.50     Hours: 6.70

**S.     Other Professional Compensation**

34.    During the Fee Period, the Firm, among other things, assisted the Debtors' professionals with the preparation and filing of their monthly fee applications, coordinated professional fee payments and maintained a professional fee reserve tracking chart.

Fees: $7,771.50     Hours: 10.10

**T.     Other Professional Retention**

35.    During the Fee Period, the Firm, among other things, (i) assisted ordinary course professionals with the preparation and filing of their disclosure declarations; (ii) prepared certifications of counsel and proposed orders regarding various retention applications; (iii) reviewed and analyzed issues in connection with Jefferies retention application, performed research and continued preparation of an objection thereto; (iv) prepared a motion to continue the contested hearing on Jefferies retention application; (v) reviewed discovery responses in connection with Jefferies retention; (vi) prepared an application to employ an expert report in connection with Jefferies retention; (vii) prepared a supplemental brief in connection with Jefferies retention; (viii) prepared for and attended depositions in connection with Jefferies retention; and (ix) conferred with the Debtors' professionals regarding Jefferies issues and strategies.

Fees: $274,105.50     Hours: 207.40

**U.     Plan and Disclosure Statement**

36.     During the Fee Period, the Firm, among other things, (i) reviewed and analyzed plan issues; (ii) reviewed and revised proposed term sheets; and (iii) conferred with estate professionals regarding plan issues and strategies; (iv) continued work on a proposed plan and disclosure statement and solicitation procedures motion; and (v) participated in plan status update calls with estate professionals.

Fees: $502,494.50     Hours: 364.50

**V.     PSZJ Compensation**

37.     During the Fee Period, the Firm, among other things, prepared a supplemental disclosure to its retention application.

Fees: $11,253.00     Hours: 15.70

**W.     PSZJ Retention**

38.     During the Fee Period, among other things, prepared a supplemental disclosure to its retention application.

Fees: $11,805.00          Hours: 9.00

**X.     Stay Litigation**

39.     During the Fee Period, the Firm, among other things, reviewed and analyzed various stay relief issues and prepared correspondence in connection therewith.

Fees: $5,921.50     Hours: 7.30

**Y.     Travel**

40.     During the Fee Period, the Firm incurred billable time preparing for the Gaul deposition while traveling on case matters.

Fees: $15,912.50     Hours: 9.50

**Valuation of Services**

41.  Attorneys and paraprofessionals of PSZJ expended a total 2,535.60 hours in connection with their representation of the Debtors during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Isaac M. Pachulski | Partner, 1974 | $1,995.00 | 30.40 | $ 60,648.00 |
| Jeffrey H. Davidson | Partner, 1977 | $1,895.00 | 4.00 | $ 7,580.00 |
| Richard M. Pachulski | Partner, 1979 | $1,895.00 | 144.70 | $274,206.50 |
| Alan J. Kornfeld | Partner, 1987 | $1,675.00 | 157.80 | $264,315.00 |
| Debra I. Grassgreen | Partner, 1992 | $1,550.00 | 195.30 | $302,715.00 |
| Henry C. Kevane | Partner, 1986 | $1,550.00 | 125.80 | $194,990.00 |
| Richard J. Gruber | Counsel, 1982 | $1,525.00 | 26.90 | $ 41,022.50 |
| Judith Elkin | Counsel, 1982 | $1,450.00 | 72.00 | $104,400.00 |
| Maxim B. Litvak | Partner, 1997 | $1,445.00 | 48.40 | $ 69,938.00 |
| Iain A. W. Nasatir | Partner, 1983 | $1,395.00 | 3.10 | $ 4,324.50 |
| Harry D. Hochman | Counsel, 1987 | $1,350.00 | 22.00 | $ 29,700.00 |
| James K. T. Hunter | Counsel, 1976 | $1,350.00 | 2.60 | $ 3,510.00 |
| Gabriel I. Glazer | Partner, 2006 | $1,325.00 | 28.70 | $ 38,027.50 |
| Malhar S. Pagay | Partner, 1997 | $1,295.00 | 113.00 | $146,335.00 |
| James E. O'Neill | Partner, 1985 | $1,275.00 | 130.50 | $166,387.50 |
| Jonathan J. Kim | Counsel, 1996 | $1,175.00 | 62.60 | $ 73,555.00 |
| Victoria A. Newmark | Counsel, 1996 | $1,175.00 | 1.50 | $ 1,762.50 |
| John W. Lucas | Partner, 2005 | $1,150.00 | 3.40 | $ 3,910.00 |
| Beth E. Levine | Counsel, 1992 | $1,095.00 | 64.00 | $ 70,080.00 |
| Gina F. Brandt | Counsel, 1976 | $1,050.00 | 0.90 | $ 945.00 |
| Jason H. Rosell | Partner, 2010 | $995.00 | 77.20 | $ 76,814.00 |
| Gillian N. Brown | Counsel, 1999 | $975.00 | 27.40 | $ 26,715.00 |
| William L. Ramseyer | Counsel, 1980 | $975.00 | 0.20 | $ 195.00 |
| Richard M. Pachulski | Partner, 1979 | $947.50 | 12.30 | $ 11,654.25 |
| Miriam Manning | Counsel, 1995 | $925.00 | 13.90 | $ 12,857.50 |
| Steven W. Golden | Partner, 2015 | $895.00 | 184.20 | $164,859.00 |
| Debra I. Grassgreen | Partner, 1992 | $775.00 | 11.30 | $ 8,757.50 |
| Edward A. Corma | Associate, 2018 | $725.00 | 28.90 | $ 20,952.50 |
| Leslie A. Forrester | Library | $595.00 | 4.10 | $ 2,439.50 |
| Beth E. Levine | Counsel, 1992 | $547.50 | 3.50 | $ 1,916.25 |
| Lisa H. Petras | Paralegal | $545.00 | 23.10 | $ 12,589.50 |

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Patricia J. Jeffries | Paralegal | $545.00 | 92.30 | $ 50,303.50 |
| Cheryl A. Knotts | Paralegal | $495.00 | 0.70 | $      346.50 |
| Andrea R. Paul | Case Mgmt. Assistant | $425.00 | 12.00 | $   5,100.00 |
| Charles J. Bouzoukis | Case Mgmt. Assistant | $425.00 | 6.30 | $   2,677.50 |

**Grand Total: $3,102,586.75**
**Total Hours:       2,535.60**
**Blended Rate:    $1,223.60**

42. The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto. These are PSZJ's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZJ for the Debtors during the Fee Period is $3,102,586.75.

43. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order signed on or about September 14, 2023 and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZJ respectfully requests that the Court enter an order providing that, for the period of October 1, 2023 through October 31, 2023, an interim allowance be made to PSZJ for compensation in the amount of $3,102,586.75 and actual and necessary expenses in the amount of $140,123.28 for a total allowance of $3,242,710.03 and payment of $2,482,069.40 (80% of the allowed fees) and reimbursement of $140,123.28 (100% of the allowed expenses) for a total payment of $2,622,192.68; and for such other and further relief as this Court deems proper.

| | |
|---|---|
| Dated: December 1, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ James E. O'Neill*<br>Richard M. Pachulski (admitted *pro hac vice*)<br>Debra I. Grassgreen (admitted *pro hac vice*)<br>James E. O'Neill (DE Bar No. 4042)<br>Jason H. Rosell (admitted *pro hac vice*)<br>Steven W. Golden (DE Bar No. 6807)<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, DE 19899-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email:  rpachulski@pszjlaw.com<br>            dgrassgreen@pszjlaw.com<br>            joneill@pszjlaw.com<br>            jrosell@pszjlaw.com<br>            sgolden@pszjlaw.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

# **DECLARATION**

STATE OF DELAWARE      :
                                       :
COUNTY OF NEW CASTLE  :

      James E. O'Neill, after being duly sworn according to law, deposes and says:

      a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

      b)      I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

      c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about September 14, 2023 and submit that the Application substantially complies with such rule and orders.

                                                             */s/ James E. O'Neill*
                                                                  James E. O'Neill