## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

### FIRST SUPPLEMENTAL NOTICE OF POTENTIAL ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On August 9, 2023 and August 21, 2023, as applicable (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On August 11, 2023 and August 23, 2023, as applicable, the United States Bankruptcy Court for the District of Delaware (the "Court") entered orders authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).[2]

On October 13, 2023, the Court entered an order (the "Contract and Lease Procedures Order") authorizing the Debtors to establish procedures related to the assumption, assumption and assignment, and/or transfer of executory contracts and unexpired leases in connection with a sale of the Debtors' assets (including, but not limited to, a sale governed by the Brand Asset Bid Procedures Order[3] but excluding any sale governed by the Non-Operating Brand Procedures Order[4]) or a plan of reorganization (each, a "Restructuring Transaction") approved by the Court

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Motion for an Order (A) Approving Procedures Related to the Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases; and (B) Granting Related Relief* [Docket No. 317] (the "Contract and Lease Procedures Motion").

[3] *Order (A) Approving Bid Procedures for the Sale of the Debtors' Brand Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry Into Any Potential Stalking Horse Agreements; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief* [Docket No. 553] (the "Brand Asset Bid Procedures Order").

[4] *Order (I) Establishing Procedures Governing the Sale or Transfer of Certain De Minimis Assets and Non-Operating Brands, and (II) Granting Related Relief* [Docket No. 205].

(the "Contract and Lease Procedures").  On October 19, 2023, the Debtors filed the *Notice of Potential Assumption, Assumption and Assignment or Transfer of Executory Contracts and Unexpired Leases* [Docket No. 601] (the "Assumption and Assignment Notice").  Attached as Schedule A to the Assumption and Assignment Notice was the *Schedule of Potential Assumed/Assigned Contracts* (the "Initial Contract Schedule").

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY BE A PARTY TO ONE OR MORE OF THE CONTRACTS OR LEASES REFERRED TO HEREIN.**

**FIRST SUPPLEMENTAL CONTRACT SCHEDULE**

Attached as **Schedule B** to this notice (this "First Supplemental Assumption and Assignment Notice") is a schedule (the "First Supplemental Contract Schedule") ***showing changes to the Initial Contract Schedule*** with respect to: (i) Additional Contracts that were not included in the Initial Contract Schedule but have been included in the First Supplemental Contract Schedule; (ii) Removed Contracts that were listed in the Initial Contract Schedule but have been removed from the First Supplemental Contract Schedule; and (iii) Potential Assumed/Assigned Contracts with updated information as compared to the Initial Contract Schedule (including with respect to Cure Amounts) (collectively, the "Additional Notice Contracts").[5]

IF YOU AGREE WITH THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) AND/OR PROPOSED CURE AMOUNTS LISTED IN **SCHEDULE B** WITH RESPECT TO YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S), YOU ARE NOT REQUIRED TO TAKE ANY FURTHER ACTION.

IF YOU DISPUTE INCLUSION OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) ON THE CURE SCHEDULE AND/OR THE CURE AMOUNTS, PLEASE CONTACT THE DEBTORS (BY E-MAIL TO AMYRISCONTRACTS@STRETTO.COM OR CALLING 888-855-0485 OR 1-303-276-0309), TO ATTEMPT TO CONSENSUALLY RESOLVE SUCH DISPUTE WITHOUT THE NEED FOR A FORMAL OBJECTION, **PROVIDED THAT YOU CONTACT THE DEBTORS ON OR PRIOR TO DECEMBER 10, 2023.** IF YOU DISAGREE WITH THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR TRANSFER OF YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) AND/OR THE PROPOSED CURE AMOUNTS LISTED IN **SCHEDULE B** WITH RESPECT TO YOUR POTENTIAL ASSUMED/ASSIGNED CONTRACT(S) AND ARE UNABLE TO CONSENSUALLY RESOLVE YOUR DISAGREEMENT WITH THE DEBTORS, YOU MUST OBJECT TO THE PROPOSED CURE AMOUNTS NO LATER THAN **DECEMBER 14, 2023 AT 5:00 P.M. (PREVAILING EASTERN TIME)** (the "Contract Objection Deadline").

---

[5] For avoidance of doubt, the Debtors reserve all rights to remove any executory contract or unexpired lease from the Potential Assumed/Assigned Contract and Cure Schedule prior to Closing of any Sale(s), in which instance such executory contract or unexpired lease will not be a Transferred Contract.

Objections to a proposed Cure Amount with respect to any Potential Assumed/Assigned Contracts (a "Cure Objection") must be: (i) made in writing and filed on the docket for the Chapter 11 Cases no later than the Contract Objection Deadline; (ii) state the basis of such Cure Objection with specificity, including, without limitation, the Cure Amount alleged to be due to such Contract Counterparty, and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iv) be served on the following, so as to be actually received by them on or before the Contract Objection Deadline (collectively, the "Notice Parties"):

i. counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra I. Grassgreen (dgrassgreen@pszjlaw.com);

ii. counsel to the DIP Lenders and the DIP Agent (collectively, the "DIP Secured Parties") and the Foris Prepetition Secured Lenders (together with the DIP Secured Parties, the "Secured Parties"), (a) Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), Alexander J. Nicas, Esq. (anicas@goodwinlaw.com), and Debora Hoehne, Esq. (dhoehne@goodwinlaw.com); and (b) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com);

iii. counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095; Attn: Gregory Pesce, Esq. (gregory.pesce@whitecase.com), O'Neill, Esq. (aoneill@whitecase.com), and John Ramirez, Esq. (john.ramirez@whitecase.com); local counsel to the Committee, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801; Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com), Katelin A. Morales, Esq. (kmorales@potteranderson.com), Sameen Rizvi, Esq.(srizvi@potteranderson.com);

iv. counsel for the Ad Hoc Noteholder Group, (a) Paul Hastings LLP, 1999 Avenue of the Stars, Twenty-Seventh Floor, Century City, CA 90067, Attn.: Frank Merola, Esq. (frankmerola@paulhastings.com); (b) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn.: John F. Storz, Esq. (johnstorz@paulhastings.com); and (c) Blank Rome, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn.: Stanley B. Tarr, Esq. (stanley.tarr@blankrome.com); and

v. the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: John Schanne (John.Schanne@usdoj.gov).

Any other objections to the assumption, assumption and assignment, or transfer of any of the Potential Assumed/Assigned Contracts (an "Assumption/Assignment Objection") (other than on the basis of the Cure Amount) must: (i) be made in writing and filed on the docket for the Chapter 11 Cases no later than the Contract Objection Deadline; (ii) state the basis of such

Assignment Objection with specificity and include complete contact information for such Contract Counterparty (including address, telephone number, and email address); (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and (iv) be served on the Notice Parties so as to be actually received by such parties on or before the Contract Objection Deadline.

If you file a Cure Objection or Assumption/Assignment Objection satisfying the requirements herein, the Debtors will confer with you in good faith to attempt to resolve any such Cure Objection or Assumption/Assignment Objection without Bankruptcy Court intervention. If the applicable parties determine that the Cure Objection or Assumption/Assignment Objection cannot be resolved without judicial intervention in a timely manner, the Bankruptcy Court shall resolve such objections (i) at a hearing with respect to a Restructuring Transaction scheduled by the Court by separate order (*e.g.* a sale hearing or confirmation hearing) (a "Transaction Hearing") or (ii) on such other date subsequent to a Transaction Hearing as the Court may designate prior to, during, or after the Transaction Hearing (a "Contract Hearing") before the Bankruptcy Court to consider the objection.

If the Debtors identify additional executory contracts or unexpired leases that they wish to add to or remove from the Cure Schedule (each an "Additional Contract"), the Debtors shall, as soon as practicable after making such a determination, send an Additional Cure Notice to the applicable Contract Counterparties to such Additional Contracts. To the extent an executory contract or unexpired lease is not assumed, assumed and assigned, or transferred in connection with a Restructuring Transaction, the Debtors may, in their sole discretion, reject such an executory contract or unexpired lease to the extent permitted by law following the Closing.

Any Contract Counterparty may dispute inclusion of its Potential Assumed/Assigned Contracts on an Additional Cure Notice and/or the associated Cure Amounts by contacting the Debtors (by e-mail to AmyrisContracts@stretto.com or calling 888-855-0485 or 1-303-276-0309), to attempt to consensually resolve such dispute without the need for a formal objection. Objections from any Contract Counterparty to an Additional Contract (an "Additional Contract Objection") must: (i) be made in writing and filed on the docket by the later of (a) the Contract Objection Deadline and (b) fourteen (14) calendar days after the Debtors file and serve the Additional Cure Notice (as applicable, the "Additional Contract Objection Deadline"); (ii) state the basis of such objection with specificity, including, without limitation, the Cure Amount alleged by such Contract Counterparty, and include contact information for such Contract Counterparty; (iii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; and (iv) be served upon the Notice Parties so as to be actually received by them on or before the Additional Contract Objection Deadline.

If a timely Additional Contract Objection is filed, and cannot be resolved consensually, the Bankruptcy Court shall resolve such Additional Potential Assignment Objection at a hearing to be held (i) on or before seven (7) calendar days from the timely filing of the Additional Potential Assignment Objection; (ii) at the relevant Transaction Hearing; or (iii) such other date designated by the Court.

**IF YOU FAIL TO TIMELY FILE AND PROPERLY SERVE A CURE OBJECTION OR ASSUMPTION/ASSIGNMENT OBJECTION AS PROVIDED HEREIN (I) YOU WILL BE DEEMED TO HAVE FOREVER WAIVED AND RELEASED ANY RIGHT TO**

**ASSERT A CURE OBJECTION, ASSUMPTION/ASSIGNMENT OBJECTION, OR ADDITIONAL CONTRACT OBJECTION, AS APPLICABLE, AND TO HAVE OTHERWISE CONSENTED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, OF THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, SUCH POTENTIAL ASSUMED/ASSIGNED CONTRACT OR ADDITIONAL CONTRACT, AS APPLICABLE, ON THE TERMS SET FORTH IN THIS CURE NOTICE AND THE RELEVANT RESTRUCTURING TRANSACTION DOCUMENTS, (II) YOU WILL HAVE CONSENTED TO THE ASSUMPTION, ASSUMPTION AND ASSIGNMENT OF, OR SALE AND TRANSFER OF, THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO AND UNDER, ITS POTENTIAL ASSUMED/ASSIGNED CONTRACT, AS THE CASE MAY BE, WITHOUT THE NECESSITY OF OBTAINING ANY FURTHER ORDER OF THE BANKRUPTCY COURT, AND (III) YOU WILL BE BARRED AND ESTOPPED FOREVER FROM ASSERTING OR CLAIMING AGAINST ANY PARTY THAT ANY ADDITIONAL CURE AMOUNTS ARE DUE OR DEFAULTS EXIST, OR CONDITIONS TO ASSUMPTION, ASSUMPTION AND ASSIGNMENT, OR SALE AND TRANSFER, MUST BE SATISFIED, UNDER SUCH POTENTIAL ASSUMED/ASSIGNED CONTRACT.**

The Debtors' assumption, assumption and assignment, or sale and transfer, of a Potential Assumed/Assigned Contract is subject to approval by the Bankruptcy Court and consummation of the closing of a Restructuring Transaction. The inclusion of any document on the list of Potential Assumed/Assigned Contracts shall not constitute or be deemed to be a determination or admission by the Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and all rights with respect thereto are expressly reserved.

The dates set forth in this notice are subject to change, and further notice of such changes may not be provided except through announcements in open court and/or the filing of notices and/or amended agendas. Parties in interest are encouraged to monitor the electronic court docket available at https://cases.stretto.com/amyris/.

This Notice is subject to the full terms and conditions of the Contract and Lease Procedures and Contract and Lease Procedures Order, which shall control in the event of any conflict. The Debtors encourage parties in interest to review such documents in their entirety and consult an attorney if they have questions or want advice.

Dated: December 1, 2023                    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100

        Facsimile: (302) 652-4400
        Email: rpachulski@pszjlaw.com
        dgrassgreen@pszjlaw.com
        joneill@pszjlaw.com
        jrosell@pszjlaw.com
        sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

# SCHEDULE A

Cure Schedule

| No. | Contract Counterparty | Contract/Lease Debtor Party | Contract/Lease Title | Date of Contract/Lease | Cure Amount |
|---|---|---|---|---|---|
| 1. | [X] | [X] | [X] | [X] | $[X] |