# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC. *et al.*,[1] | Case No.: 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Related Docket Nos: 651 & 827** |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF AD HOC CROSS-HOLDER GROUP FOR APPOINTMENT OF EXAMINER PURSUANT TO 11 U.S.C. § 1104(C) AND JOINDER TO THE DEBTORS' OBJECTION TO THE MOTION OF THE AD HOC CROSS-HOLDER GROUP FOR APPOINTMENT OF EXAMINER PURSUANT TO 11 U.S.C. § 1104(C)**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of Amyris, Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") hereby files this objection to the *Motion of Ad Hoc Cross-Holder Group for Appointment of Examiner Pursuant to 11 U.S.C. §1104(C)* [D. I. 651] (the "**Motion**") and joinder to the *Debtors' Objection to the Motion of the Ad Hoc Cross-Holder Group for Appointment of Examiner Pursuant to 11 U.S.C. § 1104(C)* (the "**Debtors' Objection**") [D.I. 827] (the "**Objection & Joinder**"). In support of this Objection & Joinder, the Committee respectfully states as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

AMERICAS 125530695

## OBJECTION AND JOINDER[2]

1.      The Motion should be denied for the reasons set forth in the Debtors' Objection, which the Committee joins in its entirety.  Especially now, when peace has been achieved among the Committee, the Ad Hoc Group of Noteholders, the Debtors and the Foris Prepetition Lenders, the relief sought in the Motion would be a waste of time and the estates' limited resources, and put the heavily-negotiated settlement embodied in the Second Amended Plan in great peril.  In addition, the Committee further submits that the Motion should be denied because appointing an examiner would unnecessarily duplicate the investigation conducted by the Committee, and add significant cost and delay to these Chapter 11 Cases.

2.      Since its formation, and in keeping with its statutory mandate, the Committee has proactively investigated the facts and circumstances leading to these Chapter 11 Cases and potential causes of action against the Debtors and their officers and directors.  On September 18, 2023, the Committee served Rule 2004 requests on the Debtors consisting of forty-seven requests for production and thirteen interrogatories.  On September 27, 2023, the Committee served eighteen requests for production on Foris.  As of today, the Committee has received more than 25,000 documents from the Debtors and Foris Ventures, LLC ("**Foris**"), almost all of which the Committee has reviewed.  The Committee has also deposed certain key individuals.  The Committee has deposed the Debtors' former CEO John Melo, as well as the Debtors' board members John Doerr and Ryan Panchadsaram.

3.      To support its investigation, the Committee has also discussed potential claims with both counsel to and certain constituents of the moving party, the Ad Hoc Cross-Holder Group.

---

[2]  Capitalized terms otherwise not defined shall have the meaning attributed to them in the Debtors' Objection.

The Committee's professionals have also maintained contact with counsel to the Ad Hoc Noteholder Group with respect to the viability of, and investigation into, potential claims.

4. On November 1, 2023, the Ad Hoc Cross-Holder Group filed the Motion. The Ad Hoc Cross-Holder Group did not discuss the Motion with the Committee before filing it, much less seek the Committee's consent or input regarding the request for an examiner. Indeed, if the Ad Hoc Cross-Holder Group had discussed the Motion with the Committee, it would have learned that many of its representations regarding the Committee's investigation on which the Motion relies were outdated and inaccurate at the time they were made.

5. Further, contrary to the Ad Hoc Cross-Holder Group's suggestions, the Committee was best positioned to investigate the alleged misconduct by Mr. Doerr and the Foris Prepetition Lenders, on behalf of all unsecured creditors, including the members of the Ad Hoc Cross-Holder Group. "The investigative authority granted to a committee is extremely broad and a committee may undertake whatever investigation is appropriate to enable it to fulfill its duty to monitor the operations of the debtor and participate in the formulation of a plan." 7 Collier on Bankruptcy § 1103.05; *see also Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 567-68 (3d Cir. 2003). This statutory authority authorizes the Committee to investigate Debtors' current and former officers and management to determine whether there has been pre-petition fraud, gross mismanagement, or improper insider dealings. 7 Collier on Bankruptcy § 1103.05.

6. As described *above* ¶ 2, consistent with its statutory duty, the Committee significantly advanced its own comprehensive investigation regarding potential claims and causes of action against the Debtors' current and former officers and directors, insiders, and other entities before determining that settlement was the best path forward in these cases. In light of these facts

and the posture of these cases, any investigation by an examiner would be duplicative of the investigation that the Committee has significantly advanced and the Plan settlement that it has entered into, causing unnecessary delay and disruption to these cases, and further diminishing the recoveries of all stakeholders.  Appointing an examiner would therefore be inappropriate under the facts and circumstances of these Chapter 11 Cases.  *See In re Am. Home Mortg. Holdings, Inc.*, Case No. 07-11047, Hr'g Tr. at 77:2-8, annexed hereto as **Exhibit 1**, (Bankr. D. Del. Oct. 31, 2007) (Sontchi, J.) (noting that because there were already ongoing investigations, the Court did not "think . . . there would be anything to be gained by appointing an examiner . . .").  Further, the Ad Hoc Cross-Holder Group's contention that the appointment of an examiner is necessary to "restore transparency and faith in the bankruptcy process" because "the examiner investigates and reports for the benefit of all stakeholders, including equity holders of a public company" (Motion, ¶¶ 6, 41) ignores that most of the claims against the Debtors' estates belong to unsecured creditors, no party has projected a recovery for equity-holders under any scenario, and, contrary to the claims that form the basis for the Motion, the Committee has significantly advanced its investigation over the past several months.

## **CONCLUSION**

7.      WHEREFORE, the Committee respectfully requests for the foregoing reasons that the Court deny the Motion, and grant such other and further relief as may be just and proper.


[*Remainder of page intentionally left blank*]

Dated: December 6, 2023
Wilmington, Delaware

Respectfully submitted,

*/s/ Katelin A. Morales*
**POTTER ANDERSON & CORROON LLP**
Christopher M. Samis (No. 4909)
Katelin A. Morales (No. 6683)
Sameen Rizvi (No. 6902)
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
kmorales@potteranderson.com
srizvi@potteranderson.com

-and-

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
aoneill@whitecase.com

-and-

**WHITE & CASE LLP**
Samuel P. Hershey (admitted *pro hac vice*)
John Ramirez (admitted *pro hac vice*)
Andrea Kropp (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
john.ramirez@whitecase.com
andrea.kropp@whitecase.com

*Counsel for the Official Committee of Unsecured Creditors*