# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., et al., | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Monica Arellano, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On November 16, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on James Young Richardson at a redacted address, pursuant to USPS forwarding instructions:

- **Motion for an Order (A) Approving Procedures Related to the Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases; and (B) Granting Related Relief** (Docket No. 317)

Furthermore, on November 16, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Lavvan, Inc. at 5021 Iselin Ave, Bronx, NY 10471-2914, pursuant to USPS forwarding instructions:

- **Joint Reply of the Debtors, Euagore, LLC, and the Foris Prepetition Secured Lenders to Opening Brief of Lavvan, Inc. in Opposition to Motion of the Debtors for Interim and Final Orders (I) Authorizing Debtors (A) to Obtain Postpetition Financing and (B) to Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief** (Docket No. 433)

- **Amended Notice of Agenda of Matters Scheduled for Hearing on October 4, 2023 at 10:00 A.M. (Eastern Time)** (Docket No. 436)

[THIS SPACE INTENTIONALLY LEFT BLANK]

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

Furthermore, on or before November 24, 2023, Stretto in accordance with USPS forwarding instructions served the following document via first-class mail on ITOCHU Chemicals America Inc. at 1251 Avenue of the Americas, Fl 51, New York, NY 10020-1104:

- **Debtors' Motion for Entry of an Order: (I) Extending the Deadline by Which the Debtors Must Assume or Reject Unexpired Leases of Nonresidential Real Property; and (II) Granting Related Relief** (Docket No. 578)

Furthermore, on or before November 27, 2023, Stretto in accordance with USPS forwarding instructions served the following documents via first-class mail on the service list attached hereto as **Exhibit A**:

- **Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code, and (II) Rejection Damages Claims** (Docket No. 539)

- **Notice of Hearing to Consider Approval of Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors** (Docket No. 540)

- **Notice of Proposed Sale or Sales of the Debtors' Brand Assets, Free and Clear of All Encumbrances, Other than Assumed Liabilities, and Scheduling Final Sale Hearing Related Thereto** (attached hereto as **Exhibit B**)

- **Official Form 410 Proof of Claim (**attached hereto as **Exhibit C**)

- **Official Form 410 Instructions for Proof of Claim (**attached hereto as **Exhibit D**)

Furthermore, on or before November 28, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as **Exhibit E**, pursuant to USPS forwarding instructions:

- **Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code, and (II) Rejection Damages Claims** (Docket No. 539)

- **Notice of Hearing to Consider Approval of Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors** (Docket No. 540)

- **Notice of Proposed Sale or Sales of the Debtors' Brand Assets, Free and Clear of All Encumbrances, Other than Assumed Liabilities, and Scheduling Final Sale Hearing Related Thereto** (attached hereto as **Exhibit B**)

- **Official Form 410 Proof of Claim (**attached hereto as **Exhibit C**)

- **Official Form 410 Instructions for Proof of Claim (**attached hereto as **Exhibit D**)

Furthermore, on or before November 28, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on the service list attached hereto as **Exhibit F**, pursuant to USPS forwarding instructions:

- **Notice of Potential Assumption, Assumption and Assignment, or Transfer of Executory Contract and Unexpired Leases** (Docket No. 601)

Furthermore, on November 28, 2023, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Poonawala Group Inc at a redacted address, pursuant to USPS forwarding instructions:

- **Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code, and (II) Rejection Damages Claims** (Docket No. 539)

- **Notice of Hearing to Consider Approval of Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors** (Docket No. 540)

- **Official Form 410 Proof of Claim** (attached hereto as **Exhibit C**)

- **Official Form 410 Instructions for Proof of Claim** (attached hereto as **Exhibit D**)

- **Instructional Cover Letter to Nominees, Banks, and Brokers** (attached hereto as **Exhibit G**)

[THIS SPACE INTENTIONALLY LEFT BLANK]

Furthermore, on November 28, 2023, at my direction and under my supervision, employees of Stretto caused the following document to be served via first-class mail on Schottenfeld Opportunities Fund II, L.P. at 600 3rd Ave, Fl 10, New York, NY 10016-1923, pursuant to USPS forwarding instructions:

- **Order (A) Approving Bid Procedures for the Sale of the Debtors' Brand Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry into Any Potential Stalking Horse Agreements; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and € Granting Related Relief** (Docket No. 553)

Dated: December 6, 2023

Monica Arellano

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 6th day of December, 2023, by Monica Arellano, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:

JESSIE DE GUZMAN
Notary Public - California
Orange County
Commission # 2401464
My Comm. Expires Apr 20. 2026

# **<u>Exhibit A</u>**



**Exhibit A**
Served Via First-Class Mail

| Name | Attention | Address | City | State | Zip |
|------|-----------|---------|------|-------|-----|
| Adam Gallagher | | Address Redacted | | | |
| Alyssa Vidal (Bergdorf Goodman) | | Address Redacted | | | |
| Evangeline Dunphy | | Address Redacted | | | |
| Heidi Askew | | Address Redacted | | | |
| Seymour, Michele | | Address Redacted | | | |
| Stewart Ward & Josephson LLP | Attention: Winnifred C. Ward, Esq. | 2443 Fair Oaks Blvd | Sacramento | CA | 95825-7684 |
| Susanne Evans | | Address Redacted | | | |
| Walker, Erica | | Address Redacted | | | |

In re: Amyris, Inc., et al.
Case No. 23-11131 (TMH)

Page 1 of 1

# **<u>Exhibit B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF PROPOSED SALE OR SALES OF THE DEBTORS' BRAND ASSETS,
FREE AND CLEAR OF ALL ENCUMBRANCES, OTHER THAN ASSUMED
LIABILITIES, AND SCHEDULING FINAL SALE HEARING RELATED THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On September 18, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a motion (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking entry of (i) an order (the "Bid Procedures Order") (a) approving bid procedures for the sale or sales (the "Sale") of the Debtors' assets associated with their Operating Consumer Brands[2] (the "Brand Assets"), (b) scheduling the Auction and Sale Hearing,[3] and (c) granting related relief (clauses (a) through (c), collectively, the "Bid Procedures Relief"), and (ii) an order (the "Sale Order") (a) authorizing the Sale(s) of the Brand Assets free and clear of all Encumbrances (as defined in the Motion), other than assumed liabilities, to the Successful Bidder(s) submitting the highest or otherwise best bid, (b) authorizing the assumption and assignment of the identified executory contracts and unexpired leases (the "Transferred Contracts"), and (c) granting certain related relief.

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]     The "Operating Consumer Brands" consist of Biossance®, JVN™, Rose Inc.™, Pipette®, MenoLabs™, Stripes™, and 4U by Tia™.  Terasana®, Eco-Fabulous™, Costa Brazil®, OLIKA™, Beauty Labs, Purecane™, and Onda Beauty (the "Non-Operating Consumer Brands") are subject to the procedures set forth in the *Order (I) Establishing Procedures Governing the Sale or Transfer of Certain De Minimis Assets and Non-Operating Brands, and (II) Granting Related Relief* [Docket No. 205] (the "Non-Operating Brand Procedures Order"); *provided, however*, that the Debtors reserve the right to include any Non-Operating Consumer Brand in these Bid Procedures after consultation with the Consultation Parties.

[3]     Capitalized terms used but not defined herein shall have the meaning ascribed to it in the Bid Procedures and Bid Procedures Order, as applicable.

## I.       Bid Procedures and Stalking Horse Bidder

On October 16, 2023, the Bankruptcy Court entered the Bid Procedures Order [Docket No. 553], thereby approving the Bid Procedures Relief and the Debtors' ability, in accordance with the Bid Procedures, to designate one or more Stalking Horse Bidders on or **before November 1, 2023**.

In order for a Potential Bidder to be eligible to participate in the Auction as a Qualified Bidder, **it must comply with the Bid Procedures, and deliver its Bid, so as to be received on or before November 14, 2023 at 5:00 p.m. (prevailing Eastern Time) (the "Bid Deadline")**, to: (a) investment banker to the Debtors: Intrepid Investment Bankers, LLC, Attn: Lorie Beers (lbeers@intrepidib.com), Carl Comstock (ccomstock@intrepidib.com) and Ana Alvarenga (aalvarenga@intrepidib.com); and (b) counsel to the Debtors: (i) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Steven W. Golden (sgolden@pszjlaw.com); and (ii) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra I. Grassgreen (dgrassgreen@pszjlaw.com).

To receive copies of the (i) Sale Motion, any exhibits to the Sale Motion, and/or a confidentiality agreement to become a Potential Bidder (as defined below), or (ii) a copy of the Form APA or Stalking Horse Agreement, as applicable, please submit a request by email to: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, Attention: Steven Golden (email: sgolden@pszjlaw.com); and (b) the Debtors' investment banker, Intrepid, Attn: Ana Alvarenga (aalvarenga@intrepidib.com).  Additionally, the Sale Motion and the exhibits thereto are available from the Debtors' claims and noticing agent's website at https://cases.stretto.com/amyris/.

In order for Interested Parties to obtain access to the Debtors' data room, each Interested Party must first sign and deliver a confidentiality agreement to the Debtors and provide certain financial data, which financial must be acceptable to the Debtors after consultation with the Consultation Parties.  Please refer to the Bid Procedures for further information concerning submitting a Qualified Bid to participate at the Auction.

## II.      Sale Hearing and Closing

The Sale Hearing is scheduled for **December 12, 2023 at 11:00 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of Delaware, United States Courthouse, 824 Market Street North, 3rd Floor, Wilmington, DE 19801, before the Honorable Thomas M. Horan, United States Bankruptcy Judge.  The Sale Hearing is being held to approve the highest or otherwise best offer(s) received for the Brand Assets at the Auction, which, if any, will take place on **November 28, 2023, commencing at 10:00 a.m. (prevailing Eastern Time)**, at a location to be determined by the Debtors.  Subject to the terms of the DIP Order, the Sale Hearing may be adjourned or rescheduled with prior notice filed on the docket of these Chapter 11 Cases or without prior notice by an announcement of the adjourned date at the Sale Hearing.

**THE DEADLINE TO OBJECT TO THE DEBTORS' REQUEST TO APPROVE THE SALE(S) OF THE PURCHASED ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES TO THE SUCCESSFUL BIDDER(S) (EACH, A "SALE**

**OBJECTION") IS DECEMBER 5, 2023 at 5:00 P.M. (PREVAILING EASTERN TIME) (THE "SALE OBJECTION DEADLINE").**

Any person or entity wishing to submit a Sale Objection must do so in writing and state with particularity the grounds for such objections or other statements of position. All Sale Objections shall be served so as to be actually received by no later than the Sale Objection Deadline by the following (collectively, the "Notice Parties"):

i.      counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra I. Grassgreen (dgrassgreen@pszjlaw.com) and Maxim B. Litvak (mlitvak@pszjlaw.com);

ii.     counsel to the DIP Lenders and the DIP Agent (collectively, the "DIP Secured Parties") and the Foris Prepetition Secured Lenders (together with the DIP Secured Parties, the "Secured Parties"), (a) Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), Alexander J. Nicas, Esq. (anicas@goodwinlaw.com), and Debora Hoehne, Esq. (dhoehne@goodwinlaw.com); and (b) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com)

iii.    counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095; Attn: Gregory Pesce, Esq. (gregory.pesce@whitecase.com), O'Neill, Esq. (aoneill@whitecase.com), and John Ramirez, Esq. (john.ramirez@whitecase.com); local counsel to the Committee, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801; Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com), Katelin A. Morales, Esq. (kmorales@potteranderson.com), Sameen Rizvi, Esq. (srizvi@potteranderson.com);

iv.     counsel for the Ad Hoc Noteholder Group, (a) Paul Hastings LLP, 1999 Avenue of the Stars, Twenty-Seventh Floor, Century City, CA 90067, Attn.: Frank Merola, Esq. (frankmerola@paulhastings.com); (b) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn.: John F. Storz, Esq. (johnstorz@paulhastings.com); and (c) Blank Rome, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn.: Stanley B. Tarr, Esq. (stanley.tarr@blankrome.com); and

v.      the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: John Schanne (John.Schanne@usdoj.gov).

The failure of any person or entity to file and serve a Sale Objection on or before the Sale Objection Deadline, as applicable, (i) shall be deemed a consent to the Sale(s) to the Successful Bidder(s) and the other relief requested in the Motion, and (ii) shall be a bar to the assertion of any objection the sale(s) of the Brand Assets to the Successful Bidder(s) (including in any such case,

without limitation, the transfer of the Brand Assets free and clear of all Encumbrances, other than the assumed liabilities).

## III.    The Debtors' Contracts and Leases

The Sale Order, if approved, shall authorize the assumption and assignment or transfer of the Transferred Contracts to the Successful Bidder(s).  In accordance with the Bid Procedures Order and the *Order (A) Approving Procedures Related to the Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases; and (B) Granting Related Relief* [Docket No. 526] (the "Contract and Lease Procedures Order"), notices setting forth the specific Potential Assumed/Assigned Contracts that may be assumed by the Debtors and assigned to the Successful Bidder(s), or sold and transferred to the Successful Bidder(s), and the proposed Cure Amounts for such Potential Assumed/Assigned Contracts will be given to all Contract Counterparties to the Potential Assumed/Assigned Contracts.  Such counterparties will be given the opportunity to object to the assumption, assumption and assignment, or sale and transfer, of a Potential Assumed/Assigned Contract in connection with any restructuring transaction (including a Sale) and the proposed Cure Amount.

**This notice is subject to the full terms and conditions of the Bid Procedures and the Bid Procedures Order, which shall control in the event of any conflict.  The Debtors encourage all persons to review such documents and all other Sale-related documents in their entirety and to consult an attorney if they have questions or want advice.**

Dated: October 16, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E.. O'Neill*

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

# Exhibit C

**Fill in this information to identify the case:**

Name of Debtor & Case Number:

☐ Amyris, Inc. (Case No. 23-11131)
☐ AB Technologies LLC (Case No. 23-11132)
☐ Amyris-Olika, LLC (Case No. 23-11133)
☐ Amyris Clean Beauty, Inc. (Case No. 23-11134)
☐ Amyris Fuels, LLC (Case No. 23-11136)

☐ Aprinnova, LLC (Case No. 23-11137)
☐ Onda Beauty Inc. (Case No. 23-11138)
☐ Upland 1 LLC (Case No. 23-11139)
☐ Clean Beauty Collaborative, Inc. (Case No. 23-11224)
☐ Clean Beauty 4U LLC (Case No. 23-11225)
☐ Clean Beauty 4U Holdings, LLC (Case No. 23-11226)

**United States Bankruptcy Court for the District of Delaware**

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name

Number        Street

City                        State        ZIP Code

Contact phone

Contact email

**Where should payments to the creditor be sent?** (if different)

Name

Number        Street

City                        State        ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | | Amount entitled to priority |
|---|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No | | |
| | ☐ Yes. *Check one:* | | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No | | |
| | ☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    _____
                        MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
            First name                 Middle name                 Last name

Title    _____

Company    _____
                Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    _____
                Number          Street

            _____
                City                                     State        ZIP Code

Contact phone    _____    Email    _____

# **Exhibit D**

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/amyris/claims.

### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

# **Exhibit E**



**Exhibit E**
Served Via First-Class Mail

| Name | Address 1 | Address 2 | City | State | Zip |
|------|-----------|-----------|------|-------|-----|
| Cohley | 109 W 27th St | Fl 7 | New York | NY | 10001-6208 |
| Granite Packaging | 2651 Warrenville Rd | Ste 300 | Downers Grove | IL | 60515-5772 |
| Novasep, LLC | 200 Powder Mill Rd | # E500 | Wilmington | DE | 19803-2907 |
| Teikametrics, Inc. | PO Box 120167 | | Boston | MA | 02112-0167 |

In re: Amyris, Inc., et al.
Case No. 23-11131 (TMH)

Page 1 of 1

# **Exhibit F**



**Exhibit F**
Served Via First-Class Mail

| Name | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|
| Cision US Inc. | 300 S Riverside Plz | Ste 300 | Chicago | IL | 60606-6658 |
| Granite Packaging | 2651 Warrenville Rd | Ste 300 | Downers Grove | IL | 60515-5772 |
| ITOCHU Chemicals America Inc. | 1251 Avenue of the Americas | Fl 51 | New York | NY | 10020-1104 |
| J and M Scholl, Inc. | 13716 Creekridge Ln | | Fishers | IN | 46055-9598 |
| LAVVAN Inc. | 5021 Iselin Ave | | Bronx | NY | 10471-2914 |
| Lucky Vitamin, LLC | 244 Knollwood Dr | Rm 300 | Bloomingdale | IL | 60117-5000 |
| Renmatix Inc. | 989 Old Eagle School Rd | Ste 805 | Wayne | PA | 19087-1704 |
| RSC Chemical Solutions | 2318 Arty Ave | | Charlotte | NC | 28208-5104 |

In re: Amyris, Inc., et al.
Case No. 23-11131 (TMH)

Page 1 of 1

# **<u>Exhibit G</u>**



To Banks, Brokers, Intermediaries, and Nominees:

**IMPORTANT!  PLEASE SERVE THE ENCLOSED MATERIALS LISTED IN *EXHIBIT A* TO THE BENEFICIAL HOLDERS OF THE SECURITY LISTED BELOW**

*Re: Case Number: 23-11131 (THM) – Amyris, Inc., et al., Chapter 11 Bankruptcy*

Note: Amyris, Inc., et al. (the "Debtors") will not serve the enclosed materials listed in **Exhibit A** (the "Materials") directly to the beneficial holders. This mailing will not be handled through the facilities of third-party intermediaries such as Broadridge and Mediant.

***CUSIP Nos. 03236M200 and 03236MAJ0***

The Debtors filed with the United States Bankruptcy Court for the District of Delaware, the enclosed Materials. Stretto, the Claims and Noticing agent for the Debtors, was instructed by the Debtors' counsel that the enclosed Materials must be served upon nominees that hold stock in "street name" for the beneficial holders of the below-referenced CUSIP Number. You are receiving the Materials because your institution was identified by Depository Trust Company ("DTC") on the Security Position Report as of August 9, 2023 (the "Record Date"). All holders of record (Nominees) of CUSIP Nos. 03236M200 and 03236MAJ0 shall be required to serve the Materials on any holder for whose benefit such registered holder holds such security down the chain of ownership.

| CUSIP/ISIN No | Record Date |
|---|---|
| 03236M200 / US03236M2008<br>03236MAJ0 / US03236MAJ09 | **August 9, 2023** |

If you are not the correct individual or department to research and disburse the requested information, please forward to the proper individual at your firm.

## Exhibit A

- *Notice of Hearing to Consider Approval of Disclosure Statement for Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors*
- *Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code, and (II) Rejection Damages Claims*
- *Official Form 410 Proof of Claim*
- *Official Form 410 Instructions for Proof of Claim*