IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date: January 8, 2024, at 10:00 a.m. (ET)
Objection Deadline: December 22, 2023 at 4:00 p.m. (ET)

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession ("Debtors"), by and through their undersigned counsel, hereby move the Court (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"): (i) extending the period during which the Debtors have the exclusive right to file a plan (the "Exclusive Filing Period") by ninety (90) days through and including March 6, 2024; and (ii) extending the period during which the Debtors have the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") by ninety-one (91) days[2] through and including May 6, 2024. In support of the Motion, the Debtors respectfully state as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] The 90th day falls on a Sunday.

SF 4857-9431-5925.1 03703.004

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007.

**Background**

**A.    General Background**

4. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

5. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") including the

following:  U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

6. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 18], incorporated herein by reference.[3]

8. On October 12, 2023, the Debtors filed the (i) *Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors* [Docket No. 523] and (ii) *Disclosure Statement with Respect to Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors* [Docket No. 524].

9. On October 15, 2023, the Court entered an *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (IV) Approving the Form of and Manner for Filing Proofs of Claim, (V) Approving Notice of Bar Dates, and (VI) Granting Related Relief* [Docket No. 528] (the "Bar Date Order").  A *Notice of Bar Date Notice of Deadlines for the Filing of (I) Proofs Of Claim, Including Requests for Payment Pursuant to Section 503(B)(9) of the Bankruptcy Code, and (II) Rejection Damages Claims* was filed on October 15, 2023 [Docket No. 539] and served upon all creditors and parties in interest.  *See Affidavit of Service*, Docket No. 613.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

10. On December 1, 2023, the Debtors filed the (i) *First Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors* [Docket No. 809-1] and (ii) *First Amended Disclosure Statement with Respect to Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors* [Docket No. 809-2].

11. On December 6, 2023, the Debtors file the (i) *Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors* [Docket No. 826-1] (the "Plan") and (ii) *Second Amended Disclosure Statement with Respect to Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors* [Docket No. 826-2] (the "Disclosure Statement").

12. A hearing to consider approval of the Disclosure Statement has been set for December 12, 2023 at 10:00 a.m. Eastern Time.

## Relief Requested

13. By this Motion, the Debtors seek to extend the Exclusive Filing Period for an additional ninety (90) days, from December 7, 2023 through and including March 6, 2024, and to extend the Exclusive Solicitation Period for an additional nine-one (91) days, from February 5, 2024, through and including May 6, 2024.[4] The Debtors further request that the order be without prejudice to their right to seek additional extensions of the Exclusive Periods for cause in accordance with section 1121(d) of the Bankruptcy Code.

## Basis For Relief

14. Section 1121 of the Bankruptcy Code provides for exclusive periods in which a chapter 11 debtor may formulate and propose a confirmable plan of reorganization or liquidation

---

[4] The date that is 90 days after the expiration of the current Exclusive Solicitation Period is May 5, 2024, which falls on a Sunday.

and to solicit acceptances thereof without the disruption that might be caused by the filing of competing plans by non-debtor parties. However, section 1121(d) allows the court to extend the debtor's exclusive periods for "cause." Specifically, section 1121(d) provides that:

> (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.
>
> (2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.
>
> (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months after the date of the order for relief under this chapter.

11 U.S.C. § 1121(d).

### A. Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods for "Cause."

15. A bankruptcy court has the discretion to extend a debtor's exclusive periods based upon the facts and circumstances of a particular case. *See First Am. Bank of New York v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *203 N. LaSalle St. P'ship v. Bank of Am., N.A.*, No. 99 C 7110, 1999 U.S. Dist. LEXIS 19425, at *12 (N.D. Ill. 1999); *In re Mid-State Raceway, Inc.*, 323 B.R. 63, 68 (Bankr. N.D.N.Y. 2005); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). Although the Bankruptcy Code does not define "cause" for purposes of an extension request under section 1121(d), courts have looked to the legislative history of section 1121(d) for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Such legislative history indicates that Congress did not intend that the initial exclusive periods be set in stone. *See Amko Plastics*, 197 B.R. at 77 (finding that courts should have flexibility in dealing

5

with extensions of exclusivity); *Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of . . . [section 1121(d)] is flexibility.").

16. Instead, Congress intended that the debtor's exclusive periods be of sufficient length to afford the debtor a full and fair opportunity to negotiate, formulate, and draft a confirmable chapter 11 plan without the disruptions that would occur with the filing of competing plans. *See Geriatrics Nursing Home, Inc. v. First Fidelity Bank, N.A.*, 187 B.R. 128, 133 (D.N.J. 1995) ("The opportunity to negotiate its plan unimpaired by competition . . . is meant to allow the debtor time to satisfy all creditors and win support for its restructuring scheme and thus ensure its survival as a business."). Indeed, Congress has recognized that, depending on the facts and circumstances of a particular case, an exclusive period of only 120 days may not provide a debtor with adequate time in which to propose such plan:

> The court is given the power, though, to increase . . . the 120-day period depending on the circumstances of the case. [T]he bill allows the flexibility for individual cases that is not available today. For example, if an unusually large company were to seek reorganization under chapter 11, the Court would probably need to extend the time in order to allow the debtor to reach an agreement.

H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 232 (1977) (footnotes omitted).

17. In determining whether cause exists for an extension of exclusivity, bankruptcy courts consider a variety of factors, including:

    a)    the size and complexity of the case;

    b)    the necessity of sufficient time to negotiate and prepare adequate information;

    c)    the existence of good faith progress toward reorganization;

    d)    whether the debtor is paying its debts as they come due;

    e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

6

      f)      whether the debtor has made progress in negotiating with creditors;

      g)      the length of time the case has been pending;

      h)      whether the debtor is seeking the extension to pressure creditors; and

      i)      whether unresolved contingencies exist.

*See, e.g.*, *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *Cont'l Cas. Co. v. Burns & Roe Enters., Inc.*, No. 05-2529 (KSH), 2005 U.S. Dist. LEXIS 26247, at *11–12 (D.N.J. 2005); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Dow Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997).

18. Importantly, however, not all of the above factors are necessary or relevant in determining whether to grant an extension of the exclusivity periods in a particular case. *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100–01 (Bankr. E.D. Tex. 1996) (relying upon only four factors in determining whether cause exists to support an extension); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that cause existed to extend exclusivity based on only three factors). As explained more fully below, the application of the above factors to the facts and circumstances of these chapter 11 cases demonstrates that good cause exists to extend the Debtors' Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code.

**B.**     <u>**Cause Exists for an Extension of the Debtors' Exclusive Periods.**</u>

19. Pursuant to this Motion, the Debtors are seeking a further extension of the Exclusive Periods. For the reasons set forth below, cause exists for such an extension.

20. The Debtors satisfy the various factors that courts rely on in connection with granting extensions of the Exclusive Periods as set forth in section 1121(d) of the Bankruptcy Code.

- *The Debtors Have Made Good-Faith Progress.* The Debtors have obtained first day relief to ensure a smooth transition into chapter 11, The Debtors

7

obtained final approval of debtor in possession financing. The Debtors filed their schedules of assets and liabilities and statements of financial affairs, among other tasks and set a bar date for general unsecured claims. The Debtors have evaluated their executory contracts and real property leases and filed several motions to reject unnecessary executory contracts and leases. The Debtors have abandoned unnecessary or burdensome assets. The Debtors have responded to numerous requests for information from a number of key constituents. The Debtors have also conducted a sale process that resulted in the successful bids for the sale of certain of the Debtors' Brand Assets. A hearing to approve the sales has been set for December 12, 2023 at 10:00 a.m. Eastern Time.

- *Extending the Exclusivity Periods Will Not Prejudice Creditors.* Among other activities, the Debtors are requesting an extension of the Exclusive Periods to focus on working with estate professionals to negotiate and confirm a consensual chapter 11 plan. Continued exclusivity will permit the Debtors to maintain flexibility so that a competing plan by another third party does not derail the parties' efforts towards a plan process. All stakeholders will benefit from such continued stability and predictability.

- *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.* The Debtors have negotiated with and reached an agreement in principle with their DIP and prepetition lender, the Official Committee of Unsecured Creditors, and the Ad Hoc Noteholders Group and have filed the Plan and Disclosure Statement which reflect that agreement. The Debtors continue to work in good faith with other parties in an effort to arrive at a consensual Plan. A hearing to approve the Disclosure Statement is scheduled for December 12, 2023 at 10:00 a.m. Eastern Time. The Debtors will request a confirmation hearing date of January 24, 2024 subject to the Court's availability.

- *The Debtors are Not Pressuring Creditors by Requesting an Extension of the Exclusive Periods.* The Debtors have no ulterior motive in seeking an extension of the Exclusive Periods. The requested relief is not being sought to pressure the Debtors' creditors, and the Debtors submit that no pressure would result from the requested extension of the Exclusive Periods.

- *The Chapter 11 Cases are Approximately Four Months Old.* The Debtors' request for an extension of the Exclusive Periods is the Debtors' first such request and comes approximately four months after the Petition Date. As discussed above, during this short time, the Debtors have accomplished a great deal: they concluded an auction for the sale of the Debtors' Brand Assets, obtained entry of the Bar Date Order and provided notice of the bar dates to creditors, are continuing to explore the disposition of their other remaining assets, and are working toward the goal of pursuing a confirmed plan.

21. Moreover, termination of the Exclusive Periods would adversely impact the substantial progress made by the Debtors in the chapter 11 cases to date.

22. Accordingly, the Debtors submit that good cause exists to extend the Exclusive Periods and request that the Court grant the Motion.

### Notice

23. Notice of this Motion will be provided to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; and (d) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors submit that no other or further notice need be provided.

### No Prior Request

24. No previous request for the relief sought herein has been made to this Court or any other Court.

WHEREFORE, the Debtors respectfully request that this Court enter an Order granting the Motion and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: December 7, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** <br><br> */s/ James E. O'Neill* <br> Richard M. Pachulski (admitted *pro hac vice*) <br> Debra I. Grassgreen (admitted *pro hac vice*) <br> James E. O'Neill (DE Bar No. 4042) <br> Jason H. Rosell (admitted *pro hac vice*) <br> Steven W. Golden (DE Bar No. 6807) <br> 919 N. Market Street, 17th Floor <br> P.O. Box 8705 <br> Wilmington, DE 19899-8705 (Courier 19801) <br> Telephone: (302) 652-4100 <br> Facsimile: (302) 652-4400 <br> Email: rpachulski@pszjlaw.com <br> dgrassgreen@pszjlaw.com <br> joneill@pszjlaw.com <br> jrosell@pszjlaw.com <br> sgolden@pszjlaw.com <br><br> *Counsel to the Debtors and Debtors in Possession* |

SF 4857-9431-5925.1 03703.004