# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.¹ | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**ORDER ESTABLISHING CONFIRMATION
DISCOVERY SCHEDULE AND PROTOCOLS**

Upon consideration of the motion (the "Motion")² filed by the Debtors for entry of an order establishing a confirmation schedule and related protocols, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors consent to entry of a final order by this Court under Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DE:4891-6065-2686.1 03703.0044891-6065-2686.4 03703.004

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The schedule and protocols set forth below shall govern confirmation of the Plan and all related discovery (the "Confirmation Proceedings").

3. Any party in interest that intends to participate in the Confirmation Proceedings (a "Proposed Participant") must file with the Court a notice indicating such intent (a "Notice of Intent") at any time prior to the close of the Confirmation Proceedings. Only a Proposed Participant who file a Notice of Intent, to which the Court does not sustain an objection, may take part in the Confirmation Proceedings (each such party in interest a "Participating Party"). The Participating Parties shall include, in each case without the need to file a Notice of Intent: (i) the Debtors; (ii) the Committee; (iii) the U.S. Trustee; (iii) the Ad Hoc Noteholder Group; (iv) the DIP Secured Parties; ~~and~~ (v) the Foris Prepetition Secured Lenders. ~~Each~~; (vi) Lavvan, Inc; and (vii) the Ad Hoc Cross-Holder Group.  Subject to paragraph 6 hereof, each Participating Party must comply with the dates and deadlines set forth in this Order and shall not be permitted to reopen any deadline that has already passed prior to such Participating Party's filing of a Notice of Intent.

4. The following dates and deadlines shall govern confirmation of the Plan, including the hearing for the Court to consider confirmation of the Plan (such hearing, the "Confirmation Hearing," and such dates and deadlines, the "Confirmation Schedule"):

| Date[3] | Event |
|---|---|
| ~~November 27~~December 18, 2023 | **Deadline to Serve Plan-Related Document Requests, Interrogatories, and Preliminary Deposition Notices.** The deadline by which any Participating Party that intends to seek document discovery, interrogatory responses, and/or to take fact depositions in connection with the Confirmation Proceedings (each, a "Requesting Party") must serve requests for the production of documents or information, interrogatories, and/or issue preliminary notices of deposition (the "Plan Requests"). |
| December ~~4~~28, 2023 | **Deadline to Respond and Object to Plan-Related Document Requests.** The deadline by which any party subject to a Plan Request (each, a "Producing Party") must respond and/or object to such Plan Request. |
| December 28, 2023 | **Deadline for Written Responses to Interrogatories.** The deadline by which Participating Parties must serve written responses and objections to interrogatories. |
| January 4, 2024 | **Deadline to Substantially Complete Document Discovery.** The deadline by which Producing Parties must substantially complete the production of documents in response to the Plan Requests; *provided* that Producing Parties shall produce documents responsive to Plan Requests on a rolling basis. |
| January 5, 2024* | **Deadline for Claimants to File Rule 3018(a) Motions** |
| ~~December 7, 2023~~January 11, 2024 | **Deadline to Submit Initial Expert Reports.** The deadline by which (a) all written expert reports must be served and (b) all information that such experts considered in connection with forming their respective opinions must be produced, each in satisfaction of the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). |
| ~~December 8, 2023~~January 12, 2024 | **Deadline for ~~Written Responses to Interrogatories~~Supplemental Deposition Notices.** The deadline by which ~~Participating Parties must serve written responses and objections to interrogatories~~supplemental deposition notices may issued based on information supplied after the Preliminary Deposition Notice Deadline. |
| ~~December 14~~January 17, 2024 | **Deadline to Submit Rebuttal Expert Reports.** The deadline by which (a) all written rebuttal expert reports must be served and (b) all information that such experts considered in connection with forming their respective opinions must be |

---

[3] Any dates and deadlines marked with an asterisk herein are provided by the Disclosure Statement Order and are incorporated herein for ease of reference. For the avoidance of doubt, any dates and deadlines that are not marked with an asterisk are established by this Order.

| Date[3] | Event |
|---|---|
| | produced, each in satisfaction of the requirements of Federal Rule of Civil Procedure 26(a)(2)(B). |
| ~~December [15], 2023~~ January 17, 2024 | ~~**Deadline to Substantially Complete Document Discovery**. The deadline by which Producing Parties must substantially complete the production of documents in response to the Plan Requests; *provided* that Producing Parties shall produce documents responsive to Plan Requests on a rolling basis.~~ **Pretrial Conference**. The date on which the Participating Parties shall, subject to the Court's availability, participate in an initial pretrial conference. |
| January 18, 2024* | **Voting Deadline/Release Opt Out Election Deadline** |
| January 18, 2024* | **Plan Objection Deadline** |
| ~~December 15, 2024~~ | ~~**Commencement of Expert Witness Depositions**. The date on which depositions of expert witnesses may begin.~~ |
| ~~December 18, 2023~~ | ~~**Commencement of Fact Witness Depositions**. The date on which depositions of fact witnesses may begin.~~ |
| ~~December 22, 2023~~ January 19, 2024 | **Deadline to Complete Fact Depositions**. The deadline by which all fact depositions must be completed (the period between December 18 ~~and 22~~, 2023 and January 19, 2024, the "Fact Deposition Period"). |
| ~~December 23~~ January 20, 2024 | **Deadline to Complete Expert Depositions**. The deadline by which expert depositions must be completed. |
| ~~January 3, 2024*~~ | ~~**Deadline for Claimants to File Rule 3018(a) Motions**~~ |
| ~~January 10, 2024*~~ | ~~**Voting Deadline/Release Opt Out Election Deadline**~~ |
| ~~January 10, 2024*~~ | ~~**Plan Objection Deadline**~~ |
| January ~~10~~20, 2024 | **Motion in Limine Deadline**. The deadline by which Participating Parties must file any motions in limine. |
| ~~January 11, 2024~~ | ~~**Pretrial Conference**. The date on which the Participating Parties shall, subject to the Court's availability, participate in an initial pretrial conference.~~ |
| January ~~15~~22, 2024* | **Plan Brief and Voting Tabulation Affidavit Deadline** |
| January ~~15~~22, 2024 | **Deadline to File Witness and Exhibit Lists**. The deadline by which Participating Parties must file and exchange a final list of witnesses and exhibits. |
| January ~~15~~22, 2024 | **Deadline to Oppose Motions in Limine**. The deadline by which Participating Parties must file oppositions to any motions in limine. |
| January ~~15~~22, 2024 | **Joint Pretrial Order Deadline**. The deadline by which Participating Parties must submit a joint pretrial order to the Court. |

| Date[3] | Event |
|---|---|
| January ~~17~~24, 2024* | *Confirmation Hearing* |

5. The following protocols shall govern all Confirmation Proceedings (the "Confirmation Protocols"):

   a. Discovery of Debtors, Parties, and Third Parties. Participating Parties are hereby authorized to serve confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking discovery of the Debtors, other parties in interest, and third parties. For the avoidance of doubt, no further motion practice is required prior to serving discovery under these Confirmation Protocols.

   b. Overlap with Prior Discovery. To the extent that a Requesting Party serves discovery in accordance with these Confirmation Protocols that were already produced, whether formally or informally, by a Producing Party in response to other requests in these Chapter 11 Cases, the Producing Party may refer to such prior productions to satisfy the Requesting Party's requests.

   c. Protective Order. The *Order Approving Stipulated Confidentiality Agreement and Protective Order* [Docket No. 599] (the "Protective Order") shall govern all discovery in connection with the Confirmation Proceedings and the Confirmation Hearing.

   d. Discovery Dispute Resolution. In the event of a dispute with respect to a Plan Request, counsel for the Producing Party and for the Requesting Party shall promptly meet and confer in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, such parties are unable to resolve the dispute at any time after they have met and conferred, either party may promptly seek a telephonic discovery conference from the Court. If requested by the Court following the telephonic conference, the parties may email a letter, no longer than two single-spaced pages in length (excluding exhibits), of the nature of the dispute. Any response may be submitted by emailed letter, no longer than two single-spaced pages in length (excluding exhibits), within two business days.

   e. ~~Limitations on Interrogatories and Requests for Admission. Unless otherwise ordered by the Court, a Requesting Party may not serve more than ten (10) interrogatories and no party may serve any requests for admission in connection with the Confirmation Proceedings.~~

   e. ~~f.~~ Limitations on Depositions. Absent obtaining leave from this Court ~~under Rule 30(a)(2) or 30(d)(1) of the Federal Rules of Civil Procedure,~~ or upon mutual written agreement with the party sought to be deposed, a party may not take a deposition that would result in: (a) more than ~~ten~~five fact depositions taken by ~~Objecting Parties or more than ten fact depositions taken by Supporting Parties~~such party; (b) a witness being deposed more than once in his or her individual capacity; and/or (c) a witness being deposed for more than seven hours in his or her individual capacity. For clarity, the foregoing total number of fact depositions includes 30(b)(6) depositions.

~~Unless either agreed by the witness or ordered by the Court for good cause shown, no witness who was deposed in connection with the Prior Discovery may be deposed on the same or substantially similar matters a second time.~~

f. ~~g.~~ <u>Deposition Noticing, Duration, Allocation, and Timing</u>: Any Requesting Party seeking to take the deposition of a witness must attempt in good faith to coordinate the date of the deposition with the relevant Producing Party and all other parties that may wish to depose the same witness, as well as how to divide up the deposition time.  To that end, on or prior to ~~November 28~~<u>December 18</u>, 2023, each Producing Party shall identify to each Requesting Party all other parties (if any) that have advised the Producing Party that they intend to depose the same witness and with which the Producing Party believes the Requesting Party should meet and confer concerning the coordination of the deposition.  The Requesting Party shall seek in good faith to meet and confer with any such Participating Parties on or prior to ~~November 29~~<u>December 19</u>, 2023 to discuss the date for the deposition and how to divide up the deposition time among the parties who seek to examine the witness.  <u>In the event additional witnesses are identified by the deadline for Supplemental Deposition Notices, the Requesting Parties and Producing Parties shall meet and confer in good faith to discuss deposition dates and coordinate the division of deposition time among the parties who seek to examine such additional witnesses.</u>

If a Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the relevant Producing Party that the Requesting Party and the Participating Parties have agreed on a date for the deposition within the Fact Deposition Period, the Producing Party must produce the deponent on that date, or on another date that the Producing Party may propose and that any Requesting Party or Participating Party advises the Producing Party in writing is acceptable to all Participating Parties and the Requesting Party (the "<u>Agreed Date</u>"), for a period of one day of 7 hours, subject to the deposing parties' rights pursuant to Federal Rule of Civil Procedure 30(d)(1); *provided*, *however*, that the Producing Party is not obligated to produce a deponent on the date for the deposition identified by the Requesting Party or Participating Party if the Producing Party first obtains relief from their obligation through a telephonic discovery conference with the Court.  For the avoidance of doubt, unless the Producing Party first obtains relief from the Court or the consent of the Requesting Party and Participating Parties as described above, the Producing Party must make the noticed witness available on the Agreed Date.

If the Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Producing Party that the Requesting Party and the Participating Parties have not, despite good faith efforts <u>(including meeting and conferring)</u>, agreed among themselves on a date for the deposition ~~or~~<u>,</u> on how to divide up the deposition time<u>, or whether time in excess of seven hours is needed</u>, then the Requesting Party or any Participating Party may seek a teleconference with the Court to establish a

date for the deposition or to seek guidance on how the deposition time shall be divided amongst the parties seeking to examine the witness.

The rights of any person or party noticed for a deposition are reserved with respect to objecting to any such depositions, including the number of depositions, and any such person or party may seek relief from the Court pursuant to the dispute resolution procedures provided herein with respect to any deposition notice or subpoena, including, for the avoidance of doubt, by seeking to quash, limit, terminate, or adjourn any deposition notice or subpoena.

Unless otherwise agreed between the Requesting Party and the relevant Producing Party, all depositions shall be conducted virtually.

g. ~~h.~~ **Assertions of Privilege**. If any Producing Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in response to confirmation-related discovery, the Producing Party and Requesting Party shall meet and confer on the scope and format of corresponding privilege logs, consistent with the Protective Order.

h. ~~i.~~ **Expert Discovery**. Any expert retained or specially employed to provide expert testimony in connection with the Confirmation Proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026). Parties shall have the right to amend or supplement such report to respond to information disclosed or opinions expressed after the date of such expert's report(s), by written supplement exchanged and submitted by the deadlines provided by this Order. No drafts of any part of any report or declaration of any expert will be subject to production or other disclosure. This protection is in addition to, and does not limit or replace, the protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026).

6. Any deadline set forth above may be extended by order of the Court and, except for the Confirmation Hearing, may be extended without order of the Court upon the written consent of the Debtors or, if the Debtors are the party subject to the deadline, the party to which the subject of the deadline is owed, which consent may be granted by email.

7. The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules apply to the Confirmation Proceedings. To the extent there is a conflict between any of the foregoing and this Order, this Order shall govern.

8. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation of this Order or the Stipulation.