# EXHIBIT B

**(Summary Chart of Responses to Lavvan, Ad Hoc Cross-Holder Group and UST Objections)**

## RESPONSES TO THE OBJECTIONS OF LAVVAN, INC.

| Lavvan Objection | Additional Disclosure/Response |
|---|---|
| ***Subordination:***<br><br>The Debtors should state clearly whether they are proposing that the Subordination Agreement applies to the exit facility and to any stock that Foris or its affiliates receive on account of the Foris 2018 Loan or DIP Facility Claim. And if so, they should clearly explain under what conditions they contend that subordination would terminate, or if they contend that subordination would last indefinitely.<br><br><br>The Debtors should also explain the basis for their contention that any part of the Foris 2018 Loan or DIP Facility Claim will continue to exist once those claims receive the treatment proposed under the Plan (cash, new debt, and new stock). | The Disclosure Statement and Plan provide that the outstanding DIP Facility and/or Foris Prepetition Secured Loans that are amended and restated or rolled-over into indebtedness of Reorganized Amyris as part of the Exit First Lien Facility ***will be identified by amount and tranche in the Plan Supplement***.<br><br>*See* Modified Disclosure Statement Redline (Exhibit A) at page 58.<br><br>In addition, the Plan and Disclosure Statement provide that the Subordination Agreement applies to "the indefeasible payment in cash in full of the obligations owing under the (i) Foris 2018 Loan, (ii) the DIP Facility Claims, and (iii) such other Foris Prepetition Secured Claims, or other Foris claims, as are determined by the Bankruptcy Court are required under the Lavvan Documents to be indefeasibly paid in cash in full prior to the Allowed Lavvan Secured Claim being paid."<br><br>Further, the Debtors propose to add the following language to the Disclosure Statement in response to the Lavvan Objection:<br><br>"On December 7, 2023, the Court authorized the Debtors to employ Back Bay Management Corporation and its division The Michel-Shaked Group ("MSG") as an expert consultant, effective as of October 31, 2023, regarding the valuation of the Debtors and/or certain of the Debtors' or certain affiliates of the Debtors' assets (including intellectual property). In connection with Confirmation, MSG will present its valuation of the Debtors' remaining assets after consummation of the sales of Consumer Brands Businesses. The Debtors believe that the value of its assets is insufficient to satisfy the DIP Facility Claim and Administrative Claims; accordingly, Holders of General Unsecured Claims and Convertible Notes Claims would not receive any distributions absent the transactions and settlements contemplated in the Plan. Also, as set forth in the Liquidation Analysis, after deducting the costs of liquidation and satisfying the DSM RealSweet Secured Claim, the estate would hold only between |

| **Lavvan Objection** | **Additional Disclosure/Response** |
|---|---|
|  | $26.1 million and $79.6 million, amounts insufficient to satisfy the $202.6 million Superpriority DIP Facility Claim." <br><br> See Modified Disclosure Statement Redline (Exhibit A) at page 31. |
| *Terms of Repayment:* <br><br> The Disclosure Statement provides no specific information about the proposed repayment of Lavvan's secured claim. | The Debtors propose to add the following language to the Disclosure Statement in response to the Lavvan Objection: <br><br> "In the event that Lavvan is determined to have an Allowed Secured Claim, it is the Debtors' position that the maximum amount of such Claim would be $820,458.67 and, by operation of the Lavvan Documents which include a waiver of marshalling and payment and lien subordination, any such Allowed Secured Claim (and any Allowed Unsecured Claim) is subordinated and would only be entitled to potential distribution paid if the Reorganized Debtor has a liquidity event that generates proceeds in an amount sufficient to pay (a) the DIP Facility Claims, (b) the Foris 2018 Loan, (c) the Exit First Lien Facility, and (d) any portion of the Foris Prepetition Secured Claims that are not converted to New Common Stock under the Plan." <br><br> "Lavvan disputes its treatment under the Plan and has indicated that it intends to oppose the Plan. Both Lavvan and the Debtors reserve all rights with respect to thereto." <br><br> See Modified Disclosure Statement Redline (Exhibit A) at p. 38. |
| *Deficiency Claim* <br><br> The Disclosure Statement provides no information about how the Debtors would propose to determine how much of Lavvan's claim is secured and how much would be treated as a deficiency claim, and therefore placed in the general unsecured class. | As set forth in the Reply, the Debtors have filed the Lavvan Claim Objection and the Lavvan Estimation Motion. The Disclosure Statement has been amended to add additional information regarding those pleadings. The extent of Lavvan's security interests will be determined in connection with the Lavvan Claim Objection. <br><br> See Modified Disclosure Statement Redline (Exhibit A) at p. 38. |

**RESPONSES TO THE OBJECTIONS OF THE AD HOC CROSS-HOLDER GROUP**

| Ad Hoc Cross-Holder Objection | Additional Disclosure/Response |
|---|---|
| *Alleged Inadequate Settlement/Investigation Disclosures:*<br><br>The Ad Hoc Cross-Holder Group argues that additional information needs to be added to the Disclosure Statement relating to the claims subject to release by virtue of the Third-Party Release, the purported "secret investigations" of such claims allegedly being conducted but not disclosed to creditors and parties in interest, the arms' length settlement among the key parties embodied in the PSA and the Plan, and related matters. | The current Disclosure Statement includes discussion of the Independent Director Investigation, the Creditors' Committee Investigation and the Ad Hoc Noteholder Investigation. Nonetheless, in response to the Cross-Holder Objection, the Debtors have amended the Disclosure Statement further to provide additional disclosure regarding the Creditors' Committee and Ad Hoc Group investigations as well as the basis for the settlements contained in the Plan.<br><br>*See* Modified Disclosure Statement Redline (Exhibit A) at 28-31. |
| *Third-Party Release:*<br><br>The Ad Hoc Cross-Holder Group objects to the Third-Party Releases in the Plan. | The Debtors will provide full argument and evidence as necessary in support of the Third-Party Releases in the first instance on a non-consensual basis, or if denied on such basis, alternatively, on a consensual basis.<br><br>Nonetheless, in response to the Crossover Objection, the Debtors have added additional information about the factual and legal analysis supporting the proposed releases.<br><br>*See* Modified Disclosure Statement Redline (Exhibit A) at p. 90. |
| *Valuation:*<br><br>The Ad Hoc Cross-Holder Group asserts there is inadequate disclosure regarding the market testing and/or valuation of the Debtors' Other Assets around which the Debtors anticipate reorganizing. | The Debtors have engaged a valuation expert and, in connection with confirmation, will present a valuation and other evidence supporting the Plan and its provisions. Nevertheless, the Debtors have included additional language in the Disclosure Statement regarding the valuation process. |

| Ad Hoc Cross-Holder Objection | Additional Disclosure/Response |
|---|---|
| | *See* Modified Disclosure Statement Redline (Exhibit A) at p. 31. |

**RESPONSES TO THE OBJECTIONS OF THE UST**

| UST Objection | Additional Disclosure/Response |
|---|---|
| Explanation of mechanics of Third-Party releases is not adequate. | Additional disclosures have been added to explain, in plain English, how the Third-Party Releases work. |