# EXHIBIT D

December [●], 2023

**To**: Holders of Class 7 Convertible Notes Claims and Holders of Class 8 General Unsecured Claims of Amyris, Inc. and its affiliated debtors and debtors in possession, Case No. 23-11131 (Bankr. D. Del. 2023)

**From:** The Official Committee of Unsecured Creditors

**Re:** Open Letter to Holders of Class 7 Convertible Notes Claims and Holders of Class 8 General Unsecured Claims Recommending that They Vote to **ACCEPT** the Plan of Reorganization of Amyris Inc. and its Affiliated Debtors (the "**Plan**")

The Office of the United States Trustee, a division of the United States Department of Justice, appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") to serve as the statutory fiduciary representative of unsecured creditors in the chapter 11 cases of Amyris Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") pending in the United States Bankruptcy Court for the District of Delaware.

White & Case LLP ("**White & Case**") is lead bankruptcy counsel to the Creditors' Committee, and the Creditors' Committee also retained FTI Consulting, Inc. as its financial advisor, Jefferies Financial Group, Inc. as its investment banker, and Potter Anderson & Corroon LLP as its co-counsel.

> **THE CREDITORS' COMMITTEE BELIEVES THAT THE PLAN PROVIDES A SUPERIOR RECOVERY TO UNSECURED CREDITORS THAN ANY CURRENTLY PLAUSIBLE ALTERNATIVE AND URGES YOU TO VOTE TO <u>ACCEPT</u> THE PLAN.**

Following extensive negotiations, and a thorough investigation by the Creditors' Committee,[1] the Creditors' Committee, the Debtors, the Foris Prepetition Secured Lenders, the DIP Lender, and the Ad Hoc Group Noteholders' Group reached a settlement embodied in the Plan (the "**Settlement**"). The Creditors' Committee believes that the Plan, as currently proposed, is in the best interest of holders of Class 7 Convertible Notes Claims and holders of Class 8 General Unsecured Claims for the reasons set forth below. The Settlement is the product of an expansive investigation by the Creditors' Committee into the Debtors, certain of their principals, and their prepetition secured lenders. In addition, it reflects the economic realities of the cases including, in part, the sale of the Debtors' consumer brands yielding only approximately $25 million – not nearly enough to pay the administrative costs of the cases. Further, the Creditors' Committee believes the releases contemplated by the Plan are appropriate, and that the Settlement is superior to pursuing potential estate claims litigation against Released Parties.

---

[1] The Committee's extensive investigation is more fully explained in Article 2.F.b of the *Disclosure Statement with Respect to Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Docket No. 826-2] (the "**Disclosure Statement**"). The Committee urges all recipients of this letter review the entire Disclosure Statement, including this section.

*First*, the Settlement assures a recovery for Class 7 and Class 8. The Plan allocates approximately $27-$31.5 million in cash for distribution to Classes 7 and 8. Specifically, this recovery includes (a) $15 million cash consideration in exchange for the settlement of certain estate claims and causes of action that will be distributed on a pro rata basis to ALL holders of allowed claims in Classes 7 and 8, and (b) up to $16.5 million cash consideration in exchange for certain third party releases (the "**Third-Party Claims Settlement Amount**") that will be distributed to holders of allowed claims in Classes 7 and 8 that are Releasing Parties. If the third-party release is approved on a non-consensual basis, Class 7 will receive approximately $12.7 million in cash consideration, and Class 8 will receive approximately $3.7 million in cash consideration for pro rata distribution to holders of allowed claims in each respective Class. If the third-party release is not approved on a non-consensual basis and the Direct Claims Threshold (as defined in the Plan) (i.e., as determined separately with respect to each Class, creditors in Class 7 and Class 8 who hold at least a majority in amount of the Claims asserted against the Debtors) is satisfied, holders of Class 7 claims who do not opt out of the Third-Party Release Settlement will receive up to approximately $9.3 million in cash consideration (less amounts for holders that opt out), and the Holders of Allowed General Unsecured Claims who do not opt out of the Third-Party Release Settlement will receive approximately $2.7 million in cash consideration (less amounts allocated for holders that opt out).

> **IF THE NON-CONSENSUAL THIRD-PARTY RELEASE CURRENTLY CONTEMPLATED IN THE PLAN IS NOT APPROVED, ONLY HOLDERS THAT DO NOT OPT OUT OF THE CONSENSUAL THIRD PARTY RELEASE WILL BE ELIGIBLE TO RECEIVE A PRO RATA DISTRIBUTION OF THE THIRD PARTY CLAIMS SETTLEMENT AMOUNT.**
>
> **HOLDERS THAT OPT OUT WILL NOT BE ELIGIBLE TO RECEIVE ANY DISTRIBUTION ON ACCOUNT OF THE THIRD-PARTY RELEASE AMOUNT, AND SUCH AMOUNTS WILL REVERT TO THE REORGANIZED DEBTORS, NOT TO OTHER UNSECURED CREDITORS.**

*Second*, the Settlement provides for further recovery through the establishment of a trust to pursue certain claims and causes of action that should provide significant additional value to unsecured creditors. The Plan provides that $2 million in cash will be provided to fund a trust (the "**Creditor Trust**") that will receive from the estates and pursue (a) the Debtors' and estates' claims and causes of action against certain "Excluded Parties", and (b) certain preference claims allocated to the Creditor Trust (together, the "**Trust Causes of Action**"). As set forth in the Debtors' Disclosure Statement that you are receiving with this letter, the Debtors estimate that such Trust Causes of Action will result in an additional recovery to Classes 7 and 8 of $25-$35 million, which amounts will be distributed pro rata to ALL holders of allowed claims in Classes 7 and 8.

*Third*, the Plan does not contain releases of any potential claims and causes of action against the Excluded Parties, former Chief Executive Officer John Melo and former Chief Operating Officer Eduardo Alvarez.

**For the foregoing reasons, the Creditors' Committee urges holders of Class 7 Convertible Notes Claims and holders of Class 8 General Unsecured Claims to vote to <u>ACCEPT</u> the Plan on or before the voting deadline of 5:00 p.m., prevailing Eastern Time, on January 10, 2024.**

Unsecured creditors who wish to contact the Creditors' Committee are invited to contact White & Case at andrea.kropp@whitecase.com.

Best Regards,

/s/
Christopher M. Samis (No. 4909)
Katelin A. Morales (No. 6683)
Sameen Rizvi (No. 6902)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email: csamis@potteranderson.com
kmorales@potteranderson.com
srizvi@potteranderson.com

-and-

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
Andrew F. O'Neill (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email: gregory.pesce@whitecase.com
aoneill@whitecase.com

-and-

**WHITE & CASE LLP**
Samuel P. Hershey (admitted *pro hac vice*)
John Ramirez (admitted *pro hac vice*)
Andrea Kropp (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: sam.hershey@whitecase.com
john.ramirez@whitecase.com
andrea.kropp@whitecase.com

*Counsel for the Official Committee
of Unsecured Creditors*