IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> **AMYRIS, INC. *et. al.*,** <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-11131 (TMH) <br><br> **(Jointly Administered)** <br><br> Sale Hearing Date: December 12, 2023 at 10:00 AM <br> Sale Objection Date: December 11, 2023 <br><br> Docket No. 316 |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF SAKANA, LLC AS TO DEBTORS' MOTION FOR (I) AN ORDER (A)
APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTORS'
BRAND ASSETS; (B) APPROVING CERTAIN BID PROTECTIONS IN
CONNECTION WITH THE DEBTORS' ENTRY INTO ANY POTENTIAL
STALKING HORSE AGREEMENTS; (C) SCHEDULING THE AUCTION
AND SALE HEARING; (D) APPROVING THE FORM AND MANNER OF
NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF; AND (II) AN
ORDER OR ORDERS (A) APPROVING THE SALE OF THE DEBTORS'
BRAND ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES; AND (B)
APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY
<u>CONTRACTS AND UNEXPIRED LEASES</u>**

Sakana LLC ("Sakana"), counterparty to a brand agreement with the debtor, Amyris, Inc., dated May 25, 2022 (the "Brand Agreement"), by its counsel, Rosen & Associates, P.C., respectfully submits this limited objection and reservation of rights ("Reservation of Rights") regarding the potential sale of certain of the assets of Amyris, Inc., *et. al.*, the

debtors herein (collectively, the "Debtors") pursuant to the Debtors' motion to sell assets pursuant to section 363 of the Bankruptcy Code.[1]

1. By the Sale Motion, the Debtors seek to sell certain assets of their estates, including the Operating Consumer Brands, as defined in the Sale Motion, free and clear of any and all liens, claims, and encumbrances. An auction sale was held on November 30, 2023 and December 1, 2023 for certain of the Debtors' assets. The auctions of Stripes and other brands were verbally adjourned without date.

2. Upon information and belief, several parties have come forth and expressed interest in purchasing the Stripes brand and the Debtors intend to hold an auction to sell the Stripes brand on Wednesday, December 13, 2023.

3. The Brand Agreement concerns the Stripes brand which is one of the Operating Consumer Brands.[2] It is listed on Amyris, Inc.'s Schedule of Executory Contracts [D.I. No. 356] as "Celebrity Collaboration – Stripes Brand Agreement". The Brand Agreement provides for the creation of an entity to own and license the brand's intellectual property, which entity was to be owned 70% by Amyris, Inc. and 30% by Sakana. However, the entity was never created and Amyris, Inc. caused an affiliated debtor to register the intellectual property in its own name.

---

[1] *Motion for (I) An Order (A) Approving Bid Procedures for The Sale of The Debtors' Brand Assets; (B) Approving Certain Bid Protections in Connection With The Debtors' Entry into Any Potential Stalking Horse Agreements; (C) Scheduling The Auction And Sale Hearing; (D) Approving The Form And Manner of Notice Thereof; And (E) Granting Related Relief; And (II) An Order or Orders (A) Approving The Sale of The Debtors' Brand Assets Free And Clear of All Encumbrances; And (B) Approving The Assumption And Assignment of Executory Contracts And Unexpired Leases* [D.I. No. 316] (the "Sale Motion").

[2] The Brand Agreement is not annexed hereto as it is confidential.

4.  The Brand Agreement separately provides that Sakana owns 30% of the Stripes brand Business, as defined therein, and Amyris, Inc. owns 70%. With respect to allocation of ownership of the Business the Brand Agreement is self-executing in that it does not contemplate that ownership would be placed in a separate entity. Moreover, it states that the value of the brand's intellectual property shall constitute part of the value of the Business itself.

5.  In furtherance of the Brand Agreement, and as provided therein, Amyris, Inc. also entered into the "Chief Creative Officer Consulting Agreement" with Naomi Watts, who is affiliated with Sakana. This agreement is listed by the Debtors in the *Notice of Potential Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases* [D.I. No. 601].

6.  Upon information and belief, the Debtors' position is that Amyris, Inc. owns 100% of the Business **and** intellectual property of the Stripes brand. Upon further information and belief, although the Debtors are prepared to recognize Sakana's right to 30% of the proceeds of the sale of the brand, i.e., the Business and the intellectual property, they are not prepared to recognize Sakana's right to ownership of 30% of the Business and intellectual property.

7.  Sakana respectfully submits that the Debtors cannot sell what they do not own; however, the Sale Motion suggests in its footnote nine, set forth below,[3] that they are

---

[3] As used herein, "Encumbrance" and "Encumbrances" include all of the following, in each case, to the extent against or with respect to the Debtors, or in, on, or against, or with respect to any of the Brand Assets: liens (including as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial, or otherwise), claims (as defined in section 101(5) of the Bankruptcy

seeking this Court's authority to sell free and clear of Sakana's ownership rights. To the extent the Debtors indeed seek such relief, Sakana objects to the sale as an unlawful taking of its property.[4]

---

    Code) ("Claims"), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or nonmaterial, disputed or undisputed, whether arising prior to, on, or subsequent to, the commencement of these Chapter 11 Cases, and in each case, whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to: (i) mortgages, security deeds, deeds of trust, pledges, charges, security interests, levies, hypothecations, encumbrances, easements, servitudes, leases, subleases, licenses, rights-of-way, encroachments, restrictive covenants, restrictions on transferability, voting, sale, transfer or other similar restrictions, rights of setoff (except for setoffs validly exercised before the Petition Date, or preserved in a timely filed proof of claim or motion filed with the Court), rights of use or possession, conditional sale arrangements, deferred purchase price obligations, profit sharing interest, or any similar rights; (ii) all Claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff (except for setoffs validly exercised before the Petition Date, or preserved in a timely filed proof of claim or motion filed with the Court), indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtors or any other Person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise; (iii) all debts, liabilities, obligations, contractual rights and claims, . . .; (iv) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the Successful Bidder(s)' interest in the Brand Assets, or any similar rights; (v) any rights under labor or employment agreements; (vi) any rights under pension . . .; (vii) any other employee claims . . . ; (viii) any bulk sales or similar law; (ix) any tax statutes or ordinances or other laws of similar effect, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Brand Assets before the closing of a Sale; (x) any unexpired and executory contract or unexpired lease to which the Debtors are a party that is not an Transferred Contract; (xi) any other excluded liabilities under the Purchase Agreement; and (xii) Encumbrances arising under or in connection with any acts, or failures to act, of the Debtors or any of their predecessors, affiliates, or subsidiaries, including, but not limited to, Encumbrances arising under any doctrines of successor liability (to the greatest extent permitted by applicable law), or transferee or vicarious liability, violation of the Securities Act, the Exchange Act, or other applicable securities laws or regulations, breach of fiduciary duty, or aiding or abetting breach of fiduciary duty, or any similar theories under applicable law or otherwise.
    Sale Motion at pp 8 – 9, footnote 9 [D.I. No. 316].

[4] Whether property constitutes property of the estate pursuant to Bankruptcy Code section 541 cannot be determined through a motion for the sale of assets; an adversary proceeding is required to make such a determination. See e.g., SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin), 530 F.3d 230 (3d Cir. 2008) (chapter 13 debtor could not invalidate a lien through a plan), and In re Whitehall Jewelers

8. Sakana files this Reservation of Rights to ensure that the Court and interested parties are aware of all salient facts concerning the Stripes brand.

9. The Brand Agreement provides that if the parties to it cannot resolve any claim, dispute, or controversy arising from or in connection with it, the matter will be resolved through arbitration. Sakana hereby reserves its right to petition this Court to compel arbitration of any dispute thereunder.

Dated: December 11, 2023

**ROSEN & ASSOCIATES, P.C.**

  /s/Christine McCabe
Sanford P. Rosen (admitted *pro hac vice*)
Christine McCabe (DE Bar No. 3696)

P.O. Box 1274
Shelter Island, New York 11965
Phone: (212) 223-1100
Email: srosen@rosenpc.com

P.O. Box 7560
Wilmington, Delaware 19803
Phone: (212) 223-1100
Email: cmccabe@rosenpc.com

*Attorneys for Sakana, LLC*

---

Holdings, Inc., No. 08-11261 (KG), 2008 WL 2951974 (Bankr. D. Del. July 28, 2008) (consigned goods could not be sold without first determining that the goods were property of the bankruptcy estate).