# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Related Docket Nos. 524, 892 and 893** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) SCHEDULING CONFIRMATION HEARING; (III) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN, INCLUDING (A) APPROVING FORM AND CONTENT OF SOLICITATION MATERIALS; (B) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION MATERIALS; (C) APPROVING FORMS OF BALLOTS; (D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS; (V) APPROVING FORM AND MANNER OF NOTICE OF PLAN RELEASES; (VI) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; AND (VII) GRANTING RELATED RELIEF**

Before the Court is the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>") *Motion for an Order (I) Approving the Disclosure Statement; (II) Scheduling Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving Form and Content of Solicitation Materials; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Materials;(C) Approving Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Approving Form and Manner of Notice of Plan Releases;*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*(VI) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan; and (VII) Granting Related Relief* (the "Motion")[2]; and the Court, after considering any objections to the Motion; and upon review of the record and after due deliberation thereon; and the Court finding that proper and adequate notice of the hearing on the Motion [Docket No. 525] and the Disclosure Statement filed by the Debtors on October 12, 2023 [Docket No. 524], as amended on December 1, 2023 [Docket No. 809-2], and as amended on December 6, 2023 [Docket No. 826-2], and as amended on December 12, 2023 [Docket No. 893] has been given to all parties in interest, and no other or further notice or hearing being necessary; and after due deliberation and sufficient cause appearing therefor; **IT IS HEREBY FOUND, ORDERED, AND ADJUDGED** as follows:

1. The Motion is GRANTED as provided herein.

### Approval of Disclosure Statement

2. The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code regarding the *Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* filed on December 12, 2023 [Docket No. 892] (including all exhibits thereto and as amended, modified or supplemented, the "Plan"). Therefore, the Disclosure Statement is approved pursuant to 11 U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b).

3. All objections to the adequacy of the Disclosure Statement, if any, are, to the extent not consensually resolved as set forth herein, overruled in their entirety.

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

**Setting of Confirmation Hearing**

4. The hearing to consider confirmation of the Plan shall commence on **January 24, 2024, at 10:00 a.m. (Eastern Time)** (the "Confirmation Hearing"). The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

**Approval of Solicitation Materials and Non-Voting Class Notices**

5. The Solicitation Materials as set forth in the Motion, as well as the cover letter from the Creditors' Committee making a recommendation to the Holders of General Unsecured Claims and Convertible Notes Claims with respect to voting on the Plan in substantially the form attached hereto as **Exhibit E** (the "Committee Support Letter"), are approved. The Debtors shall transmit, or cause to be transmitted, the Solicitation Materials no later than **December 18, 2023** (the "Solicitation Mailing Deadline") by first class, United States mail (or by international courier if the addresses are not located in the United States), to (a) Holders of Claims in Classes 3, 4, 5, 7, 8, 9, and 10, the only impaired classes entitled to vote on the Plan (collectively, the "Voting Classes") and (b) the Notice Parties (as defined below).

6. To avoid duplication and reduce expenses, the Debtors shall serve only one set of Solicitation Materials on each creditor who has more than one Claim, but shall include the appropriate Ballots for each Class of Claims.

7. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit the Solicitation Materials to the Non-Voting Classes (Classes 1, 2, 6, 12, and 14). On or before **December 18, 2023**, the Debtors, through the Solicitation Agent (as defined below), shall

mail the following: (i) to each Holder of Claims in the Non-Voting Classes (except Holders of Claims in Class 11), a notice substantially in the form attached hereto as **Exhibit B1** (the "Non-Voting Class Notice (Holders of Claims)") and (ii) to each Interest Holder in the Non-Voting Classes (except Holders of Interests in Class 13), a notice substantially in the form attached hereto as **Exhibit B2** (the "Non-Voting Class Notice (Interest Holders)", and with the Non-Voting Class Notice (Holders of Claims), the "Non-Voting Class Notices"), which set forth: (a) the recipients status as a member of a Non-Voting Class; (b) a summary of the Plan; (c) the date and time of the Confirmation Hearing; and (d) the deadline and procedures for filing objections to the Plan. The Non-Voting Class Notices will also include a description of the Plan's release, indemnification and exculpation provisions, including the Third-Party Release, and the Opt Out Election Form which will set forth the applicable deadline, instructions and procedures for each Holder of a Claim or Interest in a Non-Voting Class to make such opt out election. The Non-Voting Class Notices will indicate that a holder of a Claim and/or Interest in a Non-Voting Class is entitled, upon written request to counsel to the Debtors, to receive a copy of the Plan and Disclosure Statement, in electronic format (or such other format as specifically requested by such Claimant or Interest Holder) at the expense of the Debtors. The Non-Voting Class Notices will also contain the link to the Solicitation Agent's website where any party in interest can access copies of the Solicitation Materials, including the Plan and Disclosure Statement, at no cost. Holders of Claims in Class 11 (Intercompany Claims) and Interests in Class 13 (Intercompany Interests) are deemed to have received all necessary notices upon entry of this Order because these Classes consist of the Claims or Interests of Debtors or wholly-owned Affiliates of Debtors who are not entitled to vote on the Plan and have either consented to the Plan or are deemed to have accepted the Plan.

### Approval of Form and Manner of Notice of the Confirmation Hearing

8. The Confirmation Hearing Notice and the Non-Voting Class Notices, in substantially the form attached hereto as **Exhibits A, B1, and B2**, as modified consistent with any revisions to the Plan, are approved. As set forth above, the Confirmation Hearing Notice shall be included as part of the Solicitation Materials and sent via regular mail to all creditors entitled to vote on the Plan. In addition, the Debtors shall serve the Confirmation Hearing Notice and Solicitation Materials on the Notice Parties.

9. The Debtors shall publish the Confirmation Hearing Notice on December 18, 2023, or as soon as practical therafter, once in the national editions of the *Wall Street Journal* and in the *Official Gazette* in Brazil (in Portuguese). Additionally, the Confirmation Hearing Notice shall be posted electronically on the website maintained for the Debtors by the Voting Agent, at https://cases.stretto.com/Amyris.

### Record Date and Approval of Procedures for Distribution of Solicitation Materials and Non-Voting Class Notices

10. The record date shall be December 1, 2023 (the "Record Date") for purposes of determining which parties are entitled to receive the Solicitation Materials or the Non-Voting Class Notices and, where applicable, vote on the Plan.

11. Bankruptcy Management Solutions, Inc. d/b/a Stretto (the "Solicitation Agent"), shall serve the Solicitation Materials or, as applicable, the Non-Voting Class Notices, inspect, monitor, and supervise the solicitation process, serve as the tabulator of the Ballots, tabulator of the parties who have opted out of granting the Third-Party Releases, and certify to the Court the results of the balloting in the Voting Tabulation Affidavit. The Voting Tabulation Affidavit shall identify any parties which elected to opt out of granting the Third-Party Release as to both Voting and Non-Voting Classes.

12. Subject to the procedures set forth below regarding Holders of Convertible Notes Claims (Class 7), the Solicitation Agent will transmit the Solicitation Materials to the known Holders of Claims in the Voting Classes based upon the names and addresses in the proofs of claim filed by the claimants, or the Debtors' schedules if no proof of claim was filed by the Record Date. Each Holder of an Allowed Claim in the Voting Classes will be required to return a properly executed Ballot so that it is received by the Solicitation Agent on or before the Voting Deadline (as defined below) in order for that Holder's Ballot to be counted.

13. The Solicitation Agent will transmit the Non-Voting Class Notice (Holders of Claims) to the known Holders of Claims in Classes 1, 2, 6, and 12 based upon the names and addresses in the proofs of claim filed by the claimants, or the Debtors' schedules if no proof of claim was filed by the Record Date. Subject to the procedures set forth below regarding Holders of Class 14 Interests, the Solicitation Agent will transmit the Non-Voting Class Notice (Interest Holders) to the known Holders of Interests in Class 14 as of the Record Date. The Non-Voting Class Notices and attached Opt Out Election Form provide sufficient notice of, and an opportunity for Holders of Claims and/or Interests in Non-Voting Classes to opt out of granting the Third-Party Release contained in the Plan.

14. <u>Procedures for Notice and Distribution of (i) Solicitation Materials to Holders of Convertible Notes Claims (Class 7) and (ii) Non-Voting Class Notice (Interest Holders) to Holders of Class 14 Interests</u>. In additional to the procedures set forth above, the Court approves the following procedures to facilitate appropriate notice being given to Holders of Claims in Class 7 and Interests in Class 14.

    a. <u>Procedures for Notice to Holders of Class 7 Convertible Notes Claims</u>. Within three (3) Business Days of the entry of the Disclosure Statement Order, the Convertible Notes Trustee shall (a) provide the Solicitation Agent with the names, addresses and holdings of any directly registered Holders of Convertible Notes as

of the Record Date (other than DTC's nominee, Cede & Co.) to the extent such information is available to the Convertible Notes Trustee, (b) request from DTC a list (the "Nominee List") with the name and address of each bank, broker, or other intermediary (each a "Nominee") through which one or more beneficial noteholders (the "Beneficial Noteholders") hold a Convertible Notes Claim in "street name" as of the Record Date and provide such Nominee List to the Solicitation Agent, and (c) cooperate with reasonable requests of the Solicitation Agent related to the Solicitation Agent's performance of its duties pursuant to the Disclosure Statement Order to transmit the Solicitation Materials to the Beneficial Noteholders. The Solicitation Agent shall use such information only for purposes consistent with these Solicitation Procedures and any order of the Court. The Solicitation Agent will transmit the Solicitation Materials to such identified Holders of Convertible Notes Claims as provided herein.

b. Procedures for Notice to Holders of Class 14 Interests. Within three (3) Business Days of the entry of the Disclosure Statement Order, each of the agents under the applicable documents governing the Class 14 Interests shall provide the Solicitation Agent with (a) a copy of the list of the names, addresses and holdings of any directly registered Holders of Class 14 Interests as of the Record Date in an electronic file, (b) the name and address of each Nominee identified as a Holder of record through which one or more beneficial holders (the "Beneficial Interest Holders") hold an Interest in the Parent in "street name" as of the Record Date in an electronic file, and (c) such other information the Solicitation Agent deems reasonable and necessary to perform its duties pursuant to the Disclosure Statement Order. The Solicitation Agent shall use such information only for purposes consistent with these Solicitation Procedures and any order of the Court. The Solicitation Agent will transmit the Non-Voting Class Notice (Interest Holders) to such identified Holders of Class 14 Interests as provided herein.

15. The Debtors and/or the Solicitation Agent, as applicable, are permitted to dispense with the mailing of Solicitation Materials or applicable Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service or courier. The Debtors and/or the Solicitation Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Materials or the Non-Voting Class Notices that are returned as undeliverable. To the extent any Solicitation Materials or Non-Voting Class Notices are returned as undeliverable and are re-sent, the initial mailing date shall be the date of service for the purpose of calculating notice.

16. In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation Materials, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing address of the creditor on the official register of Claims against or Equity Interests in the Debtors.

**Approval of Form of Ballots and Opt Out Election Form**

17. The Ballots, substantially in the form attached hereto as **Exhibits C1 – C7**, as modified consistent with revisions to the Plan, are approved. The Voting Class Notice of Confirmation Hearing and the Ballots provide sufficient notice of, and an opportunity for Holders of Claims in Voting Classes to opt out of granting the Third-Party Release contained in the Plan.

18. The Opt Out Election Form, attached to the Non-Voting Class Notices substantially in the form attached hereto as **Exhibits B1 and B2,** is approved. The Non-Voting Class Notices and the Opt Out Election Form provide sufficient notice of, and an opportunity for Holders of Claims or Interests in the Non-Voting Classes to opt out of granting the Third-Party Release contained in the Plan.

**Deadline for Receipt of Ballots and Opt Out Election Forms**

19. Unless extended by the Debtors or their counsel in writing, on or before **January 18, 2024 at 5:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline") (i) Ballots accepting or rejecting the Plan must be received by the Solicitation Agent at the address below (except for submission of the Class 7 Convertible Notes Claims Ballots (as defined below) which may only be submitted in accordance with the express instructions set forth in the applicable

Beneficial Holder Ballot or Master Ballot, the forms of which are attached hereto as Exhibits D5(a) and D5(b)) and (ii) Opt Out Election Forms must be <u>received by the Solicitation Agent</u> at the address below.

**Amyris Balloting**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

20. Ballots or Opt Out Election Forms received via facsimile, electronic mail or other electronic transmission will not be counted unless approved by the Debtors, *provided, however*, that Ballots may be electronically submitted using the Solicitation Agent's on-line electronic ballot portal at https://cases.stretto.com/Amyris (except for submission of the Class 7 Convertible Notes Claims Ballots (as defined below) <u>which may only be submitted in accordance with the express instructions set forth in the applicable Beneficial Holder Ballot or Master Ballot</u>, the forms of which are attached hereto as Exhibits D5(a) and D5(b)).

**Procedures for Vote Tabulation**

21. Votes may not be changed after the Voting Deadline unless the Court, for cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a).

22. Ballots must be properly executed by the holder of a Claim in a Voting Class and timely received by the Solicitation Agent to be counted. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim in a Voting Class will not be counted.

23. The following tabulation procedures are approved solely for purposes of voting on the Plan (collectively, the "<u>Voting Procedures</u>"):

    a. If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim amount contained on a timely filed Proof of Claim or, if no timely filed Proof of Claim has been filed by the Voting Deadline, the amount of such Claim for voting

4894-7043-7262.16 03703.004
DOCS_NY:48499.8 03703/004

9

purposes shall be the non-contingent, liquidated and undisputed amount of such Claim listed in the Debtors' Schedules of Assets and Liabilities;

b.  If a Claim (i) for which a Proof of Claim has been timely filed as wholly contingent, unliquidated or disputed, undetermined, or unknown in amount, or (ii) is Scheduled as wholly contingent, unliquidated or disputed, undetermined, or unknown in amount and such Claimant has not filed a superseding Proof of Claim, in either case, such Claims shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

c.  If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

d.  If a holder of a Claim in a Voting Class casts a Ballot with respect to a Claim that is the subject of an objection filed no later than thirty (30) days before the Confirmation Hearing, the Debtors request, in accordance with Bankruptcy Rule 3018, that the party's Ballot not be counted, unless the Court temporarily allows such Claim for purposes of voting to accept or reject the Plan, and that such creditor be required to file a motion for such relief (the "<u>Rule 3018 Motion</u>") no later than **January 5, 2024 at 5:00 p.m. (prevailing Eastern Time)**, and that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing. Notwithstanding the foregoing, if the Debtors file an objection to a Claim and request that such Claim be allowed in a specific amount, such creditor's Ballot shall be counted in such specified amount, unless otherwise ordered by the Court;

e.  Holders of Proofs of Claim filed for $0.00 are not entitled to vote notwithstanding that the Holder of such Claim may be in a Voting Class;

f.  Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Voting Class shall be provided with only one Solicitation Materials and one Ballot for voting a single Claim in such Voting Class, regardless of whether the Debtors have objected to such duplicate Claims;

g.  If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed amended Proof of Claim, regardless of whether or not the Debtors have objected to such Claim, and only the amended Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

h.  For purposes of the numerosity requirement of § 1126(c), a Creditor with multiple Claims in a particular Voting Class may vote each of its Claims against the Debtors in such Voting Class, but must vote all of such Claims either to accept the Plan or all of such Claims to reject the Plan, and each such vote to accept or reject the Plan shall be counted separately;

i. If a Claim has been disallowed by agreement of the applicable creditor or order of the Court at any time before the Voting Deadline, or if the Claim is on account of a contract or lease that has been assumed pursuant to section 365 of the Bankruptcy Code, such Claim shall also be disallowed or disregarded for voting purposes; and

j. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

24. The following voting procedures and standard assumptions will be used in tabulating the Ballots (collectively, together with the Voting Procedures, the "<u>Voting and Tabulation Procedures</u>"):

a. Except to the extent the Debtors otherwise agree, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b. Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each Voting Class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c. Any executed Ballot which does not indicate an acceptance or rejection will not be counted;

d. Any executed Ballot which indicates both an acceptance and rejection of the Plan will not be counted;

e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature or, in the case of Ballots which are electronically submitted using the Solicitation Agent's official on-line electronic, an electronic signature, shall not be counted, unless the Court orders otherwise;

f. Parties holding Claims in more than one Voting Class under the Plan may receive more than one Ballot coded for each applicable Voting Class;

g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h. Delivery to and receipt by the Solicitation Agent of the original executed Ballot on or before the Voting Deadline is required in order for a vote to be counted. Delivery of a Ballot by facsimile, email or any other electronic means will not be

accepted unless otherwise ordered by the Court; *provided, however*, that Ballots may be electronically submitted using the Solicitation Agent's official on-line electronic ballot portal at https://cases.stretto.com/Amyris (except for submission of the Class 7 Convertible Notes Claims Ballots (as defined below) <u>which may only be submitted in accordance with the express instructions set forth in the applicable Beneficial Holder Ballot or Master Ballot</u>, the forms of which are attached hereto as Exhibits D5(a) and D5(b));

i. Ballots must be submitted in accordance with the Voting Procedures. No Ballot sent to the Debtors, or to the Debtors' financial or legal advisors, will be accepted or counted in connection with confirmation of the Plan;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding;

n. If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless otherwise ordered by the Court;

o. Any holder of a Claim who has timely delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with delivery of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted in connection with confirmation of the Plan;

q. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r. No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

s. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t. The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of the validity or allowability of a Claim for distribution or any other purposes.

u. Any executed Ballot which does not indicate an opt out of granting the Third-Party Release shall be deemed to be consent to such Third-Party Release, regardless of whether such Ballot is voted to accept or reject the plan, or contains no voting election.

25. <u>Procedures for Voting Tabulation of Class 7 Convertible Notes Claims</u>. In addition to the foregoing generally applicable Voting and Tabulation Procedures, the following procedures shall apply to tabulating the votes of Beneficial Noteholders of Convertible Notes Claims in Class 7 that hold and therefore, will vote, their position through a Nominee:

a. On the Solicitation Mailing Deadline, the Solicitation Agent shall distribute or cause to be distributed (i) the Solicitation Materials, including an applicable Ballot, to all Beneficial Noteholders of Convertible Notes Claims as of the Record Date, and (ii) an appropriate number of Solicitation Materials, including an appropriate number of applicable ballots, and a master ballot (a "<u>Master Ballot</u>") to each Nominee identified to the Solicitation Agent as a Holder of record through which one or more Beneficial Noteholders holds a Convertible Notes Claim in "street name" as of the Record Date;[3]

b. Within three (3) business days of receipt of the Solicitation Materials from the Solicitation Agent, each Nominee must distribute the Solicitation Materials, including the applicable Ballots, to each Beneficial Noteholder for which they hold the applicable Convertible Notes Claim in one of the following two ways (as selected by the Nominee):

    (i) Obtaining the votes of the Beneficial Noteholders by (1) immediately distributing the Solicitation Materials, including

---

[3] Nominees may use their ordinary and standard procedures to disseminate the voting materials (including use of their own voting form) as well as in the collection of votes and elections from their Beneficial Noteholders.

Beneficial Holder Ballots, it receives from the Solicitation Agent to all such Beneficial Noteholders, (2) promptly collecting Beneficial Holder Ballots from such Beneficial Noteholders that cast votes on the Plan, (3) compiling and validating the votes and other relevant information of all such Beneficial Noteholders on the Master Ballot, and (4) transmitting the Master Ballot to the Solicitation Agent by the Voting Deadline; or

(ii) Distributing pre-validated Beneficial Holder Ballots pursuant to the following procedures: (1) the Nominee shall forward to each Beneficial Noteholder as of the Record Date the Solicitation Materials, an individual Beneficial Holder Ballot that has been pre-validated, postage prepaid return envelope as indicated in subparagraph (2); (2) to pre-validate a Beneficial Holder Ballot, the Nominee should complete the first item and execute the Ballot and indicate on the Beneficial Holder Ballot the name of the Nominee and DTC participant number, as applicable, the number and dollar amount of Convertible Notes held by the Nominee for the Beneficial Noteholder, and the account number for the account in which such Convertible Notes are held by the Nominee; and (3) the Beneficial Noteholder shall complete and return the pre-validated Beneficial Holder Ballot to the Solicitation Agent by the Voting Deadline.

c. Any Nominee of a Convertible Notes Claim in its own name may vote on the Plan by completing a Beneficial Holder Ballot or a Master Ballot and returning it directly to the Solicitation Agent on or before the Voting Deadline.

d. The Convertible Notes Trustee will not be entitled to vote on behalf of the Beneficial Holder; rather, each Beneficial Holder must vote his or her own Convertible Notes Claim in the manner set forth herein.

e. Nominees that pre-validate Beneficial Holder Ballots must keep a list of Beneficial Noteholders for whom they pre-validated a Beneficial Holder Ballot along with copies of the pre-validated Beneficial Holder Ballots for a period of one year after the Effective Date of the Plan.

f. The Solicitation Agent will not count votes of Beneficial Noteholders unless and until they are included on a valid and timely Master Ballot or a valid and timely "pre-validated" Beneficial Holder Ballot.

g. If a Beneficial Noteholder holds Convertible Notes Claims through more than one Nominee or through multiple accounts, such Beneficial Noteholder may receive more than one Beneficial Holder Ballot and each such Beneficial Noteholder must vote consistently and execute a separate Beneficial Holder Ballot for each block of Convertible Notes that it holds through any Nominee and must return each

such Beneficial Holder Ballot to the appropriate Nominee or return each such "pre-validated" Beneficial Holder Ballot to the Solicitation Agent.

    h.    Votes cast by Beneficial Noteholders through Nominees will be applied to the applicable positions held by such Nominees in the applicable Voting Class, as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Convertible Notes Claims held by such Nominee as of the Record Date.

26.     If no Holder of a Claim eligible to vote in a particular Voting Class timely votes to accept or reject the Plan, the Debtors may seek to have the Plan deemed accepted by the Holders of such Claims in such Voting Class for purposes of section 1129(b) of the Bankruptcy Code.

27.     As set forth in the Plan, if the Third-Party Releases are not approved by the Bankruptcy Court, each holder of a Direct Claim may voluntarily elect to receive its Pro Rata portion of the Third-Party Release Settlement Amounts to which it is entitled by electing to grant the Third-Party Releases, through the following methods: (x) for (i) holders of Claims who are entitled to submit a ballot to vote on the Plan and vote to accept the Plan, (ii) holders of Claims who are entitled to submit a ballot to vote on the Plan and (a) vote to reject the Plan or (b) abstain from voting on the Plan and, in either case, do not elect to exercise their right to opt out of granting the Third-Party Releases, and (y) for holders of Claims and Interests who are deemed to accept or reject the Plan and are provided with a notice of non-voting status providing them with the right to opt out of granting the Third-Party Releases and do not elect to exercise such right; provided, that, as applicable, the Direct Claims Threshold is satisfied.

28.     The Solicitation Agent shall file the Voting Tabulation Affidavit with the Bankruptcy Court, on or before January 22, 2024 or such other date that is no later than three (3) business days prior to the Confirmation Hearing.

### Deadline and Procedures for Filing Plan Supplement, Objections to Confirmation of the Plan and the Debtors' Confirmation Brief

29. To the extent necessary and appropriate, the Debtors shall file any Plan Supplement on or before January 9, 2024.

30. All objections to confirmation of the Plan, including any supporting memoranda, (each a "Plan Objection") must be (a) in writing; (b) filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801 together with proof of service; (c) (i) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtors' chapter 11 cases, (ii) state with particularity the provision or provisions of the Plan objected to, and, (iii) for any objection asserted, the legal and factual basis for such objection, and (d) be served upon the Notice Parties (as defined below) so as to be received on or before **January 18, 2024** at **5:00 p.m. (Eastern Time)** (the "Plan Objection Deadline").

31. As used herein, the Notice Parties are:

a. Counsel for the Debtors, (i) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (ii) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra I. Grassgreen (dgrassgreen@pszjlaw.com);

b. Office of the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lock Box 35, Wilmington, Delaware, 19801, Attn: John Schanne, Esq. (John.Schanne@usdoj.gov);

c. Counsel to the DIP Lenders, DIP Agent and the Foris Prepetition Secured Lenders, (i) Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein (mgoldstein@goodwinlaw.com), Alexander J. Nicas (anicas@goodwinlaw.com), and Debora A. Hoehne (dhoehne@goodwinlaw.com); and (ii) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier (david.fournier@troutman.com);

d. Counsel to the Committee, (i) White & Case LLP, 111 South Wacker Drive, Suite 5100, Chicago, IL 60606-4302, Attn: Gregory Pesce, (gregory.pesce@whitecase.com) and Andrew O'Neill, (aoneill@whitecase.com); (ii) White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095, Attn.: John Ramirez, (john.ramirez@whitecase.com) and Andrea Kropp, (andrea.kropp@whitecase.com); and (iii) local counsel to the Committee, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801; Attn: Christopher M. Samis, (csamis@potteranderson.com), Katelin A. Morales, (kmorales@potteranderson.com), Sameen Rizvi (srizvi@potteranderson.com); and

e. any party that requests service pursuant to Bankruptcy Rule 2002.

32. Any Plan Objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court. The Debtors may, in their sole discretion, extend the Plan Objection Deadline for any party in interest.

33. On or before January 22, 2024 at 12:00 P.M. (Prevailing Eastern Time) or such other date that is no later than two (2) business days prior to the Confirmation Hearing, the Debtors shall file a brief supporting confirmation of the Plan (including any supporting legal memoranda) and replying to any Plan Objections (the "Confirmation Brief"). The Debtors shall serve the Confirmation Brief on the Notice Parties, as set forth above.

34. Prior to mailing the Disclosure Statement, Solicitation Materials, or the Non-Voting Class Notices, the Debtors may fill in any missing dates and other information, correct any typographical errors, and make such other non-material, non-substantive changes as they deem necessary.

35. In the event of an inconsistency between the Plan, on the one hand, and the Disclosure Statement (or any Solicitation Materials or procedures approved by this Order), on the other hand, the Plan shall control.

36. The Debtors and the Solicitation Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

37. This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.

*Thomas M. Horan*

**Dated: December 13th, 2023**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**