9

# EXHIBIT C4(b)

# FORM OF MASTER BALLOT FOR CLASS 7
# (CONVERTIBLE NOTES CLAIMS)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**MASTER BALLOT TO ACCEPT OR REJECT**
**DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION**

**CLASS 7: CONVERTIBLE NOTES CLAIMS**

**1.50% Convertible Senior Notes due 2026**
CUSIP No: 03236MAJ0
ISIN: US03236MAJ09

**THIS MASTER BALLOT IS TO BE USED BY YOU AS A BROKER, BANK, OR OTHER NOMINEE; OR AS THE AGENT OF A BROKER, BANK, OR OTHER NOMINEE (EACH OF THE FOREGOING, A "NOMINEE"); OR AS THE PROXY HOLDER OF A NOMINEE FOR CERTAIN BENEFICIAL HOLDERS OF CLASS 7 CONVERTIBLE NOTES CLAIMS (THE "BENEFICIAL NOTEHOLDERS") TO TRANSMIT TO STRETTO AS SOLICITATION AGENT THE VOTES OF SUCH BENEFICIAL HOLDERS IN RESPECT OF THEIR CLAIMS TO ACCEPT OR REJECT THE PLAN. THIS BALLOT MAY NOT BE USED FOR ANY PURPOSE OTHER THAN FOR SUBMITTING VOTES WITH RESPECT TO THE PLAN.**

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.**

**PLEASE COMPLETE, SIGN AND DATE THIS MASTER BALLOT AND SUBMIT IT VIA ONE OF THE FOLLOWING METHODS:**

    **Via electronic mail service to (preferred method):**
        **E-MAIL to** AmyrisSecuritiesVote@Stretto.com with a reference to "Amyris Master Ballot" in the subject line.

    **In the envelope provided via first class mail, by overnight courier, or by hand delivery to:**
        **AMYRIS Ballot Processing**
        **c/o Stretto**
        **410 Exchange, Suite 100**
        **Irvine, CA 92602**

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

**IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY 5:00 P.M., PREVAILING EASTERN TIME, ON JANUARY 18, 2024 (THE "VOTING DEADLINE"), UNLESS OTHERWISE EXTENDED AT THE SOLE DISCRETION OF THE DEBTORS, IT WILL NOT BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Docket No. ___] filed by Amyris, Inc. and its affiliated debtors and debtors in possession (the "Debtors") (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").[2] The Plan is described in the related *Disclosure Statement for Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware [Docket No. ___] (the "Disclosure Statement Order"). **The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal or other financial advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.**

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in this Class and who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

**You are receiving this master ballot (the "Master Ballot") because you are the Nominee of a Beneficial Holder[3] of Class 7 Convertible Notes Claims (as set forth above) as of December 1, 2023 (the "Record Date").**

This Master Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you have received a damaged ballot, lose your ballot or believe you have received this Master Ballot in error, or if you believe that you have received the wrong ballot, please contact the Solicitation Agent immediately at: (855) 489-1434 (toll free) or +1 (949) 561-0347 (international) (ask to speak with a member of the solicitation group) or email amyrisinquiries@stretto.com and reference "Amyris" in the subject line.

**YOUR VOTE ON THIS MASTER BALLOT FOR BENEFICIAL HOLDERS OF CLASS 7 CONVERTIBLE NOTES CLAIMS INDICATED IN SCHEDULE A, SHALL BE APPLIED TO EACH DEBTOR AGAINST WHOM SUCH BENEFICIAL HOLDERS HAVE A CLAIM.**

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Noteholders through online voting, by phone, facsimile, or other electronic means.

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

[3] A "Beneficial Noteholder" means a beneficial owner of publicly-traded securities (the Convertible Notes) whose claims have not been satisfied prior to the Record Date (as defined herein) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees holding through DTC.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

**THE VOTING DEADLINE IS ON JANUARY 18, 2024, AT 5:00 P.M., PREVAILING EASTERN TIME.**

**Item 1. Certification of Authority to Vote.**

The undersigned certifies that, as of the Record Date, the undersigned (please check the applicable box):

- ☐ Is a broker, bank, or other nominee for the Beneficial Holders of the aggregate principal amount of the Claims listed in Item 2 below, and is the record Holder of such bonds, or

- ☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered Holder of the aggregate principal amount of the Claims listed in Item 2 below, or

- ☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial owner, that is the registered Holder of the aggregate principal amount of the Claims listed in Item 2 below.

Accordingly, the undersigned has full power and authority to vote to accept or reject the Plan, on behalf of the Beneficial Holders of the Class 7 Convertible Notes Claims.

**Item 2. Vote on Plan**

The undersigned transmits the following votes of Beneficial Noteholders of Class 7 Convertible Notes Claims indicated in Schedule A and certifies that the following Beneficial Noteholders of Class 7 Convertible Notes Claims, as identified by their respective customer account numbers set forth below, are the Beneficial Noteholders of such Convertible Notes Claims as of the Record Date and have delivered to the undersigned, as Nominee, ballots (the "Ballots") casting such votes.

Indicate in the appropriate column below the aggregate principal amount voted for each account or attach such information to this Master Ballot in the form of the following table. Please note that each Beneficial Noteholder must vote all such Beneficial Noteholder's Claims (as indicated in Schedule A) to accept or reject the Plan and may not split such vote. Any Beneficial Holder Ballot executed by the Beneficial Noteholders that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan will not be counted.

| Your Customer Account Number for Each Beneficial Holder of Claims | Principal Amount Held as of Voting Record Date | Item 2<br><br>Indicate the vote cast on the Beneficial Holder Ballot by checking the appropriate box below. | | Item 3<br><br>Check the box below if the Beneficial Holder checked the box in Item 3 of their Ballot Opting Out of Granting the Third-Party Release |
|---|---|---|---|---|
| | | Accept the Plan | Reject the Plan | Release Opt out |
| 1 | $ | ☐ | ☐ | ☐ |
| 2 | $ | ☐ | ☐ | ☐ |
| 3 | $ | ☐ | ☐ | ☐ |
| 4 | $ | ☐ | ☐ | ☐ |
| 5 | $ | ☐ | ☐ | ☐ |
| 6 | $ | ☐ | ☐ | ☐ |
| **TOTALS** | $ | | | |

**Item 3.  Release.**

**THE PLAN CONTAINS A THIRD-PARTY RELEASE THAT RESULTS IN A RELEASE OF ANY AND ALL DIRECT CLAIMS A BENEFICIAL HOLDER MIGHT HAVE AGAINST THE RELEASED PARTIES IN EXCHANGE FOR CERTAIN CONSIDERATION.  A BENEFICIAL HOLDER HAS THE RIGHT TO OPT OUT OF GRANTING SUCH THIRD-PARTY RELEASE BY CHECKING THE BOX IN ITEM 3 OF THE BENEFICIAL NOTEHOLDER BALLOT.**

- **If the Beneficial Holder of a Claim does not opt out of granting the Releases described in Annex A to the Confirmation Hearing Notice and more fully described in the Solicitation Materials, the Beneficial Holder of a Claim will be deemed to have released whatever claims it may have against the Released Parties unless the Nominee; or the proxy Holder of the Nominee returns this ballot with the box included at the end of this Item 3 marked by January 18, 2024, at 5:00 P.M., prevailing Eastern Time**.

- There will be no harm to you under the Plan if a Beneficial Holder of a Claim elects to opt out of granting the Third-Party Release.

- **The election of the Beneficial Holder to opt out of granting the Third-Party Release is indicated in the voting chart set out in Item 2, above.**

**Item 4. Other Ballots Submitted by Beneficial Noteholders in the same Class.**

The undersigned certifies that it has transcribed in the following table the information, if any, provided by the Beneficial Holders in Item 4 of the Beneficial Holder Ballot:

| YOUR customer account number and/or Customer Name for each Beneficial Holder who completed Item 4 of the Beneficial Holder Ballot | Transcribe from Item 4 of the Beneficial Holder Ballot | | | |
|---|---|---|---|---|
| | Account Number | Name of Record Holder or Nominee | Principal Amount of other Claims | CUSIP of other Claims Votes |
| 1. | | | $ | |
| 2. | | | $ | |
| 3. | | | $ | |
| 4. | | | $ | |
| 5. | | | $ | |

**Item 5. Certifications.**

Upon execution of this Master Ballot, the undersigned certifies that:

(a)   it has received a copy of the Disclosure Statement, the Plan, the Master Ballots, the Beneficial Holder Ballots, and the remainder of the Solicitation Materials and has delivered the same to the Beneficial Noteholders of the Claims listed in Item 2 above;

(b)   it has received a completed and signed Beneficial Holder Ballot from each Beneficial Noteholder listed in Item 2 of this Master Ballot and has indicated, where applicable, the intent of the Beneficial Holder to opt out of granting the Third-Party Release contained in the Plan;

(c)   it is the registered Holder of all Claims listed in Item 2 above being voted, or

(d)   it has been authorized by each Beneficial Noteholders of Convertible Notes Claims listed in Item 2 above to vote on the Plan;

(e)   no other Master Ballots with respect to the same Claims identified in Item 2 have been cast or, if any other Master Ballots have been cast with respect to such Claims, then any such earlier Master Ballots are hereby revoked;

(f)   it has properly disclosed: (a) the number of Beneficial Noteholders of Convertible Notes Claims who completed the Beneficial Holder Ballots related to this Master Ballot; (b) the respective amounts of the Convertible Notes Claims owned, as the case may be, by each Beneficial Noteholder who completed a Beneficial Holder Ballot related to this Master Ballot; (c) each such Beneficial Noteholders' respective vote concerning the Plan; (d) each such Beneficial Noteholders' certification as to other Claims voted in the same Class as the votes cast in this Master Ballot; and (e) the customer account or other identification number for each such Beneficial Holder of Claims; and

(g) it will maintain ballots and evidence of separate transactions returned by Beneficial Holder of Claims (whether properly completed or defective) for at least one (1) year after the Effective Date of the Plan and disclose all such information to the Bankruptcy Court or the Debtors, if so ordered.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Participant Number | |
| Name of Proxy Holder or Agent for Nominee (if applicable) | |
| Signature: | |
| Name of Signatory: | |
| | (If other than Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1. Please complete and sign this Master Ballot and submit to the Solicitation Agent by one of the following methods:

    **Via electronic mail service to (preferred method):**
    E-MAIL to AmyrisSecuritiesVote@Stretto.com with a reference to "Amyris Master Ballot" in the subject line.

    **In the envelope provided via first class mail, by overnight courier, or by hand delivery to:**
    AMYRIS Ballot Processing
    c/o Stretto
    410 Exchange, Suite 100
    Irvine, CA 92602

    Ballots must be *received* by the Solicitation Agent by 5:00 p.m., prevailing Eastern Time, January 18, 2024 (the "**Voting Deadline**"). If a Ballot is received after the Voting Deadline, it will not be counted.

2. You should immediately distribute the Beneficial Holder Ballots and the Solicitation Materials to all Beneficial Noteholders of Class 7 Convertible Notes Claims indicated in Schedule A and take any action required to enable each such Beneficial Noteholder to vote timely the Convertible Notes Claims that it holds. You may distribute the Solicitation Materials to Beneficial Noteholders, as appropriate, in accordance with your customary practices. You are authorized to collect votes to accept or to reject the Plan from Beneficial Noteholders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a beneficial ballot, and collecting votes from Beneficial Noteholders through online voting, by phone, facsimile, or other electronic means. Any Beneficial Holder Ballot returned to you by a Beneficial Noteholders of a Claim shall not be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver, to Stretto, a Master Ballot that reflects the vote of such Beneficial Noteholders by January 18, 2024 at 5:00 p.m., prevailing Eastern Time.

3. If you are transmitting the votes of any Beneficial Noteholder of Convertible Notes Claims other than yourself, you may either:

    a. "Pre-validate" the individual Beneficial Holder Ballot contained in the Solicitation Materials and then forward the Solicitation Materials to the Beneficial Noteholder of Convertible Notes Claims for voting within five (5) Business Days after the receipt by such Nominee of the Solicitation Materials, with the Beneficial Noteholder then returning the individual Beneficial Holder Ballot directly to Stretto in the return envelope to be provided in the Solicitation Materials. A Nominee "pre-validates" a Beneficial Holder Ballot by signing the Beneficial Holder Ballot and including their DTC participant number; indicating the account number of the Beneficial Noteholder and the principal amount of Claim indicated in Schedule A held by the Nominee for such Beneficial Noteholder; and then forwarding the Beneficial Holder Ballot together with the Solicitation Materials to the Beneficial Noteholder. The Beneficial Noteholder then completes the information requested on the Beneficial Holder Ballot and returns the Beneficial Holder Ballot directly to Stretto. A list of the Beneficial Noteholders to whom "pre-validated" Beneficial Holder Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Effective Date.

    b. Within five (5) Business Days after receipt by such Nominee of the Solicitation Materials, forward the Solicitation Materials to the Beneficial Noteholder of Convertible Notes Claims for voting along with a return envelope provided by and addressed to the Nominee, with the Beneficial Noteholder then returning the individual Beneficial Holder Ballot to the Nominee. In such case, the Nominee will tabulate the votes of its respective owners on a Master Ballot that will be

    provided to the Nominee separately by Stretto, in accordance with any instructions set forth in the instructions to the Master Ballot, and then return the Master Ballot to Stretto. The Nominee should advise the Beneficial Noteholder to return their individual Beneficial Holder Ballots to the Nominee by a date calculated by the Nominee to allow it to prepare and return the Master Ballot to Stretto so that the Master Ballot is actually received by Stretto on or before the Voting Deadline.

4. With regard to any Beneficial Holder Ballots returned to you by a Beneficial Noteholder, you must: (a) compile and validate the votes and other relevant information of each such Beneficial Noteholder on the Master Ballot using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute the Master Ballot; (c) transmit such Master Ballot to Stretto by the Voting Deadline; and (d) retain such Beneficial Holder Ballots from Beneficial Holders, whether in hard copy or by electronic direction, in your files for a period of one year after the Effective Date of the Plan. You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

   The Master Ballot must be returned to Stretto so as to be actually received by Stretto on or before the Voting Deadline. **The Voting Deadline is January 18, 2024, at 5:00 p.m., prevailing Eastern Time**.

5. The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

    a. Except to the extent the Debtors otherwise agree, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

    b. Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each Voting Class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

    c. Any executed Ballot which does not indicate an acceptance or rejection will not be counted;

    d. Any executed Ballot which indicates both an acceptance and rejection of the Plan will not be counted;

    e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature will not be counted, unless otherwise ordered by the Court;

    f. Parties holding Claims in more than one Voting Class under the Plan may receive more than one Ballot coded for each applicable Voting Class;

    g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

    h. Delivery to and receipt by the Solicitation Agent of the original executed Master Ballot on or before the Voting Deadline is required in order for a vote to be counted. **CLASS 7 MASTER BALLOTS MAY ONLY BE SUBMITTED IN ACCORDANCE WITH THE INSTRUCTIONS SET OUT ON THE FIRST PAGE OF THE BALLOT AND IN PARAGRAPH 1 OF THESE INSTRUCTIONS**;

    i. No Ballot sent to the Debtors, or to the Debtors' financial or legal advisors, will be accepted or counted in connection with confirmation of the Plan;

    j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.     If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l.     The Debtors, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.     Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots shall be determined by the Debtors, which determination shall be final and binding;

n.     If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless otherwise ordered by the Court;

o.     Any holder of a Claim who has timely delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.     Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with delivery of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted in connection with confirmation of the Plan;

q.     Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.     No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

s.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.     The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of the validity or allowability of a Claim or Interest for distribution or any other purposes.

u.     Any executed Ballot which does not indicate an opt out of granting the Third-Party Release shall be deemed to be consent to such Third-Party Release, regardless of whether such Ballot is voted to accept or reject the plan, or contains no voting election.

6.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.     **PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL**.

NO PERSON, INCLUDING THE SOLICITATION AGENT, HAS BEEN AUTHORIZED TO GIVE ANY ADVICE, INCLUDING LEGAL ADVICE, REGARDING THE DEBTORS OR THE PLAN.