IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

## DECLARATION OF KEVIN RAMIREZ IN SUPPORT OF THE OBJECTION OF SALESFORCE, INC. TO THE PROPOSED ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS AND CURE COSTS, IN CONNECTION WITH THE SALE AND RESERVATION OF RIGHTS

I, Kevin Ramirez, declare as follows:

1. I am the AR Analyst-Write-offs for Salesforce, Inc. (f/k/a salesforce.com, inc.) ("**Salesforce**") and I am authorized to execute this Declaration on behalf of Salesforce (as identified hereinafter). If called to testify, I could and would competently testify to the facts set forth herein based on my personal knowledge of those facts, events and transactions.[2]

2. Salesforce is a Delaware corporation and, among other activities, it provides on-demand customer relationship management and software application services (collectively, the "**Salesforce Services**") to Salesforce's business customers (individually, a "**Salesforce Customer**" and, collectively, "**Salesforce Customers**").

3. Salesforce provides the Salesforce Services pursuant to the agreements and orders identified on Exhibit "A" attached hereto (collectively, the "**Salesforce Contract**") and Exhibit "A" is incorporated by referenced into this declaration as if fully set forth.

4. This declaration is filed in support of the *Objection of Salesforce, Inc. to the*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used in this Declaration, but which are not defined herein, shall have the meanings ascribed to them in the Assumption Objection filed by Salesforce concurrently herewith.

1

*Proposed Assumption of Certain Executory Contracts and Cure Costs, in Connection with the Sale and Reservation of Rights* (the "**Assumption Objection**") filed by Salesforce with respect to: (A) the potential assumption and/or assignment of the Salesforce Contract by the Debtor; (B) Salesforce's reservation of rights related to the assumption and/or assignment of the any executory contract (i) to which Salesforce is a counterparty and (ii) is not identified on Exhibit "A" attached to this Declaration) or the *Notice of Assumption and Assignment of Contracts* (the "**Cure Notice**") (collectively, the "**Additional Salesforce Contracts**");[3] and (C) any and all monetary and other defaults that exist with respect to the Salesforce Contract and/or the Additional Salesforce Contracts to the extent that the assumption and/or assignment of the Salesforce Contract and/or an Additional Salesforce Contracts is approved without providing the relief requested by the Assumption Objection.

## MAINTENANCE OF BUSINESS RECORDS

5. In my official capacity, I have personal knowledge of the method by which Salesforce maintain permanent records of their transactions (individually, a "**Transaction**" and, collectively, the "**Transactions**") with their customers and, thereupon, I declare and state that Salesforce maintains permanent records of all Transactions in a computerized accounting system. All amounts due and owing to Salesforce with respect to any Transaction with a Salesforce Customer including, but not limited to, payments related to Salesforce Services, taxes, interest owed with respect to any Salesforce Services or agreement, fees, and other charges (individually, an "**Obligation**" and, collectively, the "**Obligations")**, are entered in this accounting system at, or near, the time such Obligations are incurred. Likewise, all payments made by a Salesforce Customer with respect to any Obligation or Transaction, and all other credits and debits related to any Obligation or Transaction, are entered in this accounting system at, or near, the time such payment is received and/or such credit or debit is made or incurred. Each such entry is made in the regular course of business

---

[3] *See* ¶14 of this Declaration, below.

by employees of Salesforce who process these payments, receipts, credits, and debits. If necessary, Salesforce can print hard copies of all entries.

6. I have personal knowledge of the manner by which Salesforce maintain records of their written contracts, statements of work, schedules and any other documents related to such contracts, and all amendments to any contract, statement of work, schedule, and/or any other document (individually, a "**Salesforce Agreement**" and, collectively, the "**Salesforce Agreements**") with their Customers. As a regular part of its business, Salesforce maintain permanent records of the Salesforce Agreements and these records are compiled at the time, or near the time, that a Salesforce Agreement is received or processed.

## THE SALESFORCE CONTRACT

7. I have personally reviewed Salesforce' records relating to the Debtor, including the Transactions, the Obligations, the Salesforce Agreements, the Salesforce Contract, and I am personally familiar with Salesforce' account(s) with the Debtor.

8. The Debtor entered into those certain Order Forms (which are identified on the Cure Amount Summary attached hereto as Exhibit "A")[4] with Salesforce that are governed by certain *Master Subscription Agreements* (the "**MSAs**" and, together with the Order Forms, collectively referred to as the "**Salesforce Contract**").[5]

9. Pursuant to the Salesforce Contract: (i) the Debtors ordered certain Salesforce Services and became obligated to pay in full the aggregate amounts due pursuant to this contract with respect to such services; (ii) Salesforce became obligated to provide Salesforce Services to the Debtors; (iii) Salesforce have provided such services to the Debtors; and (iv) the Debtors accepted and utilized Salesforce Services provided pursuant to the Salesforce Contract.

---

[4] The Cure Amount Summary is attached hereto as <u>Exhibit A</u> and is incorporated by reference here in as if fully set forth.

[5] Due to the confidentiality provisions of the MSAs, a copy of the Salesforce Contract and related invoices (the "**Invoices**") are not attached to this Declaration. However, subject to appropriate non-disclosure protections, a copy of the Salesforce Contract and the Invoices will be made available to the Debtors and the Official Committee of Unsecured Creditors (the "**Committee**") in connection with this Assumption Objection.

BANKRUPTCY CASE

10. Based upon information and belief, I am informed that, on August 9, 2023 (the "**Petition Date**"): (A) Amyris, Inc. filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**") and, thereby, commenced their individual cases under chapter 11 (collectively, the "**Bankruptcy Cases**").

11. Based on information and belief, I am informed that, on or about October 13, 2023, the Court entered an order (the "**Contract and Lease Procedures Order**")[6] authorizing the Debtors to establish procedures related to the assumption, assumption and assignment, and/or transfer of executory contracts and unexpired leases in connection with a sale of the Debtors' assets (including, but not limited to, a sale governed by the Brand Asset Bid Procedures Order[7] but excluding any sale governed by the Non-Operating Brand Procedures Order[8]) or a plan of reorganization (each, a "**Restructuring Transaction**").

12. Based on information and belief, I am informed that, on or about October 19, 2023, the Debtors filed the *Notice of Potential Assumption, Assumption and Assignment or Transfer of Executory Contracts and Unexpired Leases* [Docket No. 601] (the "Assumption and Assignment Notice"). Attached as Schedule A to the Assumption and Assignment Notice was the *Schedule of Potential Assumed/Assigned Contracts* (the "**Initial Cure Notice**").

13. Based on information and belief, I am informed that, on or about December 1, 2023, the Debtor filed its *First Supplemental Notice of Potential Assumption, Assumption and Assignment or Transfer of Executory Contracts and Unexpired Leases* [ECF 807] (the

---

[6] *See,* Order (A) Approving Procedures Related to The Assumption, Assumption and Assignment, Or Transfer of Executory Contracts and Unexpired Leases; And (B) Granting Related Relief [ECF 526] (the "**Contract and Lease Procedures Orde**r").
[7] *See, Order (A) Approving Bid Procedures for the Sale of the Debtors' Brand Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry into Any Potential Stalking Horse Agreements; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief* [Docket No. 553] (the "**Brand Asset Bid Procedures Order**").
[8] *See, Order (I) Establishing Procedures Governing the Sale or Transfer of Certain De Minimis Assets and Non-Operating Brands, and (II) Granting Related Relief* [Docket No. 205].

"**Supplemental Cure Notice**") that identifies (A) certain Additional Contracts that it has designated for assumption and assignment including the following executory contracts to which Salesforce are counterparties (the "**Supplemental Cure Notice Contracts**"), and (B) the amount of any monetary default (the "**Debtors' Proposed Cure Amount**") that it contends must be cured as a condition of the assumption of these Cure Notice Contracts:

| Number | Contract Counterparty | Contract/Lease Debtor Party | Contract/Lease Title | Date of Contract/Lease | Cure Amount |
|---|---|---|---|---|---|
| 3292 | Salesforce.com, Inc. | Amyris, Inc. | Contract 03166566 - Tableau Cloud | 7/28/22 | $645.75 |

14. The Cure Notice states that counterparties to the Additional Contracts should contact the debtor with an informal objection by December 10, 2023 and if not resolved via informal objection that any formal objection to the proposed assumption of an Additional Contract (including to the proposed Cure Amount) had to be filed with the Court not later than December 14, 2023.

15. Based on information and belief, I am informed that on December 9, 2023, counsel for Salesforce sent an informal objection to the Debtor but the Debtor has not responded.

## **THE CURE AMOUNT**

16. Based upon my review of Salesforce' books and records that are pertinent to the Debtor's account, I declare and state that: (A) the Cure Notice Contracts scheduled as "Additional Contracts" on the Cure Notice do not match the description of the Salesforce Contract as listed on Salesforce' records[9]; (B) the Salesforce Contract is correctly identified on Exhibit "A", the <u>Cure Amount Summary</u>, attached to this Declaration; and (C) as of the date of this declaration, Salesforce' records show that the Debtor has failed to pay all Fees due and owing pursuant to the Salesforce Contract and, accordingly, the Debtor must cure

---

[9] Accordingly, the Salesforce Assumption Objection requests the Debtors provide further information concerning all of the Orders, and any professional service agreement and/or master subscription agreement that they propose may be assumed pursuant to the Sale

the aggregate amount of not less than **US$ 19,695.42** (the "**Salesforce Cure Amount**") with respect to Salesforce Services, and such amount must be paid by the Debtor as a condition of the assumption of the Salesforce Contract.

17. Additionally, with respect to the Salesforce Services to be provided in the future, not less than an aggregate amount of US$ 19,695.42 (*i.e.,* the Future Payments) will become due and owing pursuant to the Salesforce Contract.

18. Further, it is possible that the Salesforce Cure Amount may be increased once executory contracts to be assumed are determined by Salesforce, the Debtor and the Buyer.[10]

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of December 2023 at San Francisco, California

DocuSigned by:

*kevin Ramirez*

C23C74F9942B40F...

**Kevin Ramirez**

---

[10] By the Salesforce Assumption Objection, Salesforce reserves all rights with respect to any and all executory contracts not identified in the Cure Notice that, ultimately, are assumed and assigned to the Buyer pursuant to the Sale.

**EXHIBIT A**

CURE AMOUNT SUMMARY

Petition Date: 8/9/23

| Contract No | MSA/PSA | Order No. | Date | Term | Transaction No. | Date | Due Date | Service Period | Balance Due | Pre-petition | Post-petition accrued | Unbilled contract balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3166566 | MSA | Q-06066401 | 7/27/22 | 7/28/22 to 7/27/25 | 26381397 | 6/28/23 | 7/28/2023 | 7/28/23 to 7/27/24 | $ 19,695.42 | $ 645.75 | $ 19,049.67 | |
| 3166566 | MSA | Q-06066401 | 7/27/22 | 7/28/22 to 7/27/25 | TBD | | | 7/28/24 to 7/27/24 | $ 19,695.42 | | | $ 19,695.42 |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | $ 39,390.84 | $ 645.75 | $ 19,049.67 | $ 19,695.42 |

Current Claim Balance  $ 39,390.84
Curent Cure Amount  $ 19,695.42