**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE HEARING
WITH RESPECT TO THE MOTION FOR (I) AN ORDER (A) APPROVING
BID PROCEDURES FOR THE SALE OF THE DEBTORS' LAB-TO-MARKET™
ASSETS; (B) SETTING MINIMUM RESERVE PRICE; (C) SCHEDULING
THE AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF; AND
(II) AN ORDER OR ORDERS (A) APPROVING THE SALE OF THE DEBTORS'
LAB-TO-MARKET™ ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES;
AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this motion to shorten time (the "Motion to Shorten"), requesting that the Court shorten the notice period and schedule a hearing regarding the *Motion for (I) an Order (A) Approving Bid Procedures for the Sale of the Debtors' Lab-To-Market™ Assets; (B) Setting Minimum Reserve Price; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief; and (II) an Order or Orders (A) Approving the Sale of the Debtors' Lab-To-Market™ Assets Free and Clear of All Encumbrances; and (B) Approving the Assumption and Assignment*

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*of Executory Contracts and Unexpired Leases* (the "Motion"),[2] filed concurrently herewith. In support of the Motion to Shorten, the Debtors respectfully represent as follows:

## Relief Requested

1.  By this Motion to Shorten, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors respectfully request entry of an order (the "Proposed Order"): (a) shortening notice on the Motion; (b) setting a hearing to consider the Motion before the United States Bankruptcy Court for the District of Delaware (the "Court") on December 20, 2023 at 3:00 p.m. (prevailing Eastern Time) (the "Hearing"); and (c) granting such other and further relief as the Court deems just and proper.

## Jurisdiction and Venue

2.  The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

## Background

5.     On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

6.     On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") including the following: U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

7.     The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.     A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 18], incorporated herein by reference.[3]

---

[3]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Basis for Relief**

9. Local Rule 9006-1 provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). "Sale Procedure Motions filed pursuant to Local Rule 6004-1(c) . . . must be filed at least twenty-one (21) days prior to the hearing date." *Id.* Local Rule 9006-1 further provides, in pertinent part, that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1 requires that "the deadline for objection(s) shall be seven (7) days before the hearing date." Del. Bankr. L.R. 9006-1(c)(ii).

10. Bankruptcy Rule 9006 authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an *ex parte* basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *see also In re Chateaugay Corp.*, 111 B.R. 399, 407–08 (S.D.N.Y. 1990) (affirming the bankruptcy court's decision to shorten a notice period where there was no prejudice to the non-moving party and where cause was shown).

11. The exigencies justify shortening notice of the Motion, which is subject to the 21-day notice period in Local Rule 9006-1. Under the terms of the *Amended & Restated Plan Support Agreement*, dated December 12, 2023, among the Debtors, Foris Prepetition Secured Lenders, DIP Lenders, the Official Committee of Unsecured Creditors (the "Creditors' Committee"), Consenting Noteholders and other parties (the "Plan Support Agreement"), the

Debtors are required to initiate a sale process for the Lab-to-Market™ Assets (the "Sale Process") immediately.  Pursuant to the terms of the Plan Support Agreement and the DIP Facility, the Debtors are required to (i) obtain entry of the Bid Procedures Order by no later than **December 20, 2023**, and (ii) obtain entry of an order approving the Sale(s), no later than **January 25, 2024**. In addition, the terms of the DIP Facility requires that the Closing occur no later than **February 9, 2024**.

12.     Without shortened notice, the Debtors will be in breach of the terms of the Plan Support Agreement, the Sale Process would be disrupted and the delay would interfere with the Debtors' efforts to pursue the sale or sales described in the Motion, to the detriment of the Debtors' estates, creditors, and stakeholders.  Moreover,  there will be no prejudice to other parties in granting the relief requested in this Motion to Shorten.

13.     For these reasons, the Debtors respectfully request that the Court shorten notice of the Motion to have it heard on December 20, 2023 at 3:00 p.m. (prevailing Eastern Time).

14.     Parties in interest will receive a copy of the Motion via email or overnight mail as of the filing date.  A copy of the Motion is also available on the Debtors' case website at https://cases.stretto.com/amyris/.  Accordingly, shortening notice for the Motion will not unduly prejudice any parties in interest.

**Compliance with Local Rule 9006-1(e)**

15.     Before filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee,  counsel for the Committee, counsel for the Ad Hoc Noteholder Group, counsel for Lavvan and counsel for the Ad Hoc Cross-Holder Group of their intention to seek shortened notice with respect to the Motion.  The U.S. Trustee does not object to shortened notice.  The Committee,

Lavvan and the Ad Hoc Noteholder Group do not object to shortened notice. The Debtors have not heard back from the Ad Hoc Cross-Holder Group.

## Notice

16. Notice of this Motion to Shorten will be provided by electronic mail or overnight delivery to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; and (d) any party that requests service pursuant to Bankruptcy Rule 2002. The Motion is also available on the Debtors' case website at https://cases.stretto.com/amyris/, and the Motion will also be served on the above parties by electronic mail or overnight delivery. The Debtors submit that no other or further notice need be provided.

## No Prior Request

17. No prior request for the relief sought in this Motion to Shorten has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated:  December 14, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com
         joneill@pszjlaw.com
         jrosell@pszjlaw.com
         sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

**Exhibit A**

**Proposed Order**

DE:4859-4108-2519.1 03703.004

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) <br> **Ref. Docket No.** ____ |

**ORDER SHORTENING NOTICE PERIOD AND SCHEDULING HEARING
WITH RESPECT TO THE MOTION FOR (I) AN ORDER (A) APPROVING
BID PROCEDURES FOR THE SALE OF THE DEBTORS' LAB-TO-MARKET™
ASSETS; (B) SETTING MINIMUM RESERVE PRICE; (C) SCHEDULING
THE AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND
MANNER OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF; AND
(II) AN ORDER OR ORDERS (A) APPROVING THE SALE OF THE DEBTORS'
LAB-TO-MARKET™ ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES;
AND (B) APPROVING THE ASSUMPTION AND ASSIGNMENT
<u>OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

Upon consideration of the motion (the "<u>Motion to Shorten</u>")[2] of the above-captioned

debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") for the entry of an order (this

"<u>Order</u>"): (a) shortening notice with respect to the *Motion for (I) an Order (A) Approving Bid*

*Procedures for the Sale of the Debtors' Lab-To-Market™ Assets; (B) Setting Minimum Reserve*

*Price; (C) Scheduling the Auction and Sale Hearing; (D) Approving the Form and Manner of*

*Notice Thereof; and (E) Granting Related Relief; and (II) an Order or Orders (A) Approving the*

*Sale of the Debtors' Lab-To-Market™ Assets Free and Clear of All Encumbrances; and*

*(B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* (the

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Shorten.

"Motion"); (b) setting a hearing on the Motion before this Court on December 20, 2023 at 3:00 p.m. (prevailing Eastern Time) (the "Hearing"); and (c) granting related relief, all as more fully set forth in the Motion to Shorten; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion to Shorten in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion to Shorten having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided; and the Court having found cause for the relief requested in the Motion to Shorten pursuant to Local Rule 9006-1(e); and the Court having found and determined that the relief sought in the Motion to Shorten is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion to Shorten is GRANTED as set forth herein.

2.      The Motion will be considered by the Court on **December 20, 2023 at 3:00 p.m. (prevailing Eastern Time)** (the "Hearing").

3.      Any response or objection to the Motion must be filed in advance of the Hearing no later than December 19, 2023, at 5:00 p.m.

4.      This Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.