IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |
| | Ref. Docket Nos. 924, 553 |

## LIMITED OBJECTION TO THE ROSE INC. SALE, DEMAND FOR ADEQUATE ASSURANCE AND RESERVATION OF RIGHTS OF QUIET LOGISTICS, INC.

Quiet Logistics, Inc. ("Quiet"), secured creditor of Amyris Clean Beauty, Inc. ("Clean Beauty") and Clean Beauty Collaborative, Inc. ("CBC"), two of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (collectively, the "Cases"), by and through its undersigned counsel, files the following limited objection and reservation of rights (the "Objection") to the sale of the Rose Inc. consumer brand, inventory or other assets as proposed in the *Notice Of Filing Of Successful Bidder And Auction Results For Sale Of Rose Brand Assets* (the "Rose Notice")[Docket No. 924].[2] In support hereof, Quiet respectfully represents:

1.   Quiet and Clean Beauty are parties to that certain Fulfillment Services Agreement, dated May 9, 2022 (as amended or supplemented from time to time, the "FSA"). CBC is a third-party beneficiary of the FSA with respect to the Rose consumer brand, Clean Beauty is the only signatory to the FSA.[3]

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.
[2] All terms not otherwise defined herein shall be given the meanings ascribed to them in the Notices.
[3] The terms of the FSA are confidential but may be provided upon request and consent of the Debtors.

2. Pursuant to the FSA, Quiet provides warehousing and shipping service for the Debtors for Rose Inc. branded products (the "Warehouse Inventory").[4] Quiet has continued to perform under the FSA during the pendency of these Cases.

3. As of August 9, 2023 (the "Petition Date"), Quiet was fully secured with a possessory general warehouse lien under New York Consolidated Laws, Uniform Commercial Code - UCC § 7-209 (or Section 7-209 of the Uniform Commercial Code (the "UCC"), as applicable) (the "Warehouse Lien").[5]

4. As of the Petition Date, Quiet holds security deposits of no less $735,129.65 to secure the obligations under the FSA.

5. Further, Quiet performs transportation services for Debtors under the FSA and had transportation liens under NY UCC § 7-307 (2022) (or Section 7-307 of the UCC, as applicable) (the "Transportation Liens" and together with the Warehouse Lien, the "Quiet Liens").

6. Quiet continues to be secured with the Warehouse Inventory in its warehouses on a post-petition basis under Section 7-209 of the Uniform Commercial Code.

7. On October 16, 2023, the Bankruptcy Court entered the Bid Procedures Order [Docket No. 553], approving the Bid Procedures.

8. On December 13, 2023, the Debtors held an Auction to sell the Rose Inc. consumer brand and assets.

9. On December 15, the Rose Notice was filed designating AA Investments (HK) Limited (the "Rose Successful Bidder") as the Successful Bidder for the Purchased Assets with the highest or otherwise best Bid for the purchase price of $2,500,000 (the "Rose Sale"). Also, in

---

[4] Quiet also provides services under the FSA with respect to the Rose Inc. brand inventory and will object to the sale of the Rose Inc. brand and assets separately.
[5] See Quiet's Proof of Claim No. 516 filed against Clean Beauty Collaborative, Inc. with respect to the Rose Products and Proof of Claim No. 518 filed against Clean Beauty with respect to the JVN Products.

the Rose Notice is the statement that the Rose Successful Bidder does not presently intend to designate any executory contracts or unexpired leases as Transferred Contracts.

10. According to Section 2.1(a) of the Rose Purchase Agreement, the purchase price of a cash payment of $2,500,000 (the "Rose Cash Purchase Price") and other assumed liabilities purchases certain assets, including all finished goods, such as the Warehouse Inventory, free and clear of liens.

11. As set forth on the *First Supplemental Notice of Potential Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases*, [Docket No. 807] Quiet's cure amount for the assumption of its contract is $3,311,338.83 (the "Quiet Cure").

12. Should either the Rose Successful Bidder (or any JVN successful bidder) later designate the FSA as a Transferred Contract, Quiet does not object to the assumption and assignment of the FSA and the release of the Quiet Liens with respect to the Debtors provided, (i) the Quiet Cure is paid, (ii) all unpaid post-petition arrearage outstanding is paid at the closing of the sale (as discussed in detail below), and (iii) any successful bidder provides Quiet adequate assurance of future performance as required under Section 365 of the of the title 11 of the United States Code (the "Bankruptcy Code").

13. On December 15, 2023, Quiet filed that certain *Limited Objection to the JVN Consumer Brand Sale, Demand for Adequate Assurance and Reservation of Rights of Quiet Logistics, Inc.* [Docket No. 921](the "JVN Objection"). In the JVN Objection, Quiet stated its objection to the sale of the JVN brand and assets to preserve the Warehouse Liens under the FSA. Both the JVN brand inventory as well as the Warehouse Inventory are maintained at Quiet's warehouses pursuant to the same FSA.

14. Quiet incorporates into this Objection all the objections, demands for adequate assurance and reservation of rights that are stated in the JVN Objection.

15. In the event the FSA is not assumed and assigned, then the current Rose Cash Purchase Price does not pay in full the Quiet Liens. Section 363(f) Bankruptcy Code provides that a Debtor may sell assets free and clear of liens or interests of any person if the purchase price is greater than the value of the liens or the lienholder consents. See *Criimi Mae Servs. Ltd. P'ship v. WDH Howell, LLC (In re WDH Howell, LLC)*, 298 B.R. 527 (D.N.J. 2003); *In re Ferris Props*., No. 14-10491 Jointly Administered, 2015 Bankr. LEXIS 2554 (Bankr. D. Del. July 30, 2015). Quiet does not consent to the sale free and clear of the Quiet Liens.

16. Quiet files this limited objection to the sale of the Warehouse Inventory in its warehouses free and clear of the Quiet Liens (with no assumption of the FSA) unless it receives payment in full satisfaction of its Quiet Liens or Quiet consents to other treatment. To the extent that any order approving the Rose Sale provides that the Warehouse Inventory is excluded from the sale, Quiet will withdraw its objection to the Rose Sale.

17. Wherefore, Quiet respectfully requests that the proposed order be amended to specifically exclude the Warehouse Inventory from the Purchased Assets in the Rose Sale.

| | |
|---|---|
| Dated: December 18, 2023<br>Wilmington, Delaware | **BIELLI & KLAUDER, LLC**<br><br>*/s/ David M. Klauder*<br>David M. Klauder, Esquire (No. 5769)<br>1204 N. King Street<br>Wilmington, DE 19801<br>Phone: (302) 803-4600<br>Email: dklauder@bk-legal.com<br><br> and<br><br>**MOORE & VAN ALLEN PLLC**<br><br>Hillary B. Crabtree, Esquire (*pro hac vice*)<br>321 North Clark Street, Suite 3000<br>100 North Tryon Street, Suite 4700<br>Charlotte, NC 28202-4003<br>Phone: (704) 331-1000<br>Email: hillarycrabtree@mvalaw.com<br><br>*Counsel for Quiet Logistics, Inc.* |