## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**Hearing Date:  January 9, 2024 at 11:00 a.m. (ET)**
**Objection Deadline:  January 2, 2024 at 4:00 p.m. (ET)**

**FIFTH OMNIBUS MOTION FOR THE ENTRY OF AN ORDER (A) AUTHORIZING REJECTION OF EXECUTORY CONTRACTS EFFECTIVE AS OF THE APPLICABLE REJECTION DATE; AND (B) GRANTING RELATED RELIEF**

> **IF YOU HAVE RECEIVED THIS MOTION**
> **AND ARE A COUNTERPARTY TO AN AGREEMENT WITH**
> **THE ABOVE-CAPTIONED DEBTORS, PLEASE REVIEW THIS MOTION**
> **IN ITS ENTIRETY, INCLUDING EXHIBIT A ATTACHED HERETO, TO DETERMINE**
> **IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion (this "Motion") for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**:  (a) authorizing the Debtors to reject certain executory contracts identified on **Schedule 1** to **Exhibit A** (collectively, the "Contracts");[2] and (b) granting related relief.  The Debtors seek the rejection of the Contracts effective as of the date listed next to each Contract on Schedule 1 to Exhibit A (the "Rejection Effective Date").  In support of this Motion, the Debtors rely upon and refer this Court to the *Declaration of Han Kieftenbeld in Support of the*

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]  For the avoidance of doubt, by this Motion, the Debtors seek to reject the Contracts, including any amendments, restatements, supplements, and associated statements of work associated with the Contracts, whether or not such amendments, restatements, supplements, and associated statements of work are listed in the schedule.

*Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[3]   In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1.

---

[3]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

DE:4864-0416-2706.4 03703.004

## BACKGROUND

**A.      The Chapter 11 Cases**

4.      On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.  On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), including the following members: U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

5.      Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment.  Through Amyris's cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease.  Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology.  Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

6.      In addition, Amyris operates a family of consumer brands that use the company's ingredients to meet the growing demand for sustainable, effective, and accessible products, including Biossance® (clean beauty skincare), JVN™ (haircare), Rose Inc.™ (clean color cosmetics), Pipette® (clean baby skincare), OLIKA™ (clean wellness), MenoLabs™ (healthy

3

living and menopause wellness), Stripes™ (menopausal wellness), and 4U by Tia™ (a new clean haircare line).

7.    A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

**B.    The Contracts to Be Rejected**

8.    The Contracts consist of various agreements, such as service agreements, license agreements, and supply agreements, which the Debtors do not require for their go-forward operations and that are otherwise burdensome to the Debtors' estates.  The Debtors, in the exercise of their reasonable business judgment, seek to reject these Contracts.

## RELIEF REQUESTED

9.    By this Motion, the Debtors seek the entry of an order, substantially in the form attached hereto as **Exhibit A**:  (a) authorizing the Debtors to reject the Contracts effective as of the applicable Rejection Effective Date; and (b) granting related relief.

## BASIS FOR RELIEF

**A.    Rejection of the Contracts is Appropriate**

10.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor.  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) (citation omitted) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995).  Application of the business judgment standard

4

requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985). Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

11.     Rejection of executory contracts and unexpired leases is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nan Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a debtor has exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a). *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed*, 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtors' decision to assume or reject an executory contract "should be granted as a matter of course").

12.     The Contracts are not sources of potential value for the Debtors' estates or stakeholders. The Debtors' payment obligations under the Contracts eliminate any potential value of the Contracts to the Debtors' estates. Accordingly, the Debtors have determined that the Contracts constitute an unnecessary drain on the Debtors' resources, and rejection of the Contracts reflects the Debtors' exercise of sound business judgment.

## B.     Retroactive Rejection as of the Rejection Effective Date is Appropriate

13.     Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995)

DE:4864-0416-2706.4 03703.004

(stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection"); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 "does not prohibit the bankruptcy court from allowing the rejection . . . to apply retroactively"). Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028–29 (1st. Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating that "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *CCI Wireless*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *BP Energy Co. v. Bethlehem Steel Corp.*, No. 02 Civ. 6419 (NRB), 2002 U.S. Dist. LEXIS 22052, at *10 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease").

14.     Here, the balance of equities favors rejection of the Contracts effective as of the Rejection Effective Date. Without such relief, the Debtors will potentially incur unnecessary administrative expenses related to agreements that provide no benefit to the Debtors' estates.

15.     Courts in this jurisdiction have approved relief similar to that requested herein. *See, e.g., In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023)

6

(authorizing the rejection of unexpired leases *nunc pro tunc* to the petition date); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) (same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. Sept. 19, 2019) (authorizing the rejection of unexpired leases and executory contracts *nunc pro tunc* to specified dates); *In re Charming Charlie Holdings, Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (authorizing the rejection of unexpired leases *nunc pro tunc* to a specified date); *In re Samson Resources Corp.*, No. 15-11934 (CSS) (Bankr. D. Del. Sept. 2, 2016) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (authorizing the rejection of unexpired leases and executory contracts *nunc pro tunc* to the petition date).

16.     Accordingly, the Debtors respectfully submit that the Court should deem the Contracts rejected, effective as of the applicable Rejection Effective Date.

## WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)

17.     The Debtors request that the Court provide in the Order that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

18.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; (d) the United States Attorney's Office for the District of Delaware; (e) the state attorneys general for all states in which the Debtors conduct business; (f) Counterparties to the Contracts; and (g) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors respectfully submit that no further notice is required.

## NO PRIOR REQUEST

19.     The Debtors have not made any prior request for the relief sought herein to this Court or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court may deem just and proper.

Dated:  December 18, 2023             **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
          dgrassgreen@pszjlaw.com
          joneill@pszjlaw.com
          jrosell@pszjlaw.com
          sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

DE:4864-0416-2706.4 03703.004