**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**Objections Due: January 2, 2024 at 4:00 P.M. (ET)
Hearing Date: January 9, 2024 at 11:00 A.M. (ET)**

**MOTION FOR AN ORDER
AUTHORIZING DEBTORS TO FILE UNDER SEAL
CERTAIN INFORMATION RELATED TO DEBTORS' MOTION
TO APPROVE MODIFIED KEY EMPLOYEE INCENTIVE PLAN**

The above-captioned debtors and debtors-in-possession (the "Debtors" or "Amyris") file this motion (the "Motion to Seal") for the entry of an order substantially in the form of **Exhibit A** hereto, pursuant to sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Debtors to file under seal certain confidential information related to the proposed modified key employee incentive program (as modified, the "KEIP") for which the Debtors are seeking to implement pursuant to the *Motion for an Order Approving Modified Key Employee Incentive Plan for Senior Leadership Employees* (the "Modified KEIP Motion"), filed contemporaneously herewith. In support of this Motion to Seal, the Debtors rely upon and refer this Court to the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*Relief* (the "First Day Declaration") and the declaration of Steven J. Fleming (the "Fleming Declaration") in support of the Modified KEIP Motion, incorporated herein by reference.[2] In support of the Motion to Seal, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Debtors confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Chapter 11 Cases.

---

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the First Day Declaration.

5.     A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the First Day Declaration.

## RELIEF REQUESTED

6.     By this Motion to Seal, the Debtors seek entry of an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1: (i) authorizing the Debtors to file under seal the information contained in <u>Exhibit 1</u> to the proposed order attached as <u>Exhibit A</u> to the Modified KEIP Motion (the "<u>Modified KEIP Plan</u>"); and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

## BASIS FOR RELIEF REQUESTED

7.     The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall … (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information ….

11 U.S.C. § 107(b)(1). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8.     Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ….

Fed. R. Bankr. P. 9018.

9. Further, Local Rule 9018-1(d) provides, in relevant part, that "any entity seeking to file a document … under seal must file a motion requesting such relief." Del. Bankr. L.R. 9018-1(d)(i).

10. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See*, *e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, *i.e.*, "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

11. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006). However, commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d

at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

12. The Modified KEIP Plan includes the names, positions, and proposed payment amounts (which, in certain instances, relate to salaries) for the Eligible KEIP Employees, which information is not in the public realm, is personal and private, and needs to be protected from the public. If such information were to be made public via PACER and on the claims agent's website, confidential information will be disclosed to the detriment of the Debtors, their estates, their creditors, and, most importantly, many of the Debtors' employees. In particular, the Debtors submit that the disclosure of such confidential information would make it much easier for competing employers to lure away the very eligible employees whose services are critical to preserve value for the benefit of the Debtors' estates. Accordingly, the Debtors believe that the information contained in the Modified KEIP Plan constitutes "commercial information" and should be subject to the protections of section 107(b) of the Bankruptcy Code.

13. The Debtors have, or will, share unredacted versions of the Modified KEIP Motion with the Court, the U.S. Trustee, the Creditors' Committee, the DIP Lender, and the Prepetition Lenders.

14. Bankruptcy courts in this District have routinely authorized debtors in other chapter 11 cases to file under seal sensitive information with respect to employee retention and incentive plans. *See, e.g.*, *In re First Guar. Mortg. Corp.*, Case No. 22-10584 (CTG) (Bankr. D. Del. Aug. 2, 2022) (Docket No. 278) (authorizing the debtors to file under seal and redact certain information related to the debtors' key employee retention plan and key employee incentive plan); *In re Stimwave Techs. Inc.*, Case No. 22-10541 (KBO) (Bankr. D. Del. July 14, 2022)

(Docket No. 147) (same, for the debtors' key employee retention plan); *In re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. Apr. 5, 2021) (Docket No. 179) (same, for the debtors' key employee incentive plan); *In re Arandell Holdings, Inc.*, Case No. 20-11941 (JTD) (Bankr. D. Del. Nov. 4, 2020) (Docket No. 298) (same, for the debtors' key employee retention plan); *In re iPic-Gold Class Entm't, LLC*, Case No. 19-11739 (LSS) (Bankr. D. Del. Sept. 11, 2019) (Docket No. 200) (same, for the debtors' key employee incentive and retention plans); *In re Am. Apparel, LLC*, Case No. 16-12551 (BLS) (Bankr. D. Del. Jan. 4, 2017) (Docket No. 423) (authorizing the debtors to file under seal and redact the names, positions, and salary information related to the debtors' key employee incentive and retention plans); *In re RadioShack Corp.*, Case No. 15-10197 (BLS) (Bankr. D. Del. Feb. 27, 2015) (Docket No. 662) (authorizing the debtors to file under seal information related to the debtors' key employee retention plan and key employee incentive plan); *In re Dig. Domain Media Grp., Inc.*, Case No. 12-12568 (BLS) (Bankr. D. Del. Oct. 22, 2012) (Docket No. 318) (same).

## **COMPLIANCE WITH LOCAL RULE 9018-1(d)**

15.     The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(iv)(d), that it would be futile for the Debtors to confer with the Eligible KEIP Employees regarding the redaction of their personal identification and salary information because such information is so inherently sensitive, and the proposed redactions sufficiently narrow, as to obviate the need to confer with the Eligible KEIP Employees about the scope and need for redaction.

## **NO PRIOR REQUEST**

16.     No prior request for the relief sought in the Motion to Seal has been made to this or any other Court.

**NOTICE**

17. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Creditors' Committee; (c) counsel to the DIP Lenders, DIP Agent and the Foris Prepetition Secured Lenders, Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), and Alexander J. Nicas, Esq. (anicas@goodwinlaw.com); (d) co-counsel to the DIP Lenders, the DIP Agent and the Foris Prepetition Secured Lenders, Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com); (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; and (g) any party that requests service pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, within two business days of the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the proposed order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: December 19, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ James E. O'Neill* |
| | Richard M. Pachulski (admitted *pro hac vice*) |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Jason H. Rosell (admitted *pro hac vice*) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:  rpachulski@pszjlaw.com |
| |            dgrassgreen@pszjlaw.com |
| |            joneill@pszjlaw.com |
| |            jrosell@pszjlaw.com |
| |            sgolden@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |