# **EXHIBIT B**

**Redline of Revised Rose, Inc. Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al*., | Case No. 23-11131 (TMH) |
| Debtors. [1] | (Jointly Administered) |

**ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS'
ASSETS RELATING TO ROSE, INC. FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND OTHER INTERESTS; (B) APPROVING ASSUMPTION AND
ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND
EXECUTORY CONTRACTS; AND (C) GRANTING RELATED RELIEF**

Upon the motion [Docket No. 316] (the "Motion") of the above-captioned debtors and

debtors in possession (the "Debtors") pursuant to sections 105(a), 363, 365, 503, 507, 1107, and

1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for the District of Delaware (the "Local Rules") for (a) approval of a sale of substantially all of

the assets of the Debtors relating to the Rose, Inc. Operating Consumer Brand free and clear of

all liens, claims, encumbrances, and other interests; (b) approval of assumption and assignment

of certain unexpired leases and executory contracts; and (c) approval of related relief, all as

contemplated in the *Order (A) Approving Bid Procedures for the Sale of the Debtors' Brand*

*Assets; (B) Approving Certain Bid Protections in Connection with the Debtors' Entry Into Any*

*Potential Stalking Horse Agreements; (C) Scheduling the Auction and Sale Hearing; (D)*

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the
Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor
Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is
5885 Hollis Street, Suite 100, Emeryville, CA 94608.

*Approving the Form and Manner of Notice Thereof; and (E) Granting Related Relief; and (II) An Order or Orders (A) Approving the Sale of the Debtors' Brand Assets Free and Clear of All Encumbrances; and (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases* [Docket No. 553] (as may be amended, supplemented or modified) (the "Bid Procedures Order"), entered by this Court on October 16, 2023, and the *Order (A) Approving Procedures Related to the Assumption, Assumption and Assignment, or Transfer of Executory Contracts and Unexpired Leases; and (B) Granting Related Relief* [Docket No. 526] (as may be amended, supplemented or modified) (the "Contract and Lease Procedures Order")[2] entered by this Court on October 13, 2023; and the Auction having taken place on December 13, 2023, in accordance with the Bid Procedures Order; and AA Investments (HK) Limited having been chosen as the Successful Bidder (the "Successful Bidder" or the "Buyer") for the Purchased Assets;[3] and the Debtors party to the APA (as defined below) (the "Sellers") having agreed to enter into and consummate the Asset Purchase Agreement attached hereto as Exhibit A with the Buyer (the "APA"); and the hearing to approve the sale (the "Sale" or "Sale Transaction") of the Purchased Assets and the APA (the "Sale Approval Hearing") having been held on December 20, 2023 in accordance with the Bid Procedures Order; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bid Procedures Order, the Contract and Lease Procedures Order, the Bankruptcy Rules, and the Local Rules, and that, except as otherwise ordered herein, no other further notice is necessary; and upon the record at the Sale Approval Hearing and all of the

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Bid Procedures Order or Contract and Lease Procedures Order and, as applicable, the Bid Procedures (as defined in and attached to the Bid Procedures Order) and Contract and Lease Procedures (as defined in and attached to the Contract and Lease Procedures Order).

[3]    As used herein, Purchased Assets shall have the meaning ascribed to it in the APA.

proceedings before this Court; and this Court having reviewed any objections asserted at the Sale Approval Hearing and having found and determined that the relief sought at the Sale Approval Hearing, and entry of this Order, is in the best interests of the Sellers, the Sellers' estates, their creditors, and all other parties in interest; therefore, after due deliberation thereon and sufficient cause appearing that entry of this Order is necessary and appropriate, and notice having been given as necessary, this Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.    **Findings and Conclusions:** The findings and conclusions set forth herein and in the record of the Sale Approval Hearing are based upon the evidentiary record before the Court and constitute this Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following conclusions of law constitute findings of fact, or *vice versa*, they are adopted as such.

B.    **Jurisdiction, Venue and Core Proceeding:** This Court has jurisdiction over these  chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  The matters covered by this Order are core proceedings under 28 U.S.C. § 157(b)(2).  Venue is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Venue in this district and before this Court was proper as of the Petition Date and continues to be proper.  This Court may enter a final order with respect to the Motion, the Sale, the Sale Transaction, and all related relief, in each case, consistent with Article III of the United States Constitution.

C.    **Statutory Predicates.**  The statutory predicates for the relief sought in the Motion are sections 105(a), 363, 365, 503, 507, 1107 and 1108 of the Bankruptcy Code, Rules 2002, 6004, 6006, 9008, and 9014 of the Bankruptcy Rules and Rules 2002-1 and 6004-1 of the Local Rules.  The consummation of the Sale Transaction contemplated by the Motion, the APA, and this Order, and the assumption and assignment or transfer, as applicable, of the Assigned Contracts (such term is used herein throughout as defined in the APA) are legal, valid, and properly authorized under the cited provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and all of the applicable requirements of such sections and rules have been complied with in respect of such transactions.

D.    **Sufficiency of Notice.**  As evidenced by the affidavits of service filed with this Court, proper, timely, adequate, and sufficient notice of the Motion, the Bid Procedures Hearing, the Bid Procedures, the Assumption and Assignment Procedures, the proposed assumption and assignment of the Assigned Contracts, the Auction, the Sale Approval Hearing, the Sale, the Sale Transaction, and all transactions contemplated therein or in connection therewith, and all deadlines related thereto, was given under the particular circumstances and no further notice need be provided.

E.    **Actual Notice.**  Actual written notice of the Motion, the Bid Procedures Hearing, the Bid Procedures, the Assumption and Assignment Procedures, the proposed assumption and assignment of Assigned Contracts, the Auction, the Sale Approval Hearing, the Sale, the Sale Transaction and all transactions contemplated therein or in connection therewith, and all deadlines related thereto has been given to all interested persons and entities, including, without limitation: (i)(i) the DIP Agent, DIP Secured Parties, and Foris Prepetition Secured Lenders (collectively, the "Secured Parties"), and each of their counsel; (ii) counsel to the Official

Committee of Unsecured Creditors (the "Committee"); (iii) counsel to the Ad Hoc Noteholder Group; (iv) the Office of The United States Trustee; (v) the counterparty to each unexpired lease and executory contract to be assumed and assigned or transferred, as applicable, pursuant to this Order, and each of their counsel (if known); (vi) all persons known or reasonably believed to have asserted an interest in the Purchased Assets; (vii) the Attorneys General in the States where the Purchased Assets are located; (viii) all federal, state, and local taxing authorities in the States where the Purchased Assets are located; (ix) all parties who have asserted liens against the Purchased Assets; (x) all parties included on the Debtors' consolidated creditor matrix; and (xi) any other party that has filed a request for notices with this Court (collectively, the "Notice Parties").

F.      **Extensive Efforts by Debtors.**  The Sellers have worked with their counsel, their investment banker Intrepid Investment Bankers, LLC ("Intrepid"), and other advisors, as well as, as applicable, the Consultation Parties, to implement a viable Sale Transaction that would allow them to maximize the value of the Purchased Assets.  The Sale Transaction for the Purchased Assets that is the subject of this Order is the result of the Sellers' extensive efforts in seeking to maximize recoveries to the Debtors' estates, for the benefit of all of the Debtors' creditors.

G.      **Business Justification.**  The Sellers have demonstrated good, sufficient, and sound business purposes and justifications for, and compelling circumstances to promptly consummate, the Sale Transaction contemplated by the APA and related documents, including, without limitation, the assumption, assignment, and/or transfer of the Assigned Contracts pursuant to sections 105, 363, and 365 of the Bankruptcy Code, prior to and outside of a plan of reorganization, and such action is an appropriate exercise of the Sellers' business judgment and in the best interests of the Sellers, their estates, and their creditors.  Such business reasons

include, but are not limited to, the fact that: (i) there is substantial risk of depreciation of the value of the Purchased Assets if the Sale is not consummated promptly; (ii) the Sale Transaction contemplated by the APA presents the best opportunity to maximize the value of the Purchased Assets; and (iii) unless the Sale is concluded expeditiously as provided for in this Order and pursuant to the APA, potential creditor recoveries may be substantially diminished.

H.      **Bid Procedures Order.** On October 16, 2023, this Court entered the Bid Procedures Order approving, among other things, Bid Procedures for the sale of substantially all of the Debtors' Brand Assets.  The Bid Procedures provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Debtors' Brand Assets, including the Purchased Assets.  The Debtors, the Buyer, and their respective counsel and other advisors have complied with the Bid Procedures Order and the Bid Procedures in all respects.

I.      **Contract and Lease Procedures Order.**  On October 13, 2023, this Court entered the Contract and Lease Procedures Order approving, among other things, the Contract and Lease Procedures for the assumption and assignment or transfer of any executory contract and unexpired leases relating to any sale.  The Contract and Lease Procedures provided a full, fair, and reasonable opportunity for any counterparty to any unexpired lease or executory contract to object to any proposed Cure Amount (such term is used herein throughout as defined in the Contract and Lease Procedures Order), assumption and assignment or transfer of its applicable unexpired lease or executory contract, and the Buyer's adequate assurance of future performance.  The Debtors, the Buyer, and their respective counsel and other advisors have complied with the Contract and Lease Procedures Order and Contract and Lease Procedures Contract and Lease Procedures Order and Contract and Lease Procedures in all respects.

J.    **Adequate Marketing; Highest or Best Offer.** As demonstrated by (i) the testimony and other evidence proffered or adduced at the Sale Approval Hearing, and (ii) the representations of counsel made on the record at the Sale Approval Hearing, (a) the Sellers have adequately marketed the Purchased Assets and conducted the Sale process in compliance with the Bid Procedures Order in good faith and in a fair and open manner; (b) the Sale Process and the Bid Procedures were non-collusive, duly noticed, and provided a full, fair, reasonable, and adequate opportunity for any interested party to conduct due diligence and make an offer to purchase the Purchased Assets, and submit higher and better offers for the Purchased Assets than the Buyer's Successful Bid; (c) the consideration provided by the Buyer in the APA constitutes the highest best offer for the Purchased Assets; (d) the consideration is fair and reasonable consideration for the Purchased Assets and constitutes reasonably equivalent value under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia; (e) the Sale will provide a greater recovery to the Sellers' creditors with respect to the Purchased Assets than would be provided by any other available alternative; (f) taking into consideration all relevant factors and circumstances, no other entity has offered to purchase the Purchased Assets for greater economic value to the Sellers or their estates than the Buyer; and (g) the Sellers' determination that the APA constitutes the highest or best offer for the Purchased Assets, maximizes value for the Debtors' estates, and constitutes a valid and sound exercise of the Sellers' business judgment.  There is no legal or equitable reason to delay Closing of the Sale Transaction contemplated by the APA.

K.    **Opportunity to Object.**  A reasonable opportunity to object or be heard with respect to the Motion, and all relief requested therein has been afforded to all interested parties.

L.     **Property of the Estate.**  The Purchased Assets are property of the Sellers' estates and title thereto is vested in the Sellers' estates.

M.     **Sale in Best Interests.**  The actions to be taken by the Sellers and the Buyer are appropriate under the circumstances of these Chapter 11 Cases and are in the best interests of the Sellers, their estates, their creditors, and other parties in interest.  Approval of the APA and the Sale Transaction set forth therein, and all related transactions at this time is in the best interests of the Sellers, their creditors, their estates, and all other parties in interest.

N.     **Arm's-Length Sale.**  The APA, the Sale, the Sale Transaction, and any transactions contemplated therein and associated therewith were negotiated, proposed, and entered into by the Sellers and the Buyer without collusion, in good faith, and from arm's-length bargaining positions.  Neither the Sellers, their insiders and affiliates, the Secured Parties, and their affiliates, nor the Buyer have engaged in any conduct that would cause or permit the APA, the Sale, or any part of the Sale Transaction to be avoided under section 363(n) of the Bankruptcy Code.

O.     **Good Faith Buyer.**  The Buyer has proceeded in good faith in all respects, is a good faith buyer under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby, including in the event this Order or any portion thereof is reversed or modified on appeal.  In particular, (i) Buyer recognized that the Sellers were free to deal with any other party interested in purchasing the Purchased Assets; (ii) Buyer in no way induced or caused the chapter 11 filings by the Sellers or other Debtors; (iii) Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (iv) no common identity of directors, managers, officers, or controlling stockholders exist between Buyer, on the one hand, and any of the Sellers or other Debtors, on the other hand; (v) Buyer complied with the

Bid Procedures and all provisions of the Bid Procedures Order; and (vi) all payments to be made, and all other material agreements or arrangements entered into or to be entered into by Buyer in connection with the Sale Transaction have been disclosed.

P.     **Corporate Authority.** The Sellers (i) have full corporate power and authority to execute the APA, the Transition Services Agreement and all other documents contemplated thereby, and the Sale Transaction and Sale of the Purchased Assets have been duly and validly authorized by all necessary corporate action of the Sellers, (ii) have all of the corporate power and authority necessary to consummate the transactions contemplated by the APA, (iii) have taken all corporate action necessary to authorize and approve the APA and the consummation by the Sellers of the transactions contemplated thereby, and (iv) need no consents or approvals, other than those expressly provided for in the APA, subject to the waiver of such consents or approvals to the extent provided in the APA and as may be permitted under applicable law.

Q.     **Free and Clear Findings Required by the Buyer.** The Buyer would not have entered into the APA and would not consummate the Sale if the Sale of the Purchased Assets to the Buyer were not, pursuant to section 363(f) of the Bankruptcy Code, free and clear of all Encumbrances subject to the terms hereof.[4]  A sale of the Purchased Assets other than one free

---

[4]     As used herein, "Encumbrance" and "Encumbrances" include all of the following, in each case, to the extent against or with respect to the Debtors, or in, on, or against, or with respect to any of the Purchased Assets: liens (including as defined in section 101(37) of the Bankruptcy Code, and whether consensual, statutory, possessory, judicial, or otherwise), claims (as defined in section 101(5) of the Bankruptcy Code) ("Claims"), debts (as defined in section 101(12) of the Bankruptcy Code), encumbrances, obligations, liabilities, demands, guarantees, actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, limitations, contractual commitments, or interests of any kind or nature whatsoever, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to, on, or subsequent to, the commencement of these Chapter 11 Cases, and in each case, whether imposed by agreement, understanding, law, equity, or otherwise, including, but not limited to: (i) mortgages, security deeds, deeds of trust, pledges, charges, security interests, levies, hypothecations, encumbrances, easements, servitudes, leases, subleases, licenses, rights-of-way, encroachments, restrictive covenants, restrictions on transferability, voting, sale, transfer or other similar restrictions, rights of setoff (except for setoffs validly exercised before the Petition Date, or preserved in a timely filed proof of claim

and clear of all Encumbrances would yield substantially less value for the Sellers' estates, with less certainty, than the Sale as contemplated.  Therefore, the Sale contemplated by the APA free and clear of all Encumbrances (except for the Assumed Liabilities) subject to the terms hereof is in the best interests of the Sellers, their estates, their creditors, and all other parties in interest.

---

or motion filed with the Court), rights of use or possession, conditional sale arrangements, deferred purchase price obligations, profit sharing interest, or any similar rights; (ii) all Claims, including, without limitation, all rights or causes of action (whether in law or equity), proceedings, warranties, guarantees, indemnities, rights of recovery, setoff (except for setoffs validly exercised before the Petition Date, or preserved in a timely filed proof of claim or motion filed with the Court), indemnity or contribution, obligations, demands, restrictions, indemnification claims, or liabilities relating to any act or omission of the Debtors or any other Person, consent rights, options, contract rights, covenants, and interests of any kind or nature whatsoever (known or unknown, matured or unmatured, accrued, or contingent and regardless of whether currently exercisable), whether arising prior to or subsequent to the commencement of these Chapter 11 Cases, and whether imposed by agreement, understanding, law, equity, or otherwise; (iii) all debts, liabilities, obligations, contractual rights and claims, including labor, employment, and pension claims; (iv) any rights that purport to give any party a right or option to effect any forfeiture, modification, right of first offer or first refusal, or consents, or termination of the Debtors' or the Successful Bidder(s)' interest in the Purchased Assets, or any similar rights; (v) any rights under labor or employment agreements; (vi) any rights under pension, multiemployer plan (as such term is defined in section 3(37) or section 4001(a)(3) of the Employment Retirement Income Security Act of 1974 (as amended, "ERISA")), health or welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plans of the Debtors or any multiemployer plan to which the Debtors have at any time contributed to or had any liability or potential liability; (vii) any other employee claims related to worker's compensation, occupation disease, or unemployment or temporary disability, including, without limitation, claims that might otherwise arise under or pursuant to (a) ERISA, (b) the Fair Labor Standards Act, (c) Title VII of the Civil Rights Act of 1964, (d) the Federal Rehabilitation Act of 1973, (e) the National Labor Relations Act, (f) the Age Discrimination and Employment Act of 1967 and the Age Discrimination in Employment Act, each as amended, (g) the Americans with Disabilities Act of 1990, (h) the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended, including, without limitation, the requirements of Part 6 of Subtitle B of Title I of ERISA and Section 4980B of the Internal Revenue Code of any similar state law, (i) state discrimination laws, (j) state unemployment compensation laws or any other similar state laws, (k) any other state or federal benefits or claims relating to any employment with the Debtors or any of their predecessors, or (l) the WARN Act (29 U.S.C. §§ 2101, et seq.) or any state or other laws of similar effect; (viii) any bulk sales or similar law; (ix) any tax statutes or ordinances or other laws of similar effect, including, without limitation, the Internal Revenue Code of 1986, as amended, and any taxes arising under or out of, in connection with, or in any way relating to the operation of the Purchased Assets before the closing of a Sale; (x) any unexpired and executory contract or unexpired lease to which the Debtors are a party that is not an Assigned Contract; (xi) any other excluded liabilities under the Purchase Agreement; and (xii) Encumbrances arising under or in connection with any acts, or failures to act, of the Debtors or any of their predecessors, affiliates, or subsidiaries, including, but not limited to, Encumbrances arising under any doctrines of successor liability (to the greatest extent permitted by applicable law), or transferee or vicarious liability, violation of the Securities Act, the Exchange Act, or other applicable securities laws or regulations, breach of fiduciary duty, or aiding or abetting breach of fiduciary duty, or any similar theories under applicable law or otherwise.

R.      **Assumption and Assignment of Unexpired Leases and Executory Contracts.**

Pursuant to sections 363 and 365 of the Bankruptcy Code, the Debtors are authorized to assume all Assigned Contracts[5] and assign such ~~Acquired~~Assigned Contracts to the Buyer ~~or transfer such Assigned Contracts to the Buyer, as applicable~~.  To the extent a Cure Amount is owed to the counterparty of any Assigned Contract (the "Contract Counterparty"), the applicable Cure Amount will be paid ~~by the Buyer~~ in accordance with this Order and the APA.  The Buyer has, in accordance with the Contract and Lease Procedures, provided adequate assurance of future performance to any Contract Counterparty as required by section 365(b)(1)(C).  In accordance with the Contract and Lease Procedures and the terms of this Order, following the Closing, Buyer shall be fully and irrevocably vested with all of the Sellers' right, title and interest in and under the Assigned Contracts in connection with the Purchased Assets, free and clear of any Encumbrances, and each Assigned Contract shall be fully enforceable by Buyer in accordance with its respective terms and conditions, except as limited by this Order.  Following assignment or transfer of the Assigned Contracts to Buyer, the Sellers shall be relieved from any further liability with respect to such Assigned Contracts.

S.      **No Pre-Closing Liability for Assigned Contracts.**  The Assigned Contracts being assigned to Buyer (if any) are an integral part of the Sale Transaction and, accordingly, their assumption and assignment or transfer, as applicable, is reasonable and an enhancement to the value of the Debtors' estates.  To the extent any Assigned Contract is not an executory contract within the meaning of section 365 of the Bankruptcy Code, it shall be transferred to Buyer in accordance with the terms of the APA and, other than with respect to Assumed

---

[5]      Notwithstanding the name of the Debtors listed on any Assigned Contract, the Assigned Contracts identified in the APA are deemed assumed and assigned or transferred, as applicable, by the applicable Debtors party to the APA.

Liabilities, Buyer shall have no liability or obligation for any (i) defaults or breaches under such agreement that relate to acts or omissions that occurred in the period, or otherwise arose, prior to the Closing Date and (ii) claims, counterclaims, offsets, or defenses (whether contractual or otherwise, including, any right of recoupment) with respect to such Assigned Contract, that relate to any acts or omissions that arose or occurred prior to the Closing Date. For the avoidance of doubt, the Seller is not liable under any of the ~~Assignment~~Assigned Contracts for any Cure Amounts and the Debtors and their estates shall be released, pursuant to section 365(k) of the Bankruptcy Code, from any liability under the Assigned Contracts occurring after such assignment.

T.    **Binding and Valid Transfer.**  The transfer of the Purchased Assets to the Buyer will be a legal, valid, and effective sale and transfer of the Purchased Assets and will vest the Buyer with all right, title, and interest of the Sellers to the Purchased Assets free and clear of all Encumbrances (other than Assumed Liabilities), and any liabilities of the Sellers, except as otherwise expressly set forth in the APA or in this Order. The Secured Parties' DIP Liens, Foris Liens, and Adequate Protection Liens (each as defined in the final order approving debtor-in-possession financing (the "<u>Final DIP Order</u>") [Docket No. 558], as applicable shall be released solely as against the Purchase Assets upon receipt by the Sellers of the Purchase Price, which amount once paid shall be indefeasible and not subject to disgorgement for any reason. For avoidance of doubt, the Secured Parties' DIP Liens, Foris Liens, ~~and~~ Adequate Protection Liens <u>and any other liens asserted by any party against the Purchased Assets</u> shall attach to the proceeds (both cash and non-cash) attributable to the Purchased Assets pursuant to the Sale (if any), and the use of such proceeds shall be governed by further order of the Court entered with the consent of the Secured Parties.

U.     **Satisfaction of Standards of Section 363(f).**  The Sellers may sell the Purchased Assets free and clear of all Encumbrances of any kind or nature whatsoever, other than Assumed Liabilities, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied.  The Secured Parties have consented to the Sale of the Purchased Assets.  Those holders of Encumbrances who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.  Holders of Encumbrances on the Purchased Assets are adequately protected by having their Encumbrances attach to the proceeds (both cash and non-cash) of the Sale of the Purchased Assets attributable to such Encumbrances, subject to the terms of such Encumbrances, with the same validity, force, and effect, and in the same order of priority, that such Encumbrances had against the Purchased Assets immediately prior to Closing, subject to any claims and defenses that Sellers or the Debtors may possess with respect thereto.

V.     **Consideration for Transfer of Purchased Assets Free and Clear**.  Buyer would not have entered into the APA if the transfer of the Purchased Assets were not free and clear of all Encumbrances (other than Assumed Liabilities) as set forth in the APA and this Order, or if in the future Buyer would or could be liable for any such Encumbrances.  The total consideration to be provided under the APA reflects Buyer's reliance on this Order to provide, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, that, upon the Closing, Buyer has title to, interest in and possession of the Purchased Assets free and clear of all Encumbrances (other than Assumed Liabilities) subject to the terms hereof.

W.     **No *Sub Rosa* Plan**.  The Sale, Sale Transaction, the APA, and the other transactions contemplated thereby neither impermissibly restructure the rights of the Sellers'

creditors nor impermissibly dictate a liquidating chapter 11 plan for the Sellers, and therefore do not constitute a *sub rosa* chapter 11 plan.

X.    **Assets Assignable**.  To the maximum extent possible under the Bankruptcy Code, each and every provision of the documents governing the Purchased Assets or applicable non-bankruptcy law that purports to prohibit, restrict, or condition, or could be construed as prohibiting, restricting, or conditioning assignment of any of the Purchased Assets, if any, has been or will be satisfied or is otherwise unenforceable under section 365 of the Bankruptcy Code.

Y.    **Necessity of Order.**  The Buyer would not have entered into the APA and would not consummate the Sale Transaction contemplated therein without all of the relief provided for in this Order (including, but not limited to, that the sale and transfer of the Assets to Buyer be free and clear of all Encumbrances). The Sellers have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the transactions contemplated by the APA, including, without limitation the Sale Transaction and the assumption and assignment of the applicable Assigned Contracts prior to, and outside of, a chapter 11 plan because, among other things, the Debtors' estates will suffer irreparable harm if the relief requested is not granted.  The consummation of the Sale Transaction pursuant to this Order and the APA is necessary for the Sellers to (i) comply with the terms of the Final DIP Order, including the milestones set forth therein, and (ii) maximize the value of their estates for the benefit of all creditors.

Z.    **Final Order.** This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  The Court expressly finds the time is of the essence in consummating the transactions contemplated by the APA, and accordingly, cause exists to waive the stays contemplated in

Bankruptcy Rules 6004(h) and 6006(d), and to immediately implement this Order and expressly directs entry of judgment as set forth herein.

AA.    **Best Interests.** Entry of this Order is in the best interests of the Sellers, the Sellers' estates, their creditors, and all other parties in interest.

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    **Findings of Fact and Conclusions of Law.**  The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein and shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014.  To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be deemed so, and *vice versa*.

2.    **Motion Granted.**  The Motion is granted with respect to the Sale Transaction contemplated by the APA, and the relief requested therein with respect to the Sale is granted and approved in its entirety, as set forth herein.

3.    **Objections Are Overruled.**  ~~Except for any objections to adequate assurance of future performance by any Contract Counterparty that are contemplated to be heard at a post-Sale Approval Hearing in accordance with the Contract and Lease Procedures, all~~All objections, reservations of rights regarding, or other responses to the Motion with respect to the Sale Transaction for the Purchased Assets being approved pursuant to this Order, or the relief requested therein, the APA, all other ancillary agreements, the Sale Transaction, the entry of this Order or to the relief granted herein that have not been withdrawn, waived, settled, or not otherwise resolved pursuant to the terms hereof, if any, hereby are denied and overruled on the

merits with prejudice.  All persons and entities that failed to timely object to the Motion are deemed to have consented to the relief granted herein for all purposes.

4.    **Approval.**  The APA (as modified herein or as may be modified subsequently in compliance with the terms of this Order), and all the terms and conditions thereof, is approved. Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Sellers are authorized to perform their obligations under, and comply with the terms of, the APA and the Transition Services Agreement and consummate the Sale and the related transactions pursuant to, and in accordance with, the terms and conditions of the APA, the Transition Services Agreement and this Order.  The Sellers are authorized to execute and deliver, and empowered to perform under, consummate, and implement, the APA, the Transition Services Agreement and the Sale Transaction contemplated therein, together with all additional instruments and documents that the Sellers or the Buyer deem necessary or appropriate to implement the APA and effectuate the Sale Transaction contemplated therein, and to take all further actions as may reasonably be required by the Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer the Purchased Assets free and clear of any and all Encumbrances (other than Assumed Liabilities) as may be necessary or appropriate to their performance of their obligations under the APA.  The Buyer and the Sellers shall have no obligation to consummate the Sale Transaction except as contemplated by and provided for in the APA and the Bid Procedures.  The Buyer shall not be required to seek or obtain relief from the stay under section 362 of the Bankruptcy Code to enforce any of its remedies under the APA or related documents. The automatic stay imposed by section 362 of the Bankruptcy Code is modified solely to the extent necessary to implement the provisions of this Order.

5.　For the avoidance of doubt, the Purchased Assets shall not include any finished inventory or other Rose branded products located at, in transportation to or transportation from any of the warehouses of Quiet Logistics, Inc. pursuant to that certain Fulfillment Services Agreement, dated May 9, 2022 (as amended from time to time), by and between Quiet Logistics, Inc. and Amyris Clean Beauty, Inc.

6.　5.　**Notice.**  Notice of the Motion, the Bid Procedures Hearing, the Bid Procedures, the Contract and Lease Procedures, the assumption and assignment of the Assigned Contracts to Buyer, the Auction, the Sale Approval Hearing, the Sale, all transactions contemplated therein or in connection therewith, including the Sale Transaction, all deadlines related thereto, and the relief granted in this Order was fair, sufficient, proper, and equitable under the circumstances and complied in all respects with sections 102(1) and 363 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Bid Procedures Order, the Contract and Lease Procedures Order, the Bid Procedures, the Contract and Lease Procedures, and the procedural due process requirements of the United States Constitution.

7.　6.　**Assumption and Assignment of Unexpired Leases and Executory Contracts.**  Pursuant to section 365 and 363, as applicable, of the Bankruptcy Code, the Sellers are authorized to assume the Assigned Contracts and assign or otherwise transfer such Assigned Contracts to the Buyer.  To the extent a Cure Amount is owed to a Contract Counterparty, the applicable Cure Amount will be paid by the Buyer (or if disputed, escrowed) on or before Closing of the Sale subject to and in accordance with the APA.  Any objection of any Contract Counterparty to the assumption or assignment or transfer of any Assigned Contracts, any Cure Amount, or seeking further adequate assurance of future performance than that provided in the APA, to the extent not otherwise resolved by agreement, contemplated to be heard after the Sale

Approval Hearing in accordance with the Contract and Lease Procedures, or by separate order of this Court, is hereby overruled.  There shall be no accelerations, assignment fees, increases, or any other fees charged to Buyer or Sellers as a result of the assignment of the Purchased Assets or the assumption and assignment of the Assigned Contracts.  Disputed Cure Amounts escrowed pursuant to the APA and this Order shall be held in escrow and disbursed to satisfy the payment of Cure Amounts only upon agreement of the Sellers, the Buyer and the applicable Contract Counterparty, or upon further order of this Court.  Upon payment of the Cure Amount, the Sellers shall be released by the applicable Contract Counterparty from any and all claims and causes of action of any nature whatsoever based on, arising from or relating to the Assigned Contracts and the Buyer shall have no liability for such claims or causes of action.

8.    7.  **Transfer of Security and Other Deposits**.  To the extent provided for in the APA, any and all of the Sellers' security deposits, or other security held by landlords, lessors, and other Contract Counterparties to the Assigned Contracts are being transferred and assigned to, and shall be the property of, the Buyer from and after the Closing, which transfer and assignment of security deposits, other deposits, or security shall satisfy in full the requirements of section 365(l) of the Bankruptcy Code for all Assigned Contracts assumed and assigned pursuant to this Order or the APA.[6]  Except as expressly set forth in the APA, the Sellers shall have no responsibility for the payment of any Cure Amounts.

9.    8.  **Binding Effect of Order.**  This Order shall be binding in all respects upon (i) all known and unknown creditors of, and holders of equity security interests in, the Debtors, including the Secured Parties and any holders of Encumbrances; (ii) the Buyer; (iii) the Debtors;

---

[6]    The deposits referenced herein and being transferred pursuant to the APA do not include any Good Faith Deposits made by other potential bidders for the Brand Assets of the Debtors pursuant to the Bid Procedures.

(iv) the Purchased Assets; (v) the Committee; (vi) any trustee(s) appointed in the Debtors' Chapter 11 Cases or upon a conversion to cases under chapter 7 of the Bankruptcy Code; and (vii) all successors and assigns of each of the foregoing, and this Order shall not be subject to amendment or modification and the APA shall not be subject to rejection.

10.    9.    **Injunction.**  All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Sellers to transfer the Purchased Assets to the Buyer in accordance with the APA and this Order. Following the Closing, all persons (including, but not limited to, the Sellers and the other Debtors, creditors, investors, current and former employees and shareholders, administrative agencies, governmental units, secretaries of state, federal, state, and local officials, including those maintaining any authority relating to any environmental, health and safety laws, and the successors and assigns of each of the foregoing) holding Encumbrances in the Purchased Assets or against the Sellers and the other Debtors in respect of the Purchased Assets of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing any Encumbrances (other than Assumed Liabilities) of any kind or nature whatsoever against the Buyer or any affiliate of the Buyer or any of its respective property, successors and assigns, or the Purchased Assets, as an alleged successor or on any other grounds.  No person shall assert, and the Buyer and the Purchased Assets shall not be subject to, any defaults, breaches, counterclaims, offsets, defenses (whether contractual or otherwise, including, without limitation, any right of recoupment), liabilities, claims and interests, or basis of any kind or nature whatsoever to delay, defer, or impair any right of the Buyer under, or with respect to, any Purchased Assets, with respect to any act or omission that occurred prior to the Closing or with

respect to any other agreement or any obligation of the Sellers or the other Debtors that is not an assumed liability under the APA.

11.    10. **General Assignment.**  Upon the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Sellers' interests in the Purchased Assets and a bill of sale transferring good and marketable title in the Purchased Assets to the Buyer free and clear of all Encumbrances (other than Assumed Liabilities).  Each and every federal, state, and local governmental agency, quasi-agency, or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the Sale Transaction contemplated under the APA.

12.    11. **Transfer Free and Clear.** Upon the Closing, pursuant to sections 105(a), 363(b), 363(f), 365(b) and 365(f) of the Bankruptcy Code, the Purchased Assets, including the Assigned Contracts (if any), shall be transferred to the Buyer in accordance with the APA, and such transfer shall be free and clear of all Encumbrances (other than Assumed Liabilities) of any person, including, without limitation, all such Encumbrances specifically enumerated in this Order, whether arising by agreement, by statute, or otherwise and whether occurring or arising before, on, or after the Petition Date, whether known or unknown, occurring or arising prior to such transfer, with all such Encumbrances (other than Assumed Liabilities) attaching to the proceeds (both cash and non-cash) of the Sale of the Purchased Assets attributable to such Encumbrances subject to the terms of such Encumbrance with the same validity, force, and effect and in the same priority, that such Encumbrances had against the Purchased Assets immediately prior to Closing, subject to any claims and defenses that Sellers or the Debtors may possess with respect thereto.

13.    12. **Licenses and Permits**.  To the greatest extent available under applicable law, the Buyer shall be authorized, as of the Closing Date, to operate under any license, permit, registration, and governmental authorization or approval of the Sellers with respect to the Purchased Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been, and hereby are, deemed to be transferred to the Buyer as of the Closing Date. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any grant, permit, or license relating to the operation of the Purchased Assets sold, transferred, assigned, or conveyed to the Buyer on account of the filing or pendency of these chapter 11 cases or the consummation of the Sale Transaction.

14.    13. **Valid Transfer.**  The transfer of the Purchased Assets to the Buyer pursuant to the APA constitutes a legal, valid, and effective transfer of the Purchased Assets and shall vest the Buyer with all right, title, and interest of the Sellers in and to the Purchased Assets free and clear of all Encumbrances of any kind or nature whatsoever (other than Assumed Liabilities).

15.    14. **Exculpation and Release.**  Neither the Buyer nor any of its affiliates, successors, and assigns, nor any of its professionals, shall have, or incur any liability to, or be subject to any action by, the Debtors or any of their predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the APA and the entry into and consummation of the Sale Transaction, except as expressly provided in the APA and this Order.  Neither the Debtors nor any of their affiliates, successors, and assigns, nor any of their professionals, shall have, or incur any liability to, or be subject to any action by, the Buyer or any of its predecessors, successors, or assigns, arising out of the negotiation, investigation, preparation, execution, or delivery of the APA and the entry into and consummation of the Sale Transaction, except as expressly provided in the APA and this Order.

16.    15. **Direction to Release Interests.**  Upon the Closing, each of the Debtors' creditors and any other holder of an Encumbrance is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Encumbrance in the Purchased Assets, if any, as such Encumbrance may have been recorded or may otherwise exist.  If any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing an Encumbrance in all or any portion of the Purchased Assets being sold pursuant to the Sale Transaction and the APA shall not have delivered to the Debtors prior to the Closing, (or such other time as reasonable under the circumstances and agreed in writing among the Buyer and Sellers), in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Encumbrances (other than Assumed Liabilities), which such person or entity has with respect to all or any portion of the Purchased Assets being sold pursuant to the Sale Transaction and the APA , then (i) the Sellers are authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to all or any portion of the Purchased Assets being sold pursuant to the Sale Transaction and the APA, and (ii) the Buyer is authorized to file, register, or otherwise record a certified copy of this Order, which shall constitute conclusive evidence of the release of all Encumbrances (other than Assumed Liabilities) of any kind or nature whatsoever in the Purchased Assets being sold pursuant to the Sale Transaction and the APA.  Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA, including, without limitation, recordation of this Order.  This Order shall be binding upon and shall govern the acts of all persons including without limitation, all filing agents, filing officers, title agents, title

companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of such assets or other property interests.

17.    16. **No Interference.**  Following the Closing, no holder of any Encumbrance in the Purchased Assets shall interfere with the Buyer's title to, or use and enjoyment of, the Purchased Assets being sold pursuant to the Sale Transaction and the APA based on, or related to, any such Encumbrance, or based on any actions the Debtors may take in these Chapter 11 Cases.

18.    17. **Surrender of Possession.** All persons or entities that are currently, or as of the Closing, may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Buyer at the Closing, unless the Buyer otherwise agrees in writing.

19.    18. **Standing**. The APA shall be in full force and effect, regardless of any Seller's lack of good standing in any jurisdiction in which such Seller is formed or authorized to transact business.

20.    19. **Post-Closing Actions and Transactions.**  The Sellers and the Buyer, and each of their respective officers, employees, and agents, will be authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Sellers or the Buyer deem necessary or appropriate to implement and effectuate the terms of the

APA, the Transition Services Agreement and to the Sale Transaction contemplated therein and this Order.

21.    20. **Sale is Self-Executing**.  The Sale is self-executing, and neither the Sellers nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, and implement the provisions of this Order.

22.    21. **No Discriminatory Treatment.**  To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may deny, revoke, suspend, or refuse to renew any permit, license, or similar grant relating to the operation of the Purchased Assets sold, transferred, or conveyed to the Buyer on account of the filing or pendency of these Chapter 11 Cases or the consummation of the transactions contemplated by the APA.

23.    22. **No Successor Liability.**  Neither the Buyer, nor any of its successors or assigns, or any of their respective affiliates shall have any liability for any Encumbrance that arose or occurred prior to the Closing, or otherwise may be asserted against the Sellers or other Debtors or is related to the Purchased Assets prior to the Closing.  The Buyer is not and shall not be deemed a "successor" to the Sellers or other Debtors or their estates; the Buyer has not, *de facto* or otherwise, merged with or into the Sellers or other Debtors; the Buyer does not have any common law or successor liability in relation to any employment plans; the Buyer is not liable for any liability or Encumbrance (other than Assumed Liabilities) against the Sellers or other Debtors or any of the Sellers' or other Debtors' predecessors or Affiliates (other than those transferred to the Buyer pursuant to the Sale); and the Buyer is not an alter ego or mere continuation or substantial continuation of the Sellers or other Debtors or the enterprise of the Sellers or other Debtors under any theory of law or equity as a result of any action taken in

connection with the APA, the Sale Transaction or any transactions or documents ancillary thereto or contemplated thereby or in connection with the acquisition of the Purchased Assets.

24.    23.   **Limitations on Liability.**   Without limiting the foregoing, and except as otherwise set forth in the APA, the Buyer shall not have any successor, transferee, derivative, or vicarious liabilities of any kind or character for any Encumbrances, including under any theory of successor or transferee liability, *de facto* merger or continuity, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, asserted or unasserted, liquidated or unliquidated, with respect to the Encumbrances.

25.    24.   **Fair Consideration.**   The consideration provided by the Buyer for the Purchased Assets under the APA shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.  The Sale may not be avoided under section 363(n) of the Bankruptcy Code.  The APA was not entered into, and the Sale is not being consummated, for the purpose of hindering, delaying, or defrauding creditors of the Sellers or other Debtors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia, or any other applicable law.  Neither the Sellers nor the Buyer have entered into the APA or any agreement contemplated thereby or are consummating the Sale with any fraudulent or otherwise improper purpose, including, without limitation, to evade any pension liabilities.  No other person or entity or group of persons or entities has offered to purchase the Purchased Assets for an amount that would provide greater value to the Sellers and their estates than the value provided by the Buyer.  This Court's approval of the Motion and the APA is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest.

26.    ~~25.~~ **No Modification by Subsequent Orders or Plan Provisions**.    Nothing contained in any chapter 11 plan confirmed in the Debtors' chapter 11 cases, any order confirming any such plan, or in any other order entered in these chapter 11 cases (including any order entered after any conversion of any of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code) or any related proceeding subsequent to entry of this Order shall modify, alter, conflict with, or derogate from, the provisions of the APA or this Order.

27.    ~~26.~~ **Retention of Jurisdiction.** This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the APA, all amendments thereto, and any waivers and consents thereunder, including, but not limited to, retaining jurisdiction to (i) compel delivery of the Purchased Assets to the Buyer; (ii) interpret, implement, and enforce the provisions of this Order and the APA; (iii) protect the Buyer, any of the Buyer's affiliates, or any agent of the foregoing, against any Encumbrances against the Sellers or other Debtors or the Purchased Assets of any kind or nature whatsoever; and (iv) enter any order under sections 363 and 365 of the Bankruptcy Code.

28.    ~~27.~~ **Good Faith Buyer.**    The transactions contemplated by the APA are undertaken by the Buyer without collusion and in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided in this Order to consummate the transactions shall not affect the validity of the transactions (including the assumption and assignment of the Assigned Contracts) nor the transfer of the Purchased Assets owned by the Sellers to the Buyer free and clear of all Encumbrances pursuant to the APA, unless the authorization or the Sale Transaction is stayed pending appeal.    The Buyer is a buyer in good faith of the Purchased Assets and is entitled to all

of the protections afforded by section 363(m) of the Bankruptcy Code.  In particular, (i) Buyer recognized that the Sellers were free to deal with any other party interested in purchasing the Purchased Assets; (ii) Buyer in no way induced or caused the chapter 11 filings by the Sellers or the other Debtors; (iii) Buyer has not violated section 363(n) of the Bankruptcy Code by any action or inaction; (iv) no common identity of directors, managers, officers or controlling stockholders exist between Buyer, on the one hand, and any of the Sellers or the other Debtors, on the other hand; (v) Buyer complied with the Bid Procedures and all provisions of the Bid Procedures Order; and (vi) all payments to be made, and all other material agreements or arrangements entered into or to be entered into by Buyer in connection with the Sale Transaction have been disclosed.  The Sellers and the Buyer will be acting in good faith if they proceed to consummate the Sale at any time after entry of this Order.

29.    28.    **No Bulk Law Application.**  No bulk sales law or similar law shall apply in any way to the transactions contemplated by the Sale, the APA, the Motion, and this Order.

30.    29.    **Inconsistencies with Prior Orders, Pleadings or Agreements**.    To the extent this Order is inconsistent with any prior order or filing with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern and any prior orders shall be deemed amended or otherwise modified to the extent required to permit consummation of the Sale Transaction. To the extent there is any inconsistency between the terms of this Order and the terms of the APA (including all ancillary documents executed in connection therewith), the terms of this Order shall govern. NothingExcept as provided in this Sale Order and the APA regarding the Sale Transaction, the Purchased Assets (including any Lien or Encumbrance in favor of a Secured Party in respect of the Purchased Assets), and the Purchaser, nothing in the APA or this Order shall be deemed to amend, modify, or limit the rights and claims of each of

the Secured Parties unless expressly agreed to in writing by the Secured Parties. The distribution of any proceeds from the Sale will be subject to a separate order of this Court.

31.    30. Notwithstanding anything to the contrary in this Order, or any notice related thereto, the Cigna Contracts (as defined in the Contract and Lease Procedures Order) shall not be assumed and assigned to the Buyer as part of the Sale.

32.    31. Lexon Insurance Company ("Lexon") has issued certain commercial surety bonds on behalf of the Debtors and/or their affiliates, (collectively, the "Existing Surety Bonds" and each individually, an "Existing Surety Bond"). Nothing in this Order, the APA, or otherwise shall (i) release, discharge, preclude or enjoin any obligation of the Debtors to Lexon under the Existing Surety Bonds and obligations under the common law of suretyship; (ii) affect any letters of credit or proceeds therefrom issued to Lexon as security for the Debtors' obligations under the Existing Surety Bonds (collectively, the "Existing Surety Collateral"); (iii) affect any claim of Lexon against any Debtor or third party; (iv) bar, impair, prevent or otherwise limit Lexon from exercising its valid rights under or with respect to any of the Existing Surety Collateral, or any related indemnity agreements, applicable law, or the common law of suretyship; (v) authorize or permit the assignment or assumption of any Existing Surety Bonds or Existing Surety Collateral or other agreements of the Debtors or any non-Debtor with Lexon (collectively, the "Surety Agreements"); (vi) alter, limit, expand, modify, prejudice, release or waive any rights of Lexon under the Surety Agreements; (vii) alter, limit, expand, modify, prejudice, waive or release any rights of Lexon in any and all Existing Surety Collateral; (viii) alter, limit, expand, modify, prejudice, waive or release any rights of Lexon in connection with any of the Debtors' Chapter 11 Cases or any case under Title 11 of the United States Code; or (ix) be deemed to provide Lexon's consent to the involuntary substitution of any principal under any Existing Surety Bond.

Nothing in this Order shall be interpreted to alter, diminish or enlarge the rights or obligations of Lexon in regard to state and federal agencies, third parties or otherwise under any surety bonds, any indemnity agreements or applicable law nor shall any of the foregoing be deemed to enjoin Lexon from asserting any rights, claims or defenses, in regard to or against any state and federal agencies, third parties including, without limitation, any of Lexon's indemnitors, insurers, or otherwise under any surety bonds, any indemnity agreements, or applicable law.

33.    32. **Failure to Specify Provisions.**    The failure to specifically include any particular provision of the APA or other related documents in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the APA and all other related documents be authorized and approved in their entirety pursuant to this Order.

34.    33. **Non-Material Modifications.**    The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have any adverse effect on the Sellers' estates; *provided, further*, that the Sellers shall provide any such modification, amendment, or supplement to the Secured Parties and the Committee no less than one day prior to execution of such modification, amendment, or supplement; *provided further,* that after Closing, the final versions of the APA and any related agreements, documents or other instruments (as modified, amended or supplemented) shall be filed with the Court. Notwithstanding anything to the contrary set forth in this Order, the APA, any ancillary agreement or related agreement, document or other  instrument, any amendments, modifications, supplements to or waivers of any obligations or rights of the parties thereto that could adversely

impact or affect the rights of the Secured Parties shall require the prior written consent of the Secured Parties.

35.    34.    **No Stay of Order.**    Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen (14) days after its entry and shall be effective immediately upon entry, and the Sellers and the Buyer are authorized to close the Sale Transaction immediately upon entry of this Order.  Time is of the essence in closing the Sale Transaction referenced herein, and the Sellers and the Buyer intend to close the Sale Transaction as soon as practicable.  This Order is a final order and the period in which an appeal must be filed shall commence upon the entry of this Order.  Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being foreclosed as moot.

36.    35.    **Headings.**    Headings utilized in this Order are for convenience of reference only, and do not constitute a part of this Order for any other purpose.

37.    36.    **Time Periods.** All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

38.    37.    **Non-severability.**    The provisions of this Order are non-severable and mutually dependent.

# **EXHIBIT A**

Asset Purchase Agreement

[Intentionally Omitted]

Document comparison by Workshare Compare on Wednesday, December 20, 2023 7:29:00 AM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4883-5076-5207/3 |
| Description | Amyris - Brand Sale Order (Rose) |
| Document 2 ID | netdocuments://4883-5076-5207/6 |
| Description | Amyris - Brand Sale Order (Rose) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 57 |
| Deletions | 47 |
| Moved from | 2 |
| Moved to | 2 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 108 |