5

**Exhibit B**

LA:4877-9115-3816.1 03703.004

**Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                        Debtors. [1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br><br>**Related to Docket No.** |

**ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE DEBTORS' LAB-TO-MARKET™ ASSETS; (B) SETTING MINIMUM RESERVE PRICE; (C) SCHEDULING THE AUCTION AND SALE HEARING; (D) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (E) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for the entry of an order pursuant to sections 105(a), 363, 365, 503, 507, 1107, and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1 and 6004-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to establish certain sales procedures which will culminate in a sale or sales of certain of the Debtors assets, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States*

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] A capitalized term used but not defined herein have the meaning ascribed to it in the Motion.

*District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. The Debtors have articulated good and sufficient reasons for~~, and the best interests of their estates and stakeholders will be served by,~~ the Court scheduling or fixing dates pursuant to this order (this "Order") for, among other things, the (i) Bid Deadline; (ii) Sale Objection Deadline; (iii) Auction; and (iv) Sale Hearing, each as defined below.

~~B. The Bid Procedures are fair, reasonable, and appropriate and represent the best available method for maximizing value for the benefit of the Debtors' estates.~~

~~C. The Bid Procedures were negotiated at arm's length, in good faith, and without collusion. The Bid Procedures balance the Debtors' interests in emerging expeditiously from~~

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

~~ACTIVE/126608063.6~~ AFDOCS:199255910.1

~~these Chapter 11 Cases while preserving the opportunity to attract value-maximizing proposals beneficial to the Debtors' estates, their creditors, and other parties in interest.~~

B.    ~~D.~~ The Bid Procedures Notice, Stalking Horse Notice, Auction Notice, and Notice of Successful Bidder are reasonably calculated to provide the Sale Notice Parties, the Contract Counterparties, and other interested parties with proper notice of the (i) Bid Procedures; (ii) Auction; (iii) Sale Hearing; and (iv) Sale(s).

C.    ~~E.~~ The Motion and the Bid Procedures comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

D.    ~~F.~~ Due, sufficient, and adequate notice of the relief granted herein has been given to all parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is granted as set forth herein.

2.    All formal and informal objections, if any, to the relief requested in the Motion that have not been withdrawn, waived, or settled are overruled on the merits; provided however, that the Limited Objection of the Ad Hoc Cross-Holder Group [Dkt No. 946] and the arguments set forth therein are reserved and may be pursued at any hearing on the Sale or Plan if pursued in connection with a timely filed objection to such Sale or Plan.

3.    The Bid Procedures, which are attached hereto as **Exhibit 1** and incorporated herein by reference, are hereby approved in all respects and shall govern all Bidders and Bids, including those that may be submitted by Qualified Bidders at the Auction.

4.    Bidders seeking to submit Bids for the Lab-to-Market™ Assets must do so in accordance with the terms of the Bid Procedures and this Order.

3

5.  The deadline for all Potential Bidders to submit a Qualified Bid (other than any of the Secured Parties' deemed Qualified Bid(s)) is **January 16, 2024, at 5:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"), as set forth in the Bid Procedures.

6.  By **January 18, 2024**, the Debtors shall file a notice on the Court's docket (an "Auction Notice") providing (a) notice of the location of the Auction or whether the Debtors' intend to proceed with the Auction telephonically or by video conference; and (b) notice of whether the Debtors believe, in the exercise of their business judgment and after consultation with the Consultation Parties, that the Auction should be held in two or more parts over multiple days so as to maximize value for the estates.

7.  As set forth in the Bid Procedures, if at least one Qualified Bid is received by the Bid Deadline (in addition to any of the Secured Parties' deemed Qualified Bid), the Debtors will hold the Auction beginning on **January 19, 2024, at 10:00 a.m. (prevailing Eastern Time),** in accordance with the Bid Procedures at the location or in the manner designated by the Debtors in the Auction Notice.

8.  On or before **January 21, 2024**, the Debtors will file with the Court and serve on the Notice Parties (as defined below) and on all non-Debtor counterparties to Transferred Contracts (as defined below) included in the Successful Bid(s), the Notice of Successful Bidder. With respect to any Sale Transaction, a filed Notice of Successful Bidder shall include, as exhibits, (a) a copy of the Purchase Agreement; (b) a copy of the proposed Sale Order; and (c) identification of the Transferred Contracts for such Sale Transaction (which may be in the form of an exhibit or schedule to the Purchase Agreement).[4]

---

[4] The Debtors may, in their discretion, serve a Notice of Successful Bidder by U.S. Mail without attached copies of a Purchase Agreement and/or proposed Sale Order; *provided, however*, that any such Notice of Successful Bidder must identify where parties receiving such notice may access such documents free of charge.

9. Any Contract Counterparty to a Transferred Contract that objects to a Successful Bidder's provision of additional assurance of future performance (the "<u>Adequate Assurance Objection</u>") must file such Adequate Assurance Objection on or before **January 23, 2024, at 5:00 p.m. (prevailing Eastern Time),** and serve such objection on the Notice Parties and the applicable Successful Bidder. To the extent the parties are unable to resolve an Adequate Assurance Objection, the Court will set a hearing, which may be at the Sale Hearing, on the Adequate Assurance Objection to determine whether terms of the Successful Bid are compliant with section 365 of the Bankruptcy Code in providing adequate assurance of future performance to the Contract Counterparty of the applicable Transferred Contract.

10. Any Secured Party shall be entitled to credit bid some or all of its claims pursuant to section 363(k) of the Bankruptcy Code. Any credit bid by the DIP Agent and/or the Foris Prepetition Secured Lenders shall automatically be deemed a Qualified Bid.

11. The DIP Lenders and the Foris Prepetition Secured Lenders' Qualified Bid for the Lab-to-Market™ Assets constitutes the Other Assets Stalking Horse Credit Bid under the Plan.

12. Following the conclusion of the Auction, and subject to compliance with the terms of the DIP Order, the Sale Hearing may be adjourned or rescheduled without notice by an announcement of the adjourned date at the Sale Hearing or by filing a notice on the Court's docket. At the Sale Hearing, the Debtors shall present the Successful Bid(s) to the Court for approval.

13. The Debtors are hereby authorized to conduct the Sale(s) without the necessity of complying with any state or local transfer laws or requirements.

ACTIVE/126608063.6 AFDOCS:199255910.1

14. The Bid Procedures Notice substantially in the forms attached to this Order as Exhibit 2 is approved in all respects. Other than with respect to the Notice of Successful Bidder, no other or further notice of the Bid Procedures, the Sale Hearing, relevant objection or other deadlines, or the Sale(s) is required.

15. To be considered, any objection to the Sale(s) must: (a) comply with the Bankruptcy Rules and the Local Rules; (b) be made in writing and filed with the Court; and (c) be filed on or before **January 23, 2024, at 5:00 p.m. (prevailing Eastern Time)** (the "Sale Objection Deadline").

16. The failure of any objecting person or entity to timely file an objection prior to the Sale Objection Deadline shall be a bar to the assertion at the Sale Hearing or thereafter of any objection to the relief requested by the Debtors, or the consummation and performance of the Sale(s) of the Lab-to-Market™ Assets to the Successful Bidder(s), including the transfer of the Lab-to-Market™ Assets free and clear of all Encumbrances (with the same to attach to the cash proceeds of the Sale(s) to the same extent and with the same order of priority, validity, force, and effect which they previously had against the Lab-to-Market™ Assets, subject to the rights and defenses of the Debtors and the Debtors' estates with respect thereto), and the Debtors' assumption and assignment or transfer of the Transferred Contracts to the Successful Bidder(s).

17. No Qualified Bidder or any other person or entity shall be entitled to any expense reimbursement, break-up fee, termination, or other similar fee or payment in connection with the Sale(s).

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) or 6006(d), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

20. All persons and entities that participate in the Sale Process and/or the Auction(s) shall be deemed to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect to all matters related to the Bid Procedures, the Sale Process, and the Auction(s).

21. To the extent of any inconsistences between the Bid Procedures and this Order, this Order shall govern.

22. The Court shall retain jurisdiction over any matter or dispute arising from or relating to the Bid Procedures or this Order.

# EXHIBIT 1

## Bid Procedures

# **EXHIBIT 2**

## **Bid Procedures Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**NOTICE OF PROPOSED SALE OR SALES OF THE DEBTORS' LAB-TO-MARKET™ ASSETS, FREE AND CLEAR OF ALL ENCUMBRANCES, OTHER THAN ASSUMED LIABILITIES, AND SCHEDULING FINAL SALE HEARING RELATED THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On December __, 2023, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a motion (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking entry of (i) an order (the "Bid Procedures Order") (a) approving bid procedures for the sale or sales (the "Sale") of the Debtors' Lab-to-Market™ assets (the "Lab-to-Market™ Assets"), (b) setting Minimum Reserve Price; (c) scheduling the Auction and Sale Hearing,[2] (d) approving the form and manner of notice of the Sale, and (e) granting related relief (clauses (a) through (e), collectively, the "Bid Procedures Relief"), and (ii) an order (the "Sale Order") (a) authorizing the Sale(s) of the Lab-to-Market™ Assets free and clear of all Encumbrances (as defined in the Motion), other than assumed liabilities, to the Successful Bidder(s) submitting the highest or otherwise best bid, (b) authorizing the assumption and assignment of the identified executory contracts and unexpired leases (the "Transferred Contracts"), and (c) granting certain related relief.

**I.    Bid Procedures**

On [●], 2023, the Bankruptcy Court entered the Bid Procedures Order [Docket No. ●], thereby approving the Bid Procedures Relief.

In order for a Potential Bidder to be eligible to participate in the Auction as a Qualified Bidder, **it must comply with the Bid Procedures, and deliver its Bid, so as to be received on or before January 16, 2024, at 5:00 p.m. (prevailing Eastern Time) (the "Bid Deadline")**, to: (a) investment banker to the Debtors: Intrepid Investment Bankers, LLC, Attn: Lorie Beers (lbeers@intrepidib.com), Carl Comstock (ccomstock@intrepidib.com) and Ana Alvarenga

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to it in the Bid Procedures and Bid Procedures Order, as applicable.

LA:4890-9852-4312.1 03703.0044890-9852-4312.2 03703.004

(aalvarenga@intrepidib.com); and (b) counsel to the Debtors: (i) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Steven W. Golden (sgolden@pszjlaw.com); and (ii) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra I. Grassgreen (dgrassgreen@pszjlaw.com).

To receive copies of the (i) Sale Motion, any exhibits to the Sale Motion, and/or a confidentiality agreement to become a Potential Bidder (as defined below), or (ii) a copy of the Form APA or Stalking Horse Agreement, as applicable, please submit a request by email to: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, Attention: Steven Golden (email: sgolden@pszjlaw.com); and (b) the Debtors' investment banker, Intrepid, Attn: Ana Alvarenga (aalvarenga@intrepidib.com). Additionally, the Sale Motion and the exhibits thereto are available from the Debtors' claims and noticing agent's website at https://cases.stretto.com/amyris/.

In order for Interested Parties to obtain access to the Debtors' data room, each Interested Party must first sign and deliver a confidentiality agreement to the Debtors and provide certain financial data, which financial must be acceptable to the Debtors after consultation with the Consultation Parties. Please refer to the Bid Procedures for further information concerning submitting a Qualified Bid to participate at the Auction.

II.     **Sale Hearing and Closing**

The Sale Hearing is scheduled for **January 24, 2024, at 10:00 a.m. (prevailing Eastern Time),** at the United States Bankruptcy Court for the District of Delaware, United States Courthouse, 824 Market Street North, 3rd Floor, Wilmington, DE 19801, before the Honorable Thomas M. Horan, United States Bankruptcy Judge. The Sale Hearing is being held to approve the highest or otherwise best offer(s) received for the Lab-to-Market™ Assets at the Auction, which, if any, will take place on **January 19, 2024, commencing at 10:00 a.m. (prevailing Eastern Time)**, at a location and in a manner to be determined by the Debtors. Subject to the terms of the DIP Order, the Sale Hearing may be adjourned or rescheduled with prior notice filed on the docket of these Chapter 11 Cases or without prior notice by an announcement of the adjourned date at the Sale Hearing.

**THE DEADLINE TO OBJECT TO THE DEBTORS' REQUEST TO APPROVE THE SALE(S) OF THE PURCHASED ASSETS FREE AND CLEAR OF ALL ENCUMBRANCES TO THE SUCCESSFUL BIDDER(S) (EACH, A "<u>SALE OBJECTION</u>") IS JANUARY 23, 2024, at 5:00 P.M. (PREVAILING EASTERN TIME) (THE "<u>SALE OBJECTION DEADLINE</u>").**

Any person or entity wishing to submit a Sale Objection must do so in writing and state with particularity the grounds for such objections or other statements of position. All Sale Objections shall be served so as to be actually received by no later than the Sale Objection Deadline by the following (collectively, the "<u>Notice Parties</u>"):

i. counsel for the Debtors, (a) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801),

> Attn: James E. O'Neill (joneill@pszjlaw.com) and Steven W. Golden (sgolden@pszjlaw.com); and (b) Pachulski Stang Ziehl & Jones LLP, One Sansome Street, Suite 3430, San Francisco, CA 94104, Attn: Debra I. Grassgreen (dgrassgreen@pszjlaw.com);

ii. counsel to the DIP Lenders and the DIP Agent (collectively, the "<u>DIP Secured Parties</u>") and the Foris Prepetition Secured Lenders (together with the DIP Secured Parties, the "<u>Secured Parties</u>"), (a) Goodwin Procter LLP, 620 Eighth Avenue, New York, NY 10018, Attn: Michael H. Goldstein, Esq. (mgoldstein@goodwinlaw.com), Alexander J. Nicas, Esq. (anicas@goodwinlaw.com), and Debora A. Hoehne, Esq. (dhoehne@goodwinlaw.com); and (b) Troutman Pepper Hamilton Sanders LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899; Attn: David M. Fournier, Esq. (david.fournier@troutman.com)

iii. counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020-1095; Attn: Gregory Pesce, Esq. (gregory.pesce@whitecase.com), O'Neill, Esq. (aoneill@whitecase.com), and John Ramirez, Esq. (john.ramirez@whitecase.com); co-counsel to the Committee, Potter Anderson & Corroon LLP, 1313 North Market Street, 6th Floor, Wilmington, DE 19801; Attn: Christopher M. Samis, Esq. (csamis@potteranderson.com), Katelin A. Morales, Esq. (kmorales@potteranderson.com), Sameen Rizvi, Esq. (srizvi@potteranderson.com);

iv. counsel for the Ad Hoc Noteholder Group, (a) Paul Hastings LLP, 1999 Avenue of the Stars, Twenty-Seventh Floor, Century City, CA 90067, Attn.: Frank Merola, Esq. (frankmerola@paulhastings.com); (b) Paul Hastings LLP, 200 Park Avenue, New York, NY 10166, Attn.: John F. Storz, Esq. (johnstorz@paulhastings.com); and (c) Blank Rome, 1201 N. Market Street, Suite 800, Wilmington, DE 19801, Attn.: Stanley B. Tarr, Esq. (stanley.tarr@blankrome.com); and

v. the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: John Schanne (John.Schanne@usdoj.gov).

The failure of any person or entity to file and serve a Sale Objection on or before the Sale Objection Deadline, as applicable, (i) shall be deemed a consent to the Sale(s) to the Successful Bidder(s) and the other relief requested in the Motion, and (ii) shall be a bar to the assertion of any objection the sale(s) of the Lab-to-Market™ Assets to the Successful Bidder(s) (including in any such case, without limitation, the transfer of the Lab-to-Market™ Assets free and clear of all Encumbrances, other than the assumed liabilities).

### III.     The Debtors' Contracts and Leases

The Sale Order, if approved, shall authorize the assumption and assignment or transfer of the Transferred Contracts to the Successful Bidder(s). In accordance with the Bid Procedures Order, notices setting forth the specific Potential Assumed/Assigned Contracts that may be assumed by the Debtors and assigned to the Successful Bidder(s), or sold and transferred to the Successful Bidder(s), and the proposed Cure Amounts for such Potential Assumed/Assigned Contracts will be given to all Contract Counterparties to the Potential Assumed/Assigned Contracts. Such counterparties will be given the opportunity to object to the assumption,

assumption and assignment, or sale and transfer, of a Potential Assumed/Assigned Contract in connection with any restructuring transaction (including a Sale) and the proposed Cure Amount.

**This notice is subject to the full terms and conditions of the Bid Procedures and the Bid Procedures Order, which shall control in the event of any conflict. The Debtors encourage all persons to review such documents and all other Sale-related documents in their entirety and to consult an attorney if they have questions or want advice.**

Dated: [●], 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ DRAFT*
Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
rpachulski@pszjlaw.com
dgrassgreen@pszjlaw.com
joneill@pszjlaw.com
jrosell@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

Document comparison by Workshare Compare on Wednesday, December 20, 2023 10:04:41 AM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4890-9852-4312/1 |
| Description | Amyris- ORDER FOR Lab-to-Market Assets Bid Procedures Motion |
| Document 2 ID | netdocuments://4890-9852-4312/3 |
| Description | Amyris- ORDER FOR Lab-to-Market Assets Bid Procedures Motion |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 12 |
| Deletions | 16 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 28 |