**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                  Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date: January 9, 2024 at 11:00 a.m. (ET)
Objection Deadline: January 2, 2024 at 4:00 p.m. (ET)

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
DEBTORS TO FILE UNDER SEAL CERTAIN INFORMATION RELATED TO
DEBTORS' MOTION PURSUANT TO SECTION 363
OF THE BANKRUPTCY CODE TO ENTER INTO A RELEASE PROTOCOLS
AGREEMENT WITH DSM NUTRITIONAL PRODUCTS LTD. AND FIRMENICH S.A.**

The above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this motion (the "Motion to Seal") for the entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to file under seal certain confidential information contained in the *Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code to Enter into a Release Protocols Agreement with DSM Nutritional Products Ltd. and Firmenich S.A.* [Docket No. 977] (the "Motion")[2] and (ii) the supporting *Declaration of Han Kieftenbeld* [Docket No. 978]. In support of the Motion to Seal, the Debtors respectfully represent as follows:

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4889-3689-9224.2 03703.004

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

**Background**

4. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

5. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") including the following: U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

6. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 18], incorporated herein by reference.

8. The Debtors have been engaged in extensive arm's length negotiations with DSM and its affiliates, including Firmenich S.A., (collectively, "DSM-Firmenich") for approximately four months regarding a comprehensive restructuring of their complex business relationship. These negotiations have culminated in a *Restructuring Term Sheet* (the "Term Sheet"), dated December 13, 2023, by and between the Debtors and DSM-Firmenich, which includes improved pricing terms for the Debtors. In the Motion, the Debtors seek authority to enter into a related Release Protocols Agreement, which will enable the Debtors to gain the immediate economic benefits of the improved pricing terms. The Release Protocols Agreement is attached to the Motion as Exhibit A.

9. Because of the confidential and proprietary information discussed in the Motion and the attached Release Protocols Agreement, the Debtors seek authority to file portions

of the Motion, including the Declaration of Han Kieftenbeld and the Release Protocols Agreement under seal.

## Relief Requested

10. By this Motion to Seal, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1: (i) authorizing the Debtors to file under seal certain confidential information contained in the Motion, including the entire Release Protocols Agreement; (ii) authorizing the Debtors to file under seal the supporting Declaration of Han Kieftenbeld; and (ii) granting related relief.

## Basis for Relief

11. The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).

12. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate

  or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

  14. Further, Local Rule 9018-1(d) provides, in relevant part, that "any entity seeking to file a document . . . under seal must file a motion requesting such relief." Del. Bankr. L.R. 9018-1(d)(i).

  15. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, *i.e.*, "any order which justice requires." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Glob. Crossing*, 295 B.R. at 724.

  16. The Motion, Release Protocols Agreement, and the supporting Declaration of Han Kieftenbeld contain certain information (the "<u>Confidential Information</u>") relating to various contract provisions and the Debtors' proprietary technology. It is necessary for the Debtors to include this information in the Motion for the Court to grant the requested relief. If the

Confidential Information were to be made public via PACER, such disclosure would be to the detriment of the Debtors, their estates, and their creditors. Accordingly, the Debtors believe that the Confidential Information should be subject to the protections of section 107(b) of the Bankruptcy Code.

17. The Debtors submit that good cause exists for the Court to grant the relief requested herein. To preserve the confidentiality of the information described above, the Debtors seek permission to file the Motion, Release Protocols Agreement, and the supporting Declaration of Han Kieftenbeld under seal and to redact the Confidential Information in publicly filed versions of the Motion, Release Protocols Agreement, and the supporting Declaration of Han Kieftenbeld as described herein.

18. The Debtors have shared or will share unredacted versions of the Motion, Release Protocols Agreement, and the supporting Declaration of Han Kieftenbeld with the Court, the U.S. Trustee, counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders, counsel to DSM, and counsel to the Committee.

### Notice

19. The Debtors will provide notice of this Motion to Seal to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; (d) counsel to DSM-Firmenich; and (e) any party that requests service pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

### No Prior Request

20. No prior request for the relief sought in this Motion to Seal has been made to this Court or any other court.

**Compliance with Local Rule 9018-1(d)**

21.   Contemporaneously with the filing of this Motion to Seal, the Debtors have filed a redacted version of the Motion, Release Protocols Agreement and the supporting Declaration of Han Kieftenbeld on the Court's docket consistent with Local Rule 9018-1(d)(ii).

22.   Pursuant to Local Rule 9018-1(d)(iv), the undersigned counsel for the Debtors certifies that, to the best of the knowledge, information, and belief of counsel for the Debtors, the proposed sealed Motion, Release Protocols Agreement and the supporting Declaration of Han Kieftenbeld does not contain information subject to confidentiality rights of another holder of confidentiality rights other than DSM Nutritional Products Ltd. and Firmenich S.A. who are parties to the Release Protocols Agreement of which the Motion seeks approval.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order: (i) granting the relief requested herein; and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated:  December 20, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ James E. O'Neill* |
| | Richard M. Pachulski (admitted *pro hac vice*) |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Jason H. Rosell (admitted *pro hac vice*) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:  rpachulski@pszjlaw.com |
| |          dgrassgreen@pszjlaw.com |
| |          joneill@pszjlaw.com |
| |          jrosell@pszjlaw.com |
| |          sgolden@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |