## Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING DEBTORS TO FILE UNDER SEAL CERTAIN INFORMATION RELATED TO DEBTORS' MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE TO ENTER INTO A RELEASE PROTOCOLS AGREEMENT WITH DSM NUTRITIONAL PRODUCTS LTD. AND FIRMENICH S.A.**

Upon consideration of the motion (the "Motion to Seal")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for the entry of an order (this "Order"): (i) authorizing the Debtors to file under seal certain confidential information contained in the *Motion of the Debtors Pursuant to Section 363 of the Bankruptcy Code to Enter into a Release Protocols Agreement with DSM Nutritional Products Ltd. and Firmenich S.A.* [Docket No. ___] (the "Motion"), including the entire Release Protocols Agreement; (ii) authorizing the Debtors to file under seal the supporting *Declaration of Han Kieftenbeld*; and (iii) granting related relief, all as more fully set forth in the *Motion to Seal*; and upon consideration of the *First Day Declaration*; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion to Seal.

core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion to Seal in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion to Seal is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion to Seal and opportunity for a hearing on the Motion to Seal were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed and considered the Motion to Seal; and the Court having determined that the legal and factual bases set forth in the Motion to Seal establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Seal is GRANTED as set forth herein.

2. The Debtors are authorized to file under seal (i) the confidential portions of the Motion, including the entire Release Protocols Agreement, and (ii) the supporting Declaration of Han Kieftenbeld; and such seal shall be maintained pursuant to Local Rule 9018-1. The sealed portions shall remain strictly confidential, and the use of such information shall be subject to Local Rule 9018-1.

3. Unredacted versions of the Motion and the Declaration of Han Kieftenbeld shall not be disseminated to anyone other than: (a) the Court; (b) the U.S. Trustee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; (d) counsel to DSM-Firmenich; and (e) counsel to the Committee, without either: (i) the express consent of the Debtors; or (ii) further order of the Court, which order shall not be granted without notice and an opportunity

to object being provided to the Debtors. Such parties shall be bound by this Order and shall keep all confidential information in the sealed portions of the Objection. Such parties shall not disclose the contents thereof to any party whatsoever.

        4.        The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

        5.        The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

        6.        The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.