IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>                        Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**MOTION TO SHORTEN NOTICE PERIOD AND
SCHEDULE HEARING WITH RESPECT TO THE (I) DEBTORS' MOTION
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE TO ENTER INTO A
RELEASE PROTOCOLS AGREEMENT WITH DSM NUTRITIONAL PRODUCTS
LTD. AND FIRMENICH S.A. AND (II) RELATED MOTION TO SEAL**

The above-captioned debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") file this motion to shorten time (the "Motion to Shorten"), requesting that the Court shorten the notice period and schedule a hearing regarding: (i) the *Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code to Enter into a Release Protocols Agreement with DSM Nutritional Products Ltd. and Firmenich S.A.* (the "Motion to Approve"); and (ii) the related motion to seal with respect to the Motion to Approve (the "Motion to Seal," and together with the Motion to Approve, the "Motions"),[2] filed concurrently herewith.  In support of the Motion to Shorten, the Debtors respectfully represent as follows:

---

[1]   A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Approve or the Motion to Seal, as applicable.

DE:4854-5059-3432.1 03703.004

**Relief Requested**

1. By this Motion to Shorten, pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors respectfully request entry of an order (the "Proposed Order"): (a) shortening notice on the Motions; (b) setting a hearing to consider the Motions before the United States Bankruptcy Court for the District of Delaware (the "Court") on January 9, 2024 at 10:00 a.m. (Eastern Time) (the "Hearing"); (c) setting a deadline for objections to the Motions for January 2, 2024 at 4:00 p.m. (Eastern Time); (d) authorizing the Debtors to file a Certification of No Objection on or after January 3, 2023 at 4:00 p.m. (Eastern Time) in the event that no objections are filed to the Motions; and (e) granting such other and further relief as the Court deems just and proper.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

## **Background**

5. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

6. On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") including the following: U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

7. The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8. A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") [Docket No. 18], incorporated herein by reference.[3]

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Basis for Relief**

9. Local Rule 9006-1 provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Bankruptcy Rule 6004 provides that "[n]otice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k)." Fed. R. Bankr. P. 6004(a). Bankruptcy Rule 2002 provides that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of . . . a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2).

10. Local Rule 9006-1 provides, in pertinent part, that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1 requires that "the deadline for objection(s) shall be seven (7) days before the hearing date." Del. Bankr. L.R. 9006-1(c)(ii).

11. Bankruptcy Rule 9006 authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an *ex parte* basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *see also In re Chateaugay Corp.*, 111 B.R. 399, 407–08 (S.D.N.Y. 1990) (affirming the bankruptcy court's decision to shorten a notice period where there was no prejudice to the non-moving party and where cause was shown).

12. The exigencies here justify shortening notice of the Motions. The Motion to Approve seeks authority under section 363(b) of the Bankruptcy Code to enter into a Release Protocols Agreement with DSM Nutritional Products Ltd. and Firmenich S.A. ("DSM-Firmenich") and is subject to the 21-day notice period of Bankruptcy Rule 2002(a). By the Motion to Seal, the Debtors seek to file certain confidential information in the Motion to Approve under seal. Accordingly, the Debtors seek to shorten the notice period by only one day so that the Motions may be heard at the omnibus hearing on January 9, 2024. Without shortened notice, the hearing on the Motion to Approve would need to be heard at a later date, delaying consummation of the Release Protocols Agreement to the detriment of the Debtors' estates and stakeholders. Moreover, there will be no prejudice to other parties in granting the relief requested in this Motion to Shorten.

13. For these reasons, the Debtors respectfully request that the Court shorten notice of the Motions to twenty (20) days to have them heard on January 9, 2024 at 10:00 a.m. (Eastern Time). The Debtors further request that the Court set the deadline for objections to the Motions for January 2, 2024 at 4:00 p.m. (Eastern Time) and authorize the Debtors to file a Certification of No Objection on or after January 3, 2023 at 4:00 p.m. (Eastern Time) in the event that no objections are filed to the Motions.

14. Parties in interest will receive copies of the Motions via email or overnight mail as of the filing date. Copies of the Motions are also available on the Debtors' case website at https://cases.stretto.com/amyris/. Accordingly, shortening notice for the Motions will not unduly prejudice any parties in interest.

**Compliance with Local Rule 9006-1(e)**

15. Before filing this Motion to Shorten, counsel to the Debtors notified the U.S. Trustee, counsel for the Committee, and counsel to the Ad Hoc Group of Noteholders of their intention to seek shortened notice with respect to the Motions. Each of the parties either consented or had no objection to the requested for shortened notice.

**Notice**

16. Notice of this Motion to Shorten will be provided by electronic mail or overnight delivery to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; (d) counsel to DSM-Firmenich; and (e) any party that requests service pursuant to Bankruptcy Rule 2002. The Motions are also available on the Debtors' case website at https://cases.stretto.com/amyris/, and the Motions will also be served on the above parties by electronic mail or overnight delivery. The Debtors submit that no other or further notice need be provided.

*[Remainder of Page Intentionally Left Blank]*

**No Prior Request**

17. No prior request for the relief sought in this Motion to Shorten has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: December 20, 2023 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ James E. O'Neill* |
| | Richard M. Pachulski (admitted *pro hac vice*) |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Jason H. Rosell (admitted *pro hac vice*) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:  rpachulski@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | joneill@pszjlaw.com |
| | jrosell@pszjlaw.com |
| | sgolden@pszjlaw.com |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |