# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**Hearing Date [Requested]:  January 9, 2024 @ 11:00 a.m. E.T.**
**Objection Deadline [Requested]:  January 5, 2024 @ 5:00 p.m. E.T.**

## DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING STIPULATION BETWEEN DEBTORS AND JPMORGAN CHASE BANK, N.A. (I) AUTHORIZING DEBTORS TO (A) SUBMIT APPLICATION AND AGREEMENT FOR ISSUANCE OF LETTER OF CREDIT, AND (B) OBTAIN CREDIT UNDER LETTER OF CREDIT AGREEMENT SECURED BY ASSIGNMENT OF CASH SECURITY, AND (II) MODIFYING THE AUTOMATIC STAY TO ALLOW APPLICATION OF ASSIGNED CASH SECURITY <u>UNDER TERMS OF LETTER OF CREDIT AGREEMENT</u>

Amyris, Inc. ("<u>Amyris</u>") and its affiliated debtors and debtors in possession (with Amyris, collectively, the "<u>Debtors</u>") in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>") hereby file this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), pursuant to section 105 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), approving the *Stipulation with JPMorgan Chase Bank, N.A. (I) Authorizing Debtors to (A) Submit Application and Agreement for Issuance of Letter of Credit, and (B) Obtain Credit under Letter of Credit Agreement Secured by Assignment of Cash Security, and (II) Modifying the Automatic Stay to Allow Application of Assigned Cash Security under Terms of Letter of Credit Agreement* (the "<u>Stipulation</u>"), a true and correct copy of which is attached hereto

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

as **Exhibit B**, by and between the Debtors and JPMorgan Chase Bank, N.A. ("JPM," and together

with the Debtors, the "Parties").  In support thereof, the Debtors hereby state as follows:

### Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over

this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy

Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended*

*Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

enter final orders or judgments in connection herewith consistent with Article III of the United

States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 363, and 364

of the Bankruptcy Code.

### Background

**A.      The Chapter 11 Cases**

4.      On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor

filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are

operating their businesses and managing their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee

or examiner has been made in the Chapter 11 Cases.  On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"), including the following members:  U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

5.    Amyris was founded in 2003 to create a more stable supply of a key anti-malarial treatment.  Through Amyris's cutting-edge science, artemisinin—the most effective anti-malarial drug in the world—is now consistently available to treat the deadly disease.  Using the same technological innovations that produced artemisinin, Amyris has become the world's leading manufacturer of ingredients made with synthetic biology.  Amyris provides sustainable ingredients that are eco-friendly alternatives to raw material sourced for flavors and fragrances, sweeteners, cosmetics, pharmaceuticals, and other consumer products.

6.    In addition, Amyris operates a family of consumer brands that use the company's ingredients to meet the growing demand for sustainable, effective, and accessible products, including Biossance® (clean beauty skincare), JVN™ (haircare), Rose Inc.™ (clean color cosmetics), Pipette® (clean baby skincare), OLIKA™ (clean wellness), MenoLabs™ (healthy living and menopause wellness), Stripes™ (menopausal wellness), and 4U by Tia™ (a new clean haircare line).

7.    A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[2]

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

**B.     The Stipulation**

8.     As described more fully in the Stipulation,[3] the Debtors have requested that JPM issue a new letter of credit for its account in the face amount of $70,000.00 in favor of American Alternative Insurance Corporation to secure the Debtors' obligations under a certain import customs bond (the "New LC").

9.     Prior to the Petition Date, Amyris and JPM entered into nine (9) respective *Applications and Agreements for Irrevocable Standby Letters of Credit* (collectively, the "LC Agreements") pursuant to which JPM issued nine (9) corresponding Letters of Credit in various face amounts (collectively, the "Letters of Credit"), to assure the beneficiaries thereunder of Amyris' payment of its monetary obligations to such beneficiaries as Amyris' landlords under various leases of commercial real property, and/or under various continuing import customs bonds. Certain details regarding the LC Agreements and other ancillary agreements executed between the parties are set forth in the recitals of the Stipulation.

10.     The Debtors have now agreed to enter into and deliver to JPM certain agreements as JPM determines are necessary for JPM to issue the New LC, including a new *Application and Agreement for Irrevocable Standby Letter of Credit* and, if necessary, a new *Assignment of Deposit Account* agreement (collectively, the "New LC Agreements").

11.     Further, Amyris has agreed to deposit $77,000.00 of additional cash security as security for payment of Amyris' reimbursement and related obligations arising under the New LC Agreements (the "New Cash Security").

12.     Under the Stipulation, upon Amyris' delivery of the New LC Agreements and the New Cash Security pursuant to the Deposit Assignment, JPM thereby shall, pursuant to Section

---

[3]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

364(d) of the Bankruptcy Code, hold a perfected first priority lien and security interest in and control of the New Cash Security deposited in the Deposit Account under the terms of the Deposit Assignment, to secure payment of the New LC Reimbursement Obligation and the other Liabilities (as defined in the Deposit Assignment) that may arise. The New LC Reimbursement Obligation shall further be entitled to priority as administrative expenses allowed under Section 503(b) of the Bankruptcy Code upon satisfaction of the notice and other procedures under Sections 4, 5 and 6 of this Stipulation. Furthermore, any intended exercise by JPM of its rights to apply the New LC Cash Security against the New Reimbursement Obligation shall be subject to the prior notice and objection terms and procedures as set forth in Sections 4 through 7 of this Stipulation.

13.    As part of the agreement with JPM, the Debtors have agreed to request Court approval of the Stipulation.

### Relief Requested

14.    By this Motion, the Debtors seek entry of the Proposed Order approving the Stipulation, which provides for the following relief: (i) authorizing the Debtors to enter into the new LC Agreements, to incur the New LC Reimbursement Obligation, and to deposit the New Cash Security in the Deposit Account under and pursuant to the Deposit Assignment, as security for payment of the New LC Reimbursement Obligation; (ii) approving, pursuant to section 364(d) of the Bankruptcy Code, the Debtors' obtaining credit and incurring indebtedness under and connection with the New LC Agreements, the New LC, and the New LC Reimbursement Obligation, secured by its assignment and pledge of the New Cash Security to and in favor of JPM under the Deposit Assignment; and (iii) granting JPM relief from the automatic stay imposed under section 362 of the Bankruptcy Code to permit JPM to apply New Cash Security toward satisfaction

of any New LC Reimbursement Obligation that may arise, in accordance with the terms and conditions set forth in the Stipulation.

### Basis for Relief

15.    Section 363(b)(1) of the Bankruptcy Code provides:  "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Thus, subject to court approval, the Bankruptcy Code permits a debtor to enter into a transaction outside the ordinary course of business as long as there are "sound business justifications" that support such action.  *Committee of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (citing *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) and concluding that the Third Circuit follows the "sound business purpose" rather than the only in "emergencies" rule and requires a "good faith" finding).

16.    Section 364(c) of the Bankruptcy Code requires a finding, made after notice and a hearing, that a debtor seeking postpetition financing on a secured basis cannot "obtain unsecured credit allowable under section 503(b)(l) of [the Bankruptcy Code] as an administrative expense."  11 U.S.C. § 364(c).

17.    The Debtors submit that the Stipulation should be approved because it is fair, reasonable, and in the best interest of the Debtors' estates and their creditors.  The Debtors have a business need to maintain certain bonds in place in order to support their ability to purchase goods utilized in their ongoing operations.  Such bonds are supported by letters of credit, such as the New LC to be issued by JPM under the Motion.  Without the New LC, the Debtors' existing bonds could be terminated and the Debtors' business would be adversely impacted.  The Stipulation will

allow for the Debtors to obtain the New LC and is the product of good-faith discussions and arms' length bargaining among the Parties.

18.    Accordingly, the Debtors submit that the Stipulation is in the best interests of the Debtors, their estates, and all stakeholders.

19.    For the reasons set forth above, the Debtors, in an exercise of their sound business judgment, submit that the Stipulation is fair, reasonable, and appropriate and should be approved by this Court.

## NOTICE

20.    Notice of this Motion will be given to the following parties or, in lieu thereof, to their counsel, if known:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Committee; (iii) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; (iv) counsel to JPM; and (v) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Debtors request that this Court enter the Proposed Order approving the Stipulation and grant such other and further relief as may be just and proper.

Dated:  December 22, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
            dgrassgreen@pszjlaw.com
            joneill@pszjlaw.com
            jrosell@pszjlaw.com
            sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**<u>Exhibit B</u>**

**Stipulation**