IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered)<br>**Ref. Docket No. 933** |

**ORDER (I) AUTHORIZING THE ABANDONMENT
OF PROPERTY AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order, pursuant to sections 105(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"):  (i) authorizing the Debtors to abandon the Property; and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

DE:4870-3265-2690.7 03703.004

of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, but not directed, to abandon the Property, and all such Property shall be deemed abandoned as of the date of entry of this Order (the "Abandonment Date"); *provided, however*, that no later than three (3) business days following the Abandonment Date, the Debtors shall file an appropriate notice on the Court's docket reflecting the occurrence of the Abandonment Date and the abandonment of the Property. For the avoidance of doubt, the term "Property" shall include all property of every kind, wherever located, that is held directly or indirectly, presently or in the future, by Global4PL, Ground Force or Expeditors for the direct or indirect benefit of the Debtors or the Debtors' estates, or in which the Debtors have any legal or equitable interest, including, without limitation, property held outside the United States or property being held in bonded warehouses, or property being held at ports.

3. On and after the Abandonment Date, Global4PL, Ground Force, and Expeditors shall be entitled to take such action as may be permitted under applicable law to foreclose, liquidate, or dispose of the Property.

4. To the extent applicable, the automatic stay is hereby modified as may be necessary or appropriate to implement the terms of this Order.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to

such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of any such liens; or (h) a waiver, relinquishment, extinguishment, satisfaction, or compromise of any pre-petition or post-petition claims against the Debtors or the Debtors' estates by Global4PL, Ground Force or Expeditors.

6. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

*Thomas M. Horan*

**Dated: January 5th, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**