# **EXHIBIT C**

**SDNY Claim**

RLF1 30400448v.4

**Fill in this information to identify the case:**

Debtor: Amyris, Inc.

United States Bankruptcy Court for the District of: District of Delaware

Case number: 23-11131

---

Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Lavvan, Inc.

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor: 

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Lavvan, Inc.
Neil Closner
434 West 33d Street
New York, NY 10001
**P:** 416-716-6606
**E:** neil@lavvan.com

Where should payments to the creditor be sent? (if different)

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☒ Yes. Claim number on court claims registry (if known): 641   Filed on: 11/15/2023 (MM/DD/YYYY)

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing?

---

Official Form 410

12363111523347899380001

Page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. **Do you have any number you use to identify the debtor?**
   - ☒ No
   - ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

7. **How much is a claim?** unliquidated

   Does this amount include interest or other charges?
   - ☐ No
   - ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   See addendum

9. **Is all or part of the claim secured?**
   - ☐ No
   - ☒ Yes. The claim is secured by a lien on property

     **Nature of property**
     - ☐ Real estate. If the claim is secured by the debtor's principal residence, file a Mortgage Proof of Claim Attachment (Official Form 410-A) with this Proof of Claim.
     - ☐ Motor vehicle.
     - ☒ Other. Describe: intellectual property

     **Basis for perfection:** UCC financing statement

     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     **Value of property:** unknown
     **Amount of the claim that is secured:** unknown
     **Amount of the claim that is unsecured:** unknown  (The sum of the secured and unsecured amounts should match the amount in line 7.)

     **Amount necessary to cure any default as of the date of the petition:** _____

     **Annual Interest Rate (when case was filed)** _____ %
     - ☐ Fixed
     - ☐ Variable

10. **Is this claim based on a lease?**
    - ☒ No
    - ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

11. **Is this claim subject to a right of setoff?**
    - ☒ No
    - ☐ Yes. Identify the property: _____

| 12. | **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | |
|---|---|---|---|
| | | ☐ Yes. Check one: | Amount entitled to priority |
| | A Claim may be partly priority and partly nonpriority. For example, law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | _____ |
| | | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | _____ |
| | | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4) | _____ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | _____ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | _____ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | _____ |
| | | *Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. | **Is all or part of the claim pursuant to 11 U.S.C § 503(b)(9)?** | ☒ No | |
| | | ☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | |

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date & time    11/15/2023 at 11:30 am PT
                           MM / DD / YYYY HH : MM

/s/Neil Closner
Signature

**Print the name of the person who is completing and signing this claim:**

Name        Neil              Closner
            First Name   Middle Name   Last Name

Title       CEO

Company     Lavvan, Inc.
            Identify the corporate servicer as the company if the authorized agent is a servicer

Address     434 West
            33d Street
            Number      Street

            New York    NY    10001
            City        State  ZIP Code

Contact phone    _____

Email       neil@lavvan.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| | (Jointly Administered) |
| Debtors.<sup>1</sup> | |

## ADDENDUM TO PROOF OF CLAIM FILED BY LAVVAN, INC.

1. This proof of claim (the "**Claim**") is filed by Lavvan, Inc. ("**Lavvan**") against Amyris, Inc. (the "**Debtor**").

2. The basis for this Claim is: Intellectual property claims under the Research, Collaboration and License Agreement dated as of March 18, 2019 as asserted in the United States District Court for the Southern District of New York, Case No. 20-07386-JPO.

3. Lavvan files this Claim with full reservation of rights, including, without limitation, to amend, clarify, or supplement this Claim at any time, in any manner, and for any reason, including but not limited to, fixing or liquidating any claims stated herein, specifying claims for ongoing obligations of the Debtor that are not expressly described herein, or asserting any additional claims, including for secured status or priority (including pursuant to section 507(b) of the Bankruptcy Code), subrogation (equitable or otherwise), state and common law causes of action, and interest owed on account of any claims included herein, and to file additional proofs of claim for additional claims at any time, manner, and for any reason, either before or after the applicable bar date established in these chapter 11 cases.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

4. The execution and filing of this Claim are not (a) a waiver or release of Lavvan's rights against any entity or person liable for all or part of the claims herein, (b) a consent by Lavvan to the jurisdiction of this Court with respect to any proceeding commenced in these chapter 11 cases against or otherwise involving Lavvan, (c) a waiver of Lavvan's right to have any and all final orders in any and all non-core matters entered after *de novo* review by a United States District Court judge or its right to a trial by jury in any proceeding as to any and all matters so triable, whether designated legal or private rights, or in any case or controversy or proceeding related thereto, notwithstanding the designation of such matters as "core proceedings" pursuant to section 157(b) of the Bankruptcy Code or otherwise, and whether such jury trial is pursuant to statute or the United States Constitution; (d) a waiver of the right to withdraw the reference with respect to the subject matter of the claims herein, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving Lavvan, (e) an election of remedy that waives or otherwise affects any other remedy, (f) a waiver or release of Lavvan's rights and remedies under applicable law, (g) a waiver of any right of action that Lavvan has or may have against the Debtor or any other person or entity; and/or (h) a waiver or release of Lavvan's rights against any third party.