

Russell C. Silberglied
Director
302-651-7545
silberglied@rlf.com

January 9, 2024

**VIA CM/ECF**

The Honorable Thomas M. Horan
Unites States Bankruptcy Court District of Delaware
824 North Market Street, 3rd Floor
Wilmington, DE  19801

      RE:    <u>*In re Amyris, Inc., et al.*</u>**, Case No. 23-11131 (TMH)**

Dear Judge Horan:

      I write on behalf of Lavvan, Inc. ("Lavvan") in connection with Foris and Euagore's (collectively, "Foris") January 8, 2024 email and letter to the Court concerning the deposition of Ryan Panchadsaram in connection with plan confirmation.  While neither Foris's email nor its letter refers to it as such, Foris essentially is requesting a protective order against a properly and timely noticed deposition.  Accordingly, the burden is on Foris to show that "good cause" exists to grant a protective order.  *See* Fed. R. Civ. P. 26(c)(1) (made applicable by Fed. R. Bankr. Proc. 7030); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) ("In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection."); *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) ("A party seeking a protective order over discovery materials must demonstrate that 'good cause' exists for the protection of that material."); *In re Am. Bus. Fin. Servs., Inc.*, No. 05-10203 MFW, 2008 WL 3906894, at *3 (Bankr. D. Del. Aug. 20, 2008) ("The burden of proving that good cause exists for the entry of a protective order rests on the party seeking the order.").  Foris has failed to do so.

      Indeed, in the meet and confer sessions between the parties and Foris's email and letter to the Court, Foris has advanced only two arguments: that Mr. Panchadsaram's testimony allegedly would be cumulative of the prospective deposition testimony of Mr. John Doerr and that sitting for a deposition would be "unduly burdensome and disproportional to the needs of the case." Neither argument has merit.

      First, Foris has not articulated to Lavvan or the Court any rationale – much less facts – for contending that Mr. Panchadsaram's testimony would be cumulative of Mr. Doerr's testimony other than the simple facts that both witnesses work for Foris and Mr. Doerr is the ultimate decision maker.  Those facts are unremarkable in litigation; if they sufficed to limit a party's discovery

The Honorable Thomas M. Horan
January 9, 2024
Page 2

rights, no one would ever be able to take more than one deposition of employees of any corporate entity, but every day practice in courts across the country is directly to the contrary. It also should be noted that Mr. Panchadsaram is on the Debtors' board of directors and was a member of its audit committee until shortly before the commencement of the bankruptcy cases, so he is intimately involved and has direct, personal knowledge. Moreover, Lavvan has information indicating that Mr. Panchadsaram's testimony would not be cumulative but rather is necessary. At Lavvan's request in connection with Foris's proposal that Lavvan withdraw its notice of Mr. Panchadsaram's deposition, counsel for Foris recently provided Lavvan with copies of the transcripts of depositions taken by the Official Committee of Unsecured Creditors earlier in this chapter 11 case. Those transcripts make clear that Mr. Panchadsaram's deposition would not be cumulative to Mr. Doerr's: on numerous occasions throughout his deposition, Mr. Doerr testified that he did not know the responses to the Committee's questions but he believed that Mr. Panchadsaram could know the answer. Additionally, the testimony reflects that Mr. Panchadsaram, rather than Mr. Doerr, was the individual for Foris who most directly worked on Foris's negotiations with Amyris. Indeed, Mr. Doerr acknowledged that "Ryan Panchadsaram would lead the negotiations, and then he'd recommend to me that I approve it or not." (Doerr Tr. at 50:4-6; *see also id.* at 62:6-9 ("So the ultimate decision to make the loan was mine, but it was informed by Quinn's recommendation and analysis *and Ryan Panchadsaram's point of view*.") (emphasis added)).

On January 5, 2024, I wrote to Foris's counsel, thanking her for providing me with the deposition transcripts to help make our decision and stating that we believed that the testimony of Mr. Panchadsaram was not cumulative for the reasons explained in the paragraph above. Counsel for Foris did not respond to my email, nor was any rationale provided in their email to the Court. In its letter to the Court, Foris attempts new arguments, all of which lack merit. First, Foris appears to argue that the notice of deposition was defective because it did not enumerate topics. But deposition notices of individuals under Rule 30(b)(1) are not required to enumerate topics, and rarely if ever do so. That is required only of Rule 30(b)(6) depositions of corporate representatives. Second, Foris suggests that Lavvan is required to "articulate[] why the information it seeks from Mr. Panchadsaram cannot be obtained from Mr. Doerr and the other witnesses it is deposing (or documents)." But there is no such Rule of Civil Procedure requiring Lavvan to do so. And Lavvan cannot be put in the position of having to guess what information one deponent or the other has or simply taking Foris's word for it. Notably, in response to Lavvan's request for production of documents, Amyris has produced only a small number of documents (approximately 100 total), none of which are emails.[1] As set forth above, the only probative information that Lavvan has received is the witnesses' prior deposition transcripts, which strongly indicate that Mr. Panchadsaram's testimony would not be cumulative.

---

[1] Amyris attempts to take credit for a significantly larger document production merely because it produced a duplicate set of the Creditors' Committee document production to Lavvan, but *Lavvan did not request those documents in its document requests* and the overwhelming majority have nothing to do with Lavvan's confirmation issues.

Second, Foris has not established that one additional deposition would be "unduly burdensome and disproportional to the needs of the case" in either the meet and confer sessions or its submissions to the Court. There is no basis to assert that one additional, non-cumulative deposition is unduly burdensome and disproportionate to the needs of the case. In the letter, for the first time Foris argues that the deposition would be unduly burdensome and disproportional to the needs of the case because it would "undoubtedly drain valuable resources from the estate (given the number of professionals involved and attending these depositions)" But this Court already considered that very issue in entering an "Order Establishing Confirmation Discovery and Protocols" [Docket No. 919] (the "Protocol Order"). The Protocol Order specifies that Lavvan is entitled to 5 depositions, and Lavvan accordingly noticed 5 depositions: one officer of the Debtors, one advisor of the Debtors, a Rule 30(b)(6) deposition of the Debtors, and Messrs. Doerr and Panchadsaram. Lavvan has complied with the terms of the Protocol Order – which already limits Lavvan to only half of the depositions that otherwise would have been permitted under the Federal Rules. Under these circumstances, Lavvan's targeted requests for a handful of depositions of highly relevant witnesses cannot be deemed unduly burdensome or disproportional to the needs of the case. Moreover, Lavvan has not sought document discovery from Foris, as it was well within its rights to do, so the burden on Foris is less than it reasonably could have expected.

As for what is proportional to the needs of the case, the Court should consider that Foris, an Amyris insider with two Amyris board seats (including Mr. Panchadsaram's), is the main beneficiary of a Plan that is proposing to never pay Lavvan anything at all – not on behalf of its secured claim nor its deficiency claim, if any – and additionally strip it of its rights to pursue claims against individuals through nonconsensual third party releases. If it wants to be the main beneficiary of such an aggressive plan, it is not too much to ask Foris to have two of its employees, both of whom are members of the Debtors' board of directors, sit for depositions.

Finally, Foris argues that it somehow "is telling that only Lavvan requested Mr. Panchadsaram's deposition in connection with plan confirmation, which indicates other parties to these proceedings did not view it to be critical." Not so. Lavvan and the Ad Hoc Crossover Committee had to choose carefully which witnesses they each wanted to depose because the Court limited each to five depositions respectively. Given that the issues that Lavvan and the Ad Hoc Crossover Committee are pursuing are different, it is not surprising that they are seeking one different witness each. To the contrary, Foris's claims of undue burden ring particularly hollow given that Lavvan's noticed witnesses and the Ad Hoc Crossover Committee's noticed witnesses nonetheless largely overlap.

The Honorable Thomas M. Horan
January 9, 2024
Page 4

      I am available at Your Honor's convenience if you wish to have a teleconference or hearing about this matter.

                          Very truly yours,

                          */s/* Russell C. Silberglied

                          Russell C. Silberglied

cc:    David M. Fournier, Esq.
        James E. O'Neill, Esq.
        Christopher M. Samis, Esq.
        John Schanne, Esq.
        Stanley B. Tarr, Esq.
        Matthew P. Ward, Esq.
        Nicholas J. Brannick, Esq.
        Steven W. Golden, Esq.
        Alan J. Kornfeld, Esq.
        Debra I. Grassgreen, Esq.

The Honorable Thomas M. Horan
January 9, 2024
Page 5

        David.Fournier@Troutman.com
        joneill@pszjlaw.com
        csamis@potteranderson.com
        John.Schanne@usdoj.gov
        stanley.tarr@blankrome.com
        matthew.ward@wbd-us.com
        brannickn@ballardspahr.com
        sgolden@pszjlaw.com
        akornfeld@pszjlaw.com
        dgrassgreen@pszjlaw.com