

Russell C. Silberglied
Director
302-651-7545
silberglied@rlf.com

January 9, 2024

**<u>VIA CM/ECF</u>**

The Honorable Thomas M. Horan
Unites States Bankruptcy Court District of Delaware
824 North Market Street
3rd Floor
Wilmington, DE  19801

      **RE:**   *In re Amyris, Inc., et al.*, No. 23-11131 (TMH)

Dear Judge Horan:

Pursuant to the Court's Chambers Procedures regarding discovery disputes, I submit this letter in lieu of a motion to compel regarding the debtors' (the "**Debtors**") responses to Lavvan, Inc.'s ("**Lavvan**," together with the Debtors, the "**Parties**") plan confirmation discovery requests.

<u>Background</u>

In accordance with the *Order Establishing Confirmation Discovery Schedule and Protocols* [Docket No. 919] (the "**Scheduling Order**"), Lavvan served two sets of confirmation discovery requests on the Debtors. *Lavvan, Inc.'s First Set of Confirmation Discovery Requests Directed to Debtors* (the "**First Set**") was served on December 4, 2023, and *Lavvan, Inc.'s Second Set of Confirmation Discovery Requests Directed to Debtors* (the "**Second Set**" and, together with the First Set, the "**Discovery Requests**") was served on December 18, 2023. *See* Docket Nos. 814 & 940. The Debtors served the *Debtors' Objections and Responses to Requests for Production of Documents Contained in Lavvan, Inc.'s First Set of Confirmation Discovery Requests Directed to Debtors* (the "**Debtors' First Production Response**"), the *Debtors' Objections and Responses to Interrogatories Contained in Lavvan, Inc.'s First Set of Confirmation Discovery Requests Directed to Debtors* (the "**Debtors' First Interrogatory Response**"), and the *Debtors' Objections and Responses to Lavvan, Inc.'s Second Set of Confirmation Discovery Requests Directed to Debtors* (the "**Debtors' Second Response**" and, together with the Debtors' First Production Response and the Debtors' First Interrogatory Response, the "**Debtors' Responses**") on December 28, 2023. *See* Docket No. 1054.

■ ■ ■

One Rodney Square ■ 920 North King Street ■ Wilmington, DE 19801 ■ Phone: 302-651-7700 ■ Fax: 302-651-7701

RLF1 30404639v.7          www.rlf.com

The Honorable Thomas M. Horan
January 9, 2024
Page 2

In response to the Discovery Requests, on December 29, 2023, the Debtors produced a grand total of 66 documents, none of which are emails.  On January 7 and 8, 2024, after the deadline mandated in the Scheduling Order that they insisted upon, the Debtors produced another 22 documents, also none of which were emails.[1]

Upon its review of the Debtors' Responses and noting numerous deficiencies therewith, on January 4, 2024, Lavvan wrote to counsel for the Debtors pursuant to Fed. R. Civ. P. 37(a)(1) to raise the issues and invite the Debtors to meet and confer about them.  The Parties then met and conferred on January 6, 2024, in an effort to resolve the discovery issues without intervention from the Court.  While certain issues were narrowed or at least clarified, unfortunately, several discovery disputes remain outstanding and require the Court's intervention, as set forth herein.

Discovery Disputes

In an effort to present only the most pressing issues to the Court, this letter focuses only on certain deficiencies in the Debtors' Responses.  Lavvan reserves the right to present additional issues.

*First*, request numbers 1, 2 and 9 of the First Set request, respectively, all documents and communications referring or relating to "the Plan's classification or treatment of the Lavvan Claims," "subordination or payment of the Lavvan Claims in connection with (or after) the Plan, including but not limited to the timing of such payment," and "(a) the Plan's release provisions and/or (b) the Direct Claims Recovery Pool (as defined in the Plan)."[2]  After noting that many drafts and emails would be subject to the work product doctrine and/or a common interest privilege with Foris, the Debtors' First Production Response asserts that "the Debtors do not believe that there are any non-privileged documents responsive to this Document Request."

The Debtors' response fails to account for, at least, (a) any emails or drafts about these subjects that were shared by or among Amyris personnel and/or its board without lawyers, which would not be privileged or work product, (b) any emails or drafts about these subjects that were shared with the official committee of unsecured creditors, the ad hoc bondholder committee, the ad hoc crossover committee, or any other constituents besides Foris, which also would not be privileged; or (c) any emails that do not contain or seek legal advice, such as emails about business terms.[3] The Debtors have not contended that they even looked to see whether there are any emails

---

[1] The Debtors contend they made a significant document production to Lavvan by copying and sending Lavvan a voluminous set of documents *that were not part of Lavvan's Discovery Requests* – the full production they made to the Creditors Committee earlier in the Chapter 11 cases about a wholly separate set of issues.  That collateral production has nothing whatsoever to do with whether the Debtors have met their obligation to produce the documents to Lavvan that Lavvan actually requested.

[2] The First Set was served prior to the Debtors' submission of the amended plan which changed the concept of a Direct Claims Recovery Pool to specific distributions in exchange for released claims.

[3] Lavvan reserves the right to challenge additional issues with the Debtors' broad assertion after the Debtors produce and Lavvan reviews the "categorical privilege log" described below.

The Honorable Thomas M. Horan
January 9, 2024
Page 3

or drafts that meet these criteria, and it would be very surprising if there were none. Lavvan requests that the Debtors be directed to search for and produce any documents that meet these categories.

During the meet and confer, counsel for the Debtors asserted both (1) a common interest privilege with the official committee of unsecured creditors, which had not been asserted in the Debtors' First Production Response, and (2) a relevance objection. Neither argument has merit. This Court has held that parties do not share a common interest privilege with respect to a plan until they have reached a deal concerning the plan's terms. *See In re Trib. Co.*, No. 08-13141 KJC, 2011 WL 386827, at *5 (Bankr. D. Del. Feb. 3, 2011) (finding that the community of interest privilege arose the day the parties' term sheets were filed, not earlier). As to the relevance objection, non-privileged communications or shared drafts on the very terms that Lavvan has raised as confirmation objections clearly meet the very low bar of relevance for discovery purposes. *See, e.g., In re Energy Future Holdings Corp.*, 513 B.R. 651, 656 (Bankr. D. Del. 2014) (citing *Pierson v. United States*, 428 F. Supp. 384, 387 (D. Del. 1977)) ("The primary issue for determination [of relevancy] before the Court, then, is 'whether the documents and information sought relate to any of the legal or factual issues in dispute.'"). Lavvan requests that the Debtors be compelled to produce documents responsive to these requests, including any emails and drafts of the Debtors' plan.

*Second*, request number 8 of the First Set requests "[a]ll documents and communications referring or relating to the value of the collateral subject to Lavvan's liens." The Debtors' First Production Response asserts that this request "prematurely requests production of information or materials that will be the subject to the expert discovery provisions and timeline set forth in the Confirmation Scheduling and Protocols Order… documents responsive to this Document Request, if any, will be produced… at the time provided for under the Confirmation Scheduling and Protocols Order."

This assertion is inaccurate. Although the Debtors will have to disclose any documents considered or relied upon by their expert under Fed. R. Civ. P. 26(a)(2), that does not shield from production now any responsive documents, whether shown to or relied upon by the expert witness or not. Indeed, were it otherwise, the expert disclosure rule would be turned into a tool to hide documents a party thinks are unfavorable to it by simply not showing responsive documents to an expert (and to prejudicially delay production of documents upon which an expert will rely), which obviously is not the law. Thus, Lavvan requests that the Debtors be compelled to produce all documents responsive to Request 8 now.

*Third*, responses 4 through 7 of the Debtors' First Production Response read: "The Debtors will produce *certain* non-privileged documents responsive to this Document Request" (emphasis supplied). Lavvan requested "*all*" documents responsive to these requests. No explanation was provided as to what the change from "all" to "certain" meant, whether the Debtors assert an objection, and whether the Debtors are withholding documents. To comply with Fed. R. Civ. P. 34(b)(2)(B) and (C), the Debtors must "state with specificity the grounds for objecting to the request, including the reasons" and, if they object, "must state whether any responsive materials

The Honorable Thomas M. Horan
January 9, 2024
Page 4

are being withheld on the basis of that objection." At the meet and confer, Lavvan noted that the Debtors' change from "all" documents to "certain" documents made it unclear whether the Debtors are objecting and whether they are withholding responsive, non-privileged documents and on what basis. In response, counsel for the Debtors confirmed that they were indeed withholding many documents and stated, for the first time, that the reason for their withholding was that there would be numerous documents responsive to the requests – for instance, documents that underlie the projections. Of course, projections, and therefore their reliability and the documents that underlie them, are directly relevant to two key confirmation issues: feasibility and valuation. Thus, Lavvan continued to request these documents. Counsel for the Debtors suggested that if there was a particular document that Lavvan's expert witness needed, the Debtors would consider it. But discovery does not work that way: Lavvan does not have insight into what particular documents the Debtors have, and that's the reason it asked for relevant categories of documents. Lavvan requests that all responsive, non-privileged documents be produced.

*Finally*, at the meet and confer, the Debtors committed to provide at least two requested items to Lavvan, but with the clock quickly ticking, Lavvan still does not have them several days later. Request number 1 of the Second Set requests "[t]he final (or, if not yet finalized, the most recent drafts of the) amended or modified agreements regarding the Debtors' commercial relationships with each of DSM and Givaudan." During the meet and confer, counsel to the Debtors indicated that they expected to provide an unredacted copy of a term sheet with one of those parties for review by Lavvan's attorneys and experts by as soon as January 7 (and that there is no term sheet with the other). However, Lavvan has not received a copy of the term sheet, and time is of the essence if experts are to make use of that information by the expert report deadline, which is two days from now, January 11. Lavvan requests that the Debtors be compelled to produce that term sheet immediately. Additionally, Lavvan pointed out to the Debtors that the Debtors' Responses indicated that a "categorical privilege log" had been produced contemporaneously with the Debtors' Responses, but in fact no such log was produced. Debtors' counsel agreed to produce such a log. Without waiving any rights with respect to whether a categorical log meets discovery obligations, Lavvan requests that such a log be produced forthwith, including so Lavvan can determine whether there are other, currently unknown discovery issues.

Very truly yours,

/s/ Russell C. Silberglied

Russell C. Silberglied

cc:   Richard M. Pachulski, Esq.
      Debra I. Grassgreen, Esq.
      Alan J. Kornfeld, Esq.
      James E. O'Neill, Esq.
      Jason H. Rosell, Esq.

RLF1 30404639v.7

The Honorable Thomas M. Horan
January 9, 2024
Page 5


Steven W. Golden, Esq.
Maxim B. Litvak, Esq.
Tavi C. Flanagan, Esq.
Gillian N. Brown, Esq.