IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**DEBTORS' OBJECTIONS AND RESPONSES TO LAVVAN, INC.'S
NOTICE OF ORAL DEPOSITION OF AMYRIS, INC.**

Amyris, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), by and through the undersigned counsel, hereby object and respond to the *Notice of Oral Deposition of Amyris, Inc.* (the "Notice"), pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "FRCP"), and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), filed by Lavvan, Inc. ("Lavvan").

**GENERAL OBJECTIONS**

1.　The following responses, objections, and reservations of rights (the "General Objections") apply to and are incorporated in the Debtors' responses and objections (the "Responses") to each of the deposition topics listed below (each, a "Topic"), whether or not expressly incorporated by reference in each such Response. The failure to specify any General Objection in the Responses to a Topic is not intended to waive that General Objection. Any additional objections provided in the Responses should be construed as supplementing, and not superseding, these General Objections.

---

[1]　A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

1

2. The specific Responses set forth below are based upon information presently available to the Debtors. The Debtors expressly reserves the right to revise, correct, add to, clarify, amend, or supplement these Responses as necessary. Failure to object in these Responses shall not constitute a waiver of any objection that the Debtors may later interpose, including as to future supplemental Responses.

3. Any testimony provided in response to the Notice is subject to the terms of the *Order Approving Stipulated Confidentiality Agreement and Protective Order* [Docket No. 599] (the "Protective Order") to which Lavvan is a party. If the Debtors provide testimony in response to the Notice, the Debtors will only refer to "Confidential Material" as defined in the Protective Order to the extent Lavvan has the right to access such information under the Protective Order.

4. The Debtors object to the Notice and to each Topic to the extent that they purport to impose any requirement or discovery obligation upon the Debtors greater or different than those required or allowed by the FRCP, the Bankruptcy Rules, and/or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

5. The Debtors object to the Notice and to each Topic to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection (whether based upon statute, rule, order, agreement, or common law). The Debtors do not intend to provide testimony that is privileged or otherwise protected from discovery. Any testimony is not intended to constitute a waiver of any applicable privilege or protection, nor is it intended to waive any objection to the admissibility of such information.

6. The Debtors object to the Notice and to each Topic to the extent they seek information whose disclosure would violate the privacy rights of any individual or court orders restricting the disclosure of information.

7. The Debtors object to the Notice and to each Topic to the extent they prematurely seek information that will be the subject to the expert report and discovery provisions and timeline set forth in the *Order Establishing Confirmation Discovery Schedule and Protocols* [Docket No. 919].

8. The Debtors object to the Notice and to each Topic to the extent they purport to require a witness to answer a contention interrogatory on the Debtors' behalf. Rule 30(b)(6) topics that require a witness to review a particular document, marshal and identify (from memory) all of the facts that might support or relate to a statement made in the particular document, and then provide answers that are identical to the information that would be provided in an answer to a contention interrogatory, are improper. *See, e.g.*, *Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255 (M.D.N.C. 2010) (granting motion for protective order as to 30(b)(6) deposition topic seeking contention testimony); *JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 362 (S.D.N.Y. 2002) ("depositions, including 30(b)(6) depositions, are designed to discover facts, not contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means"); *American Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C. 1995) (when deposing counsel requested a description of the "facts and documents which [the opposing party] contends supports" each of its affirmative defenses, deposing counsel "was asking questions that intruded upon protected work product; in effect, what [deposing counsel] was requesting was insight into [the opposing side's] defense plan").

9.  The Debtors object to the Notice and to each Topic to the extent that they would require their 30(b)(6) witness to provide legal conclusions. *See, e.g.*, *Yahoo!, Inc. v. MyMail, Ltd.*, 2017 U.S. Dist. LEXIS 76154 at *6-8 (N.D. Cal. May 18, 2017); *see also Merck & Co., Inc. v. SmithKline Beecham Pharmaceuticals Co.*, 1999 WL 669354 at *47 (Del. Ch.), *aff'd sub nom.* SmithKline Beecham Pharm. Co. v. Merck & Co., Inc., 746 A.2d 277 (Del. 2000) and *aff'd*, 766 A.2d 442 (Del. 2000) ("[A]ttempt, in a Rule 30(b)(6) deposition, to inquire into the contentions of Merck as to the meaning and legal effect of the parties' rights under the Option Agreement was improper. … ("[A] lay person shouldn't be required to formulate a party's contention in response to deposition questioning.")" (citation omitted)). Courts have cautioned that:

> protection should also be granted from topics that improperly invade attorney opinion work product, such as topics asking for the factual support for a legal characterization or conclusion, the legal significance of facts, or those seeking to probe attorney investigations undertaken for the litigation. As Write and Miller observe, "[q]uestioning of a corporate representative pursuant to Rule 30(b)(6) about the facts underlying allegations in pleadings may present a particular problem verging on taking the deposition of counsel" because "[o]ften the grounds for such allegations are best (or only) known to counsel …."

*BioConvergence LLC v. Emergent BioSolutions, Inc.*, 2023 U.S. Dist. LEXIS 99940, *6 (citation omitted); *see EEOC v. McCormick & Schmick's Seafood Rest., Inc.*, No. WMN-08-984, 2010 U.S. Dist. LEXIS 61603, 2010 WL 2572809 at *3 (citation omitted)(such topics "effectively result in the deposition of opposing counsel").

10.  Even if testimony regarding legal conclusions were adduced, it would not be binding on the Debtors. *See Astenjohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 212, n. 9 at 229 (3d Cir. 2009) (legal conclusion of designee during 30(b)(6) deposition does not preclude later production of evidence contradicting such position).

11. The Debtors object to the Notice and to each Topic to the extent they are ambiguous and too vague to adequately apprise the Debtors of what information is being sought or to permit the Debtors' 30(b)(6) witness to furnish such information with reasonable diligence.

12. The Debtors object to the Notice and to each Topic to the extent they seek information that is not relevant to the issues in this contested matter.

13. The Debtors object to the Notice and each Topic to the extent that they are vague, ambiguous, overbroad, and seek information that is not relevant to any party's claim or defense in these bankruptcy cases in general, and the Confirmation Hearing in particular, nor are proportional to the needs of these bankruptcy cases.

14. The Debtors object to any factual assumptions, implications, and explicit or implicit characterizations of facts, events, circumstances, or issues in the Notice and in each Topics. The Debtors' Responses shall not be construed as admissions of or agreements with any such assumption, implication, or characterization.

15. To the extent that the Debtors state that it will "provide testimony concerning" a particular Topic, such statement is not a representation that the Debtors, in fact, have any knowledge concerning that Topic.

16. The Debtors expressly reserve all objections to specific questions asked at the deposition, including, without limitation, objections to the form of questions and objections based on the attorney-client privilege and the attorney work product doctrine.

**SPECIFIC OBJECTIONS TO TOPICS LISTED IN NOTICE**

The Debtors incorporate by reference its General Objections, above, as if set forth in each Response, below.

1. The Plan's classification or treatment of the Lavvan Claims.

RESPONSE:  The Debtors object to providing testimony regarding this Topic because such testimony calls for the witness to answer a contention interrogatory on the Debtors' behalf and provide legal conclusions regarding classification or treatment under the Plan.

2. Subordination of the Lavvan Claims in connection with the Plan and the projected timing of any payment on account of the Lavvan claims.

RESPONSE:  The Debtors object to providing testimony regarding this Topic because such testimony calls for the witness to answer a contention interrogatory on the Debtors' behalf and provide legal conclusions regarding subordination under the Plan.  The Debtors will designate a witness to provide testimony concerning the "timing and payment on account of the Lavvan claims."

3. The terms of the Exit First Lien Facility.

RESPONSE:  The Debtors object to providing testimony regarding this Topic because such testimony calls for the witness to answer a contention interrogatory on the Debtors' behalf and provide legal conclusions regarding the terms of a contractual relationship.

4.      The Plan Projections, including the underlying support and data for the Plan Projections.

RESPONSE:   The Debtors will designate a witness to provide testimony concerning this Topic.

5.      The value of the Debtors and their business, including any marketing and sale process.

RESPONSE:   The Debtors object to this Topic to the extent it prematurely seeks "value of the Debtors and their business" information that will be the subject to the expert report and discovery provisions and timeline set forth in the *Order Establishing Confirmation Discovery Schedule and Protocols* [Docket No. 919].  The Debtors will designate a witness to provide testimony concerning "any marketing and sale process" information.

6.      The collateral subject to Lavvan's liens.

RESPONSE:  The Debtors object to providing testimony regarding this Topic because such testimony calls for the witness to answer a contention interrogatory on the Debtors' behalf and provide legal conclusions regarding the scope of collateral and liens.  As set forth in the *Debtors' Objection to Claims Nos. 663 and 666 Filed by Lavvan, Inc.* [Docket No. 839] (the "Claim Objection"), "[t]he rights and licenses granted or to be granted by Amyris to Lavvan in the RCL Agreement relate strictly to cannabinoids.  Lavvan's security interest was, therefore, limited to certain intellectual property that was necessary for Amyris to grant the rights and licenses pertinent to biosynthetic cannabinoids under the RCL Agreement."  Claim Objection, ¶ 52 at 19.

7. The Plan's release provisions and the payments on account of Direct Claims.

RESPONSE: The Debtors object to providing testimony regarding the release provisions because such testimony calls for the witness to answer a contention interrogatory on the Debtors' behalf and provide legal conclusions regarding the Plan's release provisions. The *Disclosure Statement With Respect to Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors, As Modified* [Docket No. 893] (the "Disclosure Statement"), which has been approved by the Court as containing "adequate information" for a hypothetical creditor or interest holder to make an informed judgment about the Plan, presents an extensive description of the Plan's release provisions, including a plain-English summary of the releases and injunctions. *See* Disclosure Statement at 10-12. The Debtors will designate a witness to provide testimony concerning the "payments on account of Direct Claims."

8. Feasibility of the Plan.

RESPONSE: The Debtors will designate a witness to provide testimony concerning this Topic.

9. The Plan's satisfaction of the absolute priority rule.

RESPONSE: The Debtors object to providing testimony regarding this Topic because such testimony calls for the witness to answer a contention interrogatory on the Debtors' behalf and provide legal conclusions regarding the absolute priority rule.

10. How the subordination of the Lavvan Claims would operate with respect to the Exit First Lien Facility and the New Common Stock.

RESPONSE:  The Debtors object to providing testimony regarding this Topic because such testimony calls for the witness to answer a contention interrogatory on the Debtors' behalf and provide legal conclusions regarding how subordination would operate under the Plan.

11. Any profits or losses relating to the sale of "Collaboration Cannabinoids" as defined in the Award issued by the International Chamber of Commerce International Court of Arbitration dated November 21, 2023.

RESPONSE:  The Debtors will designate a witness to provide testimony concerning this Topic.

| | |
|---|---|
| Dated:  January 10, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ James E. O'Neill* |
| | Richard M. Pachulski (admitted *pro hac vice*) |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | Alan J. Kornfeld (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | rpachulski@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | akornfeld@pszjlaw.com |
| | joneill@pszjlaw.com |
| | *Counsel to the Debtors and Debtors in Possession* |