**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al.*, | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered) |

**Hearing Date:  January 24, 2024 at 10:00 a.m. (ET)**
**Objection Deadline:  January 17, 2024 at 4:00 p.m. (ET)**

**DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING
ABANDONMENT OF PROPERTY AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (the "Debtors") file this motion (the "Motion"), pursuant to sections 105(a) and 554(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**:  (a) authorizing the Debtors to abandon certain inventory and other property (the "Property") currently being held by the entities listed herein; and (b) granting related relief.  In support of this Motion, the Debtors respectfully represent as follows:

**Jurisdiction and Venue**

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2),

---

[1]     A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007.

## Background

### A.      General Background

4.      On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Cases.

5.      On August 27, 2023, the Office of the United States Trustee (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") including the following: U.S. Bank Trust Co. NA; Cosan U.S. Inc.; Sartorius Stedim North America Inc.; Hearst Magazine Media Inc.; Wiley Companies; Park Wynwood LLC; and Allog Participacoes Ltda.

6.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7.      A detailed description of the Debtors' business and facts precipitating the filing of the Debtors' chapter 11 proceedings are set forth in the *Declaration of Han Kieftenbeld in Support*

*of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration")

[Docket No. 18], incorporated herein by reference.[2]

**B.      The Property**

8.      The following chart sets forth information on the Property that is the subject of

this Motion:

| Entity Holding Property | Location | Amount Owed As Of Petition Date | Description | Notes |
|---|---|---|---|---|
| Cassil Freight Inc. | California | $47,722 | Pipette hand sanitizer (expired) | N/A |
| Tipton Mills Foods, LLC – d/b/a Tipton Mills – Trinity Companies, LLC | Columbus, Indiana | $39,720 | Purecane inventory | Production vendor that has been charging the Debtors for storage for discontinued brand |
| Minimus LLC | California | $16,785 | Terasana inventory | Discontinued brand |
| CH Robinson | Des Plaines, Illinois | $26,159 | Olika hand sanitizers; book value unknown | Discontinued brand |

9.      As a result of the amounts owed as set forth above, the Property is subject to

warehouse liens asserted by certain of the entities in possession of the Property.  The Debtors believe

that the Property is not necessary for the Debtors' business, may not be salable (for example, due to

an impending or passed expiration date), and could only be liquidated at a substantial discount to

book value.

10.      The Debtors have determined, in the exercise of their sound business judgment, that

it would be unduly burdensome and uneconomical to resolve the warehouse liens and monetize the

Property.  Indeed, the Debtors believe that, even if they were to monetize the Property, the effect of

having to pay the entities in possession of the Property in full to release the warehouse liens would

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

result in any such transaction having a net negative effect on the Debtors' estates.  Accordingly, the Debtors believe that abandonment of all of the Debtors' interest in the Property would be in the best interests of the Debtors' estates, their creditors, and stakeholders.

## Relief Requested

11.     By this Motion, the Debtors seek the entry of an order, pursuant to sections 105(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rules 6004 and 6007:  (a) authorizing, but not directing, the Debtors to abandon the Property; and (b) granting related relief.

## Basis for Relief

### A.     Abandonment of the Property is Warranted

12.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Moreover, the abandonment or disposal of property of the estate is permitted by Bankruptcy Rule 6007(a).  *See* Fed. R. Bankr. P. 6007(a) ("[T]he trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property . . . .").  In addition, section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

13.     Debtors are afforded significant discretion in determining the value and benefits of particular property for purposes of deciding whether to abandon it.  *See, e.g.*, *In re Contract Research Sols., Inc.*, No. 12-11004 (KJC), 2013 Bankr. LEXIS 1784, at *11 (Bankr. D. Del. May 1, 2013) (citations and internal quotation marks omitted) ("[T]he debtor need only demonstrate that it has exercised sound business judgment in making the determination to abandon.").  Courts have held that "[t]he trustee's power to abandon property is discretionary."  *In re Slack*, 290 B.R. 282, 284 (Bankr. D.N.J. 2003) (citations omitted).  A debtor may abandon estate assets that are of

"inconsequential value and benefit to the estate" or that are "burdensome to the estate." *In re Reich*, 54 B.R. 995, 1004 (Bankr. E.D. Mich. 1985). A debtor's right to abandon property in accordance with section 554(a) of the Bankruptcy Code is virtually unfettered except when such abandonment would contravene laws designed to protect public health and safety or pose an imminent threat to the public's welfare. *See, e.g.*, *In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). The decision to abandon must merely reflect "business judgment made in good faith" that rests on a reasonable basis. *In re Cult Awareness Network, Inc.*, 205 B.R. 575, 579 (Bankr. N.D. Ill. 1997).

14.     The right to abandon exists so that "burdensome property" can be removed and "the best interests of the estate" will be furthered. *South Chicago Disposal, Inc. v. LTV Steel Co. Inc. (In re Chateaugay Corp.)*, 130 B.R. 162, 166 (S.D.N.Y. 1991). The party opposing abandonment must show some likely benefit to the estate, not mere speculation about possible scenarios in which there might be a benefit to the estate. *In re Slack*, 290 B.R. at 284 (citing *In re Cult Awareness Network, Inc.*, 205 B.R. at 579). The court need only find that the debtor made: (a) a business judgment, (b) in good faith, (c) upon some reasonable basis, and (d) within the scope of the debtor's authority. *See id.* (citing *In re Fulton*, 162 B.R. 539, 540 (Bankr. W.D. Mo. 1993)); *see also In re Wilson*, 94 B.R. 886, 888–90 (Bankr. E.D. Va. 1989).

15.     Here, the Debtors' request for authorization to abandon the Property pursuant to section 554 of the Bankruptcy Code is an exercise of sound and reasonable business judgment and is in the best interest of the Debtors' estates, their creditors, and stakeholders. The Debtors no longer require the Property for the administration of their estates. Moreover, in light of the value of the Property, the existence of the warehouse liens, and the anticipated costs that would be associated with efforts to monetize the Property, the Debtors have determined that the Property is of inconsequential value to the Debtors' estates. The costs of storing, transporting, and marketing the Property would substantially exceed the value that the Debtors could reasonably expect to generate

from the sale of the Property.  Additionally, the abandonment of the Property would not pose any

risk to public health or welfare.

16.     Accordingly, to reduce postpetition administrative costs, and in the exercise of the

Debtors' sound business judgment, the Debtors believe that the abandonment of the Property is

appropriate and in the best interests of the Debtors' estates, their creditors, and stakeholders.

### Waiver of Bankruptcy Rules 6007(a) and 6004(h)

17.     To implement the foregoing successfully, the Debtors seek a waiver of the notice

requirements under Bankruptcy Rule 6007(a) and the 14-day stay of an order authorizing the use,

sale, or lease of property under Bankruptcy Rule 6004(h).

*[Remainder of Page Intentionally Left Blank]*

**Notice**

18.     Notice of this Motion will be provided to the following parties, or, in lieu thereof, their counsel, if known:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Committee; (c) counsel to the DIP Lenders, DIP Agent, and the Foris Prepetition Secured Lenders; and (d) any party that requests service pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice need be provided.

**No Prior Request**

19.     No previous request for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto:  (a) granting the Motion; (b) authorizing the Debtors to abandon the Property; and (c) granting such other and further relief as the Court deems just and proper.

Dated:  January 10, 2024

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ James E. O'Neill*

Richard M. Pachulski (admitted *pro hac vice*)
Debra I. Grassgreen (admitted *pro hac vice*)
James E. O'Neill (DE Bar No. 4042)
Jason H. Rosell (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  rpachulski@pszjlaw.com
         dgrassgreen@pszjlaw.com
         joneill@pszjlaw.com
         jrosell@pszjlaw.com
         sgolden@pszjlaw.com

*Counsel to the Debtors and Debtors in Possession*