IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AMYRIS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131-TMH<br><br>(Jointly Administered) |

**RESPONSE AND RESERVATION OF RIGHTS OF DISRUPTIONAL LTD. AND VEST BEAUTY LABS LP REGARDING DEBTORS' SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

Disruptional Ltd. & Vest Beauty Labs LP, and their respective divisions and subsidiaries (collectively the "Claimants"), by their undersigned attorneys, hereby file this response and reservation of rights ("Reservation of Rights") to the *Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Doc. No. 892] (the "Plan") and the proposed establishment of a disputed claims reserve (the "Reserve"). In support thereof, Claimants respectfully state as follows.

**BACKGROUND**

1. On August 9, 2023 (the "Petition Date"), Amyris, Inc. ("Amyris") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions in this Court commencing cases for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

2. On November 15, 2023, Claimants timely filed two proofs of claim (the "Proofs of Claim") in respect of their prepetition claims against the Debtors arising from amounts owed under

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https:\cases.stretto.com\amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

the Share Purchase Agreement, dated as of August 31, 2021, pursuant to which Amyris acquired Claimants' equity in Beauty Labs International Ltd. The Proofs of Claim assert unsecured claims in the amount of $48,321,750.00 [Claim No. 589] and $16,107,250.00 [Claim No. 588]. The Debtors have Claimants' claims consolidated and scheduled as a contingent, unliquidated and disputed claim in the aggregate amount of $30 million. [Docket No. 356, p. 166] (Amyris Schedule No. 2584880).

3. The Proofs of Claim have not been objected to and therefore are deemed allowed under section 502(a) of the Bankruptcy Code. 11 U.S.C. § 502(a). Nevertheless, the Plan purports to treat the Proofs of Claim as Disputed Claims. *See* Plan, §§ I.A.11 (definition of "Allowed") & § I.A.79 (definition of "Disputed"). The Plan proposes to "establish one or more reserves of the applicable consideration for any Claims against any Debtor that are Disputed Claims as of the Distribution Record Date." [Docket No. 892, p. 66]. It is not clear to Claimants how the Debtors intend to calculate the amount to be set aside for the Reserve, and whether such Reserve will account for Claimants' asserted aggregate claim amount of $64,429,000.00, which reflects their claims accrued as of the Petition Date.

**RESPONSE AND RESERVATION OF RIGHTS**

4. Claimants reserve their rights to object to the extent the Reserve is not funded with an amount sufficient to provide a pro rata distribution based on the full value of their allowed claim to which they are entitled under the Plan. To that end, the Plan or Confirmation Order must provide that Claimants will receive advance notice and an opportunity to object and be heard by the Court if the Reorganized Debtors, Plan Administrator, or Creditor Trust, as applicable, intend to establish a Reserve in respect of the Proofs of Claim in an amount less than the pro rata distribution on the asserted aggregate amount of the Proofs of Claim.

5. Claimants reserve all rights to amend or supplement this Reservation of Rights, and nothing contained herein, nor the exclusion of any argument, shall act as a waiver or otherwise preclude Claimants with respect to any issues related to their respective claims.

WHEREFORE, Claimants respectfully request that their rights and reservations as set forth above be explicitly maintained and reserved in any Confirmation Order or any subsequently proposed chapter 11 plan, and for further such relief as may be just and appropriate.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: January 18, 2024<br>Wilmington, Delaware | **MORRIS NICHOLS ARSHT & TUNNELL LLP**<br><br>/s/ *Matthew B. Harvey*<br><br>Matthew B. Harvey (No. 5186)<br>Avery Jue Meng (No. 7238)<br>1201 N. Market St., 16th Floor<br>Wilmington, DE 19801<br>Tel: (302) 658-9200<br>Fax: (302) 225-2571<br>E-mail: mharvey@morrisnichols.com<br>            ameng@morrisnichols.com<br><br>- and -<br><br>**SIMPSON THACHER & BARTLETT LLP**<br><br>Stephen P. Blake, Esq.<br>Hilary A. Soloff, Esq.<br>425 Lexington Avenue<br>New York, NY 10017<br>Tel: (212) 455-2000<br>Fax: (212) 455-2502<br>Email: sblake@stblaw.com<br>            hilary.soloff@stblaw.com<br><br>*Counsel to Disruptional Ltd. and & Vest Beauty Labs LP* |