IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC. *et al.*,[1] | Case No.: 23-11131 (TMH) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF FRANK MEROLA IN SUPPORT OF THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

I, Frank Merola, declare as follows under penalty of perjury:

1. I am over the age of 18, and I am authorized to submit this declaration on behalf of the Ad Hoc Noteholder Group of holders of the 1.5% Convertible Senior Notes due 2026 (the "Ad Hoc Noteholder Group") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors").

2. I submit this declaration in support of the Debtors' *Third Amended Joint Chapter 11 Plan of Reorganization*[2].

3. Unless otherwise indicated, the statements set forth in this declaration are based on (i) my personal knowledge, (ii) information learned from my review of relevant documents, (iii) information I received from the Debtors or their advisors, (iv) information received from the team at Paul Hastings LLP ("Paul Hastings"), (v) information received from the Ad Hoc

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Third Amended Joint Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors* [Docket No. 1170] (the "Plan") or the *Disclosure Statement With Respect to Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Docket No. 893].

Noteholder Group's professionals, including Berkeley Research Group ("BRG") and MoloLamken LLP ("MoloLamken"), or (vi) my experience as a restructuring professional. I am not being specifically compensated for this testimony other than through payments Paul Hastings is to receive as an Ad Hoc Noteholder Group-retained professional, which was approved by this Court.

4. If I were called upon to testify, I would testify competently to the facts set forth in this declaration.

I. **PROFESSIONAL BACKGROUND**

5. I am a partner at Paul Hastings, where I specialize in providing legal advice to debtors, creditors, official and ad hoc committees, acquirers and equityholders both in chapter 11 and out-of-court restructurings. Paul Hastings is a global law firm that provides services in a variety of areas. Paul Hastings's expertise includes advising debtors, creditors, official and ad hoc committees, acquirers and equityholders both in chapter 11 and out-of-court restructurings and enjoys an excellent reputation for the results it has obtained in chapter 11 cases throughout the United States.

6. In March, 2023, a group of holders of the Debtors' 1.50% convertible unsecured notes due 2026 (the "Convertible Notes") formed and retained Paul Hastings as its legal counsel and BRG as financial advisor for the purpose of addressing the Debtors' financial condition and performance under the Convertible Notes. Further, in October, 2023, MoloLamken was retained by the Ad Hoc Noteholder Group as litigation counsel. Since then, Paul Hastings has worked closely with BRG and MoloLamken to maximize recoveries for the holders of the Convertible Notes in these cases.

7. I received a Bachelor of Science from the Georgetown University and a juris doctor from the University of California, Los Angeles, School of Law. I have over 35 years' experience

in corporate finance, creditor rights, and restructuring and turnaround services. I have extensive experience providing legal advisory services in restructurings and reorganizations for official committees and ad hoc groups, including assessing and monitoring the efforts of debtors and their professional advisors to maximize the value of their estates and to reorganize successfully.

**II.    THE AD HOC NOTEHOLDER GROUP' INVESTIGATION AND ANALYSIS.**

8.    Paul Hastings, BRG and MoloLamken engaged in an intensive investigation and analysis upon their engagement to determine the best outcome for unsecured creditors in these chapter 11 cases.

9.    Starting in mid-August 2023, the Debtors provided Paul Hastings and BRG of the Ad Hoc Noteholder Group with access to a comprehensive data room (the "Noteholder VDR"). The Ad Hoc Noteholder Group conducted an investigation focused on four principal matters: (i) whether the Debtors' Board of Directors (the "Board") and the officers considered selling the same brands that are going to be sold as part of the plan earlier; (ii) whether the Board and the officers improperly delayed implementing cost cutting measures; (iii) whether the Board and officers improperly approved prepetition loans to the Foris lenders; and (iv) whether the representations to the investors about the Fit to Win strategy were, in fact, false.

10.    Specifically, the Ad Hoc Noteholder Group, through MoloLamken, investigated potential causes of action against the Debtors, their officers, directors, employees, and professionals, including, without limitation, claims for: (i) breach of fiduciary duty or aiding and abetting breach of fiduciary duty; (ii) recharacterization; (iii) equitable subordination; (iv) fraudulent transfer, including under federal and state law; and (v) common-law fraud. On October 18, 2023, in connection with its investigation, MoloLamken, on behalf of the Ad Hoc Noteholder Group served thirty requests for production of documents on the Debtors pursuant to Bankruptcy Rule 2004 (the "Noteholder 2004 Requests"). The Debtors met and conferred with the Ad Hoc

Noteholder Group on October 20, 2023, and agreed to produce all nonprivileged documents and communications that had already been (or would in the future be) produced to the Committee in response to the Committee's Rule 2004 requests. In addition, the Debtors agreed to conduct a limited search of email communications responsive to one Noteholder 2004 Requests for a fourth Agreed Custodian. On November 2, 2023, the Debtors agreed to run additional Agreed Search Terms at the Ad Hoc Noteholder Group's and Committee's joint request. The Ad Hoc Noteholder Group attended and coordinated with the Committee with respect to their participation in each of the depositions. To investigate the factual basis for these claims, the Ad Hoc Noteholder Group also reviewed materials produced in these cases pursuant to prior stakeholders' document requests and interrogatories, as well as publicly available information. Disputes over certain document requests served by the Ad Hoc Noteholder Group required the Ad Hoc Noteholder Group to serve a motion to compel discovery from Foris pursuant to Bankruptcy Rule 2004, which the Court granted in part in November 2023. Further, in the course of its factual investigation, the Ad Hoc Noteholder Group deposed certain officers and directors of the Debtors in November 2023. The topics covered by the Ad Hoc Noteholder Group's investigation included, without limitation, (i) the management of the Company; (ii) the board of directors' oversight of the Debtors' management; (iii) financing transactions entered into, proposed, or considered by the Debtors, including, without limitation, prepetition financing to the Debtors provided by Foris; (iv) potential prepetition strategic transactions considered or available to the Debtors, including, without limitation, the potential sale of consumer brands owned by the Debtors; and (v) statements made to investors and the public in connection with certain cost-cutting measures entered into by the Debtors.

11.    The Ad Hoc Noteholder Group also extensively coordinated with the Committee to pursue discovery, analyze potential causes of action, and avoid duplication of effort.  After extensive discussion with its members, its professional advisors, and the Committee, the Ad Hoc Noteholder Group concluded that the settlement with the Debtors and the Foris Prepetition Secured Lenders (including the retention of certain litigation claims to be prosecuted by a litigation trust for the benefit of unsecured creditors) likely provided better value than the potential causes of action that the Ad Hoc Noteholder Group had investigated.

[*Remainder of page intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 22, 2024
       Wilmington, Delaware

                                            */s/ Frank Merola*
                                               Frank Merola
                                               Partner
                                               Paul Hastings LLP