**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMYRIS, INC., *et al*., | Case No. 23-11131 (TMH) |
| Debtors.[1] | (Jointly Administered)<br>**Ref. Docket No. 1121** |

**ORDER (A) AUTHORIZING REJECTION**
**OF RSU AGREEMENTS AND (B) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"): (a) authorizing the Debtors to reject the RSU Agreements effective as of the Rejection Effective Date (January 30, 2024); and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Debtors' notice of the Motion via email and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion

---

[1]  A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      Under the facts and circumstances set forth in the Motion, service of Notice of the Motion via e-mail to the counterparties of the RSU Agreements is determined to be sufficient, adequate and appropriate.

3.      Pursuant to section 365 of the Bankruptcy Code, the RSU Agreements, including any amendments, restatements, supplements, and associated statements of work associated with the RSU Agreements, shall each be deemed rejected as of the Rejection Effective Date.

4.      Within three (3) calendar days after entry of this Order, the Debtors will serve this Order on the counterparty to each RSU Agreement.

5.      Counterparties to RSU Agreements that are rejected pursuant to this Order must file a proof of claim relating to the rejection of such RSU Agreements, if any, by the later of: (a) any applicable claims bar date established in these Chapter 11 Cases; or (b) 30 days after entry of this Order.

6.      The Debtors reserve their rights to assume, assign, or reject other executory contracts or unexpired leases, and nothing herein shall be deemed to affect such rights.

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular

4887-0036-1115.4 03703.004

claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

8.      Notwithstanding the possible applicability of Rules 6004(g), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: January 22nd, 2024**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

4887-0036-1115.4 03703.004