<u>**EXHIBIT A**</u>

**(CREDITOR TRUST AGREEMENT)**

*(Form of Agreement – Subject to Amendment and Conforming Modifications)*

## CREDITOR TRUST AGREEMENT

This Creditor Trust Agreement (this "Agreement"), dated as of [●], 2024, by and between Amyris, Inc. and its affiliated debtors and debtors in possession (the "Debtors")[1] in the Chapter 11 Cases (as defined below) and Alexandre Zyngier, of Batuta Capital Advisors LLC, not individually, but solely in its capacity as Creditor Trustee, pertains to the administration of the Creditor Trust pursuant to the terms of the Plan (as defined below), and is made effective as of the Effective Date thereof.

## RECITALS

(A)    On August 9, 2023 and August 21, 2023, as applicable, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "Chapter 11 Cases"). The Chapter 11 Cases are jointly administered under Case Number 23-11131 (TMH).

(B)    On August 27, 2023, the Office of the United States Trustee for the District of Delaware appointed the official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 152].

(C)    On December 12, 2023, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Docket No. 892] (as may be amended, modified, or supplemented in accordance with its terms, the "Plan")[2] and the *Disclosure Statement With Respect to Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Docket No. 893] (the "Disclosure Statement").

(D)    On December 13, 2023, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement; (II) Scheduling Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving Form and Content of Solicitation Materials; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Materials; (C) Approving Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Approving Form and Manner of Notice of Plan Releases; (VI) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan; and (VII) Granting Related Relief* [Docket No. 897] (the "Disclosure Statement Order").

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

(E)     On December 14, 2023, the Debtors filed the *Notice of Filing Executed Revised Amended and Restated Plan Support Agreement and Joinders of the Official Committee of Unsecured Creditors and the Ad Hoc Noteholder Group* [Docket No. 910].

(F)     On January 9, 2024, the Debtors filed the *Plan Supplement for the Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors, as Modified* [Docket No. 1112] (as amended, modified, or supplemented, the "Plan Supplement"), which included a substantially completed version of this Agreement.

(G)     On [●], 2024, the Bankruptcy Court entered the order confirming the Plan [Docket No. [●]] (the "Confirmation Order").  A copy of the confirmed Plan is attached hereto as **Exhibit 1**.

(H)     The Plan and Confirmation Order provide for the creation of a Creditor Trust, to be established on the Effective Date on behalf, and for the benefit, of the Creditor Trust Beneficiaries and to hold, administer, investigate, prosecute, liquidate and distribute the Creditor Trust Assets to the Creditor Trust Beneficiaries, in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.  This Agreement is executed to establish the Creditor Trust and to facilitate the implementation of certain aspects of the Plan.

(I)     The Creditor Trustee has been selected to be a Disbursing Agent under the Plan, with responsibility for facilitating distributions, allocations, and/or issuances to holders of Allowed Claims in Classes 7 and 8 in accordance with, and pursuant to, the Plan.

(J)     The respective powers, authority, responsibilities, and duties of the Creditor Trustee shall be governed by this Agreement, the Plan, the Confirmation Order, and any other applicable orders issued by the Bankruptcy Court.

(K)     This Agreement is intended to supplement, complement, and implement certain aspects of the Plan; *provided*, *however*, that if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then this Agreement shall govern.

(L)     The Creditor Trust is intended to qualify as a "liquidating trust" for all purposes of the Investment Company Act of 1940, as amended.

(M)     In accordance with the Plan, the Creditor Trust Interests are intended to be exempt, to the extent applicable, from the requirements of the Securities Act of 1933, as amended, and any applicable state and local laws requiring registration of securities, pursuant to section 1145 of the Bankruptcy Code.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the parties to this Agreement agree as follows:

## ARTICLE I
## DEFINITIONS

Any capitalized term used, but not otherwise defined, herein shall have the meaning set forth in the Plan.  For purposes of this Agreement, the following terms shall have the meanings set forth below:

"**Ad Hoc Group**" means the informal ad hoc group of certain holders of Convertible Notes represented by Paul Hastings LLP, as primary counsel, and Blank Rome LLP, as local counsel, as further described in the *Verified Statement of the Ad Hoc Noteholder Group Pursuant to Bankruptcy Rule 2019* [Docket No. 129].

"**Agreement**" means this Creditor Trust Agreement.

"**Available Net Creditor Proceeds**" shall have the meaning set forth in <u>Section 8.1</u> herein.

"**Avoidance Actions**" means any and all actual or potential avoidance, recovery, subordination, or other Causes of Action, or remedies that constitute Creditor Trust Assets that may be brought by or on behalf of the Debtors or their Estates or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy Law, including Causes of Action, or remedies arising under chapter 5 of the Bankruptcy Code or under similar or related local, state, federal, or foreign statutes or common Law, including fraudulent transfer Laws.

"**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware, presiding over the Chapter 11 Cases, or any other court having jurisdiction over the Chapter 11 Cases, including, to the extent of the withdrawal of reference under 28 U.S.C. § 157 and/or the General Order of the District Court pursuant to section 151 of the Judicial Code, the United States District Court for the District of Delaware.

"**Cause**" means, for purposes of removing the Creditor Trustee, (a) the Creditor Trustee's conviction of a felony or any other crime involving moral turpitude, (b) any act or failure to act by the Creditor Trustee involving actual dishonesty, fraud, misrepresentation, theft, or embezzlement, (c) the Creditor Trustee's willful and repeated failure to substantially perform his or her duties under this Agreement after written notice and an opportunity to cure, or (d) the Creditor Trustee's incapacity, such that he or she is unable to substantially perform his or her duties under this Agreement for more than thirty (30) consecutive days.

"**Causes of Action**" means, collectively, any and all claims, interests, controversies, actions, proceedings, reimbursement claims, contribution claims, recoupment rights, debts, third-party claims, indemnity claims, damages, remedies, causes of action, demands, rights, suits, obligations, liabilities, accounts, judgments, defenses, offsets, powers, privileges, licenses, franchises, Liens, guaranties, Avoidance Actions, agreements, counterclaims, and cross-claims, of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, asserted or unasserted, direct or indirect, assertable directly or derivatively, choate or inchoate, reduced to judgment or otherwise, secured or unsecured, whether arising before, on, or after the Petition Date, in tort, Law, equity, or otherwise pursuant to any theory of civil Law (whether local, state, or federal U.S. Law or non-U.S.

Law).  Causes of Action also include: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by Law or in equity; (b) any claim (whether under local, state, federal U.S. Law or non-U.S. civil Law) based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, fraudulent transfer or fraudulent conveyance or voidable transaction Law, violation of local, state, or federal non-U.S. Law or breach of any duty imposed by Law or in equity, including securities Laws and negligence; (c) the right to object to or otherwise contest Claims or Interests and any Claim Objections; (d) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; and (e) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code.

"**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors.

"**Claim Objection**" means an objection to the allowance of a Claim as set forth in section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and/or any order of the Bankruptcy Court regarding omnibus claims objections.

"**Confidential Parties**" means, collectively, the Creditor Trustee and each of its respective employees, members, agents, professionals, and advisors, including the Creditor Trustee Professionals and the Creditor Trustee Non-Professionals.

"**Confidential Party**" means the Creditor Trustee or each of its respective employees, members, agents, professionals, or advisors, including the Creditor Trustee Professionals and Creditor Trustee Non-Professionals.

"**Creditor Trust**" means a trust established on the Effective Date pursuant to the Plan and Confirmation Order, on behalf, and for the benefit, of the Creditor Trust Beneficiaries in accordance with the Plan, the Confirmation Order, and this Agreement.

"**Creditor Trust Assets**" means the assets to be held in the Creditor Trust composed of (i) the Creditor Trust Funding; (ii) the Estate Claims Settlement Consideration (including, without limitation, the Retained Estate Causes of Action); (iii) the Third-Party Release Settlement Amounts specified for distribution to qualifying holders of Allowed Claims in Classes 7 and 8; (iv) any amounts transferred to the Creditor Trust pursuant to Article IV.T of the Plan; and (v) any net proceeds of (i) – (ii) above; *provided*, *however*, that (a) Causes of Action of the Debtors and their Estates against any Released Parties and (b) any Designated Preference Actions shall not be Creditor Trust Assets.

"**Creditor Trust Beneficiaries**" means the holders of Allowed Class 7 and Class 8 Claims.

"**Creditor Trust Expenses**" means expenses (including, but not limited to, any taxes imposed on or payable by the Creditor Trust and Creditor Trustee Party fees and expenses) incurred by the Creditor Trust and any additional amount determined to be necessary or appropriate by the Creditor Trustee to adequately reserve for the operating expenses of the Creditor Trust.

"**Creditor Trust Funding**" means $2,000,000 in Cash to be distributed to the Creditor Trust on the Effective Date to pay for Creditor Trust Expenses.

"**Creditor Trust Interests**" means interests in the Creditor Trust held by the Creditor Trust Beneficiaries.

"**Creditor Trust Register**" means the trust register reflecting the Creditor Trust Interests and Allowed Claims held by each Creditor Trust Beneficiary.

"**Creditor Trustee**" means the trustee for the Creditor Trust, [●], as selected by the Creditors' Committee and the Ad Hoc Group, and any successor appointed pursuant to the terms of this Agreement. The Creditor Trustee and any successor Creditor Trustee shall be a "U.S. person" as determined for U.S. federal income tax purposes.

"**Creditor Trustee Non-Professionals**" means non-professionals retained by the Creditor Trustee including, without limitation, employees, independent contractors, alternative dispute resolution panelists, or other agents as the Creditor Trustee deems appropriate.

"**Creditor Trustee Parties**" means, collectively, the Creditor Trustee, the Creditor Trustee Professionals, and the Creditor Trustee Non-Professionals, and any other representatives, agents, employees, successors, or assigns of the Creditor Trustee, the Creditor Trustee Professionals, and the Creditor Trustee Non-Professionals.

"**Creditor Trustee Party**" means, individually, the Creditor Trustee, the Creditor Trustee Professionals, the Creditor Trustee Non-Professionals, or any other representatives, agents, employees, successors, or assigns of the Creditor Trustee, the Creditor Trustee Professionals, or Creditor Trustee Non-Professionals.

"**Creditor Trustee Professionals**" means professionals retained by the Creditor Trustee including, without limitation, disbursing and transfer agents, legal counsel, accountants, experts, investment, auditing, and forecasting and other consultants, and other agents or advisors, as the Creditor Trustee deems appropriate.

"**Designated Preference Actions**" means collectively Estate Causes of Action that are preference actions arising under Section 547 of the Bankruptcy Code that are so designated as Designated Preference Actions in the Plan Supplement.

"**Disbursing Agent**" means, as applicable, the Entity or Entities selected by the Debtors, the Reorganized Debtors, Ad Hoc Group, Creditors' Committee, or the Plan Administrator, as applicable, to make or to facilitate distributions, allocations, and/or issuances in accordance with, and pursuant to, the Plan. For the avoidance of doubt, (i) the Plan Administrator may serve as the Disbursing Agent; (ii) the DIP Agent shall not be a Disbursing Agent; and (iii) the Creditor Trust shall be the Disbursing Agent for distributions to holders of Allowed Claims in Classes 7 and 8.

"**Estate**" means as to each Debtor, the estate created for such Debtor in its Chapter 11 Case pursuant to section 541 of the Bankruptcy Code upon the commencement of such Debtor's Chapter 11 Case.

"**Estate Causes of Action**" means all Causes of Action that are assets of the Debtors' Estates.

"**Estate Claims Settlement Consideration**" means the aggregate of the Estate Claims Settlement Cash Consideration and the Estate Claims Settlement Other Consideration.

"**Estate Claims Settlement Cash Consideration**" means $15,000,000 in cash which shall be distributed Pro Rata to Classes 7 and 8 by the Disbursing Agent, based upon the Allowed Claims in such Classes, and the Creditor Trust Funding, in each case whether or not Class 7 or Class 8 votes to accept the Plan.

"**Estate Claims Settlement Other Consideration**" means the Retained Estate Causes of Action which shall be transferred to the Creditor Trust on the Effective Date and the proceeds thereof, which proceeds shall be part of the Creditor Trust for distribution Pro Rata to Classes 7 and 8, based upon the Allowed Claims in such Classes, whether or not such Classes vote to accept the Plan.

"**Interests**" means the legal interests, equitable interests, contractual interests, equity interests or ownership interests, or other rights of any entity in the Debtors, including all equity securities (as defined in section 101(15) of the Bankruptcy Code), capital stock, stock certificates, common stock, preferred stock, partnership interests, limited liability company or membership interests, rights, treasury stock, options, warrants, contingent warrants, convertible or exchangeable securities, investment securities, subscriptions or other agreements and contractual rights to acquire or obtain such an interest or share in the Debtors, partnership interests in the Debtors' stock appreciation rights, conversion rights, repurchase rights, redemption rights, dividend rights, preemptive rights, subscription rights and liquidation preferences, puts, calls, awards or commitments of any character whatsoever relating to any such equity, common stock, preferred stock, ownership interests or other shares of capital stock of the Debtors or obligating the Debtors to issue, transfer or sell any shares of capital stock whether or not certificated, transferable, voting or denominated "stock" or a similar security.

"**IRC**" means, as amended, the Internal Revenue Code of 1986.

"**Lien**" has the meaning set forth in section 101(37) of the Bankruptcy Code.

"**Plan Administrator**" means the person or entity selected by the Debtors, with the reasonable consent of the Foris Secured Parties, the Creditors' Committee, and the Ad Hoc Group with respect to experience and qualifications, charged with overseeing the tasks outlined in the Plan not delegated to the Creditor Trust.

"**Retained Estate Causes of Action**" means collectively: (a) all Causes of Action of the Debtors and Estates against the Excluded Parties; and (b) the Specified Preference Actions.

"**Treasury Regulation**" means any regulation promulgated by the United States Department of the Treasury, including any temporary regulations from time to time promulgated under the IRC.

"**U.S. Trustee**" means the Office of the United States Trustee for the District of Delaware.

## ARTICLE II
## NAME OF TRUST AND CREDITOR TRUSTEE

The name of the Creditor Trust is the "**Amyris Creditor Trust**." In connection with the exercise of the Creditor Trustee's powers under this Agreement, the Creditor Trustee may use this name or such variation thereof as the Creditor Trustee, in the Creditor Trustee's discretion, may determine.

On the Effective Date, pursuant to Article V of the Plan, the Debtors shall transfer, or cause to be transferred, all of their rights, title, and interest in the Creditor Trust Assets to the Creditor Trust, for the benefit of the Creditor Trust Beneficiaries, which Creditor Trust Assets shall vest in the Creditor Trust free and clear of all Liens, Claims, charges, or other encumbrances or interests. On and after the Effective Date, the Creditor Trust shall be authorized to make distributions to the Creditor Trust Beneficiaries in accordance with the Plan, file and prosecute certain Claims Objections, solely in relation to Class 8 Claims, and commence the investigation and prosecution of the Retained Estate Causes of Action.

The Creditor Trustee shall be deemed to have been appointed as the Debtors' Estates' representative pursuant to section 1123(b)(3)(B) of the Bankruptcy Code. The Creditor Trustee shall be entitled to liquidate any and all of the Creditor Trust Assets, and the Available Net Creditor Proceeds shall be distributed to the Creditor Trust Beneficiaries in accordance with the terms of the Plan and this Agreement.

[●], of [●] is hereby appointed to serve as the Creditor Trustee, and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement. A successor Creditor Trustee shall be appointed as set forth in Section 11.1 hereof in the event the Creditor Trustee is removed or resigns pursuant to this Agreement or if the Creditor Trustee otherwise vacates the position.

## ARTICLE III
## DUTIES AND POWERS OF THE CREDITOR TRUSTEE

3.1     Generally

Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, the Creditor Trustee shall control and exercise authority over the Creditor Trust Assets and shall be responsible for administering and liquidating (or abandoning, as the case may be) the Creditor Trust Assets and taking actions on behalf of, and representing, the Creditor Trust, including by (a) filing and prosecuting Claims Objections in relation to Class 8 Claims and (b) investigating and prosecuting any and all Retained Estate Causes of Action. The Creditor Trustee shall have the authority to bind the Creditor Trust within the limitations set forth herein, in the

Plan, and in the Confirmation Order, but shall for all purposes hereunder be acting in the capacity of Creditor Trustee and not individually.

Except as otherwise specified in this Agreement or in the Plan, the Creditor Trustee need not obtain the order or approval of any court in the exercise of any power or discretion conferred hereunder or in the Plan.

3.2     Scope of Authority of Creditor Trustee

The Creditor Trustee shall have all duties, obligations, rights, and benefits assumed by, assigned to, or vested in the Creditor Trust under the Plan, the Confirmation Order, and, subject to the Plan and the Confirmation Order, this Agreement.  Such duties, obligations, rights, and benefits include, without limitation, all duties, obligations, rights, and benefits relating to the investigation, collection, prosecution, settlement, administration, and liquidation of the Creditor Trust Assets, making distributions to Creditor Trust Beneficiaries, administration of the Creditor Trust, and any other duties, obligations, rights, and benefits reasonably necessary to accomplish the purpose of the Creditor Trust under the Plan, the Confirmation Order, and subject to the Plan and the Confirmation Order, this Agreement.  Subject to the provisions of this Creditor Trust Agreement, the Creditor Trustee in consultation with, and subject to the management and direction of the Oversight Committee (as defined herein), shall be responsible for all decisions and duties with respect to the Creditor Trust and its assets.  In all circumstances, the Creditor Trustee shall act in the best interests of the Creditor Trust Beneficiaries and in furtherance of the purpose of the Creditor Trust, and all transactions concerning Creditor Trust Assets shall be conducted on an arm's-length basis.

3.3     Fiduciary Duties of Creditor Trustee

Pursuant to the Plan and this Agreement, the Creditor Trustee will act in a fiduciary capacity on behalf of the Creditor Trust Beneficiaries.

3.4     Additional Powers of Creditor Trustee

In connection with the administration of the Creditor Trust, subject to and except as otherwise set forth in this Agreement or the Plan, the Creditor Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Plan and of the Creditor Trust and to otherwise protect the interests of Creditor Trust Beneficiaries as contemplated in the Plan and herein.  Without limiting, but subject to, the foregoing, the Creditor Trustee shall be authorized, in its sole discretion, and subject to the limitations contained herein and in the Plan (and, for the avoidance of doubt, subject to Oversight Committee approval to the extent required herein) to:

(a)     hold legal title (on behalf of the Creditor Trust as Creditor Trustee, but not individually) to the Creditor Trust Assets held by the Creditor Trust and all assets transferred to the Creditor Trust;

(b)     receive and take such action as may be necessary to take possession, custody, or control of all assets and property to be distributed to the Creditor Trust pursuant to the Plan;

(c)    protect and enforce the rights to the Creditor Trust Assets vested in the Creditor Trust by the Plan through any method deemed appropriate in its sole discretion, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(d)    open and maintain bank accounts in the name of the Creditor Trust, draw checks and drafts thereon on the sole signature of the Creditor Trustee, and terminate such accounts as the Creditor Trustee deems appropriate;

(e)    maintain the books and records of the Creditor Trust;

(f)    establish such funds, reserves, and accounts within the Creditor Trust estate, as deemed necessary by the Creditor Trustee in carrying out the purposes of the Creditor Trust;

(g)    make distributions and pay any other obligations owed by the Creditor Trust from the Available Net Creditor Proceeds as provided herein and in the Plan;

(h)    solely with respect to Class 8 General Unsecured Claims, (a) file and prosecute Claim Objections, (b) settle, compromise, withdraw, litigate to judgment, or otherwise resolve any and all Claim Objections, (c) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court, and (d) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court;

(i)    invest moneys received by the Creditor Trust or otherwise held by the Creditor Trust in accordance with Section 3.6 hereof;

(j)    prosecute, defend, compromise, adjust, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms hereof, claims against the Creditor Trust or the Creditor Trust Assets;

(k)    investigate, prosecute, compromise, adjust, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms hereof, any and all Claims and Causes of Action held by the Creditor Trust, including the Retained Estate Causes of Action;

(l)    pay expenses and make disbursements necessary to preserve, liquidate, and enhance the Creditor Trust Assets;

(m)    purchase liability insurance coverage as the Creditor Trustee, in its sole discretion, deems necessary and appropriate with respect to the Creditor Trustee's duties pertaining to the Creditor Trust Assets (in the form of an errors and omissions policy, fiduciary policy, or otherwise);

(n)    purchase such insurance coverage as the Creditor Trustee, in its sole discretion, deems necessary and appropriate with respect to real and personal property which may be or may become Creditor Trust Assets;

(o)    purchase such insurance coverage as the Creditor Trustee, in its sole discretion, deems necessary and appropriate with respect to the Creditor Trust Assets (in the form of a directors and officers policy or otherwise);

(p)    retain and pay, as applicable, Creditor Trustee Professionals and Creditor Trustee Non-Professionals as provided in, and subject to the terms of, this Agreement;

(q)    incur any reasonable and necessary expenses in investigating, prosecuting, liquidating, and converting the Creditor Trust Assets to Cash, or otherwise administering the Creditor Trust, as set forth in the Plan or this Agreement;

(r)    administer the Creditor Trust's tax obligations, including (a) filing tax returns and paying tax obligations, (b) making distributions to Creditor Trust Beneficiaries net of such taxes and applicable withholdings, and (c) representing the interest and account of the Creditor Trust before any taxing authority in all matters, including, without limitation, any action, suit, proceeding, or audit;

(s)    in the event that the Creditor Trustee determines that the Creditor Trust Beneficiaries or the Creditor Trust may, will, or have become subject to adverse tax consequences, take such actions that will, or are intended to, alleviate such adverse tax consequences;

(t)    value the Creditor Trust Assets in accordance with Section 12.2(d); and

(u)    assume such other powers as may be vested in or assumed by the Creditor Trustee pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

3.5    Limitation of Creditor Trustee's Authority; No Ongoing Business

Notwithstanding anything to the contrary under applicable law, this Agreement or the Plan, the authority of the Creditor Trustee is limited as follows:

(a)    For federal tax purposes and otherwise, the Creditor Trustee shall not be authorized to engage in any trade or business with respect to the Creditor Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditor Trust.

(b)    The Creditor Trustee shall take such actions consistent with the prompt and orderly liquidation of the Creditor Trust Assets as required by applicable law and consistent with the treatment of the Creditor Trust as a "liquidating trust" pursuant to Treasury Regulations § 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 and as a "grantor trust" for federal income tax purposes, pursuant to sections 671 through 679 of the IRC, to the extent such actions are permitted by this Agreement.  The Creditor Trust shall in no event be dissolved later than five (5) years after the Effective Date unless the Bankruptcy Court, upon motion of the Creditor Trustee within the six (6) months prior to such fifth (5th) anniversary (or, in the event of further extension, within the six (6) month period before the end of the preceding extension), determines that a fixed-period extension (not to exceed three (3) years, together with any prior extensions, without a favorable private letter ruling from the IRS or based on advice or an opinion

of counsel satisfactory to the Creditor Trustee that any further extension would not adversely affect the status of the Creditor Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Creditor Trust Assets.

(c)     The Creditor Trustee shall not take, or fail to take, any action that would jeopardize treatment of the Creditor Trust as a "liquidating trust" and as a "grantor trust" (with the Creditor Trust Beneficiaries as the grantors) for federal income tax purposes.

(d)     The Creditor Trustee shall not have the power to guarantee any debt of other Persons.

(e)     The Creditor Trustee shall not, and shall not be authorized to, take any action inconsistent with the Plan, including, without limitation, asserting or seeking to pursue any Claims or Causes of Action released by the Plan.

(f)     Notwithstanding anything to the contrary herein (and without limiting any other rights of the Oversight Committee set forth herein), the Creditor Trustee shall not take any actions with respect to any of the items set out on **Exhibit 2** hereto without the approval of a majority of the members of the Oversight Committee.

3.6   <u>Investment of Creditor Trust Monies</u>

The Creditor Trustee shall not invest any Creditor Trust Assets, proceeds thereof, or any income earned by the Creditor Trust unless such investment is permitted to be made by a "liquidating trust" within the meaning of Treasury Regulations § 301.7701-4(d) under applicable Internal Revenue Service guidelines, rulings, or other controlling authorities, including Revenue Procedure 94-45, 1994-2 C.B. 684.  The Creditor Trustee shall not be liable for interest or obligated to produce income on any moneys received by the Creditor Trust hereunder and held for distribution or payment, except as such interest or other income shall actually be received by the Creditor Trustee.  Notwithstanding anything to the contrary herein, any investment shall be made in the manner investments are permitted to be made by a Creditor Trust within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable Internal Revenue Service guidelines, rulings, or other controlling authorities, including Revenue Procedure 94-45, 1994-2 C.B. 684.

3.7   <u>Other Activities</u>

The Creditor Trustee shall be entitled to be employed by third parties while performing the duties required under the Plan and this Agreement, so long as such other employment does not involve holding or representing any interest adverse to the interests of the Creditor Trust, or otherwise preclude or impair the Creditor Trustee from performing its duties under the Plan and this Agreement.  The Creditor Trustee represents that, as of the Effective Date, the Creditor Trustee does not hold or represent any interest adverse to the interests of the Creditor Trust by virtue of its employment with or engagement by any Creditor Trust Beneficiaries, third parties or otherwise.

## ARTICLE IV
## TERM AND COMPENSATION FOR CREDITOR TRUSTEE

4.1     <u>Compensation</u>

The Creditor Trustee shall be entitled to receive fair and reasonable compensation as provided on **Exhibit 3** hereto (the "<u>Fee Schedule</u>") for services rendered on behalf of the Creditor Trust and reimbursement of all reasonable, out-of-pocket expenses.  Fees and expenses incurred by the Creditor Trustee shall be paid from the Creditor Trust Assets and any proceeds therefrom; *provided*, *however*, that any Creditor Trustee that resigns or is removed from such capacity shall be entitled to receive its accrued and unpaid monthly fee (or accrued hourly fees, as applicable) and expenses, but no other compensation.  The Fee Schedule may be modified at any time by a vote of holders of Creditor Trust Interests that represent both (a) a majority in amount of all issued Creditor Trust Interests that are voted and (b) a majority in number of issued Creditor Trust Interests that are voted.

4.2     <u>Termination</u>

The duties, responsibilities and powers of the Creditor Trustee shall terminate in accordance with Section 14.1 hereof.

4.3     <u>No Bond</u>

Notwithstanding any state or other applicable law to the contrary, the Creditor Trustee shall not be obligated to obtain a bond, but may do so, in its sole discretion, in which case the expense incurred by such bonding shall be paid by the Creditor Trust.

4.4     <u>Removal</u>

If Cause for removal exists, the Creditor Trustee may be removed at any time by a vote of holders of Creditor Trust Interests that represent both (a) a majority in amount of all issued Creditor Trust Interests that are voted and (b) a majority in number of issued Creditor Trust Interests that are voted; *provided, however*, that no such removal shall be effective until a successor agrees to serve as Creditor Trustee subject to all of the terms and conditions of this Agreement.

4.5     <u>Resignation</u>

The Creditor Trustee may resign by giving not less than thirty (30) days' prior written notice thereof to the Creditor Trust Beneficiaries; *provided, however*, that such resignation shall not become effective until a successor agrees to serve as Creditor Trustee subject to all of the terms and conditions of this Agreement.

## ARTICLE V
## PROVISIONS REGARDING DISTRIBUTIONS

5.1     Distribution Agent

The Creditor Trustee shall distribute Available Net Creditor Proceeds in accordance with the Plan and may employ or contract with other Persons to assist in making such distributions.

5.2     Timing of Distributions

Subject to approval of the Oversight Committee as set forth herein, the Creditor Trustee shall make distributions to Creditor Trust Beneficiaries not less frequently than once annually, with such initial one (1) year period commencing on the Effective Date, unless the Creditor Trustee determines, in the Creditor Trustee's reasonable discretion, that making such a distribution is impracticable in light of the anticipated cash needs of the Creditor Trust going forward, or that, in light of the Cash available for distribution, making a distribution would not warrant the incurrence of costs in making the distribution.

5.3     Unclaimed Distributions

In the event that any distribution to a Creditor Trust Beneficiary remains unclaimed or is returned as undeliverable, no distribution to such Creditor Trust Beneficiary shall be made unless and until the Creditor Trust has determined the then-current address of such Creditor Trust Beneficiary, at which time such Unclaimed Distribution shall be made to such Creditor Trust Beneficiary without interest; *provided*, *however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code on the later of: (a) the expiration of one (1) year from the Effective Date or (b) ninety (90) days from the date of such distribution. After such date, all unclaimed Available Net Creditor Proceeds shall be redistributed in accordance with the Plan and this Agreement.

Nothing contained in the Plan or this Agreement shall require the Creditor Trustee to attempt to locate any Creditor Trust Beneficiary.

5.4     Plan Distribution to Holders of Claims Generally

(a)     No Plan Distribution in Excess of Allowed Claims.    Notwithstanding anything to the contrary herein, Creditor Trust Beneficiaries will not receive, in respect of their Claims, distributions under the Plan and this Agreement in excess of the amount of their respective Allowed Claims.

(b)     Disputed Payments.    If any dispute arises as to the identity of a Creditor Trust Beneficiary that is to receive any distribution, the Creditor Trustee may, in lieu of making such distribution to such Creditor Trust Beneficiary, make such distribution into an escrow account or otherwise hold such distribution until the disposition thereof is determined by a court of competent jurisdiction or by written agreement among the interested parties to such dispute, which written agreement is reasonably acceptable to the Creditor Trustee.

(c)      <u>Disputed Claims</u>.  If an objection to a Class 8 General Unsecured Claim or portion thereof is filed as set forth in Article VIII of the Plan, no payment or distribution provided under the Plan shall be made on account of such Claim or portion thereof unless and until such Disputed Claim becomes an Allowed Claim and the holder of such Allowed Claim receives Creditor Trust Interests on account of its Allowed Claim in accordance with <u>Section 9.2</u> of this Agreement.  As soon as reasonably practicable after that date, the Creditor Trust shall provide to such Creditor Trust Beneficiary the distribution (if any) to which it is entitled under the Plan as of the Effective Date, less any previous distribution (if any) that was made on account of the undisputed portion of its Claim, without any interest, dividends, or accruals to be paid on account of its Creditor Trust Interests unless required under applicable bankruptcy law or as otherwise provided in Article VII.A of the Plan.  The Debtors and the Reorganized Debtors shall work in good faith, expeditiously, and on a commercially reasonable basis with the Creditor Trustee regarding the allowance or disallowance of Class 8 General Unsecured Claims.

(d)      <u>Withholding Taxes</u>.  The Creditor Trustee may deduct and withhold and pay to the appropriate taxing authority all amounts required to be deducted or withheld pursuant to the Tax Code or any provision of any state, local, or non-U.S. tax Law with respect to any Creditor Trust Beneficiaries, including with respect to any payment or distribution to the Creditor Trust Beneficiaries, any amounts received by, collections of, or earnings of the Creditor Trust and any proceeds from the Creditor Trust Assets.  Notwithstanding the above, each Holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any taxes imposed on such Holder by any governmental authority, including income, withholding and other tax obligations, on account of such distribution or with respect to its ownership of the Creditor Trust Interests.  All such amounts deducted or withheld and timely paid to the appropriate taxing authority shall be treated as amounts distributed to such Creditor Trust Beneficiaries for all purposes of the Plan, to the extent permitted by applicable Law.  The Creditor Trustee shall be authorized to collect such tax information from the Creditor Trust Beneficiaries (including social security numbers or other tax identification numbers) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order, and this Agreement and to determine whether any deduction or withholding applies with respect to a payment to such Creditor Trust Beneficiary and the amount of such deduction or withholding.

(e)      <u>Plan Distributions After the Effective Date</u>.  In accordance with the Plan and this Agreement, no interest shall accrue or be payable with respect to distributions made after the Effective Date.

(f)      <u>Manner of Payments</u>.  Unless the Person receiving a distribution agrees otherwise, any distribution under the Plan and this Agreement shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank, in the sole discretion of the Creditor Trustee.

(g)      <u>Delivery of Plan Distribution</u>.  Distributions to Creditor Trust Beneficiaries shall be made as follows: (a) to the signatory set forth on any of the Proofs of Claim filed by such Creditor Trust Beneficiary or other representative identified therein (or at the last known addresses of such Creditor Trust Beneficiary if no Proof of Claim is filed or if the Creditor Trustee has been notified in writing of a change of address); (b) at the addresses set forth in any written notices of

address changes delivered to the Debtors, as applicable, or the Creditor Trustee, as applicable, after the date of any related Proof of Claim; (c) at the addresses reflected in the Schedules if no Proof of Claim has been filed and the Reorganized Debtors or the Creditor Trustee, as applicable, have not received a written notice of a change of address; (d) at the address set forth on a completed form W-9, received by the Creditor Trustee after the date of any related Proof of Claim; or (e) to any counsel that has appeared in the Chapter 11 Cases on the Creditor Trust Beneficiary's behalf; *provided*, *however*, distributions to  holders of Allowed Claims in Class 7 shall be made in accordance with the final paragraph in Article VII.B of the Plan.

(h)     Record Date for Plan Distributions.  The Creditor Trustee shall have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed General Unsecured Claim or Allowed Convertible Notes Claim.

5.5     De Minimis Distributions

Notwithstanding anything in the Plan or herein to the contrary, the Creditor Trustee shall not be required to make distributions or payments of less than $50 until the earlier of (a) as soon as reasonably practicable after the aggregate distributions owed to such Creditor Trust Beneficiary on account of Allowed General Unsecured Claim or Allowed Convertible Notes Claim held by such Creditor Trust Beneficiary exceed $50 and (b) the final distribution to Creditor Trust Beneficiaries.

Whenever any distribution of a fraction of a dollar would be required, the Creditor Trustee shall round such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.

5.6     Final Plan Distribution

Notwithstanding anything in the Plan to the contrary, in the event that: (a) in the discretion of the Creditor Trustee, the Creditor Trust (i) has insufficient funds to make any further distributions to the Creditor Trust Beneficiaries and (ii) has no remaining potential sources of funds; (b) all Creditor Trust Beneficiaries have been paid in full; or (c) it is impractical or impossible for the Creditor Trustee to make further distributions to the Creditor Trust Beneficiaries, the Creditor Trustee shall have the right to abandon or otherwise dispose of such assets, including by donation of such property to a charity qualifying under section 501(c)(3) of the IRC; *provided*, *however*, that the Creditor Trustee shall be permitted to establish a reserve sufficient to pay all costs and expenses of the Creditor Trust.

5.7     Requirement of Undertaking

The Creditor Trustee may request any court of competent jurisdiction to require, and any such court may in its discretion require, in any suit for the enforcement of any right or remedy under the Plan, or in any suit against the Creditor Trustee for any act taken or omitted by the Creditor Trustee, that the filing party litigant in such suit undertake to pay the costs of such suit or post a bond, if required, and such court may in its discretion assess reasonable costs, including, without limitation, reasonable attorneys' fees, against any party litigant in such suit, having due regard to the merits and good faith of the claims or defenses made by such party litigant.

## ARTICLE VI
## CREDITOR TRUST FUNDING

6.1     Creditor Trust Funding

The Creditor Trust Expenses shall be paid, in the first instance, from the Creditor Trust Funding in accordance with the Plan and this Agreement.  On the Effective Date, the Creditor Trust Funding shall be $2,000,000 in Cash.

6.2     Creditor Trust Assets

Notwithstanding any prohibition of assignability under applicable nonbankruptcy law, on the Effective Date and periodically thereafter if additional Creditor Trust Assets become available, the Debtors shall be deemed to have automatically distributed to the Creditor Trust Beneficiaries, who will immediately thereafter be deemed to have automatically transferred to the Creditor Trust, all of their right, title, and interest in and to all of the Creditor Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, all such Creditor Trust Assets shall automatically vest in the Creditor Trust free and clear of all Claims, Liens, encumbrances, and other liabilities, subject only to the Claims of the Creditor Trust Beneficiaries as set forth in the Plan and the expenses of the Creditor Trust and the Creditor Trustee as set forth herein, with all proceeds of the Creditor Trust to be distributed in accordance with the provisions of the Plan and this Agreement.  Thereupon, the Debtors and Reorganized Debtors shall have no interest in or with respect to the Creditor Trust Assets or the Creditor Trust.

6.3     Creditor Trustee's Lien

The Creditor Trustee, the Creditor Trustee Professionals, and the Creditor Trustee Non-Professionals shall have a first priority Lien upon the Creditor Trust Assets to secure the payment of any amounts payable to them pursuant to Sections 4.1, 6.1, or 13.2 hereof.

## ARTICLE VII
## LIABILITY AND EXCULPATION PROVISIONS

7.1     Liability, Indemnification of the Creditor Trustee, the Creditor Trustee Professionals, and the Oversight Committee

Except to the extent of a bond provided by the Creditor Trustee, if any, or as otherwise provided in the Plan or this Agreement, no recourse shall ever be had, directly or indirectly, against any Creditor Trustee Party or the Oversight Committee and each of its members (collectively, the "Creditor Trust Indemnified Parties" and each, a "Creditor Trust Indemnified Party") by legal or equitable proceedings or by virtue of any statute or otherwise, or any deed of trust, mortgage, pledge, or note, nor upon any promise, contract, instrument, undertaking, obligation, covenant, or agreement whatsoever executed by the Creditor Trustee under the Plan or by reason of the creation of any indebtedness by the Creditor Trustee under the Plan for any purpose authorized by the Plan.  All such liabilities, covenants, and agreements of such Creditor Trust Indemnified Party, whether in writing or otherwise, under the Plan shall be enforceable only against, and shall be satisfied only out of a bond provided by the Creditor Trustee, if any, and the Creditor Trust Assets or such part thereof as shall, under the terms of any such agreement, be liable

therefor, or shall be evidence only of a right of payment out of the Creditor Trust Assets. Every undertaking, contract, covenant, or agreement entered into in writing by the Creditor Trustee shall provide expressly against the personal liability of the Creditor Trustee.

No Creditor Trust Indemnified Party shall be liable for any act or omission of one another, nor shall the Creditor Trust Indemnified Parties be liable for any act or omission taken or not taken in such capacity, including, but not limited to, in the performance of any of the duties and powers of the Creditor Trustee set forth in Article III of this Agreement, other than for specific acts or omissions as determined by a final judgment of a court of competent jurisdiction to be resulting solely from such Creditor Trust Indemnified Party's own willful misconduct, fraud, or gross negligence. The Creditor Trustee may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with the Creditor Trustee Professionals and the Creditor Trustee Non-Professionals, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such entities, regardless of whether such advice or opinions are provided in writing. Notwithstanding such authority, the Creditor Trustee shall not be under any obligation to consult with the Creditor Trustee Professionals and the Creditor Trustee Non-Professionals, and the determination not to do so shall not result in the imposition of liability on the Creditor Trustee, unless such determination is based on such Creditor Trustee's willful misconduct, fraud, or gross negligence as determined by a final judgment of a court of competent jurisdiction. The Creditor Trust shall indemnify and hold harmless the Creditor Trust Indemnified Parties from and against and in respect of all liabilities, losses, damages, claims, costs, and expenses (including, without limitation, reasonable attorney's fees, disbursements, and related expenses), which such Persons may incur or to which such Persons may become subject to in connection with any action, suit, proceeding, or investigation brought by or threatened against such Persons arising out of or due to their acts or omissions or consequences of such acts or omissions, with respect to the implementation or administration of the Creditor Trust or the Plan or the discharge of their duties hereunder; *provided*, *however*, that no such indemnification shall be made to such Persons for actions or omissions as a result of their willful misconduct, fraud, or gross negligence as determined by a final judgment of a court of competent jurisdiction.

All expenses, judgments, penalties, fines and amounts incurred by the Creditor Trust in connection with this Article VII, if any, shall be born solely by the Creditor Trust, payable from the Creditor Trust Assets. The costs of administering the Creditor Trust and all fees and expenses incurred by and on behalf of the Creditor Trust shall be charged against the Creditor Trust Assets. Notwithstanding anything herein or in the Plan to the contrary, the Debtors and the Reorganized Debtors shall have no obligation to provide any funds or financing to the Creditor Trust, other than the obligation to contribute the Creditor Trust Assets, and under no circumstances will the expenses of the Creditor Trust be paid or reimbursed by the Debtors or the Reorganized Debtors, as applicable.

The Creditor Trust Indemnified Parties shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Creditor Trust Indemnified Parties. To the extent that, at law or in equity, any member of the Oversight Committee has duties (including fiduciary duties) and liabilities relating hereto, to the Creditor Trust or to the Creditor Trust Beneficiaries, it is hereby understood and agreed by the parties hereto and the Creditor Trust

Beneficiaries that such duties and liabilities are eliminated to the fullest extent permitted by applicable law, and replaced by the duties and liabilities expressly set forth in this Creditor Trust Agreement with respect to the Oversight Committee.

      7.2    <u>Reliance by Creditor Trustee</u>

      Except as otherwise provided herein:

      (a)    the Creditor Trustee may rely, and shall be protected in acting or refraining from acting, upon any certificates, opinions, statements, instruments, or reports believed by it to be genuine and to have been signed or presented by the proper Person or Persons;

      (b)    the Creditor Trustee shall not be liable for any action reasonably taken or not taken by it in reasonable reliance upon the advice of a Creditor Trustee Professional or Creditor Trustee Non-Professional;

      (c)    Persons providing services to the Creditor Trustee shall look only to the Creditor Trust Assets to satisfy any liability incurred by the Creditor Trustee to such Person in carrying out the terms of this Agreement, and neither the Creditor Trustee nor Creditor Trust Beneficiaries shall have any personal obligation to satisfy any such liability, except, in the case of the Creditor Trustee only, to the extent that actions taken or not taken after the Effective Date by the Creditor Trustee are determined by a final judgment of a court of competent jurisdiction to be solely due to the Creditor Trustee's own willful misconduct, fraud, or gross negligence;

      (d)    whenever, in the administration of this Agreement, the Creditor Trustee shall deem it desirable that a matter be proved or established prior to taking, suffering, or omitting any action hereunder, the Creditor Trustee (unless other evidence be herein specifically prescribed) may rely upon an opinion of counsel or certificate furnished to the Creditor Trustee by or on behalf of the Creditor Trust Beneficiaries;

      (e)    the Creditor Trustee shall not be bound to make any investigation into the facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, or other paper or document, but the Creditor Trustee, in the Creditor Trustee's discretion, may make such further inquiry or investigation into such facts or matters as the Creditor Trustee may see fit, and, if the Creditor Trustee shall determine to make such further inquiry or investigation, the Creditor Trustee shall be entitled to examine the books, records, and premises of the relevant Person or entity, personally or by agent or attorney; and

      (f)    the Creditor Trustee may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through its agents or attorneys and the Creditor Trustee shall not be responsible for any misconduct or negligence on the part of any agent or attorney appointed with due care by the Creditor Trustee hereunder.

**ARTICLE VIII**
**ESTABLISHMENT OF THE CREDITOR TRUST**

8.1    Transfer of Assets to Creditor Trust; Assumption of Liabilities

(a)    Pursuant to the Plan, the Debtors and the Creditor Trustee hereby establish the Creditor Trust on behalf of the Creditor Trust Beneficiaries to be treated as the grantors and deemed owners of the Creditor Trust Assets.  On the Effective Date, pursuant to the Plan, the Debtors or Reorganized Debtors, as applicable, shall transfer, assign, and deliver to the Creditor Trust, on behalf of the Creditor Trust Beneficiaries, notwithstanding any prohibition of assignability under applicable nonbankruptcy law, all of their right, title, and interest in and to the Creditor Trust Assets.  The Creditor Trust Assets shall include, without limitation, the Retained Estate Causes of Action.  All of the proceeds received by the Creditor Trust from the prosecution, settlement, or other liquidation or monetization of the Creditor Trust Assets after deducting (a) all Creditor Trust Expenses and (b) a reasonable reserve for anticipated future expenses (including the objection to certain Class 8 claims and the prosecution or settlement of any Retained Estate Cause of Action) shall be added to the Cash Creditor Trust Assets (collectively, the "Available Net Creditor Proceeds") and held as a part thereof (and title thereto shall be vested in the Creditor Trust) and shall be distributed in accordance with the Plan and this Agreement.  Subject to the terms of the Plan and Section 16.2 of this Agreement, such transfer includes, but is not limited to, all rights to assert, waive, or otherwise exercise any attorney-client privilege, work product protection, or other privilege, immunity, or confidentiality provision vested in, or controlled by, the applicable Debtor.  The Creditor Trustee agrees to accept and hold the Creditor Trust Assets for the benefit of the Creditor Trust Beneficiaries, subject to the terms of the Plan and this Agreement.

8.2    Title to Assets

(a)    Notwithstanding any prohibition of assignability under applicable nonbankruptcy law, on the Effective Date and periodically thereafter if additional Creditor Trust Assets become available, the Debtors or Reorganized Debtors, as applicable, shall be deemed to have automatically distributed to the Creditor Trust Beneficiaries, who shall immediately thereafter be deemed to have automatically transferred to the Creditor Trust, all of their right, title, and interest in and to all of the Creditor Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, all such assets shall automatically vest in the Creditor Trust free and clear of all Claims and Liens, subject only to the Allowed Claims of the Creditor Trust Beneficiaries as set forth in the Plan and the Creditor Trust Expenses as set forth in the Plan and in this Agreement.  Thereupon, the Debtors shall not have any interest in or with respect to the Creditor Trust Assets or the Creditor Trust.

(b)    For all U.S. federal income tax purposes, all parties shall treat the transfer of the Creditor Trust Assets to the Creditor Trust for the benefit of the Creditor Trust Beneficiaries, whether their Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Creditor Trust (but only at such time as actually transferred) as (a) a transfer of the Creditor Trust Assets (subject to any obligations relating to such Creditor Trust Assets) to the Creditor Trust Beneficiaries and, to the extent the Creditor Trust Assets are allocable to, or retained on account of, any Disputed Claims (the "Trust Claims Reserve"),

-19-

followed by (b) the transfer by the Creditor Trust Beneficiaries to the Creditor Trust of the Creditor Trust Assets (other than the Trust Claims Reserve) in exchange for the Creditor Trust Interests. Accordingly, the Creditor Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Creditor Trust Assets (other than Trust Claims Reserve). The foregoing treatment shall also apply, to the extent permitted by applicable Law, for applicable U.S. state and local income tax purposes.

(c)     Subject to contrary definitive guidance from the IRS (as determined by the Creditor Trustee in its reasonable discretion) (including the receipt by the Creditor Trustee of a private letter ruling if the Creditor Trustee so requests, or the receipt of an adverse determination by the IRS upon audit if not contested by the Creditor Trustee) or a court of competent jurisdiction, the Creditor Trustee may (a) timely elect to treat the Trust Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9 and (b) to the extent permitted by applicable Law, report consistently with the foregoing for applicable U.S. state and local income tax purposes. All parties (including, without limitation, the Debtors, the Creditor Trust, the Creditor Trustee, and the Creditor Trust Beneficiaries) shall report for U.S. federal and applicable U.S. state and local income tax purposes consistently with the foregoing.

## ARTICLE IX
## CREDITOR TRUST INTERESTS

### 9.1     Allocation of Creditor Trust Interests to Holders of Claims

On the Effective Date or as soon thereafter as practicable, each Creditor Trust Beneficiary shall be allocated its Creditor Trust Interest as set forth in the Plan.

### 9.2     Disputed Claims

As soon as reasonably practicable after the date that the order or judgment of the Court allowing any Disputed Claim becomes a Final Order, the Creditor Trust shall provide to the Holder of such Allowed General Unsecured Claim and Allowed Convertible Note Claim (which are deemed Allowed under the Plan) the Creditor Trust Interests to which such holder is entitled under the Plan, and adjust the Creditor Trust Register to reflect these Creditor Trust Interests.

### 9.3     Interests Beneficial Only

The ownership of a Creditor Trust Interest shall not entitle any Creditor Trust Beneficiary to any title in or to the Creditor Trust Assets as such (which title shall be vested in the Creditor Trust) or to any right to call for a partition or division of the Creditor Trust Assets or to require an accounting.

### 9.4     Transfer of Creditor Trust Interests

The Creditor Trust Interests shall not be transferrable other than if transferred by will, intestate succession, or otherwise by operation of law.  No transfer, assignment, pledge, hypothecation, or other disposition of a Creditor Trust Interest shall be effective or binding upon the Creditor Trust or the Creditor Trustee for any other purpose.  Notwithstanding the foregoing, (a) any Creditor Trust Beneficiary may transfer its Creditor Trust Interests to a wholly-owned

subsidiary treated as a corporation for U.S. federal income tax purposes, which shall thereafter be the relevant Creditor Trust Beneficiary, and (b) any Creditor Trust Beneficiary may transfer its Creditor Trust Interests if the Creditor Trust has become a public reporting company and/or files periodic reports under the Exchange Act following a determination set forth in the final sentence of Section 9.10 of this Agreement.

9.5     Effect of Death, Dissolution, Incapacity, or Bankruptcy of Creditor Trust Beneficiary

The death, dissolution, incapacity, or bankruptcy of a Creditor Trust Beneficiary during the term of the Creditor Trust shall not operate to terminate the Creditor Trust during the term of the Creditor Trust, nor shall it entitle the representative or creditors of the deceased, incapacitated, or bankrupt Creditor Trust Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Creditor Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of the Creditor Trust Beneficiary under this Agreement or in the Creditor Trust.

9.6     Tax Identification Number

The Creditor Trustee may require any of the Creditor Trust Beneficiaries to identify themselves to the Creditor Trustee and provide tax information and the specifics of their holdings, to the extent requested by the Creditor Trustee, including an IRS Form W-9 or, in the case of Creditor Trust Beneficiaries that are not U.S. persons for U.S. federal income tax purposes, certification of foreign status on an applicable IRS Form W-8, including all applicable supporting documents, and the Creditor Trustee may condition any distribution to any Creditor Trust Beneficiary upon the receipt of such information and the receipt of such other documents as the Creditor Trustee reasonably requests. The Creditor Trustee may refuse to make a distribution to any Creditor Trust Beneficiary that fails to furnish such information in a timely fashion, until (at a minimum) such information is delivered; *provided*, *however*, that upon the delivery of such information by a Creditor Trust Beneficiary, the Creditor Trustee shall make such distribution to which the Creditor Trust Beneficiary is entitled, without interest; *provided*, *further*, that if the Creditor Trustee fails to withhold in respect of amounts received or distributable with respect to any such Creditor Trust Beneficiary and the Creditor Trustee is later held liable for the amount of such withholding, such Creditor Trust Beneficiary shall reimburse the Creditor Trustee for such liability. If a Creditor Trust Beneficiary fails to comply with such a request for tax information within ninety days, the Creditor Trustee may file a document with the Bankruptcy Court that will provide twenty one days' notice before such distribution may be deemed an Unclaimed Distribution and shall not be entitled to any subsequent distributions. In the event that the Creditor Trustee elects to make distributions through an intermediary (such as DTC), the party who would be the withholding agent with respect to distributions to the Creditor Trust Beneficiary under U.S. federal income tax principles shall be responsible for withholding tax compliance with respect to any such distribution, based on instructions on the character of the income from the Creditor Trustee. Any Unclaimed Distribution to such Creditor Trust Beneficiary shall be administered in accordance with Section 5.3 of this Agreement.

9.7     Register Entries Regarding Creditor Trust Interests

The Creditor Trustee shall create and maintain a Creditor Trust Register, which shall list all Creditor Trust Beneficiaries and their respective amount of Creditor Trust Interests.

9.8     Representation of Creditor Trust Interests

Except as otherwise set forth in this Agreement, the Creditor Trust Interests shall be passive and shall not have voting, consent, or other shareholder-like control rights with respect to the Creditor Trust. The Creditor Trust Interests shall be uncertificated and shall be reflected only on the records of the Creditor Trustee by appropriate book entries in the Creditor Trust Register.

9.9     Creditor Trust Register

(a)     Register of Creditor Trust Interests.  The Creditor Trustee shall cause the Creditor Trust Register to be kept at the office of the Creditor Trustee or at such other place or places that shall be designated by the Creditor Trustee from time to time. The Creditor Trustee may rely on the Claims Register or creditor lists prepared by the Debtors or their representatives in preparing the Creditor Trust Register.

(b)     Access to Creditor Trust Register by Creditor Trust Beneficiaries.  The Creditor Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Creditor Trustee, and in accordance with reasonable regulations prescribed by the Creditor Trustee, to inspect, and at the sole expense of the Creditor Trust Beneficiary make copies of, the Creditor Trust Register, in each case only for a purpose reasonable and related to such Creditor Trust Beneficiary's Creditor Trust Interests in the Creditor Trust.

(c)     Absolute Owners.  The Creditor Trustee may deem and treat each Creditor Trust Beneficiary of record as determined pursuant to this Agreement as the absolute owner of such Creditor Trust Beneficiary's Creditor Trust Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever.

9.10    Securities Law

The parties hereto intend that the Creditor Trust Interests shall not be "securities" under applicable laws, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws. If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to their issuance under the Plan. Subject to Section 9.4 hereof, the Creditor Trustee may amend this Agreement in accordance with Section 15.1 hereof to make such changes as are deemed necessary or appropriate, with the advice of counsel, to ensure that the Creditor Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the TIA or the Investment Company Act.

# ARTICLE X
## ADMINISTRATION

10.1    Purpose of the Creditor Trust

The Creditor Trust shall be established for the primary purpose of liquidating the Creditor Trust Assets, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditor Trust.  Accordingly, the Creditor Trustee shall, in an expeditious but orderly manner, compromise, settle, or litigate the Retained Estate Causes of Action, liquidate and convert to Cash the Creditor Trust Assets, make distributions to the Creditor Trust Beneficiaries, and not unduly prolong the duration of the Creditor Trust.  The Creditor Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Plan.

10.2    Books and Records

Except as otherwise provided in the Plan or the Confirmation Order and subject to Article V.A of the Plan, the Debtors, the Reorganized Debtors, or other furnishing party, upon reasonable notice, shall reasonably cooperate with the Creditor Trustee in the administration of the Creditor Trust, including by providing reasonable access to pertinent documents, including books and records, to the extent the Debtors, the Reorganized Debtors, or other furnishing party have such information and/or documents, to the Creditor Trustee sufficient to enable the Creditor Trustee to perform its duties hereunder.  The Debtors and the Reorganized Debtors shall reasonably cooperate with the Creditor Trustee in the administration of the Creditor Trust, including by providing reasonable access to documents and current officers and directors with respect to contesting, settling, compromising, reconciling, and objecting to Class 8 General Unsecured Claims (at the expense of the Creditor Trust).  The Creditor Trustee shall act in good faith and shall use his or her best efforts to tailor as narrowly as possible any request for cooperation so as not to be unduly invasive or burdensome upon whom the request is made.  The Debtors, the Reorganized Debtors, or other furnishing party shall make reasonable best efforts to retain and transfer all documents relating to the Creditor Trust Assets to the Creditor Trust; *provided* that, in each case, the Creditor Trust agrees upon request to reimburse reasonable and documented out-of-pocket expenses for preservation of documents, copying, or similar expenses. Notwithstanding the foregoing, the Debtors, the Reorganized Debtors, or other furnishing party shall provide such documents or other materials described in this paragraph only upon reasonable request by the Creditor Trustee and only if they can be reasonably provided by the Debtors, the Reorganized Debtors, or other furnishing party without significant effort or material expense; *provided*, that in the event that the Debtors, the Reorganized Debtors, or other furnishing party, as applicable, believes that the requested information cannot be provided without significant effort or material expense, the Debtors, the Reorganized Debtors, or other furnishing party, as applicable, and the Creditor Trustee will confer in good faith to agree upon appropriate consideration for the furnishing party to provide such information.  The collection, review, and preservation of documents for any investigation or litigation by the Creditor Trustee shall be at the expense of the Creditor Trust.  The Creditor Trustee shall maintain books and records, including, without limitation, the Creditor Trust Register, relating to the administration of the Creditor Trust Assets and the distribution by the Creditor Trustee of the proceeds therefrom in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to

comply with applicable provisions of law. The Creditor Trustee shall also maintain books and records relating to the income and expenses of the Creditor Trust, and the payment of expenses of and liabilities of, claims against or assumed by, the Creditor Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law. Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Creditor Trustee to file any accounting or seek approval of any court with respect to the administration of the Creditor Trust, or as a condition for making any payment or distribution out of the Creditor Trust Assets. The Creditor Trustee may, but has no obligation to, engage a claims agent (including the Debtors' existing claims agent) to continue to maintain and update the Claims Register maintained in the Chapter 11 Cases solely with respect to Class 8 General Unsecured Claims throughout the administration of the Creditor Trust Assets.

Subject to all applicable privileges, the Creditor Trust Beneficiaries shall have the right, in addition to any other rights they may have pursuant to this Agreement, under the Plan, or otherwise, upon thirty (30) days' prior written notice to the Creditor Trustee, to request a reasonable inspection of the books and records held by the Creditor Trustee, *provided*, *however*, that all costs associated with such inspection shall be paid in advance by such requesting Creditor Trust Beneficiary, and further, if so requested, such Creditor Trust Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Creditor Trustee, and make such other arrangements as may be reasonably requested by the Creditor Trustee.

The books and records maintained by the Creditor Trustee may be disposed of by the Creditor Trustee at the later of (a) such time as the Creditor Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Creditor Trust or the Creditor Trust Beneficiaries or (b) upon the termination and completion of the winding down of the Creditor Trust.

10.3    Compliance with Laws

Any and all distributions made pursuant to this Agreement shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

**ARTICLE XI**
**SUCCESSOR CREDITOR TRUSTEE**

11.1    Successor Creditor Trustee

In the event the Creditor Trustee is removed or resigns pursuant to this Agreement or the Creditor Trustee otherwise vacates its position, a successor Creditor Trustee shall be appointed by a vote of holders of Creditor Trust Interests that represent both (a) a majority in amount of all issued Creditor Trust Interests that are voted and (b) a majority in number of issued Creditor Trust Interests that are voted. Thereupon, such successor Creditor Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of its predecessor in the Creditor Trust with like effect as if originally named herein; *provided*, *however*, that a removed or resigning Creditor Trustee shall, nevertheless, when requested in writing by the successor Creditor Trustee, execute and deliver any reasonable instrument or

instruments conveying and transferring to such successor Creditor Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Creditor Trustee; *provided*, *further*, that no such appointment of a successor Creditor Trustee shall be effective until such successor agrees in writing to accept such appointment and to serve as Creditor Trustee upon all of the terms and conditions of this Agreement.

**ARTICLE XII**
**REPORTING**

12.1     <u>Annual Reports</u>

(a)     As soon as reasonably practicable after the end of each calendar year, and as soon as practicable upon termination of the Creditor Trust, the Creditor Trustee shall send to each Creditor Trust Beneficiary a separate statement setting forth the Creditor Beneficiary's share of items of income, gain, loss, deduction or credit (including the receipts and expenditures of the Creditor Trust) as relevant for U.S. federal  income tax purposes and will instruct each such Creditor Beneficiary to report such items on their federal income tax returns (including, for the avoidance of doubt, with respect to withholding tax) or to forward the appropriate information to such Creditor Trust Beneficiary's underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns; *provided*, that if the Creditor Trustee elects to make distributions through an intermediary (such as DTC), it shall provide such statement to such intermediaries for them to provide to such Creditor Trust Beneficiaries.

12.2     <u>Federal Income Tax</u>

(a)     <u>Grantor Trust Status</u>.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Creditor Trustee of a private letter ruling if the Creditor Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Creditor Trustee), the Creditor Trustee shall file tax returns for the Creditor Trust as a grantor trust pursuant to Treasury Regulations section 1.671-4(a) to the extent permitted by applicable law, subject to the treatment of the Trust Claims Reserve.

(b)     <u>Allocations of Creditor Trust Taxable Income</u>.  Subject to the provisions of <u>Section 12.2(a)</u> hereof, allocations of Creditor Trust taxable income shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Creditor Trust had distributed all of its other assets (valued for this purpose at their tax book value) to Creditor Trust Beneficiaries, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Creditor Trust.  Similarly, taxable losses of the Creditor Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Creditor Trust Assets.  The tax book value of the Creditor Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Creditor Trust, adjusted in either case in accordance with tax accounting principles prescribed by the IRC, the Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(c)      <u>Tax Compliance</u>.  The Creditor Trustee shall administer the Creditor Trust's tax obligations, including (a) filing tax returns and paying tax obligations of the Creditor Trust, *provided*, for the avoidance of doubt, any such tax obligations shall be paid from the Creditor Trust Assets, (b) making distributions to Creditor Trust Beneficiaries net of such taxes and applicable withholdings, (c) representing the interest and account of the Creditor Trust before any taxing authority in all matters, including, without limitation, any action, suit, proceeding, or audit. The Creditor Trustee shall be responsible for payment, out of the Creditor Trust Assets, of any taxes imposed on the Creditor Trust or the Creditor Trust Assets, including the Trust Claims Reserve. In the event, and to the extent, any Cash retained on account of a Disputed Claim in the Trust Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, such Disputed Claims, the Creditor Trustee may, in its discretion, (a) sell any non-Cash assets relating to such Claim (including any assets distributable as a result of disallowance of such Claim) to pay such taxes or (b) reimburse the Creditor Trust for the payment of such taxes from any subsequent Cash amounts allocable to, or retained on account of, such taxes from any subsequent Cash amounts allocable to, or retained on account of, such Disputed Claim (including any Cash distributable as a result of disallowance of such Claims).

(d)      <u>Valuation for Tax Purposes</u>.  As soon as reasonably practicable following the establishment of the Creditor Trust, the Creditor Trustee shall determine the value of the assets transferred to the Creditor Trust, in accordance with the Plan, based on the good faith determination of the Creditor Trustee, and the Creditor Trustee shall apprise, in writing, the Creditor Trust Beneficiaries of such valuation, from time to time as relevant for tax reporting purposes. The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Creditor Trust, the Creditor Trustee, and the Creditor Trust Beneficiaries) for all applicable U.S. federal, state, and local income tax purposes.  The Bankruptcy Court shall resolve any disputes regarding the valuation of the assets transferred to the Creditor Trust.

(e)      <u>Determination of Taxes</u>.  The Creditor Trustee may request an expedited determination of taxes of the Creditor Trust, including the Trust Claims Reserve, under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Creditor Trust for all taxable periods through the dissolution of the Creditor Trust.

12.3    <u>Other</u>

The Creditor Trustee shall file (or cause to be filed) any statement, returns, or disclosures relating to the Creditor Trust or the Creditor Trust Assets that are required by any governmental unit.

**ARTICLE XIII**
**<u>CREDITOR TRUSTEE PROFESSIONALS AND NONPROFESSIONALS</u>**

13.1    <u>Retention of Creditor Trustee Professionals and Creditor Trustee Non-Professionals</u>

The Creditor Trustee shall have the right to retain Creditor Trustee Professionals and Creditor Trustee Non-Professionals, each on such terms as the Creditor Trustee deems

appropriate.  It is contemplated that the law firm of White & Case LLP will be retained as general counsel to the Liquidation Trust.  The Creditor Trustee Professionals and the Creditor Trustee Non-Professionals shall be compensated in accordance with <u>Section 13.2</u> hereof and need not be "disinterested" as that term is defined in the Bankruptcy Code.  For the avoidance of doubt, the Creditor Trustee, in its sole discretion, shall have the ability to reimburse the fees incurred by counsel to the Ad Hoc Group.

13.2    <u>Payment to Creditor Trustee Professionals and Creditor Trustee Non-Professionals</u>

After the Effective Date, the Creditor Trustee Professionals and Creditor Trustee Non-Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Creditor Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of each such Person, plus an itemized statement of expenses.  The Creditor Trustee shall pay those invoices within thirty (30) days after receipt, without Bankruptcy Court approval, unless the Creditor Trustee objects in writing specifying the reasons for such objection and identifying the specific fees or expenses to which objection is made.  If there is a dispute as to a portion of an invoice, the Creditor Trustee shall pay the undisputed portion.  All payments to Creditor Trustee Professionals and Creditor Trustee Non-Professionals shall be paid out of the Creditor Trust Assets.

**ARTICLE XIV**
**TERMINATION OF CREDITOR TRUST**

14.1    <u>Duration and Extension</u>

The Creditor Trustee and the Creditor Trust shall be discharged or dissolved, as the case may be, at such time as (a) the Creditor Trustee determines that all Creditor Trust Assets have been liquidated or otherwise disposed of, or the liquidation or other disposition of any remaining Creditor Trust Assets is not likely to yield sufficient additional proceeds to justify further actions with respect to the Creditor Trust Assets and (b) all distributions of Creditor Trust Assets required to be made by the Creditor Trustee have been made, but in no event shall the Creditor Trust be dissolved later than five years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth (5th) anniversary (and, in the event of further extension, within the six-month period before the end of the preceding extension), determines that a fixed-period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the IRS or based on advice or an opinion of counsel satisfactory to Creditor Trustee that any further extension would not adversely affect the status of the Creditor Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate and complete the recovery on, and liquidation of, the Creditor Trust Assets.  After the final distribution of the balance of the Creditor Trust Assets pursuant to the Plan and this Agreement, the Creditor Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

Upon dissolution of the Creditor Trust, any remaining Creditor Trust Assets shall be distributed to all Creditor Trust Beneficiaries in accordance with the Plan and this Agreement, as appropriate; *provided, however*, that if the Creditor Trustee reasonably determines that such remaining Creditor Trust Assets are insufficient to render further distribution practicable, the

Creditor Trustee may (a) reserve any amount necessary to dissolve the Creditor Trust; (b) donate any balance to a charitable organization (i) described in section 501(c)(3) of the Tax Code, (ii) exempt from U.S. federal income tax under section 501(a) of the Tax Code, (iii) not a "private foundation" as defined in section 509(a) of the Tax Code, and (iv) that is unrelated to the Debtors, the Creditor Trust, and any insider of the Creditor Trustee; and (c) dissolve the Creditor Trust.

14.2    Diligent Administration

The Creditor Trustee shall (a) not unduly prolong the duration of the Creditor Trust; (b) at all times endeavor to resolve, settle, or otherwise dispose of all claims that constitute Creditor Trust Assets; (c) consult and confer with the Creditor Trust Beneficiaries and keep them fully advised of its activities; and (d) effect the liquidation of the Creditor Trust Assets and distribution of the Available Net Creditor Proceeds to the Creditor Trust Beneficiaries in accordance with the terms of the Plan and this Agreement.

**ARTICLE XV**
**AMENDMENT AND WAIVER**

15.1    Amendment and Waiver

Any substantive provision of this Agreement may be materially amended or waived by order of the Bankruptcy Court if necessary to implement the Plan; *provided*, *however*, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Creditor Trust as a "grantor trust"; and *provided*, *further*, that no such amendment or waiver be inconsistent with the Plan.  Technical or nonmaterial amendments to or waivers of portions of this Agreement may be made as necessary to clarify this Agreement or to enable the Creditor Trust to effectuate the terms of this Agreement, with the consent of the Creditor Trustee; *provided*, *however*, that no such amendment or waiver be inconsistent with the Plan.

**ARTICLE XVI**
**OVERSIGHT COMMITTEE AND RELATED MATTERS**

16.1    Establishment, Composition and Role of Oversight Committee.

(a)    The Creditor Trustee shall be subject to oversight by a committee (the "Oversight Committee") comprised of up to three members, whose initial members are identified on **Exhibit 4** hereto.  The Oversight Committee shall consist of (i) at least one member selected by the Ad Hoc Group and (ii) at least one member selected by the Creditors' Committee.  The Oversight Committee shall have the authority to oversee, review and guide the activities and performance of the Creditor Trustee, in accordance with the terms of this Agreement.  The Creditor Trustee shall consult with and provide information to the Oversight Committee in accordance with and pursuant to the terms of this Agreement.

(b)    Any two (2) members of the Oversight Committee constitute a quorum for voting and approval purposes.

16.2    Tenure of the Members of the Oversight Committee.

(a)    The authority of the members of the Oversight Committee will be effective as of the Effective Date and will remain and continue in full force and effect until the Creditor Trust is terminated in accordance with the terms hereof.  The members of the Oversight Committee will serve until death or resignation or removal pursuant to Section 16.4 below.

16.3    Compensation of the Members of the Oversight Committee.

The members of the Oversight Committee shall not receive any compensation for services rendered (other than, in the Creditor Trustee's discretion, any fees and expenses reasonably incurred other than counsel).

16.4    Resignation and Removal of Members of Oversight Committee and Related Matters.

(a)    Resignation.  Any member of the Oversight Committee may resign such position and be discharged from any future obligations and liabilities hereunder by giving written notice thereof to the Creditor Trustee and the other members of the Oversight Committee at least thirty (30) days prior to the effective date of such resignation (such notice a "Notice of Resignation").  Subject to the expiration of such notice period, such resignation shall become effective on the day specified in such Notice of Resignation.  Upon the effective date of any such resignation, such resigned member of the Oversight Committee shall be entitled, subject to the discretion of the Creditor Trustee, to any reimbursement set forth in this Agreement which remains due and owing to such member at the time of the effective date of such resignation.

(b)    Removal.  Any member of the Oversight Committee may be removed for cause at any time by order of the Bankruptcy Court upon motion by (i) any Creditor Trust Beneficiary or (ii) the Oversight Committee, after a unanimous vote of the other members, written resolution of which shall be delivered to the removed member.

(c)    Appointment of a Successor Member of Oversight Committee.  Within twenty (20) days of the mailing date of the Notice of Resignation (or within twenty (20) days of the effective date of an order of the Bankruptcy Court authorizing the removal of a member of the Oversight Committee) (the "Successor Designation Deadline"), a successor shall be appointed to fill such position by the unanimous vote of the remaining members on the Oversight Committee. In designating a successor, the remaining members of the Oversight Committee will endeavor, through the reasonable exercise of their business judgment, to select a candidate with appropriate skills and experience to carry out the duties of a member of the Oversight Committee.  In the event that the Oversight Committee has not appointed a successor by the Successor Designation Deadline, the Creditor Trustee shall appoint such successor.

(d)    Acceptance of Selection of Successor Member of Oversight Committee. Any successor member of the Oversight Committee appointed hereunder shall execute an instrument accepting such appointment hereunder and shall deliver counterparts thereof to the Creditor Trustee, who shall immediately file the same with the Bankruptcy Court.  Thereupon, such successor member of the Oversight Committee shall, without any further act, become vested with all of the rights, powers, duties, authority and privileges of his predecessor hereunder.

(e)  <u>Trust Continuance</u>.  The death, resignation, incompetency or removal of any member of the Oversight Committee shall neither terminate the Creditor Trust created by this Agreement nor invalidate any action theretofore taken by such member of the Oversight Committee. In the event of the resignation or removal of a member of the Oversight Committee, such member shall (i) promptly execute and deliver any such documents, instruments, and other writing as may be necessary to effect the termination of such member's capacity under this Agreement; (ii) deliver to the Creditor Trustee all documents, instruments, records, and other writings relating to the Creditor Trust as may be in the possession of such member; and (iii) otherwise assist and cooperate in effecting the transfer and assumption of his/her obligations and functions by the replacement member.

**ARTICLE XVII**
**<u>MISCELLANEOUS PROVISIONS</u>**

17.1  <u>Intention of Parties to Establish Grantor Trust</u>

This Agreement is intended to create a grantor trust for U.S. federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust (other than with respect to the Trust Claims Reserve).

17.2  <u>Preservation of Privilege</u>

Subject to the terms of the Plan and solely with respect to (a) filing and prosecuting Claims Objections in relation to Class 8 Claims and (b) investigating and prosecuting any and all Retained Estate Causes of Action, any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic, or otherwise) held by the Debtors shall be deemed to be transferred to the Creditor Trust for the limited purpose set forth herein (the "<u>Transferred Privileges</u>") without waiver and shall in all aspects remain privileged.  The Debtors, the Reorganized Debtors, and the Creditor Trustee, as applicable, shall take all necessary actions to protect the Transferred Privileges.

Subject to the terms of the Plan, the Creditor Trust may not waive any Transferred Privileges in respect of records, documents, or information related to the Creditor Trust Assets without first providing to the Reorganized Debtors reasonable advance written notice and an opportunity to protect their respective rights with respect to any subsequent disclosure and the terms of any protective order, confidentiality stipulation, or similar agreement relating to such disclosure.  The Reorganized Debtors may not make disclosure in a manner that could effectuate a waiver of any Transferred Privileges in respect of records, documents, or information related to the Creditor Trust Assets without first providing to the Creditor Trustee reasonable advance written notice (in no event less than five (5) Business Days) and an opportunity to protect the Creditor Trust's rights with respect to any subsequent disclosure and the terms of any protective order, confidentiality stipulation, or similar agreement relating to such disclosure.  If the Creditor Trustee or the Reorganized Debtors object to an action proposed to be taken by the other with regard to records, documents, or information related to the Creditor Trust Assets that are covered by the Transferred Privilege (or a disclosure that would result in a waiver), the parties shall be permitted to raise the issue promptly with the Bankruptcy Court.  The party providing advance written notice

may take its proposed action unless the Bankruptcy Court determines that (a) such action would cause material adverse harm to the other party, or (b) the harm to the objecting party would substantially outweigh the benefit to the party seeking to take the proposed action. The objecting party shall bear the burden of proof. Each of the parties shall bear its own costs and expenses, including attorneys' fees, incurred in connection with such dispute..

17.3    Prevailing Party

Except in connection with any action to enforce the Plan and Section 16.2 hereof, the prevailing party in a dispute regarding the provisions of this Agreement or the enforcement thereof shall be entitled to collect from the non-prevailing party any and all costs, expenses, and fees, including attorneys' fees, incurred in connection with such dispute or enforcement action.

17.4    Confidentiality

The Confidential Parties shall hold strictly confidential and not use for personal gain any material, nonpublic information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Entity to which any of the Creditor Trust Assets relates; *provided*, *however*, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process, including, but not limited to, subpoena or other court order or other applicable laws or regulations. In the event that any Confidential Party is requested to divulge confidential information pursuant to clause (b) above, such Confidential Party shall promptly, to the extent legally permitted, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Creditor Trustee to allow it sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Creditor Trustee in making any such objection, including, but not limited to, appearing in any judicial or administrative proceeding in support of any objection to such disclosure and shall disclose that portion of such information required to be disclosed pursuant to a judicial order.

17.5    Laws as to Construction; Enforcement of Agreement

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of law. Any action to enforce or interpret this Agreement shall be brought in the Bankruptcy Court unless and until a final decree has been entered in the Chapter 11 Cases, and thereafter in any court of competent jurisdiction.

17.6    Severability

Except with respect to provisions herein that are contained in the Plan, if any provision of this Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

17.7    <u>Notices</u>

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, on the third (3ʳᵈ) Business Day after such notice is delivered by facsimile (at the number set forth below with proof of confirmation), overnight delivery, or electronic mail and mailed by certified mail, with return receipt requested at the address as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

**<u>As to the Creditor Trustee:</u>**

| | |
|---|---|
| Contact Name: | Alexandre Zyngier |
| | c/o Batuta Capital Advisors |
| Address: | 650 Halstead Ave., Suite 201B2 |
| | Mamaroneck, NY 10543 |
| Phone: | 914-565-9129 |
| E-mail: | azyngier@batuttaadvisors.com |

with copies to:

White & Case LLP

| | |
|---|---|
| | Attn.:  Gregory F. Pesce, Andrew F. O'Neill, Andrea Kropp |
| Address: | 111 South Wacker Drive, Suite 5100 |
| | Chicago, Illinois 60606 |
| Phone: | 312-881-5400 |
| E-mail: | gregory.pesce@whitecase.com |
| | aoneill@whitecase.com |
| | andrea.kropp@whitecase.com |

and

Paul Hastings LLP

| | |
|---|---|
| | Attn.:  John Storz |
| Address: | 200 Park Avenue |
| | New York, New York 10166 |
| Phone: | 212-318-6000 |
| E-mail: | johnstorz@paulhastings.com |

**<u>As to the Debtors:</u>**

| | |
|---|---|
| Contact Name: | Amyris, Inc. |
| | Attn.:  [●] |
| Address: | 5885 Hollis Street, Suite 100 |
| | Emeryville, California 94608 |

|              |                                                                  |
|--------------|------------------------------------------------------------------|
| with copies to: | Pachulski Stang Ziehl & Jones LLP                             |
|              | Attn.:  Richard M. Pachulski, Debra I. Grassgreen, James E. O'Neill |
| Address:     | 919 N. Market Street, 17th Floor                                 |
|              | P.O. Box 8705                                                    |
|              | Wilmington, Delaware 19899-8705 (Courier 19801)                  |
| Phone:       | 302-652-4100                                                     |
| E-mail:      | rpachulski@pszjlaw.com                                           |
|              | dgrassgreen@pszjlaw.com                                          |
|              | joneill@pszjlaw.com                                              |

**As to the Reorganized Debtors:**

|                |                                                                 |
|----------------|-----------------------------------------------------------------|
| Contact Name:  | Amyris, Inc.                                                    |
|                | Attn.:  [●]                                                     |
| Address:       | 5885 Hollis Street, Suite 100                                   |
|                | Emeryville, California 94608                                    |
| with copies to: | Goodwin Procter LLP                                            |
|                | Attn.:  Jon Novotny, Michael H. Goldstein, Alexander J. Nicas, Debora A. Hoehne |
| Address:       | Three Embarcadero Center                                        |
|                | 28th Floor                                                      |
|                | San Francisco, California 94111                                 |
|                | -and-                                                           |
|                | The New York Times Building                                     |
|                | 620 Eighth Avenue                                               |
|                | New York, New York 10018-1405                                   |
| Phone:         | 415-733-6181                                                    |
|                | 212-813-8840                                                    |
|                | 212-459-7460                                                    |
|                | 212-459-7354                                                    |
| E-mail:        | jnovotny@goodwinlaw.com                                         |
|                | mgoldstein@goodwinlaw.com                                       |
|                | anicas@goodwinlaw.com                                           |
|                | dhoehne@goodwinlaw.com                                          |

    17.8    <u>Notices if to a Creditor Trust Beneficiary</u>

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, on the fifth (5th) Business Day after deposited, postage prepaid, in a post office or letter box addressed to the Person for whom such notice is intended to the name and address as determined in accordance with the Creditor Trust Register, as applicable.

17.9    No Waiver.

No failure by the Creditor Trust, the Creditor Trustee, or its agents, professionals and employees to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

17.10    Survivability

Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Creditor Trustee.

17.11    Entire Agreement

This Agreement (including the recitals hereof and, to the extent applicable, the Plan and the Confirmation Order) constitutes the entire agreement by and among the parties with respect to the subject matter hereof, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan, and in the Confirmation Order.  This Agreement (together with the Plan and the Confirmation Order) supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, if any, of the parties hereto relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto and the Creditor Trust Beneficiaries any rights or remedies under or by reason of this Agreement.  This Agreement shall be binding on the parties hereto and their successors, including any chapter 11 trustee or chapter 7 trustee appointed in the Chapter 11 Cases.

17.12    No Relationships Created

Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind, nor shall the Creditor Trustee or the Creditor Trust Beneficiaries be deemed to be or treated in any way whatsoever to be liable or responsible hereunder as partners or joint venturers.  The relationship of the Creditor Trust Beneficiaries (on the one hand) to the Creditor Trustee (on the other hand) shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement.

17.13    Headings

The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

17.14  <u>Conflicts with Plan Provisions</u>

If any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then this Agreement (as amended, modified, or supplemented in accordance with its terms) shall govern.

\*    \*    \*    \*    \*

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers, all as of the date first written above.

Dated: [●], 2024

**Amyris, Inc.**, on behalf of itself and all other Debtors

By: _____

Name:

Title:

[*Signature Page for Debtors*]

Dated: [●], 2024

**Alexandre Zyngier**, not individually, but solely in
its capacity as Creditor Trustee

By: _____

     Name:  Alexandre Zyngier
     Title:   Creditor Trustee

[*Signature Page for Creditor Trustee*]

**<u>Exhibit 1</u>**

[**Confirmed Plan**]

**Exhibit 2**

**Oversight Committee Majority Approvals**

Without limiting any other rights of the Oversight Committee set forth in this Agreement, the Creditor Trustee shall not take any actions with respect to any of the following actions without the approval of a majority of the members of the Oversight Committee:

(a)    Make (or refrain from making) scheduled or unscheduled distributions to Creditor Trust Beneficiaries as contemplated by this Agreement;

(b)    Employ or retain attorneys, accountants, appraisers, insurance adjusters or other persons on behalf of the Creditor Trust;

(c)    Pay any costs or expenses relating to the management, maintenance, operation, preservation or liquidation of the Creditor Trust, which individually or in the aggregate, is in excess of [$50,000] per year;

(d)    Compromise, arbitrate, mediate, sue on or defend, pursue, prosecute, abandon, dismiss or settle any Claims, Avoidance Actions or other Retained Estate Causes of Action (including the Creditor Trust Assets) in favor of or against the Creditor Trust, to the extent such Claim, Avoidance Action or other Estate Cause of Action involves more than [$25,000];

(e)    Sue in connection with any matter arising from or related to the Plan or this Agreement that affects in any way the rights or obligations of the Creditor Trust, the Creditor Trustee or the Creditor Trust Beneficiaries; and

(f)    Pay any taxes, charges or assessments that may be owed by and levied against the Creditor Trust or Creditor Trust Assets in excess of $50,000.

## Exhibit 3

[**Fee Schedule**]

## **Exhibit 4**

**Initial Oversight Committee Members**

# EXHIBIT A (REDLINE)

## CREDITOR TRUST AGREEMENT

This Creditor Trust Agreement (this "Agreement"), dated as of [●], 2024, by and between Amyris, Inc. and its affiliated debtors and debtors in possession (the "Debtors")[1] in the Chapter 11 Cases (as defined below) and [●], of [●]Alexandre Zyngier, of Batuta Capital Advisors LLC, not individually, but solely in its capacity as Creditor Trustee, pertains to the administration of the Creditor Trust pursuant to the terms of the Plan (as defined below), and is made effective as of the Effective Date thereof.

## RECITALS

(A)    On August 9, 2023 and August 21, 2023, as applicable, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court (the "Chapter 11 Cases").  The Chapter 11 Cases are jointly administered under Case Number 23-11131 (TMH).

(B)    On August 27, 2023, the Office of the United States Trustee for the District of Delaware appointed the official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 152].

(C)    On December 12, 2023, the Debtors filed the *Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Docket No. 892] (as may be amended, modified, or supplemented in accordance with its terms, the "Plan")[2] and the *Disclosure Statement With Respect to Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and its Affiliated Debtors, as Modified* [Docket No. 893] (the "Disclosure Statement").

(D)    On December 13, 2023, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement; (II) Scheduling Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving Form and Content of Solicitation Materials; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Materials; (C) Approving Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Approving Form and Manner of Notice of Plan Releases; (VI) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan; and (VII) Granting Related Relief* [Docket No. 897] (the "Disclosure Statement Order").

---

[1]    A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Debtor Amyris, Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

(E)    On December 14, 2023, the Debtors filed the *Notice of Filing Executed Revised Amended and Restated Plan Support Agreement and Joinders of the Official Committee of Unsecured Creditors and the Ad Hoc Noteholder Group* [Docket No. 910].

(F)    On [●]January 9, 2024, the Debtors filed the [*Plan Supplement*] *for the Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors, as Modified* [Docket No. 1112] (as amended, modified, or supplemented, the "Plan Supplement"), which included a substantially completed version of this Agreement and named [●] as the Creditor Trustee [Docket No. [●]] (the "Plan Supplement").

(G)    On [●], 2024, the Bankruptcy Court entered the order confirming the Plan [Docket No. [●]] (the "Confirmation Order").  A copy of the confirmed Plan is attached hereto as **Exhibit 1**.

(H)    The Plan and Confirmation Order provide for the creation of a Creditor Trust, to be established on the Effective Date on behalf, and for the benefit, of the Creditor Trust Beneficiaries and to hold, administer, investigate, prosecute, liquidate and distribute the Creditor Trust Assets to the Creditor Trust Beneficiaries, in accordance with the terms of the Plan, the Confirmation Order, and this Agreement.  This Agreement is executed to establish the Creditor Trust and to facilitate the implementation of certain aspects of the Plan.

(I)    The Creditor Trustee has been selected to be a Disbursing Agent under the Plan, with responsibility for facilitating distributions, allocations, and/or issuances to holders of Allowed Claims in Classes 7 and 8 in accordance with, and pursuant to, the Plan.

(J)    The respective powers, authority, responsibilities, and duties of the Creditor Trustee shall be governed by this Agreement, the Plan, the Confirmation Order, and any other applicable orders issued by the Bankruptcy Court.

(K)    This Agreement is intended to supplement, complement, and implement certain aspects of the Plan; *provided*, *however*, that if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then this Agreement shall govern.

(L)    The Creditor Trust is intended to qualify as a "liquidating trust" for all purposes of the Investment Company Act of 1940, as amended.

(M)    In accordance with the Plan, the Creditor Trust Interests are intended to be exempt, to the extent applicable, from the requirements of the Securities Act of 1933, as amended, and any applicable state and local laws requiring registration of securities, pursuant to section 1145 of the Bankruptcy Code.

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the parties to this Agreement agree as follows:

# ARTICLE I
## DEFINITIONS

Any capitalized term used, but not otherwise defined, herein shall have the meaning set forth in the Plan.  For purposes of this Agreement, the following terms shall have the meanings set forth below:

"**Ad Hoc Group**" means the informal ad hoc group of certain holders of Convertible Notes represented by Paul Hastings LLP, as primary counsel, and Blank Rome LLP, as local counsel, as further described in the *Verified Statement of the Ad Hoc Noteholder Group Pursuant to Bankruptcy Rule 2019* [Docket No. 129].

"**Agreement**" means this Creditor Trust Agreement.

"**Available Net Creditor Proceeds**" shall have the meaning set forth in <u>Section 8.1</u> herein.

"**Avoidance Actions**" means any and all actual or potential avoidance, recovery, subordination, or other Causes of Action, or remedies that constitute Creditor Trust Assets that may be brought by or on behalf of the Debtors or their Estates or other authorized parties in interest under the Bankruptcy Code or applicable non-bankruptcy Law, including Causes of Action, or remedies arising under chapter 5 of the Bankruptcy Code or under similar or related local, state, federal, or foreign statutes or common Law, including fraudulent transfer Laws.

"**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware, presiding over the Chapter 11 Cases, or any other court having jurisdiction over the Chapter 11 Cases, including, to the extent of the withdrawal of reference under 28 U.S.C. § 157 and/or the General Order of the District Court pursuant to section 151 of the Judicial Code, the United States District Court for the District of Delaware.

"**Cause**" means, for purposes of removing the Creditor Trustee, (a) the Creditor Trustee's conviction of a felony or any other crime involving moral turpitude, (b) any act or failure to act by the Creditor Trustee involving actual dishonesty, fraud, misrepresentation, theft, or embezzlement, (c) the Creditor Trustee's willful and repeated failure to substantially perform his or her duties under this Agreement after written notice and an opportunity to cure, or (d) the Creditor Trustee's incapacity, such that he or she is unable to substantially perform his or her duties under this Agreement for more than thirty (30) consecutive days.

"**Causes of Action**" means, collectively, any and all claims, interests, controversies, actions, proceedings, reimbursement claims, contribution claims, recoupment rights, debts, third-party claims, indemnity claims, damages, remedies, causes of action, demands, rights, suits, obligations, liabilities, accounts, judgments, defenses, offsets, powers, privileges, licenses, franchises, Liens, guaranties, Avoidance Actions, agreements, counterclaims, and cross-claims, of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected,

liquidated or unliquidated, disputed or undisputed, asserted or unasserted, direct or indirect, assertable directly or derivatively, choate or inchoate, reduced to judgment or otherwise, secured or unsecured, whether arising before, on, or after the Petition Date, in tort, Law, equity, or otherwise pursuant to any theory of civil Law (whether local, state, or federal U.S. Law or non-U.S. Law). Causes of Action also include: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by Law or in equity; (b) any claim (whether under local, state, federal U.S. Law or non-U.S. civil Law) based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, fraudulent transfer or fraudulent conveyance or voidable transaction Law, violation of local, state, or federal non-U.S. Law or breach of any duty imposed by Law or in equity, including securities Laws and negligence; (c) the right to object to or otherwise contest Claims or Interests and any Claim Objections; (d) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; and (e) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code.

"**Claim**" means any claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors.

"**Claim Objection**" means an objection to the allowance of a Claim as set forth in section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and/or any order of the Bankruptcy Court regarding omnibus claims objections.

"**Confidential Parties**" means, collectively, the Creditor Trustee and each of its respective employees, members, agents, professionals, and advisors, including the Creditor Trustee Professionals and the Creditor Trustee Non-Professionals.

"**Confidential Party**" means the Creditor Trustee or each of its respective employees, members, agents, professionals, or advisors, including the Creditor Trustee Professionals and Creditor Trustee Non-Professionals.

"**Creditor Trust**" means a trust established on the Effective Date pursuant to the Plan and Confirmation Order, on behalf, and for the benefit, of the Creditor Trust Beneficiaries in accordance with the Plan, the Confirmation Order, and this Agreement.

"**Creditor Trust Assets**" means the assets to be held in the Creditor Trust composed of (i) the Creditor Trust Funding; (ii) the Estate Claims Settlement Consideration (including, without limitation, the Retained Estate Causes of Action); (iii) the Third-Party Release Settlement Amounts specified for distribution to qualifying holders of Allowed Claims in Classes 7 and 8; (iv) any amounts transferred to the Creditor Trust pursuant to Article IV.T of the Plan; and (v) any net proceeds of (i) – (ii) above; *provided*, *however*, that (a) Causes of Action of the Debtors and their Estates against any Released Parties and (b) any Designated Preference Actions shall not be Creditor Trust Assets.

"**Creditor Trust Beneficiaries**" means the holders of Allowed Class 7 and Class 8 Claims.

"**Creditor Trust Expenses**" means expenses (including, but not limited to, any taxes imposed on or payable by the Creditor Trust and Creditor Trustee Party fees and expenses) incurred by the Creditor Trust and any additional amount determined to be necessary or appropriate by the Creditor Trustee to adequately reserve for the operating expenses of the Creditor Trust.

"**Creditor Trust Funding**" means $2,000,000 in Cash to be distributed to the Creditor Trust on the Effective Date to pay for Creditor Trust Expenses.

"**Creditor Trust Interests**" means interests in the Creditor Trust held by the Creditor Trust Beneficiaries.

"**Creditor Trust Register**" means the trust register reflecting the Creditor Trust Interests and Allowed Claims held by each Creditor Trust Beneficiary.

"**Creditor Trustee**" means the trustee for the Creditor Trust, [●], as selected by the Creditors' Committee and the Ad Hoc Group, and any successor appointed pursuant to the terms of this Agreement. The Creditor Trustee and any successor Creditor Trustee shall be a "U.S. person" as determined for U.S. federal income tax purposes.

"**Creditor Trustee Non-Professionals**" means non-professionals retained by the Creditor Trustee including, without limitation, employees, independent contractors, alternative dispute resolution panelists, or other agents as the Creditor Trustee deems appropriate.

"**Creditor Trustee Parties**" means, collectively, the Creditor Trustee, the Creditor Trustee Professionals, and the Creditor Trustee Non-Professionals, and any other representatives, agents, employees, successors, or assigns of the Creditor Trustee, the Creditor Trustee Professionals, and the Creditor Trustee Non-Professionals.

"**Creditor Trustee Party**" means, individually, the Creditor Trustee, the Creditor Trustee Professionals, the Creditor Trustee Non-Professionals, or any other representatives, agents, employees, successors, or assigns of the Creditor Trustee, the Creditor Trustee Professionals, or Creditor Trustee Non-Professionals.

"**Creditor Trustee Professionals**" means professionals retained by the Creditor Trustee including, without limitation, disbursing and transfer agents, legal counsel, accountants, experts, investment, auditing, and forecasting and other consultants, and other agents or advisors, as the Creditor Trustee deems appropriate.

"**Designated Preference Actions**" means collectively Estate Causes of Action that are preference actions arising under Section 547 of the Bankruptcy Code that are so designated as Designated Preference Actions in the Plan Supplement.

"**Disbursing Agent**" means, as applicable, the Entity or Entities selected by the Debtors, the Reorganized Debtors, Ad Hoc Group, Creditors' Committee, or the Plan Administrator, as applicable, to make or to facilitate distributions, allocations, and/or issuances in accordance with, and pursuant to, the Plan. For the avoidance of doubt, (i)

the Plan Administrator may serve as the Disbursing Agent; (ii) the DIP Agent shall not be a Disbursing Agent; and (iii) the Creditor Trust shall be the Disbursing Agent for distributions to holders of Allowed Claims in Classes 7 and 8.

"**Estate**" means as to each Debtor, the estate created for such Debtor in its Chapter 11 Case pursuant to section 541 of the Bankruptcy Code upon the commencement of such Debtor's Chapter 11 Case.

"**Estate Causes of Action**" means all Causes of Action that are assets of the Debtors' Estates.

"**Estate Claims Settlement Consideration**" means the aggregate of the Estate Claims Settlement Cash Consideration and the Estate Claims Settlement Other Consideration.

"**Estate Claims Settlement Cash Consideration**" means $15,000,000 in cash which shall be distributed Pro Rata to Classes 7 and 8 by the Disbursing Agent, based upon the Allowed Claims in such Classes, and the Creditor Trust Funding, in each case whether or not Class 7 or Class 8 votes to accept the Plan.

"**Estate Claims Settlement Other Consideration**" means the Retained Estate Causes of Action which shall be transferred to the Creditor Trust on the Effective Date and the proceeds thereof, which proceeds shall be part of the Creditor Trust for distribution Pro Rata to Classes 7 and 8, based upon the Allowed Claims in such Classes, whether or not such Classes vote to accept the Plan.

"**Interests**" means the legal interests, equitable interests, contractual interests, equity interests or ownership interests, or other rights of any entity in the Debtors, including all equity securities (as defined in section 101(15) of the Bankruptcy Code), capital stock, stock certificates, common stock, preferred stock, partnership interests, limited liability company or membership interests, rights, treasury stock, options, warrants, contingent warrants, convertible or exchangeable securities, investment securities, subscriptions or other agreements and contractual rights to acquire or obtain such an interest or share in the Debtors, partnership interests in the Debtors' stock appreciation rights, conversion rights, repurchase rights, redemption rights, dividend rights, preemptive rights, subscription rights and liquidation preferences, puts, calls, awards or commitments of any character whatsoever relating to any such equity, common stock, preferred stock, ownership interests or other shares of capital stock of the Debtors or obligating the Debtors to issue, transfer or sell any shares of capital stock whether or not certificated, transferable, voting or denominated "stock" or a similar security.

"**IRC**" means, as amended, the Internal Revenue Code of 1986.

"**Lien**" has the meaning set forth in section 101(37) of the Bankruptcy Code.

"**Plan Administrator**" means the person or entity selected by the Debtors, with the reasonable consent of the Foris Secured Parties, the Creditors' Committee, and the Ad

Hoc Group with respect to experience and qualifications, charged with overseeing the tasks outlined in the Plan not delegated to the Creditor Trust.

"**Retained Estate Causes of Action**" means collectively: (a) all Causes of Action of the Debtors and Estates against the Excluded Parties; and (b) the Specified Preference Actions.

"**Treasury Regulation**" means any regulation promulgated by the United States Department of the Treasury, including any temporary regulations from time to time promulgated under the IRC.

"**U.S. Trustee**" means the Office of the United States Trustee for the District of Delaware.

## ARTICLE II
## NAME OF TRUST AND CREDITOR TRUSTEE

The name of the Creditor Trust is the "**Amyris Creditor Trust**." In connection with the exercise of the Creditor Trustee's powers under this Agreement, the Creditor Trustee may use this name or such variation thereof as the Creditor Trustee, in the Creditor Trustee's discretion, may determine.

On the Effective Date, pursuant to Article V of the Plan, the Debtors shall transfer, or cause to be transferred, all of their rights, title, and interest in the Creditor Trust Assets to the Creditor Trust, for the benefit of the Creditor Trust Beneficiaries, which Creditor Trust Assets shall vest in the Creditor Trust free and clear of all Liens, Claims, charges, or other encumbrances or interests. On and after the Effective Date, the Creditor Trust shall be authorized to make distributions to the Creditor Trust Beneficiaries in accordance with the Plan, file and prosecute certain Claims Objections, solely in relation to Class 8 Claims, and commence the investigation and prosecution of the Retained Estate Causes of Action.

The Creditor Trustee shall be deemed to have been appointed as the Debtors' Estates' representative pursuant to section 1123(b)(3)(B) of the Bankruptcy Code. The Creditor Trustee shall be entitled to liquidate any and all of the Creditor Trust Assets, and the Available Net Creditor Proceeds shall be distributed to the Creditor Trust Beneficiaries in accordance with the terms of the Plan and this Agreement.

[●], of [●] is hereby appointed to serve as the Creditor Trustee, and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement. A successor Creditor Trustee shall be appointed as set forth in Section 11.1 hereof in the event the Creditor Trustee is removed or resigns pursuant to this Agreement or if the Creditor Trustee otherwise vacates the position.

## ARTICLE III
## DUTIES AND POWERS OF THE CREDITOR TRUSTEE

3.1    Generally

Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, the Creditor Trustee shall control and exercise authority over the Creditor Trust Assets and shall be responsible for administering and liquidating (or abandoning, as the case may be) the Creditor Trust Assets and taking actions on behalf of, and representing, the Creditor Trust, including by (a) filing and prosecuting Claims Objections in relation to Class 8 Claims and (b) investigating and prosecuting any and all Retained Estate Causes of Action.  The Creditor Trustee shall have the authority to bind the Creditor Trust within the limitations set forth herein, in the Plan, and in the Confirmation Order, but shall for all purposes hereunder be acting in the capacity of Creditor Trustee and not individually.

Except as otherwise specified in this Agreement or in the Plan, the Creditor Trustee need not obtain the order or approval of any court in the exercise of any power or discretion conferred hereunder or in the Plan.

3.2    Scope of Authority of Creditor Trustee

The Creditor Trustee shall have all duties, obligations, rights, and benefits assumed by, assigned to, or vested in the Creditor Trust under the Plan, the Confirmation Order, and, subject to the Plan and the Confirmation Order, this Agreement.  Such duties, obligations, rights, and benefits include, without limitation, all duties, obligations, rights, and benefits relating to the investigation, collection, prosecution, settlement, administration, and liquidation of the Creditor Trust Assets, making distributions to Creditor Trust Beneficiaries, administration of the Creditor Trust, and any other duties, obligations, rights, and benefits reasonably necessary to accomplish the purpose of the Creditor Trust under the Plan, the Confirmation Order, and subject to the Plan and the Confirmation Order, this Agreement.  ~~The~~Subject to the provisions of this Creditor Trust Agreement, the Creditor Trustee in consultation with, and subject to the management and direction of the Oversight Committee (as defined herein), shall be responsible for all decisions and duties with respect to the Creditor Trust and its assets.  In all circumstances, the Creditor Trustee shall act in the best interests of the Creditor Trust Beneficiaries and in furtherance of the purpose of the Creditor Trust, and all transactions concerning Creditor Trust Assets shall be conducted on an arm's-length basis.

3.3    Fiduciary Duties of Creditor Trustee

Pursuant to the Plan and this Agreement, the Creditor Trustee will act in a fiduciary capacity on behalf of the Creditor Trust Beneficiaries.

3.4    Additional Powers of Creditor Trustee

In connection with the administration of the Creditor Trust, subject to and except as otherwise set forth in this Agreement or the Plan, the Creditor Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Plan and of the Creditor Trust and to otherwise protect the interests of Creditor Trust Beneficiaries as contemplated in the Plan

and herein.    Without limiting, but subject to, the foregoing, the Creditor Trustee shall be authorized, in its sole discretion, and subject to the limitations contained herein and in the Plan (and, for the avoidance of doubt, subject to Oversight Committee approval to the extent required herein) to:

(a)    hold legal title (on behalf of the Creditor Trust as Creditor Trustee, but not individually) to the Creditor Trust Assets held by the Creditor Trust and all assets transferred to the Creditor Trust;

(b)    receive and take such action as may be necessary to take possession, custody, or control of all assets and property to be distributed to the Creditor Trust pursuant to the Plan;

(c)    protect and enforce the rights to the Creditor Trust Assets vested in the Creditor Trust by the Plan through any method deemed appropriate in its sole discretion, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium, or similar law and general principles of equity;

(d)    open and maintain bank accounts in the name of the Creditor Trust, draw checks and drafts thereon on the sole signature of the Creditor Trustee, and terminate such accounts as the Creditor Trustee deems appropriate;

(e)    maintain the books and records of the Creditor Trust;

(f)    establish such funds, reserves, and accounts within the Creditor Trust estate, as deemed necessary by the Creditor Trustee in carrying out the purposes of the Creditor Trust;

(g)    make distributions and pay any other obligations owed by the Creditor Trust from the Available Net Creditor Proceeds as provided herein and in the Plan;

(h)    solely with respect to Class 8 General Unsecured Claims, (a) file and prosecute Claim Objections, (b) settle, compromise, withdraw, litigate to judgment, or otherwise resolve any and all Claim Objections, (c) settle, compromise, or resolve any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court, and (d) administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order, or approval by the Bankruptcy Court;

(i)    invest moneys received by the Creditor Trust or otherwise held by the Creditor Trust in accordance with Section 3.6 hereof;

(j)    prosecute, defend, compromise, adjust, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms hereof, claims against the Creditor Trust or the Creditor Trust Assets;

(k)    investigate, prosecute, compromise, adjust, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms hereof, any and all Claims and Causes of Action held by the Creditor Trust, including the Retained Estate Causes of Action;

(l)    pay expenses and make disbursements necessary to preserve, liquidate, and enhance the Creditor Trust Assets;

(m)    purchase liability insurance coverage as the Creditor Trustee, in its sole discretion, deems necessary and appropriate with respect to the Creditor Trustee's duties pertaining to the Creditor Trust Assets (in the form of an errors and omissions policy, fiduciary policy, or otherwise);

(n)    purchase such insurance coverage as the Creditor Trustee, in its sole discretion, deems necessary and appropriate with respect to real and personal property which may be or may become Creditor Trust Assets;

(o)    purchase such insurance coverage as the Creditor Trustee, in its sole discretion, deems necessary and appropriate with respect to the Creditor Trust Assets (in the form of a directors and officers policy or otherwise);

(p)    retain and pay, as applicable, Creditor Trustee Professionals and Creditor Trustee Non-Professionals as provided in, and subject to the terms of, this Agreement;

(q)    incur any reasonable and necessary expenses in investigating, prosecuting, liquidating, and converting the Creditor Trust Assets to Cash, or otherwise administering the Creditor Trust, as set forth in the Plan or this Agreement;

(r)    administer the Creditor Trust's tax obligations, including (a) filing tax returns and paying tax obligations, (b) making distributions to Creditor Trust Beneficiaries net of such taxes and applicable withholdings, and (c) representing the interest and account of the Creditor Trust before any taxing authority in all matters, including, without limitation, any action, suit, proceeding, or audit;

(s)    in the event that the Creditor Trustee determines that the Creditor Trust Beneficiaries or the Creditor Trust may, will, or have become subject to adverse tax consequences, take such actions that will, or are intended to, alleviate such adverse tax consequences;

(t)    ~~as soon as reasonably practicable after the transfer of the Creditor Trust Assets to the Creditor Trust,~~ value the Creditor Trust Assets ~~based on a good faith valuation of such Creditor Trust Assets, and such valuation shall be used by all parties (including the Debtors, the Creditor Trustee, and the Creditor Trust Beneficiaries) for all U.S. federal income tax purposes, as set forth in the Plan; and~~<u>in accordance with Section 12.2(d); and</u>

(u)    assume such other powers as may be vested in or assumed by the Creditor Trustee pursuant to the Plan or Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

3.5    Limitation of Creditor Trustee's Authority; No Ongoing Business

Notwithstanding anything to the contrary under applicable law, this Agreement or the Plan, the authority of the Creditor Trustee is limited as follows:

(a)    For federal tax purposes and otherwise, the Creditor Trustee shall not be authorized to engage in any trade or business with respect to the Creditor Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Creditor Trust.

(b)    The Creditor Trustee shall take such actions consistent with the prompt and orderly liquidation of the Creditor Trust Assets as required by applicable law and consistent with the treatment of the Creditor Trust as a "liquidating trust" pursuant to Treasury Regulations § 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124 and as a "grantor trust" for federal income tax purposes, pursuant to sections 671 through 679 of the IRC, to the extent such actions are permitted by this Agreement.  The Creditor Trust shall in no event be dissolved later than five (5) years after the Effective Date unless the Bankruptcy Court, upon motion of the Creditor Trustee within the six (6) months prior to such fifth (5th) anniversary (or, in the event of further extension, within the six (6) month period before the end of the preceding extension), determines that a fixed-period extension (not to exceed three (3) years, together with any prior extensions, without a favorable private letter ruling from the IRS or based on advice or an opinion of counsel satisfactory to the Creditor Trustee that any further extension would not adversely affect the status of the Creditor Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Creditor Trust Assets.

(c)    The Creditor Trustee shall not take, or fail to take, any action that would jeopardize treatment of the Creditor Trust as a "liquidating trust" and as a "grantor trust" (with the Creditor Trust Beneficiaries as the grantors) for federal income tax purposes.

(d)    The Creditor Trustee shall not have the power to guarantee any debt of other Persons.

(e)    The Creditor Trustee shall not, and shall not be authorized to, take any action inconsistent with the Plan, including, without limitation, asserting or seeking to pursue any Claims or Causes of Action released by the Plan.

(f)    Notwithstanding anything to the contrary herein (and without limiting any other rights of the Oversight Committee set forth herein), the Creditor Trustee shall not take any actions with respect to any of the items set out on **Exhibit 2** hereto without the approval of a majority of the members of the Oversight Committee.

3.6    Investment of Creditor Trust Monies

The Creditor Trustee shall not invest any Creditor Trust Assets, proceeds thereof, or any income earned by the Creditor Trust unless such investment is permitted to be made by a "liquidating trust" within the meaning of Treasury Regulations § 301.7701-4(d) under applicable Internal Revenue Service guidelines, rulings, or other controlling authorities, including Revenue

Procedure 94-45, 1994-2 C.B. 684.  The Creditor Trustee shall not be liable for interest or obligated to produce income on any moneys received by the Creditor Trust hereunder and held for distribution or payment, except as such interest or other income shall actually be received by the Creditor Trustee.  Notwithstanding anything to the contrary herein, any investment shall be made in the manner investments are permitted to be made by a Creditor Trust within the meaning of Treasury Regulation section 301.7701-4(d), as reflected therein, or under applicable Internal Revenue Service guidelines, rulings, or other controlling authorities, including Revenue Procedure 94-45, 1994-2 C.B. 684.

    3.7    <u>Other Activities</u>

The Creditor Trustee shall be entitled to be employed by third parties while performing the duties required under the Plan and this Agreement, so long as such other employment does not involve holding or representing any interest adverse to the interests of the Creditor Trust, or otherwise preclude or impair the Creditor Trustee from performing its duties under the Plan and this Agreement.  The Creditor Trustee represents that, as of the Effective Date, the Creditor Trustee does not hold or represent any interest adverse to the interests of the Creditor Trust by virtue of its employment with or engagement by any Creditor Trust Beneficiaries, third parties or otherwise.

**ARTICLE IV**
**<u>TERM AND COMPENSATION FOR CREDITOR TRUSTEE</u>**

    4.1    <u>Compensation</u>

The Creditor Trustee shall be entitled to receive fair and reasonable compensation as provided on **Exhibit <s>2</s>3** hereto (the "<u>Fee Schedule</u>") for services rendered on behalf of the Creditor Trust and reimbursement of all reasonable, out-of-pocket expenses.  Fees and expenses incurred by the Creditor Trustee shall be paid from the Creditor Trust Assets and any proceeds therefrom; *provided*, *however*, that any Creditor Trustee that resigns or is removed from such capacity shall be entitled to receive its accrued and unpaid monthly fee (or accrued hourly fees, as applicable) and expenses, but no other compensation.  The Fee Schedule may be modified at any time by a vote of holders of Creditor Trust Interests that represent both (a) a majority in amount of all issued Creditor Trust Interests that are voted and (b) a majority in number of issued Creditor Trust Interests that are voted.

    4.2    <u>Termination</u>

The duties, responsibilities and powers of the Creditor Trustee shall terminate in accordance with <u>Section 14.1</u> hereof.

    4.3    <u>No Bond</u>

Notwithstanding any state or other applicable law to the contrary, the Creditor Trustee shall not be obligated to obtain a bond, but may do so, in its sole discretion, in which case the expense incurred by such bonding shall be paid by the Creditor Trust.

4.4    Removal

If Cause for removal exists, the Creditor Trustee may be removed at any time by a vote of holders of Creditor Trust Interests that represent both (a) a majority in amount of all issued Creditor Trust Interests that are voted and (b) a majority in number of issued Creditor Trust Interests that are voted; *provided, however*, that no such removal shall be effective until a successor agrees to serve as Creditor Trustee subject to all of the terms and conditions of this Agreement.

4.5    Resignation

The Creditor Trustee may resign by giving not less than thirty (30) days' prior written notice thereof to the Creditor Trust Beneficiaries; *provided, however*, that such resignation shall not become effective until a successor agrees to serve as Creditor Trustee subject to all of the terms and conditions of this Agreement.

**ARTICLE V**
**PROVISIONS REGARDING DISTRIBUTIONS**

5.1    Distribution Agent

The Creditor Trustee shall distribute Available Net Creditor Proceeds in accordance with the Plan and may employ or contract with other Persons to assist in making such distributions.

5.2    Timing of Distributions

~~The~~Subject to approval of the Oversight Committee as set forth herein, the Creditor Trustee shall make distributions to Creditor Trust Beneficiaries not less frequently than once annually, with such initial one (1) year period commencing on the Effective Date, unless the Creditor Trustee determines, in the Creditor Trustee's reasonable discretion, that making such a distribution is impracticable in light of the anticipated cash needs of the Creditor Trust going forward, or that, in light of the Cash available for distribution, making a distribution would not warrant the incurrence of costs in making the distribution.

5.3    Unclaimed Distributions

In the event that any distribution to a Creditor Trust Beneficiary remains unclaimed or is returned as undeliverable, no distribution to such Creditor Trust Beneficiary shall be made unless and until the Creditor Trust has determined the then-current address of such Creditor Trust Beneficiary, at which time such Unclaimed Distribution shall be made to such Creditor Trust Beneficiary without interest; *provided*, *however*, that such distributions shall be deemed unclaimed property under section 347(b) of the Bankruptcy Code on the later of: (a) the expiration of one (1) year from the Effective Date or (b) ninety (90) days from the date of such distribution.    After such date, all unclaimed Available Net Creditor Proceeds shall be redistributed in accordance with the Plan and this Agreement.

Nothing contained in the Plan or this Agreement shall require the Creditor Trustee to attempt to locate any Creditor Trust Beneficiary.

5.4    Plan Distribution to Holders of Claims Generally

(a)    No Plan Distribution in Excess of Allowed Claims.  Notwithstanding anything to the contrary herein, Creditor Trust Beneficiaries will not receive, in respect of their Claims, distributions under the Plan and this Agreement in excess of the amount of their respective Allowed Claims.

(b)    Disputed Payments.  If any dispute arises as to the identity of a Creditor Trust Beneficiary that is to receive any distribution, the Creditor Trustee may, in lieu of making such distribution to such Creditor Trust Beneficiary, make such distribution into an escrow account or otherwise hold such distribution until the disposition thereof is determined by a court of competent jurisdiction or by written agreement among the interested parties to such dispute, which written agreement is reasonably acceptable to the Creditor Trustee.

(c)    Disputed Claims.  If an objection to a Class 8 General Unsecured Claim or portion thereof is filed as set forth in Article VIII of the Plan, no payment or distribution provided under the Plan shall be made on account of such Claim or portion thereof unless and until such Disputed Claim becomes an Allowed Claim and the holder of such Allowed Claim receives Creditor Trust Interests on account of its Allowed Claim in accordance with Section 9.2 of this Agreement.  As soon as reasonably practicable after that date, the Creditor Trust shall provide to such Creditor Trust Beneficiary the distribution (if any) to which it is entitled under the Plan as of the Effective Date, less any previous distribution (if any) that was made on account of the undisputed portion of its Claim, without any interest, dividends, or accruals to be paid on account of its Creditor Trust Interests unless required under applicable bankruptcy law or as otherwise provided in Article VII.A of the Plan.  The Debtors and the Reorganized Debtors shall work in good faith, expeditiously, and on a commercially reasonable basis with the Creditor Trustee regarding the allowance or disallowance of Class 8 General Unsecured Claims.

(d)    Withholding Taxes.  The Creditor Trustee may deduct and withhold and pay to the appropriate taxing authority all amounts required to be deducted or withheld pursuant to the Tax Code or any provision of any state, local, or non-U.S. tax Law with respect to any Creditor Trust Beneficiaries, including with respect to any payment or distribution to the Creditor Trust Beneficiaries, any amounts received by, collections of, or earnings of the Creditor Trust and any proceeds from the Creditor Trust Assets.  Notwithstanding the above, each Holder of an Allowed Claim that is to receive a distribution under the Plan shall have the sole and exclusive responsibility for the satisfaction and payment of any taxes imposed on such Holder by any governmental authority, including income, withholding and other tax obligations, on account of such distribution or with respect to its ownership of the Creditor Trust Interests.  All such amounts deducted or withheld and timely paid to the appropriate taxing authority shall be treated as amounts distributed to such Creditor Trust Beneficiaries for all purposes of the Plan, to the extent permitted by applicable Law.  The Creditor Trustee shall be authorized to collect such tax information from the Creditor Trust Beneficiaries (including social security numbers or other tax identification numbers) as it, in its sole discretion, deems necessary to effectuate the Plan, the Confirmation Order, and this Agreement and to determine whether any deduction or withholding

applies with respect to a payment to such Creditor Trust Beneficiary and the amount of such deduction or withholding.

(e)    <u>Plan Distributions After the Effective Date</u>.  In accordance with the Plan and this Agreement, no interest shall accrue or be payable with respect to distributions made after the Effective Date.

(f)    <u>Manner of Payments</u>.  Unless the Person receiving a distribution agrees otherwise, any distribution under the Plan and this Agreement shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank, in the sole discretion of the Creditor Trustee.

(g)    <u>Delivery of Plan Distribution</u>.    Distributions to Creditor Trust Beneficiaries shall be made as follows: (a) to the signatory set forth on any of the Proofs of Claim filed by such Creditor Trust Beneficiary or other representative identified therein (or at the last known addresses of such Creditor Trust Beneficiary if no Proof of Claim is filed or if the Creditor Trustee has been notified in writing of a change of address); (b) at the addresses set forth in any written notices of address changes delivered to the Debtors, as applicable, or the Creditor Trustee, as applicable, after the date of any related Proof of Claim; (c) at the addresses reflected in the Schedules if no Proof of Claim has been filed and the Reorganized Debtors or the Creditor Trustee, as applicable, have not received a written notice of a change of address; (d) at the address set forth on a completed form W-9, received by the Creditor Trustee after the date of any related Proof of Claim; or (e) to any counsel that has appeared in the Chapter 11 Cases on the Creditor Trust Beneficiary's behalf; *provided*, *however*, distributions to  holders of Allowed Claims in Class 7 shall be made in accordance with the final paragraph in Article VII.B of the Plan.

(h)    <u>Record Date for Plan Distributions</u>.  The Creditor Trustee shall have no obligation to recognize the transfer of, or the sale of any participation in, any Allowed General Unsecured Claim or Allowed Convertible Notes Claim.

5.5    <u>De Minimis Distributions</u>

Notwithstanding anything in the Plan or herein to the contrary, the Creditor Trustee shall not be required to make distributions or payments of less than $50 until the earlier of (a) as soon as reasonably practicable after the aggregate distributions owed to such Creditor Trust Beneficiary on account of Allowed General Unsecured Claim or Allowed Convertible Notes Claim held by such Creditor Trust Beneficiary exceed $50 and (b) the final distribution to Creditor Trust Beneficiaries.

Whenever any distribution of a fraction of a dollar would be required, the Creditor Trustee shall round such fraction to the nearest whole dollar (up or down), with half dollars being rounded down.

5.6    <u>Final Plan Distribution</u>

Notwithstanding anything in the Plan to the contrary, in the event that: (a) in the discretion of the Creditor Trustee, the Creditor Trust (i) has insufficient funds to make any

further distributions to the Creditor Trust Beneficiaries and (ii) has no remaining potential sources of funds; (b) all Creditor Trust Beneficiaries have been paid in full; or (c) it is impractical or impossible for the Creditor Trustee to make further distributions to the Creditor Trust Beneficiaries, the Creditor Trustee shall have the right to abandon or otherwise dispose of such assets, including by donation of such property to a charity qualifying under section 501(c)(3) of the IRC; *provided*, *however*, that the Creditor Trustee shall be permitted to establish a reserve sufficient to pay all costs and expenses of the Creditor Trust.

5.7     Requirement of Undertaking

The Creditor Trustee may request any court of competent jurisdiction to require, and any such court may in its discretion require, in any suit for the enforcement of any right or remedy under the Plan, or in any suit against the Creditor Trustee for any act taken or omitted by the Creditor Trustee, that the filing party litigant in such suit undertake to pay the costs of such suit or post a bond, if required, and such court may in its discretion assess reasonable costs, including, without limitation, reasonable attorneys' fees, against any party litigant in such suit, having due regard to the merits and good faith of the claims or defenses made by such party litigant.

**ARTICLE VI**
**CREDITOR TRUST FUNDING**

6.1     Creditor Trust Funding

The Creditor Trust Expenses shall be paid, in the first instance, from the Creditor Trust Funding in accordance with the Plan and this Agreement.  On the Effective Date, the Creditor Trust Funding shall be $2,000,000 in Cash.

6.2     Creditor Trust Assets

Notwithstanding any prohibition of assignability under applicable nonbankruptcy law, on the Effective Date and periodically thereafter if additional Creditor Trust Assets become available, the Debtors shall be deemed to have automatically distributed to the Creditor Trust Beneficiaries, who will immediately thereafter be deemed to have automatically transferred to the Creditor Trust, all of their right, title, and interest in and to all of the Creditor Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, all such Creditor Trust Assets shall automatically vest in the Creditor Trust free and clear of all Claims, Liens, encumbrances, and other liabilities, subject only to the Claims of the Creditor Trust Beneficiaries as set forth in the Plan and the expenses of the Creditor Trust and the Creditor Trustee as set forth herein, with all proceeds of the Creditor Trust to be distributed in accordance with the provisions of the Plan and this Agreement.  Thereupon, the Debtors and Reorganized Debtors shall have no interest in or with respect to the Creditor Trust Assets or the Creditor Trust.

6.3     Creditor Trustee's Lien

The Creditor Trustee, the Creditor Trustee Professionals, and the Creditor Trustee Non-Professionals shall have a first priority Lien upon the Creditor Trust Assets to secure the

payment of any amounts payable to them pursuant to Sections 4.1, 6.1, or 13.2 hereof.

## ARTICLE VII
## LIABILITY AND EXCULPATION PROVISIONS

7.1    Liability, Indemnification of the Creditor Trustee~~and~~, the Creditor Trustee Professionals, and the Oversight Committee

Except to the extent of a bond provided by the Creditor Trustee, if any, or as otherwise provided in the Plan or this Agreement, no recourse shall ever be had, directly or indirectly, against any Creditor Trustee Party~~,~~ or the Oversight Committee and each of its members (collectively, the "Creditor Trust Indemnified Parties" and each, a "Creditor Trust Indemnified Party") by legal or equitable proceedings or by virtue of any statute or otherwise, or any deed of trust, mortgage, pledge, or note, nor upon any promise, contract, instrument, undertaking, obligation, covenant, or agreement whatsoever executed by the Creditor Trustee under the Plan or by reason of the creation of any indebtedness by the Creditor Trustee under the Plan for any purpose authorized by the Plan.  All such liabilities, covenants, and agreements of such Creditor ~~Trustee~~Trust Indemnified Party, whether in writing or otherwise, under the Plan shall be enforceable only against, and shall be satisfied only out of a bond provided by the Creditor Trustee, if any, and the Creditor Trust Assets or such part thereof as shall, under the terms of any such agreement, be liable therefor, or shall be evidence only of a right of payment out of the Creditor Trust Assets.  Every undertaking, contract, covenant, or agreement entered into in writing by the Creditor Trustee shall provide expressly against the personal liability of the Creditor Trustee.

No Creditor ~~Trustee~~Trust Indemnified Party shall be liable for any act or omission of one another, nor shall the Creditor ~~Trustee~~Trust Indemnified Parties be liable for any act or omission taken or not taken in such capacity, including, but not limited to, in the performance of any of the duties and powers of the Creditor Trustee set forth in Article III of this Agreement, other than for specific acts or omissions as determined by a final judgment of a court of competent jurisdiction to be resulting solely from such Creditor ~~Trustee~~Trust Indemnified Party's own willful misconduct, fraud, or gross negligence.  The Creditor Trustee may, in connection with the performance of its functions, and in its sole and absolute discretion, consult with the Creditor Trustee Professionals and the Creditor Trustee Non-Professionals, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such entities, regardless of whether such advice or opinions are provided in writing.  Notwithstanding such authority, the Creditor Trustee shall not be under any obligation to consult with the Creditor Trustee Professionals and the Creditor Trustee Non-Professionals, and the determination not to do so shall not result in the imposition of liability on the Creditor Trustee, unless such determination is based on such Creditor Trustee's willful misconduct, fraud, or gross negligence as determined by a final judgment of a court of competent jurisdiction.  The Creditor Trust shall indemnify and hold harmless the Creditor ~~Trustee~~Trust Indemnified Parties from and against and in respect of all liabilities, losses, damages, claims, costs, and expenses (including, without limitation, reasonable attorney's fees, disbursements, and related expenses), which such Persons may incur or to which such Persons may become subject to in connection with any action, suit, proceeding, or investigation brought by or threatened against such Persons arising out of or due to their acts or omissions or consequences of such acts or omissions, with

respect to the implementation or administration of the Creditor Trust or the Plan or the discharge of their duties hereunder; *provided*, *however*, that no such indemnification shall be made to such Persons for actions or omissions as a result of their willful misconduct, fraud, or gross negligence as determined by a final judgment of a court of competent jurisdiction.

All expenses, judgments, penalties, fines and amounts incurred by the Creditor Trust in connection with this Article VII, if any, shall be born solely by the Creditor Trust, payable from the Creditor Trust Assets.  The costs of administering the Creditor Trust and all fees and expenses incurred by and on behalf of the Creditor Trust shall be charged against the Creditor Trust Assets.  Notwithstanding anything herein or in the Plan to the contrary, the Debtors and the Reorganized Debtors shall have no obligation to provide any funds or financing to the Creditor Trust, other than the obligation to contribute the Creditor Trust Assets, and under no circumstances will the expenses of the Creditor Trust be paid or reimbursed by the Debtors or the Reorganized Debtors, as applicable.

The Creditor ~~Trustee~~Trust Indemnified Parties shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Creditor ~~Trustee Parties.~~Trust Indemnified Parties.  To the extent that, at law or in equity, any member of the Oversight Committee has duties (including fiduciary duties) and liabilities relating hereto, to the Creditor Trust or to the Creditor Trust Beneficiaries, it is hereby understood and agreed by the parties hereto and the Creditor Trust Beneficiaries that such duties and liabilities are eliminated to the fullest extent permitted by applicable law, and replaced by the duties and liabilities expressly set forth in this Creditor Trust Agreement with respect to the Oversight Committee.

7.2    Reliance by Creditor Trustee

Except as otherwise provided herein:

(a)    the Creditor Trustee may rely, and shall be protected in acting or refraining from acting, upon any certificates, opinions, statements, instruments, or reports believed by it to be genuine and to have been signed or presented by the proper Person or Persons;

(b)    the Creditor Trustee shall not be liable for any action reasonably taken or not taken by it in reasonable reliance upon the advice of a Creditor Trustee Professional or Creditor Trustee Non-Professional;

(c)    Persons providing services to the Creditor Trustee shall look only to the Creditor Trust Assets to satisfy any liability incurred by the Creditor Trustee to such Person in carrying out the terms of this Agreement, and neither the Creditor Trustee nor Creditor Trust Beneficiaries shall have any personal obligation to satisfy any such liability, except, in the case of the Creditor Trustee only, to the extent that actions taken or not taken after the Effective Date by the Creditor Trustee are determined by a final judgment of a court of competent jurisdiction to be solely due to the Creditor Trustee's own willful misconduct, fraud, or gross negligence;

(d)    whenever, in the administration of this Agreement, the Creditor Trustee shall deem it desirable that a matter be proved or established prior to taking, suffering, or

omitting any action hereunder, the Creditor Trustee (unless other evidence be herein specifically prescribed) may rely upon an opinion of counsel or certificate furnished to the Creditor Trustee by or on behalf of the Creditor Trust Beneficiaries;

(e)     the Creditor Trustee shall not be bound to make any investigation into the facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, or other paper or document, but the Creditor Trustee, in the Creditor Trustee's discretion, may make such further inquiry or investigation into such facts or matters as the Creditor Trustee may see fit, and, if the Creditor Trustee shall determine to make such further inquiry or investigation, the Creditor Trustee shall be entitled to examine the books, records, and premises of the relevant Person or entity, personally or by agent or attorney; and

(f)     the Creditor Trustee may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through its agents or attorneys and the Creditor Trustee shall not be responsible for any misconduct or negligence on the part of any agent or attorney appointed with due care by the Creditor Trustee hereunder.

## ARTICLE VIII
## ESTABLISHMENT OF THE CREDITOR TRUST

8.1     <u>Transfer of Assets to Creditor Trust; Assumption of Liabilities</u>

(a)     Pursuant to the Plan, the Debtors and the Creditor Trustee hereby establish the Creditor Trust on behalf of the Creditor Trust Beneficiaries to be treated as the grantors and deemed owners of the Creditor Trust Assets.  On the Effective Date, pursuant to the Plan, the Debtors or Reorganized Debtors, as applicable, shall transfer, assign, and deliver to the Creditor Trust, on behalf of the Creditor Trust Beneficiaries, notwithstanding any prohibition of assignability under applicable nonbankruptcy law, all of their right, title, and interest in and to the Creditor Trust Assets.  The Creditor Trust Assets shall include, without limitation, the Retained Estate Causes of Action.  All of the proceeds received by the Creditor Trust from the prosecution, settlement, or other liquidation or monetization of the Creditor Trust Assets after deducting (a) all Creditor Trust Expenses and (b) a reasonable reserve for anticipated future expenses (including the objection to certain Class 8 claims and the prosecution or settlement of any Retained Estate Cause of Action) shall be added to the Cash Creditor Trust Assets (collectively, the "<u>Available Net Creditor Proceeds</u>") and held as a part thereof (and title thereto shall be vested in the Creditor Trust) and shall be distributed in accordance with the Plan and this Agreement.  Subject to the terms of the Plan and Section 16.2 of this Agreement, such transfer includes, but is not limited to, all rights to assert, waive, or otherwise exercise any attorney-client privilege, work product protection, or other privilege, immunity, or confidentiality provision vested in, or controlled by, the applicable Debtor.  The Creditor Trustee agrees to accept and hold the Creditor Trust Assets for the benefit of the Creditor Trust Beneficiaries, subject to the terms of the Plan and this Agreement.

8.2     <u>Title to Assets</u>

(a)     Notwithstanding any prohibition of assignability under applicable nonbankruptcy law, on the Effective Date and periodically thereafter if additional Creditor Trust Assets become available, the Debtors or Reorganized Debtors, as applicable, shall be deemed to have automatically distributed to the Creditor Trust Beneficiaries, who shall immediately thereafter be deemed to have automatically transferred to the Creditor Trust, all of their right, title, and interest in and to all of the Creditor Trust Assets, and in accordance with section 1141 of the Bankruptcy Code, all such assets shall automatically vest in the Creditor Trust free and clear of all Claims and Liens, subject only to the Allowed Claims of the Creditor Trust Beneficiaries as set forth in the Plan and the Creditor Trust Expenses as set forth in the Plan and in this Agreement. Thereupon, the Debtors shall not have any interest in or with respect to the Creditor Trust Assets or the Creditor Trust.

(b)     For all U.S. federal income tax purposes, all parties shall treat the transfer of the Creditor Trust Assets to the Creditor Trust for the benefit of the Creditor Trust Beneficiaries, whether their Claims are Allowed on or after the Effective Date, including any amounts or other assets subsequently transferred to the Creditor Trust (but only at such time as actually transferred) as (a) a transfer of the Creditor Trust Assets (subject to any obligations relating to such Creditor Trust Assets) to the Creditor Trust Beneficiaries and, to the extent the Creditor Trust Assets are allocable to, or retained on account of, any Disputed Claims (the "<u>Trust Claims Reserve</u>"), followed by (b) the transfer by the Creditor Trust Beneficiaries to the Creditor Trust of the Creditor Trust Assets (other than the Trust Claims Reserve) in exchange for the Creditor Trust Interests. Accordingly, the Creditor Trust Beneficiaries shall be treated for U.S. federal income tax purposes as the grantors and owners of their respective share of the Creditor Trust Assets (other than Trust Claims Reserve). The foregoing treatment shall also apply, to the extent permitted by applicable Law, for applicable U.S. state and local income tax purposes.

(c)     Subject to contrary definitive guidance from the IRS (as determined by the Creditor Trustee in its reasonable discretion) (including the receipt by the Creditor Trustee of a private letter ruling if the Creditor Trustee so requests, or the receipt of an adverse determination by the IRS upon audit if not contested by the Creditor Trustee) or a court of competent jurisdiction, the Creditor Trustee may (a) timely elect to treat the Trust Claims Reserve as a "disputed ownership fund" governed by Treasury Regulation section 1.468B-9 and (b) to the extent permitted by applicable Law, report consistently with the foregoing for applicable U.S. state and local income tax purposes. All parties (including, without limitation, the Debtors, the Creditor Trust, the Creditor Trustee, and the Creditor Trust Beneficiaries) shall report for U.S. federal and applicable U.S. state and local income tax purposes consistently with the foregoing.

## ARTICLE IX
## CREDITOR TRUST INTERESTS

9.1     Allocation of Creditor Trust Interests to Holders of Claims

On the Effective Date or as soon thereafter as practicable, each Creditor Trust Beneficiary shall be allocated its Creditor Trust Interest as set forth in the Plan.

9.2     Disputed Claims

As soon as reasonably practicable after the date that the order or judgment of the Court allowing any Disputed Claim becomes a Final Order, the Creditor Trust shall provide to the Holder of such Allowed General Unsecured Claim and Allowed Convertible Note Claim (which are deemed Allowed under the Plan) the Creditor Trust Interests to which such holder is entitled under the Plan, and adjust the Creditor Trust Register to reflect these Creditor Trust Interests.

9.3     Interests Beneficial Only

The ownership of a Creditor Trust Interest shall not entitle any Creditor Trust Beneficiary to any title in or to the Creditor Trust Assets as such (which title shall be vested in the Creditor Trust) or to any right to call for a partition or division of the Creditor Trust Assets or to require an accounting.

9.4     Transfer of Creditor Trust Interests

The Creditor Trust Interests shall not be transferrable other than if transferred by will, intestate succession, or otherwise by operation of law.  No transfer, assignment, pledge, hypothecation, or other disposition of a Creditor Trust Interest shall be effective or binding upon the Creditor Trust or the Creditor Trustee for any other purpose.  Notwithstanding the foregoing, (a) any Creditor Trust Beneficiary may transfer its Creditor Trust Interests to a wholly-owned subsidiary treated as a corporation for U.S. federal income tax purposes, which shall thereafter be the relevant Creditor Trust Beneficiary, and (b) any Creditor Trust Beneficiary may transfer its Creditor Trust Interests if the Creditor Trust has become a public reporting company and/or files periodic reports under the Exchange Act following a determination set forth in the final sentence of Section 9.10 of this Agreement.

9.5    Effect of Death, Dissolution, Incapacity, or Bankruptcy of Creditor Trust Beneficiary

The death, dissolution, incapacity, or bankruptcy of a Creditor Trust Beneficiary during the term of the Creditor Trust shall not operate to terminate the Creditor Trust during the term of the Creditor Trust, nor shall it entitle the representative or creditors of the deceased, incapacitated, or bankrupt Creditor Trust Beneficiary to an accounting or to take any action in any court or elsewhere for the distribution of the Creditor Trust Assets or for a partition thereof, nor shall it otherwise affect the rights and obligations of the Creditor Trust Beneficiary under this Agreement or in the Creditor Trust.

9.6    Tax Identification Number

The Creditor Trustee may require any of the Creditor Trust Beneficiaries to identify themselves to the Creditor Trustee and provide tax information and the specifics of their holdings, to the extent requested by the Creditor Trustee, including an IRS Form W-9 or, in the case of Creditor Trust Beneficiaries that are not U.S. persons for U.S. federal income tax purposes, certification of foreign status on an applicable IRS Form W-8, including all applicable supporting documents, and the Creditor Trustee may condition any distribution to any Creditor Trust Beneficiary upon the receipt of such information and the receipt of such other documents as the Creditor Trustee reasonably requests.  The Creditor Trustee may refuse to make a distribution to any Creditor Trust Beneficiary that fails to furnish such information in a timely fashion, until (at a minimum) such information is delivered; *provided*, *however*, that upon the delivery of such information by a Creditor Trust Beneficiary, the Creditor Trustee shall make such distribution to which the Creditor Trust Beneficiary is entitled, without interest; *provided*, *further*, that if the Creditor Trustee fails to withhold in respect of amounts received or distributable with respect to any such Creditor Trust Beneficiary and the Creditor Trustee is later held liable for the amount of such withholding, such Creditor Trust Beneficiary shall reimburse the Creditor Trustee for such liability.  If a Creditor Trust Beneficiary fails to comply with such a request for tax information within ninety days, the Creditor Trustee may file a document with the Bankruptcy Court that will provide twenty one days' notice before such distribution may be deemed an Unclaimed Distribution and shall not be entitled to any subsequent distributions.  In the event that the Creditor Trustee elects to make distributions through an intermediary (such as DTC), the party who would be the withholding agent with respect to distributions to the Creditor Trust Beneficiary under U.S. federal income tax principles shall be responsible for withholding tax compliance with respect to any such distribution, based on instructions on the character of the income from the Creditor Trustee.  Any Unclaimed Distribution to such Creditor Trust Beneficiary shall be administered in accordance with Section 5.3 of this Agreement.

9.7    Register Entries Regarding Creditor Trust Interests

The Creditor Trustee shall create and maintain a Creditor Trust Register, which shall list all Creditor Trust Beneficiaries and their respective amount of Creditor Trust Interests.

9.8    Representation of Creditor Trust Interests

Except as otherwise set forth in this Agreement, the Creditor Trust Interests shall be passive and shall not have voting, consent, or other shareholder-like control rights with respect to the Creditor Trust.  The Creditor Trust Interests shall be uncertificated and shall be reflected only on the records of the Creditor Trustee by appropriate book entries in the Creditor Trust Register.

9.9    Creditor Trust Register

(a)    Register of Creditor Trust Interests.  The Creditor Trustee shall cause the Creditor Trust Register to be kept at the office of the Creditor Trustee or at such other place or places that shall be designated by the Creditor Trustee from time to time.  The Creditor Trustee may rely on the Claims Register or creditor lists prepared by the Debtors or their representatives in preparing the Creditor Trust Register.

(b)    Access to Creditor Trust Register by Creditor Trust Beneficiaries.  The Creditor Trust Beneficiaries and their duly authorized representatives shall have the right, upon reasonable prior written notice to the Creditor Trustee, and in accordance with reasonable regulations prescribed by the Creditor Trustee, to inspect, and at the sole expense of the Creditor Trust Beneficiary make copies of, the Creditor Trust Register, in each case only for a purpose reasonable and related to such Creditor Trust Beneficiary's Creditor Trust Interests in the Creditor Trust.

(c)    Absolute Owners.  The Creditor Trustee may deem and treat each Creditor Trust Beneficiary of record as determined pursuant to this Agreement as the absolute owner of such Creditor Trust Beneficiary's Creditor Trust Interests for the purpose of receiving distributions and payment thereon or on account thereof and for all other purposes whatsoever.

9.10    Securities Law

The parties hereto intend that the Creditor Trust Interests shall not be "securities" under applicable laws, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities laws.  If such rights constitute securities, the parties hereto intend for the exemption from registration provided by section 1145 of the Bankruptcy Code and under applicable securities laws to apply to their issuance under the Plan.  Subject to Section 9.4 hereof, the Creditor Trustee may amend this Agreement in accordance with Section 15.1 hereof to make such changes as are deemed necessary or appropriate, with the advice of counsel, to ensure that the Creditor Trust is not subject to registration and/or reporting requirements of the Securities Act, the Exchange Act, the TIA or the Investment Company Act.

**ARTICLE X**
**ADMINISTRATION**

10.1    Purpose of the Creditor Trust

The Creditor Trust shall be established for the primary purpose of liquidating the Creditor Trust Assets, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating

purpose of the Creditor Trust.  Accordingly, the Creditor Trustee shall, in an expeditious but orderly manner, compromise, settle, or litigate the Retained Estate Causes of Action, liquidate and convert to Cash the Creditor Trust Assets, make distributions to the Creditor Trust Beneficiaries, and not unduly prolong the duration of the Creditor Trust.  The Creditor Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Plan.

10.2    Books and Records

Except as otherwise provided in the Plan or the Confirmation Order and subject to Article V.A of the Plan, the Debtors, the Reorganized Debtors, or other furnishing party, upon reasonable notice, shall reasonably cooperate with the Creditor Trustee in the administration of the Creditor Trust, including by providing reasonable access to pertinent documents, including books and records, to the extent the Debtors, the Reorganized Debtors, or other furnishing party have such information and/or documents, to the Creditor Trustee sufficient to enable the Creditor Trustee to perform its duties hereunder.  The Debtors and the Reorganized Debtors shall reasonably cooperate with the Creditor Trustee in the administration of the Creditor Trust, including by providing reasonable access to documents and current officers and directors with respect to contesting, settling, compromising, reconciling, and objecting to Class 8 General Unsecured Claims (at the expense of the Creditor Trust).  The Creditor Trustee shall act in good faith and shall use his or her best efforts to tailor as narrowly as possible any request for cooperation so as not to be unduly invasive or burdensome upon whom the request is made.  The Debtors, the Reorganized Debtors, or other furnishing party shall make reasonable best efforts to retain and transfer all documents relating to the Creditor Trust Assets to the Creditor Trust; *provided* that, in each case, the Creditor Trust agrees upon request to reimburse reasonable and documented out-of-pocket expenses for preservation of documents, copying, or similar expenses.  Notwithstanding the foregoing, the Debtors, the Reorganized Debtors, or other furnishing party shall provide such documents or other materials described in this paragraph only upon reasonable request by the Creditor Trustee and only if they can be reasonably provided by the Debtors, the Reorganized Debtors, or other furnishing party without significant effort or material expense; *provided*, that in the event that the Debtors, the Reorganized Debtors, or other furnishing party, as applicable, believes that the requested information cannot be provided without significant effort or material expense, the Debtors, the Reorganized Debtors, or other furnishing party, as applicable, and the Creditor Trustee will confer in good faith to agree upon appropriate consideration for the furnishing party to provide such information.  The collection, review, and preservation of documents for any investigation or litigation by the Creditor Trustee shall be at the expense of the Creditor Trust.  The Creditor Trustee shall maintain books and records, including, without limitation, the Creditor Trust Register, relating to the administration of the Creditor Trust Assets and the distribution by the Creditor Trustee of the proceeds therefrom in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.  The Creditor Trustee shall also maintain books and records relating to the income and expenses of the Creditor Trust, and the payment of expenses of and liabilities of, claims against or assumed by, the Creditor Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.  Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Creditor Trustee to file any accounting or seek approval of any court with respect to the

administration of the Creditor Trust, or as a condition for making any payment or distribution out of the Creditor Trust Assets. The Creditor Trustee may, but has no obligation to, engage a claims agent (including the Debtors' existing claims agent) to continue to maintain and update the Claims Register maintained in the Chapter 11 Cases solely with respect to Class 8 General Unsecured Claims throughout the administration of the Creditor Trust Assets.

Subject to all applicable privileges, the Creditor Trust Beneficiaries shall have the right, in addition to any other rights they may have pursuant to this Agreement, under the Plan, or otherwise, upon thirty (30) days' prior written notice to the Creditor Trustee, to request a reasonable inspection of the books and records held by the Creditor Trustee, *provided*, *however*, that all costs associated with such inspection shall be paid in advance by such requesting Creditor Trust Beneficiary, and further, if so requested, such Creditor Trust Beneficiary shall have entered into a confidentiality agreement satisfactory in form and substance to the Creditor Trustee, and make such other arrangements as may be reasonably requested by the Creditor Trustee.

The books and records maintained by the Creditor Trustee may be disposed of by the Creditor Trustee at the later of (a) such time as the Creditor Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Creditor Trust or the Creditor Trust Beneficiaries or (b) upon the termination and completion of the winding down of the Creditor Trust.

10.3    Compliance with Laws

Any and all distributions made pursuant to this Agreement shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

**ARTICLE XI**
**SUCCESSOR CREDITOR TRUSTEE**

11.1    Successor Creditor Trustee

In the event the Creditor Trustee is removed or resigns pursuant to this Agreement or the Creditor Trustee otherwise vacates its position, a successor Creditor Trustee shall be appointed by a vote of holders of Creditor Trust Interests that represent both (a) a majority in amount of all issued Creditor Trust Interests that are voted and (b) a majority in number of issued Creditor Trust Interests that are voted. Thereupon, such successor Creditor Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts, and duties of its predecessor in the Creditor Trust with like effect as if originally named herein; *provided*, *however*, that a removed or resigning Creditor Trustee shall, nevertheless, when requested in writing by the successor Creditor Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Creditor Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Creditor Trustee; *provided*, *further*, that no such appointment of a successor Creditor Trustee shall be effective until such successor agrees in writing to accept such appointment and to serve as Creditor Trustee upon all of the terms and conditions of this Agreement.

## ARTICLE XII
## REPORTING

12.1    Annual Reports

(a)    As soon as reasonably practicable after the end of each calendar year, and as soon as practicable upon termination of the Creditor Trust, the Creditor Trustee shall send to each Creditor Trust Beneficiary a separate statement setting forth the Creditor Beneficiary's share of items of income, gain, loss, deduction or credit (including the receipts and expenditures of the Creditor Trust) as relevant for U.S. federal income tax purposes and will instruct each such Creditor Beneficiary to report such items on their federal income tax returns (including, for the avoidance of doubt, with respect to withholding tax) or to forward the appropriate information to such Creditor Trust Beneficiary's underlying beneficial holders with instructions to utilize such information in preparing their U.S. federal income tax returns; *provided*, that if the Creditor Trustee elects to make distributions through an intermediary (such as DTC), it shall provide such statement to such intermediaries for them to provide to such Creditor Trust Beneficiaries.

12.2    Federal Income Tax

(a)    Grantor Trust Status.    Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Creditor Trustee of a private letter ruling if the Creditor Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Creditor Trustee), the Creditor Trustee shall file tax returns for the Creditor Trust as a grantor trust pursuant to Treasury Regulations section 1.671-4(a) to the extent permitted by applicable law, subject to the treatment of the Trust Claims Reserve.

(b)    Allocations of Creditor Trust Taxable Income.    Subject to the provisions of Section 12.2(a) hereof, allocations of Creditor Trust taxable income shall be determined by reference to the manner in which an amount of Cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Creditor Trust had distributed all of its other assets (valued for this purpose at their tax book value) to Creditor Trust Beneficiaries, adjusted for prior taxable income and loss and taking into account all prior and concurrent distributions from the Creditor Trust.    Similarly, taxable losses of the Creditor Trust shall be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Creditor Trust Assets.    The tax book value of the Creditor Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Creditor Trust, adjusted in either case in accordance with tax accounting principles prescribed by the IRC, the Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

(c)    Tax Compliance.    The Creditor Trustee shall administer the Creditor Trust's tax obligations, including (a) filing tax returns and paying tax obligations of the Creditor Trust, *provided*, for the avoidance of doubt, any such tax obligations shall be paid from the Creditor Trust Assets, (b) making distributions to Creditor Trust Beneficiaries net of such taxes

and applicable withholdings, (c) representing the interest and account of the Creditor Trust before any taxing authority in all matters, including, without limitation, any action, suit, proceeding, or audit. The Creditor Trustee shall be responsible for payment, out of the Creditor Trust Assets, of any taxes imposed on the Creditor Trust or the Creditor Trust Assets, including the Trust Claims Reserve. In the event, and to the extent, any Cash retained on account of a Disputed Claim in the Trust Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, such Disputed Claims, the Creditor Trustee may, in its discretion, (a) sell any non-Cash assets relating to such Claim (including any assets distributable as a result of disallowance of such Claim) to pay such taxes or (b) reimburse the Creditor Trust for the payment of such taxes from any subsequent Cash amounts allocable to, or retained on account of, such taxes from any subsequent Cash amounts allocable to, or retained on account of, such Disputed Claim (including any Cash distributable as a result of disallowance of such Claims).

(d)     _Valuation for Tax Purposes._  As soon as reasonably practicable following the establishment of the Creditor Trust, the Creditor Trustee shall determine the value of the assets transferred to the Creditor Trust, in accordance with the Plan, based on the good faith determination of the Creditor Trustee, and the Creditor Trustee shall apprise, in writing, the Creditor Trust Beneficiaries of such valuation, from time to time as relevant for tax reporting purposes. The valuation shall be used consistently by all parties (including, without limitation, the Debtors, the Creditor Trust, the Creditor Trustee, and the Creditor Trust Beneficiaries) for all applicable U.S. federal, state, and local income tax purposes.  The Bankruptcy Court shall resolve any disputes regarding the valuation of the assets transferred to the Creditor Trust.

(e)     _Determination of Taxes._  The Creditor Trustee may request an expedited determination of taxes of the Creditor Trust, including the Trust Claims Reserve, under section 505(b) of the Bankruptcy Code for all tax returns filed for, or on behalf of, the Creditor Trust for all taxable periods through the dissolution of the Creditor Trust.

12.3     Other

The Creditor Trustee shall file (or cause to be filed) any statement, returns, or disclosures relating to the Creditor Trust or the Creditor Trust Assets that are required by any governmental unit.

### ARTICLE XIII
### CREDITOR TRUSTEE PROFESSIONALS AND NONPROFESSIONALS

13.1     Retention of Creditor Trustee Professionals and Creditor Trustee Non-Professionals

The Creditor Trustee shall have the right to retain Creditor Trustee Professionals and Creditor Trustee Non-Professionals, each on such terms as the Creditor Trustee deems appropriate.  It is contemplated that the law firm of White & Case LLP will be retained as general counsel to the Liquidation Trust.  The Creditor Trustee Professionals and the Creditor Trustee Non-Professionals shall be compensated in accordance with Section 13.2 hereof and need not be "disinterested" as that term is defined in the Bankruptcy Code.  For the avoidance of

doubt, the Creditor Trustee, in its sole discretion, shall have the ability to reimburse the fees incurred by counsel to the Ad Hoc Group.

13.2    <u>Payment to Creditor Trustee Professionals and Creditor Trustee Non-Professionals</u>

After the Effective Date, the Creditor Trustee Professionals and Creditor Trustee Non-Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Creditor Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of each such Person, plus an itemized statement of expenses.  The Creditor Trustee shall pay those invoices within thirty (30) days after receipt, without Bankruptcy Court approval, unless the Creditor Trustee objects in writing specifying the reasons for such objection and identifying the specific fees or expenses to which objection is made.  If there is a dispute as to a portion of an invoice, the Creditor Trustee shall pay the undisputed portion.  All payments to Creditor Trustee Professionals and Creditor Trustee Non-Professionals shall be paid out of the Creditor Trust Assets.

## ARTICLE XIV
## TERMINATION OF CREDITOR TRUST

14.1    <u>Duration and Extension</u>

The Creditor Trustee and the Creditor Trust shall be discharged or dissolved, as the case may be, at such time as (a) the Creditor Trustee determines that all Creditor Trust Assets have been liquidated or otherwise disposed of, or the liquidation or other disposition of any remaining Creditor Trust Assets is not likely to yield sufficient additional proceeds to justify further actions with respect to the Creditor Trust Assets and (b) all distributions of Creditor Trust Assets required to be made by the Creditor Trustee have been made, but in no event shall the Creditor Trust be dissolved later than five years from the Effective Date unless the Bankruptcy Court, upon motion made within the six-month period before such fifth (5th) anniversary (and, in the event of further extension, within the six-month period before the end of the preceding extension), determines that a fixed-period extension (not to exceed three (3) years, together with any prior extensions, without a favorable letter ruling from the IRS or based on advice or an opinion of counsel satisfactory to Creditor Trustee that any further extension would not adversely affect the status of the Creditor Trust as a liquidating trust for U.S. federal income tax purposes) is necessary to facilitate or complete the recovery on, and liquidation of, the Creditor Trust Assets.  After the final distribution of the balance of the Creditor Trust Assets pursuant to the Plan and this Agreement, the Creditor Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

Upon dissolution of the Creditor Trust, any remaining Creditor Trust Assets shall be distributed to all Creditor Trust Beneficiaries in accordance with the Plan and this Agreement, as appropriate; *provided, however*, that if the Creditor Trustee reasonably determines that such remaining Creditor Trust Assets are insufficient to render further distribution practicable, the Creditor Trustee may (a) reserve any amount necessary to dissolve the Creditor Trust; (b) donate any balance to a charitable organization (i) described in section 501(c)(3) of the Tax Code, (ii) exempt from U.S. federal income tax under section 501(a) of the Tax Code, (iii) not a "private

foundation" as defined in section 509(a) of the Tax Code, and (iv) that is unrelated to the Debtors, the Creditor Trust, and any insider of the Creditor Trustee; and (c) dissolve the Creditor Trust.

14.2    Diligent Administration

The Creditor Trustee shall (a) not unduly prolong the duration of the Creditor Trust; (b) at all times endeavor to resolve, settle, or otherwise dispose of all claims that constitute Creditor Trust Assets; (c) consult and confer with the Creditor Trust Beneficiaries and keep them fully advised of its activities; and (d) effect the liquidation of the Creditor Trust Assets and distribution of the Available Net Creditor Proceeds to the Creditor Trust Beneficiaries in accordance with the terms of the Plan and this Agreement.

## ARTICLE XV
## AMENDMENT AND WAIVER

15.1    Amendment and Waiver

Any substantive provision of this Agreement may be materially amended or waived by order of the Bankruptcy Court if necessary to implement the Plan; *provided*, *however*, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Creditor Trust as a "grantor trust"; and *provided*, *further*, that no such amendment or waiver be inconsistent with the Plan.  Technical or nonmaterial amendments to or waivers of portions of this Agreement may be made as necessary to clarify this Agreement or to enable the Creditor Trust to effectuate the terms of this Agreement, with the consent of the Creditor Trustee; *provided*, *however*, that no such amendment or waiver be inconsistent with the Plan.

## ARTICLE XVI
## OVERSIGHT COMMITTEE AND RELATED MATTERS

16.1    Establishment, Composition and Role of Oversight Committee.

(a)    The Creditor Trustee shall be subject to oversight by a committee (the "Oversight Committee") comprised of up to three members, whose initial members are identified on **Exhibit 4** hereto.  The Oversight Committee shall consist of (i) at least one member selected by the Ad Hoc Group and (ii) at least one member selected by the Creditors' Committee.  The Oversight Committee shall have the authority to oversee, review and guide the activities and performance of the Creditor Trustee, in accordance with the terms of this Agreement.  The Creditor Trustee shall consult with and provide information to the Oversight Committee in accordance with and pursuant to the terms of this Agreement.

(b)    Any two (2) members of the Oversight Committee constitute a quorum for voting and approval purposes.

16.2    Tenure of the Members of the Oversight Committee.

(a)    The authority of the members of the Oversight Committee will be effective as of the Effective Date and will remain and continue in full force and effect until the Creditor Trust is terminated in accordance with the terms hereof.  The members of the Oversight Committee will serve until death or resignation or removal pursuant to Section 16.4 below.

16.3    Compensation of the Members of the Oversight Committee.

The members of the Oversight Committee shall not receive any compensation for services rendered (other than, in the Creditor Trustee's discretion, any fees and expenses reasonably incurred other than counsel).

16.4    Resignation and Removal of Members of Oversight Committee and Related Matters.

(a)    Resignation.  Any member of the Oversight Committee may resign such position and be discharged from any future obligations and liabilities hereunder by giving written notice thereof to the Creditor Trustee and the other members of the Oversight Committee at least thirty (30) days prior to the effective date of such resignation (such notice a "Notice of Resignation").  Subject to the expiration of such notice period, such resignation shall become effective on the day specified in such Notice of Resignation.  Upon the effective date of any such resignation, such resigned member of the Oversight Committee shall be entitled, subject to the discretion of the Creditor Trustee, to any reimbursement set forth in this Agreement which remains due and owing to such member at the time of the effective date of such resignation.

(b)    Removal.  Any member of the Oversight Committee may be removed for cause at any time by order of the Bankruptcy Court upon motion by (i) any Creditor Trust Beneficiary or (ii) the Oversight Committee, after a unanimous vote of the other members, written resolution of which shall be delivered to the removed member.

(c)    Appointment of a Successor Member of Oversight Committee.  Within twenty (20) days of the mailing date of the Notice of Resignation (or within twenty (20) days of the effective date of an order of the Bankruptcy Court authorizing the removal of a member of the Oversight Committee) (the "Successor Designation Deadline"), a successor shall be appointed to fill such position by the unanimous vote of the remaining members on the Oversight Committee.  In designating a successor, the remaining members of the Oversight Committee will endeavor, through the reasonable exercise of their business judgment, to select a candidate with appropriate skills and experience to carry out the duties of a member of the Oversight Committee.  In the event that the Oversight Committee has not appointed a successor by the Successor Designation Deadline, the Creditor Trustee shall appoint such successor.

(d)    Acceptance of Selection of Successor Member of Oversight Committee. Any successor member of the Oversight Committee appointed hereunder shall execute an instrument accepting such appointment hereunder and shall deliver counterparts thereof to the Creditor Trustee, who shall immediately file the same with the Bankruptcy Court.  Thereupon, such successor member of the Oversight Committee shall, without any further act, become

-30-

vested with all of the rights, powers, duties, authority and privileges of his predecessor hereunder.

(e)    Trust Continuance.  The death, resignation, incompetency or removal of any member of the Oversight Committee shall neither terminate the Creditor Trust created by this Agreement nor invalidate any action theretofore taken by such member of the Oversight Committee. In the event of the resignation or removal of a member of the Oversight Committee, such member shall (i) promptly execute and deliver any such documents, instruments, and other writing as may be necessary to effect the termination of such member's capacity under this Agreement; (ii) deliver to the Creditor Trustee all documents, instruments, records, and other writings relating to the Creditor Trust as may be in the possession of such member; and (iii) otherwise assist and cooperate in effecting the transfer and assumption of his/her obligations and functions by the replacement member.

## ARTICLE XVII~~ARTICLE XVI~~
## MISCELLANEOUS PROVISIONS

### 17.1    ~~16.1~~ Intention of Parties to Establish Grantor Trust

This Agreement is intended to create a grantor trust for U.S. federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust (other than with respect to the Trust Claims Reserve).

### 17.2    ~~16.2~~ Preservation of Privilege

Subject to the terms of the Plan and solely with respect to (a) filing and prosecuting Claims Objections in relation to Class 8 Claims and (b) investigating and prosecuting any and all Retained Estate Causes of Action, any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic, or otherwise) held by the Debtors shall be deemed to be transferred to the Creditor Trust for the limited purpose set forth herein (the "Transferred Privileges") without waiver and shall in all aspects remain privileged. The Debtors, the Reorganized Debtors, and the Creditor Trustee, as applicable, shall take all necessary actions to protect the Transferred Privileges.

Subject to the terms of the Plan, the Creditor Trust may not waive any Transferred Privileges in respect of records, documents, or information related to the Creditor Trust Assets without first providing to the Reorganized Debtors reasonable advance written notice and an opportunity to protect their respective rights with respect to any subsequent disclosure and the terms of any protective order, confidentiality stipulation, or similar agreement relating to such disclosure. The Reorganized Debtors may not make disclosure in a manner that could effectuate a waiver of any Transferred Privileges in respect of records, documents, or information related to the Creditor Trust Assets without first providing to the Creditor Trustee reasonable advance written notice (in no event less than five (5) Business Days) and an opportunity to protect the Creditor Trust's rights with respect to any subsequent disclosure and the terms of any protective order, confidentiality stipulation, or similar agreement relating to such disclosure.  If the Creditor Trustee or the Reorganized Debtors object to an action proposed to be taken by the other with

regard to records, documents, or information related to the Creditor Trust Assets that are covered by the Transferred Privilege (or a disclosure that would result in a waiver), the parties shall be permitted to raise the issue promptly with the Bankruptcy Court.  The party providing advance written notice may take its proposed action unless the Bankruptcy Court determines that (a) such action would cause material adverse harm to the other party, or (b) the harm to the objecting party would substantially outweigh the benefit to the party seeking to take the proposed action. The objecting party shall bear the burden of proof.  Each of the parties shall bear its own costs and expenses, including attorneys' fees, incurred in connection with such dispute..

17.3    16.3 Prevailing Party

Except in connection with any action to enforce the Plan and Section 16.2 hereof, the prevailing party in a dispute regarding the provisions of this Agreement or the enforcement thereof shall be entitled to collect from the non-prevailing party any and all costs, expenses, and fees, including attorneys' fees, incurred in connection with such dispute or enforcement action.

17.4    16.4 Confidentiality

The Confidential Parties shall hold strictly confidential and not use for personal gain any material, nonpublic information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Entity to which any of the Creditor Trust Assets relates; *provided*, *however*, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process, including, but not limited to, subpoena or other court order or other applicable laws or regulations.  In the event that any Confidential Party is requested to divulge confidential information pursuant to clause (b) above, such Confidential Party shall promptly, to the extent legally permitted, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Creditor Trustee to allow it sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Creditor Trustee in making any such objection, including, but not limited to, appearing in any judicial or administrative proceeding in support of any objection to such disclosure and shall disclose that portion of such information required to be disclosed pursuant to a judicial order.

17.5    16.5 Laws as to Construction; Enforcement of Agreement

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to rules governing the conflict of law.  Any action to enforce or interpret this Agreement shall be brought in the Bankruptcy Court unless and until a final decree has been entered in the Chapter 11 Cases, and thereafter in any court of competent jurisdiction.

17.6    16.6 Severability

Except with respect to provisions herein that are contained in the Plan, if any provision of this Agreement or the application thereof to any Person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to Persons or

circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

17.7    16.7 Notices

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, on the third (3rd) Business Day after such notice is delivered by facsimile (at the number set forth below with proof of confirmation), overnight delivery, or electronic mail and mailed by certified mail, with return receipt requested at the address as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

**As to the Creditor Trustee:**

| | |
|---|---|
| Contact Name: | [●] Alexandre Zyngier |
| | c/o [●] Batuta Capital Advisors |
| Address: | [●] 650 Halstead Ave., Suite 201B2 |
| | [●] |
| | Mamaroneck, NY 10543 |
| Phone: | [●] 914-565-9129 |
| E-mail: | [●] azyngier@batuttaadvisors.com |

with copies to:

White & Case LLP

| | |
|---|---|
| | Attn.:  Gregory F. Pesce, Andrew F. O'Neill, Andrea Kropp |
| Address: | 111 South Wacker Drive, Suite 5100 |
| | Chicago, Illinois 60606 |
| Phone: | 312-881-5400 |
| E-mail: | gregory.pesce@whitecase.com |
| | aoneill@whitecase.com |
| | andrea.kropp@whitecase.com |

and

Paul Hastings LLP

| | |
|---|---|
| | Attn.:  John Storz |
| Address: | 200 Park Avenue |
| | New York, New York 10166 |
| Phone: | 212-318-6000 |
| E-mail: | johnstorz@paulhastings.com |

**As to the Debtors:**

| | |
|---|---|
| Contact Name: | Amyris, Inc. |
| | Attn.:  [●] |
| Address: | 5885 Hollis Street, Suite 100 |
| | Emeryville, California 94608 |

with copies to:

Pachulski Stang Ziehl & Jones LLP

| | |
|---|---|
| | Attn.:  Richard M. Pachulski, Debra I. Grassgreen, James E. O'Neill |
| Address: | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 (Courier 19801) |
| Phone: | 302-652-4100 |
| E-mail: | rpachulski@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | joneill@pszjlaw.com |

**As to the Reorganized Debtors:**

| | |
|---|---|
| Contact Name: | Amyris, Inc. |
| | Attn.:  [●] |
| Address: | 5885 Hollis Street, Suite 100 |
| | Emeryville, California 94608 |

with copies to:

Goodwin Procter LLP

Attn.:  Jon Novotny, Michael H. Goldstein, Alexander J. Nicas, Debora A. Hoehne

| | |
|---|---|
| Address: | Three Embarcadero Center |
| | 28th Floor |
| | San Francisco, California 94111 |

-and-

The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405

| | |
|---|---|
| Phone: | 415-733-6181 |
| | 212-813-8840 |
| | 212-459-7460 |
| | 212-459-7354 |

E-mail:                          jnovotny@goodwinlaw.com
                                 mgoldstein@goodwinlaw.com
                                 anicas@goodwinlaw.com
                                 dhoehne@goodwinlaw.com

17.8    16.8 Notices if to a Creditor Trust Beneficiary

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, on the fifth (5th) Business Day after deposited, postage prepaid, in a post office or letter box addressed to the Person for whom such notice is intended to the name and address as determined in accordance with the Creditor Trust Register, as applicable.

17.9    16.9 No Waiver.

No failure by the Creditor Trust, the Creditor Trustee, or its agents, professionals and employees to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

17.10    16.10 Survivability

Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Creditor Trustee.

17.11    16.11 Entire Agreement

This Agreement (including the recitals hereof and, to the extent applicable, the Plan and the Confirmation Order) constitutes the entire agreement by and among the parties with respect to the subject matter hereof, and there are no representations, warranties, covenants, or obligations except as set forth herein, in the Plan, and in the Confirmation Order.  This Agreement (together with the Plan and the Confirmation Order) supersedes all prior and contemporaneous agreements, understandings, negotiations, and discussions, written or oral, if any, of the parties hereto relating to any transaction contemplated hereunder.  Except as otherwise specifically provided herein, nothing in this Agreement is intended or shall be construed to confer upon or to give any Person other than the parties hereto and the Creditor Trust Beneficiaries any rights or remedies under or by reason of this Agreement.  This Agreement shall be binding on the parties hereto and their successors, including any chapter 11 trustee or chapter 7 trustee appointed in the Chapter 11 Cases.

17.12    16.12 No Relationships Created

Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind, nor shall the Creditor Trustee or the Creditor Trust Beneficiaries be deemed to be or treated in any way whatsoever to be liable or responsible hereunder as partners or joint venturers.  The relationship of the Creditor Trust Beneficiaries (on the one hand) to the Creditor Trustee (on the other hand)

shall be solely that of beneficiaries of a trust and shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement.

17.13    16.13 Headings

The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

17.14    16.14 Conflicts with Plan Provisions

If any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan, then this Agreement (as amended, modified, or supplemented in accordance with its terms) shall govern.

\*    \*    \*    \*    \*

IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement or caused it to be executed and acknowledged on their behalf by their duly authorized officers, all as of the date first written above.

Dated: [●], 2024

**Amyris, Inc.**, on behalf of itself and all other Debtors

By: _____
     Name:
     Title:

[*Signature Page for Debtors*]

Dated: [●], 2024

**Alexandre Zyngier**, not individually, but solely in its capacity as Creditor Trustee

By: _____

Name:  Alexandre Zyngier

Title:   Creditor Trustee

[*Signature Page for Creditor Trustee*]

**<u>Exhibit 1</u>**

[**Confirmed Plan**]

**Exhibit 2**

[~~Fee Schedule~~]

**Oversight Committee Majority Approvals**

Without limiting any other rights of the Oversight Committee set forth in this Agreement, the Creditor Trustee shall not take any actions with respect to any of the following actions without the approval of a majority of the members of the Oversight Committee:

(a)    Make (or refrain from making) scheduled or unscheduled distributions to Creditor Trust Beneficiaries as contemplated by this Agreement;

(b)    Employ or retain attorneys, accountants, appraisers, insurance adjusters or other persons on behalf of the Creditor Trust;

(c)    Pay any costs or expenses relating to the management, maintenance, operation, preservation or liquidation of the Creditor Trust, which individually or in the aggregate, is in excess of [$50,000] per year;

(d)    Compromise, arbitrate, mediate, sue on or defend, pursue, prosecute, abandon, dismiss or settle any Claims, Avoidance Actions or other Retained Estate Causes of Action (including the Creditor Trust Assets) in favor of or against the Creditor Trust, to the extent such Claim, Avoidance Action or other Estate Cause of Action involves more than [$25,000];

(e)    Sue in connection with any matter arising from or related to the Plan or this Agreement that affects in any way the rights or obligations of the Creditor Trust, the Creditor Trustee or the Creditor Trust Beneficiaries; and

(f)    Pay any taxes, charges or assessments that may be owed by and levied against the Creditor Trust or Creditor Trust Assets in excess of $50,000.

**Exhibit 3**

[Fee Schedule]

**Exhibit 4**

**Initial Oversight Committee Members**

| Summary report:<br>**Litera Compare for Word 11.4.0.111 Document comparison done on**<br>**1/21/2024 7:11:26 PM** | |
|---|---|
| **Style name:** 2_WC_StandardSet | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://AMERICAS_DMS/AMERICAS/125940538/10 | |
| **Modified DMS:** iw://AMERICAS_DMS/AMERICAS/125940538/12 | |
| **Changes:** | |
| Add | 97 |
| Delete | 43 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 142 |