**EXHIBIT Q**

**(SCHEDULE OF RETAINED CAUSES OF ACTION)**

Any and all claims, interests, controversies, actions, proceedings, reimbursement claims, contribution claims, recoupment rights, debts, third-party claims, indemnity claims, damages, remedies, causes of action, demands, rights, suits, obligations, liabilities, accounts, judgments, defenses, offsets, powers, privileges, licenses, franchises, Liens, guaranties, Avoidance Actions, agreements, counterclaims, and cross-claims, of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, asserted or unasserted, direct or indirect, assertable directly or derivatively, choate or inchoate, reduced to judgment or otherwise, secured or unsecured, whether arising before, on, or after the Petition Date, in tort, Law, equity, or otherwise pursuant to any theory of civil Law (whether local, state, or federal U.S. Law or non-U.S. Law), including, without limitation: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by Law or in equity; (b) any claim (whether under local, state, federal U.S. Law or non-U.S. civil Law) based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, fraudulent transfer or fraudulent conveyance or voidable transaction Law, violation of local, state, or federal non-U.S. Law or breach of any duty imposed by Law or in equity, including securities Laws and negligence; (c) the right to object to or otherwise contest Claims or Interests and any Claim Objections; (d) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; (e) claims against John Ziegelman, including, without limitation, for fraud, misrepresentations, and failure to perform services in connection with a consulting agreement, and any other Causes of Action alleged by or on behalf of the Debtors in connection with that certain proceeding entitled Ziegelman et al. v. Amyris, Inc., pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2020-CH-05154); (f) claims against Mark Gerhard, Riaan Hodgson, former employees of Beauty Labs and Entities associated with any of the foregoing, including, without limitation, Causes of Action for breach of contract, breach of fiduciary duties, misappropriation of corporate assets and fraud; (g) claims against Renfield Manufacturing LLC, its principal and related parties, including, without limitation, Causes of Action for breach of contract, fraud, unjust enrichment, breach of covenant of good faith and fair dealing, in connection with transactions entered into between the parties; (h) claims against Allure Labs, Inc., and AE Chemie, including, without limitation, Causes of Action for breach of contract related to an ingredient placed in Amyris products; (i) any Causes of Action against Novvi, LLC, its principals and related parties, including, without limitation, any claims or administrative expenses that may be asserted in connection with that certain bankruptcy case entitled *In re Novvi, LLC*, bearing Case No. 23-90906, pending in the United States Bankruptcy Court for the Southern District of Texas; (j) all claims and Causes of Action against Disruptional Ltd. and &Vest Beauty Labs LP, including, without limitation, all Claims and Causes of Action concerning or in any way related to that certain Share Purchase Agreement, dated as of August 31, 2021; (k) all claims and Causes of Action against MG Ribeirao Preto Limited, MG Empower Ltd., Maira Genovese, Bruno Genovese, David Allen, Ana-Karina Allen, and Paula Albuquerque, including, but not limited to, any claims or Causes of

Action arising from or in any way related to that certain Share Purchase Agreement dated August 4, 2023 and all related documents and agreements; (l) all claims and Causes of Action against AO Representative Expense Fund, LLC, and its members, including, without limitation, any claims or Causes of Action arising from or in any way related to OLIKA; and (m) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code, that shall vest in the Reorganized Debtors on the Effective Date, including all section 547 preference actions, all Claims against an Excluded Party, and shall not include any of the Causes of Action that are settled, released, or exculpated under the Plan.

Unless otherwise released by the Plan or expressly excluded herein, the Debtors expressly reserve all Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, regardless of whether such Entity or Causes of Action against such Entity are included herein.

Any and all claims, interests, controversies, actions, proceedings, reimbursement claims, contribution claims, recoupment rights, debts, third-party claims, indemnity claims, damages, remedies, causes of action, demands, rights, suits, obligations, liabilities, accounts, judgments, defenses, offsets, powers, privileges, licenses, franchises, Liens, guaranties, Avoidance Actions, agreements, counterclaims, and cross-claims, of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, asserted or unasserted, direct or indirect, assertable directly or derivatively, choate or inchoate, reduced to judgment or otherwise, secured or unsecured, whether arising before, on, or after the Petition Date, in tort, Law, equity, or otherwise pursuant to any theory of civil Law (whether local, state, or federal U.S. Law or non-U.S. Law), including, without limitation: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by Law or in equity; (b) any claim (whether under local, state, federal U.S. Law or non-U.S. civil Law) based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, fraudulent transfer or fraudulent conveyance or voidable transaction Law, violation of local, state, or federal non-U.S. Law or breach of any duty imposed by Law or in equity, including securities Laws and negligence; (c) the right to object to or otherwise contest Claims or Interests and any Claim Objections; (d) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; (e) claims against John Ziegelman, including, without limitation, for fraud, misrepresentations, and failure to perform services in connection with a consulting agreement, and any other Causes of Action alleged by or on behalf of the Debtors in connection with that certain proceeding entitled Ziegelman et al. v. Amyris, Inc., pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2020-CH-05154); (f) claims against Mark Gerhard, Riaan Hodgson, former employees of Beauty Labs and Entities associated with any of the foregoing, including, without limitation, Causes of Action for breach of contract, breach of fiduciary duties, misappropriation of corporate assets and fraud; (g) claims against Renfield Manufacturing LLC, its principal and related parties, including, without limitation, Causes of Action for breach of contract, fraud, unjust enrichment, breach of covenant of good faith and fair dealing, in connection with transactions entered into between the parties; (h) claims against Allure Labs, Inc., and AE Chemie, including, without limitation, Causes of Action for breach of contract related to an ingredient placed in Amyris products; (i) any Causes of Action against Novvi, LLC, its principals and related parties, including, without limitation, any claims or administrative expenses that may be asserted in connection with that certain bankruptcy case entitled *In re Novvi, LLC*, bearing Case No. 23-90906, pending in the United States Bankruptcy Court for the Southern District of Texas; (j) all claims and Causes of Action against Disruptional Ltd. and &Vest Beauty Labs LP, including, without limitation, all Claims and Causes of Action concerning or in any way related to that certain Share Purchase Agreement, dated as of August 31, 2021; (k) all claims and Causes of Action against MG Ribeirao Preto Limited, MG Empower Ltd., Maira Genovese, Bruno Genovese, David Allen, Ana-Karina Allen, and Paula Albuquerque, including, but not limited to, any claims or Causes of Action arising from or in any way related to that certain Share Purchase Agreement dated August 4, 2023 and all related documents and agreements; (l) all claims and Causes of Action against AO Representative Expense Fund, LLC, and its members, including, without limitation, any claims or Causes of Action arising from or in any way related to OLIKA; and (m) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set forth in section 558 of the Bankruptcy Code, that shall vest in the Reorganized Debtors on the Effective Date,

including all section 547 preference actions, all Claims against an Excluded Party, and shall not include any of the Causes of Action that are settled, released, or exculpated under the Plan.

Unless otherwise released by the Plan or expressly excluded herein, the Debtors expressly reserve all Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, regardless of whether such Entity or Causes of Action against such Entity are included herein.

# **EXHIBIT Q - REDLINE**

Any and all claims, interests, controversies, actions, proceedings, reimbursement claims, contribution claims, recoupment rights, debts, third-party claims, indemnity claims, damages, remedies, causes of action, demands, rights, suits, obligations, liabilities, accounts, judgments, defenses, offsets, powers, privileges, licenses, franchises, Liens, guaranties, Avoidance Actions, agreements, counterclaims, and cross-claims, of any kind or character whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, asserted or unasserted, direct or indirect, assertable directly or derivatively, choate or inchoate, reduced to judgment or otherwise, secured or unsecured, whether arising before, on, or after the Petition Date, in tort, Law, equity, or otherwise pursuant to any theory of civil Law (whether local, state, or federal U.S. Law or non-U.S. Law), including, without limitation: (a) all rights of setoff, counterclaim, or recoupment and claims under contracts or for breaches of duties imposed by Law or in equity; (b) any claim (whether under local, state, federal U.S. Law or non-U.S. civil Law) based on or relating to, or in any manner arising from, in whole or in part, tort, breach of contract, breach of fiduciary duty, fraudulent transfer or fraudulent conveyance ~~or voidable~~ or voidable transaction Law, violation of local, state, or federal non-U.S. Law or breach of any duty imposed by Law or in equity, including securities Laws and negligence; (c) the right to object to or otherwise contest Claims or Interests and any Claim Objections; (d) claims pursuant to section 362 or chapter 5 of the Bankruptcy Code; (e) claims against John Ziegelman, including, without limitation, for fraud, misrepresentations, and failure to perform services in connection with a consulting agreement, and any other Causes of Action alleged by or on behalf of the Debtors in connection with that certain proceeding entitled Ziegelman et al. v. Amyris, Inc., pending in the ~~the~~ Circuit Court of Cook County, ~~Illouis~~Illinois, County Department, Chancery Division (Case No. 2020-CH-05154); (f) claims against Mark Gerhard, Riaan Hodgson, former employees of Beauty Labs and Entities associated with any of the foregoing, including, without limitation, Causes of Action for breach of contract, breach of fiduciary duties, misappropriation of corporate assets and fraud; (g) claims against Renfield Manufacturing LLC, its principal and related parties, including, without limitation, Causes of Action for breach of contract, fraud, unjust enrichment, breach of covenant of good faith and fair dealing, in connection with transactions entered into between the parties; (h) claims against Allure Labs, Inc., and AE Chemie, including, without limitation, Causes of Action for breach of contract related to an ingredient placed in Amyris products; ~~and (i~~(i) any Causes of Action against Novvi, LLC, its principals and related parties, including, without limitation, any claims or administrative expenses that may be asserted in connection with that certain bankruptcy case entitled *In re Novvi, LLC*, bearing Case No. 23-90906, pending in the United States Bankruptcy Court for the Southern District of Texas; (j) all claims and Causes of Action against Disruptional Ltd. and &Vest Beauty Labs LP, including, without limitation, all Claims and Causes of Action concerning or in any way related to that certain Share Purchase Agreement, dated as of August 31, 2021; (k) all claims and Causes of Action against MG Ribeirao Preto Limited, MG Empower Ltd., Maira Genovese, Bruno Genovese, David Allen, Ana-Karina Allen, and Paula Albuquerque, including, but not limited to, any claims or Causes of Action arising from or in any way related to that certain Share Purchase Agreement dated August 4, 2023 and all related documents and agreements; (l) all claims and Causes of Action against AO Representative Expense Fund, LLC, and its members, including, without limitation, any claims or Causes of Action arising from or in any way related to OLIKA; and (m) such claims and defenses as fraud, mistake, duress, and usury, and any other defenses set

forth in section 558 of the Bankruptcy Code, that shall vest in the Reorganized Debtors on the Effective Date, including all section 547 preference actions, all Claims against an Excluded Party, and shall not include any of the Causes of Action that are settled, released, or exculpated under the Plan.

Unless otherwise released by the Plan or expressly excluded herein, the Debtors expressly reserve all Causes of Action against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or non-judicial, regardless of whether such Entity or Causes of Action against such Entity are included herein.

Document comparison by Workshare Compare on Monday, January 22, 2024 7:15:24 PM

| Input: | |
|---|---|
| Document 1 ID | netdocuments://4884-2588-4575/1 |
| Description | Amyris - PS - Original Ex. Q |
| Document 2 ID | netdocuments://4866-8361-0015/1 |
| Description | Amyris - FAPS - REVISED Ex. Q |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 4 |
| Deletions | 5 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 9 |