# **EXHIBIT U**

**(LAVVAN SETTLEMENT TERM SHEET)**

# Exhibit U[1]

## Lavvan Settlement Term Sheet

---

[1] Attached here is the Key Resolution Terms agreed by the parties. Once the Lavvan Settlement Agreement is executed, it will be filed on the docket (either by notice or as part of this Plan Supplement, or both) and confirmation of the Plan, and entry of the Confirmation Order, shall constitute approval of the Lavvan Settlement Agreement.

## Amyris – Foris Secured Parties – Lavvan
## Key Resolution Terms

**1. Process**

a. Amyris, Lavvan and Foris Secured Parties (the "Parties") shall agree in writing (by email) to the terms set forth in section 2 below as a resolution (the "Resolution") of all issues and rights between the Parties. The Parties will then finalize and execute an Agreement, incorporating the terms of the Resolution, as soon as possible. Amyris will seek approval of the Agreement as soon as practicable through either (i) modification of the plan of reorganization (the "Plan of Reorganization"; found at Docket No. 892, which shall be modified to incorporate the Resolution) and entry of the Confirmation Order[2] approving the Plan of Reorganization or (ii) the filing by Amyris of a Rule 9019 Motion, which will be filed such that it can be noticed for final approval no than April 15, 2024, and which motion may be incorporated, into, but not conditioned upon, any plan of reorganization). The Resolution if implemented under a Plan of Reorganization will be binding upon the entry of the Confirmation Order and implemented on the Effective Date of the Plan of Reorganization, and if implemented pursuant to a Rule 9019 Motion will be binding upon entry of the order of the Bankruptcy Court approving the Rule 9019 Motion and implemented as soon as practicable thereafter. Notwithstanding anything to the contrary, Amyris's obligations to seek approval of the Agreement pursuant to the third sentence of this paragraph shall be binding and effective immediately.

b. All Chapter 11 related litigation shall immediately be suspended. The Court will be advised directly that the Parties have reached a Resolution, to be documented. The Parties will announce the Resolution, including its terms, on the record at the January 17, 2024 status conference.

**2. Terms**

a. **Payment.** Lavvan to receive payment in cash in full of $15,140,000.00 on the Effective Date of the Plan of Reorganization in full and final satisfaction of an Allowed Secured Claim in Class 6 (Lavvan Secured Claim) under the Plan of Reorganization (the "Payment Amount") or payment of the Payment Amount upon the approval of the Rule 9019 Motion. Lavvan shall only have an Allowed Secured Claim in the Payment Amount (to be classified in Class 6 under the Plan of Reorganization). Lavvan shall not have any other Allowed Claim (*e.g.*, no Allowed Administrative Claim, no Allowed General Unsecured Claim, and no other Allowed Claim whatsoever).

b. **Termination of Commercial Relationship.** The intent of the Parties is a complete clean break, including termination of all of Lavvan's existing license rights and other intellectual property rights as described in the next sentence, as if the Parties had never entered into any of the Lavvan Documents. This clean break includes, without limitation, (i) termination of all of the Lavvan Documents (no provisions whatsoever to survive), (ii) an agreement that Lavvan will

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan of Reorganization.

transfer, convey, assign to Amyris (a) all of Lavvan's rights, licenses, property interests, or other interests arising from, related to, or under the Lavvan Documents, and (b) any intellectual property, trade secrets, confidential information developed, created, or conceived by Lavvan arising from, in connection with, related to, or under the Lavvan Documents. For the avoidance of doubt, Lavvan shall have no rights in or to any Amyris intellectual property.

      c. **Plan Voting and Consent to Third Party Release.** Lavvan will timely vote in favor of the Plan of Reorganization and shall support and consent to, and not opt out of, the Third Party Release, and will support, and not oppose, confirmation of the Plan of Reorganization. Lavvan's vote will be contingent on confirmation of the Plan incorporating the Resolution.

      d. **Mutual General Release.** Each of the Parties, for themselves and on behalf of their Related Parties, shall execute a separate mutual general release set forth in the Agreement.

      e. **Pending Litigation.** All discovery and litigation related to the Lavvan Proceedings, the DIP Appeal, the "Challenge Complaint" adversary proceeding, the Estimation Motion and Claims Objection, and Lavvan's 3018 Motion, shall cease immediately upon written confirmation by all Parties on the terms of the Resolution. All litigation between the Parties shall be withdrawn with prejudice, and the Arbitration Award shall be deemed satisfied in full, concurrent with receipt of the payment set forth in paragraph 2(a).

      f. **Confidentiality.** Any and all confidential information shall remain confidential and shall not be disclosed by any of the Parties or their Related Parties to any third party.