# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANDREW E. ROTH,**<br><br>Plaintiff,<br><br>v.<br><br>**FORIS VENTURES, LLC, VALLEJO VENTURES TRUST U/T/A 2/12/96, L. JOHN DOERR, ANN DOERR, AND BARBARA HAGER.**<br><br>Defendants. | Case No.: 21-CV-4288-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CERTIFY THE ORDER FOR IMMEDIATE INTERLOCUTORY APPEAL**<br><br>Dkt. No. 57 |

On June 13, 2022, the Court issued an order granting in part and denying in part defendants Foris Ventures, LLC ("Foris"), Vallejo Ventures Trust ("VVT"), John Doerr ("J. Doerr"), Ann Doerr ("A. Doerr") and Barbara Hager's ("Hager") (collectively, "defendants") motion to dismiss plaintiff Andrew Roth's complaint. (Dkt. No. 44, "Order"). Defendants now request, pursuant to 28 U.S.C. Section 1292(b), that the Court certify for immediate appeal one question decided in the Court's prior Order: whether SEC Rule 16b-3(d) ("the Rule") has a purpose-specific approval requirement, either generally, or, as in this case, for a transaction between an issuer and a company in which a director or officer has a reportable pecuniary interest.[1]

Section 1292(b) is a "departure from the normal rule that only final judgments are appealable." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). This exception "must be construed narrowly." *Id.* Under section 1292(b), a federal district court may certify a non-dispositive order for interlocutory review where: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Thus, the August 23, 2022 hearing is hereby **VACATED.**

(3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted.  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).  Satisfaction of all three elements is required.

### 1. *Controlling Question of Law*

With respect to the first question of whether the issue to be certified is a "controlling question of law," the moving party must show that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Here, the Court finds that the Ninth Circuit's interpretation of Rule 16b-3(d), specifically, whether it has a purpose-specific approval requirement, is a controlling question of law. In the Court's Order, the Court explained, relying on *Am. Bar Ass'n*, 1999 WL 61837 (S.E.C. No-Action Letter Feb. 10, 1999), which was cited and referenced extensively by the defendants, that Rule 16-3(d)'s reach also extends to "transactions in which directors or officers have an indirect pecuniary interest" ("indirect transactions") (Order at 9.) The Court laid out the three requirements, as described in the Securities Exchange Commission ("SEC") No-Action letter, for the Rule to apply with respect to indirect transactions: (1) the approving entity must know and (2) the document evidencing the approval must specify the existence and extent of the officer's or director's indirect interest in the transaction and (3) that the approval is granted for purposes of making the transaction exempt under the Rule. (*Id.*) The Court found that defendants met the first two requirements but not the last. Thus, if the Ninth Circuit finds that the third requirement listed in the SEC No-Action letter is not required for the Rule to apply to indirect transactions, the Rule would apply to the transactions in this case, and the entire case would be dismissed. Thus, the first requirement is met.

### 2. *Substantial Ground for Difference in Opinion*

Section 1292(b) next requires that a "substantial ground for difference of opinion" exists on the issue sought for certification.  This requires the Court to examine to what extent the controlling

1  law is unclear. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally
2  will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute
3  on the question and the court of appeals of the circuit has not spoken on the point, if complicated
4  questions arise under foreign law, or if novel and difficult questions of first impression are
5  presented.'" *Id.* (citation omitted). An issue may be certified when it presents a "novel legal
6  issue[ ] . . . on which fair-minded jurists might reach contradictory conclusions," and "not merely
7  where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir.
8  2011).

The issue of whether Rule 16b-3(d) has a purpose-specific approval requirement presents "novel and difficult questions of first impression," *id.*, including whether Rule 16b-3(d) imposes a purpose-specific approval requirement and, if not, whether that principle admits of any exceptions, such as for transactions between an issuer and a corporation in which a director has a reportable indirect interest. These questions have not been addressed by the Ninth Circuit, nor any other district court in the Ninth Circuit. Moreover, the SEC, in a No Action letter, applied the Rule to indirect transactions, explaining that three requirements must be met for the Rule to apply. *See Am. Bar Ass'n*, 1999 WL 61837. However, in a subsequent Amicus Brief by the SEC, the SEC explained that only two requirements were required for the Rule to apply at least with respect to direct transactions. However, what no court has determined is whether the Rule, when applied to indirect transactions, has purpose-specific approval requirement. Nor has any court determined, whether the Rule applies in the first instance to such indirect transactions. Given the novelty and difficulty of these issues, and their wide-ranging practical effects, this Court finds that the second requirement of section 1292(b) is also met.

### 3. *Advancement of Termination of Litigation*

As to the third requirement, the Court must determine whether interlocutory appeal on this issue would "materially advance the ultimate termination of the litigation." "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Allen*

3

*v. ConAgra Foods, Inc.*, No. 3:13-CV-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (citation omitted).

As previously explained, if the Ninth Circuit were to find that the third requirement listed in the SEC No-Action letter is not required for the Rule to apply, and that the Rule applies to indirect interests, such determinations would resolve this entire case. If the Ninth Circuit finds that it does apply, this too would add significant certainty to the litigation, thus accelerating resolution. The alternative is to engage in further litigation so that ultimately an appeal can be taken. Thus, an interlocutory appeal would accelerate the pace of this litigation and would minimize the parties' burden and judicial resources. Thus, the third factor is met.

* * * * *

For the foregoing reasons, the Court finds that defendants have met their burden. The Court notes that rarely, if ever, has granted a motion of this type. The circumstances here warrant the request. Accordingly, the Court **GRANTS** defendants' motion to certify for interlocutory appeal.

The Court hereby **VACATES** the hearing on this motion, as well as the Case Management Conference scheduled for Monday, August 29, 2022. The Court **SETS** a Compliance Deadline for September 23, 2022. The parties' shall file a joint report detailing a schedule for the filing of the appeal by September 16, 2022.

This order terminates Docket Number 57.

**IT IS SO ORDERED**.

Date: August 19, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**