**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

**AMENDED VOTING TABULATION AFFIDAVIT OF JAMILLA DENNIS
OF STRETTO REGARDING THE SECOND AMENDED JOINT CHAPTER 11
PLAN OF REORGANIZATION OF AMYRIS, INC. AND
ITS AFFILIATED DEBTORS, AS MODIFIED**

I, Jamilla Dennis, depose and say under the penalty of perjury:

1. I am a Senior Associate at Stretto, which has offices located at 410 Exchange, Suite 100, Irvine, CA 92602. I am over the age of eighteen years and neither I nor Stretto is a party to these proceedings. I am duly authorized to submit this Affidavit on behalf of Stretto (this "Voting Tabulation Affidavit")[2]. Except as otherwise indicated, all matters set forth herein are based upon my personal knowledge, and, if called as a witness, I could and would testify competently thereto.

2. I submit this Affidavit in connection with the tabulation of votes to accept or reject the *Second Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. And Its Affiliated Debtors, as Modified* filed in the above-captioned cases [Docket No. 892] (as amended, supplemented, or modified from time to time, the "Plan").

3. This Affidavit amends my prior Affidavit filed at Docket No. 1179 to reflect a that, in accordance with a settlement with the Debtors, Givaudan SA has changed its vote to accept the

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

[2] Capitalized terms used, but not otherwise defined, herein shall have the same meanings set forth in the Plan or the Solicitation Order (as defined herein), as applicable.

Plan. As a result, as reflected in the attached Exhibits, all Voting Classes have voted to accept the Plan.

4. This Court authorized Stretto's retention as (a) the claims and noticing agent to the above-captioned debtors pursuant to the *Order Authorizing the Retention and Appointment of Stretto, Inc. as Claims and Noticing Agent,* dated August 11, 2023 [Docket No. 53] and (b) the administrative advisor pursuant to the *Order Authorizing Retention and Appointment of Stretto, Inc. as Administrative Advisor Effective as of the Petition Date,* dated September 11, 2023 [Docket No. 227] (collectively, the "**Retention Orders**"). The Retention Orders authorize Stretto to assist the Debtor with, among other things, the service of solicitation materials and tabulation of votes cast to accept or reject the Plan. Stretto and its employees have considerable experience in soliciting and tabulating votes to accept or reject chapter 11 plans. *See, e.g.*, *In re Novation Companies, Inc.*, Case. No. 23-11153 (JTD) (Bankr. D. Del); *In re Quanergy Systems, Inc.*, Case No. 22-11305 (CTG) (Bankr D. Del.); *In re Phoenix Services Topco, LLC*, Case No. 22-10906 (MFW) (Bankr. D. Del.); *In re Clarus Therapeutics Holdings, Inc.*, Case No. 22-10845 (MFW) (Bankr. D. Del.); *In re OSG Intermediate Holdings, Inc.*, Case No. 22-10719 (JTD) (Bankr. D. Del.); *In re Elk Petroleum, Inc.*, Case No. 19-11157 (LSS) (Bankr. D. Del.); *In re Z Gallerie, LLC*, Case No. 19-10488 (KBO) (Bankr. D. Del.); *In re Oklahoma ProCure Management, LLC*, Case No. 18-12622 (MFW) (Bankr. D. Del.); *In re Sancilio Pharmaceuticals Company, Inc.*, Case No. 18-11333 (CSS) (Bankr. D. Del.).

5. The statements in this Declaration are, except where specifically noted, based on my personal knowledge or opinion, on information that I have received from the Debtors' employees or advisors, or employees of Stretto working directly with me or under my supervision, direction, or control.

**Background**

6. On December 13, 2023, the Court entered the *Order (I) Approving the Disclosure Statement; (II) Scheduling Confirmation Hearing; (III) Approving Form and Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan, Including (A) Approving Form and Content of Solicitation Materials; (B) Establishing Record Date and Approving Procedures for Distribution of Solicitation Materials; (C) Approving Forms of Ballots; (D) Establishing Voting Deadline for Receipt of Ballots and (E) Approving Procedures for Vote Tabulations; (V) Approving Form and Manner of Notice of Plan Releases; (VI) Establishing Deadline and Procedures for Filing Objections to Confirmation of Plan; and (VII) Granting Related Relief* [Docket No. 897] (the "Disclosure Statement Order").

7. Pursuant to the Disclosure Statement Order, and in accordance with the solicitation procedures and the tabulation rules set forth therein (collectively, the "Solicitation Procedures"), Stretto worked with the Debtors to solicit votes for the Plan and tabulate ballots of creditors entitled to vote on the Plan. At the time of solicitation, Class 3 (Foris Prepetition Secured Claims), Class 4 (DSM RealSweet Secured Claims), Class 5 (DSM Other Secured Claims), Class 7 (Convertible Note Claims), Class 8 (General Unsecured Claims), Class 9 (DSM Contract Claims), and Class 10 (Givaudan Contract Claims) (collectively the "Voting Classes") and entitled the Holders of such Claims to vote on the Plan. The Disclosure Statement Order established December 1, 2023, as the Record Date for determining which Holders of Claims were entitled to receive Solicitation Packages and, where applicable, vote on the Plan. Stretto worked closely with the Debtors advisors to identify the Holders of Claims entitled to receive Solicitation Packages as of the Voting Record Date using the claims register. In addition, Stretto worked closely with the Debtors, their advisors,

and the Convertible Notes Trustee to obtain a copy of the Security Position Report (SPR) from the Depository Trust Company (DTC). This report includes a comprehensive list of the names and addresses of all banks, brokers, and intermediaries. Stretto arranged for the delivery of the Solicitation Materials to the Beneficial Noteholders who held Convertible Notes Claims in "street name" as of the Voting Record Date using the SPR report received from DTC. Furthermore, pursuant to the Debtor's instructions Class 6 (Lavvan Secured Claim) was issued a provisional ballot and Solicitation Package.

8. Pursuant to and in accordance with the Disclosure Statement Order, Stretto served the Solicitation Packages (including the Ballots) on Holders of Claims or Interests entitled to vote on the Plan on December 18, 2023. An affidavit of service evidencing Stretto's service of the foregoing was filed with the Court on December 27, 2023 [Docket No. 1017]. Subsequent Solicitation Packages were periodically served on Holders of Claims or Interests in the Voting Classes on account of forwarding instructions included on packages returned as undeliverable. These services are evidenced by various certificates of service filed with the Court [Docket Nos. 1125 and 1138]. Furthermore, the *Notice of (A) Hearing to Consider Confirmation of Debtors' Chapter 11 Plan; (B) Deadline for Voting to Accept or Reject Plan; (C) Debtors' Releases and Third-party Release; (D) Deadlines Regarding Third-party Release Opt Out Election; and (E) Related Matters* [Docket No. 946] (the "Combined Hearing Notice") was published in three newspapers as evidenced by the affidavit of publication filed with the court [Docket No. 1048].

9. In addition to serving the Solicitation Packages on all voting parties, Stretto timely served notices to non-voting claim holder classes on all members, if any, of Class 1 (Other Secured Claims), Class 2 (Other Priority Claims), Class 6 (Lavvan Secured Claim), Class 11 (Intercompany Claims), Class 12 (Section 510(b) Claims), Class 13 (Intercompany Interests) and Class 14

(Amyris Equity Interests) (collectively, the "Non-Voting Classes"). Subsequent notices of non-voting status were periodically served on Holders of Claims or Interests in the Non-Voting Classes on account of forwarding instructions included on packages returned as undeliverable. These services are evidenced by various affidavits of service filed with the Court [Docket Nos. 1079, 1125 and 1138]. Furthermore, the *Notice of (A) Hearing to Consider Confirmation of Debtors' Chapter 11 Plan; (B) Deadline for Voting to Accept or Reject Plan; (C) Debtors' Releases and Third-party Release; (D) Deadlines Regarding Third-party Release Opt Out Election; and (E) Related Matters* [Docket No. 946] (the "Combined Hearing Notice") was published in three newspapers as evidenced by the affidavit of publication filed with the court [Docket No. 1048]. Furthermore, free copies of the Disclosure Statement, the Plan, and all other documents filed in these cases are available on the internet at https://cases.stretto.com/amyris.

10. The Disclosure Statement Order established January 18, 2024 at 5:00 p.m. (prevailing Eastern Time) as the deadline by which all Ballots were to have been received by Stretto in order to be counted as a valid vote to accept or reject the Plan (the "Voting Deadline"). The Debtors extended the Voting Deadline for holders of Class 14 interest to January 19, 2024. The Debtors extended the Voting Deadline for holders of Class 6 claims to January 20, 2024. The Debtors extend the Voting Deadline for holders of Class 4 claims, Class 5 claims, Class 9 and Class 10 claims to January 21, 2024.

11. Stretto received and tabulated the Ballots as follows:

　　a. With respect to hard copy Ballots:

　　　　i. Each returned Ballot was opened and/or inspected at Stretto's offices; and

　　　　ii. Ballots were date-stamped upon receipt.

      b. With respect to Ballots submitted through the online portal:

           i. Encrypted ballot data, date-stamp, and audit trail were created upon submittal; and

           ii. Electronic images of Ballots were created using the submitted ballot data.

      c. All Ballots received were then tabulated in accordance with the Solicitation Procedures approved by the Disclosure Statement Order.

12. For a Ballot to be counted as valid, the Ballot was required to have complied with the Solicitation Procedures, including the requirement that the Ballot be properly completed, executed by the Holder of the Claim (or such Holder's authorized representative), be submitted by an entity entitled to vote, and received by Stretto on or before the Voting Deadline. Ballots that did not comply with the Solicitation Procedures were not counted. Except as set forth herein or in the attached exhibits, (a) all Ballots that complied with the Solicitation Procedures were tabulated in accordance with these tabulation rules, which were not modified in any respect, (b) there were no defects or irregularities with any of the Ballots, and (c) no votes were changed or modified after they were cast without the express written consent to do so by the Holder of the Claim (or such Holder's authorized representative) pursuant to the Disclosure Statement Order.

13. I hereby certify that the results of the voting by Holders of Claims or Interests in the Voting Classes are as set forth in **Exhibit A** to this Affidavit, which is a true and correct copy of the final tabulation of votes, cast by timely and properly completed Ballots received by Stretto as of the Voting Deadline. Notice of the Plan, along with ballots and/or opt-out forms, was served on approximately 1,085 creditors, 8 creditors returned valid opt-outs from the releases under the

Plan totaling less than 1% of creditor opt-out form/ballots.[3] Furthermore, Notice of the Plan, along with ballots and/or opt-out forms, was served on approximately 16,580 equity holders. 452 equity holders returned opt-outs from the releases under the Plan totaling less than 3% of equity opt-out forms/ballots.

14. I hereby certify that attached hereto as **Exhibit B** is a detailed voting report of all tabulated Ballots and opt out forms submitted to Stretto as of the Voting Deadline.

15. I hereby certify that attached hereto as **Exhibit C** is a detailed voting report of all non-tabulated Ballots submitted to Stretto as of the Voting Deadline.

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: January 23, 2024            *Jamilla Dennis*_____
                                    Jamilla Dennis

---

[3] Certain holders voted to accept the Plan and elected to opt out of granting Third-Party Releases. Pursuant to the Disclosure Statement Order, Holders of claims who voted to accept the Plan cannot also opt out of granting Third-Party Releases. For this reason, their opt out election were not valid and therefore not included.

4864-8878-9407.1 03703.004