**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMYRIS, INC., *et al.*,<br><br>　　　　　Reorganized Debtors.[1] | Chapter 11<br><br>Case No. 23-11131 (TMH)<br><br>(Jointly Administered) |

Hearing Date:  January 6, 2025 at 10:00 a.m. (ET)
Objection Deadline:  December 10, 2024 at 4:00 p.m. (ET)

**REORGANIZED DEBTORS' EIGHTH
OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN
CLAIMS (NO LIABILITY, LATE FILED AND RECLASSIFY)**

---

**PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIM(S) ON THE SCHEDULES TO EXHIBIT A, WHICH IS ATTACHED TO THIS OMNIBUS OBJECTION**

---

**YOUR RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S)**

---

The above-captioned reorganized debtors (the "Reorganized Debtors") hereby file this omnibus objection (this "Objection") pursuant to section 502 of the Bankruptcy Code, Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit A**: (a) disallowing or, in the alternative, reclassifying as general unsecured claims (subject to further objection) those Employee Claims (as defined below) set forth on Schedule 1 to the Proposed Order for the reasons set forth herein; (b) reclassifying, in part, the Employee Claim set forth on Schedule 2 to the Proposed Order, subject to further objection; and (c) disallowing and expunging the Schedule

---

[1]  A complete list of each of the Reorganized Debtors in these Chapter 11 Cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.stretto.com/Amyris.  The location of Reorganized Debtor Amyris Inc.'s principal place of business and the Reorganized Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.

4862-5321-3656.2 03703.004

3 Claims (as defined below) for the reasons set forth herein. In support of this Objection, the Reorganized Debtors represent as follows:

## Jurisdiction and Venue

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Reorganized Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## Background

**A.    General Background**

4. On August 9 and August 21, 2023 (as applicable, the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On February 7, 2024, the Court entered *Order Confirming Fourth Amended Joint Chapter 11 Plan of Reorganization of Amyris, Inc. and Its Affiliated Debtors* [Docket No. 1251] (the "Confirmation Order"), confirming the *Third Amended Plan of Reorganization of Amyris,*

*Inc, and its Affiliated Debtors* [Docket No. 1200] (the "Plan"). On May 7, 2024, the Effective Date (as defined in the Plan) of the Plan occurred. *See* Docket No. 1454.

6. The Reorganized Debtors rely upon and incorporate by reference the *Declaration of Steven Fleming in Support of Reorganized Debtors' Eighth Omnibus Objection (Substantive) to Certain Claims (No Liability, Late Filed and Reclassify)* (the "Fleming Declaration"), filed contemporaneously herewith and fully incorporated herein by reference.

**B.     The Bar Dates**

7. On September 27, 2023, the Debtors filed a motion seeking entry of an order establishing deadlines to file proofs of claim in the Chapter 11 Cases and approval of related procedures [Docket No. 386]. On October 13, 2023, the Court entered an order [Docket No. 528] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the Chapter 11 Cases. By the Bar Date Order, the Bankruptcy Court established: (i) November 15, 2023 (the "General Bar Date") as the general deadline for all entities (other than governmental units, as defined in section 101(27) of the Bankruptcy Code ("Governmental Units")) to file proofs of claim in the Chapter 11 Cases for all claims against the Debtors (each such claim, a "Claim"); and (ii) February 5, 2024 (the "Governmental Bar Date," and together with the General Bar Date, the "Claims Bar Dates") as the general deadline for all Governmental Units to file proofs of claim in the Chapter 11 Cases for all claims against the Debtors.

**C.     Schedules, Proofs of Claim, and Claim Reconciliation**

8. On September 21, 2023, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 335–356] (collectively, the "Schedules").

9. In the ordinary course of business, the Reorganized Debtors maintain books and records that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Reorganized Debtors and its professionals have been reviewing, comparing, and

reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and the Reorganized Debtors' books and records. This reconciliation process includes identifying particular categories of claims that may be subject to objection.

**D.     The Employee Claims**

10.     As set forth in the Fleming Declaration, based upon a careful review and analysis of the Employee Claims, the Reorganized Debtors' books and records, and the claims register, the Reorganized Debtors have determined that the Employee Claims should be disallowed and expunged because the Reorganized Debtors' books and records do not reflect any such asserted liabilities and/or the Employee Claims lack supporting documentation.[2]

11.     Further, as set forth in the Fleming Declaration, based on a careful review and analysis of the Employee Claim asserted by Nicole Kelsey listed on Schedule 2 to the Proposed Order (the "Kelsey Claim"), the Reorganized Debtors' books and records, the claims register, and the docket in these Chapter 11 Cases, the Kelsey Claim should be reclassified as a general unsecured claim because the Kelsey Claim is not entitled to treatment other than as a general unsecured claim as a matter of law.

**E.     The Schedule 3 Claims**

12.     As set forth in the Fleming Declaration, based upon a careful review of those claims listed on Schedule 3 to the Proposed Order (the "Schedule 3 Claims" and, together with the Employee Claims, the "Claims"), the Reorganized Debtors' books and records, and the claims register, the Reorganized Debtors have determined that each of the Schedule 3 Claims should be disallowed and expunged. Specifically, (a) five (5) Schedule 3 Claims filed by the New York Department of Taxation and Finance were filed months after the Governmental Bar

---

[2]     Specifically, (a) Claim No. 308 asserts an entitlement to a priority claim of $28,709 under section 507(a)(4); (b) Claim No. 411 asserts an entitlement to a priority claim of unstated amount under sections 507(a)(1) (domestic support obligation) and 507(a)(5) (contributions to a benefit plan); and (c) Claim Nos. 552 and 715 each assert an entitlement to a priority claim of $15,150 under section 507(a)(4).

Date and, in any event, the Reorganized Debtors' books and records reflect do not reflect any such asserted liabilities; and (b) the Schedule 3 Claims asserted by Alation, Inc. and Big Sky Partnership Ltd. ("Big Sky")[3] were filed months after the General Bar Date and, in any event, the Reorganized Debtors' books and records reflect do not reflect any such asserted liabilities.

## Relief Requested

13.     By this Objection, the Reorganized Debtors seek entry of an order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, (a) disallowing or, in the alternative, reclassifying as general unsecured claims (subject to further objection) those Employee Claims set forth on Schedule 1 to the Proposed Order; (b) reclassifying, in part, the Employee Claim set forth on Schedule 2 to the Proposed Order; and (c) disallowing and expunging the Schedule 3 Claims set forth on Schedule 3 to the Proposed Order.

17.     Failure to expunge or reclassify, as applicable, the Claims will result in claims that have been improperly asserted against the Reorganized Debtors remaining on the claims register, in certain instances entitled to secured, administrative, and/or priority treatment. Accordingly, to avoid the possibility of unwarranted recoveries and to maintain an accurate claims register, the Reorganized Debtors submit that the Employee Claims listed on Schedule 1 should be disallowed and expunged, the Employee Claim listed on Schedule 2 should be reclassified as a general unsecured claim, and the Schedule 3 Claims listed on Schedule 3 should be disallowed and expunged.

## Basis for Relief

14.     Section 502(a) of the Bankruptcy Code provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in

---

[3]  Additionally, the Schedule 3 Claim asserted by Big Sky has no basis for treatment as a secured claim.

interest . . . objects."[4]    In adjudicating claim objections, courts apply "a burden-shifting framework."[5]  The Third Circuit Court of Appeals has described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim.  It is often said that the objector must produce evidence equal in force to the *prima facie* case.  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.[6]

15.    Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ."[7]  The failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity.[8]

16.    Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "duplicate other claims," "were presented in a form that does not comply with applicable rules," or "assert priority in an amount that exceeds the maximum amount under § 507 of the Code."[9]

17.    As set forth in the Fleming Declaration, based upon a careful review and analysis of the Claims, the Reorganized Debtors' books and records, and the claims register, the

---

[4]   11 U.S.C. § 502(a).

[5]   *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016).

[6]   *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

[7]   11 U.S.C. § 502(b)(1).

[8]   *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481–82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

[9]   Fed. R. Bankr. P. 3007(d)(1), (6), (8).

Reorganized Debtors have determined that (a) each of the Employee Claims should be disallowed and expunged in their entirety and, in any event, are not entitled to priority treatment; (b) the Kelsey Claim should be reclassified as a general unsecured claim, subject to further objection; and (c) each of the Schedule 3 Claims should be disallowed and expunged.  Failure to expunge (or, with respect to the Kelsey Claim, reclassify) such Claims will result in claims that have been improperly asserted as priority claims against the Reorganized Debtors and/or for which the Reorganized Debtors bear no liability remaining on the claims register.  Accordingly, to avoid the possibility of multiple recoveries and to maintain an accurate claims register, the Reorganized Debtors submit that the Employee Claims listed on Schedule 1 should be disallowed and expunged, the Employee Claim listed on Schedule 2 should be reclassified as a general unsecured claim, and the Schedule 3 Claims listed on Schedule 3 should be disallowed and expunged.

### Responses to the Objection

18. Filing and Service of Responses.  To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of the Court and the parties in the following paragraph **no later than 4:00 p.m. (prevailing Eastern Time) on December 10, 2024** (the "Response Deadline").  Claimants should locate their names and claims on **Schedule 1**, **Schedule 2**, and/or **Schedule 3** to the Proposed Order and carefully review the Objection.  A Response must address each ground upon which the Claimant contests the Objection.

19. Each Response must be filed and served upon the following entities at the following addresses: (a) the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; and (b) counsel to the Reorganized Debtors:  Pachulski Stang Ziehl & Jones

LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Attn: James E. O'Neill (joneill@pszjlaw.com), and Steven W. Golden (sgolden@pszjlaw.com)).

20.     <u>Content of Responses</u>.  Every Response to the Objection must contain, at a minimum, the following:

    a.     a caption setting forth the name of the Court, the above-referenced case number, and the title of the Objection to which the Response is directed;

    b.     the name of the claimant, the claim number, and a description of the basis for the amount of the Claim;

    c.     a concise statement setting forth the reasons why a particular Claim should not be reclassified for the reasons set forth in the Objection, including but not limited to the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing (as defined below);

    d.     all documentation or other evidence of the Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;

    e.     the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant; and

    f.     the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Trustee should serve any reply to the Response.

21.     <u>Timely Response Required; Hearing</u>.  If a claimant whose Claim is subject to the Objection, and who is served with the Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Reorganized Debtors will present to the Court an appropriate order disallowing and expunging the Claim without further notice to the claimant.  If a Response is properly and timely filed and served in accordance with the above procedures, the Reorganized Debtors will endeavor to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the Court will conduct a hearing (the "<u>Hearing</u>") with respect to the Objection and the Response on **January 6, 2025 a.m. (ET)** (or such other date and time as

parties filing Responses may be notified), before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "Hearing").  Only those Responses made in writing and timely filed and received will be considered by the Court at any such Hearing.

22. The Reorganized Debtors may file and serve a reply to any Response in accordance with the Local Rules.  The Reorganized Debtors reserve the right to seek an adjournment of the Hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing.

23. Each of the Claims and the Reorganized Debtors' objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The Reorganized Debtors request that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Claim.

**Reservation of Rights**

24. The Reorganized Debtors expressly reserve the right to amend, modify, or supplement this Objection and to file additional objections to any other claims (filed or not) that may be asserted against the Reorganized Debtors.  Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the Reorganized Debtors reserve the right to object to each of the Employee Claims or any other proofs of claim on any other grounds that the Reorganized Debtors discover or elect to pursue.

25. Nothing in this Objection will be deemed or construed:  (a) as an admission as to the validity of any claim or interest against the Reorganized Debtors; (b) as a waiver of the Reorganized Debtors' or GUC Trust's rights to dispute or otherwise to object to any claim or proof of interest on any grounds or basis; or (c) to waive or release any right, claim, defense, or

counterclaim of the Reorganized Debtors or the GUC Trust, or to estop the Reorganized Debtors or the GUC Trust from asserting any right, claim, defense, or counterclaim (including setoff).

## Compliance With Local Rule 3007-1

26. The undersigned representative of the Reorganized Debtors has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not otherwise comply with the applicable requirements of Local Rule 3007-1, the Reorganized Debtors believe that such deviations are not material and respectfully requests that any such requirement be waived.

## Further Information

27. Questions about or requests for additional information about the proposed disposition of the Claims hereunder should be directed to the Reorganized Debtors' counsel in writing at the following address: Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705, Attn: Steven W. Golden (sgolden@pszjlaw.com).

28. **Timely Response Required**. If a claimant fails to file and serve a timely Response, then, without further notice to the claimant or a hearing on the Objection, the Reorganized Debtors will present the Court an order with respect to the Employee Claims and the Schedule 3 Claims substantially in the form attached hereto as **Exhibit A**.

29. Questions regarding the amount of a proof of claim, or the filing of a proof of claim, should be directed in writing to: Stretto, 410 Exchange, Suite 100, Irvine, California, 92602, (AmyrisInquiries@Stretto.com). **Claimants should not contact the Clerk of the Court or the U.S. Trustee to discuss the merits of their Claim or the Objection**.

**Notice**

30. Notice of this Objection will be provided to: (a) the holders of the Employee Claims and their counsel, if known; (b) the holders of the Schedule 3 Claims and their counsel, if known; (c) the U.S. Trustee; and (d) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Reorganized Debtors submit that, under the circumstances, no other or further notice is required.

**No Prior Request**

31. No prior request for the relief sought herein has been made by the Reorganized Debtors to this Court or any other court.

WHEREFORE, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: November 26, 2024 | **PACHULSKI STANG ZIEHL & JONES LLP** |
| | */s/ Steven W. Golden* |
| | Debra I. Grassgreen (admitted *pro hac vice*) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Steven W. Golden (DE Bar No. 6807) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:  dgrassgreen@pszjlaw.com |
| |        joneill@pszjlaw.com |
| |        sgolden@pszjlaw.com |
| | *Counsel to the Reorganized Debtors* |